FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

2017 MAR 16 PM 2:09

CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

| | |
|---|---|
| Deutsche Bank National Trust Company, as Trustee for J.P.Morgan Mortgage Acquisition Trust 2007-CH5, Asset Backed Pass-Through Certificates, Series 2007-CH5,<br><br>Plaintiff,<br>-vs-<br><br>Christine J. Forgues aka Christine J.A. Andres Doubrava aka Christine J. Andres, et al.<br><br>[Defendants] Consumer | Case No. _____<br><br>**1 17 CV 0546**<br><br>CONSUMER NOTICE OF REMOVAL<br><br>**JUDGE NUGENT**<br><br>**MAG. JUDGE GREENBERG** |

Pursuant to 28 U.S.C. § 1331, "federal question," 15 U.S.C. § 1692i, and pursuant to 28 U.S.C. § 1441(d) a "foreign state," respectfully the unrepresented Consumer/Defendant, Christine J. Forgues, hereby removes the debt collection action, Case No. CV 12 779307, Court of Common Pleas, Cuyahoga County, Ohio, to this Judicial District, court of the United States District Court for the Northern District of Ohio, Eastern Division. The removal is subject to the following:

1. "Plaintiff," Deutsche Bank National Trust Company, as Trustee for J.P.Morgan Mortgage Acquisition Trust 2007-CH5, Asset Backed Pass-Through Certificates, Series 2007-CH5, filed the debt collection action in a private state Tribunal, foreign to the Ohio-state, and foreign to the United States.

2. A copy of the record in the removed action is provided herewith.

3. The action the Plaintiff advances is unauthorized by 15 U.S.C. § 1692i, regarding an alleged "debt" defined in 15 U.S.C. § 1692a(5) and the Plaintiff is a debt collector defined in § 1692a(6), with the consumer being defined in § 1692a(3). The Plaintiff is not a creditor

defined in § 1692a(4), however, the consumer is also a secured creditor defined in § 1692a(4).

4. The Plaintiff debt collector alleges an obligation of the United States, represented documentation of interstate commerce, not an intra-state matter of any sort. The debt collector has used the mails, in its communications with the consumer. The consumer specifically denies any anticipated allegations and rhetoric regarding citizenship or residence in any corporate state. The consumer does not reside in, or have citizenship in, any corporate state.

5. The consumer thus maintains this matter pertains to, and will only be adjudicated under Article III, of the United States Constitution as the allegations of the debt collector are of interstate commerce to which this district court has original jurisdiction.

6. The time limitation for removal under 28 U.S.C. § 1446(b) is enlarged.

7. This district court also has supplemental jurisdiction under 28 U.S.C. § 1367(a) with respect to Case No. 1:16-cv-02576-CAB, Forgues v. Carpenter Lipps & Leland LLP, et al, because the removed proceeding is "so related to claims within . . . [its] original jurisdiction that they form part of the same case or controversy under Article III of the U.S. Constitution."

WHEREFORE, the consumer, Christine J. Forgues, hereby removes the subject action to the federal judicial district under the exclusive jurisdiction set forth in 15 U.S.C. § 1692i, which is the district court of the United States for the Northern District of Ohio, Eastern Division.

Dated this 16th day of March, 2017.

All Rights Reserved Without Prejudice,

By: *Christine J Forgues*
Christine J. Forgues
115 Terrace Drive
Johnstown, PA 15904
Cell: 216-323-6972
cjforgues2011@gmail.com

2