F12-00223                    EGB/jnk

FILED
March 29, 2012
2012 MAR 29 P 2:02

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

DICK AMBROSE
CV 12 779307                    Complaint

| | |
|---|---|
| Deutsche Bank National Trust Company, as Trustee for J.P. Morgan Mortgage Acquisition Trust 2007-CH5, Asset Backed Pass-Through Certificates, Series 2007-CH5 c/o JPMorgan Chase Bank, National Association 800 Brooksedge Boulevard Westerville, Ohio 43081 | CASE NO. |
| | PPN: 025-24-054 |
| | JUDGE |
| Plaintiff | **COMPLAINT FOR FORECLOSURE WITH REFORMATION** |
| -vs- | |
| Christine J. Forgues aka Christine J.A. Andres Doubrava aka Christine J. Andres 15109 Merrimeade Drive Cleveland, Ohio 44111; | **AND** |
| | **NOTICE UNDER THE FAIR DEBT COLLECTIONS PRACTICES ACT** |
| John Doe, Unknown Spouse, if any, of Christine J. Forgues aka Christine J.A. Andres Doubrava aka Christine J. Andres 15109 Merrimeade Drive Cleveland, Ohio 44111; | |
| William E. Forgues 15109 Merrimeade Drive Cleveland, Ohio 44111; | |
| The Unknown Heirs at Law or Under the Will, if any, of William E. Forgues, Deceased (Address Unknown); | |

$ 45____ DEPOSITED
21236
MAR 2_ 2012
SECURE COSTS
GERALD E. FUERST, Clerk of Courts
PER ____ DEPUTY

CV12779307                              73160643

```
The United States of America          )
c/o U.S. Attorney General             )
950 Pennsylvania Avenue Northwest     )
Washington, DC 20530;                 )
                                      )
The United States of America          )
c/o U.S. Attorney's Office,           )
400 United States Courthouse,         )
801 West Superior Avenue              )
Cleveland, Ohio 44113;                )
                                      )
State of Ohio                         )
Department of Taxation                )
c/o Ohio Attorney General             )
150 East Gay Street                   )
Columbus, Ohio 43215;                 )
                                      )
-and-                                 )
                                      )
State of Ohio Estate Tax Division     )
c/o Ohio Attorney General,            )
150 East Gay Street                   )
Columbus, Ohio 43215                  )
                                      )
            Defendants                )
                                      )
```

## FIRST COUNT

1.   Plaintiff says that it is the holder of a certain promissory note and mortgage deed, copies of which are hereto attached, marked EXHIBIT "A" and EXHIBIT "B" and made a part hereof; that the Defendants, Christine J. Forgues aka Christine J.A. Andres Doubrava aka Christine J. Andres and William E. Forgues, are the owners in fee simple of the real property, as described herein, and further says that the real property described herein is commonly known as 15109 Merrimeade Drive, Cleveland, Ohio with the full legal description as follows:

Situated in the City of Cleveland, County of Cuyahoga and State of Ohio, and known as being Sublot No. 10 in A.E. Mead's Subdivision of part of Original Rockport Township Section No. 12 as shown by the recorded plat in Volume 110 of Maps, Page 8 of Cuyahoga County Records and being 45 feet front on the southerly side of Merimeade Drive N.W. and extending back 133.50 feet on the easterly line, 148.54 feet on the westerly line, and having a rear line of 56 feet, as appears by said plat, be the same more or less, but subject to all legal highways.

2.    Plaintiff further says that the Defendants, Christine J. Forgues aka Christine J.A. Andres Doubrava aka Christine J. Andres and William E. Forgues, are the owners of the hereinafter described real property, but that through inadvertence or error, the legal description as contained in the mortgage deed does not conform to the legal description as set forth above; that the intention of the parties at the time of execution of the mortgage deed was to transfer to the Plaintiff all interest the Defendant had in and to the aforementioned described real property, but that through a scrivener's error, the legal description was not entirely and properly correct.

3.    Plaintiff requests reformation of the mortgage deed to include the entire legal description as set forth above.

SECOND COUNT

4.    Plaintiff says that it is the holder of a certain promissory note, a copy of which is hereto attached, marked EXHIBIT "A" and made a part hereof that by reason of default in payment of the said note and mortgage securing same, it has declared said debt due; that there is due and unpaid thereon the

sum of $142,144.25 plus interest at the rate of 9.8% per annum from October 1, 2009 and subject to adjustment as set forth in the note attached hereto. Plaintiff further says that it has complied with all conditions precedent as set forth in the note and mortgage.

## THIRD COUNT

5.   Plaintiff incorporates herein by reference all of the allegations contained in its first two counts, and further says that it is the holder of a certain mortgage deed, securing the payment of said promissory note, a copy of which is attached hereto, marked EXHIBIT "B", and being Permanent Parcel #025-24-054, and made a part hereof; and has been assigned to Plaintiff as evidenced by the assignment of mortgage, a copy of which is attached hereto and marked as EXHIBIT "C"; that said mortgage is a valid and first lien upon said premises.

6.   Plaintiff says that the conditions of said mortgage have been broken by reason of default in payment, and the same has become absolute; that the Defendants named in the Complaint, have or claim to have an interest in the premises described in EXHIBIT "B".

7.   Plaintiff says that pursuant to the covenants and conditions of said mortgage deed it may, from time to time during the pendency of this action, advance sums to pay real

estate taxes, hazard insurance premiums and property protection and maintenance.

8.   Plaintiff says that the Defendants, Christine J. Forgues aka Christine J.A. Andres Doubrava aka Christine J. Andres, John Doe, Unknown Spouse, if any, of Christine J. Forgues aka Christine J.A. Andres Doubrava aka Christine J. Andres, William E. Forgues, and The Unknown Heirs at Law or Under the Will, if any, of William E. Forgues, Deceased, have or claim to have an interest in the premises.

9.   Plaintiff further says that the Defendant, The United States of America, has or claims to have an interest in the premises by virtue of Federal Tax Liens, copies of which are attached hereto, and marked as EXHIBIT "D" and EXHIBIT "F" respectively, and made a part hereof as follows:

```
The United States of America
-vs-
Christine Forgues aka Christine
Andres aka Christine Doubrava
15109 Merimeade Drive, Cleveland, Ohio 44111
Amount:        $144,032.08
File No.:       200412039013

The United States of America
-vs-
Christine Forgues
15109 Merimeade Drive, Cleveland, Ohio 44111
Amount:        $28,767.20
File No.:       201104149003
```

10.   Plaintiff further says that the Defendant, State of Ohio Department of Taxation, has or claims to have an interest

in the premises by virtue of a Certificate of judgment, a copy of which is attached hereto, and marked as EXHIBIT "E", and made a part hereof as follows:

                Certified Judgment Lien
                Amount:          $8,795.82
                Date Filed:      October 19, 2006
                Judgment Docket: JL-06-276051

11.  Plaintiff further says that the Defendant, State of Ohio, Estate Tax Division, has or claims to have an interest in the premises by virtue of an Estate tax lien (William E. Forgues, deceased on or about July 13, 2011, property at 15109 Merrimeade Drive, Cleveland, Ohio).

<u>FOURTH COUNT</u>

12.  Plaintiff incorporates herein by reference all of the allegations as contained in the first three counts, as if fully rewritten herein.

13.  Plaintiff states that the Defendants, Christine J. Forgues aka Christine J.A. Andres Doubrava aka Christine J. Andres and William E. Forgues, are the owners of the hereinafter described real property, and acquired the property through a Survivorship Deed as filed in Instrument Number 200106200974, of Cuyahoga County, Ohio Records, a copy of which is attached hereto marked as EXHIBIT "G".

14.  Plaintiff states that the legal description as contained in the Survivorship Deed as filed in Instrument Number

200106200974, of Cuyahoga County, Ohio Records, is incorrect, and that the Defendants, Christine J. Forgues aka Christine J.A. Andres Doubrava aka Christine J. Andres and William E. Forgues, are the owners in fee simple of the real property, as described herein, and further says that the real property described herein is commonly known as 15109 Merrimeade Drive, Cleveland, Ohio, with the full legal description as follows:

Situated in the City of Cleveland, County of Cuyahoga and State of Ohio, and known as being Sublot No. 10 in A.E. Mead's Subdivision of part of Original Rockport Township Section No. 12 as shown by the recorded plat in Volume 110 of Maps, Page 8 of Cuyahoga County Records and being 45 feet front on the southerly side of Merimeade Drive N.W. and extending back 133.50 feet on the easterly line, 148.54 feet on the westerly line, and having a rear line of 56 feet, as appears by said plat, be the same more or less, but subject to all legal highways.

15. Plaintiff requests reformation of the Survivorship Deed as filed in Instrument Number 200106200974 of Cuyahoga County, Ohio Records to include the entire legal description as set forth above.

W H E R E F O R E Plaintiff demands that the mortgage deed attached hereto and marked as EXHIBIT "B", be reformed to provide for the proper legal description as contained in this pleading; Plaintiff asks the Court to reform the Survivorship Deed as filed in Instrument Number 200106200974 of Cuyahoga County, Ohio Records to correct the legal description as contained herein; Plaintiff demands judgment against the Defendants, Christine J. Forgues aka Christine J.A. Andres

Doubrava aka Christine J. Andres and William E. Forgues, in the sum of $142,144.25 plus interest at the rate of 9.8% per annum from October 1, 2009 and subject to adjustment as set forth in the note attached hereto; that the Defendants named herein be required to answer and set up any claim that they may have in said premises or be forever barred; that the Plaintiff be found to have a valid and first lien on said premises for this amount so owing together with its advances made pursuant to the terms of the mortgage for real estate taxes, hazard insurance premiums, and the premises be ordered appraised, advertised, and sold according to law, and that from the proceeds the Plaintiff be paid the amount found due it, and for such other and further relief as equity entitled it to receive.


**REIMER, ARNOVITZ, CHERNEK &
JEFFREY CO., L.P.A.**
Edward G. Bohnert (0004920)
Ronald J. Chernek (0041431)
Douglas A. Haessig (0079200)
P.O. Box 968
2450 Edison Blvd.
Twinsburg, OH 44087
Phone: (330) 425-4201 Ext. 110
Fax: 330-405-1099
Email: ebohnert@reimerlaw.com

## NOTICE UNDER THE FAIR DEBT COLLECTION PRACTICES ACT

If your name appears as a Defendant in this Complaint, the following notice applies to you.

The purpose of the attached documents is to collect a debt.  Any information you provide to Reimer, Arnovitz, Chernek & Jeffrey Co., L.P.A., will be used for that purpose.

The amount of the debt is stated in paragraph one of this Complaint.

The plaintiff as named in this Complaint is the creditor to whom the debt is owed.

The debt described in the Complaint and evidenced by the copy of the note attached hereto will be assumed to be valid by Reimer, Arnovitz, Chernek & Jeffrey Co., L.P.A., unless, within thirty days after the receipt of this notice, you dispute the validity of the debt or some portion thereof.

If you notify Reimer, Arnovitz, Chernek & Jeffrey Co., L.P.A. in writing within thirty days of the receipt of this notice that the debt or any portion thereof is disputed, Reimer, Arnovitz, Chernek & Jeffrey Co., L.P.A., will obtain a verification of the debt and a copy of the verification will be mailed to you by Reimer, Arnovitz, Chernek & Jeffrey Co., L.P.A.

Please note that notwithstanding the foregoing, you are still responsible under state law to file a response to the Complaint, to which this Notice is attached, within twenty-eight (28) days. This twenty-eight (28) day period and the thirty (30) day period mentioned above both commence the day after you receive this Complaint. If you are uncertain of your rights or obligations under this notice or the Complaint, or if you have any questions concerning the proceedings that have been commenced by the filing of the complaint, you should consult and Attorney of your choice.

If the creditor named as plaintiff in this Complaint is not the original creditor, and if you make a request in writing to Reimer, Arnovitz, Chernek & Jeffrey Co., L.P.A., within thirty days from the receipt of the notice, the name and address of the original creditor will be mailed to you by Reimer, Arnovitz, Chernek & Jeffrey Co., L.P.A.

Any written requests should be addressed to Reimer, Arnovitz, Chernek & Jeffrey Co., L.P.A., P.O. Box 968, Twinsburg, Ohio 44087.

This is an attempt to collect a debt and any information obtained will be used for that purpose.

# COMMON PLEAS COURT
## CUYAHOGA COUNTY, OHIO

### DESIGNATION FORM TO BE USED FOR FORECLOSURE ACTIONS

FILED

2012 MAR 29 P 2: 02

GERALD E. FUERST
CLER
CUYA

Deutsche Bank National Trust Company, as Trustee for J.P. Morgan Mortgage Acquisition Trust 2007-CH5, Asset Backed Pass-Through Certificates, Series 2007-CH5

*Plaintiff*

Case No.

vs.

Judge: DICK AMBROSE

CV 12 779307

Christine J. Forgues aka Christine J.A. Andres Doubrava aka Christine J. Andres, et al.

*Defendant*

| | | | Yes | ☒ | No | ☐ |
|---|---|---|---|---|---|---|
| Has this case been previously filed & Dismissed? | | | | | | |
| Case No. **CV11748992** | Judge | **Dick Ambrose** | | | | |
| Is this case related to any cases now pending or previously filed? | | | Yes | ☐ | No | ☒ |
| Case No. | Judge | | | | | |

## Foreclosure Classifications: Place an (X) in ONE Classification Only.

☒ 1460 Foreclosure
☐ 1465 Tax Foreclosure (County Prosecutor)
☐ 1466 Tax Certificate Foreclosure
☐ 1467 BOR Tax Foreclosure

☐ 1470 Quiet Title
☐ 1480 Partition
☐ 1481 Other _____
☐

| Prayer Amount: | Field Service Representative or other contact: |
|---|---|
| **$142,144.25** | Name _____ |
| | Number _____ |

| Permanent Parcel No. | 025-24-054 | | |
|---|---|---|---|
| 15109 Merrimeade Drive | | Cleveland, Ohio 44111 | |
| Address | | City | Zip |
| Permanent Parcel No. | | | |
| Address | | City | Zip |

*I certify that to the best of my knowledge the within case is not related to any now pending or previously filed, except as noted above*

Reimer, Arnovitz, Chernek & Jeffrey Co., L.P.A.
*Firm Name*
2450 Edison Blvd., Twinsburg, OH 44087
*Address*
(330) 425-4201
*Telephone*

Edward G. Bohnert     0004920
Douglas A. Haessig     0079200
*Attorney of Record (print or type)*     *Bar No.*

*Signature*

Email Address:     ebohnert@reimerlaw.com

# ADJUSTABLE RATE NOTE
### (LIBOR Index - Rate Caps)

**THIS NOTE CONTAINS PROVISIONS ALLOWING FOR CHANGES IN MY INTEREST RATE AND MY MONTHLY PAYMENT. THIS NOTE LIMITS THE AMOUNT MY INTEREST RATE CAN CHANGE AT ANY ONE TIME AND THE MAXIMUM RATE I MUST PAY.**

EXHIBIT ___

March 23, 2007      CLEVELAND    ,    OHIO
[Date]      [City]      [State]

15109 MERRIMEADE DR, CLEVELAND, OHIO 44111
[Property Address]

### 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $    144,400.00    (this amount is called "principal"), plus interest, to the order of the Lender. The Lender is
CHASE BANK USA, N.A.
I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

### 2. INTEREST

Interest will be charged on unpaid principal until the full amount of principal has been paid. I will pay interest at a yearly rate of   9.800   %. The interest rate I will pay may change in accordance with Section 4 of this Note.

The interest rate required by this Section 2 and Section 4 of this Note is the rate I will pay both before and after any default described in Section 7(B) of this Note.

### 3. PAYMENTS

**(A) Time and Place of Payments**

I will pay principal and interest by making payments every month.

I will make my monthly payments on the   1st   day of each month beginning on May 1   2007 I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. My monthly payments will be applied to interest before principal. If, on April 1   ,2037   , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at
700 Kansas Lane Mail Code: LA4-4106 , Monroe, LA 71203
or at a different place if required by the Note Holder.

**(B) Amount of My Initial Monthly Payments**

Each of my initial monthly payments will be in the amount of U.S. $   1,245.93   . This amount may change.

**(C) Monthly Payment Changes**

Changes in my monthly payment will reflect changes in the unpaid principal of my loan and in the interest rate that I must pay. The Note Holder will determine my new interest rate and the changed amount of my monthly payment in accordance with Section 4 of this Note.

### 4. INTEREST RATE AND MONTHLY PAYMENT CHANGES

**(A) Change Dates**

The interest rate I will pay may change on the   1st   day of April   , 2009   , and on that day every sixth month thereafter. Each date on which my interest rate could change is called a "Change Date."

**(B) The Index**

Beginning with the first Change Date, my interest rate will be based on an Index. The "Index" is the average of interbank offered rates for six-month U.S. dollar-denominated deposits in the London market ("LIBOR"), as published in *The Wall Street Journal*. The most recent Index figure available as of the first business day of the month immediately preceding the month in which the Change Date occurs is called the "Current Index."

If the Index is no longer available, the Note Holder will choose a new index that is based upon comparable information. The Note Holder will give me notice of this choice.

**(C) Calculation of Changes**

Before each Change Date, the Note Holder will calculate my new interest rate by adding
Five and 625/1000      percentage point(s) (   5.625   %) to the Current Index. The Note Holder will then round the result of this addition to the nearest one-eighth of one percentage point (0.125%). Subject to the limits stated in Section 4(D) below, this rounded amount will be my new interest rate until the next Change Date.

The Note Holder will then determine the amount of the monthly payment that would be sufficient to repay the unpaid principal that I am expected to owe at the Change Date in full on the Maturity Date at my new interest rate in substantially equal payments. The result of this calculation will be the new amount of my monthly payment.

MULTISTATE ADJUSTABLE RATE NOTE-LIBOR INDEX - Single Family - Freddie Mac Uniform Instrument
Page 1 of 3

-815 (9207)

*STN1A1V - 0596*

Form 3590 7/92

Initials _____

FORGUES

(D) **Limits on Interest Rate Changes**

The interest rate I am required to pay at the first Change Date will not be greater than **12.800** % or less than **9.800** %. Thereafter, my interest rate will never be increased or decreased on any single Change Date by more than one percentage point (1.0%) from the rate of interest I have been paying for the preceding six months. My interest rate will never be greater than **16.800** %.

(E) **Effective Date of Changes**

My new interest rate will become effective on each Change Date. I will pay the amount of my new monthly payment beginning on the first monthly payment date after the Change Date until the amount of my monthly payment changes again.

(F) **Notice of Changes**

The Note Holder will deliver or mail to me a notice of any changes in my interest rate and the amount of my monthly payment before the effective date of any change. The notice will include information required by law to be given me and also the title and telephone number of a person who will answer any question I may have regarding the notice.

**5. BORROWER'S RIGHT TO PREPAY**

I have the right to make payments of principal at any time before they are due. A payment of principal only is known as a "prepayment." When I make a prepayment, I will tell the Note Holder in writing that I am doing so.

I may make a full prepayment or partial prepayments without paying any prepayment charge. The Note Holder will use all of my prepayments to reduce the amount of principal that I owe under this Note. If I make a partial prepayment, there will be no changes in the due dates of my monthly payments unless the Note Holder agrees in writing to those changes. My partial prepayment may reduce the amount of my monthly payments after the first Change Date following my partial prepayment. However, any reduction due to my partial prepayment may be offset by an interest rate increase.

**6. LOAN CHARGES**

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (i) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (ii) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the principal I owe under this Note or by making a direct payment to me. If a refund reduces principal, the reduction will be treated as a partial prepayment.

**7. BORROWER'S FAILURE TO PAY AS REQUIRED**

(A) **Late Charges for Overdue Payments**     **(See Attached Rider)**

If the Note Holder has not received the full amount of any monthly payment by the end of **XXXXX** calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be **XXXXX** % of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

(B) **Default**

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

(C) **Notice of Default**

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is delivered or mailed to me.

(D) **No Waiver by Note Holder**

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

(E) **Payment of Note Holder's Costs and Expenses**

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

**8. GIVING OF NOTICES**

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

**9. OBLIGATIONS OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

**10. WAIVERS**

I and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

815 (9703)                          Page 2 of 3                          Form 3590 7/92
Initials:

FORGUES

**11. UNIFORM SECURED NOTE**

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises that I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

**Transfer of the Property or a Beneficial Interest in Borrower.** If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Security Instrument. Lender also shall not exercise this option if: (a) Borrower causes to be submitted to Lender information required by Lender to evaluate the intended transferee as if a new loan were being made to the transferee; and (b) Lender reasonably determines that Lender's security will not be impaired by the loan assumption and that the risk of a breach of any covenant or agreement in this Security Instrument is acceptable to Lender.

To the extent permitted by applicable law, Lender may charge a reasonable fee as a condition to Lender's consent to the loan assumption. Lender may also require the transferee to sign an assumption agreement that is acceptable to Lender and that obligates the transferee to keep all the promises and agreements made in the Note and in this Security Instrument. Borrower will continue to be obligated under the Note and this Security Instrument unless Lender releases Borrower in writing.

If Lender exercises the option to require immediate payment in full, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

X _Christine J Forgues_ _____(Seal)
CHRISTINE J FORGUES        -Borrower

X _William E Forgues_ _____(Seal)
WILLIAM E FORGUES        -Borrower

_____(Seal)
       -Borrower

_____(Seal)
       -Borrower

*[Sign Original Only]*

THE PROVISIONS CONTAINED IN THE "RIDER TO NOTE" SIGNED BY
ALL BORROWERS NAMED HEREIN, ARE HEREBY INCORPORATED INTO
AND SHALL AMEND AND SUPPLEMENT THIS NOTE.

Initials: _CJF_
_WEF_



# RIDER TO ADJUSTABLE RATE NOTE

**Note Date:** March 23, 2007

For a valuable consideration, receipt of which is hereby acknowledged, both Borrower and Lender agree that this RIDER TO ADJUSTABLE RATE NOTE ("Rider") amends that certain Promissory Note ("NOTE") of date shown above, to which this Rider is attached. Borrower and Lender agree that this Note shall be subject to the following provisions, notwithstanding any provisions to the contrary contained in said Note or the Security Instrument given by Borrower to secure repayment of the Note.

(Check Box if Applicable)

**[X]  LATE CHARGES FOR OVERDUE PAYMENTS**

If the Note Holder has not received the full amount of any monthly payment within . 10 days of the payment due date shown on the monthly payment notice, I will pay a late charge to the Note Holder. The amount of the charge will be **the Greater of 6.0** % of my overdue payment of principal and interest or **$or $29.00** . I will pay this late charge promptly but only once on each late payment.

**[N/A]  BORROWER'S RIGHT TO PREPAY**

You have a right to make payments of principal at any time before they are due. However, you must tell us in writing whenever you make a prepayment. Partial prepayments will not change the due dates of monthly payments and may not immediately affect the monthly payment amount. The loan that you are closing has a prepayment penalty in place for the first _____ years of this Note. [For all options] If you prepay in full or in part during the first _____ years of the loan, you will be charged a prepayment penalty premium equal to six months' advance interest on the amount prepaid in excess of twenty percent of the original principal balance within any twelve month period measured from the Note date or anniversary thereof. [For 5-yr option, only] If you prepay in full or in part during the fourth or fifth year, you will be charged a prepayment penalty premium equal to three months' advance interest on the amount prepaid in excess of twenty percent of the original principal balance within any twelve month period measured from the Note date or anniversary thereof.

**[X]  TIME OF PAYMENTS**

I will pay principal and interest by making payments every month.

I will make my monthly payments on the **1st** day of each month beginning on **May 1, 2007** . I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. My monthly payments will be applied to interest before principal. If, on **April 1** , **2037** I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date"

**[X]  INTEREST RATE AND MONTHLY PAYMENT CHANGES - CHANGE DATES**

The interest rate I will pay may change on the **1st** day of **April 2009** , and on that day every **6TH** month thereafter. Each date on which my interest rate could change is called a "Change Date".

**[X]  LIMITS ON INTEREST RATE CHANGES**

This loan has an interest rate "floor" which will limit the amount the interest rate can decrease. Regardless of any change in the Index, the interest rate during the term of this loan will never be less than the initial interest rate provided for in Section 2 of the Note.

X _Christine J Forgues_
CHRISTINE J FORGUES

X _William E Forgues_
WILLIAM E FORGUES

_AC6D519- 01/2006_

:272:     FORGUES

# ALLONGE TO MORTGAGE NOTE

**LOAN NUMBER:** ▆▆▆▆▆▆▆▆▆

**NOTE DATED:**  March 23, 2007

**LOAN AMOUNT:**  144,400.00

**MORTGAGOR:**   Christine J. Forgues and William E. Forgues

**PROPERTY ADDRESS:**  15109 MERRIMEADE DR.
                      CLEVELAND, OHIO  44111

Allonge to one certain Mortgage Note dated March 23, 2007 in favor of
CHASE BANK USA, N.A., executed by Christine J. Forgues and William
E. Forgues.

**Pay to the order of Deutsche Bank National Trust Company, as Trustee
for J.P. Morgan Mortgage Acquisition Trust 2007-CH5, Asset Backed
Pass-Through Certificates, Series 2007-CH5**

**Without Recourse**

**SELLER:  CHASE BANK USA, N.A.**

**BY:**   _Leatrice N. Rogers_ _____
          Leatrice N. Rogers /Assistance Vice President
          Authorized Officer

CUYAHOGA COUNTY RECORDER
PATRICK J. OMALLEY – 16
MORT 04/20/2007 09:33:04 AM
**200704200027**

Recording requested by: LSI
When recorded return to :
Custom Recording Solutions
2550 N. Redhill Ave.
Santa Ana, CA. 92705
800-756-3524 ext. 50.

EXHIBIT _B_

--- [Space Above This Line For Recording Data] ---

# MORTGAGE

## DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided in Section 16.

(A) "Security Instrument" means this document, which is dated March 23, 2007
together with all Riders to this document.
(B) "Borrower" is
CHRISTINE J FORGUES AND WILLIAM E FORGUES,
WIFE AND HUSBAND, FOR THE JOINT LIVES, REMAINDER TO THE SURVIVOR OF THEM.

Borrower is the mortgagor under this Security Instrument.
(C) "Lender" is CHASE BANK USA, N.A.

Lender is a nationally chartered bank
organized and existing under the laws of UNITED STATES OF AMERICA
Lender's address is 200 White Clay Center Drive, Newark, DE 19711

Lender is the mortgagee under this Security Instrument.
(D) "Note" means the promissory note signed by Borrower and dated March 23, 2007
The Note states that Borrower owes Lender
ONE HUNDRED FORTY FOUR THOUSAND FOUR HUNDRED & 00/100       Dollars
(U.S. $ 144,400.00       ) plus interest. Borrower has promised to pay this debt in regular Periodic
Payments and to pay the debt in full not later than

OHIO -Single Family- Fannie Mae/Freddie Mac UNIFORM INSTRUMENT       Form 3036 1/01

-6(OH) (0405)

Page 1 of 16       Initials:

VMP Mortgage Solutions, Inc. (800)521-7291

:272:   FORGUES       BL469223HH

Description: Cuyahoga,OH Document-Year.Date.DocID 2007.420.27 Page: 1 of 16
Order: 45087 Comment:

(E) "Property" means the property that is described below under the heading "Transfer of Rights in the Property."

(F) "Loan" means the debt evidenced by the Note, plus interest, any prepayment charges and late charges due under the Note, and all sums due under this Security Instrument, plus interest.

(G) "Riders" means all Riders to this Security Instrument that are executed by Borrower. The following Riders are to be executed by Borrower [check box as applicable]:

| | | |
|---|---|---|
| ☐ Adjustable Rate Rider | ☐ Condominium Rider | ☐ Second Home Rider |
| ☐ Balloon Rider | ☐ Planned Unit Development Rider | ☐ 1-4 Family Rider |
| ☐ VA Rider | ☐ Biweekly Payment Rider | ☐ Other(s) [specify] |

(H) "Applicable Law" means all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions.

(I) "Community Association Dues, Fees, and Assessments" means all dues, fees, assessments and other charges that are imposed on Borrower or the Property by a condominium association, homeowners association or similar organization.

(J) "Electronic Funds Transfer" means any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller machine transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse transfers.

(K) "Escrow Items" means those items that are described in Section 3.

(L) "Miscellaneous Proceeds" means any compensation, settlement, award of damages, or proceeds paid by any third party (other than insurance proceeds paid under the coverages described in Section 5) for: (i) damage to, or destruction of, the Property; (ii) condemnation or other taking of all or any part of the Property; (iii) conveyance in lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the value and/or condition of the Property.

(M) "Mortgage Insurance" means insurance protecting Lender against the nonpayment of, or default on, the Loan.

(N) "Periodic Payment" means the regularly scheduled amount due for (i) principal and interest under the Note, plus (ii) any amounts under Section 3 of this Security Instrument.

(O) "RESPA" means the Real Estate Settlement Procedures Act (12 U.S.C. Section 2601 et seq.) and its implementing regulation, Regulation X (24 C.F.R. Part 3500), as they might be amended from time to time, or any additional or successor legislation or regulation that governs the same subject matter. As used in this Security Instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard to a "federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage loan" under RESPA.

(P) "Successor in Interest of Borrower" means any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or this Security Instrument.

-6(OH) (0405)                 Page 2 of 15         Initials: _____         Form 3036   1/01

**TRANSFER OF RIGHTS IN THE PROPERTY**

This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower does hereby mortgage, grant and convey to Lender the following described property located in the
County of Cuyahoga :
[Type of Recording Jurisdiction]                  [Name of Recording Jurisdiction]

**All that tract or parcel of land as shown on Schedule "A" attached hereto which is incorporated herein and made a part hereof.**

Parcel ID Number: 025-24-054                        which currently has the address of
15109 MERRIMEADE DR                                                             [Street]
CLEVELAND                                    [City] , Ohio        44111     [Zip Code]
("Property Address"):

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to mortgage, grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:
1. Payment of Principal, Interest, Escrow Items, Prepayment Charges, and Late Charges. Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and any prepayment charges and late charges due under the Note. Borrower shall also pay funds for Escrow Items pursuant to Section 3. Payments due under the Note and this Security Instrument shall be made in U.S. currency. However, if any check or other instrument received by Lender as payment under the Note or this

-6(OH) (0435)                       Page 3 of 15                  Initials:                Form 3036 1/01

Security Instrument is returned to Lender unpaid, Lender may require that any or all subsequent payments due under the Note and this Security Instrument be made in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality, or entity; or (d) Electronic Funds Transfer.

Payments are deemed received by Lender when received at the location designated in the Note or at such other location as may be designated by Lender in accordance with the notice provisions in Section 15. Lender may return any payment or partial payment if the payment or partial payments are insufficient to bring the Loan current. Lender may accept any payment or partial payment insufficient to bring the Loan current, without waiver of any rights hereunder or prejudice to its rights to refuse such payment or partial payments in the future, but Lender is not obligated to apply such payments at the time such payments are accepted. If each Periodic Payment is applied as of its scheduled due date, then Lender need not pay interest on unapplied funds. Lender may hold such unapplied funds until Borrower makes payment to bring the Loan current. If Borrower does not do so within a reasonable period of time, Lender shall either apply such funds or return them to Borrower. If not applied earlier, such funds will be applied to the outstanding principal balance under the Note immediately prior to foreclosure. No offset or claim which Borrower might have now or in the future against Lender shall relieve Borrower from making payments due under the Note and this Security Instrument or performing the covenants and agreements secured by this Security Instrument.

2. **Application of Payments or Proceeds.** Except as otherwise described in this Section 2, all payments accepted and applied by Lender shall be applied in the following order of priority: (a) interest due under the Note; (b) principal due under the Note; (c) amounts due under Section 3. Such payments shall be applied to each Periodic Payment in the order in which it became due. Any remaining amounts shall be applied first to late charges, second to any other amounts due under this Security Instrument, and then to reduce the principal balance of the Note.

If Lender receives a payment from Borrower for a delinquent Periodic Payment which includes a sufficient amount to pay any late charge due, the payment may be applied to the delinquent payment and the late charge. If more than one Periodic Payment is outstanding, Lender may apply any payment received from Borrower to the repayment of the Periodic Payments if, and to the extent that, each payment can be paid in full. To the extent that any excess exists after the payment is applied to the full payment of one or more Periodic Payments, such excess may be applied to any late charges due. Voluntary prepayments shall be applied first to any prepayment charges and then as described in the Note.

Any application of payments, insurance proceeds, or Miscellaneous Proceeds to principal due under the Note shall not extend or postpone the due date, or change the amount, of the Periodic Payments.

3. **Funds for Escrow Items.** Borrower shall pay to Lender on the day Periodic Payments are due under the Note, until the Note is paid in full, a sum (the "Funds") to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over this Security Instrument as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; (c) premiums for any and all insurance required by Lender under Section 5; and (d) Mortgage Insurance premiums, if any, or any sums payable by Borrower to Lender in lieu of the payment of Mortgage Insurance premiums in accordance with the provisions of Section 10. These items are called "Escrow Items." At origination or at any time during the term of the Loan, Lender may require that Community Association Dues, Fees, and Assessments, if any, be escrowed by Borrower, and such dues, fees and assessments shall be an Escrow Item. Borrower shall promptly furnish to Lender all notices of amounts to be paid under this Section. Borrower shall pay Lender the Funds for Escrow Items unless Lender waives Borrower's obligation to pay the Funds for any or all Escrow Items. Lender may waive Borrower's obligation to pay to Lender Funds for any or all

-6(OH) (0405)    Page 4 of 15    Initials: CGT    Form 3036  1/01

Escrow Items at any time. Any such waiver may only be in writing. In the event of such waiver, Borrower shall pay directly, when and where payable, the amounts due for any Escrow Items for which payment of Funds has been waived by Lender and, if Lender requires, shall furnish to Lender receipts evidencing such payment within such time period as Lender may require. Borrower's obligation to make such payments and to provide receipts shall for all purposes be deemed to be a covenant and agreement contained in this Security Instrument, as the phrase "covenant and agreement" is used in Section 9. If Borrower is obligated to pay Escrow Items directly, pursuant to a waiver, and Borrower fails to pay the amount due for an Escrow Item, Lender may exercise its rights under Section 9 and pay such amount and Borrower shall then be obligated under Section 9 to repay to Lender any such amount. Lender may revoke the waiver as to any or all Escrow Items at any time by a notice given in accordance with Section 15 and, upon such revocation, Borrower shall pay to Lender all Funds, and in such amounts, that are then required under this Section 3.

Lender may, at any time, collect and hold Funds in an amount (a) sufficient to permit Lender to apply the Funds at the time specified under RESPA, and (b) not to exceed the maximum amount a lender can require under RESPA. Lender shall estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with Applicable Law.

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is an institution whose deposits are so insured) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items no later than the time specified under RESPA. Lender shall not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and Applicable Law permits Lender to make such a charge. Unless an agreement is made in writing or Applicable Law requires interest to be paid on the Funds, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Borrower and Lender can agree in writing, however, that interest shall be paid on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds as required by RESPA.

If there is a surplus of Funds held in escrow, as defined under RESPA, Lender shall account to Borrower for the excess funds in accordance with RESPA. If there is a shortage of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the shortage in accordance with RESPA, but in no more than 12 monthly payments. If there is a deficiency of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the deficiency in accordance with RESPA, but in no more than 12 monthly payments.

Upon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to Borrower any Funds held by Lender.

4. Charges; Liens. Borrower shall pay all taxes, assessments, charges, fines, and impositions attributable to the Property which can attain priority over this Security Instrument, leasehold payments or ground rents on the Property, if any, and Community Association Dues, Fees, and Assessments, if any. To the extent that these items are Escrow Items, Borrower shall pay them in the manner provided in Section 3.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender, but only so long as Borrower is performing such agreement; (b) contests the lien in good faith by, or defends against enforcement of the lien in, legal proceedings which in Lender's opinion operate to prevent the enforcement of the lien while those proceedings are pending, but only until such proceedings are concluded; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which can attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien.

-6(OH) (0405)  Page 5 of 16  Initials: _____  Form 3036  1/01

Within 10 days of the date on which that notice is given, Borrower shall satisfy the lien or take one or more of the actions set forth above in this Section 4.

Lender may require Borrower to pay a one-time charge for a real estate tax verification and/or reporting service used by Lender in connection with this Loan.

**5. Property Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and any other hazards including, but not limited to, earthquakes and floods, for which Lender requires insurance. This insurance shall be maintained in the amounts (including deductible levels) and for the periods that Lender requires. What Lender requires pursuant to the preceding sentences can change during the term of the Loan. The insurance carrier providing the insurance shall be chosen by Borrower subject to Lender's right to disapprove Borrower's choice, which right shall not be exercised unreasonably. Lender may require Borrower to pay, in connection with this Loan, either: (a) a one-time charge for flood zone determination, certification and tracking services; or (b) a one-time charge for flood zone determination and certification services and subsequent charges each time remappings or similar changes occur which reasonably might affect such determination or certification. Borrower shall also be responsible for the payment of any fees imposed by the Federal Emergency Management Agency in connection with the review of any flood zone determination resulting from an objection by Borrower.

If Borrower fails to maintain any of the coverages described above, Lender may obtain insurance coverage, at Lender's option and Borrower's expense. Lender is under no obligation to purchase any particular type or amount of coverage. Therefore, such coverage shall cover Lender, but might or might not protect Borrower, Borrower's equity in the Property, or the contents of the Property, against any risk, hazard or liability and might provide greater or lesser coverage than was previously in effect. Borrower acknowledges that the cost of the insurance coverage so obtained might significantly exceed the cost of insurance that Borrower could have obtained. Any amounts disbursed by Lender under this Section 5 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

All insurance policies required by Lender and renewals of such policies shall be subject to Lender's right to disapprove such policies, shall include a standard mortgage clause, and shall name Lender as mortgagee and/or as an additional loss payee. Lender shall have the right to hold the policies and renewal certificates. If Lender requires, Borrower shall promptly give to Lender all receipts of paid premiums and renewal notices. If Borrower obtains any form of insurance coverage, not otherwise required by Lender, for damage to, or destruction of, the Property, such policy shall include a standard mortgage clause and shall name Lender as mortgagee and/or as an additional loss payee.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower. Unless Lender and Borrower otherwise agree in writing, any insurance proceeds, whether or not the underlying insurance was required by Lender, shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such insurance proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such insurance proceeds, Lender shall not be required to pay Borrower any interest or earnings on such proceeds. Fees for public adjusters, or other third parties, retained by Borrower shall not be paid out of the insurance proceeds and shall be the sole obligation of Borrower. If the restoration or repair is not economically feasible or Lender's security would be lessened, the insurance proceeds shall be applied to

Description: Cuyahoga,OH Document-Year.Date.DocID 2007.420.27 Page: 6 of 16
Order: 45087 Comment:

the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower. Such insurance proceeds shall be applied in the order provided for in Section 2.

If Borrower abandons the Property, Lender may file, negotiate and settle any available insurance claim and related matters. If Borrower does not respond within 30 days to a notice from Lender that the insurance carrier has offered to settle a claim, then Lender may negotiate and settle the claim. The 30-day period will begin when the notice is given. In either event, or if Lender acquires the Property under Section 22 or otherwise, Borrower hereby assigns to Lender (a) Borrower's rights to any insurance proceeds in an amount not to exceed the amounts unpaid under the Note or this Security Instrument, and (b) any other of Borrower's rights (other than the right to any refund of unearned premiums paid by Borrower) under all insurance policies covering the Property, insofar as such rights are applicable to the coverage of the Property. Lender may use the insurance proceeds either to repair or restore the Property or to pay amounts unpaid under the Note or this Security Instrument, whether or not then due.

6. Occupancy. Borrower shall occupy, establish, and use the Property as Borrower's principal residence within 60 days after the execution of this Security Instrument and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender otherwise agrees in writing, which consent shall not be unreasonably withheld, or unless extenuating circumstances exist which are beyond Borrower's control.

7. Preservation, Maintenance and Protection of the Property; Inspections. Borrower shall not destroy, damage or impair the Property, allow the Property to deteriorate or commit waste on the Property. Whether or not Borrower is residing in the Property, Borrower shall maintain the Property in order to prevent the Property from deteriorating or decreasing in value due to its condition. Unless it is determined pursuant to Section 5 that repair or restoration is not economically feasible, Borrower shall promptly repair the Property if damaged to avoid further deterioration or damage. If insurance or condemnation proceeds are paid in connection with damage to, or the taking of, the Property, Borrower shall be responsible for repairing or restoring the Property only if Lender has released proceeds for such purposes. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. If the insurance or condemnation proceeds are not sufficient to repair or restore the Property, Borrower is not relieved of Borrower's obligation for the completion of such repair or restoration.

Lender or its agent may make reasonable entries upon and inspections of the Property. If it has reasonable cause, Lender may inspect the interior of the improvements on the Property. Lender shall give Borrower notice at the time of or prior to such an interior inspection specifying such reasonable cause.

8. Borrower's Loan Application. Borrower shall be in default if, during the Loan application process, Borrower or any persons or entities acting at the direction of Borrower or with Borrower's knowledge or consent gave materially false, misleading, or inaccurate information or statements to Lender (or failed to provide Lender with material information) in connection with the Loan. Material representations include, but are not limited to, representations concerning Borrower's occupancy of the Property as Borrower's principal residence.

9. Protection of Lender's Interest in the Property and Rights Under this Security Instrument. If (a) Borrower fails to perform the covenants and agreements contained in this Security Instrument, (b) there is a legal proceeding that might significantly affect Lender's interest in the Property and/or rights under this Security Instrument (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture, for enforcement of a lien which may attain priority over this Security Instrument or to enforce laws or regulations), or (c) Borrower has abandoned the Property, then Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under this Security Instrument, including protecting and/or assessing the value of the Property, and securing and/or repairing the Property. Lender's actions can include, but are not limited to: (a) paying any sums secured by a lien which has priority over this Security Instrument; (b) appearing in court; and (c) paying reasonable attorneys' fees to

-6(OH) (0405)                         Page 7 of 15          Initials: _____          Form 3036  1/01

protect its interest in the Property and/or rights under this Security Instrument, including its secured position in a bankruptcy proceeding. Securing the Property includes, but is not limited to, entering the Property to make repairs, change locks, replace or board up doors and windows, drain water from pipes, eliminate building or other code violations or dangerous conditions, and have utilities turned on or off. Although Lender may take action under this Section 9, Lender does not have to do so and is not under any duty or obligation to do so. It is agreed that Lender incurs no liability for not taking any or all actions authorized under this Section 9.

Any amount disbursed by Lender under this Section 9 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

If this Security Instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and the fee title shall not merge unless Lender agrees to the merger in writing.

10. **Mortgage Insurance.** If Lender required Mortgage Insurance as a condition of making the Loan, Borrower shall pay the premiums required to maintain the Mortgage Insurance in effect. If, for any reason, the Mortgage Insurance coverage required by Lender ceases to be available from the mortgage insurer that previously provided such insurance and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower shall pay the premiums required to obtain coverage substantially equivalent to the Mortgage Insurance previously in effect, at a cost substantially equivalent to the cost to Borrower of the Mortgage Insurance previously in effect, from an alternate mortgage insurer selected by Lender. If substantially equivalent Mortgage Insurance coverage is not available, Borrower shall continue to pay to Lender the amount of the separately designated payments that were due when the insurance coverage ceased to be in effect. Lender will accept, use and retain these payments as a non-refundable loss reserve in lieu of Mortgage Insurance. Such loss reserve shall be non-refundable, notwithstanding the fact that the Loan is ultimately paid in full, and Lender shall not be required to pay Borrower any interest or earnings on such loss reserve. Lender can no longer require loss reserve payments if Mortgage Insurance coverage (in the amount and for the period that Lender requires) provided by an insurer selected by Lender again becomes available, is obtained, and Lender requires separately designated payments toward the premiums for Mortgage Insurance. If Lender required Mortgage Insurance as a condition of making the Loan and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower shall pay the premiums required to maintain Mortgage Insurance in effect, or to provide a non-refundable loss reserve, until Lender's requirement for Mortgage Insurance ends in accordance with any written agreement between Borrower and Lender providing for such termination or until termination is required by Applicable Law. Nothing in this Section 10 affects Borrower's obligation to pay interest at the rate provided in the Note.

Mortgage Insurance reimburses Lender (or any entity that purchases the Note) for certain losses it may incur if Borrower does not repay the Loan as agreed. Borrower is not a party to the Mortgage Insurance.

Mortgage insurers evaluate their total risk on all such insurance in force from time to time, and may enter into agreements with other parties that share or modify their risk, or reduce losses. These agreements are on terms and conditions that are satisfactory to the mortgage insurer and the other party (or parties) to these agreements. These agreements may require the mortgage insurer to make payments using any source of funds that the mortgage insurer may have available (which may include funds obtained from Mortgage Insurance premiums).

As a result of these agreements, Lender, any purchaser of the Note, another insurer, any reinsurer, any other entity, or any affiliate of any of the foregoing, may receive (directly or indirectly) amounts that derive from (or might be characterized as) a portion of Borrower's payments for Mortgage Insurance, in

*Description: Cuyahoga,OH Document-Year.Date.DocID 2007.420.27 Page: 8 of 16*
*Order: 45087 Comment:*

exchange for sharing or modifying the mortgage insurer's risk, or reducing losses. If such agreement provides that an affiliate of Lender takes a share of the insurer's risk in exchange for a share of the premiums paid to the insurer, the arrangement is often termed "captive reinsurance." Further:

(a) Any such agreements will not affect the amounts that Borrower has agreed to pay for Mortgage Insurance, or any other terms of the Loan. Such agreements will not increase the amount Borrower will owe for Mortgage Insurance, and they will not entitle Borrower to any refund.

(b) Any such agreements will not affect the rights Borrower has - if any - with respect to the Mortgage Insurance under the Homeowners Protection Act of 1998 or any other law. These rights may include the right to receive certain disclosures, to request and obtain cancellation of the Mortgage Insurance, to have the Mortgage Insurance terminated automatically, and/or to receive a refund of any Mortgage Insurance premiums that were unearned at the time of such cancellation or termination.

11. Assignment of Miscellaneous Proceeds; Forfeiture. All Miscellaneous Proceeds are hereby assigned to and shall be paid to Lender.

If the Property is damaged, such Miscellaneous Proceeds shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such Miscellaneous Proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may pay for the repairs and restoration in a single disbursement or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such Miscellaneous Proceeds, Lender shall not be required to pay Borrower any interest or earnings on such Miscellaneous Proceeds. If the restoration or repair is not economically feasible or Lender's security would be lessened, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower. Such Miscellaneous Proceeds shall be applied in the order provided for in Section 2.

In the event of a total taking, destruction, or loss in value of the Property, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is equal to or greater than the amount of the sums secured by this Security Instrument immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the sums secured by this Security Instrument shall be reduced by the amount of the Miscellaneous Proceeds multiplied by the following fraction: (a) the total amount of the sums secured immediately before the partial taking, destruction, or loss in value divided by (b) the fair market value of the Property immediately before the partial taking, destruction, or loss in value. Any balance shall be paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is less than the amount of the sums secured immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument whether or not the sums are then due.

If the Property is abandoned by Borrower, or if, after notice by Lender to Borrower that the Opposing Party (as defined in the next sentence) offers to make an award to settle a claim for damages, Borrower fails to respond to Lender within 30 days after the date the notice is given, Lender is authorized to collect and apply the Miscellaneous Proceeds either to restoration or repair of the Property or to the sums secured by this Security Instrument, whether or not then due. "Opposing Party" means the third party that owes Borrower Miscellaneous Proceeds or the party against whom Borrower has a right of action in regard to Miscellaneous Proceeds.

Borrower shall be in default if any action or proceeding, whether civil or criminal, is begun that, in Lender's judgment, could result in forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. Borrower can cure such a default and, if acceleration has occurred, reinstate as provided in Section 19, by causing the action or proceeding to be dismissed with a ruling that, in Lender's judgment, precludes forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. The proceeds of any award or claim for damages that are attributable to the impairment of Lender's interest in the Property are hereby assigned and shall be paid to Lender.

All Miscellaneous Proceeds that are not applied to restoration or repair of the Property shall be applied in the order provided for in Section 2.

**12. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to Borrower or any Successor in Interest of Borrower shall not operate to release the liability of Borrower or any Successors in Interest of Borrower. Lender shall not be required to commence proceedings against any Successor in Interest of Borrower or to refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or any Successors in Interest of Borrower. Any forbearance by Lender in exercising any right or remedy including, without limitation, Lender's acceptance of payments from third persons, entities or Successors in Interest of Borrower or in amounts less than the amount then due, shall not be a waiver of or preclude the exercise of any right or remedy.

**13. Joint and Several Liability; Co-signers; Successors and Assigns Bound.** Borrower covenants and agrees that Borrower's obligations and liability shall be joint and several. However, any Borrower who co-signs this Security Instrument but does not execute the Note (a "co-signer"): (a) is co-signing this Security Instrument only to mortgage, grant and convey the co-signer's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower can agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without the co-signer's consent.

Subject to the provisions of Section 18, any Successor in Interest of Borrower who assumes Borrower's obligations under this Security Instrument in writing, and is approved by Lender, shall obtain all of Borrower's rights and benefits under this Security Instrument. Borrower shall not be released from Borrower's obligations and liability under this Security Instrument unless Lender agrees to such release in writing. The covenants and agreements of this Security Instrument shall bind (except as provided in Section 20) and benefit the successors and assigns of Lender.

**14. Loan Charges.** Lender may charge Borrower fees for services performed in connection with Borrower's default, for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument, including, but not limited to, attorneys' fees, property inspection and valuation fees. In regard to any other fees, the absence of express authority in this Security Instrument to charge a specific fee to Borrower shall not be construed as a prohibition on the charging of such fee. Lender may not charge fees that are expressly prohibited by this Security Instrument or by Applicable Law.

If the Loan is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the Loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower. Lender may choose to make this refund by reducing the principal owed under the Note or by making a direct payment to Borrower. If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge (whether or not a prepayment charge is

:272:     FORGUES

Description: Cuyahoga,OH Document-Year.Date.DocID 2007.420.27 Page: 10 of 16
Order: 45087 Comment:

provided for under the Note). Borrower's acceptance of any such refund made by direct payment to Borrower will constitute a waiver of any right of action Borrower might have arising out of such overcharge.

15. **Notices.** All notices given by Borrower or Lender in connection with this Security Instrument must be in writing. Any notice to Borrower in connection with this Security Instrument shall be deemed to have been given to Borrower when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means. Notice to any one Borrower shall constitute notice to all Borrowers unless Applicable Law expressly requires otherwise. The notice address shall be the Property Address unless Borrower has designated a substitute notice address by notice to Lender. Borrower shall promptly notify Lender of Borrower's change of address. If Lender specifies a procedure for reporting Borrower's change of address, then Borrower shall only report a change of address through that specified procedure. There may be only one designated notice address under this Security Instrument at any one time. Any notice to Lender shall be given by delivering it or by mailing it by first class mail to Lender's address stated herein unless Lender has designated another address by notice to Borrower. Any notice in connection with this Security Instrument shall not be deemed to have been given to Lender until actually received by Lender. If any notice required by this Security Instrument is also required under Applicable Law, the Applicable Law requirement will satisfy the corresponding requirement under this Security Instrument.

16. **Governing Law; Severability; Rules of Construction.** This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located. All rights and obligations contained in this Security Instrument are subject to any requirements and limitations of Applicable Law. Applicable Law might explicitly or implicitly allow the parties to agree by contract or it might be silent, but such silence shall not be construed as a prohibition against agreement by contract. In the event that any provision or clause of this Security Instrument or the Note conflicts with Applicable Law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision.

As used in this Security Instrument: (a) words of the masculine gender shall mean and include corresponding neuter words or words of the feminine gender; (b) words in the singular shall mean and include the plural and vice versa; and (c) the word "may" gives sole discretion without any obligation to take any action.

17. **Borrower's Copy.** Borrower shall be given one copy of the Note and of this Security Instrument.

18. **Transfer of the Property or a Beneficial Interest in Borrower.** As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

19. **Borrower's Right to Reinstate After Acceleration.** If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Security Instrument discontinued at any time prior to the earliest of: (a) five days before sale of the Property pursuant to any power of sale contained in

-6(OH) (0405)

Page 11 of 15

Initials:

Form 3036  1/01

Description: Cuyahoga,OH Document-Year.Date.DocID 2007.420.27 Page: 11 of 16
Order: 45087 Comment:

this Security Instrument; (b) such other period as Applicable Law might specify for the termination of Borrower's right to reinstate; or (c) entry of a judgment enforcing this Security Instrument. Those conditions are that Borrower: (a) pays Lender all sums which then would be due under this Security Instrument and the Note as if no acceleration had occurred; (b) cures any default of any other covenants or agreements; (c) pays all expenses incurred in enforcing this Security Instrument, including, but not limited to, reasonable attorneys' fees, property inspection and valuation fees, and other fees incurred for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument; and (d) takes such action as Lender may reasonably require to assure that Lender's interest in the Property and rights under this Security Instrument, and Borrower's obligation to pay the sums secured by this Security Instrument, shall continue unchanged. Lender may require that Borrower pay such reinstatement sums and expenses in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality or entity; or (d) Electronic Funds Transfer. Upon reinstatement by Borrower, this Security Instrument and obligations secured hereby shall remain fully effective as if no acceleration had occurred. However, this right to reinstate shall not apply in the case of acceleration under Section 18.

20. Sale of Note; Change of Loan Servicer; Notice of Grievance. The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower. A sale might result in a change in the entity (known as the "Loan Servicer") that collects Periodic Payments due under the Note and this Security Instrument and performs other mortgage loan servicing obligations under the Note, this Security Instrument, and Applicable Law. There also might be one or more changes of the Loan Servicer unrelated to a sale of the Note. If there is a change of the Loan Servicer, Borrower will be given written notice of the change which will state the name and address of the new Loan Servicer, the address to which payments should be made and any other information RESPA requires in connection with a notice of transfer of servicing. If the Note is sold and thereafter the Loan is serviced by a Loan Servicer other than the purchaser of the Note, the mortgage loan servicing obligations to Borrower will remain with the Loan Servicer or be transferred to a successor Loan Servicer and are not assumed by the Note purchaser unless otherwise provided by the Note purchaser.

Neither Borrower nor Lender may commence, join, or be joined to any judicial action (as either an individual litigant or the member of a class) that arises from the other party's actions pursuant to this Security Instrument or that alleges that the other party has breached any provision of, or any duty owed by reason of, this Security Instrument, until such Borrower or Lender has notified the other party (with such notice given in compliance with the requirements of Section 15) of such alleged breach and afforded the other party hereto a reasonable period after the giving of such notice to take corrective action. If Applicable Law provides a time period which must elapse before certain action can be taken, that time period will be deemed to be reasonable for purposes of this paragraph. The notice of acceleration and opportunity to cure given to Borrower pursuant to Section 22 and the notice of acceleration given to Borrower pursuant to Section 18 shall be deemed to satisfy the notice and opportunity to take corrective action provisions of this Section 20.

21. Hazardous Substances. As used in this Section 21: (a) "Hazardous Substances" are those substances defined as toxic or hazardous substances, pollutants, or wastes by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials; (b) "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection; (c) "Environmental Cleanup" includes any response action, remedial action, or removal action, as defined in Environmental Law; and (d) an "Environmental Condition" means a condition that can cause, contribute to, or otherwise trigger an Environmental Cleanup.

-6(OH) (0405)   Page 12 of 15   Initials:   Form 3036  1/01

Description: Cuyahoga,OH Document-Year.Date.DocID 2007.420.27 Page: 12 of 16
Order: 45087 Comment:

Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances, or threaten to release any Hazardous Substances, on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property (a) that is in violation of any Environmental Law, (b) which creates an Environmental Condition, or (c) which, due to the presence, use, or release of a Hazardous Substance, creates a condition that adversely affects the value of the Property. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property (including, but not limited to, hazardous substances in consumer products).

Borrower shall promptly give Lender written notice of (a) any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge, (b) any Environmental Condition, including but not limited to, any spilling, leaking, discharge, release or threat of release of any Hazardous Substance, and (c) any condition caused by the presence, use or release of a Hazardous Substance which adversely affects the value of the Property. If Borrower learns, or is notified by any governmental or regulatory authority, or any private party, that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law. Nothing herein shall create any obligation on Lender for an Environmental Cleanup.

NON UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument, foreclosure by judicial proceeding and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to assert in the foreclosure proceeding the non-existence of a default or any other defense of Borrower to acceleration and foreclosure. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may foreclose this Security Instrument by judicial proceeding. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, costs of title evidence.

23. Release. Upon payment of all sums secured by this Security Instrument, Lender shall discharge this Security Instrument. Borrower shall pay any recordation costs. Lender may charge Borrower a fee for releasing this Security Instrument, but only if the fee is paid to a third party for services rendered and the charging of the fee is permitted under Applicable Law.

24. Certain Other Advances. In addition to any other sum secured hereby, this Security Instrument shall also secure the unpaid principal balance of, plus accrued interest on, any amount of money loaned, advanced or paid by Lender to or for the account and benefit of Borrower, after this Security Instrument is delivered to and filed with the Recorder's Office,
County, Ohio, for recording. Lender may make such advances in order to pay any real estate taxes and assessments, insurance premiums plus all other costs and expenses incurred in connection with the operation, protection or preservation of the Property, including to cure Borrower's defaults by making any such payments which Borrower should have paid as provided in this Security Instrument, it being intended by this Section 24 to acknowledge, affirm and comply with the provision of Section 5301.233 of the Revised Code of Ohio.

-6(OH) (0409)                         Page 13 of 15          Initials: _____          Form 3036  1/01

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.

Witnesses:

_____     *Christine J Forgues* (Seal)
                                     CHRISTINE J FORGUES          -Borrower

_____     *William E Forgues* (Seal)
                                     WILLIAM E FORGUES            -Borrower

_____ (Seal)       _____ (Seal)
                 -Borrower                           -Borrower

_____ (Seal)       _____ (Seal)
                 -Borrower                           -Borrower

_____ (Seal)       _____ (Seal)
                 -Borrower                           -Borrower

-6(OH) (0201)                Page 14 of 15                 Form 3036  1/01

:272:    FORGUES

*Description: Cuyahoga,OH Document-Year.Date.DocID 2007.420.27 Page: 14 of 16*
*Order: 45087 Comment:*

STATE OF OHIO,    *Cuyahoga*  County ss:

This instrument was acknowledged before me this *23rd* day of *March 2007* , by *Christine J Forques and William E Forques*

My Commission Expires: *11-13-10*

Notary Public
Guinevere O'Donnell

*JEROME ALLEN*
*CLEA*

**JEROME ALLEN SLEA**
**STATE OF OHIO, NOTARY PUBLIC**
**CUYAHOGA COUNTY**
**COMM. EXPIRES 11-13-10**

This instrument was prepared by

*GUINEVERE O'DONNELL*

-6(OH) (0405)    Page 15 of 15    Initials:    Form 3036  1/01

APN: 025-24-054

## EXHIBIT A
### LEGAL DESCRIPTION

The land referred to in this policy is situated in the State of OH, County of CUYAHOGA, City of CLEVELAND and described as follows:

Situated in the City of Cleveland, County of Cuyahoga and State of Ohio subdivision as being Sublot No. 10 in A.E. Mead's Subdivision of part of original Rockport Township County Records, and being 45 feet front on the Southerly side of Merimeade Drive, N.W., having a rear line of 56 feet, as appears by said plat, be the same more or less, but subject to all legal highways.

APN 025-24-054
WITH THE APPURTENANCES THERETO.
APN: 025-24-054

EXHIBIT _____

CUYAHOGA COUNTY RECORDER
LILLIAN J GREENE - 2
RELA 5/20/2010 12:13:48 PM
**201005200218**

| SPACE ABOVE THIS LINE FOR RECORDER'S USE |
|---|

## ASSIGNMENT OF MORTGAGE

FOR VALUABLE CONSIDERATION, the receipt and sufficiency of which is hereby acknowledged,

Chase Bank USA NA , 200 White Clay Center Dr Newark DE 19711

("Assignor")

does hereby sell, transfer, and set over, without recourse, unto

Deutsche Bank National Trust Company, as Trustee for J.P. Morgan Mortgage Acquisition Trust 2007-CH5, Asset Backed Pass-Through Certificates, Series 2007-CH5, 10790 Rancho Bernardo Rd San Diego CA 92127

("Assignee")

| | |
|---|---|
| Executed and delivered by: | Christine J. Forgues and William E. Forgues wife and husband |
| Mortgage Deed dated: | March 23, 2007 |
| to and in favor of: | Chase Bank USA NA |
| filed for record on (date): | April 20, 2007 |
| as Official Record: | Instrument Number 200704200027 |
| In the Recorder's Office of: | Cuyahoga |

together with the Promissory Note secured thereby and referred to therein and any loan modification agreements, and all sums of money due and to become due thereon.
Property address:          15109 Merrimeade Drive, Cleveland, Ohio 44111
Legal description:         See attached Exhibit A

IN WITNESS WHEREOF     Chase Bank USA NA                   , has caused this
To be executed, for and on its behalf                                      Assignment
this                                              14       day of    May          20 10

In the presence of:                          Chase Bank USA NA
                                                           By:
(Sign)
     Meghan Maxey                          Its:      Whitney K. Cook
                                                                     Vice President
(Type or print name)                        (Title)

(Sign)
     Kaela Warn

(Type or print name)

Before me, a Notary Public, personally appeared, Chase Bank USA NA  by
Whitney K. Cook              its      Vice President           and acknowledged that he/she
did sign the foregoing instrument in the name and upon behalf of said Corporation (as such officer); that the same is his/her free act and deed (as authorized thereunto by its Board of Directors)(individually and in his/her/its representative capacity)

In testimony whereof, I have hereunto subscribed my name and affixed my official seal at
Columbus          Ohio          this      14      day of    May    20 10
(City)               (State)

PREPARED BY:
Reimer, Arnovitz, Chernek & Jeffrey Co., L.P.A.
By: James P. Lucas, Esq.

LATRESA D. PAYNE
NOTARY PUBLIC
STATE OF OHIO
Recorded in
Franklin County
My Comm. Exp. 8/18/12

## LEGAL DESCRIPTION

Situated in the City of Cleveland, County of Cuyahoga and State of Ohio, and known as being Sublot No. 10 in A.E. Mead's Subdivision of part of Original Rockport Township Section No. 12 as shown by the recorded plat in Volume 110 of Maps, Page 8 of Cuyahoga County Records and being 45 feet front on the southerly side of Merimeade Drive N.W. and extending back 133.50 feet on the easterly line, 148.54 feet on the westerly line, and having a rear line of 56 feet, as appears by said plat, be the same more or less, but subject to all legal highways.

Description: Cuyahoga,OH Document-Year.Date.DocID 2010.520.218 Page: 2 of 2
Order: 3 Comment:

EXHIBIT D

**Form 668 (Y)(c)**
(Rev. February 2004)

Department of the Treasury - Internal Revenue Service

# Notice of Federal Tax Lien

| Area: SMALL BUSINESS/SELF EMPLOYED AREA #6 Lien Unit Phone: (513) 263-3121 | Serial Number | For Optional Use by Recording Office |
|---|---|---|

As provided by section 6321, 6322, and 6323 of the Internal Revenue Code, we are giving a notice that taxes (including interest and penalties) have been assessed against the following-named taxpayer. We have made a demand for payment of this liability, but it remains unpaid. Therefore, there is a lien in favor of the United States on all property and rights to property belonging to this taxpayer for the amount of these taxes, and additional penalties, interest, and costs that may accrue.

CUYAHOGA COUNTY RECORDER
PATRICK J. OMALLEY
FL 12/03/2004 11:16:02 AM
**200412039013**

**Name of Taxpayer** CHRISTINE FORGUES, AKA CHRISTINE ANDRES, AKA CHRISTINE DOUBRAVA

**Residence** 15109 MERIMEADE DRIVE
CLEVELAND, OH 44111-3046

**IMPORTANT RELEASE INFORMATION:** For each assessment listed below, unless notice of the lien is refiled by the date given in column (e), this notice shall, on the day following such date, operate as a certificate of release as defined in IRC 6325(a).

| Kind of Tax (a) | Tax Period Ending (b) | Identifying Number (c) | Date of Assessment (d) | Last Day for Refiling (e) | Unpaid Balance of Assessment (f) |
|---|---|---|---|---|---|
| 1040 | 12/31/1997 | | 12/11/2000 | 01/10/2011 | 2490.33 |
| 1040 | 12/31/1998 | | 08/09/2004 | 09/08/2014 | 83852.88 |
| 1040 | 12/31/2000 | | 08/25/2003 | 09/24/2013 | 57688.87 |

CUYAHOGA COUNTY RECORDER
200412039013 PAGE 1 of 1

| Place of Filing | Recorder of Cuyahoga County Cuyahoga County Cleveland, OH 44113 | Total $ | 144032.08 |
|---|---|---|---|

This notice was prepared and signed at ___DETROIT, MI___, on this,

the ___10th___ day of ___November___, ___2004___.

| Signature *CSherwood* for K. L. BLASIMAN | Title REVENUE OFFICER (216) 328-2919 | 26-11-3284 |
|---|---|---|

(NOTE: Certificate of officer authorized by law to take acknowledgment is not essential to the validity of Notice of Federal Tax lien Rev. Rul. 71-466, 1971 - 2 C.B. 409)

*Description: Cuyahoga, OH Document-Year.Date.DocID 2004.1203.9013 Page: 1 of 1*
*Order: 45087 Comment:*

Form 668(Y)(c) (Rev. 2-2004)
CAT. NO 60025X



EXHIBIT A

# CUYAHOGA COUNTY COURT OF COMMON PLEAS

CUBS NUMBER:

PRECIPE

EXHIBIT _____

DATE:   10/04/2006

JUDGMENT FILED: 10/19/2006

COURT OF COMMON PLEAS OF CUYAHOGA COUNTY

GERALD E. FUERST, CLERK OF COURTS
CUYAHOGA COUNTY, OHIO

STATE OF OHIO

GERALD E. FUERST
JUSTICE CENTER
1200 ONTARIO ST
CLEVELAND, OH 44113-0000

STATE OF OHIO

PLAINTIFF

VS.

TAX TYPE:   PERSONAL INCOME TAX

CHRISTINE FORGUES
15109 MERRIMEADE DR
CLEVELAND, OH 44111-0000

ACCOUNT NO:

DEFENDANT

SERIAL NO:

THE AFFOREMENTIONED ASSESSMENT HAS BECOME FINAL BY OPERATION OF LAW
FOR THE PURPOSES OF HAVING A JUDGMENT LIEN RECORDED THEREON.

TO THE CLERK OF COMMON PLEAS COURT:

ENTER JUDGMENT AND RECORD
CERTIFICATE OF JUDGMENT.
RETAIN ONE COPY AND RETURN
ONE COPY TO THE OFFICE OF THE
ATTORNEY GENERAL (ADDRESS BELOW)

JUDGMENT RECORDED ON:

DATE:       10/19/2006                              10/19/2006

CASE NO.:   ST06135156                  AMOUNT      $8795.82

DOCKET:     269

PAGE:       ST06135156          CERTIFICATE OF JUDGMENT FILED    JL06276051
                                WITH INTEREST AT  .10% PER ANNUM FROM DATE OF JUDGMENT
                                CLERK'S FEES            40.00
                                COMPUTER FEES           10.00

I HEREBY CERTIFY THE FORGOING TO BE A
TRUE AND CORRECT COPY OF THE ACTION OF
THE TAX COMMISSIONER TAKEN THIS DAY
WITH RESPECT TO THE ABOVE MATTERS

WILLIAM W WILKINS
TAX COMMISSIONER

CMSRJ015

Description: Cuyahoga,OH Judgment Liens  276051 Page: 1 of 1
Order: 45450 Comment:

EXHIBIT _____

**Form 668 (Y)(c)**
(Rev. February 2004)

Department of the Treasury - Internal Revenue Service

## Notice of Federal Tax Lien

EXHIBIT ___

| Area:<br>SMALL BUSINESS/SELF EMPLOYED AREA #2<br>Lien Unit Phone: (800) 829-3903 | Serial Number | For Optional Use by Recording Office |
|---|---|---|

As provided by section 6321, 6322, and 6323 of the Internal Revenue Code, we are giving a notice that taxes (including interest and penalties) have been assessed against the following-named taxpayer. We have made a demand for payment of this liability, but it remains unpaid. Therefore, there is a lien in favor of the United States on all property and rights to property belonging to this taxpayer for the amount of these taxes, and additional penalties, interest, and costs that may accrue.

CUYAHOGA COUNTY
OFFICE OF FISCAL OFFICER - 1
FL 4/14/2011 9:35:18 AM
**201104149003**

Name of Taxpayer CHRISTINE FORGUES

Residence
15109 MERRIMEADE DR
CLEVELAND, OH 44111-3046

**IMPORTANT RELEASE INFORMATION:** For each assessment listed below, unless notice of the lien is refiled by the date given in column (e), this notice shall, on the day following such date, operate as a certificate of release as defined in IRC 6325(a).

| Kind of Tax<br>(a) | Tax Period<br>Ending<br>(b) | Identifying Number<br>(c) | Date of<br>Assessment<br>(d) | Last Day for<br>Refiling<br>(e) | Unpaid Balance<br>of Assessment<br>(f) |
|---|---|---|---|---|---|
| 1040 | 12/31/2005 | ████████ | 06/30/2008 | 07/30/2018 | 28767.20 |

| Place of Filing | | |
|---|---|---|
| COUNTY FISCAL OFFICER<br>Cuyahoga County<br>Cleveland, OH 44113 | Total | $    28767.20 |

This notice was prepared and signed at _____ DETROIT, MI _____ , on this,

the ___30th___ day of ___March___, ___2011___.

| Signature<br>for MICHAEL W. COX | *signature* | Title<br>ACS SBSE<br>(800) 829-3903 | 22-00-0008 |
|---|---|---|---|

(**NOTE:** Certificate of officer authorized by law to take acknowledgment is not essential to the validity of Notice of Federal Tax lien Rev. Rul. 71-466, 1971 - 2 C.B. 409)

Part 1 - Kept By Recording Office

Form 668(Y)(c) (Rev. 2-2004)
CAT. NO 60025X

Description: Cuyahoga,OH Document-Year.Date.DocID 2011.414.9003 Page: 1 of 1
Order: 6958 Comment:

EXHIBIT

**SURVIVORSHIP DEED**

CUYAHOGA COUNTY RECORDER
200106200974 PAGE 1 of 1

EXHIBIT ___6___

Christine J. A. Andres Doubrava, aka Christine J. Andres, nka Christine J. Forgues, Grantor, married to William E. Forgues, for valuable consideration paid, grants with general warranty covenants to Christine J. Forgues and William E. Forgues, wife and husband, Grantees, for their joint lives, remainder to the survivor of them, whose tax mailing addresses are: 15109 Merimcade Drive Northwest Cleveland, Ohio 44111,

the following described **REAL PROPERTY:**

Situated in the City of Cleveland, County of Cuyahoga and State of Ohio subdivision as being Sublot No. 10 in A. E. Mead's Subdivision of part of original Rockport Township County Records, and being 45 feet front on the Southerly side of Merimcade Drive, N. W., having a rear line of 56 feet, as appears by said plat, be the same more or less, but subject to all legal highways. PPN: 025-24-054

Prior Instrument Reference: 94-5687/54 & 91-0828/14
Parcel Number:            025-24-054
Property Address:         15109 Merimcade Drive Northwest,
                          Cleveland, OH 44111

**IN WITNESS WHEREOF**, the said Grantor, Christine J. A. Andres Doubrava, aka Christine J. Andres, nka Christine J. Forgues, has hereunto set her hand this _15_ day of _June_ , 2001.

Signed and acknowledged in the presence of:

Witnesses:

Printed name: _Guy Dickey_

Printed name: _Jan J. Karl Jr._

_Christine J. A. Andres Doubrava, aka_
_Christine J. Andres, nka Christine J. Forgues_
Christine J. A. Andres Doubrava, aka
Christine J. Andres, nka Christine J. Forgues

CUYAHOGA COUNTY RECORDER
PATRICK J. OMALLEY
DEED 06/29/2001 03:47:02 PM
**200106200974**

**STATE OF OHIO,**
**COUNTY OF** _Cuyahoga_          SS:

Be it remembered, that on this _15_ day of _June_ , 2001, before me, the subscriber, personally came the above named Christine J. A. Doubrava, aka Christine J. Andres, nka Christine J. Forgues, married to William E. Forgues, the Grantor in the foregoing deed, and acknowledged the signing of the same to be her voluntary act and deed.

In testimony whereof, I have hereunto subscribed my name and affixed my seal on the day and year last aforesaid.

_Guy J. Dickey_
Notary Public

This Instrument prepared by:
Julia A. Cain, Attorney at Law
34 South Main Street
Rittman, Ohio 44270
(330) 927-3120
File No. ▓▓▓▓▓▓

**GUY J. DICKEY**
Notary Public State of Ohio
Recorded in Cuyahoga County
Expires Dec. 12, 2001

PARCEL NO. _025-24-054_
CONVEYANCE IS IN COMPLIANCE WITH SEC. 319.202 O.R.C.
PAID

JUN 2 0 2001

Conveyance Fee ___0___  Receipt No. _14347F_

_Frank Russo_
CUYAHOGA COUNTY AUDITOR

ROBERT KLAIBER P.E., P.S.
Legal Description complies with
Cuyahoga County Conveyance
Standards and is approved for
transfer.

JUN 2 0 2001

_Description: Cuyahoga,OH Document-Year.Date.DocID 2001.620.974 Page: 1 of 1_
_Order: 45087 Comment:_

# PRELIMINARY JUDICIAL REPORT
## *Issued by First American Title Insurance Company*

FILED

**Preliminary Judicial No.:** 5007339-84850

2012 MAR 29 P 2: 02

GERALD E. FUERST
CLERK OF COURTS
CUYAHOGA COUNTY

Deutsche Bank National Trust Company, as Trustee for J.P.
Morgan Mortgage Acquisition Trust 2007-CH5, Asset Backed
Pass-Through Certificates, Series 2007-CH5

**Tracking No. 0**
**ORDER NO. P10-2654-C / F12-00223**
**01/20/2012 / atp**

Pursuant to your request for a Preliminary Judicial Report (hereinafter "the Report") for use in judicial proceedings,

**FIRST AMERICAN TITLE INSURANCE COMPANY** (hereinafter "the Company") hereby guarantees in an

amount not to exceed **$142,144.25** that it has examined the public records in **Cuyahoga** County, Ohio as to the land

described in Schedule A, that the record title to the land is at the date hereof vested in

**Christine J. Forgues aka Christine J. A. Andres Doubrava aka Christine J. Andres and William E.
Forgues, for their joint lives remainder to the survivor of them**

by instrument recorded in **Volume 91-0828, Page 14 on February 19, 1991; Volume 94-05687, Page 53 on**

**June 10, 1994 and in AFN 200106200974 on June 20, 2001** of Cuyahoga County Records and free from

all encumbrances, liens or defects of record, except as shown in Schedule B.

This is a guarantee of the record title only and is made for the use and benefit of the Guaranteed Party and the
purchaser at judicial sale thereunder and is subject to the Exclusions from Coverage, the Exceptions contained in
Schedule B and the Conditions and Stipulations contained herein.

This Report shall not be valid or binding until it has been signed by either an authorized agent or representative of
the Company and Schedules A and B have been attached hereto.

Effective Date:       January 18, 2012 @ 7:00 a.m.
Issued By:   *First American Title Insurance Company*

Judge:  DICK AMBROSE

Signed

CV 12 779307



By          Michael F. Lorber, Esq.                    Agent
Nova Title Agency, Inc.
2450 Edison Blvd.
Twinsburg, OH 44087
(330) 405-3771

CV12779307                          73160664

1                                                PJR - 04/15/2010

Requested by:  Reimer, Arnovitz, Chernek & Jeffrey Co., L.P.A.

# FIRST AMERICAN TITLE INSURANCE COMPANY

ORDER NO. P10-2654-C / F12-00223

## PRELIMINARY JUDICIAL REPORT
### SCHEDULE A

## DESCRIPTION OF LAND

Situated in the City of Cleveland, County of Cuyahoga and State of Ohio, and known as being Sublot No. 10 in A.E. Mead's Subdivision of part of Original Rockport Township Section No. 12 as shown by the recorded plat in Volume 110 of Maps, Page 8 of Cuyahoga County Records and being 45 feet front on the southerly side of Merimeade Drive N.W. and extending back 133.50 feet on the easterly line, 148.54 feet on the westerly line, and having a rear line of 56 feet, as appears by said plat, be the same more or less, but subject to all legal highways.

2

# FIRST AMERICAN TITLE INSURANCE COMPANY

**ORDER NO. P10-2654-C / F12-00223**

## SCHEDULE B

The matters shown below are exceptions to this Preliminary Judicial Report and the Company assumes no liability arising therefrom.

1.   **NOTE:  There is a typographical error in the vesting deed legal description recorded in Instrument No. 200106200974.  Reference to the plat volume and page are missing.  The legal description in Schedule A is correct.**

2.   **United States of America**
      vs.
      **Christine Forgues aka Christine Andres aka Christine Doubrava**
      15109 Merimeade Drive
      Cleveland, OH 44111

      **Federal Tax Lien** in the amount of $144,032.08, dated November 10, 2004 and filed December 3, 2004, in AFN 200412039013 of Cuyahoga County Records.  **(SEE ATTACHED EXHIBIT "A")**

3.   Judgment Lien in favor of State of Ohio, Department of Taxation against Christine Forgues (15109 Merimeade Drive, Cleveland, OH 44111) in the amount of $8,795.82 as originated in the Cuyahoga County Common Pleas Court, filed October 19, 2006 in Judgment Docket JL-06-276051 Cuyahoga County Records.  **(SEE ATTACHED EXHIBIT "B")**

4.   Mortgage from **Christine J. Forgues and William E. Forgues, wife and husband** to **Chase Bank USA, NA** in the amount of $144,400.00, dated March 23, 2007 and filed April 20, 2007 in AFN 200704200027 of Cuyahoga County Records.

      **NOTE:  There is a typographical error in the mortgage legal description.  Reference to the plat volume and page are missing.  The legal description in Schedule A is correct.**

      Mortgage assigned to **Deutsche Bank National Trust Company, as Trustee for J.P. Morgan Mortgage Acquisition Trust 2007-CH5, Asset Backed Pass-Through Certificates, Series 2007-CH5, (by Chase Bank USA, NA),** by separate instrument dated May 14, 2010 and filed May 20, 2010 in AFN 201005200218 of Cuyahoga County Records.

5.   Action for Money, Foreclosure and Relief:

      The following entries appear in the Cuyahoga County Common Pleas Court for Case No. CV-11-748992.

      **Deutsche Bank National Trust Company, as Trustee for J.P. Morgan Mortgage Acquisition Trust 2007-CH5, Asset Backed Pass-Through Certificates, Series 2007-CH5**
      800 Brooksedge Blvd.
      Westerville, OH 43081
      vs.
      **Christine J. Forgues aka Christine J.A. Andres Doubrava aka Christine J. Andres and William E. Forgues, et al.**
      401 Camino Real
      Englewood, FL 34224

      February 18, 2011 Foreclosure Case filed.  **(SEE ATTACHED EXHIBIT "C")**

3                                                                                                 PJR - 04/15/2010

ORDER NO. P10-2654-C / F12-00223

## SCHEDULE B
### (Continued)

6.      **United States of America**
        vs.
        **Christine Forgues**
        15109 Merimeade Drive
        Cleveland, OH 44111

        **Federal Tax Lien** in the amount of $28,767.20, dated March 30, 2011 and filed April 14, 2011, in AFN 201104149003 of Cuyahoga County Records.   **(SEE ATTACHED EXHIBIT "D")**

7.      The following appears on the Current General Tax Duplicate of the Cuyahoga County Treasurer for Parcel No. 025-24-054.

        (a)     Taxes for the First Half of 2011 in the amount of $1,393.47 are a lien due and payable.
        (b)     Taxes for the Last Half of 2011 in the amount of $1,393.47 are a lien, but not yet due and payable.
        (c)     The taxes for the year 2012 are undetermined and a lien, but not yet due and payable.
        (d)     No Special Assessments appear on the current Tax Duplicate.

| VALUATION: | LAND | BUILDING | TOTAL |
|---|---|---|---|
| | 9070 | 37280 | 46350 |

        **Property Address is known as:   15109 Merimeade Drive, Cleveland, OH (as per Cuyahoga County Tax Auditor)**

4

PJR - 04/15/2010

# CONDITIONS AND STIPULATIONS
## OF THIS PRELIMINARY JUDICIAL REPORT

1.  Definition of Terms

    "Guaranteed Party":  The party or parties named herein or the purchaser at judicial sale.

    "Guaranteed Claimant":  Guaranteed Party claiming loss or damage hereunder.

    "Land":  The land described specifically or by reference in Schedule A, and improvements affixed thereto, which by law constitute real property; provided however the term "land" does not include any property beyond the lines of the area specifically described or referred to in Schedule A, nor any right, title, interest, estate, or easement in abutting streets, roads, avenues, lanes, ways or waterways.

    "Public Records":  Those records under state statute and, if a United States District Court resides in the county in which the Land is situated, the records of the clerk of the United States District Court, which impart constructive notice of matters relating to real property to purchasers for value without knowledge and which are required to be maintained in certain public offices in the county in which the land is situated.

2.  Determination of Liability

    This Report together with any Final Judicial Report or any Supplement or Endorsement thereof, issued by the Company is the entire contract between the Guaranteed Party and the Company.

    Any claim of monetary loss or damage, whether or not based on negligence, and which arises out of the status of the title to the estate or interest guaranteed hereby or any action asserting such claim, shall be restricted to this Report.

3.  Liability of Company

    This Report is a guarantee of the record title of the Land only, as disclosed by an examination of the Public Records herein defined.

4.  Notice of Claim to be given by Guaranteed Claimant

    In case knowledge shall come to the Guaranteed Party of any lien, encumbrance, defect, or other claim of title guaranteed against and not excepted in this Report, whether in a legal proceeding or otherwise, the Guaranteed Party shall notify the Company within a reasonable time in writing and secure to the Company the right to oppose such proceeding or claim, or to remove said lien, encumbrance or defect at is own cost.  Any action for the payment of any loss under this Report must be commenced within one year after the Guaranteed Party receives actual notice that they may be required to pay money or other compensation for a matter covered by this Report or actual notice someone claims an interest in the Land covered by this Report.

PJR - 04/15/2010

5. Extent of Liability

The liability of the Company shall in no case exceed in all the amount stated herein and shall in all cases be limited to the actual loss, including but not limited to attorneys fees and costs of defense, only of the Guaranteed Party. Any and all payments under this Report shall reduce the amount of this Report *pro tanto* and the Company's liability shall terminate when the total amount of the Report has been paid.

6. Options to Pay or Otherwise Settle Claims; Termination of Liability

The Company in its sole discretion shall have the following options:

a.) To pay or tender to the Guaranteed Claimant the amount of the Report or the balance remaining thereof, less any attorneys fees, costs or expenses paid by the Company to the date of tender. If this option is exercised, all liability of the Company under this Report terminates including but not limited to any liability for attorneys fees, or any costs of defense or prosecution of any litigation.

b.) To pay or otherwise settle with other parties for or in the name of the Guaranteed Claimant any claims guaranteed by this Report.

c.) To continue, re-open or initiate any judicial proceeding in order to adjudicate any claim covered by this Report. The Company shall have the right to select counsel of its choice (subject to the right of the Guaranteed Claimant to object for reasonable cause) to represent the Guaranteed Claimant and will not pay the fees of any other counsel.

d.) To pay or tender to the Guaranteed Claimant the difference between the value of the estate or interest as guaranteed and the value of the estate or interest subject to the defect, lien or encumbrance guaranteed against by this Report.

7. Notices

All notices required to be given to the Company shall be given promptly and any statements in writing required to be furnished to the Company shall be addressed to **FIRST AMERICAN TITLE INSURANCE COMPANY.**

# EXCLUSIONS FROM COVERAGE

1. The Company assumes no liability under this Report for any loss, cost or damage resulting from any physical condition of the Land.

2. The Company assumes no liability under this Report for any loss, cost or damage resulting from any typographical, clerical or other errors in the Public Records.

3. The Company assumes no liability under the Report for matters affecting title subsequent to the date of this Report or the Final Judicial Report or any supplement thereto.

4. The Company assumes no liability under this Report for the proper form or execution of any pleadings or other documents to be filed in any judicial proceedings.

5. The Company assumes no liability under this Report for any loss, cost, or damage resulting from the failure to complete service on any parties shown in Schedule B of the Preliminary Judicial Report and the Final Judicial Report or any Supplemental Report issued thereto.

PJR - 04/15/2010

15109 Merrimeade Drive
Cleveland, OH

# PJR EXTENDED COVERAGE ENDORSEMENT

## Issued by

### *First American Title Insurance Company*

Attached to and made a part of Preliminary Judicial Report No.: **5007339-84850**

File No. **P10-2654-C / F12-00223 / atp**

The above-referenced Preliminary Judicial Report is amended as follows:

1. <u>Definition of Terms</u> is amended as follows:

   "Guaranteed Party": All parties to the proceedings and the purchaser at judicial sale.

5. <u>Extent of Liability</u> is amended to read as follows:

The liability of the Company to any Guaranteed Claimant or Guaranteed Party shall in no case exceed in the aggregate the amount stated herein; however, expenditures for litigation costs and attorney's fees incurred in contesting a claim or reopening, continuing or initiating a judicial proceeding, shall not reduce the amount recoverable herein.

6. <u>Options to Pay or Otherwise Settle Claims; Termination of Liability</u>, subparagraphs (a) and (d) are amended to read as follows:

   a. To pay or tender to the Guaranteed Claimant the amount guaranteed under the Report or the balance remaining thereof. If this option is exercised, all liability of the Company under this Report terminates.

   d. To pay or tender to the Guaranteed Claimant the difference between the value of the estate or interest as guaranteed and the value of the estate or interest subject to the non-monetary encumbrance guaranteed against by this Report.

This endorsement is made a part of the Preliminary Judicial Report referred to above, and except as modified herein, is subject to the terms and provisions hereof.

Dated: January 18, 2012 @ 7:00 a.m.
Countersigned:

*Michael Lorber*

_____
Authorized Signatory
Michael F. Lorber, Esq., Agent

ISSUED BY:
Nova Title Agency, Inc.
2450 Edison Blvd.
Twinsburg, OH 44087
(330) 405-3771

---

Prepared for: Deutsche Bank National Trust Company, as Trustee for J.P. Morgan Mortgage Acquisition Trust 2007-CH5, Asset Backed Pass-Through Certificates, Series 2007-CH5, as Requested by: Reimer, Arnovitz, Chernek & Jeffrey Co., L.P.A.

PJR Extended Coverage Endorsement (04/15/2010) Page 1 of 1

## SURVIVORSHIP DEED

CUYAHOGA COUNTY RECORDER
200106200974  PAGE 1 of 1

**Christine J. A. Andres Doubrava, aka Christine J. Andres, nka Christine J. Forgues,** Grantor, married to William E. Forgues, for valuable consideration paid, grants with general warranty covenants to Christine J. Forgues and William E. Forgues, wife and husband, Grantees, for their joint lives, remainder to the survivor of them, whose tax mailing addresses are: 15109 Merimeade Drive Northwest Cleveland, Ohio 44111,

the following described **REAL PROPERTY:**

Situated in the City of Cleveland, County of Cuyahoga and State of Ohio subdivision as being Sublot No. 10 in A. E. Mead's Subdivision of part of original Rockport Township County Records, and being 45 feet front on the Southerly side of Merimeade Drive, N. W., having a rear line of 56 feet, as appears by said plat, be the same more or less, but subject to all legal highways. PPN: 025-24-054

| | |
|---|---|
| Prior Instrument Reference: | 94-5687/54 & 91-0828/14 |
| Parcel Number: | 025-24-054 |
| Property Address: | 15109 Merimeade Drive Northwest, |
| | Cleveland, OH 44111 |

**IN WITNESS WHEREOF,** the said Grantor, Christine J. A. Andres Doubrava, aka **Christine J. Andres, nka Christine J. Forgues,** has hereunto set her hand this _15_ day of _June_ , 2001.

Signed and acknowledged in the presence of:

Witnesses:

_Guy Dickey_

Printed name: _Guy Dickey_

Printed name: _Jan J. Koss Jr._

*Christine J. A. Andres Doubrava, aka*
Christine J. A. Andres Doubrava, aka
Christine J. Andres, nka Christine J. Forgues

CUYAHOGA COUNTY RECORDER
PATRICK J. OMALLEY
DEED 06/20/2001 03:47:02 PM
**200106200974**

**STATE OF OHIO,**
**COUNTY OF** _Cuyahoga_                    SS:

Be it remembered, that on this _15_ day of _June_ , 2001, before me, the subscriber, personally came the above named Christine J. A. Doubrava, aka Christine J. Andres, nka Christine J. Forgues, married to William E. Forgues, the Grantor in the foregoing deed, and acknowledged the signing of the same to be her voluntary act and deed.

In  testimony whereof, I have hereunto subscribed my name and affixed my seal on the day and year last aforesaid.

_Guy J. Dickey_
Notary Public

**GUY J. DICKEY**
Notary Public State of Ohio
Recorded in Cuyahoga County
Expires Dec. 12, 2001

This Instrument prepared by:
Julia A. Cain, Attorney at Law
34 South Main Street
Rittman, Ohio  44270
(330) 927-3120
File No.

_Frank Russo_
CUYAHOGA COUNTY AUDITOR

**ROBERT KLAIBER P.E., P.S.**
Legal Description complies with
Cuyahoga County Conveyance
Standards and is approved for
transfer.

PARCEL NO. 025-24-054
CONVEYANCE IS IN COMPLIANCE WITH SEC. 319.202 O.R.C.
PAID

JUN 2 0 2001

Conveyance Fee _0_  Receipt No. _14347F_

JUN 2 0 2001

VOL. 94-05687  PAGE  53

Doc
14

805107                    QUIT CLAIM DEED

94 JUN 10

MATTHEW S. DOUBRAVA, unmarried, ("Grantor"), of Cuyahoga County, Ohio, for valuable consideration paid, grant to CHRISTINE J. DOUBRAVA, whose tax mailing address is 15109 Marimonde Drive, N.W., Cleveland, Ohio, the real property described in Exhibit A attached hereto and incorporated herein by reference.

Prior Instrument Reference:  Vol. 91-0828 page 14, Cuyahoga County, Ohio Deed Records.

IN WITNESS WHEREOF, the Grantor has executed this instrument this 5th day of May, 1994.

WITNESSES:

_signatures_                    _Matthew S Doubrava_

STATE OF OHIO, COUNTY OF CUYAHOGA, SS:

The foregoing instrument was acknowledged before me this 5th day of May, 1994, by Matthew S. Doubrava.

_signature_
Notary Public

LAUREN K. GARDNER, Attorney
Notary Public, State of Ohio
My Commission Has No Expiration Date
Section 147.03 O.R.C.

This instrument prepared by
Lauren A. Gardner
Attorney at Law

EXHIBIT "A"  VOL. 94-05687 PAGE 54

Situated in the City of Cleveland, County of Cuyahoga and State of Ohio and known as being Sublot No. 10 in A.E. Meaft's Subdivision of part of Original Rockport Township Section No. 12, as shown by the recorded plat in Volume 110 of Maps, Page 8 of Cuyahoga County Records, and being 45 feet front on the Southerly Side of Merkmonde Drive, N.W., and extending back 133.50 feet on the Easterly line, 148.54 feet on the Westerly line, and having a rear line of 56 feet, as appears by said plat, be the same more or less, but subject to all legal highways.

P.P.N. No. 25-24-5

PARCEL NO.
CONVEYANCE IS IN COMPLIANCE WITH SEC. 319.202 O.R.C.
PAID

JUN 10 1994

Conveyance Fee  - 0 -    Parcel No.  11430 c

A. *illegible* W. MCCORMICK, Cuyahoga County Auditor By *illegible* Deputy

*signature* McCORMICK
CUYAHOGA COUNTY AUDITOR

THOMAS J. NEFF, P.E., P.S.
COUNTY ENGINEER TAX MAP DIVISION
LEGAL DESCRIPTION APPROVED FOR TRANSFER

*Description: Cuyahoga,OH Document - Year.Book.Page 1994.5687.53 Page: 2 of 2*
*Order: 45087 Comment:*

WARRANTY DEED INDX — (Joint & Survivor Form)

The Ohio Legal Blank Co Cleveland
Publishers and Dealers Since 1827

0322128

# Know all Men by these Presents

VOL. 91-0828 PAGE 14

That We, William Marconi and Cynthia A. Marconi aka Cynthia Ann Marconi, Husband and Wife

, the Grantor s,

who claim title by or through instrument, recorded in Volume , Page , County Recorder's Office, for the divers good causes and considerations thereunto moving, and especially for

the sum of Ten Dollars and 00/100——————————— Dollars ($ 10.00 . )

received to their full satisfaction of

Christina J. Andres, unmarried and Matthew S. Doubrava, unmarried (the Grantees,

whose TAX MAILING ADDRESS will be 15109 Marimeade Drive, N.W., Cleveland, Ohio

do as

Give, Grant, Bargain, Sell and Convey unto the said Grantees, and to the survivor of them, his or her heirs and assigns, the following described premises, situated in the City of Cleveland , County of Cuyahoga and State of Ohio:

and known as being Sublot No. 10 in A.E. Meade's Subdivision of part of Original Rockport Township Section No. 12, as shown by the recorded plat in Volume 110 of Maps, Page 8 of Cuyahoga County Records, and being 45 feet front on the Southerly side of Marimeade Drive, N.W., and extending back 133.50 feet on the Easterly line, 140.54 feet on the Westerly line, and having a rear line of 56 feet, as appears by said plat, be the same more or less, but subject to all legal highways.

P.P. NO. 25-24-54

PARCEL NO.
CONVEYANCE IS IN COMPLIANCE WITH SEC 319.202 O.R.C.

PAID

FEB 19 1991

320.00 Serial No. 3333-A

Conveyance Fee

J TIMOTHY McCORMACK, County Auditor

By Deputy

RECORDED THIS DATE
FRANK A. GAUL
CUYAHOGA CTY. RECORDER
91 FEB 19 AM 9:51

J. Timothy McCormack

COUNTY AUDITOR

THOMAS J. NEFF, P.E., P.S.
COUNTY ENGINEER TAX MAP DIVISION
LEGAL DESCRIPTION APPROVED FOR TRANSFER

be the same more or less, but subject to all legal highways.

Description: Cuyahoga,OH Document - Year.Book.Page 1991.828.14 Page: 1 of 2
Order: 45087 Comment:

**To Have and to Hold** the above granted and bargained premises, with the appurtenances thereunto belonging, unto the said Grantees, and to the survivor of them, his or her separate heirs and assigns forever.

And the said Grantor s , for **themselves** and their heirs, executors and administrators, hereby covenant with the said Grantees, their heirs and assigns, that said Grantor s **are** the true and lawful owner s of said premises, and **are** well seized of the same in fee simple, and **have** good right and full power to bargain, sell and convey the same in the manner aforesaid, and that the same are free and clear from all encumbrances, **except restrictions, reservations, easements, covenants and conditions of record, zoning ordinances, if any, and taxes and assessments both general and special, not currently due and payable.**

and further, that said Grantor s will warrant and defend the same against all claims of all persons whatsoever, except as hereinbefore provided.

And for valuable consideration

release and forever quit-claim unto the said Grantees, their heirs and assigns, all right and expectancy of **Dower** in the above described premises.

**In Witness Whereof** We have hereunto set our hand s , the 15th day of February , in the year of our Lord one thousand nine hundred and ninety-one

Signed and acknowledged in presence of

_____          _William Marconi_
Witness                                              William Marconi

_Mary Dunn_                                 _Cynthia A. Marconi_
Witness                                              Cynthia A. Marconi

**State of Ohio** }
                            } ss.    Before me, a    Notary Public
Cuyahoga County,               in and for said County and State, personally appeared the above named
                    William Marconi and Cynthia A. Marconi
who acknowledged that they           did sign the foregoing instrument and that the same is their             free act and deed.

**In Testimony Whereof, I** have hereunto set my hand and official seal, at    Cleveland
this   15th   day of    February   , A. D. 19 91

This instrument prepared by
Anthony J. Asher,
Attorney at Law

_____
                                                12/19/93

William Marconi and
Cynthia A. Marconi

AND

Christina J. Andres
and
Matthew E. Dombrava

Transferred _____ 19

State of Ohio
County of _____ ss.
Received for Record on the _____ day of _____ 19
at _____ o'clock ____ M.
and Recorded ____ in
Book ____ Deed Book ____ Page

November Fee $ ____

GARDEN TITLE
FILE NO. LA-4753

CUYAHOGA COUNTY RECORDER
PATRICK J. OMALLEY — 16
MORT 04/20/2007 09:33:04 AM
**200704200027**

Recording requested by: LSI
When recorded return to :
Custom Recording Solutions
2550 N. Redhill Ave.
Santa Ana, CA. 92705
·800-756-3524 ext. 50.

———————— [Space Above This Line For Recording Data] ————————

# MORTGAGE

DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided in Section 16.

(A) "Security Instrument" means this document, which is dated **March 23, 2007**
together with all Riders to this document.
(B) "Borrower" is
CHRISTINE J FORGUES AND WILLIAM E FORGUES,
WIFE AND HUSBAND, FOR THE JOINT LIVES, REMAINDER TO THE SURVIVOR OF THEM·

Borrower is the mortgagor under this Security Instrument.
(C) "Lender" is CHASE BANK USA, N.A.

Lender is a nationally chartered bank
organized and existing under the laws of UNITED STATES OF AMERICA
Lender's address is 200 White Clay Center Drive, Newark, DE 19711

Lender is the mortgagee under this Security Instrument.
(D) "Note" means the promissory note signed by Borrower and dated **March 23, 2007**
The Note states that Borrower owes Lender
ONE HUNDRED FORTY FOUR THOUSAND FOUR HUNDRED & 00/100                Dollars
(U.S. $     144,400.00     ) plus interest. Borrower has promised to pay this debt in regular Periodic
Payments and to pay the debt in full not later than

OHIO -Single Family- Fannie Mae/Freddie Mac UNIFORM INSTRUMENT                Form 3036  1/01

-6(OH) (0409)
Page 1 of 15          Initials:
VMP Mortgage Solutions, Inc. (800)521-7291

Description: Cuyahoga,OH Document-Year.Date.DocID 2007.420.27 Page: 1 of 16
Order: 45087 Comment:

:272:      FORGUES                BL469223HH

(E) "Property" means the property that is described below under the heading "Transfer of Rights in the Property."

(F) "Loan" means the debt evidenced by the Note, plus interest, any prepayment charges and late charges due under the Note, and all sums due under this Security Instrument, plus interest.

(G) "Riders" means all Riders to this Security Instrument that are executed by Borrower. The following Riders are to be executed by Borrower [check box as applicable]:

| ☐ Adjustable Rate Rider | ☐ Condominium Rider | ☐ Second Home Rider |
| ☐ Balloon Rider | ☐ Planned Unit Development Rider | ☐ 1-4 Family Rider |
| ☐ VA Rider | ☐ Biweekly Payment Rider | ☐ Other(s) [specify] |

(H) "Applicable Law" means all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions.

(I) "Community Association Dues, Fees, and Assessments" means all dues, fees, assessments and other charges that are imposed on Borrower or the Property by a condominium association, homeowners association or similar organization.

(J) "Electronic Funds Transfer" means any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller machine transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse transfers.

(K) "Escrow Items" means those items that are described in Section 3.

(L) "Miscellaneous Proceeds" means any compensation, settlement, award of damages, or proceeds paid by any third party (other than insurance proceeds paid under the coverages described in Section 5) for: (i) damage to, or destruction of, the Property; (ii) condemnation or other taking of all or any part of the Property; (iii) conveyance in lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the value and/or condition of the Property.

(M) "Mortgage Insurance" means insurance protecting Lender against the nonpayment of, or default on, the Loan.

(N) "Periodic Payment" means the regularly scheduled amount due for (i) principal and interest under the Note, plus (ii) any amounts under Section 3 of this Security Instrument.

(O) "RESPA" means the Real Estate Settlement Procedures Act (12 U.S.C. Section 2601 et seq.) and its implementing regulation, Regulation X (24 C.F.R. Part 3500), as they might be amended from time to time, or any additional or successor legislation or regulation that governs the same subject matter. As used in this Security Instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard to a "federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage loan" under RESPA.

(P) "Successor In Interest of Borrower" means any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or this Security Instrument.

TRANSFER OF RIGHTS IN THE PROPERTY

This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower does hereby mortgage, grant and convey to Lender the following described property located in the County of Cuyahoga :

[Type of Recording Jurisdiction]          [Name of Recording Jurisdiction]

All that tract or parcel of land as shown on Schedule "A" attached hereto which is incorporated herein and made a part hereof.

Parcel ID Number: 025-24-054          which currently has the address of
15109 MERRIMEADE DR                     [Street]
CLEVELAND          [City], Ohio    44111    [Zip Code]
("Property Address"):

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to mortgage, grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

1. Payment of Principal, Interest, Escrow Items, Prepayment Charges, and Late Charges. Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and any prepayment charges and late charges due under the Note. Borrower shall also pay funds for Escrow Items pursuant to Section 3. Payments due under the Note and this Security Instrument shall be made in U.S. currency. However, if any check or other instrument received by Lender as payment under the Note or this

-6(OH) (0405)          Page 3 of 15      Initials: _____      Form 3036 1/01

Security Instrument is returned to Lender unpaid, Lender may require that any or all subsequent payments due under the Note and this Security Instrument be made in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality, or entity; or (d) Electronic Funds Transfer.

Payments are deemed received by Lender when received at the location designated in the Note or at such other location as may be designated by Lender in accordance with the notice provisions in Section 15. Lender may return any payment or partial payment if the payment or partial payments are insufficient to bring the Loan current. Lender may accept any payment or partial payment insufficient to bring the Loan current, without waiver of any rights hereunder or prejudice to its rights to refuse such payment or partial payments in the future, but Lender is not obligated to apply such payments at the time such payments are accepted. If each Periodic Payment is applied as of its scheduled due date, then Lender need not pay interest on unapplied funds. Lender may hold such unapplied funds until Borrower makes payment to bring the Loan current. If Borrower does not do so within a reasonable period of time, Lender shall either apply such funds or return them to Borrower. If not applied earlier, such funds will be applied to the outstanding principal balance under the Note immediately prior to foreclosure. No offset or claim which Borrower might have now or in the future against Lender shall relieve Borrower from making payments due under the Note and this Security Instrument or performing the covenants and agreements secured by this Security Instrument.

2. Application of Payments or Proceeds. Except as otherwise described in this Section 2, all payments accepted and applied by Lender shall be applied in the following order of priority: (a) interest due under the Note; (b) principal due under the Note; (c) amounts due under Section 3. Such payments shall be applied to each Periodic Payment in the order in which it became due. Any remaining amounts shall be applied first to late charges, second to any other amounts due under this Security Instrument, and then to reduce the principal balance of the Note.

If Lender receives a payment from Borrower for a delinquent Periodic Payment which includes a sufficient amount to pay any late charge due, the payment may be applied to the delinquent payment and the late charge. If more than one Periodic Payment is outstanding, Lender may apply any payment received from Borrower to the repayment of the Periodic Payments if, and to the extent that, each payment can be paid in full. To the extent that any excess exists after the payment is applied to the full payment of one or more Periodic Payments, such excess may be applied to any late charges due. Voluntary prepayments shall be applied first to any prepayment charges and then as described in the Note.

Any application of payments, insurance proceeds, or Miscellaneous Proceeds to principal due under the Note shall not extend or postpone the due date, or change the amount, of the Periodic Payments.

3. Funds for Escrow Items. Borrower shall pay to Lender on the day Periodic Payments are due under the Note, until the Note is paid in full, a sum (the "Funds") to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over this Security Instrument as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; (c) premiums for any and all insurance required by Lender under Section 5; and (d) Mortgage Insurance premiums, if any, or any sums payable by Borrower to Lender in lieu of the payment of Mortgage Insurance premiums in accordance with the provisions of Section 10. These items are called "Escrow Items." At origination or at any time during the term of the Loan, Lender may require that Community Association Dues, Fees, and Assessments, if any, be escrowed by Borrower, and such dues, fees and assessments shall be an Escrow Item. Borrower shall promptly furnish to Lender all notices of amounts to be paid under this Section. Borrower shall pay Lender the Funds for Escrow Items unless Lender waives Borrower's obligation to pay the Funds for any or all Escrow Items. Lender may waive Borrower's obligation to pay to Lender Funds for any or all

-6(OH) (0405)                    Page 4 of 15                    Initials:                    Form 3036  1/01

Description: Cuyahoga,OH Document-Year.Date.DocID 2007.420.27 Page: 4 of 16
Order: 45087 Comment:

Escrow Items at any time. Any such waiver may only be in writing. In the event of such waiver, Borrower shall pay directly, when and where payable, the amounts due for any Escrow Items for which payment of Funds has been waived by Lender and, if Lender requires, shall furnish to Lender receipts evidencing such payment within such time period as Lender may require. Borrower's obligation to make such payments and to provide receipts shall for all purposes be deemed to be a covenant and agreement contained in this Security Instrument, as the phrase "covenant and agreement" is used in Section 9. If Borrower is obligated to pay Escrow Items directly, pursuant to a waiver, and Borrower fails to pay the amount due for an Escrow Item, Lender may exercise its rights under Section 9 and pay such amount and Borrower shall then be obligated under Section 9 to repay to Lender any such amount. Lender may revoke the waiver as to any or all Escrow Items at any time by a notice given in accordance with Section 15 and, upon such revocation, Borrower shall pay to Lender all Funds, and in such amounts, that are then required under this Section 3.

Lender may, at any time, collect and hold Funds in an amount (a) sufficient to permit Lender to apply the Funds at the time specified under RESPA, and (b) not to exceed the maximum amount a lender can require under RESPA. Lender shall estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with Applicable Law.

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is an institution whose deposits are so insured) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items no later than the time specified under RESPA. Lender shall not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and Applicable Law permits Lender to make such a charge. Unless an agreement is made in writing or Applicable Law requires interest to be paid on the Funds, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Borrower and Lender can agree in writing, however, that interest shall be paid on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds as required by RESPA.

If there is a surplus of Funds held in escrow, as defined under RESPA, Lender shall account to Borrower for the excess funds in accordance with RESPA. If there is a shortage of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the shortage in accordance with RESPA, but in no more than 12 monthly payments. If there is a deficiency of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the deficiency in accordance with RESPA, but in no more than 12 monthly payments.

Upon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to Borrower any Funds held by Lender.

4. Charges; Liens. Borrower shall pay all taxes, assessments, charges, fines, and impositions attributable to the Property which can attain priority over this Security Instrument, leasehold payments or ground rents on the Property, if any, and Community Association Dues, Fees, and Assessments, if any. To the extent that these items are Escrow Items, Borrower shall pay them in the manner provided in Section 3.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender, but only so long as Borrower is performing such agreement; (b) contests the lien in good faith by, or defends against enforcement of the lien in, legal proceedings which in Lender's opinion operate to prevent the enforcement of the lien while those proceedings are pending, but only until such proceedings are concluded; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which can attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien.

Description: Cuyahoga,OH Document-Year.Date.DocID 2007.420.27 Page: 5 of 16
Order: 45087 Comment:

Within 10 days of the date on which that notice is given, Borrower shall satisfy the lien or take one or more of the actions set forth above in this Section 4.

Lender may require Borrower to pay a one-time charge for a real estate tax verification and/or reporting service used by Lender in connection with this Loan.

**5. Property Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and any other hazards including, but not limited to, earthquakes and floods, for which Lender requires insurance. This insurance shall be maintained in the amounts (including deductible levels) and for the periods that Lender requires. What Lender requires pursuant to the preceding sentences can change during the term of the Loan. The insurance carrier providing the insurance shall be chosen by Borrower subject to Lender's right to disapprove Borrower's choice, which right shall not be exercised unreasonably. Lender may require Borrower to pay, in connection with this Loan, either: (a) a one-time charge for flood zone determination, certification and tracking services; or (b) a one-time charge for flood zone determination and certification services and subsequent charges each time remappings or similar changes occur which reasonably might affect such determination or certification. Borrower shall also be responsible for the payment of any fees imposed by the Federal Emergency Management Agency in connection with the review of any flood zone determination resulting from an objection by Borrower.

If Borrower fails to maintain any of the coverages described above, Lender may obtain insurance coverage, at Lender's option and Borrower's expense. Lender is under no obligation to purchase any particular type or amount of coverage. Therefore, such coverage shall cover Lender, but might or might not protect Borrower, Borrower's equity in the Property, or the contents of the Property, against any risk, hazard or liability and might provide greater or lesser coverage than was previously in effect. Borrower acknowledges that the cost of the insurance coverage so obtained might significantly exceed the cost of insurance that Borrower could have obtained. Any amounts disbursed by Lender under this Section 5 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

All insurance policies required by Lender and renewals of such policies shall be subject to Lender's right to disapprove such policies, shall include a standard mortgage clause, and shall name Lender as mortgagee and/or as an additional loss payee. Lender shall have the right to hold the policies and renewal certificates. If Lender requires, Borrower shall promptly give to Lender all receipts of paid premiums and renewal notices. If Borrower obtains any form of insurance coverage, not otherwise required by Lender, for damage to, or destruction of, the Property, such policy shall include a standard mortgage clause and shall name Lender as mortgagee and/or as an additional loss payee.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower. Unless Lender and Borrower otherwise agree in writing, any insurance proceeds, whether or not the underlying insurance was required by Lender, shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such insurance proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such insurance proceeds, Lender shall not be required to pay Borrower any interest or earnings on such proceeds. Fees for public adjusters, or other third parties, retained by Borrower shall not be paid out of the insurance proceeds and shall be the sole obligation of Borrower. If the restoration or repair is not economically feasible or Lender's security would be lessened, the insurance proceeds shall be applied to

Description: Cuyahoga,OH Document-Year.Date.DocID 2007.420.27 Page: 6 of 16
Order: 45087 Comment:

the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower. Such insurance proceeds shall be applied in the order provided for in Section 2.

If Borrower abandons the Property, Lender may file, negotiate and settle any available insurance claim and related matters. If Borrower does not respond within 30 days to a notice from Lender that the insurance carrier has offered to settle a claim, then Lender may negotiate and settle the claim. The 30-day period will begin when the notice is given. In either event, or if Lender acquires the Property under Section 22 or otherwise, Borrower hereby assigns to Lender (a) Borrower's rights to any insurance proceeds in an amount not to exceed the amounts unpaid under the Note or this Security Instrument, and (b) any other of Borrower's rights (other than the right to any refund of unearned premiums paid by Borrower) under all insurance policies covering the Property, insofar as such rights are applicable to the coverage of the Property. Lender may use the insurance proceeds either to repair or restore the Property or to pay amounts unpaid under the Note or this Security Instrument, whether or not then due.

6. Occupancy. Borrower shall occupy, establish, and use the Property as Borrower's principal residence within 60 days after the execution of this Security Instrument and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender otherwise agrees in writing, which consent shall not be unreasonably withheld, or unless extenuating circumstances exist which are beyond Borrower's control.

7. Preservation, Maintenance and Protection of the Property; Inspections. Borrower shall not destroy, damage or impair the Property, allow the Property to deteriorate or commit waste on the Property. Whether or not Borrower is residing in the Property, Borrower shall maintain the Property in order to prevent the Property from deteriorating or decreasing in value due to its condition. Unless it is determined pursuant to Section 5 that repair or restoration is not economically feasible, Borrower shall promptly repair the Property if damaged to avoid further deterioration or damage. If insurance or condemnation proceeds are paid in connection with damage to, or the taking of, the Property, Borrower shall be responsible for repairing or restoring the Property only if Lender has released proceeds for such purposes. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. If the insurance or condemnation proceeds are not sufficient to repair or restore the Property, Borrower is not relieved of Borrower's obligation for the completion of such repair or restoration.

Lender or its agent may make reasonable entries upon and inspections of the Property. If it has reasonable cause, Lender may inspect the interior of the improvements on the Property. Lender shall give Borrower notice at the time of or prior to such an interior inspection specifying such reasonable cause.

8. Borrower's Loan Application. Borrower shall be in default if, during the Loan application process, Borrower or any persons or entities acting at the direction of Borrower or with Borrower's knowledge or consent gave materially false, misleading, or inaccurate information or statements to Lender (or failed to provide Lender with material information) in connection with the Loan. Material representations include, but are not limited to, representations concerning Borrower's occupancy of the Property as Borrower's principal residence.

9. Protection of Lender's Interest in the Property and Rights Under this Security Instrument. If (a) Borrower fails to perform the covenants and agreements contained in this Security Instrument, (b) there is a legal proceeding that might significantly affect Lender's interest in the Property and/or rights under this Security Instrument (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture, for enforcement of a lien which may attain priority over this Security Instrument or to enforce laws or regulations), or (c) Borrower has abandoned the Property, then Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under this Security Instrument, including protecting and/or assessing the value of the Property, and securing and/or repairing the Property. Lender's actions can include, but are not limited to: (a) paying any sums secured by a lien which has priority over this Security Instrument; (b) appearing in court; and (c) paying reasonable attorneys' fees to

-6(OH) (0405)

Page 7 of 15

Initials:

Form 3036 1/01

protect its interest in the Property and/or rights under this Security Instrument, including its secured position in a bankruptcy proceeding. Securing the Property includes, but is not limited to, entering the Property to make repairs, change locks, replace or board up doors and windows, drain water from pipes, eliminate building or other code violations or dangerous conditions, and have utilities turned on or off. Although Lender may take action under this Section 9, Lender does not have to do so and is not under any duty or obligation to do so. It is agreed that Lender incurs no liability for not taking any or all actions authorized under this Section 9.

Any amounts disbursed by Lender under this Section 9 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

If this Security Instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and the fee title shall not merge unless Lender agrees to the merger in writing.

10. **Mortgage Insurance.** If Lender required Mortgage Insurance as a condition of making the Loan, Borrower shall pay the premiums required to maintain the Mortgage Insurance in effect. If, for any reason, the Mortgage Insurance coverage required by Lender ceases to be available from the mortgage insurer that previously provided such insurance and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower shall pay the premiums required to obtain coverage substantially equivalent to the Mortgage Insurance previously in effect, at a cost substantially equivalent to the cost to Borrower of the Mortgage Insurance previously in effect, from an alternate mortgage insurer selected by Lender. If substantially equivalent Mortgage Insurance coverage is not available, Borrower shall continue to pay to Lender the amount of the separately designated payments that were due when the insurance coverage ceased to be in effect. Lender will accept, use and retain these payments as a non-refundable loss reserve in lieu of Mortgage Insurance. Such loss reserve shall be non-refundable, notwithstanding the fact that the Loan is ultimately paid in full, and Lender shall not be required to pay Borrower any interest or earnings on such loss reserve. Lender can no longer require loss reserve payments if Mortgage Insurance coverage (in the amount and for the period that Lender requires) provided by an insurer selected by Lender again becomes available, is obtained, and Lender requires separately designated payments toward the premiums for Mortgage Insurance. If Lender required Mortgage Insurance as a condition of making the Loan and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower shall pay the premiums required to maintain Mortgage Insurance in effect, or to provide a non-refundable loss reserve, until Lender's requirement for Mortgage Insurance ends in accordance with any written agreement between Borrower and Lender providing for such termination or until termination is required by Applicable Law. Nothing in this Section 10 affects Borrower's obligation to pay interest at the rate provided in the Note.

Mortgage Insurance reimburses Lender (or any entity that purchases the Note) for certain losses it may incur if Borrower does not repay the Loan as agreed. Borrower is not a party to the Mortgage Insurance.

Mortgage insurers evaluate their total risk on all such insurance in force from time to time, and may enter into agreements with other parties that share or modify their risk, or reduce losses. These agreements are on terms and conditions that are satisfactory to the mortgage insurer and the other party (or parties) to these agreements. These agreements may require the mortgage insurer to make payments using any source of funds that the mortgage insurer may have available (which may include funds obtained from Mortgage Insurance premiums).

As a result of these agreements, Lender, any purchaser of the Note, another insurer, any reinsurer, any other entity, or any affiliate of any of the foregoing, may receive (directly or indirectly) amounts that derive from (or might be characterized as) a portion of Borrower's payments for Mortgage Insurance, in

-8(OH) (0405)                    Page 8 of 15                    Initials:                    Form 3036  1/01

*Description: Cuyahoga,OH Document-Year.Date.DocID 2007.420.27 Page: 8 of 16*
*Order: 45087 Comment:*

exchange for sharing or modifying the mortgage insurer's risk, or reducing losses. If such agreement provides that an affiliate of Lender takes a share of the insurer's risk in exchange for a share of the premiums paid to the insurer, the arrangement is often termed "captive reinsurance." Further:

(a) Any such agreements will not affect the amounts that Borrower has agreed to pay for Mortgage Insurance, or any other terms of the Loan. Such agreements will not increase the amount Borrower will owe for Mortgage Insurance, and they will not entitle Borrower to any refund.

(b) Any such agreements will not affect the rights Borrower has - if any - with respect to the Mortgage Insurance under the Homeowners Protection Act of 1998 or any other law. These rights may include the right to receive certain disclosures, to request and obtain cancellation of the Mortgage Insurance, to have the Mortgage Insurance terminated automatically, and/or to receive a refund of any Mortgage Insurance premiums that were unearned at the time of such cancellation or termination.

11. Assignment of Miscellaneous Proceeds; Forfeiture. All Miscellaneous Proceeds are hereby assigned to and shall be paid to Lender.

If the Property is damaged, such Miscellaneous Proceeds shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such Miscellaneous Proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may pay for the repairs and restoration in a single disbursement or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such Miscellaneous Proceeds, Lender shall not be required to pay Borrower any interest or earnings on such Miscellaneous Proceeds. If the restoration or repair is not economically feasible or Lender's security would be lessened, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower. Such Miscellaneous Proceeds shall be applied in the order provided for in Section 2.

In the event of a total taking, destruction, or loss in value of the Property, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is equal to or greater than the amount of the sums secured by this Security Instrument immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the sums secured by this Security Instrument shall be reduced by the amount of the Miscellaneous Proceeds multiplied by the following fraction: (a) the total amount of the sums secured immediately before the partial taking, destruction, or loss in value divided by (b) the fair market value of the Property immediately before the partial taking, destruction, or loss in value. Any balance shall be paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is less than the amount of the sums secured immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument whether or not the sums are then due.

If the Property is abandoned by Borrower, or if, after notice by Lender to Borrower that the Opposing Party (as defined in the next sentence) offers to make an award to settle a claim for damages, Borrower fails to respond to Lender within 30 days after the date the notice is given, Lender is authorized to collect and apply the Miscellaneous Proceeds either to restoration or repair of the Property or to the sums secured by this Security Instrument, whether or not then due. "Opposing Party" means the third party that owes Borrower Miscellaneous Proceeds or the party against whom Borrower has a right of action in regard to Miscellaneous Proceeds.

-6(OH) (0405)                    Page 9 of 15                  Initials: _CJF_   _W.EF_        Form 3036  1/01

Description: Cuyahoga,OH Document-Year.Date.DocID 2007.420.27 Page: 9 of 16
Order: 45087 Comment:

Borrower shall be in default if any action or proceeding, whether civil or criminal, is begun that, in Lender's judgment, could result in forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. Borrower can cure such a default and, if acceleration has occurred, reinstate as provided in Section 19, by causing the action or proceeding to be dismissed with a ruling that, in Lender's judgment, precludes forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. The proceeds of any award or claim for damages that are attributable to the impairment of Lender's interest in the Property are hereby assigned and shall be paid to Lender.

All Miscellaneous Proceeds that are not applied to restoration or repair of the Property shall be applied in the order provided for in Section 2.

**12. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to Borrower or any Successor in Interest of Borrower shall not operate to release the liability of Borrower or any Successors in Interest of Borrower. Lender shall not be required to commence proceedings against any Successor in Interest of Borrower or to refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or any Successors in Interest of Borrower. Any forbearance by Lender in exercising any right or remedy including, without limitation, Lender's acceptance of payments from third persons, entities or Successors in Interest of Borrower or in amounts less than the amount then due, shall not be a waiver of or preclude the exercise of any right or remedy.

**13. Joint and Several Liability; Co-signers; Successors and Assigns Bound.** Borrower covenants and agrees that Borrower's obligations and liability shall be joint and several. However, any Borrower who co-signs this Security Instrument but does not execute the Note (a "co-signer"): (a) is co-signing this Security Instrument only to mortgage, grant and convey the co-signer's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower can agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without the co-signer's consent.

Subject to the provisions of Section 18, any Successor in Interest of Borrower who assumes Borrower's obligations under this Security Instrument in writing, and is approved by Lender, shall obtain all of Borrower's rights and benefits under this Security Instrument. Borrower shall not be released from Borrower's obligations and liability under this Security Instrument unless Lender agrees to such release in writing. The covenants and agreements of this Security Instrument shall bind (except as provided in Section 20) and benefit the successors and assigns of Lender.

**14. Loan Charges.** Lender may charge Borrower fees for services performed in connection with Borrower's default, for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument, including, but not limited to, attorneys' fees, property inspection and valuation fees. In regard to any other fees, the absence of express authority in this Security Instrument to charge a specific fee to Borrower shall not be construed as a prohibition on the charging of such fee. Lender may not charge fees that are expressly prohibited by this Security Instrument or by Applicable Law.

If the Loan is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the Loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower. Lender may choose to make this refund by reducing the principal owed under the Note or by making a direct payment to Borrower. If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge (whether or not a prepayment charge is

-6(OH) (0405)                    Page 10 of 15                    Initials: _____    Form 3036  1/01

:272:   FORGUES

provided for under the Note). Borrower's acceptance of any such refund made by direct payment to Borrower will constitute a waiver of any right of action Borrower might have arising out of such overcharge.

15. **Notices.** All notices given by Borrower or Lender in connection with this Security Instrument must be in writing. Any notice to Borrower in connection with this Security Instrument shall be deemed to have been given to Borrower when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means. Notice to any one Borrower shall constitute notice to all Borrowers unless Applicable Law expressly requires otherwise. The notice address shall be the Property Address unless Borrower has designated a substitute notice address by notice to Lender. Borrower shall promptly notify Lender of Borrower's change of address. If Lender specifies a procedure for reporting Borrower's change of address, then Borrower shall only report a change of address through that specified procedure. There may be only one designated notice address under this Security Instrument at any one time. Any notice to Lender shall be given by delivering it or by mailing it by first class mail to Lender's address stated herein unless Lender has designated another address by notice to Borrower. Any notice in connection with this Security Instrument shall not be deemed to have been given to Lender until actually received by Lender. If any notice required by this Security Instrument is also required under Applicable Law, the Applicable Law requirement will satisfy the corresponding requirement under this Security Instrument.

16. **Governing Law; Severability; Rules of Construction.** This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located. All rights and obligations contained in this Security Instrument are subject to any requirements and limitations of Applicable Law. Applicable Law might explicitly or implicitly allow the parties to agree by contract or it might be silent, but such silence shall not be construed as a prohibition against agreement by contract. In the event that any provision or clause of this Security Instrument or the Note conflicts with Applicable Law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision.

As used in this Security Instrument: (a) words of the masculine gender shall mean and include corresponding neuter words or words of the feminine gender; (b) words in the singular shall mean and include the plural and vice versa; and (c) the word "may" gives sole discretion without any obligation to take any action.

17. **Borrower's Copy.** Borrower shall be given one copy of the Note and of this Security Instrument.

18. **Transfer of the Property or a Beneficial Interest in Borrower.** As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

19. **Borrower's Right to Reinstate After Acceleration.** If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Security Instrument discontinued at any time prior to the earliest of: (a) five days before sale of the Property pursuant to any power of sale contained in

this Security Instrument; (b) such other period as Applicable Law might specify for the termination of Borrower's right to reinstate; or (c) entry of a judgment enforcing this Security Instrument. Those conditions are that Borrower: (a) pays Lender all sums which then would be due under this Security Instrument and the Note as if no acceleration had occurred; (b) cures any default of any other covenants or agreements; (c) pays all expenses incurred in enforcing this Security Instrument, including, but not limited to, reasonable attorneys' fees, property inspection and valuation fees, and other fees incurred for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument; and (d) takes such action as Lender may reasonably require to assure that Lender's interest in the Property and rights under this Security Instrument, and Borrower's obligation to pay the sums secured by this Security Instrument, shall continue unchanged. Lender may require that Borrower pay such reinstatement sums and expenses in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality or entity; or (d) Electronic Funds Transfer. Upon reinstatement by Borrower, this Security Instrument and obligations secured hereby shall remain fully effective as if no acceleration had occurred. However, this right to reinstate shall not apply in the case of acceleration under Section 18.

20. Sale of Note; Change of Loan Servicer; Notice of Grievance. The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower. A sale might result in a change in the entity (known as the "Loan Servicer") that collects Periodic Payments due under the Note and this Security Instrument and performs other mortgage loan servicing obligations under the Note, this Security Instrument, and Applicable Law. There also might be one or more changes of the Loan Servicer unrelated to a sale of the Note. If there is a change of the Loan Servicer, Borrower will be given written notice of the change which will state the name and address of the new Loan Servicer, the address to which payments should be made and any other information RESPA requires in connection with a notice of transfer of servicing. If the Note is sold and thereafter the Loan is serviced by a Loan Servicer other than the purchaser of the Note, the mortgage loan servicing obligations to Borrower will remain with the Loan Servicer or be transferred to a successor Loan Servicer and are not assumed by the Note purchaser unless otherwise provided by the Note purchaser.

Neither Borrower nor Lender may commence, join, or be joined to any judicial action (as either an individual litigant or the member of a class) that arises from the other party's actions pursuant to this Security Instrument or that alleges that the other party has breached any provision of, or any duty owed by reason of, this Security Instrument, until such Borrower or Lender has notified the other party (with such notice given in compliance with the requirements of Section 15) of such alleged breach and afforded the other party hereto a reasonable period after the giving of such notice to take corrective action. If Applicable Law provides a time period which must elapse before certain action can be taken, that time period will be deemed to be reasonable for purposes of this paragraph. The notice of acceleration and opportunity to cure given to Borrower pursuant to Section 22 and the notice of acceleration given to Borrower pursuant to Section 18 shall be deemed to satisfy the notice and opportunity to take corrective action provisions of this Section 20.

21. Hazardous Substances. As used in this Section 21: (a) "Hazardous Substances" are those substances defined as toxic or hazardous substances, pollutants, or wastes by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials; (b) "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection; (c) "Environmental Cleanup" includes any response action, remedial action, or removal action, as defined in Environmental Law; and (d) an "Environmental Condition" means a condition that can cause, contribute to, or otherwise trigger an Environmental Cleanup.

Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances, or threaten to release any Hazardous Substances, on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property (a) that is in violation of any Environmental Law, (b) which creates an Environmental Condition, or (c) which, due to the presence, use, or release of a Hazardous Substance, creates a condition that adversely affects the value of the Property. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property (including, but not limited to, hazardous substances in consumer products).

Borrower shall promptly give Lender written notice of (a) any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge, (b) any Environmental Condition, including but not limited to, any spilling, leaking, discharge, release or threat of release of any Hazardous Substance, and (c) any condition caused by the presence, use or release of a Hazardous Substance which adversely affects the value of the Property. If Borrower learns, or is notified by any governmental or regulatory authority, or any private party, that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law. Nothing herein shall create any obligation on Lender for an Environmental Cleanup.

NON UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

22. **Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument, foreclosure by judicial proceeding and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to assert in the foreclosure proceeding the non-existence of a default or any other defense of Borrower to acceleration and foreclosure. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may foreclose this Security Instrument by judicial proceeding. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, costs of title evidence.**

23. Release. Upon payment of all sums secured by this Security Instrument, Lender shall discharge this Security Instrument. Borrower shall pay any recordation costs. Lender may charge Borrower a fee for releasing this Security Instrument, but only if the fee is paid to a third party for services rendered and the charging of the fee is permitted under Applicable Law.

24. Certain Other Advances. In addition to any other sum secured hereby, this Security Instrument shall also secure the unpaid principal balance of, plus accrued interest on, any amount of money loaned, advanced or paid by Lender to or for the account and benefit of Borrower, after this Security Instrument is delivered to and filed with the Recorder's Office,
County, Ohio, for recording. Lender may make such advances in order to pay any real estate taxes and assessments, insurance premiums plus all other costs and expenses incurred in connection with the operation, protection or preservation of the Property, including to cure Borrower's defaults by making any such payments which Borrower should have paid as provided in this Security Instrument, it being intended by this Section 24 to acknowledge, affirm and comply with the provision of Section 5301.233 of the Revised Code of Ohio.

Description: Cuyahoga,OH Document-Year.Date.DocID 2007.420.27 Page: 13 of 16
Order: 45087 Comment:

**BY SIGNING BELOW,** Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.

Witnesses:

_____          _Christine J Forgues_ (Seal)
                                    CHRISTINE J FORGUES          -Borrower

_____          _William E Forgues_ (Seal)
                                    WILLIAM E FORGUES            -Borrower

_____ (Seal)   _____ (Seal)
                          -Borrower                           -Borrower

_____ (Seal)   _____ (Seal)
                          -Borrower                           -Borrower

_____ (Seal)   _____ (Seal)
                          -Borrower                           -Borrower

-6(OH) (0201)                    Page 14 of 15                    Form 3036  1/01

:272:   FORGUES

*Description: Cuyahoga,OH Document-Year.Date.DocID 2007.420.27 Page: 14 of 16*
*Order: 45087 Comment:*

STATE OF OHIO,                    *Cuyahoga*          County ss:

This instrument was acknowledged before me this *23rd* day of *March* *2007*          , by
*Christine J Forques and William E Forques*

My Commission Expires: *11-13-10*

Notary Public  JEROME ALLEN
Guinevere O'Donnell                    CLEA

JEROME ALLEN SLEA
STATE OF OHIO, NOTARY PUBLIC
CUYAHOGA COUNTY
COMM. EXPIRES 11-13-10

This instrument was prepared by

GUINEVERE O'DONNELL

-6(OH) (0405)                    Page 15 of 15        Initials:        Form 3036  1/01

APN: 025-24-054

## EXHIBIT A
## LEGAL DESCRIPTION

The land referred to in this policy is situated in the State of OH, County of CUYAHOGA, City of CLEVELAND and described as follows:

Situated in the City of Cleveland, County of Cuyahoga and State of Ohio subdivision as being Sublot No. 10 in A.E. Mead's Subdivision of part of original Rockport Township County Records, and being 45 feet front on the Southerly side of Merimeade Drive, N.W., having a rear line of 56 feet, as appears by said plat, be the same more or less, but subject to all legal highways.

APN 025-24-054

WITH THE APPURTENANCES THERETO.

APN: 025-24-054

CUYAHOGA COUNTY RECORDER
LILLIAN J GREENE - 2
RELA 5/20/2010 12:13:48 PM

**201005200218**

| SPACE ABOVE THIS LINE FOR RECORDER'S USE |
| --- |

**ASSIGNMENT OF MORTGAGE**

FOR VALUABLE CONSIDERATION, the receipt and sufficiency of which is hereby acknowledged,

Chase Bank USA NA , 200 White Clay Center Dr Newark DE 19711

("Assignor")

does hereby sell, transfer, and set over, without recourse, unto

Deutsche Bank National Trust Company, as Trustee for J.P. Morgan Mortgage Acquisition Trust
2007-CH5, Asset Backed Pass-Through Certificates, Series 2007-CH5,
10790 Rancho Bernardo Rd San Diego CA 92127

("Assignee")

| | |
| --- | --- |
| Executed and delivered by: | Christine J. Forgues and William E. Forgues wife and husband |
| Mortgage Deed dated: | March 23, 2007 |
| to and in favor of: | Chase Bank USA NA |
| filed for record on (date): | April 20, 2007 |
| as Official Record: | Instrument Number 200704200027 |
| In the Recorder's Office of: | Cuyahoga |

together with the Promissory Note secured thereby and referred to therein and any loan
modification agreements, and all sums of money due and to become due thereon.
Property address: 15109 Merrimeade Drive, Cleveland, Ohio 44111
Legal description: See attached Exhibit A

IN WITNESS WHEREOF    Chase Bank USA NA    , has caused this
To be executed, for and on its behalf                                          Assignment
this                                    14     day of    May         20 10

| In the presence of: | | Chase Bank USA NA |
| --- | --- | --- |
| (Sign) | | By: (Sign)  Whitney K. Cook |
| Meghan Maxey | | Its: Vice President |
| (Type or print name) | | (Title) |
| | | |
| (Sign) | | |
| Kaela Wern | | |
| (Type or print name) | | |

Before me, a Notary Public, personally appeared, Chase Bank USA NA  by
Whitney K Cook        , its    Vice President        and acknowledged that he/she
did sign the foregoing instrument in the name and upon behalf of said Corporation (as such
officer); that the same is his/her free act and deed (as authorized thereunto by its Board of
Directors)(individually and in his/her/its representative capacity)

In testimony whereof, I have hereunto subscribed my name and affixed my official seal at
Columbus        Ohio    , this    14    day of    May    20 10
(City)        (State)

PREPARED BY:
Reimer, Arnovitz, Chernek & Jeffrey Co.,
L.P.A.
By: James P. Lucas, Esq.

LATRESA D. PAYNE
NOTARY PUBLIC
STATE OF OHIO
Recorded in
Franklin County
My Comm. Exp. 9/18/12

## LEGAL DESCRIPTION

Situated in the City of Cleveland, County of Cuyahoga and State of Ohio, and known as being Sublot No. 10 in A.E. Mead's Subdivision of part of Original Rockport Township Section No. 12 as shown by the recorded plat in Volume 110 of Maps, Page 8 of Cuyahoga County Records and being 45 feet front on the southerly side of Merimeade Drive N.W. and extending back 133.50 feet on the easterly line, 148.54 feet on the westerly line, and having a rear line of 56 feet, as appears by said plat, be the same more or less, but subject to all legal highways.

Form 668 (Y)(c)
(Rev. February 2004)

Department of the Treasury - Internal Revenue Service

## Notice of Federal Tax Lien

| Area: SMALL BUSINESS/SELF EMPLOYED AREA #6 Lien Unit Phone: (513) 263-3121 | Serial Number | For Optional Use by Recording Office |
|---|---|---|

As provided by section 6321, 6322, and 6323 of the Internal Revenue Code, we are giving a notice that taxes (including interest and penalties) have been assessed against the following-named taxpayer. We have made a demand for payment of this liability, but it remains unpaid. Therefore, there is a lien in favor of the United States on all property and rights to property belonging to this taxpayer for the amount of these taxes, and additional penalties, interest, and costs that may accrue.

CUYAHOGA COUNTY RECORDER
PATRICK J. OMALLEY
FL 12/03/2004 11:16:02 AM
**200412039013**

Name of Taxpayer  CHRISTINE FORGUES, AKA CHRISTINE ANDRES, AKA CHRISTINE DOUBRAVA

Residence  15109 MERIMEADE DRIVE
CLEVELAND, OH 44111-3046

**IMPORTANT RELEASE INFORMATION:** For each assessment listed below, unless notice of the lien is refiled by the date given in column (e), this notice shall, on the day following such date, operate as a certificate of release as defined in IRC 6325(a).

| Kind of Tax (a) | Tax Period Ending (b) | Identifying Number (c) | Date of Assessment (d) | Last Day for Refiling (e) | Unpaid Balance of Assessment (f) |
|---|---|---|---|---|---|
| 1040 | 12/31/1997 | | 12/11/2000 | 01/10/2011 | 2490.33 |
| 1040 | 12/31/1998 | | 08/09/2004 | 09/08/2014 | 83852.88 |
| 1040 | 12/31/2000 | | 08/25/2003 | 09/24/2013 | 57688.87 |

CUYAHOGA COUNTY RECORDER
200412039013 PAGE 1 of 1

| Place of Filing | Recorder of Cuyahoga County Cuyahoga County Cleveland, OH 44113 | Total $ | 144032.08 |
|---|---|---|---|

This notice was prepared and signed at _____ DETROIT, MI _____ , on this,

the ___10th___ day of ___November___ ___2004___

| Signature *Sherwood* for K. L. BLASIMAN | Title REVENUE OFFICER (216) 328-2919 | 26-11-3284 |
|---|---|---|

(NOTE: Certificate of officer authorized by law to take acknowledgment is not essential to the validity of Notice of Federal Tax lien Rev. Rul. 71-466, 1971 - 2 C.B. 409)

Description: Cuyahoga,OH Document-Year.Date.DocID 2004.1203.9013 Page: 1 of 1
Order: 45087 Comment:

Form 668(Y)(c) (Rev. 2-2004)
CAT. NO 60025X

EXHIBIT 

# CUYAHOGA COUNTY COURT OF COMMON PLEAS

CUBS NUMBER:

PRECIPE

DATE:    10/04/2006

COURT OF COMMON PLEAS OF CUYAHOGA COUNTY

STATE OF OHIO

STATE OF OHIO

PLAINTIFF

VS.

CHRISTINE FORGUES
15109 MERRIMEADE DR
CLEVELAND, OH 44111-0000

DEFENDANT

JUDGMENT FILED: 10/19/2006

GERALD E. FUERST, CLERK OF COURTS
CUYAHOGA COUNTY, OHIO

GERALD E. FUERST
JUSTICE CENTER
1200 ONTARIO ST
CLEVELAND, OH 44113-0000

TAX TYPE:    PERSONAL INCOME TAX

ACCOUNT NO:

SERIAL NO:

THE AFFOREMENTIONED ASSESSMENT HAS BECOME FINAL BY OPERATION OF LAW
FOR THE PURPOSES OF HAVING A JUDGMENT LIEN RECORDED THEREON.

TO THE CLERK OF COMMON PLEAS COURT:

ENTER JUDGMENT AND RECORD
CERTIFICATE OF JUDGMENT.
RETAIN ONE COPY AND RETURN
ONE COPY TO THE OFFICE OF THE
ATTORNEY GENERAL (ADDRESS BELOW)

JUDGMENT RECORDED ON:

| | | |
|---|---|---|
| DATE: | 10/19/2006 | 10/19/2006 |
| CASE NO.: | ST06135156 | AMOUNT    $8795.82 |
| DOCKET: | 269 | |
| PAGE: | ST06135156 | |

CERTIFICATE OF JUDGMENT FILED        JL06276051
WITH INTEREST AT   .10 % PER ANNUM FROM DATE OF JUDGMENT
CLERK'S FEES                    40.00
COMPUTER FEES               10.00

I HEREBY CERTIFY THE FORGOING TO BE A
TRUE AND CORRECT COPY OF THE ACTION OF
THE TAX COMMISSIONER TAKEN THIS DAY
WITH RESPECT TO THE ABOVE MATTERS

WILLIAM W WILKINS
TAX COMMISSIONER

CMSRJ015

Description: Cuyahoga,OH Judgment Liens 276051 Page: 1 of 1
Order: 45450 Comment:

EXHIBIT ___ B



# Gerald E. Fuerst, Clerk of Courts
## Court of Common Pleas - Cuyahoga County, Ohio

# DOCKET INFORMATION

Printer Friendly Version

**Case Number:** JL-06-276051
**Case Title:** STATE OF OHIO DEPARTMENT OF TAXATION vs. FORGUES, CHRISTINE
**Image Viewer:** AlternaTIFF

## DOCKET INFORMATION

| From Date | Sort | Type | Type | Type | Type | SearchType |
|---|---|---|---|---|---|---|
| / / | ● Ascending<br>○ Descending | | | | | Start Search |

| Date | Side | Type | Description | Image |
|---|---|---|---|---|
| 10/19/2006 | N/A | JL | JUDGMENT AMT: $8795.82 RENDERED BY: CUY CTY COMMON PLEAS ORIGINATING CASE NO.: JL06276051 CAPTION PLAINTIFF: STATE OF OHIO DEPARTMENT OF TAXATION CAPTION DEFENDANT: FORGUES, CHRISTINE JUDGMENT LIEN CASE#: JL06276051 INTEREST AT: 10% INTEREST FROM DATE: 10/04/2006 COSTS: JUDGMENT DATE: 10/04/2006 DOCKET (JOURNAL): 269 PAGE: ST06135156 TIME FILED: 10/19/2006 08:57:51 LIEN COST: 50 PAID BY: SERIAL NUMBER: ACCOUNT NUMBER: | |
| 10/19/2006 | N/A | SF | STATE LIEN FILED. | |

Print Page | Close Window | Disclaimers | Printer Friendly Version

Only the official court records available from the Cuyahoga County Clerk of Courts, available in person, should be relied upon as accurate and current.

For questions/comments please click here

© PROWARE 1997-2010



## C A S E   P A R T I E S

Case Number: JL-06-276051

Case Title: STATE OF OHIO DEPARTMENT OF TAXATION vs. FORGUES, CHRISTINE

| CREDITOR (1) STATE OF OHIO |
|---|
| DEBTOR  (1)  CHRISTINE FORGUES<br>15109 MERRIMEADE DR<br>CLEVELAND, OH 44111-<br>0000 |

Print Page | Close Window | Disclaimers | Printer Friendly Version

Only the official court records available from the Cuyahoga County Clerk of Courts, available in person, should be relied upon as accurate and current.

For questions/comments please click here

© PROWARE 1997-2010



**Gerald E. Fuerst, Clerk of Courts**
**Court of Common Pleas - Cuyahoga County, Ohio**

## DOCKET INFORMATION

Printer Friendly Version

**Case Number:** CV-11-748992

**Case Title:** DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE vs. CHRISTINE J. FORGUES, ET AL

**Image Viewer:** AlternaTIFF

## DOCKET INFORMATION

| From Date | Sort | Type | Type | Type | Type | SearchType |
|---|---|---|---|---|---|---|
| ☐ / ☐ / ☐ ● | ● Ascending<br>○ Descending | ● ☒ | ☒ | ☒ | ☒ ● | Start Search ● |

| Date | Side | Type | Description | Image |
|---|---|---|---|---|
| 02/18/2011 | P1 | SR | PRELIMINARY JUDICIAL REPORT FILED. | |
| 02/18/2011 | P1 | SR | COMPLAINT FOR FORECLOSURE WITH REFORMATION FILED. SERVICE REQUEST - SUMMONS BY CERTIFIED MAIL TO THE DEFENDANT(S). | |
| 02/18/2011 | N/A | SF | JUDGE SHIRLEY STRICKLAND SAFFOLD ASSIGNED (RANDOM); RE-FILED CASE, REASSIGNED TO ORIGINAL JUDGE, JUDGE DICK AMBROSE | |
| 02/18/2011 | N/A | SF | JUDGE SHIRLEY STRICKLAND SAFFOLD ASSIGNED (RANDOM) | |
| 02/18/2011 | P1 | SF | SPECIAL PROJECTS FUND FEE | |
| 02/18/2011 | P1 | SF | LEGAL RESEARCH | |
| 02/18/2011 | P1 | SF | LEGAL NEWS | |
| 02/18/2011 | P1 | SF | LEGAL AID | |
| 02/18/2011 | P1 | SF | COMPUTER FEE | |
| 02/18/2011 | P1 | SF | CLERK'S FEE | |
| 02/18/2011 | P1 | SF | DEPOSIT AMOUNT PAID REIMER, ARNOVITZ, CHERNEK & JEFFREY | |
| 02/18/2011 | P1 | SF | DEPOSIT AMOUNT PAID REIMER, ARNOVITZ, CHERNEK & JEFFREY | |
| 02/18/2011 | N/A | SF | CASE FILED | |
| 02/22/2011 | N/A | SF | MAGISTRATE CHRISTOPHER E OLSZTYN ASSIGNED (MANUALLY) | |
| 02/22/2011 | N/A | JE | IT IS ORDERED BY THE COURT THAT THIS CAUSE BE REFERRED TO THE COURT MAGISTRATE TO TRY THE ISSUES OF LAW AND FACT ARISING THEREIN AND REPORT WITHOUT UNNECESSARY DELAY. A PARTY SEEKING A DEFAULT JUDGMENT MUST FILE A MOTION FOR DEFAULT JUDGMENT. ONCE A CASE IS SET FOR DEFAULT JUDGMENT, THE MOTION FOR DEFAULT JUDGMENT MAY BE WITHDRAWN ONLY BY SEPARATE MOTION WITH GOOD CAUSE SHOWN. CLPAL 02/18/2011 NOTICE ISSUED | |
| 02/23/2011 | D5 | CS | WRIT FEE | |
| 02/23/2011 | D4 | CS | WRIT FEE | |

EXHIBIT _____

1/19/2012

| | | | |
|---|---|---|---|
| 02/23/2011 | D3 | CS | WRIT FEE |
| 02/23/2011 | D2 | CS | WRIT FEE |
| 02/23/2011 | D1 | CS | WRIT FEE |
| 02/23/2011 | D1 | SR | FORECLOSURE MEDIATION. NOTICE GENERATED FOR 17082167 ON POST CARD ON CHRISTINE J. FORGUES 401 CAMINO REAL ENGLEWOOD, FL 34224-0000 |
| 03/01/2011 | N/A | MG | A REVIEW OF THE DOCKET REVEALS PLAINTIFF FILED A COMPLAINT ON 2/18/11, ALTHOUGH SERVICE HAS NOT YET BEEN PERFECTED. PLAINTIFF IS ORDERED TO PERFECT SERVICE PURSUANT TO CIV.R. 4(E), OR THE CASE WILL BE DISMISSED WITHOUT PREJUDICE. CLPAL 02/28/2011 NOTICE ISSUED |
| 03/01/2011 | N/A | JE | ALL AFFIDAVITS FILED IN RESIDENTIAL MORTGAGE FORECLOSURE CASES MUST INDICATE THAT THE AFFIANT HAS ACTUAL PERSONAL KNOWLEDGE OF THE FILE AND LOAN HISTORY IN QUESTION AND HAS PERSONALLY REVIEWED THE DOCUMENTS, RECORDS, OR OTHER DATA RELIED UPON TO MAKE THE STATEMENTS CONTAINED IN THE AFFIDAVIT. FAILURE TO PROVIDE APPROPRIATE AFFIDAVITS MAY RESULT IN MANDATORY PERSONAL ATTENDANCE OF AN AFFIANT FOR A HEARING, THE IMPOSITION OF SANCTIONS AND PENALTIES FOR PERJURY OR CONTEMPT, AND DISMISSAL OF THE CASE. BEFORE JUDGMENT IS ENTERED ON ANY CLAIM FOR FORECLOSURE AND/OR MONEY JUDGMENT IN A RESIDENTIAL MORTGAGE FORECLOSURE CASE, COUNSEL FOR PLAINTIFF AND ANY OTHER PARTY THAT ASSERTS A CLAIM FOR FORECLOSURE OR MONEY JUDGMENT MUST FILE AN AFFIDAVIT. THIS AFFIDAVIT MUST: 1) IDENTIFY THE COUNSEL OF RECORD AND HIS OR HER LAW FIRM. 2) PROVIDE THAT THE COUNSEL OF RECORD HAS REVIEWED THE FILE. 3) PROVIDE THAT THE COUNSEL OF RECORD HAS COMMUNICATED WITH A REPRESENTATIVE OF THE PARTY SEEKING FORECLOSURE AND/OR MONEY JUDGMENT AND THAT THIS REPRESENTATIVE HAS AFFIRMED THAT HE OR SHE HAS PERSONALLY REVIEWED THE DOCUMENTS, RECORDS, OR OTHER DATA RELATED TO THE CASE; HAS REVIEWED THE PLEADINGS AND OTHER COURT FILINGS IN THE CASE; AND HAS CONFIRMED BOTH THE FACTUAL ACCURACY OF THE PLEADINGS AND COURT FILINGS AND THE ACCURACY OF THE NOTARIZATIONS CONTAINED THEREIN. 4) PROVIDE THE FULL NAME OF THE REPRESENTATIVE DESCRIBED IN ITEM 3 AND THE DATE OR DATES OF THE COMMUNICATION. 5) CERTIFY THAT, TO THE BEST OF THE COUNSEL OF RECORD'S KNOWLEDGE, THE PLEADINGS AND OTHER COURT FILINGS IN SUPPORT OF THE CLAIMS FOR FORECLOSURE ARE COMPLETE AND ACCURATE IN ALL RELEVANT RESPECTS. 6) ACKNOWLEDGE THAT COUNSEL OF RECORD HAS A CONTINUING OBLIGATION TO AMEND AND SUPPLEMENT THE AFFIDAVIT IN LIGHT OF NEWLY DISCOVERED FACTS FOLLOWING ITS FILING. 7) BE SIGNED AND DATED BY COUNSEL OF RECORD. FAILURE TO SUBMIT AN APPROPRIATE AFFIDAVIT ON OR BEFORE THE DATE OF TRIAL, THE DATE THAT A MOTION FOR SUMMARY JUDGMENT IS RIPE FOR RULING, OR THE DATE OF DEFAULT HEARING, WHICHEVER IS APPLICABLE, WILL RESULT IN DISMISSAL OF THE CASE AND MAY RESULT IN FURTHER SANCTIONS. STANDARDIZED AFFIDAVIT FORMS ARE POSTED ON THE COUNTY WEBSITE. ALL AFFIDAVITS SUBMITTED PURSUANT TO THIS ORDER MUST BE IN THE FORMAT OF THESE STANDARDIZED AFFIDAVIT FORMS. IN LIEU OF THIS AFFIDAVIT: 1) IN CASES WHERE CLIENT AFFIDAVITS HAVE BEEN FILED, THE AFFIANT OR AFFIANTS MUST APPEAR AT THE HEARING OF THE |

MATTER AND TESTIFY REGARDING THOSE AFFIDAVITS. THE REPRESENTATIVE MUST APPEAR IN PERSON AND TELEPHONIC APPEARANCE WILL NOT BE PERMITTED. IF MULTIPLE CLIENT AFFIDAVITS ARE FILED IN THE CASE AND ARE EXECUTED BY MORE THAT ONE AFFIANT, EACH AFFIANT MUST APPEAR AT THE HEARING OF THE MATTER. 2) IN CASES WERE NO CLIENT AFFIDAVITS HAVE BEEN FILED, AN OFFICER OF THE PARTY SEEKING FORECLOSURE MUST APPEAR AT THE HEARING OF THE MATTER AND TESTIFY IN SUPPORT OF THE ALLEGATIONS OF THE COMPLAINT AND CONTENTS OF OTHER DOCUMENTS OR COURT FILINGS. THE OFFICER OF THE PARTY SEEKING FORECLOSURE MUST APPEAR IN PERSON AND TELEPHONIC APPEARANCE WILL NOT BE PERMITTED. 3) IN CASES WHERE NO HEARING IS SCHEDULED BEFORE THE ENTRY OF JUDGMENT (SUCH AS SOME SUMMARY JUDGMENT CASES), THE PARTY SEEKING FORECLOSURE MUST, CONTEMPORANEOUSLY WITH THE MOTION FOR SUMMARY JUDGMENT, MOVE TO SCHEDULE A HEARING AT WHICH THE AFFIANT MUST APPEAR. 4) THE AFFIANT OR OFFICER OF THE PARTY SEEKING FORECLOSURE WHO APPEARS IN COURT IN LIEU OF THE FILING OF A FORECLOSURE COUNSEL AFFIDAVIT MUST APPEAR WITH THE ORIGINAL PROMISSORY NOTE, INCLUDING ALL ENDORSEMENTS AND ALLONGES AND A CURRENT PAYMENT HISTORY FOR THE MORTGAGE LOAN AT ISSUE. THE AFFIANT OR OFFICER OF THE PARTY SEEKING FORECLOSURE MUST BE PREPARED TO TESTIFY THAT HE OR SHE HAS PERSONALLY REVIEWED THE DOCUMENTS, RECORDS OR OTHER DATA RELATED TO THE CASE, HAS REVIEWED THE PLEADINGS AND OTHER COURT FILINGS IN THE CASE AND HAS CONFIRMED BOTH THE FACTUAL ACCURACY OF THE FILINGS AND THE ACCURACY OF THE NOTARIZATIONS CONTAINED IN AFFIDAVITS FILED IN THE CASE, IF ANY. THE AFFIANT OR OFFICER OF THE PARTY SEEKING FORECLOSURE MUST BE PREPARED TO RESPOND TO THE QUESTIONING OF THE MAGISTRATE OR JUDGE PRESIDING OVER THE HEARING AND THE QUESTIONING OF ANY OTHER PARTY ATTENDING THE HEARING. 5) IF THE AFFIANT OR OFFICER OF THE PARTY SEEKING FORECLOSURE HAS BEEN PREVIOUSLY DEPOSED AND HAS TESTIFIED UNDER OATH REGARDING THE ABOVE REQUIRED INFORMATION, THE FILING OF THE TRANSCRIPT OF THAT DEPOSITION WILL SATISFY THE REQUIREMENTS OF THIS POLICY. FAILURE TO FILE AN ATTORNEY AFFIDAVIT OR DO ANY OF THE ALTERNATIVES TO FILING AN ATTORNEY AFFIDAVIT BEFORE THE CASE IS RIPE FOR THE ENTRY OF JUDGMENT WILL RESULT IN DISMISSAL OF THE CASE. ANY ITEMS REQUIRED BY THIS ORDER MUST BE FILED, DOCKETED, AND WALKED THROUGH TO THE MAGISTRATES' DEPARTMENT. CLPAL 02/28/2011 NOTICE ISSUED

| Date | | | Description |
|------|------|------|-------------|
| 03/04/2011 | D2 | CS | WRIT FEE |
| 03/04/2011 | D1 | CS | WRIT FEE |
| 03/04/2011 | D4 | SR | SUMS COMPLAINT(17082171) SENT BY CERTIFIED MAIL. TO: UNITED STATES OF AMERICA 400 UNITED STATES COURTHOUSE 801 W SUPERIOR AVE CLEVELAND, OH 44113-0000 |
| 03/04/2011 | D3 | SR | SUMS COMPLAINT(17082170) SENT BY CERTIFIED MAIL. TO: UNITED STATES OF AMERICA 950 PENNSYLVANIA AVE NW WASHINGTON, DC 20530-0000 |
| 03/04/2011 | D2 | SR | SUMS COMPLAINT(17082169) SENT BY CERTIFIED MAIL. TO: WILLIAM E. FORGUES 401 CAMINO REAL ENGLEWOOD, FL 34224-0000 |

| 03/04/2011 D1 | SR | SUMS COMPLAINT(17082168) SENT BY CERTIFIED MAIL. TO: CHRISTINE J. FORGUES 401 CAMINO REAL ENGLEWOOD, FL 34224-0000 |
| 03/04/2011 D5 | SR | SUMS COMPLAINT(17082172) SENT BY CERTIFIED MAIL. TO: STATE OF OHIO DEPT OF TAXATION 150 E GAY STREET COLUMBUS, OH 43215-0000 |
| 03/08/2011 D4 | SR | CERTIFIED MAIL RECEIPT NO. 17082171 RETURNED BY U.S. MAIL DEPARTMENT 03/08/2011 UNITED STATES OF AMERICA MAIL RECEIVED AT ADDRESS 03/07/2011 SIGNED BY OTHER. |
| 03/08/2011 D2 | SR | SUMS COMPLAINT(17124797) SENT BY CERTIFIED MAIL. TO: WILLIAM E. FORGUES 15109 MERRIMEADE DRIVE CLEVELAND, OH 44111-0000 |
| 03/08/2011 D1 | SR | SUMS COMPLAINT(17124796) SENT BY CERTIFIED MAIL. TO: CHRISTINE J. FORGUES 15109 MERRIMEADE DRIVE CLEVELAND, OH 44111-0000 |
| 03/10/2011 D5 | SR | CERTIFIED MAIL RECEIPT NO. 17082172 RETURNED BY U.S. MAIL DEPARTMENT 03/10/2011 STATE OF OHIO DEPT OF TAXATION MAIL RECEIVED AT ADDRESS 03/08/2011 SIGNED BY OTHER. |
| 03/17/2011 D4 | AN | D4 UNITED STATES OF AMERICA ANSWER ................ JAMES R. BENNETT 0071663 |
| 03/21/2011 D1 | SR | INSTRUCTION FOR SERVICE ON CHRISTINE J.FORGUES,WILLIAM E.FORGUES AND THE UNITED STATES OF AMERICA SENT BY CERTIFIED MAIL FILED. |
| 03/22/2011 D2 | SR | CERTIFIED MAIL RECEIPT NO. 17082169 RETURNED 03/22/2011 FAILURE OF SERVICE ON DEFENDANT FORGUES/WILLIAM/E. - NO REASON INDICATED NOTICE MAILED TO PLAINTIFF(S) ATTORNEY |
| 03/22/2011 D1 | CS | WRIT FEE |
| 03/22/2011 D1 | CS | WRIT FEE |
| 03/22/2011 D2 | CS | WRIT FEE |
| 03/22/2011 D2 | CS | WRIT FEE |
| 03/22/2011 D3 | CS | WRIT FEE |
| 03/24/2011 D2 | SR | SUMS COMPLAINT(17222068) SENT BY CERTIFIED MAIL. TO: WILLIAM E. FORGUES 401 CAMINO REAL ENGLEWOOD, FL 34224-0000 |
| 03/24/2011 D2 | SR | SUMS COMPLAINT(17222067) SENT BY CERTIFIED MAIL. TO: WILLIAM E. FORGUES 15109 MERRIMEADE DRIVE CLEVELAND, OH 44111-0000 |
| 03/24/2011 D1 | SR | SUMS COMPLAINT(17222070) SENT BY CERTIFIED MAIL. TO: CHRISTINE J. FORGUES 401 CAMINO REAL ENGLEWOOD, FL 34224-0000 |
| 03/24/2011 D1 | SR | SUMS COMPLAINT(17222069) SENT BY CERTIFIED MAIL. TO: CHRISTINE J. FORGUES 15109 MERRIMEADE DRIVE CLEVELAND, OH 44111-0000 |
| 03/24/2011 D3 | SR | SUMS COMPLAINT(17222066) SENT BY CERTIFIED MAIL. TO: UNITED STATES OF AMERICA 950 PENNSYLVANIA AVE NW WASHINGTON, DC 20530-0000 |
| 03/28/2011 D1 | SR | CERTIFIED MAIL RECEIPT NO. 17222069 RETURNED BY U.S. MAIL DEPARTMENT 03/28/2011 FORGUES/CHRISTINE/J. MAIL RECEIVED AT ADDRESS 03/25/2011 SIGNED BY OTHER. |
| 03/28/2011 D2 | SR | CERTIFIED MAIL RECEIPT NO. 17222067 RETURNED BY U.S. MAIL DEPARTMENT 03/28/2011 FORGUES/WILLIAM/E. MAIL RECEIVED BY ADDRESSEE 03/25/2011. |

| 03/31/2011 D2 | SR | CERTIFIED MAIL RECEIPT NO. 17124797 RETURNED 03/31/2011 FAILURE OF SERVICE ON DEFENDANT FORGUES/WILLIAM/E. - UNCLAIMED NOTICE MAILED TO PLAINTIFF(S) ATTORNEY |
| 03/31/2011 D1 | SR | CERTIFIED MAIL RECEIPT NO. 17124796 RETURNED 03/31/2011 FAILURE OF SERVICE ON DEFENDANT FORGUES/CHRISTINE/J. - UNCLAIMED NOTICE MAILED TO PLAINTIFF(S) ATTORNEY |
| 04/01/2011 D1 | SR | CERTIFIED MAIL RECEIPT NO. 17222070 RETURNED 04/01/2011 FAILURE OF SERVICE ON DEFENDANT FORGUES/CHRISTINE/J. - NOT DELIVRBL AS ADDR NOTICE MAILED TO PLAINTIFF(S) ATTORNEY |
| 04/01/2011 D2 | SR | CERTIFIED MAIL RECEIPT NO. 17222068 RETURNED 04/01/2011 FAILURE OF SERVICE ON DEFENDANT FORGUES/WILLIAM/E. - NOT DELIVRBL AS ADDR NOTICE MAILED TO PLAINTIFF(S) ATTORNEY |
| 04/05/2011 D3 | SR | INSTRUCTION FOR SERVICE ON UNITED STATES OF AMERICA SENT BY CERTIFEID MAIL FILED. |
| 04/06/2011 D3 | CS | WRIT FEE |
| 04/07/2011 D3 | SR | SUMS COMPLAINT(17304667) SENT BY CERTIFIED MAIL. TO: UNITED STATES OF AMERICA 950 PENNSYLVANIA AVE NW WASHINGTON, DC 20530-0000 |
| 04/08/2011 D3 | SR | CERTIFIED MAIL RECEIPT NO. 17222066 RETURNED BY U.S. MAIL DEPARTMENT 04/08/2011 UNITED STATES OF AMERICA MAIL RECEIVED AT ADDRESS 03/31/2011 SIGNED BY OTHER. |
| 04/19/2011 D3 | SR | CERTIFIED MAIL RECEIPT NO. 17304667 RETURNED BY U.S. MAIL DEPARTMENT 04/18/2011 UNITED STATES OF AMERICA MAIL RECEIVED AT ADDRESS 04/12/2011 SIGNED BY OTHER. |
| 04/27/2011 D3 | SR | CERTIFIED MAIL RECEIPT NO. 17082170 RETURNED BY U.S. MAIL DEPARTMENT 04/27/2011 UNITED STATES OF AMERICA MAIL RECEIVED AT ADDRESS 04/19/2011 SIGNED BY OTHER. |
| 04/28/2011 N/A | MG | A REVIEW OF THE DOCKET REVEALS THAT PLAINTIFF HAS PERFECTED SERVICE ON ALL DEFENDANTS. PLAINTIFF IS ORDERED TO SUBMIT, WITHIN TWENTY (20) DAYS OF THE DATE OF THIS ORDER, ANY DISPOSITIVE MOTIONS NECESSARY TO AFFIRMATIVELY PROSECUTE THE CASE, UPDATED TITLEWORK, AND A MILITARY AFFIDAVIT IF NECESSARY. FAILURE TO COMPLY WILL RESULT IN DISMISSAL OF THE CASE WITHOUT PREJUDICE. CLTMW 04/28/2011 NOTICE ISSUED |
| 05/04/2011 D1 | SR | CERTIFIED MAIL NUMBER 17082168 ADDRESSED TO CHRISTINE J. FORGUES(D1) NOT RETURNED BY THE U.S. POSTAL SERVICE AFTER 60 DAYS. NOTICE MAILED TO PLAINTIFF(S) ATTORNEY. |
| 05/09/2011 P1 | MO | P1 DEUTSCHE BANK NATIONAL TRUST COMPANY MOTION FOR ENLARGEMENT OF TIME.... EDWARD G BOHNERT 0004920 05/11/2011 - DENIED |
| 05/11/2011 N/A | JE | PLAINTIFF'S MOTION FOR ENLARGEMENT OF TIME IS DENIED, AS THE MOTION FAILS TO PROVIDE GOOD CAUSE FOR AN EXTENSION OF TIME TO FILE DISPOSITIVE MOTIONS, UPDATED TITLEWORK, AND A MILITARY AFFIDAVIT, AS SOUGHT BY PLAINTIFF. PLAINTIFF IS EXPECTED TO COMPLY WITH THE COURT'S 4/28/11 DISPOSITIVE MOTION ORDER. CLTMW 05/11/2011 NOTICE ISSUED |
| 05/20/2011 N/A | JE | A REVIEW OF THE DOCKET REVEALS THAT ON 4/28/11, THE COURT ORDERED PLAINTIFF TO SUBMIT, WITHIN TWENTY (20) DAYS OF THE DATE OF THE ORDER, ANY DISPOSITIVE MOTIONS NECESSARY TO PROSECUTE ITS CLAIMS OR THE CASE WOULD BE DISMISSED WITHOUT PREJUDICE. AS OF 5/20/11, PLAINTIFF FAILED TO COMPLY WITH THE COURT'S 4/28/11 DISPOSITIVE MOTION |

| | | | |
|---|---|---|---|
| | | | ORDER. PURSUANT TO THE COURT'S 4/28/11 ORDER AND THE CASE MANAGEMENT DIRECTIVE, THE CASE IS DISMISSED WITHOUT PREJUDICE. (FINAL). COURT COST ASSESSED TO THE PLAINTIFF(S). CLPAL 05/20/2011 NOTICE ISSUED |
| 05/20/2011 | D5 | AN | D5 STATE OF OHIO DEPT OF TAXATION ANSWER. AMY KELLER KAUFMAN 0073837 |
| 05/23/2011 | N/A | JE | PRE MEDIATION CONFERENCE SET FOR 06/20/2011 AT 10:00 AM. FAILURE OF THE PROPERTY OWNER, OR PROPERTY OWNER'S COUNSEL, TO APPEAR IN PERSON AT THE PRE-MEDIATION CONFERENCE WILL RESULT IN THE CASE BEING RETURNED TO THE FORECLOSURE DOCKET. FAILURE OF THE PLAINTIFF'S COUNSEL TO APPEAR IN PERSON AT THE PRE-MEDIATION CONFERENCE WILL RESULT IN DISMISSAL OF THE PLAINTIFF'S CLAIMS WITHOUT PREJUDICE. FAILURE OF COUNSEL FOR ANY OTHER PARTY WITH AFFIRMATIVE CLAIMS TO APPEAR WILL RESULT IN THE DISMISSAL OF THOSE CLAIMS WITHOUT PREJUDICE. PLEASE REPORT TO THE FORECLOSURE MEDIATION DEPARTMENT ON THE 10TH FLOOR OF THE JUSTICE CENTER, 1200 ONTARIO, CLEVELAND, OHIO, FOR THE PRE-MEDIATION CONFERENCE. **** PARTIES MUST ATTEND BOTH THE PRE-MEDIATION CONFERENCE AND THE FULL MEDIATION. FOR QUESTIONS CONTACT THE MEDIATION DEPARTMENT AT 216-698-7138. **** CLTMW 05/20/2011 NOTICE ISSUED |
| 05/25/2011 | N/A | SC | PRE MEDIATION CONFERENCE SCHEDULED FOR 06/20/2011 AT 10:00 AM IS CANCELLED. |
| 06/29/2011 | P1 | CS | REFUND CASE COST DEPOSIT TO REIMER, ARNOVITZ, CHERNEK & JEFFREY |

Print Page | Close Window | Disclaimers | Printer Friendly Version

Only the official court records available from the Cuyahoga County Clerk of Courts, available in person, should be relied upon as accurate and current.

For questions/comments please click here

© PROWARE 1997-2012

Case Parties


## Gerald E. Fuerst, Clerk of Courts
## Court of Common Pleas - Cuyahoga County, Ohio


# CASE PARTIES

Case Number: CV-10-727225

Case Title: DEUTSCHE BANK NATIONAL TRUST COMPANY vs. CHRISTINE J. FORGUES, ET AL

| | | | |
|---|---|---|---|
| PLAINTIFF (1) | DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR J.P. MORGAN MORTGAGE ACQUISITION TRUST 2007-CH5 ASSET BACKED PASS-THROUGH CERTIFICATES SERIES 2007-CH5 800 BROOKSEDGE BOULEVARD WESTERVILLE, OH 43081-0000 | ATTORNEY | EDWARD G BOHNERT (0004920) P.O. BOX 968 2450 EDISON BLVD. TWINSBURG, OH 44087-0000 Ph: 330-425-4201 Answer Filed: N/A |
| DEFENDANT (1) | CHRISTINE J. FORGUES AKA: CHRISTINE J.A. ANDRES DOUBRAVA AKA: CHRISTINE J. ANDRES 15109 MERRIMEADE DRIVE CLEVELAND, OH 44111-0000 | | |
| DEFENDANT (2) | WILLIAM E. FORGUES 15109 MERRIMEADE DRIVE CLEVELAND, OH 44111-0000 | | |
| DEFENDANT (3) | UNITED STATES OF AMERICA C/O U.S. ATTORNEY GENERAL 950 PENNSYLVANIA AVENUE NW WASHINGTON, DC 20530-0000 | | |
| DEFENDANT (4) | UNITED STATES OF AMERICA C/O U.S. ATTORNEY'S OFFICE 400 UNITED STATES COURTHOUSE 801 WEST SUPERIOR | ATTORNEY | JAMES R. BENNETT (0071663) 400 UNITED STATE COURT HOUSE 801 W. W. SUPERIOR AVE. |



AVENUE
CLEVELAND, OH 44113-0000

CLEVELAND, OH 44113-0000
Ph: 216-622-3988
Answer Filed: N/A

DEFENDANT (5) STATE OF OHIO
DEPARTMENT OF
TAXATION C/O OHIO
ATTORNEY GENERAL
150 EAST GAY STREET
21ST FLOOR
COLUMBUS, OH 43215-0000

Print Page | Close Window | Disclaimers | Printer Friendly Version

Only the official court records available from the Cuyahoga County Clerk of Courts, available in person, should be relied upon as accurate and current.

For questions/comments please click here

© PROWARE 1997-2010

| Form 668 (Y)(c) | Department of the Treasury - Internal Revenue Service |
|---|---|
| (Rev. February 2004) | **Notice of Federal Tax Lien** |

| Area:<br>SMALL BUSINESS/SELF EMPLOYED AREA #2<br>Lien Unit Phone: (800) 829-3903 | Serial Number | For Optional Use by Recording Office |
|---|---|---|

As provided by section 6321, 6322, and 6323 of the Internal Revenue Code, we are giving a notice that taxes (including interest and penalties) have been assessed against the following-named taxpayer. We have made a demand for payment of this liability, but it remains unpaid. Therefore, there is a lien in favor of the United States on all property and rights to property belonging to this taxpayer for the amount of these taxes, and additional penalties, interest, and costs that may accrue.

CUYAHOGA COUNTY
OFFICE OF FISCAL OFFICER - 1
FL 4/14/2011 9:35:18 AM
**201104149003**

Name of Taxpayer CHRISTINE FORGUES

Residence      15109 MERRIMEADE DR
               CLEVELAND, OH 44111-3046

**IMPORTANT RELEASE INFORMATION:** For each assessment listed below, unless notice of the lien is refiled by the date given in column (e), this notice shall, on the day following such date, operate as a certificate of release as defined in IRC 6325(a).

| Kind of Tax<br>(a) | Tax Period<br>Ending<br>(b) | Identifying Number<br>(c) | Date of<br>Assessment<br>(d) | Last Day for<br>Refiling<br>(e) | Unpaid Balance<br>of Assessment<br>(f) |
|---|---|---|---|---|---|
| 1040 | 12/31/2005 | | 06/30/2008 | 07/30/2018 | 28767.20 |

| Place of Filing | | | |
|---|---|---|---|
| | COUNTY FISCAL OFFICER<br>Cuyahoga County<br>Cleveland, OH 44113 | Total $ | 28767.20 |

This notice was prepared and signed at     DETROIT, MI                 , on this,

the    30th    day of    March     , 2011 .

| Signature | | Title<br>ACS SBSE<br>(800) 829-3903 | 22-00-0008 |
|---|---|---|---|
| for MICHAEL W. COX | | | |

(**NOTE:** Certificate of officer authorized by law to take acknowledgment is not essential to the validity of Notice of Federal Tax lien
Rev. Rul. 71-466, 1971 - 2 C.B. 409)

Part 1 - Kept By Recording Office

Form 668(Y)(c) (Rev. 2-2004)
CAT. NO 60025X

Description: Cuyahoga,OH Document-Year.Date.DocID 2011.414.9003 Page: 1 of 1
Order: 6958 Comment:

EXHIBIT

15109 Merrimeade Drive
Cleveland, OH



**Judicial Report**

**SUPPLEMENTAL PRELIMINARY JUDICIAL REPORT**

ISSUED BY

**First American Title Insurance Company**

POLICY NUMBER
5007339-84850

Guaranteed Party Name: Deutsche Bank National Trust Company, as Trustee for J.P. Morgan Mortgage Acquisition Trust 2007-CH5, Asset Backed Pass-Through Certificates, Series 2007-CH5

File No.:P10-2654-70 / F12-00223 / cao
Effective Date: March 12, 2012 @ 7:00 a.m.

### ALL EXCEPTIONS AND ADDITIONAL ENTRIES ARE ATTACHED ON SUBSEQUENT PAGES.

This examination is made for the use and benefit of the Guaranteed Party to said proceedings and the purchaser at judicial sale thereunder and is further subject to the Exclusions from coverage, the Exceptions contained in Schedule B and the Conditions and Stipulations of the Preliminary Judicial Report and any supplements related hereto.

By:
Authorized Countersignature, Michael F Lorber, Esq.
Nova Title Agency, Inc.
2450 Edison Blvd.
Twinsburg, OH 44087
(330) 405-3771

Judge:  DICK AMBROSE

CV 12 779307

CV12779307                    73162827

Page 1

Prepared for: Deutsche Bank National Trust Company, as Trustee for J.P. Morgan Mortgage Acquisition Trust 2007-CH5, Asset Backed Pass-Through Certificates, Series 2007-CH5, as Requested by:  Reimer, Arnovitz, Chernek & Jeffrey Co., L.P.A.

15109 Merrimeade Drive
Cleveland, OH

## SUPPLEMENTAL PRELIMINARY JUDICIAL REPORT
### (Continued)

P10-2654-70 / F12-00223

1.  The Preliminary Judicial Report dated January 18, 2012 @ 7:00 a.m. is amended to extend the effective date to March 12, 2012 @ 7:00 a.m.

2.  Item 5 of Section B of the Preliminary Judicial Report dated March 12, 2012 @ 7:00 a.m. is amended as follows:

    Action for Money, Foreclosure and Relief:

    The following entries appear in the Cuyahoga County Common Pleas Court for Case No. CV-11-748992.

    **Deutsche Bank National Trust Company, as Trustee for J.P. Morgan Mortgage Acquisition Trust 2007-CH5, Asset Backed Pass-Through Certificates, Series 2007-CH5**800 Brooksedge Blvd.
    Westerville, OH 43081
    vs.
    **Christine J. Forgues aka Christine J.A. Andres Doubrava aka Christine J. Andres and William E. Forgues, et al.**
    401 Camino Real
    Englewood, FL 34224

    February 18, 2011 Foreclosure Case filed.
    **May 29, 2011:   CASE DISMISSED**
    **(SEE ATTACHED EXHIBIT "A")**

3.  Item 7 of Schedule B of the Preliminary Judicial Report dated March 12, 2012 @ 7:00 a.m. is amended as follows:

    The following appears on the Current General Tax Duplicate of the Cuyahoga County Treasurer for Parcel No. 025-24-054.

    (a)   Taxes for the First Half of 2011 in the amount of $1,393.47 are paid.
    (b)   Taxes for the Last Half of 2011 in the amount of $1,393.47 are a lien, but not yet due and payable.
    (c)   The taxes for the year 2012 are undetermined and a lien, but not yet due and payable.
    (d)   No Special Assessments appear on the current Tax Duplicate.

    | VALUATION: | LAND | BUILDING | TOTAL |
    |---|---|---|---|
    | | 9070 | 37280 | 46350 |

    **Property Address is known as:   15109 Merimeade Drive, Cleveland, OH (as per Cuyahoga County Tax Auditor)**



Gerald E. Fuerst, Clerk of Courts
Court of Common Pleas · Cuyahoga County, Ohio

## DOCKET INFORMATION

Printer Friendly Version

**Case Number:** CV-11-748992

**Case Title:** DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE vs. CHRISTINE J. FORGUES, ET AL

**Image Viewer:** AlternaTIFF

### DOCKET INFORMATION

| From Date | Sort | Type | Type | Type | Type | SearchType |
|---|---|---|---|---|---|---|
| ☐ / ☐ / ☐  ● | ◉ Ascending  ○ Descending  ● | ☒ | ☒ | ☒ | ☒ | Start Search |

| Date | Side | Type | Description | Image |
|---|---|---|---|---|
| 06/29/2011 | P1 | CS | REFUND CASE COST DEPOSIT TO REIMER, ARNOVITZ, CHERNEK & JEFFREY | |
| 05/25/2011 | N/A | SC | PRE MEDIATION CONFERENCE SCHEDULED FOR 06/20/2011 AT 10:00 AM IS CANCELLED. | |
| 05/23/2011 | N/A | JE | PRE MEDIATION CONFERENCE SET FOR 06/20/2011 AT 10:00 AM. FAILURE OF THE PROPERTY OWNER, OR PROPERTY OWNER'S COUNSEL, TO APPEAR IN PERSON AT THE PRE-MEDIATION CONFERENCE WILL RESULT IN THE CASE BEING RETURNED TO THE FORECLOSURE DOCKET. FAILURE OF THE PLAINTIFF'S COUNSEL TO APPEAR IN PERSON AT THE PRE-MEDIATION CONFERENCE WILL RESULT IN DISMISSAL OF THE PLAINTIFF'S CLAIMS WITHOUT PREJUDICE. FAILURE OF COUNSEL FOR ANY OTHER PARTY WITH AFFIRMATIVE CLAIMS TO APPEAR WILL RESULT IN THE DISMISSAL OF THOSE CLAIMS WITHOUT PREJUDICE. PLEASE REPORT TO THE FORECLOSURE MEDIATION DEPARTMENT ON THE 10TH FLOOR OF THE JUSTICE CENTER, 1200 ONTARIO, CLEVELAND, OHIO, FOR THE PRE-MEDIATION CONFERENCE. **** PARTIES MUST ATTEND BOTH THE PRE-MEDIATION CONFERENCE AND THE FULL MEDIATION. FOR QUESTIONS CONTACT THE MEDIATION DEPARTMENT AT 216-698-7138. **** CLTMW 05/20/2011 NOTICE ISSUED | 🖼 |
| 05/20/2011 | N/A | JE | A REVIEW OF THE DOCKET REVEALS THAT ON 4/28/11, THE COURT ORDERED PLAINTIFF TO SUBMIT, WITHIN TWENTY (20) DAYS OF THE DATE OF THE ORDER, ANY DISPOSITIVE MOTIONS NECESSARY TO PROSECUTE ITS CLAIMS OR THE CASE WOULD BE DISMISSED WITHOUT PREJUDICE. AS OF 5/20/11, PLAINTIFF FAILED TO COMPLY WITH THE COURT'S 4/28/11 DISPOSITIVE MOTION ORDER. PURSUANT TO THE COURT'S 4/28/11 ORDER AND THE CASE MANAGEMENT DIRECTIVE, THE CASE IS DISMISSED WITHOUT PREJUDICE. (FINAL). COURT COST ASSESSED TO THE PLAINTIFF(S). CLPAL 05/20/2011 NOTICE ISSUED | 🖼 |
| 05/20/2011 | D5 | AN | D5 STATE OF OHIO DEPT OF TAXATION ANSWER. AMY KELLER | |

EXHIBIT A

KAUFMAN 0073837

| 05/11/2011 N/A JE | PLAINTIFF'S MOTION FOR ENLARGEMENT OF TIME IS DENIED, AS THE MOTION FAILS TO PROVIDE GOOD CAUSE FOR AN EXTENSION OF TIME TO FILE DISPOSITIVE MOTIONS, UPDATED TITLEWORK, AND A MILITARY AFFIDAVIT, AS SOUGHT BY PLAINTIFF. PLAINTIFF IS EXPECTED TO COMPLY WITH THE COURT'S 4/28/11 DISPOSITIVE MOTION ORDER. CLTMW 05/11/2011 NOTICE ISSUED |

05/09/2011 P1  MO  P1 DEUTSCHE BANK NATIONAL TRUST COMPANY MOTION FOR ENLARGEMENT OF TIME.... EDWARD G BOHNERT 0004920 05/11/2011 - DENIED

05/04/2011 D1  SR  CERTIFIED MAIL NUMBER 17082168 ADDRESSED TO CHRISTINE J. FORGUES(D1) NOT RETURNED BY THE U.S. POSTAL SERVICE AFTER 60 DAYS. NOTICE MAILED TO PLAINTIFF(S) ATTORNEY.

04/28/2011 N/A MG  A REVIEW OF THE DOCKET REVEALS THAT PLAINTIFF HAS PERFECTED SERVICE ON ALL DEFENDANTS. PLAINTIFF IS ORDERED TO SUBMIT, WITHIN TWENTY (20) DAYS OF THE DATE OF THIS ORDER, ANY DISPOSITIVE MOTIONS NECESSARY TO AFFIRMATIVELY PROSECUTE THE CASE, UPDATED TITLEWORK, AND A MILITARY AFFIDAVIT IF NECESSARY. FAILURE TO COMPLY WILL RESULT IN DISMISSAL OF THE CASE WITHOUT PREJUDICE. CLTMW 04/28/2011 NOTICE ISSUED

04/27/2011 D3  SR  CERTIFIED MAIL RECEIPT NO. 17082170 RETURNED BY U.S. MAIL DEPARTMENT 04/27/2011 UNITED STATES OF AMERICA MAIL RECEIVED AT ADDRESS 04/19/2011 SIGNED BY OTHER.

04/19/2011 D3  SR  CERTIFIED MAIL RECEIPT NO. 17304667 RETURNED BY U.S. MAIL DEPARTMENT 04/18/2011 UNITED STATES OF AMERICA MAIL RECEIVED AT ADDRESS 04/12/2011 SIGNED BY OTHER.

04/08/2011 D3  SR  CERTIFIED MAIL RECEIPT NO. 17222066 RETURNED BY U.S. MAIL DEPARTMENT 04/08/2011 UNITED STATES OF AMERICA MAIL RECEIVED AT ADDRESS 03/31/2011 SIGNED BY OTHER.

04/07/2011 D3  SR  SUMS COMPLAINT(17304667) SENT BY CERTIFIED MAIL. TO: UNITED STATES OF AMERICA 950 PENNSYLVANIA AVE NW WASHINGTON, DC 20530-0000

04/06/2011 D3  CS  WRIT FEE

04/05/2011 D3  SR  INSTRUCTION FOR SERVICE ON UNITED STATES OF AMERICA SENT BY CERTIFEID MAIL FILED.

04/01/2011 D1  SR  CERTIFIED MAIL RECEIPT NO. 17222070 RETURNED 04/01/2011 FAILURE OF SERVICE ON DEFENDANT FORGUES/CHRISTINE/J. - NOT DELIVRBL AS ADDR NOTICE MAILED TO PLAINTIFF(S) ATTORNEY

04/01/2011 D2  SR  CERTIFIED MAIL RECEIPT NO. 17222068 RETURNED 04/01/2011 FAILURE OF SERVICE ON DEFENDANT FORGUES/WILLIAM/E. - NOT DELIVRBL AS ADDR NOTICE MAILED TO PLAINTIFF(S) ATTORNEY

03/31/2011 D2  SR  CERTIFIED MAIL RECEIPT NO. 17124797 RETURNED 03/31/2011 FAILURE OF SERVICE ON DEFENDANT FORGUES/WILLIAM/E. - UNCLAIMED NOTICE MAILED TO PLAINTIFF(S) ATTORNEY

03/31/2011 D1  SR  CERTIFIED MAIL RECEIPT NO. 17124796 RETURNED 03/31/2011 FAILURE OF SERVICE ON DEFENDANT FORGUES/CHRISTINE/J. - UNCLAIMED NOTICE MAILED TO PLAINTIFF(S) ATTORNEY

03/28/2011 D1  SR  CERTIFIED MAIL RECEIPT NO. 17222069 RETURNED BY U.S. MAIL DEPARTMENT 03/28/2011 FORGUES/CHRISTINE/J. MAIL RECEIVED AT ADDRESS 03/25/2011 SIGNED BY OTHER.

03/28/2011 D2  SR  CERTIFIED MAIL RECEIPT NO. 17222067 RETURNED BY U.S. MAIL

DEPARTMENT 03/28/2011 FORGUES/WILLIAM/E. MAIL RECEIVED BY ADDRESSEE 03/25/2011.

| 03/24/2011 | D2 | SR | SUMS COMPLAINT(17222068) SENT BY CERTIFIED MAIL. TO: WILLIAM E. FORGUES 401 CAMINO REAL ENGLEWOOD, FL 34224-0000 |
| 03/24/2011 | D2 | SR | SUMS COMPLAINT(17222067) SENT BY CERTIFIED MAIL. TO: WILLIAM E. FORGUES 15109 MERRIMEADE DRIVE CLEVELAND, OH 44111-0000 |
| 03/24/2011 | D1 | SR | SUMS COMPLAINT(17222070) SENT BY CERTIFIED MAIL. TO: CHRISTINE J. FORGUES 401 CAMINO REAL ENGLEWOOD, FL 34224-0000 |
| 03/24/2011 | D1 | SR | SUMS COMPLAINT(17222069) SENT BY CERTIFIED MAIL. TO: CHRISTINE J. FORGUES 15109 MERRIMEADE DRIVE CLEVELAND, OH 44111-0000 |
| 03/24/2011 | D3 | SR | SUMS COMPLAINT(17222066) SENT BY CERTIFIED MAIL. TO: UNITED STATES OF AMERICA 950 PENNSYLVANIA AVE NW WASHINGTON, DC 20530-0000 |
| 03/22/2011 | D2 | SR | CERTIFIED MAIL RECEIPT NO. 17082169 RETURNED 03/22/2011 FAILURE OF SERVICE ON DEFENDANT FORGUES/WILLIAM/E. - NO REASON INDICATED NOTICE MAILED TO PLAINTIFF(S) ATTORNEY |
| 03/22/2011 | D1 | CS | WRIT FEE |
| 03/22/2011 | D1 | CS | WRIT FEE |
| 03/22/2011 | D2 | CS | WRIT FEE |
| 03/22/2011 | D2 | CS | WRIT FEE |
| 03/22/2011 | D3 | CS | WRIT FEE |
| 03/21/2011 | D1 | SR | INSTRUCTION FOR SERVICE ON CHRISTINE J.FORGUES,WILLIAM E.FORGUES AND THE UNITED STATES OF AMERICA SENT BY CERTIFIED MAIL FILED. |
| 03/17/2011 | D4 | AN | D4 UNITED STATES OF AMERICA ANSWER ................ JAMES R. BENNETT 0071663 |
| 03/10/2011 | D5 | SR | CERTIFIED MAIL RECEIPT NO. 17082172 RETURNED BY U.S. MAIL DEPARTMENT 03/10/2011 STATE OF OHIO DEPT OF TAXATION MAIL RECEIVED AT ADDRESS 03/08/2011 SIGNED BY OTHER. |
| 03/08/2011 | D4 | SR | CERTIFIED MAIL RECEIPT NO. 17082171 RETURNED BY U.S. MAIL DEPARTMENT 03/08/2011 UNITED STATES OF AMERICA MAIL RECEIVED AT ADDRESS 03/07/2011 SIGNED BY OTHER. |
| 03/08/2011 | D2 | SR | SUMS COMPLAINT(17124797) SENT BY CERTIFIED MAIL. TO: WILLIAM E. FORGUES 15109 MERRIMEADE DRIVE CLEVELAND, OH 44111-0000 |
| 03/08/2011 | D1 | SR | SUMS COMPLAINT(17124796) SENT BY CERTIFIED MAIL. TO: CHRISTINE J. FORGUES 15109 MERRIMEADE DRIVE CLEVELAND, OH 44111-0000 |
| 03/04/2011 | D2 | CS | WRIT FEE |
| 03/04/2011 | D1 | CS | WRIT FEE |
| 03/04/2011 | D4 | SR | SUMS COMPLAINT(17082171) SENT BY CERTIFIED MAIL. TO: UNITED STATES OF AMERICA 400 UNITED STATES COURTHOUSE 801 W SUPERIOR AVE CLEVELAND, OH 44113-0000 |
| 03/04/2011 | D3 | SR | SUMS COMPLAINT(17082170) SENT BY CERTIFIED MAIL. TO: UNITED STATES OF AMERICA 950 PENNSYLVANIA AVE NW WASHINGTON, DC 20530-0000 |
| 03/04/2011 | D2 | SR | SUMS COMPLAINT(17082169) SENT BY CERTIFIED MAIL. TO: |

WILLIAM E. FORGUES 401 CAMINO REAL ENGLEWOOD, FL 34224-0000

03/04/2011 D1 SR SUMS COMPLAINT(17082168) SENT BY CERTIFIED MAIL. TO: CHRISTINE J. FORGUES 401 CAMINO REAL ENGLEWOOD, FL 34224-0000 

03/04/2011 D5 SR SUMS COMPLAINT(17082172) SENT BY CERTIFIED MAIL. TO: STATE OF OHIO DEPT OF TAXATION 150 E GAY STREET COLUMBUS, OH 43215-0000 

03/01/2011 N/A MG A REVIEW OF THE DOCKET REVEALS PLAINTIFF FILED A COMPLAINT ON 2/18/11, ALTHOUGH SERVICE HAS NOT YET BEEN PERFECTED. PLAINTIFF IS ORDERED TO PERFECT SERVICE PURSUANT TO CIV.R. 4(E), OR THE CASE WILL BE DISMISSED WITHOUT PREJUDICE. CLPAL 02/28/2011 NOTICE ISSUED

03/01/2011 N/A JE ALL AFFIDAVITS FILED IN RESIDENTIAL MORTGAGE FORECLOSURE CASES MUST INDICATE THAT THE AFFIANT HAS ACTUAL PERSONAL KNOWLEDGE OF THE FILE AND LOAN HISTORY IN QUESTION AND HAS PERSONALLY REVIEWED THE DOCUMENTS, RECORDS, OR OTHER DATA RELIED UPON TO MAKE THE STATEMENTS CONTAINED IN THE AFFIDAVIT. FAILURE TO PROVIDE APPROPRIATE AFFIDAVITS MAY RESULT IN MANDATORY PERSONAL ATTENDANCE OF AN AFFIANT FOR A HEARING, THE IMPOSITION OF SANCTIONS AND PENALTIES FOR PERJURY OR CONTEMPT, AND DISMISSAL OF THE CASE. BEFORE JUDGMENT IS ENTERED ON ANY CLAIM FOR FORECLOSURE AND/OR MONEY JUDGMENT IN A RESIDENTIAL MORTGAGE FORECLOSURE CASE, COUNSEL FOR PLAINTIFF AND ANY OTHER PARTY THAT ASSERTS A CLAIM FOR FORECLOSURE OR MONEY JUDGMENT MUST FILE AN AFFIDAVIT. THIS AFFIDAVIT MUST: 1) IDENTIFY THE COUNSEL OF RECORD AND HIS OR HER LAW FIRM. 2) PROVIDE THAT THE COUNSEL OF RECORD HAS REVIEWED THE FILE. 3) PROVIDE THAT THE COUNSEL OF RECORD HAS COMMUNICATED WITH A REPRESENTATIVE OF THE PARTY SEEKING FORECLOSURE AND/OR MONEY JUDGMENT AND THAT THIS REPRESENTATIVE HAS AFFIRMED THAT HE OR SHE HAS PERSONALLY REVIEWED THE DOCUMENTS, RECORDS, OR OTHER DATA RELATED TO THE CASE; HAS REVIEWED THE PLEADINGS AND OTHER COURT FILINGS IN THE CASE; AND HAS CONFIRMED BOTH THE FACTUAL ACCURACY OF THE PLEADINGS AND COURT FILINGS AND THE ACCURACY OF THE NOTARIZATIONS CONTAINED THEREIN. 4) PROVIDE THE FULL NAME OF THE REPRESENTATIVE DESCRIBED IN ITEM 3 AND THE DATE OR DATES OF THE COMMUNICATION. 5) CERTIFY THAT, TO THE BEST OF THE COUNSEL OF RECORD'S KNOWLEDGE, THE PLEADINGS AND OTHER COURT FILINGS IN SUPPORT OF THE CLAIMS FOR FORECLOSURE ARE COMPLETE AND ACCURATE IN ALL RELEVANT RESPECTS. 6) ACKNOWLEDGE THAT COUNSEL OF RECORD HAS A CONTINUING OBLIGATION TO AMEND AND SUPPLEMENT THE AFFIDAVIT IN LIGHT OF NEWLY DISCOVERED FACTS FOLLOWING ITS FILING. 7) BE SIGNED AND DATED BY COUNSEL OF RECORD. FAILURE TO SUBMIT AN APPROPRIATE AFFIDAVIT ON OR BEFORE THE DATE OF TRIAL, THE DATE THAT A MOTION FOR SUMMARY JUDGMENT IS RIPE FOR RULING, OR THE DATE OF DEFAULT HEARING, WHICHEVER IS APPLICABLE, WILL RESULT IN DISMISSAL OF THE CASE AND MAY RESULT IN FURTHER SANCTIONS. STANDARDIZED AFFIDAVIT FORMS ARE POSTED ON THE COUNTY WEBSITE. ALL AFFIDAVITS SUBMITTED PURSUANT TO THIS ORDER MUST BE IN THE FORMAT OF THESE STANDARDIZED AFFIDAVIT FORMS. IN LIEU OF THIS AFFIDAVIT: 1)

IN CASES WHERE CLIENT AFFIDAVITS HAVE BEEN FILED, THE AFFIANT OR AFFIANTS MUST APPEAR AT THE HEARING OF THE MATTER AND TESTIFY REGARDING THOSE AFFIDAVITS. THE REPRESENTATIVE MUST APPEAR IN PERSON AND TELEPHONIC APPEARANCE WILL NOT BE PERMITTED. IF MULTIPLE CLIENT AFFIDAVITS ARE FILED IN THE CASE AND ARE EXECUTED BY MORE THAT ONE AFFIANT, EACH AFFIANT MUST APPEAR AT THE HEARING OF THE MATTER. 2) IN CASES WERE NO CLIENT AFFIDAVITS HAVE BEEN FILED, AN OFFICER OF THE PARTY SEEKING FORECLOSURE MUST APPEAR AT THE HEARING OF THE MATTER AND TESTIFY IN SUPPORT OF THE ALLEGATIONS OF THE COMPLAINT AND CONTENTS OF OTHER DOCUMENTS OR COURT FILINGS. THE OFFICER OF THE PARTY SEEKING FORECLOSURE MUST APPEAR IN PERSON AND TELEPHONIC APPEARANCE WILL NOT BE PERMITTED. 3) IN CASES WHERE NO HEARING IS SCHEDULED BEFORE THE ENTRY OF JUDGMENT (SUCH AS SOME SUMMARY JUDGMENT CASES), THE PARTY SEEKING FORECLOSURE MUST, CONTEMPORANEOUSLY WITH THE MOTION FOR SUMMARY JUDGMENT, MOVE TO SCHEDULE A HEARING AT WHICH THE AFFIANT MUST APPEAR. 4) THE AFFIANT OR OFFICER OF THE PARTY SEEKING FORECLOSURE WHO APPEARS IN COURT IN LIEU OF THE FILING OF A FORECLOSURE COUNSEL AFFIDAVIT MUST APPEAR WITH THE ORIGINAL PROMISSORY NOTE, INCLUDING ALL ENDORSEMENTS AND ALLONGES AND A CURRENT PAYMENT HISTORY FOR THE MORTGAGE LOAN AT ISSUE. THE AFFIANT OR OFFICER OF THE PARTY SEEKING FORECLOSURE MUST BE PREPARED TO TESTIFY THAT HE OR SHE HAS PERSONALLY REVIEWED THE DOCUMENTS, RECORDS OR OTHER DATA RELATED TO THE CASE, HAS REVIEWED THE PLEADINGS AND OTHER COURT FILINGS IN THE CASE AND HAS CONFIRMED BOTH THE FACTUAL ACCURACY OF THE FILINGS AND THE ACCURACY OF THE NOTARIZATIONS CONTAINED IN AFFIDAVITS FILED IN THE CASE, IF ANY. THE AFFIANT OR OFFICER OF THE PARTY SEEKING FORECLOSURE MUST BE PREPARED TO RESPOND TO THE QUESTIONING OF THE MAGISTRATE OR JUDGE PRESIDING OVER THE HEARING AND THE QUESTIONING OF ANY OTHER PARTY ATTENDING THE HEARING. 5) IF THE AFFIANT OR OFFICER OF THE PARTY SEEKING FORECLOSURE HAS BEEN PREVIOUSLY DEPOSED AND HAS TESTIFIED UNDER OATH REGARDING THE ABOVE REQUIRED INFORMATION, THE FILING OF THE TRANSCRIPT OF THAT DEPOSITION WILL SATISFY THE REQUIREMENTS OF THIS POLICY. FAILURE TO FILE AN ATTORNEY AFFIDAVIT OR DO ANY OF THE ALTERNATIVES TO FILING AN ATTORNEY AFFIDAVIT BEFORE THE CASE IS RIPE FOR THE ENTRY OF JUDGMENT WILL RESULT IN DISMISSAL OF THE CASE. ANY ITEMS REQUIRED BY THIS ORDER MUST BE FILED, DOCKETED, AND WALKED THROUGH TO THE MAGISTRATES' DEPARTMENT. CLPAL 02/28/2011 NOTICE ISSUED

| | | |
|---|---|---|
| 02/23/2011 D5 | CS | WRIT FEE |
| 02/23/2011 D4 | CS | WRIT FEE |
| 02/23/2011 D3 | CS | WRIT FEE |
| 02/23/2011 D2 | CS | WRIT FEE |
| 02/23/2011 D1 | CS | WRIT FEE |
| 02/23/2011 D1 | SR | FORECLOSURE MEDIATION. NOTICE GENERATED FOR 17082167 ON POST CARD ON CHRISTINE J. FORGUES 401 CAMINO REAL ENGLEWOOD, FL 34224-0000 |

| | | | |
|---|---|---|---|
| 02/22/2011 | N/A | SF | MAGISTRATE CHRISTOPHER E OLSZTYN ASSIGNED (MANUALLY) |
| 02/22/2011 | N/A | JE | IT IS ORDERED BY THE COURT THAT THIS CAUSE BE REFERRED TO THE COURT MAGISTRATE TO TRY THE ISSUES OF LAW AND FACT ARISING THEREIN AND REPORT WITHOUT UNNECESSARY DELAY. A PARTY SEEKING A DEFAULT JUDGMENT MUST FILE A MOTION FOR DEFAULT JUDGMENT. ONCE A CASE IS SET FOR DEFAULT JUDGMENT, THE MOTION FOR DEFAULT JUDGMENT MAY BE WITHDRAWN ONLY BY SEPARATE MOTION WITH GOOD CAUSE SHOWN. CLPAL 02/18/2011 NOTICE ISSUED |
| 02/18/2011 | P1 | SR | PRELIMINARY JUDICIAL REPORT FILED. |
| 02/18/2011 | P1 | SR | COMPLAINT FOR FORECLOSURE WITH REFORMATION FILED. SERVICE REQUEST - SUMMONS BY CERTIFIED MAIL TO THE DEFENDANT(S). |
| 02/18/2011 | N/A | SF | JUDGE SHIRLEY STRICKLAND SAFFOLD ASSIGNED (RANDOM); RE-FILED CASE, REASSIGNED TO ORIGINAL JUDGE, JUDGE DICK AMBROSE |
| 02/18/2011 | N/A | SF | JUDGE SHIRLEY STRICKLAND SAFFOLD ASSIGNED (RANDOM) |
| 02/18/2011 | P1 | SF | SPECIAL PROJECTS FUND FEE |
| 02/18/2011 | P1 | SF | LEGAL RESEARCH |
| 02/18/2011 | P1 | SF | LEGAL NEWS |
| 02/18/2011 | P1 | SF | LEGAL AID |
| 02/18/2011 | P1 | SF | COMPUTER FEE |
| 02/18/2011 | P1 | SF | CLERK'S FEE |
| 02/18/2011 | P1 | SF | DEPOSIT AMOUNT PAID REIMER, ARNOVITZ, CHERNEK & JEFFREY |
| 02/18/2011 | P1 | SF | DEPOSIT AMOUNT PAID REIMER, ARNOVITZ, CHERNEK & JEFFREY |
| 02/18/2011 | N/A | SF | CASE FILED |

Print Page | Close Window | Disclaimers | Printer Friendly Version

Only the official court records available from the Cuyahoga County Clerk of Courts, available in person, should be relied upon as accurate and current.

For questions/comments please click here

© PROWARE 1997-2012



73119033

# IN THE COURT OF COMMON PLEAS
## CUYAHOGA COUNTY, OHIO



DEUTSCHE BANK NATIONAL TR. CO.
    Plaintiff

Case No: CV-12-779307

Judge: DICK AMBROSE

CHRISTINE J. FORGUES AKA DOUBRAVA ETAL
    Defendant

## **JOURNAL ENTRY**

20 MAGISTRATE

IT IS ORDERED BY THE COURT THAT THIS CAUSE BE REFERRED TO THE COURT MAGISTRATE TO TRY THE ISSUES OF LAW AND FACT ARISING THEREIN AND REPORT WITHOUT UNNECESSARY DELAY.

A PARTY SEEKING A DEFAULT JUDGMENT MUST FILE A MOTION FOR DEFAULT JUDGMENT.

ONCE A CASE IS SET FOR DEFAULT JUDGMENT, THE MOTION FOR DEFAULT JUDGMENT MAY BE WITHDRAWN ONLY BY SEPARATE MOTION WITH GOOD CAUSE SHOWN.

_____

Judge Signature              03/29/2012

- 20
03/29/2012



73119036



# IN THE COURT OF COMMON PLEAS
# CUYAHOGA COUNTY, OHIO

DEUTSCHE BANK NATIONAL TR. CO.
    Plaintiff

Case No: CV-12-779307

Judge: DICK AMBROSE

CHRISTINE J. FORGUES AKA DOUBRAVA ETAL
    Defendant

## **JOURNAL ENTRY**

ALL NON-MILITARY CLIENT AFFIDAVITS FILED IN RESIDENTIAL MORTGAGE FORECLOSURE CASES MUST INDICATE THAT THE AFFIANT HAS ACTUAL PERSONAL KNOWLEDGE OF THE FILE AND LOAN HISTORY IN QUESTION AND HAS PERSONALLY REVIEWED THE DOCUMENTS, RECORDS, OR OTHER DATA RELIED UPON TO MAKE THE STATEMENTS CONTAINED IN THE AFFIDAVIT. ALL CLIENT EXECUTED MILITARY AFFIDAVITS FILED IN RESIDENTIAL MORTGAGE FORECLOSURE CASES MUST INDICATE THAT THE AFFIANT HAS ACTUAL PERSONAL KNOWLEDGE OF THE APPROPRIATE DEFENDANTS' MILITARY STATUS. FAILURE TO PROVIDE APPROPRIATE AFFIDAVITS MAY RESULT IN MANDATORY PERSONAL ATTENDANCE OF AN AFFIANT FOR A HEARING, THE IMPOSITION OF SANCTIONS AND PENALTIES FOR PERJURY OR CONTEMPT, AND DISMISSAL OF THE CASE.

BEFORE JUDGMENT IS ENTERED ON ANY CLAIM FOR FORECLOSURE AND/OR MONEY JUDGMENT IN A RESIDENTIAL MORTGAGE FORECLOSURE CASE, COUNSEL FOR PLAINTIFF AND ANY OTHER PARTY THAT ASSERTS A CLAIM FOR FORECLOSURE OR MONEY JUDGMENT MUST FILE AN AFFIDAVIT OR AFFIDAVITS.

IN REGARD TO NON-MILITARY CLIENT AFFIDAVITS, THIS AFFIDAVIT MUST:

1) IDENTIFY THE COUNSEL OF RECORD AND HIS OR HER LAW FIRM.
2) PROVIDE THAT THE COUNSEL OF RECORD HAS REVIEWED THE FILE.
3) PROVIDE THAT THE COUNSEL OF RECORD HAS COMMUNICATED WITH A REPRESENTATIVE OF THE PARTY SEEKING FORECLOSURE AND/OR MONEY JUDGMENT OR ITS SERVICER AND THAT THIS REPRESENTATIVE: HAS AFFIRMED THAT HE OR SHE HAS PERSONALLY REVIEWED THE DOCUMENTS, RECORDS, OR OTHER DATA RELATED TO THE CASE; HAS REVIEWED THE PLEADINGS AND OTHER COURT FILINGS IN THE CASE; AND HAS CONFIRMED BOTH THE FACTUAL ACCURACY OF THE PLEADINGS AND COURT FILINGS AND THE ACCURACY OF THE NOTARIZATIONS CONTAINED THEREIN.

4) PROVIDE THE FULL NAME OF THE REPRESENTATIVE DESCRIBED IN ITEM 3 AND THE DATE OR DATES OF THE COMMUNICATION.

5) CERTIFY THAT, TO THE BEST OF THE COUNSEL OF RECORD'S KNOWLEDGE, THE PLEADINGS AND OTHER COURT FILINGS IN SUPPORT OF THE CLAIMS FOR FORECLOSURE ARE COMPLETE AND ACCURATE IN ALL RELEVANT RESPECTS.

6) ACKNOWLEDGE THAT COUNSEL OF RECORD HAS A CONTINUING OBLIGATION TO AMEND AND SUPPLEMENT THE AFFIDAVIT IN LIGHT OF NEWLY DISCOVERED FACTS FOLLOWING ITS FILING.

7) BE SIGNED AND DATED BY COUNSEL OF RECORD.

IN REGARD TO CLIENT EXECUTED MILITARY AFFIDAVITS, THIS AFFIDAVIT MUST:

03/29/2012



73119036

1) IDENTIFY THE COUNSEL OF RECORD AND HIS OR HER LAW FIRM.

2) PROVIDE THAT THE COUNSEL OF RECORD HAS COMMUNICATED WITH THE AFFIANT OF THE MILITARY
   AFFIDAVIT AND THAT THE AFFIANT HAS AFFIRMED THAT HE OR SHE HAS PERSONALLY REVIEWED
   NECESSARY WEBSITE AND/OR DATABASE TO DETERMINE THE MILITARY
   STATUS OF THE APPROPRIATE DEFENDANTS.

3) PROVIDE THE FULL NAME OF THE AFFIANT DESCRIBED IN ITEM 2 AND THE DATE OR DATES OF
   THE COMMUNICATION.

4) CERTIFY THAT, TO THE BEST OF THE COUNSEL OF RECORD'S KNOWLEDGE, THE INFORMATION CONTAINED
   IN THE MILITARY AFFIDAVIT IS ACCURATE IN ALL RELEVANT RESPECTS.

5) ACKNOWLEDGE THAT COUNSEL OF RECORD HAS A CONTINUING OBLIGATION TO AMEND AND SUPPLEMENT
   THE AFFIDAVIT IN LIGHT OF NEWLY DISCOVERED FACTS FOLLOWING ITS FILING.

6) BE SIGNED AND DATED BY COUNSEL OF RECORD.

FAILURE TO SUBMIT AN APPROPRIATE AFFIDAVIT ON OR BEFORE THE DATE OF TRIAL, THE DATE THAT A
MOTION FOR SUMMARY JUDGMENT IS RIPE FOR RULING, OR THE DATE OF DEFAULT HEARING, WHICHEVER IS
APPLICABLE, WILL RESULT IN DISMISSAL OF THE CASE AND MAY RESULT IN FURTHER SANCTIONS.
STANDARDIZED AFFIDAVIT FORMS ARE POSTED ON THE CUYAHOGA COUNTY COURT OF COMMONPLEAS
WEBSITE HTTP://CP.CUYAHOGACOUNTY.US/INTERNET/COURTDOCS/MAGISTRATES/AFFIDAVIT (REV5).PDF. ALL
AFFIDAVITS SUBMITTED PURSUANT TO THIS ORDER MUST BE IN THE FORMAT OF THESE STANDARDIZED
AFFIDAVIT FORMS.

IN LIEU OF THIS AFFIDAVIT:
1) IN CASES WHERE CLIENT AFFIDAVITS HAVE BEEN FILED, THE AFFIANT OR AFFIANTS MUST APPEAR AT THE
   HEARING OF THE MATTER AND TESTIFY REGARDING THOSE AFFIDAVITS.  THE REPRESENTATIVE MUST
   APPEAR IN PERSON AND TELEPHONIC APPEARANCE WILL NOT BE PERMITTED.  IF MULTIPLE CLIENT
   AFFIDAVITS ARE FILED IN THE CASE AND ARE EXECUTED BY MORE THAN ONE AFFIANT, EACH AFFIANT
   MUST APPEAR AT THE HEARING OF THE MATTER.

2) IN CASES WHERE NO CLIENT AFFIDAVITS HAVE BEEN FILED, AN OFFICER OF THE PARTY SEEKING
   FORECLOSURE OR AN OFFICER OF ITS SERVICER MUST APPEAR AT THE HEARING OF THE MATTER AND
   TESTIFY IN SUPPORT OF THE ALLEGATIONS OF THE COMPLAINT AND CONTENTS OF OTHER DOCUMENTS
   OR COURT FILINGS.  THE OFFICER MUST APPEAR IN PERSON AND TELEPHONIC APPEARANCE WILL
   NOT BE PERMITTED.

3) IN CASES WHERE NO HEARING IS SCHEDULED BEFORE THE ENTRY OF JUDGMENT (SUCH AS SOME SUMMARY
   JUDGMENT CASES), THE OFFICER OF THE PARTY SEEKING FORECLOSURE MUST, CONTEMPORANEOUSLY WITH
   THE MOTION FOR SUMMARY JUDGMENT, MOVE TO SCHEDULE A HEARING AT WHICH THE AFFIANT MAY
   APPEAR.

4) WITH THE EXCEPTION OF AFFIANTS OF MILITARY AFFIDAVITS, THE AFFIANT OR AN OFFICER OF THE PARTY
   SEEKING FORECLOSURE OR OFFICER OF ITS SERVICER WHO APPEARS IN COURT IN LIEU OF THE FILING OF A
   FORECLOSURE COUNSEL AFFIDAVIT MUST APPEAR WITH THE ORIGINAL PROMISSORY NOTE, INCLUDING
   ALL ENDORSEMENTS AND ALLONGES AND A CURRENT PAYMENT HISTORY FOR THE MORTGAGE LOAN AT
   ISSUE.  THE AFFIANT OR AN OFFICER OF THE PARTY SEEKING FORECLOSURE OR OFFICER OF ITS SERVICER
   MUST BE PREPARED TO TESTIFY THAT HE OR SHE HAS PERSONALLY REVIEWED THE DOCUMENTS, RECORDS
   OR OTHER DATA RELATED TO THE CASE, HAS REVIEWED THE PLEADINGS AND OTHER COURT FILINGS IN
   THE CASE AND HAS CONFIRMED BOTH THE FACTUAL ACCURACY OF THE    FILINGS AND THE

03/29/2012



73119036

ACCURACY OF THE NOTARIZATIONS CONTAINED THEREIN, IF ANY.  THE AFFIANT OR AN OFFICER OF THE PARTY SEEKING FORECLOSURE OR OFFICER OF ITS SERVICER MUST BE PREPARED TO RESPOND TO THE QUESTIONING OF THE MAGISTRATE OR JUDGE PRESIDING OVER THE HEARING AND THE QUESTIONING OF ANY OTHER PARTY ATTENDING THE HEARING.

5) IF THE AFFIANT OR OFFICER OF THE PARTY SEEKING FORECLOSURE OR AN OFFICER OF ITS SERVICER HAS BEEN PREVIOUSLY DEPOSED AND HAS TESTIFIED UNDER OATH REGARDING THE ABOVE REQUIRED INFORMATION, THE FILING OF THE TRANSCRIPT OF THAT DEPOSITION WILL SATISFY THE REQUIREMENTS OF THIS POLICY.

FAILURE TO FILE AN ATTORNEY AFFIDAVIT OR DO ANY OF THE ALTERNATIVES TO FILING AN ATTORNEY AFFIDAVIT BEFORE THE CASE IS RIPE FOR THE ENTRY OF JUDGMENT WILL RESULT IN DISMISSAL OF THE CASE.

Judge Signature                           03/29/2012

03/29/2012

73142290

# IN THE COURT OF COMMON PLEAS
# CUYAHOGA COUNTY, OHIO



DEUTSCHE BANK NATIONAL TR. CO.
    Plaintiff

Case No: CV-12-779307

Judge: DICK AMBROSE
Magistrate: CHRISTOPHER E OLSZTYN

CHRISTINE J. FORGUES AKA DOUBRAVA ETAL
    Defendant

## MAGISTRATE'S ORDER

A REVIEW OF THE DOCKET REVEALS PLAINTIFF FILED A COMPLAINT ON 3/29/12, ALTHOUGH SERVICE HAS NOT YET BEEN PERFECTED.  PLAINTIFF IS ORDERED TO PERFECT SERVICE PURSUANT TO CIV.R. 4(E), OR THE CASE WILL BE DISMISSED WITHOUT PREJUDICE.

_____
Magistrate Signature

03/30/2012
CPCEO

03/30/2012

| CASE NO.<br>CV12779307 | D3 CM | SUMMONS NO.<br>19161663 |
| --- | --- | --- |

Rule 4 (B) Ohio

Rules of Civil
Procedure

DEUTSCHE BANK NATIONAL TR. CO.     **PLAINTIFF**
                    VS
CHRISTINE J. FORGUES AKA DOUBRAVA AKA     **DEFENDANT**
        ANDRES ETAL

**SUMMONS**

WILLIAM E. FORGUES
15109 MERRIMEADE DRIVE
CLEVELAND OH 44111-0000

You have been named defendant in a complaint
(copy attached hereto) filed in Cuyahoga County
Court of Common Pleas, Cuyahoga County Justice
Center, Cleveland, Ohio 44113, by the plaintiff
named herein.

You are hereby summoned and required to
answer the complaint within 28 days after service
of this summons upon you, exclusive of the day of
service.

Said answer is required to be served on:



**Plaintiff's Attorney**

EDWARD G BOHNERT
P.O. BOX 968

2450 EDISON BLVD.
TWINSBURG, OH 44087-0000

Said answer is required to be served on Plaintiff's
Attorney (Address denoted by arrow at left.)

Your answer must also be filed with the court
within 3 days after service of said answer on
plaintiff's attorney.

If you fail to do so, judgment by default will be
rendered against you for the relief demanded in the
complaint.

Case has been assigned to Judge:

DICK AMBROSE
Do not contact judge. Judge's name is given for
attorney's reference only.

GERALD E. FUERST
Clerk of the Court of Common Pleas

| DATE<br>Apr 2, 2012 |
| --- |

By_____
                Deputy

COMPLAINT FILED   03/29/2012



| CASE NO. | | SUMMONS NO. |
|---|---|---|
| CV12779307 | D5 CM | 19161664 |

Rule 4 (B) Ohio

Rules of Civil
Procedure

DEUTSCHE BANK NATIONAL TR. CO.         **PLAINTIFF**
                    VS
CHRISTINE J. FORGUES AKA DOUBRAVA AKA   **DEFENDANT**
            ANDRES ETAL

**SUMMONS**

UNITED STATES OF AMERICA
C/O U.S. ATTORNEY GENERAL
950 PENNSYLANIA AVENUE NORTHWEST
WASHINGTON DC 20530-0000

You have been named defendant in a complaint (copy attached hereto) filed in Cuyahoga County Court of Common Pleas, Cuyahoga County Justice Center, Cleveland, Ohio 44113, by the plaintiff named herein.

**Said answer is required to be served on:**



You are hereby summoned and required to answer the complaint within 28 days after service of this summons upon you, exclusive of the day of service.

Said answer is required to be served on Plaintiff's Attorney (Address denoted by arrow at left.)

**Plantiff's Attorney**

EDWARD G BOHNERT
P.O. BOX 968

2450 EDISON BLVD.
TWINSBURG, OH 44087-0000

Your answer must also be filed with the court within 3 days after service of said answer on plaintiff's attorney.

If you fail to do so, judgment by default will be rendered against you for the relief demanded in the complaint.

**Case has been assigned to Judge:**

DICK AMBROSE
Do not contact judge. Judge's name is given for attorney's reference only.

GERALD E. FUERST
Clerk of the Court of Common Pleas

| DATE |
|---|
| Apr 2, 2012 |

By _____
           Deputy

COMMON PLEAS COURT
CUYAHOGA COUNTY, OHIO

COMPLAINT FILED   03/29/2012

CMSN130

| CASE NO. | D1 CM | SUMMONS NO. |
|---|---|---|
| CV12779307 | | 19161661 |

Rule 4 (B) Ohio

Rules of Civil Procedure

**SUMMONS**

DEUTSCHE BANK NATIONAL TR. CO.  **PLAINTIFF**
vs
CHRISTINE J. FORGUES AKA DOUBRAVA AKA  **DEFENDANT**
ANDRES ETAL

CHRISTINE J. FORGUES
AKA CHRISTINE J.A. ANDRES DOUBRAVA
AKA CHRISTINE J. ANDRES
15109 MERRIMEADE DRIVE
CLEVELAND OH 44111-0000

You have been named defendant in a complaint (copy attached hereto) filed in Cuyahoga County Court of Common Pleas, Cuyahoga County Justice Center, Cleveland, Ohio 44113, by the plaintiff named herein.

You are hereby summoned and required to answer the complaint within 28 days after service of this summons upon you, exclusive of the day of service.

Said answer is required to be served on:



Said answer is required to be served on Plaintiff's Attorney (Address denoted by arrow at left.)

**Plaintiff's Attorney**

EDWARD G BOHNERT
P.O. BOX 968

2450 EDISON BLVD.
TWINSBURG, OH 44087-0000

Your answer must also be filed with the court within 3 days after service of said answer on plaintiff's attorney.

If you fail to do so, judgment by default will be rendered against you for the relief demanded in the complaint.

Case has been assigned to Judge:

DICK AMBROSE
Do not contact judge. Judge's name is given for attorney's reference only.

GERALD E. FUERST
Clerk of the Court of Common Pleas

| DATE |
|---|
| Apr 2, 2012 |

By _____
Deputy

COMPLAINT FILED   03/29/2012



CMSN130

**SUMMONS IN A CIVIL ACTION** — COURT OF COMMON PLEAS, CUYAHOGA COUNTY JUSTICE CENTER
CLE _ .. _J, OHIO 44113

| CASE NO.<br>CV12779307 | D2 CM | SUMMONS NO.<br>19161662 |
| --- | --- | --- |

Rule 4 (B) Ohio

Rules of Civil
Procedure

```
      DEUTSCHE BANK NATIONAL TR. CO.      PLAINTIFF
                     VS
   CHRISTINE J. FORGUES AKA DOUBRAVA AKA   DEFENDANT
               ANDRES ETAL
```

**SUMMONS**

```
JOHN DOE, UNK SPOUSE, IF ANY, OF
CHRISTINE J. FORGUES
AKA CHRISTINE J.A. ANDRES DOUBRAVA
AKA CHRISTINE J. ANDRES
15109 MERRIMEADE DRIVE
CLEVELAND OH 44111-0000
```

You have been named defendant in a complaint
(copy attached hereto) filed in Cuyahoga County
Court of Common Pleas, Cuyahoga County Justice
Center, Cleveland, Ohio 44113, by the plaintiff
named herein.

You are hereby summoned and required to
answer the complaint within 28 days after service
of this summons upon you, exclusive of the day of
service.

**Said answer is required to be served on:**



Said answer is required to be served on Plaintiff's
Attorney (Address denoted by arrow at left.)

**Plaintiff's Attorney**

```
EDWARD G BOHNERT
P.O. BOX 968

2450 EDISON BLVD.
TWINSBURG, OH 44087-0000
```

Your answer must also be filed with the court
within 3 days after service of said answer on
plaintiff's attorney.

If you fail to do so, judgment by default will be
rendered against you for the relief demanded in the
complaint.

**Case has been assigned to Judge:**

```
DICK AMBROSE
Do not contact judge. Judge's name is given for
attorney's reference only.
```

GERALD E. FUERST
Clerk of the Court of Common Pleas

| DATE<br>Apr 2, 2012 | By_____<br>Deputy |
| --- | --- |

COMPLAINT FILED   03/29/2012

Case: 1:17-cv-00546-DCN Doc #: 1-3 Filed: 03/16/17 98 of 348. PageID #: 122

| CASE NO. | D6 CM | SUMMONS NO. |
|---|---|---|
| CV12779307 | | 19161665 |

Rule 4 (B) Ohio

Rules of Civil
Procedure

DEUTSCHE BANK NATIONAL TR. CO. **PLAINTIFF**
VS
CHRISTINE J. FORGUES AKA DOUBRAVA AKA **DEFENDANT**
ANDRES ETAL

**SUMMONS**

UNITED STATES OF AMERICA
C/O U.S. ATTORNEY'S OFFICE
400 UNITED STATES COURTHOUSE
801 WEST SUPERIOR AVENUE

CLEVELAND OH 44113-0000

You have been named defendant in a complaint (copy attached hereto) filed in Cuyahoga County Court of Common Pleas, Cuyahoga County Justice Center, Cleveland, Ohio 44113, by the plaintiff named herein.

You are hereby summoned and required to answer the complaint within 28 days after service of this summons upon you, exclusive of the day of service.

Said answer is required to be served on:



Said answer is required to be served on Plaintiff's Attorney (Address denoted by arrow at left.)

**Plaintiff's Attorney**

EDWARD G BOHNERT
P.O. BOX 968

2450 EDISON BLVD.
TWINSBURG, OH 44087-0000

Your answer must also be filed with the court within 3 days after service of said answer on plaintiff's attorney.

If you fail to do so, judgment by default will be rendered against you for the relief demanded in the complaint.

Case has been assigned to Judge:

DICK AMBROSE
Do not contact judge. Judge's name is given for attorney's reference only.

GERALD E. FUERST
Clerk of the Court of Common Pleas

**DATE**
Apr 2, 2012

By _____
Deputy

COMPLAINT FILED  03/29/2012

CMSN130

# SUMMONS IN A CIVIL ACTION — COURT OF COMMON PLEAS, CUYAHOGA COUNTY JUSTICE CENTER

CLEVELAND, Ohio 44113

| CASE NO. | | SUMMONS NO. |
|---|---|---|
| CV12779307 | D7 CM | 19161666 |

Rule 4 (B) Ohio

Rules of Civil
Procedure

DEUTSCHE BANK NATIONAL TR. CO.  **PLAINTIFF**
VS
CHRISTINE J. FORGUES AKA DOUBRAVA AKA  **DEFENDANT**
ANDRES ETAL

**SUMMONS**

STATE OF OHIO DEPARTMENT OF TAXATION
C/O OHIO ATTORNEY GENERAL
150 EAST GAY STREET
COLUMBUS OH 43215-0000

You have been named defendant in a complaint
(copy attached hereto) filed in Cuyahoga County
Court of Common Pleas, Cuyahoga County Justice
Center, Cleveland, Ohio 44113, by the plaintiff
named herein.

You are hereby summoned and required to
answer the complaint within 28 days after service
of this summons upon you, exclusive of the day of
service.

**Said answer is required to be served on:**



**Plaintiff's Attorney**

EDWARD G BOHNERT
P.O. BOX 968

2450 EDISON BLVD.
TWINSBURG, OH 44087-0000

Said answer is required to be served on Plaintiff's
Attorney (Address denoted by arrow at left.)

Your answer must also be filed with the court
within 3 days after service of said answer on
plaintiff's attorney.

If you fail to do so, judgment by default will be
rendered against you for the relief demanded in the
complaint.

**Case has been assigned to Judge:**

DICK AMBROSE
Do not contact judge. Judge's name is given for
attorney's reference only.

GERALD E. FUERST
Clerk of the Court of Common Pleas

| DATE |
|---|
| Apr 2, 2012 |

By _____
Deputy

COMPLAINT FILED 03/29/2012



CMSN130

**SUMMONS IN A CIVIL ACTION    COURT OF COMMON PLEAS, CUYAHOGA COUNTY JUSTICE CENTER**

| CASE NO. | | SUMMONS NO. |
|---|---|---|
| CV12779307 | D8 CM | 19161667 |

Rule 4 (B) Ohio

Rules of Civil
Procedure

| DEUTSCHE BANK NATIONAL TR. CO. | **PLAINTIFF** |
|---|---|
| VS | |
| CHRISTINE J. FORGUES AKA DOUBRAVA AKA ANDRES ETAL | **DEFENDANT** |

**SUMMONS**

STATE OF OHIO ESTATE TAX DIVISION
C/O OHIO ATTORNEY GENERAL
150 ESAT GAY STREET
COLUMBUS OH 43215-0000

You have been named defendant in a complaint (copy attached hereto) filed in Cuyahoga County Court of Common Pleas, Cuyahoga County Justice Center, Cleveland, Ohio 44113, by the plaintiff named herein.

You are hereby summoned and required to answer the complaint within 28 days after service of this summons upon you, exclusive of the day of service.

Said answer is required to be served on:



Said answer is required to be served on Plaintiff's Attorney (Address denoted by arrow at left.)

Plantiff's Attorney

EDWARD G BOHNERT
P.O. BOX 968

2450 EDISON BLVD.
TWINSBURG, OH 44087-0000

Your answer must also be filed with the court within 3 days after service of said answer on plaintiff's attorney.

If you fail to do so, judgment by default will be rendered against you for the relief demanded in the complaint.

Case has been assigned to Judge:

DICK AMBROSE
Do not contact judge. Judge's name is given for attorney's reference only.

GERALD E. FUERST
Clerk of the Court of Common Pleas

| DATE | |
|---|---|
| Apr 2, 2012 | By _____ |
| | Deputy |

COMPLAINT FILED   03/29/2012



CMSN130

14

 

73762571



# IN THE COURT OF COMMON PLEAS
# CUYAHOGA COUNTY, OHIO

DEUTSCHE BANK NATIONAL TR. CO.
    Plaintiff

Case No: CV-12-779307

Judge: DICK AMBROSE

CHRISTINE J. FORGUES AKA DOUBRAVA AKA
ANDRES ETAL
    Defendant

## JOURNAL ENTRY

40 ADR

UPON REVIEW OF THE REQUEST FOR MEDIATION, THE MEDIATOR HAS MADE A PRELIMINARY FINDING THAT THE CASE MAY BE SUITABLE FOR MEDIATION.  ALL DISCOVERY AND MOTION PRACTICE IS STAYED PENDING THE MEDIATOR'S FINAL DETERMINATION OF SUITABILITY OF THE CASE FOR MEDIATION.  THE CASE WILL BE SET FOR PRE-MEDIATION CONFERENCE BY SEPARATE ORDER.  PLAINTIFF'S COUNSEL AND PROPERTY OWNER SHALL APPEAR AT THE PRE-MEDIATION CONFERENCE.  FAILURE OF PLAINTIFF'S COUNSEL TO APPEAR WILL RESULT IN DISMISSAL OF THE CASE.  FAILURE OF THE PROPERTY OWNER TO APPEAR WILL RESULT IN THE RETURN OF THE CASE TO THE FORECLOSURE MAGISTRATE FOR FURTHER PROCEEDINGS.  IF THE PARTY SEEKING FORECLOSURE WOULD LIKE THE PROPERTY OWNER TO COMPLETE A LOSS MITIGATION FORM DIFFERENT FROM THE COURT'S STANDARD OWNER'S MEDIATION QUESTIONNAIRE, SAID PARTY MUST BRING A COPY OF THE APPROPRIATE LOSS MITIGATION FORM TO THE PRE-MEDIATION CONFERENCE.

_____
Judge Signature              05/14/2012

- 40
05/14/2012

IN THE COURT OF COMMON PLEAS
CUYHOGA COUNTY, OHIO

DEUTSCHE BANK )
NATIONAL TRUST COMPANY )  Case No. CV12779307
)
Plaintiff, )  Judge DICK AMBROSE
)
vs. )  ANSWER OF THE
)  UNITED STATES OF AMERICA
CHRISTINE J. FORGUES, et al., )
)
Defendants. )

Now comes the Defendant, United States of America, and for its Answer to the

Plaintiff's Complaint, states as follows:

FIRST DEFENSE

1. The Defendant admits that it has an interest in the property set forth in the

Plaintiff's Complaint by virtue of the liens arising under the internal revenue laws, as averred in

the Complaint, in the total assessed amount of $144,032.08, plus interest and penalties from the

dates of assessment, notice of which was filed with the county recorder on December 3, 2004, as

provided by law.

2. The Defendant admits that it has an interest in the property set forth in the

Plaintiff's Complaint by virtue of the liens arising under the internal revenue laws, as averred in

the Complaint, in the total assessed amount of $28,767.20, plus interest and penalties from the

dates of assessment, notice of which was filed with the county recorder on April 14, 2011 , as

provided by law.

3. The Defendant is without knowledge or information sufficient to form a belief as

to the truth of the other averments in the Plaintiff's Complaint.



12779307                      73880671

SECOND DEFENSE

4. The Defendant objects to the release of any lien of the United States not specifically averred in the Complaint.

THIRD DEFENSE

5. The Defendant reserves its right to redeem as provided in 28 U.S.C. § 2410(c).

FOURTH DEFENSE

6. Insufficiency of service of process.

WHEREFORE, the Defendant, United States of America, demands that its tax liens be found to be good, valid and subsisting liens on the subject property; that its priority, as provided by law, be protected; that its right to redeem, as provided in 28 U.S.C. § 2410(c), be preserved; and that the court grant such other and further relief which the Defendant may be entitled to.

Respectfully submitted,

Steven M. Dettelbach
UNITED STATES ATTORNEY

By:     _Lori White Laisure_ (signature)
Lori White Laisure (#0060084)
Assistant United States Attorney
Carl B. Stokes U.S. Courthouse
801 W. Superior Ave., Suite 400
Cleveland, Ohio 44113-1852
Phone: (216) 622-3911
Facsimile: (216) 522-4982
Email: Lori.W.Laisure@usdoj.gov

Attorneys for the Defendant
United States of America

3

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Answer of the United States of America was forwarded by regular U. S. Mail this _15_ day of May, 2012, to counsel for Plaintiff and all Defendants or their respective counsel.

By: _____
Lori White Laisure
Assistant U.S. Attorney
Phone: (216) 622-3911

**U.S. Department of Justice**

*United States Attorney*
*Northern District of Ohio*

---

*400 United States Court House*
*801 West Superior Avenue*
*Cleveland, Ohio 44113-1852*

May 9, 2012

The Clerk of Courts
Court of Common Pleas
Justice Center, 1st Floor
1200 Ontario St.
Cleveland, OH 44113-1664

     Re:    Deutsche Bank National Trust Company vs. Christine J. Forgues, et al.
             Cuyahoga County CPC Number:  CV12779307

Dear Clerk:

     Please be advised that the United States will stand on its pleading in the above-captioned case as set forth in its Answer enclosed herewith.  We would appreciate it if the court would consider such pleading as an appearance for purposes of hearings.  Please incorporate this letter into the court file for the court's attention.  A copy has been mailed to all of the parties, or their counsel of record.

     Please return a file-stamped copy of the answer in the envelope which has been enclosed.

     Thank you for your assistance.

                         Sincerely yours,

                         Lori White Laisure
                         Assistant U.S. Attorney
                         Phone: (216) 622-3911

SFU/das

Enclosure

Copy to:  All parties and/or counsel of record



# NOTICE

Please be advised that pursuant to 28 U.S.C. § 2410(c), where a sale of real estate is made to satisfy a lien prior to that of the United States, with certain exceptions set forth in the statute, the United States has one year from the date of sale within which to redeem, except that with respect to a lien arising under the internal revenue laws the period within which to redeem is 120 days or the period allowable for redemption under state law, whichever is longer.  The effect of this statute cannot be abrogated by state law.  *United States v. John Hancock Mutual Life Insurance Co.*, 364 U.S. 301 (1960).  Therefore, it is very important that in preparing your judgment entry that you include the following language:

> There shall be no further equity of redemption, except that with respect to any lien of the United States, the United States shall have the right to redeem within the time period provided by 28 U.S.C. § 2410(c).



73848298

# IN THE COURT OF COMMON PLEAS
# CUYAHOGA COUNTY, OHIO

DEUTSCHE BANK NATIONAL TR. CO.
    Plaintiff

Case No: CV-12-779307

Judge: DICK AMBROSE

EDP

CHRISTINE J. FORGUES AKA DOUBRAVA AKA
ANDRES ETAL
    Defendant

## JOURNAL ENTRY

PRE MEDIATION CONFERENCE SET FOR 06/11/2012 AT 11:15 AM.
FAILURE OF THE PROPERTY OWNER, OR PROPERTY OWNER'S COUNSEL, TO APPEAR IN PERSON AT THE PRE-MEDIATION CONFERENCE WILL RESULT IN THE CASE BEING RETURNED TO THE FORECLOSURE DOCKET.
FAILURE OF THE PLAINTIFF'S COUNSEL TO APPEAR IN PERSON AT THE PRE-MEDIATION CONFERENCE WILL RESULT IN DISMISSAL OF THE PLAINTIFF'S CLAIMS WITHOUT PREJUDICE.  FAILURE OF COUNSEL FOR ANY OTHER PARTY WITH AFFIRMATIVE CLAIMS TO APPEAR WILL RESULT IN THE DISMISSAL OF THOSE CLAIMS WITHOUT PREJUDICE.  PLEASE REPORT TO THE FORECLOSURE MEDIATION DEPARTMENT ON THE 10TH FLOOR OF THE JUSTICE CENTER, 1200 ONTARIO, CLEVELAND, OHIO, FOR THE PRE-MEDIATION CONFERENCE.
**** PARTIES MUST ATTEND BOTH THE PRE-MEDIATION CONFERENCE AND THE FULL MEDIATION.  FOR QUESTIONS CONTACT THE MEDIATION DEPARTMENT AT 216-698-7138.  ****

_____
Judge Signature          05/21/2012

05/19/2012

RECEIVED FOR FILING
05/21/2012 10:58:56
By: CLDAW
GERALD E. FUERST, CLERK

Page 1 of 1

24

**IN THE COURT OF COMMON PLEAS**
**CUYAHOGA COUNTY, OHIO**

DEUTSCHE BANK NATIONAL TRUST
AS TRUSTEE FOR J.P. MORGAN
MORTGAGE ACQUISITION TRUST            CASE NUMBER: CV12779307
        Plaintiff

-VS-                                           JUDGE: DICK AMBROSE

CHRISTINE J. FORGUES aka
CHRISTINE J. A. ANDRES
DOUBRAVA aka CHRISTINE
J. ANDRES et. al.
        Defendants                    **NOTICE OF APPEARANCE AS**
                                      **CO-COUNSEL FOR PLAINTIFF**

     Now come Attorneys Steven E. Elder and Andrew P. George (of Counsel), Steven E.

Elder Co., L.P.A., pursuant to the Local Rules, and to the Ohio Rules of Civil Procedure, and

hereby give notice to this Honorable Court and to the parties to this action that they will be co-

counsel of record henceforth for Plaintiff with respect to lien validity and/or lien priority issues.

**NOTICE TO THE CLERK AND PARTIES:** Please provide the undersigned, and co-counsel,

Edward G. Bohnert and Douglas A. Haessig, with copies of all pleadings and notices.

                              Respectfully submitted,
                              Steven E. Elder Co., L.P.A.


                              Steven E. Elder (0009066)
                              Andrew P. George (0071311)
                              (Of Counsel)
                              Co-counsel for Plaintiff
                              731 Fife Ave.
                              Wilmington, Ohio 45177
                              (937) 382-8747
                              (937) 382-1127 Fax
                              Haase@erinet.com

CV12779307                                      74158478

**CERTIFICATE OF SERVICE**

A true copy of the foregoing Notice of Appearance was served upon all parties or their

counsel of record by mailing a true copy to them via ordinary U.S. Mail, postage prepaid on this

31ˢᵗ day of _May_, 2012, to wit:

Edward G. Bohnert
Douglas A. Haessig
2450 Edison Blvd.
Twinsburg, OH 44087

Lori White
801W. Superior Ave., Suite 400
Cleveland, OH 44113

Christine J. Forgues aka
Christine J. A. Andres Doubrave
aka Christine J. Andres
15109 Merrimeade Drive
Cleveland, OH 44111

William E. Forgues
15109 Merrimeade Drive
Cleveland, OH 44111

Steven E. Elder Co., L.P.A.

Steven E. Elder (0009066)



74039208

# IN THE COURT OF COMMON PLEAS
# CUYAHOGA COUNTY, OHIO

DEUTSCHE BANK NATIONAL TR. CO.
    Plaintiff

Case No: CV-12-779307

Judge: DICK AMBROSE

CHRISTINE J. FORGUES AKA DOUBRAVA AKA
ANDRES ETAL
    Defendant

## JOURNAL ENTRY

PRE MEDIATION CONFERENCE PREVIOUSLY SCHEDULED FOR 06/11/2012 AT 11:15 AM IS RESCHEDULED FOR
07/02/2012 AT 10:00 AM.
FAILURE OF THE PROPERTY OWNER, OR PROPERTY OWNER'S COUNSEL, TO APPEAR IN PERSON AT THE PRE-
MEDIATION CONFERENCE WILL RESULT IN THE CASE BEING RETURNED TO THE FORECLOSURE DOCKET.
FAILURE OF THE PLAINTIFF'S COUNSEL TO APPEAR IN PERSON AT THE PRE-MEDIATION CONFERENCE WILL
RESULT IN DISMISSAL OF THE PLAINTIFF'S CLAIMS WITHOUT PREJUDICE.  FAILURE OF COUNSEL FOR ANY
OTHER PARTY WITH AFFIRMATIVE CLAIMS TO APPEAR WILL RESULT IN THE DISMISSAL OF THOSE CLAIMS
WITHOUT PREJUDICE.  PLEASE REPORT TO THE FORECLOSURE MEDIATION DEPARTMENT ON THE 10TH FLOOR
OF THE JUSTICE CENTER, 1200 ONTARIO, CLEVELAND, OHIO, FOR THE PRE-MEDIATION CONFERENCE..

Judge Signature          06/03/2012

06/01/2012



Case No.   779307

STATE OF OHIO,
COUNTY OF CUYAHOGA,   } ss.

Caption:   Deutsche Bank National Trust Company, as Trustee for J.P. Morgan Mortgage Acquisition Trust 2007-CH5, Asset Backed Pass- Through Certificates, Series 2007-CH5 vs. Christine J. Forgues aka Christine J.A. Andres Doubrava aka Christine J. Andres, et al.

I, Richard Karlovec, being duly sworn, upon my oath, depose and say that I am the agent of the DAILY LEGAL NEWS, and that the annexed advertisement attached hereto was published in the DAILY LEGAL NEWS, a daily newspaper of general circulation, printed in the City of Cleveland, County of Cuyahoga, Ohio for a period of 3 consecutive weeks and on the same day of each week on and after the 17th day of May, A.D. 2012.

Publication Fee         $640.40

*Richard Karlovec*

Sworn to and subscribed in my presence this 31st day of May, A.D. 2012.

*Rae Szabo*

NOTARY PUBLIC

RAE SZABO, Notary Public
STATE OF OHIO (Cuyahoga County)
My Commission Expires March 19, 2015

Daily Legal News
2935 Prospect Avenue
Cleveland, Ohio 44115
(216) 696-3322
PROOF OF PUBLICATION

LNP-902/3-92

**Legal Notice**

779307—Deutsche Bank National Trust Company, as Trustee for J.P. Morgan Mortgage Acquisition Trust 2007-CH5, Asset Backed Pass-Through Certificates, Series 2007-CH5 vs. Christine J. Forgues aka Christine J.A. Andres Doubrava aka Christine J. Andres, et al.

The Unknown Heirs at Law or Under the Will, if any, of William E. Forgues, deceased, the place of residence of each being unknown, will take notice that on March 29, 2012, the undersigned, Deutsche Bank National Trust Company, as Trustee for J.P. Morgan Mortgage Acquisition Trust 2007-CH5, Asset Backed Pass-Through Certificates, Series 2007-CH5 c/o JPMorgan Chase Bank, National Association, filed its complaint in the Court of Common Pleas, 1200 Ontario Street, Cleveland, Ohio 44113, of Cuyahoga County, Ohio, alleging that the defendants named above have or may claim to have an interest in the following described real estate to wit:

Permanent Parcel No. 025-24-054
Address: 16109 Merimeade Drive, Cleveland, Ohio 44111

A copy of the full legal description may be obtained from the County Auditor's Office, 1219 Ontario Street, Cleveland, OH 44113. (216) 443-7010.

Plaintiff further says that the Defendants, Christine J. Forgues a.k.a. Christine J.A. Andres Doubrava a.k.a. Christine J. Andres and William E. Forgues, are the owners of the hereinafter described real property, but that through inadvertence or error, the legal description as contained in the mortgage deed does not conform to the legal description as set forth above; that the intention of the parties at the time of execution of the mortgage deed was to transfer to the Plaintiff all interest the Defendant had in and to the aforementioned described real property, but that through a scrivener's error, the legal description was not entirely and properly correct.

Plaintiff requests reformation of the mortgage deed to include the entire legal description as set forth above.

Plaintiff states that the legal description as contained in the Survivorship Deed as filed in Instrument Number 200106200974, of Cuyahoga County, Ohio Records, is incorrect, and that the Defendants, Christine J. Forgues a.k.a. Christine J.A. Andres Doubrava a.k.a. Christine J. Andres and William E. Forgues, are the owners in fee...

28th day of June, 2012.
DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR J.P. MORGAN MORTGAGE ACQUISITION TRUST 2007-CH5, ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES 2007-CH5 C/O JPMORGAN CHASE BANK, NATIONAL ASSOCIATION.

By Edward G. Bohnert, Ronald J. Chernek and Douglas A. Haessig, Attorneys for Plaintiff. Reimer, Arnovitz, Chernek & Jeffrey Co., L.P.A., P.O. Box 968, Twinsburg, Ohio 44087, (330) 425-4201.

May17-24-31, 2012

74514509



# IN THE COURT OF COMMON PLEAS
# CUYAHOGA COUNTY, OHIO

DEUTSCHE BANK NATIONAL TR. CO.
    Plaintiff

CHRISTINE J. FORGUES AKA DOUBRAVA AKA
ANDRES ETAL
    Defendant

Case No: CV-12-779307

Judge: DICK AMBROSE

## JOURNAL ENTRY

PRE-MEDIATION CONFERENCE HELD. ALL PARTIES APPEARED. THIS CASE SHALL PROCEED TO FULL
MEDIATION AS SCHEDULED.

_____   _____
Judge Signature               07/05/2012

07/05/2012



74562970

# IN THE COURT OF COMMON PLEAS
## CUYAHOGA COUNTY, OHIO

DEUTSCHE BANK NATIONAL TR. CO.
    Plaintiff

Case No: CV-12-779307

Judge: DICK AMBROSE

CHRISTINE J. FORGUES AKA DOUBRAVA AKA
ANDRES ETAL
    Defendant

## JOURNAL ENTRY

FORECLOSURE MEDIATION HEARING SET FOR 08/14/2012 AT 01:30 PM.
FAILURE OF THE PROPERTY OWNER, AND PROPERTY OWNER'S COUNSEL, IF ANY, TO APPEAR IN PERSON AT THE MEDIATION WILL RESULT IN THE CASE BEING RETURNED TO THE FORECLOSURE DOCKET. FAILURE OF PLAINTIFF'S COUNSEL, AND CLIENT REPRESENTATIVE WITH ULTIMATE SETTLEMENT AUTHORITY OR INVESTOR WITH ULTIMATE SETTLEMENT AUTHORITY, TO APPEAR IN PERSON AT THE MEDIATION WILL RESULT IN THE DISMISSAL OF CLAIMS WITHOUT PREJUDICE. FAILURE OF COUNSEL FOR ANY OTHER PARTY WITH AFFIRMATIVE CLAIMS TO APPEAR IN PERSON, WITH A CLIENT REPRESENTATIVE, WILL RESULT IN THE DISMISSAL OF THOSE CLAIMS WITHOUT PREJUDICE. PLEASE REPORT TO THE FORECLOSURE MEDIATION DEPARTMENT ON THE 10TH FLOOR OF THE JUSTICE CENTER, 1200 ONTARIO, CLEVELAND, OHIO, FOR THE MEDIATION.

Judge Signature          07/10/2012

07/10/2012

FILED

2012 JUL 30 P 12: 17

GERALD E. FUERST
CLERK OF COURTS
CUYAHOGA COUNTY

CV12779307                          74989307



## IN THE COURT OF COMMON PLEAS
## CUYAHOGA COUNTY, OHIO

Deutsche Bank National Trust Company

                                       **Case No.: CV12779307**

            **Plaintiff,**                          **Judge Dick Ambrose**

**vs.**

**Christine J. Forgues, et al.**

            **Defendants.**

## ANSWER OF STATE OF OHIO, DEPARTMENT OF TAXATION

For its answer to the complaint, the State of Ohio, DEPARTMENT OF TAXATION states the following:

1.     This defendant admits the averment(s) that it may have or claims an interest in the subject property but, is unable to determine, based on the averments contained in the complaint, the exact nature of such interest(s).

2.     This defendant is without knowledge or information sufficient to form a belief as to the truth of those averments which are not specifically admitted in this answer.

30

Wherefore, Defendant State of Ohio, DEPARTMENT OF TAXATION requests that its interest be protected throughout this proceeding.

Respectfully Submitted,

Michael DeWine (0009181)
Attorney General of Ohio


Lindsey K McCarron (0083888)
Assistant Attorney General
Collections Enforcement Section
150 E. Gay Street, 21st Fl.
Columbus, OH  43215-3130
(614)728-7865
Fax:    (614) 752-9070
Lindsey.McCarron@ohioattorneygeneral.gov

## CERTIFICATE OF SERVICE

I certify that copies of the foregoing Answer were served by regular U.S. Mail on

the 26th day of July, 2012 to all other interested parties listed as follows:

Lindsey K McCarron (0083888)
Assistant Attorney General

**Edward G Bohnert**
P. O. Box 968
Twinsburg, OH 44087

**(330)425-4201**

Christine J. Forgues
aka Christine J.A. Andres Doubrava aka Christine J. Andres
15109 Merrimeade Drive
Cleveland, Ohio 44111

John Doe, Unknown Spouse, if any, of
Christine J. Forgues aka Christine J.A. Andres Doubrava aka Christine J. Andres
15109 Merrimeade Drive
Cleveland, Ohio 44111

William E. Forgues
15109 Merrimeade Drive
Cleveland, Ohio 44111

The United States of America
c/o U.S. Attorney General
950 Pennsylvania Avenue Northwest
Washington, DC 20530

The United States of America
c/o U.S. Attorney s Office
400 United States Courthouse, 801 West Superior Avenue
Cleveland, Ohio 44113



FILED

2012 JUL 30 P 12: 17

GERALD E. FUERST
CLERK OF COURTS
CUYAHOGA COUNTY

## IN THE COURT OF COMMON PLEAS
## CUYAHOGA COUNTY, OHIO

**Deutsche Bank National Trust Company**

                **Case No.: CV12779307**

        **Plaintiff,**

                **Judge Dick Ambrose**

    **vs.**

**Christine J. Forgues, et al.**

        **Defendants.**

### ANSWER OF STATE OF OHIO, DEPARTMENT OF TAXATION

    For its answer to the complaint, the State of Ohio, DEPARTMENT OF TAXATION states the following:

    1.    This defendant admits the averment(s) that it may have or claims an interest in the subject property but, is unable to determine, based on the averments contained in the complaint, the exact nature of such interest(s).

    2.    This defendant is without knowledge or information sufficient to form a belief as to the truth of those averments which are not specifically admitted in this answer.

Wherefore, Defendant State of Ohio, DEPARTMENT OF TAXATION requests that its interest be protected throughout this proceeding.

Respectfully Submitted,

Michael DeWine (0009181)
Attorney General of Ohio

Lindsey K McCarron (0083888)
Assistant Attorney General
Collections Enforcement Section
150 E. Gay Street, 21st Fl.
Columbus, OH  43215-3130
(614)728-7865
Fax:   (614) 752-9070
Lindsey.McCarron@ohioattorneygeneral.gov

## CERTIFICATE OF SERVICE

I certify that copies of the foregoing Answer were served by regular U.S. Mail on the 26th day of July, 2012 to all other interested parties listed as follows:

_____
Lindsey K McCarron (0083888)
Assistant Attorney General

**Edward G Bohnert**
P. O. Box 968
Twinsburg, OH 44087

**(330)425-4201**

Christine J. Forgues
aka Christine J.A. Andres Doubrava aka Christine J. Andres
15109 Merrimeade Drive
Cleveland, Ohio 44111

John Doe, Unknown Spouse, if any, of
Christine J. Forgues aka Christine J.A. Andres Doubrava aka Christine J. Andres
15109 Merrimeade Drive
Cleveland, Ohio 44111

William E. Forgues
15109 Merrimeade Drive
Cleveland, Ohio 44111

The United States of America
c/o U.S. Attorney General
950 Pennsylvania Avenue Northwest
Washington, DC 20530

The United States of America
c/o U.S. Attorney s Office
400 United States Courthouse, 801 West Superior Avenue
Cleveland, Ohio 44113

 **Mike DeWine**
Ohio Attorney General

Collections Enforcement
Revenue Recovery
Office (614) 466-8360
Fax     (614) 752-9070
150 E. Gay St., 21st Floor
Columbus, OH  43215
www.ohioattorneygeneral.gov

July 26, 2012

Clerk of Courts
CUYAHOGA County Common Pleas Court
Justice Center 1st Floor
1200 Ontario St
Cleveland, OH 44113

Re:   Deutsche Bank National Trust
      Company
      vs. Christine J. Forgues, et al.
      CUYAHOGA County, Ohio  CPC
      Case No. CV12779307

Dear Clerk:

Enclosed for filing is the Answer of the State of Ohio.  It is <u>not</u> necessary to return time-stamped copy to this office.

The State respectfully requests that the Court permit this Answer to serve as my appearance for the purpose of any future conferences, hearings, or trials in this matter. Accordingly, please incorporate this letter into the Court's file.

Thank you very much.

Sincerely,

Lindsey K McCarron (0083888)
Assistant Attorney General

LKM:cr
Encl.
cc:    All those listed in Certificate of Service



75192247

# IN THE COURT OF COMMON PLEAS
# CUYAHOGA COUNTY, OHIO



DEUTSCHE BANK NATIONAL TR. CO.
    Plaintiff

Case No: CV-12-779307

Judge: DICK AMBROSE

CHRISTINE J. FORGUES AKA DOUBRAVA AKA
ANDRES ETAL
    Defendant

## **JOURNAL ENTRY**

FORE. MED. / FOLLOW-UP SET FOR 09/25/2012 AT 02:00 PM.
MEDIATION HELD 08/14/2012. ALL PARTIES APPEARED. THIS CASE IS SET FOR A FOLLOW-UP MEDIATION ON THE
DATE AND TIME ABOVE. ALL PARTIES SHALL APPEAR IN PERSON.

_____
Judge Signature               08/16/2012

08/14/2012



75797471

# IN THE COURT OF COMMON PLEAS
## CUYAHOGA COUNTY, OHIO

DEUTSCHE BANK NATIONAL TR. CO.
    Plaintiff

Case No: CV-12-779307

Judge: DICK AMBROSE

CHRISTINE J. FORGUES AKA DOUBRAVA AKA
ANDRES ETAL
    Defendant

## **JOURNAL ENTRY**

FORE. MED. / FOLLOW-UP SET FOR 10/11/2012 AT 02:30 PM.
FOLLOW UP MEDIATION HEARING RESET TO 10/11/12 AT 2:30 P.M.  ALL PARTIES TO REPORT TO THE 10TH FLOOR
OF THE JUSTICE CENTER PREPARED TO DISCUSS SETTLEMENT OF THIS MATTER.

_____
Judge Signature                  09/18/2012

09/18/2012



76166150

# IN THE COURT OF COMMON PLEAS
# CUYAHOGA COUNTY, OHIO

 

DEUTSCHE BANK NATIONAL TR. CO.
    Plaintiff

CHRISTINE J. FORGUES AKA DOUBRAVA AKA
ANDRES ETAL
    Defendant

Case No: CV-12-779307

Judge: DICK AMBROSE

## JOURNAL ENTRY

TELEPHONE CONFERENCE SET FOR 11/15/2012 AT 02:30 PM.
FOLLOW UP HEARING HELD.  ALL PARTIES APPEARED.  THE PROPERTY OWNER IS ATTEMPTING TO WORK ON
THE TAX LIEN. A STATUS CALL IS SET FOR 11/15/12 AT 2:30 P.M. PLAINTIFF TO INTIATE THE CALL.

Judge Signature          10/12/2012

10/11/2012



76652983

# IN THE COURT OF COMMON PLEAS
# CUYAHOGA COUNTY, OHIO

DEUTSCHE BANK NATIONAL TR. CO.
    Plaintiff

Case No: CV-12-779307

Judge: DICK AMBROSE

CHRISTINE J. FORGUES AKA DOUBRAVA AKA
ANDRES ETAL
    Defendant

## **JOURNAL ENTRY**

TELEPHONE CONFERENCE SET FOR 11/16/2012 AT 02:30 PM.
PHONE CONFERENCE CONTINUED TO 11/16/12 AT 230 PM  PLAINTIFF TO INITIATE THE CALL.

_____

Judge Signature          11/14/2012

11/14/2012



76703781

# IN THE COURT OF COMMON PLEAS
# CUYAHOGA COUNTY, OHIO

DEUTSCHE BANK NATIONAL TR. CO.
    Plaintiff

CHRISTINE J. FORGUES AKA DOUBRAVA AKA
ANDRES ETAL
    Defendant

Case No: CV-12-779307

Judge: DICK AMBROSE

## **JOURNAL ENTRY**

TELEPHONE CONFERENCE SET FOR 12/07/2012 AT 01:30 PM.
PHONE CONFERENCE HELD.  ALL PARTIES APPEARED. THE PARTIES ARE ACTIVELY INVOLVED IN ATTEMTPING
TO RESOLVE THIS MATTER THROUGH MEDIATION. A FOLLOW UP PHONE CONFERENCE IS SET FOR 12/7/12 AT 1:30
P.M.  PLAINTIFF TO INTIATE THE CALL.

_____
Judge Signature      11/16/2012

11/16/2012



77001389

# IN THE COURT OF COMMON PLEAS
# CUYAHOGA COUNTY, OHIO

DEUTSCHE BANK NATIONAL TR. CO.
    Plaintiff

CHRISTINE J. FORGUES AKA DOUBRAVA AKA
ANDRES ETAL
    Defendant

Case No: CV-12-779307

Judge: DICK AMBROSE
Magistrate: CHRISTOPHER E OLSZTYN

## MAGISTRATE'S ORDER

A REVIEW OF THE DOCKET REVEALS THAT PLAINTIFF HAS PERFECTED SERVICE ON ALL DEFENDANTS. PLAINTIFF IS ORDERED TO SUBMIT, WITHIN TWENTY (20) DAYS OF THE DATE OF THIS ORDER, ANY DISPOSITIVE MOTIONS NECESSARY TO AFFIRMATIVELY PROSECUTE THE CASE, UPDATED TITLEWORK, AND A MILITARY AFFIDAVIT IF NECESSARY.  FAILURE TO COMPLY WILL RESULT IN DISMISSAL OF THE CASE WITHOUT PREJUDICE.

Magistrate Signature       12/10/2012
                    CPCEO

12/10/2012



76986544

# IN THE COURT OF COMMON PLEAS
# CUYAHOGA COUNTY, OHIO

DEUTSCHE BANK NATIONAL TR. CO.
     Plaintiff

CHRISTINE J. FORGUES AKA DOUBRAVA AKA
ANDRES ETAL
     Defendant

Case No: CV-12-779307

Judge: DICK AMBROSE

## JOURNAL ENTRY

20 MAGISTRATE

PHONE CONFERENCE HELD.  ALL PARTIES APPEARED. THE CASE CANNOT PROCEED TO A MODIFICATION UNTIL
CERTAIN TAX LIENS ARE RESOLVED.  THE FILE IS THEREFORE RETURNED TO THE MAGISTRATES FOR FURTHER
PROCEEDINGS AND ANY STAY OF DISCOVERY AND OR MOTION PRACTICE IS HEREBY LIFTED.  SHOULD THERE
BE A CHANGE IN FINANCIAL CIRCUMSTANCES THE CASE MAY BE RE-REFERRED TO MEDIATION.

_____
Judge Signature          12/10/2012

- 20
12/10/2012

F12-00223                    EGB/kll              FILED          December 17, 2012

2012 DEC 21  P 12: 40

GERALD E. FUERST
CLERK OF COURTS
CUYAHOGA COUNTY



## IN THE COURT OF COMMON PLEAS
## CUYAHOGA COUNTY, OHIO

Deutsche Bank National Trust ) CASE NO. CV 12 779307
Company, as Trustee for J.P.  )
Morgan Mortgage Acquisition   ) JUDGE Dick Ambrose
Trust 2007-CH5, Asset Backed  )
Pass-Through Certificates,    )
Series 2007-CH5               ) **MOTION FOR DEFAULT JUDGMENT**
                              )
            Plaintiff         )
                              )
     -vs-                     )
                              )
Christine J. Forgues aka      )
Christine J.A. Andres         )
Doubrava aka Christine J.     )
Andres, et al.                )
                              )
            Defendants        )

Now comes the Plaintiff and says that the Defendants,

Christine J. Forgues aka Christine J.A. Andres Doubrava aka

Christine J. Andres, John Doe, Unknown Spouse, if any, of

Christine J. Forgues aka Christine J.A. Andres Doubrava aka

Christine J. Andres, The Unknown Heirs at Law or Under the Will,

if any, of William E. Forgues, Deceased, and State of Ohio

Estate Tax Division, are in default of Answer or other pleading

although duly served according to law.

WHEREFORE, Plaintiff respectfully makes an application to this Court for a judgment by default, pursuant to Rule 55 of the Ohio Rules of Civil Procedure.

Respectfully submitted,

REIMER, ARNOVITZ, CHERNEK & JEFFREY CO., L.P.A.
Edward G. Bohnert (0004920)
P.O. Box 968
2450 Edison Blvd.
Twinsburg, OH 44087
Phone: (330) 425-4201
Fax: 330-405-1099
Email: ebohnert@reimerlaw.com

## PROOF OF SERVICE

A copy of the foregoing Motion was mailed by Ordinary U.S. Mail this _20_ day of _Dec_, 2012, to the following:

Christine J. Forgues aka
Christine J.A. Andres
Doubrava
aka Christine J. Andres
15109 Merrimeade Drive
Cleveland, Ohio  44111

John Doe, Unknown Spouse,
if any, of Christine J.
Forgues aka Christine J.A.
Andres Doubrava
aka Christine J. Andres
15109 Merrimeade Drive
Cleveland, Ohio  44111

Lori White Laisure
Assistant U.S. Attorney
801 Superior Ave., Suite 400
Cleveland, OH  44113

Lindsey K. McCarron
Assistant Attorney General
Collection Enforcement
Section,
150 East Gay Street,
21st Floor
Columbus, OH  43215

State of Ohio Estate Tax
Division
c/o Ohio Attorney General,
150 East Gay Street
Columbus, Ohio  43215

**REIMER, ARNOVITZ, CHERNEK &
JEFFREY CO., L.P.A.**
Edward G. Bohnert (0004920)
P.O. Box 968
2450 Edison Blvd.
Twinsburg, OH 44087
Phone: (330) 425-4201
Fax: 330-405-1099
Email: ebohnert@reimerlaw.com

F12-00223                  EGB/lll                  December 12, 2012

FILED

2012 DEC 21  P 12:41

GERALD E. FUERST
CLERK OF COURTS
CUYAHOGA COUNTY

## IN THE COURT OF COMMON PLEAS
## CUYAHOGA COUNTY, OHIO

Deutsche Bank National Trust          )    Case No. CV 12 779307
Company, as Trustee for J.P.          )
Morgan Mortgage Acquisition           )    Judge Dick Ambrose
Trust 2007-CH5, Asset Backed          )
Pass-Through Certificates,            )    **NOTICE OF FILING**
Series 2007-CH5                       )    **DEATH CERTIFICATE**
                                      )
                Plaintiff             )
                                      )
        vs.                           )
                                      )
Christine J. Forgues aka              )
Christine J.A. Andres Doubrava        )
aka Christine J. Andres, et           )
al.                                   )
                                      )
                Defendants            )

        Plaintiff hereby submits for filing the Death Certificate,

a copy of which is attached hereto as Exhibit A.


_Edward Bohnert_
REIMER, ARNOVITZ, CHERNEK &
JEFFREY CO., L.P.A.
Edward G. Bohnert (0004920)
P.O. Box 968
2450 Edison Blvd.
Twinsburg, OH 44087
Phone: (330) 425-4201
Fax: 330-487-0923
Email: ebohnert@reimerlaw.com

**CERTIFICATE OF SERVICE**

A copy of the foregoing was sent by regular U.S. Mail on

_____12-20-12_____, to the following:

Christine J. Forgues aka Christine J.A. Andres Doubrava aka
Christine J. Andres
15109 Merrimeade Drive
Cleveland, Ohio  44111

John Doe, Unknown Spouse, if any, of Christine J. Forgues aka
Christine J.A. Andres Doubrava aka Christine J. Andres
15109 Merrimeade Drive
Cleveland, Ohio  44111

Lori White Laisure, Assistant U.S. Attorney
801 Superior Ave., Suite 400
Cleveland, OH  44113

Lindsey K. McCarron, Assistant Attorney General
Collection Enforcement Section,
150 East Gay Street, 21st Floor
Columbus, OH  43215

State of Ohio Estate Tax Division
c/o Ohio Attorney General,
150 East Gay Street
Columbus, Ohio  43215

Edward Bohnert
REIMER, ARNOVITZ, CHERNEK &
JEFFREY CO., L.P.A.
Edward G. Bohnert (0004920)
P.O. Box 968
2450 Edison Blvd.
Twinsburg, OH 44087
Phone: (330) 425-4201
Fax: 330-487-0923
Email: ebohnert@reimerlaw.com

**Ohio Department of Health**
**VITAL STATISTICS**
**CERTIFICATE OF DEATH**

Reg. Dist. No. 19
Primary Reg. Dist. No. 1801
Registrar's No. 2011-006816

State File No. 201058170

1. Decedent's Legal Name: WILLIAM E FORGUES
2. Sex: Male
3. Date of Death: July 13, 2011
4. Social Security Number
5a. Age: 62
6. Date of Birth: September 07, 1948
7. Birthplace: CLEVELAND, OHIO
8a. Residence State: OHIO
8b. County: CUYAHOGA
8c. City or Town: CLEVELAND
8d. Street and Number: 15109 MERIMEADE DRIVE
8e. Zip Code: 44111
Inside City Limits: Yes
9. Ever in US Armed Forces?: No
10. Marital Status: Married
11. Surviving Spouse's Name: CHRISTINE ANDRES
12. Decedent's Education: COLLEGE, BUT NO DEGREE
13. Decedent of Hispanic Origin: No
14. Decedent's Race: White
15. Father's Name: JOSEPH FORGUES
16. Mother's Name: LARA BRUCE
17a. Informant's Name: CHRISTINE FORGUES
17b. Relationship to Decedent: Wife
17c. Mailing Address: 15109 MERIMEADE DRIVE, CLEVELAND, OHIO 44111

18. Place of Death: Nonhospital - Hospice Facility
18b. Facility Name: THE WESTERN RESERVE INC
18c. City or Town: CLEVELAND, OH 44119
18d. County: CUYAHOGA

19. Method of Disposition: Cremation
20. Licenses & Other Agent
20a. License Number: 000829
20b. Date of Disposition: July 18, 2011
21. Name and Complete Address of Funeral Facility: BUSCH FUNERAL HOME, 21369 CENTER RIDGE RD, FAIRVIEW PARK, OH 44116

22. Place of Disposition: BUSCH CREMATORY
22a. Location: PARMA, OH

25. Registrar's Signature: Frankie Lofton
25a. Name of Person: LOFTON, FRANKIE
25b. District No.: 1800
Date Filed: JUL 15 2011

26a. Time of Death: 23:32
26b. Date Pronounced Dead: July 13, 2011
26c. Was case referred to coroner?: No

27. Name of Certifier: RYDER, STEPHEN WOODBURY, 300 E. 185th Street CLEVELAND, OH 44119

28. Part I. Immediate Cause: Renal cell cancer — 20 months

26d. License Number: 35.041976

29. Manner of Death: Natural

30. Did Tobacco Use Contribute to Death?: Yes / No / Probably / Unknown

I HEREBY CERTIFY THIS
DOCUMENT IS AN EXACT
COPY OF THE RECORD ON FILE WITH
THE OHIO DEPARTMENT OF HEALTH

AP-412005234




JUDITH B. LIGHT, STATE REGISTRAR
OFFICE OF VITAL STATISTICS
WITNESS MY SIGNATURE & SEAL

15109 Merrimeade Drive
Cleveland, OH



| | FINAL JUDICIAL REPORT |
|---|---|
| *First American Title* | ISSUED BY<br>First American Title Insurance Company |
| **Judicial Report** | POLICY NUMBER<br>5007339-84850 |

Guaranteed Party Name: Deutsche Bank National Trust Company, as Trustee for J.P. Morgan Mortgage Acquisition Trust 2007-CH5, Asset Backed Pass-Through Certificates, Series 2007-CH5

File No.:P10-2654-21 / F12-00223 / cao
Effective Date: **December 13, 2012 @ 7:00 a.m.**

### ALL EXCEPTIONS AND ADDITIONAL ENTRIES ARE ATTACHED ON SUBSEQUENT PAGES.

This examination is made for the use and benefit of the Guaranteed Party to said proceedings and the purchaser at judicial sale thereunder and is further subject to the Exclusions from coverage, the Exceptions contained in Schedule B and the Conditions and Stipulations of the Preliminary Judicial Report and any supplements related hereto.

By: _____
Authorized Countersignature, John J Dyer III, Esq.
Nova Title Agency, Inc.
2450 Edison Blvd.
Twinsburg, OH 44087
(330) 405-3771



Page 1

15109 Merrimeade Drive
Cleveland, OH

# FINAL JUDICIAL REPORT
## (Continued)

P10-2654-21 / F12-00223

We have extended the Examination of the Preliminary Judicial Report dated March 12, 2012 @ 7:00 a.m. through December 13, 2012 @ 7:00 a.m. and find no changes, except as shown below:

1. ACTION FOR MONEY, FORECLOSURE AND RELIEF:   The following entries appear on the Cuyahoga County Common Pleas Docket for Case No. CV-12-779307:
   (See attached page(s) for a copy of the entries appearing on the docket of said case.)

2. Judgment Lien in favor of State of Ohio, Department of Taxation against Christine Forgues (15109 Merrimeade Drive, Cleveland, OH 44111) in the amount of $13,580.42 as originated in the Cuyahoga County Common Pleas Court, filed September 5, 2012 in Judgment Docket JL-12-526786 Cuyahoga County Records.

3. **United States of America**
   vs.
   **Christine J. Forgues aka Christine J Doubrava aka Christine J Andres**
   15109 Merimeade Drive
   Cleveland, OH 44111

   **Federal Tax Lien** in the amount of $12,088.42, dated September 7, 2012 and filed September 18, 2012, in File No. 201209189015 of Cuyahoga County Records.

4. Judgment Lien in favor of State of Ohio, Department of Taxation against William and Christine Forgues (15109 Merrimeade Drive, Cleveland, OH 44111) in the amount of $1,664.51 as originated in the Cuyahoga County Common Pleas Court, filed September 19, 2012 in Judgment Docket JL-12-539823 Cuyahoga County Records.

5. Judgment Lien in favor of State of Ohio, Department of Taxation against William & Christine Forgues (15109 Merrimeade Drive, Cleveland, OH 44111) in the amount of $3,965.54 as originated in the Cuyahoga County Common Pleas Court, filed September 19, 2012 in Judgment Docket JL-12-539824 Cuyahoga County Records.

6. TAXES for the last half of 2011 in the amount of $1,393.47 are paid. (P.P.N. 025-24-054)

   **Property Address is known as:   15109 Merimeade Drive, Cleveland, OH   (as per Cuyahoga County Tax Auditor)**

We have searched the Bankruptcy PACER dockets and find that the defendants in said case have not filed a bankruptcy during the time period covered herein.

 

# Gerald E. Fuerst, Clerk of Courts
## Court of Common Pleas · Cuyahoga County, Ohio

### D O C K E T   I N F O R M A T I O N

Printer Friendly Version

**Case Number:** CV-12-779307

**Case Title:** DEUTSCHE BANK NATIONAL TR. CO. vs. CHRISTINE J. FORGUES AKA DOUBRAVA AKA ANDRES ETAL

**Image Viewer:** AlternaTIFF

## DOCKET INFORMATION

| From Date | Sort | Type | Type | Type | Type | SearchType |
|---|---|---|---|---|---|---|
| ☐ / ☐ / ☐ | ⦿ Ascending<br>○ Descending | ☐ | ☐ | ☐ | ☐ | Start Search |

**Date    Side Type Description**                                                                                            Image

03/29/2012 N/A JE  ALL NON-MILITARY CLIENT AFFIDAVITS FILED IN RESIDENTIAL MORTGAGE FORECLOSURE CASES MUST INDICATE THAT THE AFFIANT HAS ACTUAL PERSONAL KNOWLEDGE OF THE FILE AND LOAN HISTORY IN QUESTION AND HAS PERSONALLY REVIEWED THE DOCUMENTS, RECORDS, OR OTHER DATA RELIED UPON TO MAKE THE STATEMENTS CONTAINED IN THE AFFIDAVIT. ALL CLIENT EXECUTED MILITARY AFFIDAVITS FILED IN RESIDENTIAL MORTGAGE FORECLOSURE CASES MUST INDICATE THAT THE AFFIANT HAS ACTUAL PERSONAL KNOWLEDGE OF THE APPROPRIATE DEFENDANTS' MILITARY STATUS. FAILURE TO PROVIDE APPROPRIATE AFFIDAVITS MAY RESULT IN MANDATORY PERSONAL ATTENDANCE OF AN AFFIANT FOR A HEARING, THE IMPOSITION OF SANCTIONS AND PENALTIES FOR PERJURY OR CONTEMPT, AND DISMISSAL OF THE CASE. BEFORE JUDGMENT IS ENTERED ON ANY CLAIM FOR FORECLOSURE AND/OR MONEY JUDGMENT IN A RESIDENTIAL MORTGAGE FORECLOSURE CASE, COUNSEL FOR PLAINTIFF AND ANY OTHER PARTY THAT ASSERTS A CLAIM FOR FORECLOSURE OR MONEY JUDGMENT MUST FILE AN AFFIDAVIT OR AFFIDAVITS. IN REGARD TO NON-MILITARY CLIENT AFFIDAVITS, THIS AFFIDAVIT MUST: 1) IDENTIFY THE COUNSEL OF RECORD AND HIS OR HER LAW FIRM. 2) PROVIDE THAT THE COUNSEL OF RECORD HAS REVIEWED THE FILE. 3) PROVIDE THAT THE COUNSEL OF RECORD HAS COMMUNICATED WITH A REPRESENTATIVE OF THE PARTY SEEKING FORECLOSURE AND/OR MONEY JUDGMENT OR ITS SERVICER AND THAT THIS REPRESENTATIVE: HAS AFFIRMED THAT HE OR SHE HAS PERSONALLY REVIEWED THE DOCUMENTS, RECORDS, OR OTHER DATA RELATED TO THE CASE; HAS REVIEWED THE PLEADINGS AND OTHER COURT FILINGS IN THE CASE; AND HAS CONFIRMED BOTH THE FACTUAL ACCURACY OF THE PLEADINGS AND COURT FILINGS AND THE ACCURACY OF THE NOTARIZATIONS CONTAINED THEREIN. 4) PROVIDE THE FULL NAME OF THE REPRESENTATIVE DESCRIBED IN ITEM 3 AND THE DATE OR DATES OF THE COMMUNICATION. 5) CERTIFY THAT, TO THE BEST OF THE COUNSEL OF RECORD'S KNOWLEDGE, THE PLEADINGS AND OTHER COURT FILINGS IN SUPPORT OF THE CLAIMS FOR FORECLOSURE ARE COMPLETE AND ACCURATE IN ALL RELEVANT RESPECTS. 6) ACKNOWLEDGE THAT COUNSEL OF RECORD HAS A CONTINUING OBLIGATION TO AMEND AND SUPPLEMENT THE AFFIDAVIT IN LIGHT OF NEWLY DISCOVERED FACTS FOLLOWING ITS FILING. 7) BE SIGNED AND DATED BY COUNSEL OF RECORD. IN REGARD TO CLIENT EXECUTED MILITARY AFFIDAVITS, THIS AFFIDAVIT MUST: 1) IDENTIFY THE COUNSEL OF RECORD AND HIS OR HER LAW FIRM. 2) PROVIDE THAT THE COUNSEL OF RECORD HAS COMMUNICATED WITH THE AFFIANT OF THE MILITARY AFFIDAVIT AND THAT THE AFFIANT HAS AFFIRMED THAT HE OR SHE HAS PERSONALLY REVIEWED NECESSARY WEBSITE AND/OR DATABASE TO DETERMINE THE MILITARY STATUS OF THE APPROPRIATE DEFENDANTS. 3) PROVIDE THE FULL NAME OF THE AFFIANT DESCRIBED IN ITEM 2 AND THE DATE OR DATES OF THE COMMUNICATION. 4) CERTIFY THAT, TO THE BEST OF THE COUNSEL OF RECORD'S KNOWLEDGE, THE INFORMATION CONTAINED IN THE MILITARY AFFIDAVIT IS ACCURATE IN ALL RELEVANT RESPECTS. 5) ACKNOWLEDGE THAT COUNSEL OF RECORD HAS A CONTINUING OBLIGATION TO AMEND AND SUPPLEMENT THE AFFIDAVIT IN LIGHT OF NEWLY DISCOVERED FACTS FOLLOWING

ITS FILING. 6) BE SIGNED AND DATED BY COUNSEL OF RECORD. FAILURE TO SUBMIT AN APPROPRIATE AFFIDAVIT ON OR BEFORE THE DATE OF TRIAL, THE DATE THAT A MOTION FOR SUMMARY JUDGMENT IS RIPE FOR RULING, OR THE DATE OF DEFAULT HEARING, WHICHEVER IS APPLICABLE, WILL RESULT IN DISMISSAL OF THE CASE AND MAY RESULT IN FURTHER SANCTIONS. STANDARDIZED AFFIDAVIT FORMS ARE POSTED ON THE CUYAHOGA COUNTY COURT OF COMMONPLEAS WEBSITE HTTP://CP.CUYAHOGACOUNTY.US/INTERNET/COURTDOCS/MAGISTRATES/AFFIDAVIT (REV5).PDF. ALL AFFIDAVITS SUBMITTED PURSUANT TO THIS ORDER MUST BE IN THE FORMAT OF THESE STANDARDIZED AFFIDAVIT FORMS. IN LIEU OF THIS AFFIDAVIT: 1) IN CASES WHERE CLIENT AFFIDAVITS HAVE BEEN FILED, THE AFFIANT OR AFFIANTS MUST APPEAR AT THE HEARING OF THE MATTER AND TESTIFY REGARDING THOSE AFFIDAVITS. THE REPRESENTATIVE MUST APPEAR IN PERSON AND TELEPHONIC APPEARANCE WILL NOT BE PERMITTED. IF MULTIPLE CLIENT AFFIDAVITS ARE FILED IN THE CASE AND ARE EXECUTED BY MORE THAN ONE AFFIANT, EACH AFFIANT MUST APPEAR AT THE HEARING OF THE MATTER. 2) IN CASES WHERE NO CLIENT AFFIDAVITS HAVE BEEN FILED, AN OFFICER OF THE PARTY SEEKING FORECLOSURE OR AN OFFICER OF ITS SERVICER MUST APPEAR AT THE HEARING OF THE MATTER AND TESTIFY IN SUPPORT OF THE ALLEGATIONS OF THE COMPLAINT AND CONTENTS OF OTHER DOCUMENTS OR COURT FILINGS. THE OFFICER MUST APPEAR IN PERSON AND TELEPHONIC APPEARANCE WILL NOT BE PERMITTED. 3) IN CASES WHERE NO HEARING IS SCHEDULED BEFORE THE ENTRY OF JUDGMENT (SUCH AS SOME SUMMARY JUDGMENT CASES), THE OFFICER OF THE PARTY SEEKING FORECLOSURE MUST, CONTEMPORANEOUSLY WITH THE MOTION FOR SUMMARY JUDGMENT, MOVE TO SCHEDULE A HEARING AT WHICH THE AFFIANT MAY APPEAR. 4) WITH THE EXCEPTION OF AFFIANTS OF MILITARY AFFIDAVITS, THE AFFIANT OR AN OFFICER OF THE PARTY SEEKING FORECLOSURE OR OFFICER OF ITS SERVICER WHO APPEARS IN COURT IN LIEU OF THE FILING OF A FORECLOSURE COUNSEL AFFIDAVIT MUST APPEAR WITH THE ORIGINAL PROMISSORY NOTE, INCLUDING ALL ENDORSEMENTS AND ALLONGES AND A CURRENT PAYMENT HISTORY FOR THE MORTGAGE LOAN AT ISSUE. THE AFFIANT OR AN OFFICER OF THE PARTY SEEKING FORECLOSURE OR OFFICER OF ITS SERVICER MUST BE PREPARED TO TESTIFY THAT HE OR SHE HAS PERSONALLY REVIEWED THE DOCUMENTS, RECORDS OR OTHER DATA RELATED TO THE CASE, HAS REVIEWED THE PLEADINGS AND OTHER COURT FILINGS IN THE CASE AND HAS CONFIRMED BOTH THE FACTUAL ACCURACY OF THE FILINGS AND THE ACCURACY OF THE NOTARIZATIONS CONTAINED THEREIN, IF ANY. THE AFFIANT OR AN OFFICER OF THE PARTY SEEKING FORECLOSURE OR OFFICER OF ITS SERVICER MUST BE PREPARED TO RESPOND TO THE QUESTIONING OF THE MAGISTRATE OR JUDGE PRESIDING OVER THE HEARING AND THE QUESTIONING OF ANY OTHER PARTY ATTENDING THE HEARING. 5) IF THE AFFIANT OR OFFICER OF THE PARTY SEEKING FORECLOSURE OR AN OFFICER OF ITS SERVICER HAS BEEN PREVIOUSLY DEPOSED AND HAS TESTIFIED UNDER OATH REGARDING THE ABOVE REQUIRED INFORMATION, THE FILING OF THE TRANSCRIPT OF THAT DEPOSITION WILL SATISFY THE REQUIREMENTS OF THIS POLICY. FAILURE TO FILE AN ATTORNEY AFFIDAVIT OR DO ANY OF THE ALTERNATIVES TO FILING AN ATTORNEY AFFIDAVIT BEFORE THE CASE IS RIPE FOR THE ENTRY OF JUDGMENT WILL RESULT IN DISMISSAL OF THE CASE. NOTICE ISSUED

| 03/29/2012 N/A | SF | MAGISTRATE CHRISTOPHER E OLSZTYN ASSIGNED (MANUALLY) |
| 03/29/2012 N/A | JE | IT IS ORDERED BY THE COURT THAT THIS CAUSE BE REFERRED TO THE COURT MAGISTRATE TO TRY THE ISSUES OF LAW AND FACT ARISING THEREIN AND REPORT WITHOUT UNNECESSARY DELAY. A PARTY SEEKING A DEFAULT JUDGMENT MUST FILE A MOTION FOR DEFAULT JUDGMENT. ONCE A CASE IS SET FOR DEFAULT JUDGMENT, THE MOTION FOR DEFAULT JUDGMENT MAY BE WITHDRAWN ONLY BY SEPARATE MOTION WITH GOOD CAUSE SHOWN. NOTICE ISSUED |
| 03/29/2012 P1 | SR | SUPPLEMENTAL PRELIMINARY JUDICIAL REPORT FILED. |
| 03/29/2012 P1 | SR | PRELIMINARY JUDICIAL REPORT FILED. |
| 03/29/2012 P1 | SR | COMPLAINT FILED. SERVICE REQUEST - SUMMONS BY CERTIFIED MAIL TO THE DEFENDANT(S). |
| 03/29/2012 N/A | SF | JUDGE KATHLEEN ANN SUTULA ASSIGNED (RANDOM); RE-FILED CASE, REASSIGNED TO ORIGINAL JUDGE, JUDGE DICK AMBROSE |
| 03/29/2012 N/A | SF | JUDGE KATHLEEN ANN SUTULA ASSIGNED (RANDOM) |
| 03/29/2012 P1 | SF | SPECIAL PROJECTS FUND FEE |
| 03/29/2012 P1 | SF | LEGAL RESEARCH |
| 03/29/2012 P1 | SF | LEGAL NEWS |
| 03/29/2012 P1 | SF | LEGAL AID |

| 03/29/2012 P1 | SF | COMPUTER FEE |
|---|---|---|
| 03/29/2012 P1 | SF | CLERK'S FEE |
| 03/29/2012 P1 | SF | DEPOSIT AMOUNT PAID REIMER, ARNOVITZ, CHERNEK & JEFFREY |
| 03/29/2012 P1 | SF | DEPOSIT AMOUNT PAID REIMER, ARNOVITZ, CHERNEK & JEFFREY |
| 03/29/2012 N/A | SF | CASE FILED |
| 03/30/2012 N/A | MG | A REVIEW OF THE DOCKET REVEALS PLAINTIFF FILED A COMPLAINT ON 3/29/12, ALTHOUGH SERVICE HAS NOT YET BEEN PERFECTED. PLAINTIFF IS ORDERED TO PERFECT SERVICE PURSUANT TO CIV.R. 4(E), OR THE CASE WILL BE DISMISSED WITHOUT PREJUDICE. NOTICE ISSUED |
| 04/02/2012 D8 | CS | WRIT FEE |
| 04/02/2012 D7 | CS | WRIT FEE |
| 04/02/2012 D6 | CS | WRIT FEE |
| 04/02/2012 D5 | CS | WRIT FEE |
| 04/02/2012 D3 | CS | WRIT FEE |
| 04/02/2012 D2 | CS | WRIT FEE |
| 04/02/2012 D1 | CS | WRIT FEE |
| 04/02/2012 D1 | SR | FORECLOSURE MEDIATION. NOTICE GENERATED FOR 19161660 ON POST CARD ON CHRISTINE J. FORGUES 15109 MERRIMEADE DRIVE CLEVELAND, OH 44111-0000 |
| 04/11/2012 D8 | SR | SUMS COMPLAINT(19161667) SENT BY CERTIFIED MAIL. TO: STATE OF OHIO ESTATE TAX DIVISION C/O OHIO ATTORNEY GENERAL 150 ESAT GAY STREET COLUMBUS, OH 43215-0000 |
| 04/11/2012 D7 | SR | SUMS COMPLAINT(19161666) SENT BY CERTIFIED MAIL. TO: STATE OF OHIO DEPARTMENT OF TAXATION C/O OHIO ATTORNEY GENERAL 150 EAST GAY STREET COLUMBUS, OH 43215-0000 |
| 04/11/2012 D6 | SR | SUMS COMPLAINT(19161665) SENT BY CERTIFIED MAIL. TO: UNITED STATES OF AMERICA 400 UNITED STATES COURTHOUSE 801 WEST SUPERIOR AVENUE CLEVELAND, OH 44113-0000 |
| 04/11/2012 D2 | SR | SUMS COMPLAINT(19161662) SENT BY CERTIFIED MAIL. TO: JOHN DOE, UNK SPOUSE, IF ANY, OF CHRISTINE J. FORGUES 15109 MERRIMEADE DRIVE CLEVELAND, OH 44111-0000 |
| 04/11/2012 D1 | SR | SUMS COMPLAINT(19161661) SENT BY CERTIFIED MAIL. TO: CHRISTINE J. FORGUES 15109 MERRIMEADE DRIVE CLEVELAND, OH 44111-0000 |
| 04/11/2012 D5 | SR | SUMS COMPLAINT(19161664) SENT BY CERTIFIED MAIL. TO: UNITED STATES OF AMERICA C/O U.S. ATTORNEY GENERAL 950 PENNSYLVANIA AVENUE NORTHWEST WASHINGTON, DC 20530-0000 |
| 04/11/2012 D3 | SR | SUMS COMPLAINT(19161663) SENT BY CERTIFIED MAIL. TO: WILLIAM E. FORGUES 15109 MERRIMEADE DRIVE CLEVELAND, OH 44111-0000 |
| 04/16/2012 D6 | SR | CERTIFIED MAIL RECEIPT NO. 19161665 RETURNED BY U.S. MAIL DEPARTMENT 04/16/2012 UNITED STATES OF AMERICA MAIL RECEIVED AT ADDRESS 04/12/2012 SIGNED BY OTHER. |
| 04/19/2012 D8 | SR | CERTIFIED MAIL RECEIPT NO. 19161667 RETURNED BY U.S. MAIL DEPARTMENT 04/19/2012 STATE OF OHIO ESTATE TAX DIVISION MAIL RECEIVED AT ADDRESS 04/16/2012 SIGNED BY OTHER. |
| 04/19/2012 D7 | SR | CERTIFIED MAIL RECEIPT NO. 19161666 RETURNED BY U.S. MAIL DEPARTMENT 04/19/2012 STATE OF OHIO DEPARTMENT OF TAXATION MAIL RECEIVED AT ADDRESS 04/16/2012 SIGNED BY OTHER. |
| 04/23/2012 D1 | SR | CERTIFIED MAIL RECEIPT NO. 19161661 RETURNED BY U.S. MAIL DEPARTMENT 04/23/2012 FORGUES/CHRISTINE/J. MAIL RECEIVED BY ADDRESSEE 04/21/2012. |
| 04/24/2012 D3 | SR | CERTIFIED MAIL RECEIPT NO. 19161663 RETURNED BY U.S. MAIL DEPARTMENT 04/23/2012 FORGUES/WILLIAM/E. MAIL RECEIVED AT ADDRESS 04/21/2012 SIGNED BY OTHER. |
| 04/24/2012 D2 | SR | CERTIFIED MAIL RECEIPT NO. 19161662 RETURNED BY U.S. MAIL DEPARTMENT 04/23/2012 JOHN DOE, UNK SPOUSE, IF ANY, OF CHRISTINE J. FORGUES MAIL RECEIVED AT ADDRESS 04/21/2012 SIGNED BY OTHER. |
| 04/24/2012 D5 | SR | CERTIFIED MAIL RECEIPT NO. 19161664 RETURNED BY U.S. MAIL DEPARTMENT 04/23/2012 UNITED STATES OF AMERICA MAIL RECEIVED AT ADDRESS 04/16/2012 SIGNED BY OTHER. |
| 05/10/2012 P1 | SF | DEPOSIT AMOUNT PAID REIMER, ARNOVITZ, CHERNEK & JEFFREY |
| 05/10/2012 P1 | SF | AFFIDAVIT FOR FORECLOSURE PUBLICATION $250.00 |

05/15/2012 N/A  JE    UPON REVIEW OF THE REQUEST FOR MEDIATION, THE MEDIATOR HAS MADE A
                      PRELIMINARY FINDING THAT THE CASE MAY BE SUITABLE FOR MEDIATION. ALL
                      DISCOVERY AND MOTION PRACTICE IS STAYED PENDING THE MEDIATOR'S FINAL
                      DETERMINATION OF SUITABILITY OF THE CASE FOR MEDIATION. THE CASE WILL BE
                      SET FOR PRE-MEDIATION CONFERENCE BY SEPARATE ORDER. PLAINTIFF'S
                      COUNSEL AND PROPERTY OWNER SHALL APPEAR AT THE PRE-MEDIATION
                      CONFERENCE. FAILURE OF PLAINTIFF'S COUNSEL TO APPEAR WILL RESULT IN
                      DISMISSAL OF THE CASE. FAILURE OF THE PROPERTY OWNER TO APPEAR WILL
                      RESULT IN THE RETURN OF THE CASE TO THE FORECLOSURE MAGISTRATE FOR
                      FURTHER PROCEEDINGS. IF THE PARTY SEEKING FORECLOSURE WOULD LIKE THE
                      PROPERTY OWNER TO COMPLETE A LOSS MITIGATION FORM DIFFERENT FROM THE
                      COURT'S STANDARD OWNER'S MEDIATION QUESTIONNAIRE, SAID PARTY MUST
                      BRING A COPY OF THE APPROPRIATE LOSS MITIGATION FORM TO THE PRE-
                      MEDIATION CONFERENCE. NOTICE ISSUED

05/16/2012 D6   AN    D6 UNITED STATES OF AMERICA ANSWER................ LORI WHITE LAISURE 0060084

05/21/2012 N/A  JE    PRE MEDIATION CONFERENCE SET FOR 06/11/2012 AT 11:15 AM. FAILURE OF THE
                      PROPERTY OWNER, OR PROPERTY OWNER'S COUNSEL, TO APPEAR IN PERSON AT
                      THE PRE-MEDIATION CONFERENCE WILL RESULT IN THE CASE BEING RETURNED TO
                      THE FORECLOSURE DOCKET. FAILURE OF THE PLAINTIFF'S COUNSEL TO APPEAR IN
                      PERSON AT THE PRE-MEDIATION CONFERENCE WILL RESULT IN DISMISSAL OF THE
                      PLAINTIFF'S CLAIMS WITHOUT PREJUDICE. FAILURE OF COUNSEL FOR ANY OTHER
                      PARTY WITH AFFIRMATIVE CLAIMS TO APPEAR WILL RESULT IN THE DISMISSAL OF
                      THOSE CLAIMS WITHOUT PREJUDICE. PLEASE REPORT TO THE FORECLOSURE
                      MEDIATION DEPARTMENT ON THE 10TH FLOOR OF THE JUSTICE CENTER, 1200
                      ONTARIO, CLEVELAND, OHIO, FOR THE PRE-MEDIATION CONFERENCE. **** PARTIES
                      MUST ATTEND BOTH THE PRE-MEDIATION CONFERENCE AND THE FULL MEDIATION.
                      FOR QUESTIONS CONTACT THE MEDIATION DEPARTMENT AT 216-698-7138. ****
                      NOTICE ISSUED

06/01/2012 N/A  SC    PRE MEDIATION CONFERENCE SCHEDULED FOR 06/11/2012 AT 11:15 AM IS
                      CANCELLED. MEDIATOR: JOE MONROE (MED003) REASON: UNKNOWN (notice sent).

06/01/2012 P1   OT    P1 DEUTSCHE BANK NATIONAL TRUST COMPANY NOTICE OF APPEARANCE AS CO-
                      COUNSEL .............. STEVEN E ELDER 0009066

06/04/2012 P1   CS    PROOF OF PUBLICATION FILED ... / L.N. $640.40

06/04/2012 N/A  JE    PRE MEDIATION CONFERENCE PREVIOUSLY SCHEDULED FOR 06/11/2012 AT 11:15
                      AM IS RESCHEDULED FOR 07/02/2012 AT 10:00 AM. FAILURE OF THE PROPERTY
                      OWNER, OR PROPERTY OWNER'S COUNSEL, TO APPEAR IN PERSON AT THE PRE-
                      MEDIATION CONFERENCE WILL RESULT IN THE CASE BEING RETURNED TO THE
                      FORECLOSURE DOCKET. FAILURE OF THE PLAINTIFF'S COUNSEL TO APPEAR IN
                      PERSON AT THE PRE-MEDIATION CONFERENCE WILL RESULT IN DISMISSAL OF THE
                      PLAINTIFF'S CLAIMS WITHOUT PREJUDICE. FAILURE OF COUNSEL FOR ANY OTHER
                      PARTY WITH AFFIRMATIVE CLAIMS TO APPEAR WILL RESULT IN THE DISMISSAL OF
                      THOSE CLAIMS WITHOUT PREJUDICE. PLEASE REPORT TO THE FORECLOSURE
                      MEDIATION DEPARTMENT ON THE 10TH FLOOR OF THE JUSTICE CENTER, 1200
                      ONTARIO, CLEVELAND, OHIO, FOR THE PRE-MEDIATION CONFERENCE.. NOTICE
                      ISSUED

06/06/2012 P1   CS    LEGAL NEWS ABSTRACT

06/06/2012 P1   CS    LEGAL NEWS FEE DEP APPLIED TOWARD LEGAL NEWS $250.00

06/06/2012 P1   PP    PRE-PAID PORTION OF SERVICE PUBLICATION FEE $390.40

07/05/2012 N/A  JE    PRE-MEDIATION CONFERENCE HELD. ALL PARTIES APPEARED. THIS CASE SHALL
                      PROCEED TO FULL MEDIATION AS SCHEDULED. NOTICE ISSUED

07/10/2012 N/A  JE    FORECLOSURE MEDIATION HEARING SET FOR 08/14/2012 AT 01:30 PM. FAILURE OF
                      THE PROPERTY OWNER, AND PROPERTY OWNER'S COUNSEL, IF ANY, TO APPEAR IN
                      PERSON AT THE MEDIATION WILL RESULT IN THE CASE BEING RETURNED TO THE
                      FORECLOSURE DOCKET. FAILURE OF PLAINTIFF'S COUNSEL, AND CLIENT
                      REPRESENTATIVE WITH ULTIMATE SETTLEMENT AUTHORITY OR INVESTOR WITH
                      ULTIMATE SETTLEMENT AUTHORITY, TO APPEAR IN PERSON AT THE MEDIATION
                      WILL RESULT IN THE DISMISSAL OF CLAIMS WITHOUT PREJUDICE. FAILURE OF
                      COUNSEL FOR ANY OTHER PARTY WITH AFFIRMATIVE CLAIMS TO APPEAR IN
                      PERSON, WITH A CLIENT REPRESENTATIVE, WILL RESULT IN THE DISMISSAL OF
                      THOSE CLAIMS WITHOUT PREJUDICE. PLEASE REPORT TO THE FORECLOSURE
                      MEDIATION DEPARTMENT ON THE 10TH FLOOR OF THE JUSTICE CENTER, 1200
                      ONTARIO, CLEVELAND, OHIO, FOR THE MEDIATION. NOTICE ISSUED

07/30/2012 D7   AN    D7 STATE OF OHIO DEPARTMENT OF TAXATION ANSWER OF DEFENDANT, STATE OF
                      OHIO DEPARTMENT OF TAXATION.... LINDSEY K. MCCARRON 0083888

08/16/2012 N/A  JE    FORE. MED. / FOLLOW-UP SET FOR 09/25/2012 AT 02:00 PM. MEDIATION HELD

| | | | |
|---|---|---|---|
| | | 08/14/2012. ALL PARTIES APPEARED. THIS CASE IS SET FOR A FOLLOW-UP MEDIATION ON THE DATE AND TIME ABOVE. ALL PARTIES SHALL APPEAR IN PERSON. NOTICE ISSUED | |
| 09/06/2012 | N/A | SC | FORE. MED. / FOLLOW-UP PREVIOUSLY SCHEDULED FOR 09/25/2012 AT 02:00 PM IS RESCHEDULED FOR 09/25/2012 AT 03:00 PM (Notice Sent). |
| 09/06/2012 | N/A | SC | FORE. MED. / FOLLOW-UP SCHEDULED FOR 09/25/2012 AT 02:00 PM IS CANCELLED. MEDIATOR: JOE MONROE (MED003) REASON: UNKNOWN (notice sent). |
| 09/18/2012 | N/A | JE | FORE. MED. / FOLLOW-UP SET FOR 10/11/2012 AT 02:30 PM. FOLLOW UP MEDIATION HEARING RESET TO 10/11/12 AT 2:30 P.M. ALL PARTIES TO REPORT TO THE 10TH FLOOR OF THE JUSTICE CENTER PREPARED TO DISCUSS SETTLEMENT OF THIS MATTER. NOTICE ISSUED |
| 09/18/2012 | N/A | SC | FORE. MED. / FOLLOW-UP SCHEDULED FOR 09/25/2012 AT 03:00 PM IS CANCELLED. |
| 10/12/2012 | N/A | JE | TELEPHONE CONFERENCE SET FOR 11/15/2012 AT 02:30 PM. FOLLOW UP HEARING HELD. ALL PARTIES APPEARED. THE PROPERTY OWNER IS ATTEMPTING TO WORK ON THE TAX LIEN. A STATUS CALL IS SET FOR 11/15/12 AT 2:30 P.M. PLAINTIFF TO INTIATE THE CALL. NOTICE ISSUED |
| 11/14/2012 | N/A | SC | TELEPHONE CONFERENCE SCHEDULED FOR 11/15/2012 AT 02:30 PM IS CANCELLED. |
| 11/15/2012 | N/A | JE | TELEPHONE CONFERENCE SET FOR 11/16/2012 AT 02:30 PM. PHONE CONFERENCE CONTINUED TO 11/16/12 AT 230 PM PLAINTIFF TO INITIATE THE CALL. NOTICE ISSUED |
| 11/19/2012 | N/A | JE | TELEPHONE CONFERENCE SET FOR 12/07/2012 AT 01:30 PM. PHONE CONFERENCE HELD. ALL PARTIES APPEARED. THE PARTIES ARE ACTIVELY INVOLVED IN ATTEMPTING TO RESOLVE THIS MATTER THROUGH MEDIATION. A FOLLOW UP PHONE CONFERENCE IS SET FOR 12/7/12 AT 1:30 P.M. PLAINTIFF TO INTIATE THE CALL. NOTICE ISSUED |
| 12/10/2012 | N/A | MG | A REVIEW OF THE DOCKET REVEALS THAT PLAINTIFF HAS PERFECTED SERVICE ON ALL DEFENDANTS. PLAINTIFF IS ORDERED TO SUBMIT, WITHIN TWENTY (20) DAYS OF THE DATE OF THIS ORDER, ANY DISPOSITIVE MOTIONS NECESSARY TO AFFIRMATIVELY PROSECUTE THE CASE, UPDATED TITLEWORK, AND A MILITARY AFFIDAVIT IF NECESSARY. FAILURE TO COMPLY WILL RESULT IN DISMISSAL OF THE CASE WITHOUT PREJUDICE. NOTICE ISSUED |
| 12/11/2012 | N/A | JE | PHONE CONFERENCE HELD. ALL PARTIES APPEARED. THE CASE CANNOT PROCEED TO A MODIFICATION UNTIL CERTAIN TAX LIENS ARE RESOLVED. THE FILE IS THEREFORE RETURNED TO THE MAGISTRATES FOR FURTHER PROCEEDINGS AND ANY STAY OF DISCOVERY AND OR MOTION PRACTICE IS HEREBY LIFTED. SHOULD THERE BE A CHANGE IN FINANCIAL CIRCUMSTANCES THE CASE MAY BE RE-REFERRED TO MEDIATION. NOTICE ISSUED |

Print Page | Close Window | Disclaimers | Printer Friendly Version

Only the official court records available from the Cuyahoga County Clerk of Courts, available in person, should be relied upon as accurate and current.

For questions/comments please click here

© PROWARE 1997-2012

Case Docket



## DOCKET INFORMATION

Printer Friendly Version

**Case Number:** JL-12-526786
**Case Title:** STATE OF OHIO DEPARTMENT OF TAXATION vs. FORGUES, CHRISTINE
**Image Viewer:** AlternaTIFF

### DOCKET INFORMATION

| From Date | Sort | Type | Type | Type | Type | SearchType |
|---|---|---|---|---|---|---|
| ☐ / ☐ / ☐ | ◉ Ascending  ○ Descending | ☐ | ☐ | ☐ | ☐ | Start Search |

| Date | Side | Type | Description | Image |
|---|---|---|---|---|
| 09/05/2012 | N/A | JL | JUDGMENT AMT: $13580.42 RENDERED BY: CUY CTY COMMON PLEAS ORIGINATING CASE NO.: JL12526786 JUDGMENT LIEN CASE#: JL12526786 CREDITOR: STATE OF OHIO DEPARTMENT OF TAXATION DEBTOR: FORGUES, CHRISTINE INTEREST AT: 3% INTEREST FROM DATE: 12/10/2011 COSTS: JUDGMENT DATE: 12/10/2011 DOCKET (JOURNAL): 523 PAGE: ST12263270 TIME FILED: 09/05/2012 07:55:20 LIEN COST: PAID BY: SERIAL NUMBER: ▇▇▇▇▇▇▇ ACCOUNT NUMBER: | |
| 09/05/2012 | N/A | SF | STATE LIEN FILED. COST AT SATISFACTION $40.00 CLERK FEE $10.00 COMPUTER MAINTENANCE & $5.00 SATISFACTION FEE | |

Print Page | Close Window | Disclaimers | Printer Friendly Version

Only the official court records available from the Cuyahoga County Clerk of Courts, available in person, should be relied upon as accurate and current.

For questions/comments please click here

© PROWARE 1997-2012

Case Parties                                                                          Page 1 of 1



### CASE PARTIES

**Case Number:** JL-12-526786

**Case Title:** STATE OF OHIO DEPARTMENT OF TAXATION vs. FORGUES, CHRISTINE

| CREDITOR (1) | STATE OF OHIO |
|---|---|
| DEBTOR (1) | CHRISTINE FORGUES<br>15109 MERRIMEADE DR<br>CLEVELAND, OH 44111-<br>0000 |

Print Page | Close Window | Disclaimers | Printer Friendly Version

Only the official court records available from the Cuyahoga County Clerk of Courts, available in person, should be relied upon as accurate and current.

For questions/comments please click here

© PROWARE 1997-2012

Form 668 (Y)(c)
(Rev. February 2004)

Department of the Treasury - Internal Revenue Service

# Notice of Federal Tax Lien

| Area:<br>SMALL BUSINESS/SELF EMPLOYED AREA #2<br>Lien Unit Phone: (800) 913-6050 | Serial Number | For Optional Use by Recording Office |
|---|---|---|

As provided by section 6321, 6322, and 6323 of the Internal Revenue Code, we are giving a notice that taxes (including interest and penalties) have been assessed against the following-named taxpayer. We have made a demand for payment of this liability, but it remains unpaid. Therefore, there is a lien in favor of the United States on all property and rights to property belonging to this taxpayer for the amount of these taxes, and additional penalties, interest, and costs that may accrue.

Name of Taxpayer CHRISTINE J FORGUES
AKA CHRISTINE J DOUBRAVA AKA CHRISTINE J ANDRES

| Residence | 15109 MERIMEADE DRIVE<br>CLEVELAND, OH 44111 | CUYAHOGA COUNTY<br>OFFICE OF FISCAL OFFICER - 1<br>FL 9/18/2012 12:00:18 PM |
|---|---|---|

**IMPORTANT RELEASE INFORMATION:** For each assessment listed below, unless notice of the lien is refiled by the date given in column (e), this notice shall, on the day following such date, operate as a certificate of release as defined in IRC 6325(a).

**201209189015**

| Kind of Tax<br>(a) | Tax Period<br>Ending<br>(b) | Identifying Number<br>(c) | Date of<br>Assessment<br>(d) | Last Day for<br>Refiling<br>(e) | Unpaid Balance<br>of Assessment<br>(f) |
|---|---|---|---|---|---|
| 1040 | 12/31/2006 | XXX-XX | 08/20/2012 | 09/19/2022 | 7418.40 |
| 1040 | 12/31/2007 | XXX-XX | 08/06/2012 | 09/05/2022 | 2942.99 |
| 1040 | 12/31/2009 | XXX-XX | 07/30/2012 | 08/29/2022 | 334.92 |
| 1040 | 12/31/2011 | XXX-XX | 07/23/2012 | 08/22/2022 | 1392.11 |

| Place of Filing | COUNTY FISCAL OFFICER<br>Cuyahoga County<br>Cleveland, OH 44113 | Total | $ | 12088.42 |
|---|---|---|---|---|

This notice was prepared and signed at _____ DETROIT, MI _____ , on this,

the _____ 07th _____ day of _____ September _____, 2012

| Signature<br>for N. BARTHOLOMEW | Title<br>REVENUE OFFICER<br>(216) 520-7085 | 22-11-3270 |
|---|---|---|

(**NOTE:** Certificate of officer authorized by law to take acknowledgment is not essential to the validity of Notice of Federal Tax Lien Rev. Rul. 71-466, 1971 - 2 C.B. 409)

Part 1 - Kept By Recording Office

Form 668(Y)(c) (Rev. 2-2004)
CAT. NO 60025X

Case Docket



**Gerald E. Fuerst, Clerk of Courts**
**Court of Common Pleas - Cuyahoga County, Ohio**

| Case Summary | Case Parties | Docket | | | | Main Menu |

# D O C K E T   I N F O R M A T I O N

Printer Friendly Version

**Case Number:** JL-12-539823
**Case Title:** STATE OF OHIO DEPARTMENT OF TAXATION vs. FORGUES,WILLIAM & CHRISTINE
**Image Viewer:** AlternaTIFF

## DOCKET INFORMATION

| From Date | Sort | Type | Type | Type | Type | SearchType |
|---|---|---|---|---|---|---|
| ___ / ___ / ___ | ○ Ascending  ○ Descending | | | | | Start Search |

| Date | Side | Type | Description | Image |
|---|---|---|---|---|
| 09/19/2012 | N/A | JL | JUDGMENT AMT: $1664.51 RENDERED BY: CUY CTY COMMON PLEAS ORIGINATING CASE NO.: JL12539823 JUDGMENT LIEN CASE#: JL12539823 CREDITOR: STATE OF OHIO DEPARTMENT OF TAXATION DEBTOR: FORGUES,WILLIAM & CHRISTINE INTEREST AT: 3% INTEREST FROM DATE: 10/19/2011 COSTS: JUDGMENT DATE: 10/19/2011 DOCKET (JOURNAL): 535 PAGE: ST12268987 TIME FILED: 09/19/2012 07:44:21 LIEN COST: PAID BY: SERIAL NUMBER: ███████ ACCOUNT NUMBER: | |
| 09/19/2012 | N/A | SF | STATE LIEN FILED. COST AT SATISFACTION $40.00 CLERK FEE $10.00 COMPUTER MAINTENANCE & $5.00 SATISFACTION FEE | |

Print Page | Close Window | Disclaimers | Printer Friendly Version

Only the official court records available from the Cuyahoga County Clerk of Courts, available in person, should be relied upon as accurate and current.

For questions/comments please click here

© PROWARE 1997-2012

Case Parties



## Gerald E. Fuerst, Clerk of Courts
## Court of Common Pleas - Cuyahoga County, Ohio

| Case Summary | Docket | Costs | Sureties | ES | New Search | Main Result |

# CASE PARTIES

**Case Number:** JL-12-539823

**Case Title:** STATE OF OHIO DEPARTMENT OF TAXATION vs. FORGUES,WILLIAM & CHRISTINE

| CREDITOR (1) | STATE OF OHIO |
|---|---|
| DEBTOR (2) | CHRISTINE FORGUES<br>15109 MERRIMEADE DR<br>CLEVELAND, OH 44111-0000 |
| DEBTOR (1) | WILLIAM FORGUES<br>15109 MERRIMEADE DR<br>CLEVELAND, OH 44111-0000 |

Print Page | Close Window | Disclaimers | Printer Friendly Version

Only the official court records available from the Cuyahoga County Clerk of Courts, available in person, should be relied upon as accurate and current.

For questions/comments please click here

© PROWARE 1997-2012

http://cpdocket.cp.cuyahogacounty.us/p_CV_CaseParties.aspx

12/14/2012





## DOCKET INFORMATION

Printer Friendly Version

Case Number: JL-12-539824

Case Title: STATE OF OHIO DEPARTMENT OF TAXATION vs. FORGUES,WILLIAM & CHRISTINE

Image Viewer: AlternaTIFF

### DOCKET INFORMATION

| From Date | Sort | Type | Type | Type | Type | SearchType | |
|---|---|---|---|---|---|---|---|
| ☐ / ☐ / ☐ | ⦿ Ascending<br>○ Descending | ☐ | ☐ | ☐ | ☐ | Start Search | |

| Date | Side | Type | Description | Image |
|---|---|---|---|---|
| 09/19/2012 | N/A | JL | JUDGMENT AMT: $3965.54 RENDERED BY: CUY CTY COMMON PLEAS ORIGINATING CASE NO.: JL12539824 JUDGMENT LIEN CASE#: JL12539824 CREDITOR: STATE OF OHIO DEPARTMENT OF TAXATION DEBTOR: FORGUES,WILLIAM & CHRISTINE INTEREST AT: 3% INTEREST FROM DATE: 10/19/2011 COSTS: JUDGMENT DATE: 10/19/2011 DOCKET (JOURNAL): 535 PAGE: ST12268988 TIME FILED: 09/19/2012 07:44:21 LIEN COST: PAID BY: SERIAL NUMBER: ▬▬▬▬▬ ACCOUNT NUMBER: | |
| 09/19/2012 | N/A | SF | STATE LIEN FILED. COST AT SATISFACTION $40.00 CLERK FEE $10.00 COMPUTER MAINTENANCE & $5.00 SATISFACTION FEE | |

Print Page | Close Window | Disclaimers | Printer Friendly Version

Only the official court records available from the Cuyahoga County Clerk of Courts, available in person, should be relied upon as accurate and current.

For questions/comments please click here

© PROWARE 1997-2012



## Gerald E. Fuerst, Clerk of Courts
## Court of Common Pleas - Cuyahoga County, Ohio

# C A S E  P A R T I E S

**Case Number:** JL-12-539824

**Case Title:** STATE OF OHIO DEPARTMENT OF TAXATION vs. FORGUES,WILLIAM & CHRISTINE

| CREDITOR (1) | STATE OF OHIO |
|---|---|
| DEBTOR (2) | CHRISTINE FORGUES<br>15109 MERRIMEADE DR<br>CLEVELAND, OH 44111-0000 |
| DEBTOR (1) | WILLIAM FORGUES<br>15109 MERRIMEADE DR<br>CLEVELAND, OH 44111-0000 |

Print Page | Close Window | Disclaimers | Printer Friendly Version

Only the official court records available from the Cuyahoga County Clerk of Courts, available in person, should be relied upon as accurate and current.

For questions/comments please click here

© PROWARE 1997-2012

F12-00223                    EGB/lll                December 12, 2012

FILE

2012 DEC 21 P 12:41

GERALD E. FUERST
CLERK OF COURTS
CUYAHOGA COUNTY

IN THE COURT OF COMMON PLEAS

CUYAHOGA COUNTY, OHIO

| | |
|---|---|
| Deutsche Bank National Trust Company, as Trustee for J.P. Morgan Mortgage Acquisition Trust 2007-CH5, Asset Backed Pass-Through Certificates, Series 2007-CH5 | ) JUDGE DICK AMBROSE<br>)<br>)<br>) CASE NO. CV 12 779307<br>)<br>)   **ATTORNEY AFFIDAVIT**<br>) |
| Plaintiff | )<br>) |
| -vs- | )<br>) |
| Christine J. Forgues aka Christine J.A. Andres Doubrava aka Christine J. Andres, et al. | )<br>)<br>)<br>)<br>) |
| Defendant | ) |

| | | |
|---|---|---|
| STATE OF OHIO | ) | |
| | ) | ss |
| COUNTY OF SUMMIT | ) | |

Edward G. Bohnert, Esq., being first duly sworn, deposes and says:

1.  I am an attorney at law duly licensed to practice in the State of Ohio and am affiliated with the Law Firm of Reimer, Arnovitz, Chernek & Jeffrey Co., L.P.A., the attorneys of record for the party seeking foreclosure in the above-captioned foreclosure action.  As such, I am fully aware of the underlying action, as well as the proceedings had herein.

2.  On the date of July 12, 2012, I communicated with Nicole L. Smiley, Vice President, a representative of the party seeking foreclosure, who informed me that he/she: (a) personally reviewed said party's records pertaining to its loan or loans in issue in this matter; (b) personally reviewed said party's pleading or last amended pleading in

this matter and confirms the factual accuracy of said items as they relate to said loan or loans.

3. Based upon my communication with <u>Nicole L. Smiley</u>, as well as upon my own inspection of the papers filed with the Court and other diligent inquiry, I certify that, to the best of my knowledge, information, and belief, the pleading or last amended pleading are accurate in all relevant respects. I understand my continuing obligation to amend this Affidavit in light of newly discovered facts following its filing.

4. I understand that the Court will rely on this Affidavit in considering the application.


**FURTHER AFFIANT SAYETH NAUGHT.**


_Edward Bohnert_
**EDWARD G. BOHNERT**


_18th_    SWORN TO BEFORE ME and subscribed in my presence this _____ day of _December_, 2012.


NOTARY PUBLIC

EMILIE-JO N. GAROFOLO
NOTARY PUBLIC • STATE OF OHIO
Recorded in Cuyahoga County
My commission expires April 6, 2014

F12-00223          EGB/lll          December 12, 2012

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | |
|---|---|
| Deutsche Bank National Trust Company, as Trustee for J.P. Morgan Mortgage Acquisition Trust 2007-CH5, Asset Backed Pass-Through Certificates, Series 2007-CH5 | ) CASE NO. CV 12 779307 <br> ) <br> ) JUDGE DICK AMBROSE <br> ) <br> ) <br> ) <br> ) **AFFIDAVIT AS TO** <br> ) **MILITARY STATUS** <br> ) |
|         Plaintiff | ) <br> ) |
|   -vs- | ) <br> ) |
| Christine J. Forgues aka Christine J.A. Andres Doubrava aka Christine J. Andres, et al. | ) <br> ) <br> ) <br> ) |
|         Defendant | ) |

| | |
|---|---|
| STATE OF   Ohio | ) |
| | ) ss: |
| COUNTY OF   Summit | ) |

Edward G. Bohnert, being first duly sworn, deposes and says:

1. I am duly authorized to make this Affidavit, I have personal knowledge of all of the facts stated herein, and I am competent to testify to the matters stated herein. I am making this affidavit pursuant to the Servicemembers Civil Relief Act, 50 U.S.C. Appx. § 521.

2. I have caused an investigation to be made to ascertain whether Christine J. Forgues aka Christine J.A. Andres Doubrava aka Christine J. Andres, the above-named Defendant, is in the

military service of the United States, in that I have reviewed my case file, including the loan documents delivered to me by Plaintiff, and I have caused a search to be made of the information available online from the Department of Defense Manpower Data Center.

3.    Based on the facts as above set forth, Christine J. Forgues aka Christine J.A. Andres Doubrava aka Christine J. Andres is not in the military service of the United States.

4.    Based on the facts as above set forth, the obligation sought to be enforced in this action is not an obligation against a surety, guarantor, endorser, or other person liable primarily or secondarily for a party in the military service.

FURTHER AFFIANT SAYETH NAUGHT.


_Edward Bohnert_
Edward G. Bohnert


Sworn To Before Me and subscribed in my presence this _18th_ day of _December_ , 2012.


_Emilie Jo N. Garofolo_
NOTARY PUBLIC

EMILIE JO N. GAROFOLO
NOTARY PUBLIC • STATE OF OHIO
Recorded in Cuyahoga County
My commission expires April 6, 2014

REV040820

Department of Defense Manpower Data Center

Results as of : Dec-18-2012 09:17:03

SCRA 2.3



**Status Report**
**Pursuant to Servicemembers Civil Relief Act**

Last Name: <u>FORGUES</u>

First Name: <u>CHRISTINE</u>

Middle Name: <u>J</u>

Active Duty Status As Of: <u>Dec-18-2012</u>

| On Active Duty On Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects the individual's active duty status based on the Active Duty Status Date | | | |

| Left Active Duty Within 367 Days of Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects where the individual left active duty status within 367 days preceding the Active Duty Status Date | | | |

| The Member or His/Her Unit Was Notified of a Future Call-Up to Active Duty on Active Duty Status Date | | | |
|---|---|---|---|
| Order Notification Start Date | Order Notification End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects whether the individual or his/her unit has received early notification to report for active duty | | | |

Upon searching the data banks of the Department of Defense Manpower Data Center, based on the information that you provided, the above is the status of the individual on the active duty status date as to all branches of the Uniformed Services (Army, Navy, Marine Corps, Air Force, NOAA, Public Health, and Coast Guard). This status includes information on a Servicemember or his/her unit receiving notification of future orders to report for Active Duty.

*Mary M. Snavely-Dixon*

Mary M. Snavely-Dixon, Director
Department of Defense - Manpower Data Center
4800 Mark Center Drive, Suite 04E25
Arlington, VA 22350

The Defense Manpower Data Center (DMDC ... n organization of the Department of Defense (DoD) that ...tains the Defense Enrollment and Eligibility Reporting System (DEERS) database which is the official source of data on eligibility for military medical care and other eligibility systems.

The DoD strongly supports the enforcement of the Servicemembers Civil Relief Act (50 USC App. § 501 et seq, as amended) (SCRA) (formerly known as the Soldiers' and Sailors' Civil Relief Act of 1940). DMDC has issued hundreds of thousands of "does not possess any information indicating that the individual is currently on active duty" responses, and has experienced only a small error rate. In the event the individual referenced above, or any family member, friend, or representative asserts in any manner that the individual was on active duty for the active duty status date, or is otherwise entitled to the protections of the SCRA, you are strongly encouraged to obtain further verification of the person's status by contacting that person's Service via the "defenselink.mil" URL: http://www.defenselink.mil/faq/pis/PC09SLDR.html. If you have evidence the person was on active duty for the active duty status date and you fail to obtain this additional Service verification, punitive provisions of the SCRA may be invoked against you. See 50 USC App. § 521(c).

This response reflects the following information: (1) The individual's Active Duty status on the Active Duty Status Date (2) Whether the individual left Active Duty status within 367 days preceding the Active Duty Status Date (3) Whether the individual or his/her unit received early notification to report for active duty on the Active Duty Status Date.

## More information on "Active Duty Status"

Active duty status as reported in this certificate is defined in accordance with 10 USC § 101(d) (1). Prior to 2010 only some of the active duty periods less than 30 consecutive days in length were available. In the case of a member of the National Guard, this includes service under a call to active service authorized by the President or the Secretary of Defense under 32 USC § 502(f) for purposes of responding to a national emergency declared by the President and supported by Federal funds. All Active Guard Reserve (AGR) members must be assigned against an authorized mobilization position in the unit they support. This includes Navy Training and Administration of the Reserves (TARs), Marine Corps Active Reserve (ARs) and Coast Guard Reserve Program Administrator (RPAs). Active Duty status also applies to a Uniformed Service member who is an active duty commissioned officer of the U.S. Public Health Service or the National Oceanic and Atmospheric Administration (NOAA Commissioned Corps).

## Coverage Under the SCRA is Broader in Some Cases

Coverage under the SCRA is broader in some cases and includes some categories of persons on active duty for purposes of the SCRA who would not be reported as on Active Duty under this certificate. SCRA protections are for Title 10 and Title 14 active duty records for all the Uniformed Services periods. Title 32 periods of Active Duty are not covered by SCRA, as defined in accordance with 10 USC § 101(d)(1).

Many times orders are amended to extend the period of active duty, which would extend SCRA protections. Persons seeking to rely on this website certification should check to make sure the orders on which SCRA protections are based have not been amended to extend the inclusive dates of service. Furthermore, some protections of the SCRA may extend to persons who have received orders to report for active duty or to be inducted, but who have not actually begun active duty or actually reported for induction. The Last Date on Active Duty entry is important because a number of protections of the SCRA extend beyond the last dates of active duty.

Those who could rely on this certificate are urged to seek qualified legal counsel to ensure that all rights guaranteed to Service members under the SCRA are protected

WARNING: This certificate was provided based on a last name, SSN/date of birth, and active duty status date provided by the requester. Providing erroneous information will cause an erroneous certificate to be provided.

## Certificate ID: 7555GPTHR1



Department of Defense Manpower Data Center

Results as of : Dec-18-2012 09:18:24

SCRA 2.3

## Status Report
## Pursuant to Servicemembers Civil Relief Act

Last Name: ANDRES DOUBRAVA

First Name: CHRISTINE

Middle Name: J.A.

Active Duty Status As Of: Dec-18-2012

| On Active Duty On Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects the individual's active duty status based on the Active Duty Status Date | | | |

| Left Active Duty Within 367 Days of Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects where the individual left active duty status within 367 days preceding the Active Duty Status Date | | | |

| The Member or His/Her Unit Was Notified of a Future Call-Up to Active Duty on Active Duty Status Date | | | |
|---|---|---|---|
| Order Notification Start Date | Order Notification End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects whether the individual or his/her unit has received early notification to report for active duty | | | |

Upon searching the data banks of the Department of Defense Manpower Data Center, based on the information that you provided, the above is the status of the individual on the active duty status date as to all branches of the Uniformed Services (Army, Navy, Marine Corps, Air Force, NOAA, Public Health, and Coast Guard). This status includes information on a Servicemember or his/her unit receiving notification of future orders to report for Active Duty.

*Mary M. Snavely-Dixon*

Mary M. Snavely-Dixon, Director
Department of Defense - Manpower Data Center
4800 Mark Center Drive, Suite 04E25
Arlington, VA 22350

The Defense Manpower Data Center (DMD...      ...n organization of the Department of Defense (DoD) that      ...tains the Defense Enrollment and Eligibility Reporting System (DEERS) database which is the official source of data on eligibility for military medical care and other eligibility systems.

The DoD strongly supports the enforcement of the Servicemembers Civil Relief Act (50 USC App. § 501 et seq, as amended) (SCRA) (formerly known as the Soldiers' and Sailors' Civil Relief Act of 1940). DMDC has issued hundreds of thousands of "does not possess any information indicating that the individual is currently on active duty" responses, and has experienced only a small error rate. In the event the individual referenced above, or any family member, friend, or representative asserts in any manner that the individual was on active duty for the active duty status date, or is otherwise entitled to the protections of the SCRA, you are strongly encouraged to obtain further verification of the person's status by contacting that person's Service via the "defenselink.mil" URL: http://www.defenselink.mil/faq/pis/PC09SLDR.html.  If you have evidence the person was on active duty for the active duty status date and you fail to obtain this additional Service verification, punitive provisions of the SCRA may be invoked against you.  See 50 USC App. § 521(c).

This response reflects the following information:  (1) The individual's Active Duty status on the Active Duty Status Date (2) Whether the individual left Active Duty status within 367 days  preceding the Active Duty Status Date (3) Whether the individual or his/her unit received early notification to report for active duty on the Active Duty Status Date.

## More information on "Active Duty Status"

Active duty status as reported in this certificate is defined in accordance with 10 USC § 101(d) (1).  Prior to 2010 only some of the active duty periods less than 30 consecutive days in length were available.  In the case of a member of the National Guard, this includes service under a call to active service authorized by the President or the Secretary of Defense under 32 USC § 502(f) for purposes of responding to a national emergency declared by the President and supported by Federal funds.  All Active Guard Reserve (AGR) members must be assigned against an authorized mobilization position in the unit they support.  This includes Navy Training and Administration of the Reserves (TARs), Marine Corps Active Reserve (ARs) and Coast Guard Reserve Program Administrator (RPAs).  Active Duty status also applies to a Uniformed Service member who is an active duty commissioned officer of the U.S. Public Health Service or the National Oceanic and Atmospheric Administration (NOAA Commissioned Corps).

## Coverage Under the SCRA is Broader in Some Cases

Coverage under the SCRA is broader in some cases and includes some categories of persons on active duty for purposes of the SCRA who would not be reported as on Active Duty under this certificate.  SCRA protections are for Title 10 and Title 14 active duty records for all the Uniformed Services periods.  Title 32 periods of Active Duty are not covered by SCRA, as defined in accordance with 10 USC § 101(d)(1).

Many times orders are amended to extend the period of active duty, which would extend SCRA protections. Persons seeking to rely on this website certification should check to make sure the orders on which SCRA protections are based have not been amended to extend the inclusive dates of service.  Furthermore, some protections of the SCRA may extend to persons who have received orders to report for active duty or to be inducted, but who have not actually begun active duty or actually reported for induction.  The Last Date on Active Duty entry is important because a number of protections of the SCRA extend beyond the last dates of active duty.

Those who could rely on this certificate are urged to seek qualified legal counsel to ensure that all rights guaranteed to Service members under the SCRA are protected

WARNING:  This certificate was provided based on a last name, SSN/date of birth, and active duty status date provided by the requester.  Providing erroneous information will cause an erroneous certificate to be provided.

## Certificate ID: 36V0H2MB43

Results as of : Dec-18-2012 09:19.05

Department of Defense Manpower Data Center

SCRA 2.3



**Status Report**
**Pursuant to Servicemembers Civil Relief Act**

Last Name: <u>ANDRES</u>
First Name: <u>CHRISTINE</u>
Middle Name: <u>J</u>
Active Duty Status As Of: <u>Dec-18-2012</u>

| On Active Duty On Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects the individuals' active duty status based on the Active Duty Status Date | | | |

| Left Active Duty Within 367 Days of Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects where the individual left active duty status within 367 days preceding the Active Duty Status Date | | | |

| The Member or His/Her Unit Was Notified of a Future Call-Up to Active Duty on Active Duty Status Date | | | |
|---|---|---|---|
| Order Notification Start Date | Order Notification End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects whether the individual or his/her unit has received early notification to report for active duty | | | |

Upon searching the data banks of the Department of Defense Manpower Data Center, based on the information that you provided, the above is the status of the individual on the active duty status date as to all branches of the Uniformed Services (Army, Navy, Marine Corps, Air Force, NOAA, Public Health, and Coast Guard).  This status includes information on a Servicemember or his/her unit receiving notification of future orders to report for Active Duty.

*Mary M. Snavely-Dixon*

Mary M. Snavely-Dixon, Director
Department of Defense - Manpower Data Center
4800 Mark Center Drive, Suite 04E25
Arlington, VA 22350

The Defense Manpower Data Center (DMD⌁     ⌁n organization of the Department of Defense (DoD) that     ⌁tains the Defense Enrollment and Eligibility Reporting System (DEERS) database which is the official source of data on eligibility for military medical care and other eligibility systems.

The DoD strongly supports the enforcement of the Servicemembers Civil Relief Act (50 USC App. § 501 et seq, as amended) (SCRA) (formerly known as the Soldiers' and Sailors' Civil Relief Act of 1940). DMDC has issued hundreds of thousands of "does not possess any information indicating that the individual is currently on active duty" responses, and has experienced only a small error rate. In the event the individual referenced above, or any family member, friend, or representative asserts in any manner that the individual was on active duty for the active duty status date, or is otherwise entitled to the protections of the SCRA, you are strongly encouraged to obtain further verification of the person's status by contacting that person's Service via the "defenselink.mil" URL: http://www.defenselink.mil/faq/pis/PC09SLDR.html. If you have evidence the person was on active duty for the active duty status date and you fail to obtain this additional Service verification, punitive provisions of the SCRA may be invoked against you. See 50 USC App. § 521(c).

This response reflects the following information: (1) The individual's Active Duty status on the Active Duty Status Date (2) Whether the individual left Active Duty status within 367 days preceding the Active Duty Status Date (3) Whether the individual or his/her unit received early notification to report for active duty on the Active Duty Status Date.

## More information on "Active Duty Status"

Active duty status as reported in this certificate is defined in accordance with 10 USC § 101(d) (1). Prior to 2010 only some of the active duty periods less than 30 consecutive days in length were available. In the case of a member of the National Guard, this includes service under a call to active service authorized by the President or the Secretary of Defense under 32 USC § 502(f) for purposes of responding to a national emergency declared by the President and supported by Federal funds. All Active Guard Reserve (AGR) members must be assigned against an authorized mobilization position in the unit they support. This includes Navy Training and Administration of the Reserves (TARs), Marine Corps Active Reserve (ARs) and Coast Guard Reserve Program Administrator (RPAs). Active Duty status also applies to a Uniformed Service member who is an active duty commissioned officer of the U.S. Public Health Service or the National Oceanic and Atmospheric Administration (NOAA Commissioned Corps).

## Coverage Under the SCRA is Broader in Some Cases

Coverage under the SCRA is broader in some cases and includes some categories of persons on active duty for purposes of the SCRA who would not be reported as on Active Duty under this certificate. SCRA protections are for Title 10 and Title 14 active duty records for all the Uniformed Services periods. Title 32 periods of Active Duty are not covered by SCRA, as defined in accordance with 10 USC § 101(d)(1).

Many times orders are amended to extend the period of active duty, which would extend SCRA protections. Persons seeking to rely on this website certification should check to make sure the orders on which SCRA protections are based have not been amended to extend the inclusive dates of service. Furthermore, some protections of the SCRA may extend to persons who have received orders to report for active duty or to be inducted, but who have not actually begun active duty or actually reported for induction. The Last Date on Active Duty entry is important because a number of protections of the SCRA extend beyond the last dates of active duty.

Those who could rely on this certificate are urged to seek qualified legal counsel to ensure that all rights guaranteed to Service members under the SCRA are protected

WARNING: This certificate was provided based on a last name, SSN/date of birth, and active duty status date provided by the requester. Providing erroneous information will cause an erroneous certificate to be provided.

Certificate ID: 8SLOM9T42O

## IN THE COURT OF COMMON PLEAS
## CUYAHOGA COUNTY, OHIO

**DEUTSCHE BANK NATIONAL TRUST**
**AS TRUSTEE FOR J.P. MORGAN**
**MORTGAGE ACQUISITION TRUST**
    **Plaintiff**

    **CASE NUMBER: CV12779307**

    -VS-

    **JUDGE: DICK AMBROSE**

**CHRISTINE J. FORGUES aka**
**CHRISTINE J. A. ANDRES**
**DOUBRAVA aka CHRISTINE**
**J. ANDRES et. al.**
    **Defendants**

## PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE ITS PARTIAL MOTION FOR SUMMARY JUDGMENT AGAINST DEFENDANT UNITED STATES OF AMERICA AS TO THE ISSUE OF LIEN PRIORITY

Now comes Plaintiff, Deutsche Bank National Trust Company…, ("DEUTSCHE BANK" or "Plaintiff"), by and through undersigned counsel, and pursuant to the Local Rules, and The Ohio Rules of Civil Procedure, and respectfully requests that this Honorable Court grant Plaintiff an extension of time in which to file its Motion for Partial Summary Judgment against Defendant, The United States of America as to lien priority, for reasons which are more fully described in the attached Brief/Memorandum.

        Respectfully submitted,
        Steven E. Elder, Co., L.P.A.

        Steven E. Elder (0009066)
        Andrew P. George (0071311)
        (Of Counsel)
        Co-counsel for Plaintiff
        731 Fife Ave.
        Wilmington, Ohio 45177
        (937) 382-8747
        (937) 382-1127 Fax
        Haase@erinet.com

PROCESSED

DEC 28 2012

GERALD E. FUERST, CLERK
IMAGING DEPARTMENT

CV12779307

77233899

## BRIEF/MEMORANDUM IN SUPPORT

This is a foreclosure case that involves a disputed issue as to mortgage lien priority, as Defendant United States of America has a Federal Tax Lien that may relate to a partial interest in the subject real estate. Plaintiff filed the within Foreclosure action as a result of a default in the terms of its Note and Mortgage, which mortgage was recorded on April 20, 2007. Defendant, filed its subject FTL against Christine Forgues aka Christine Andres aka Christine Doubrava on December 3, 2004. However, proceeds from Plaintiff's mortgage paid off a purchase money mortgage in the amount of $90,597.75 prior in time to the FTL, and the FTL was not filed against co-owner William E. Forgues. At any rate, Defendant thereby created a potential title insurance claim due to Plaintiff's Loan Policy, and Plaintiff tendered the claim to its carrier. Fidelity National Title Insurance Company retained undersigned counsel to assist Plaintiff as to lien priority issues. A cursory review of the docket will show that this case has been stayed for an inordinate period of time, due to a Bankruptcy filing and that it was only recently re-activated and reassigned back to the Court from Mediation. This Honorable Court issued an Order on 12-10-12 that Plaintiff must file any dispositive motions "necessary to affirmatively prosecute the case" within 20 days of that Order. However, it is believed that the Court was unaware of the lien priority dispute at the time of the Order and that it was merely referring to the normal Foreclosure Summary Judgment Motion.

Plaintiff has several defenses that may apply as against the FTL of Defendant. They include, but are not limited to, a) Equitable Subrogation and Unjust Enrichment, as Plaintiff paid $90,597.75 from Plaintiff's mortgage loan proceeds for a previous purchase money mortgage recorded in 2001, a date that precedes Defendant's 2004 FTL; b) the

invalidity of Defendant's FTL *ab initio*, as it was not filed against co-owner, William E. Forgues; and c) various Revenue Rulings and several other defenses may apply as well upon receipt of discovery responses, but time must first be allowed for discovery to precede the dispositive motion.

This Motion is being prepared only nine (9) days after counsel received this Court's Order and because of the prior Bankruptcy Stay discovery could not previously be conducted and no prior dispositive motion could have been filed. **It should be noted that in a subsequent Order/Journal Entry of 12-11-12 *"any Stay of Discovery and or Motion Practice is hereby lifted..."*** Thus it is readily apparent that the Court intended to give more time to the parties to conduct discovery and to do their dispositive motions and motion practice. Further, no sale or distribution has taken place in this case, and no trial date has been set.  There will be no prejudice to Defendant by the granting of the within Motion, and it is not being made for purposes of delay. The priority issues can be addressed and resolved via Summary Judgment within 60 days hereof by the granting of this Motion.  For all of the foregoing reasons, it is respectfully requested that the Plaintiff's Summary Judgment date be extended to March 1, 2013, and that the Court enter an Order accordingly per the attached Judgment Entry.

**WHEREFORE**, it is respectfully requested that Plaintiff be granted an extension of time in which to file its Motion for Partial Summary Judgment.

Respectfully submitted,
Steven E. Elder Co., L.P.A.

Steven E. Elder (0009066)
Andrew P. George (0071311)
(Of Counsel)
Co-counsel for Plaintiff
731 Fife Ave.
Wilmington, Ohio 45177
(937) 382-8747
(937) 382-1127 Fax
Haase@erinet.com

## CERTIFICATE OF SERVICE

A true copy of the foregoing was served upon all parties or their counsel of record

by mailing a true copy to them via ordinary U.S. Mail, postage prepaid on this _20_ day of

___Dec___, 2012, to wit:

Edward G. Bohnert
Douglas A. Haessig
2450 Edison Blvd.
Twinsburg, OH 44087

Lori White Laisure, Esq.
Asst. U.S. Atty General
801 W. Superior Ave., Suite 400
Cleveland, OH 44113-1852

Christine J. Forgues aka
Christine J. A. Andres Doubrave
aka Christine J. Andres
15109 Merimeade Drive
Cleveland, OH 44111

William E. Forgues
15109 Merimeade Drive
Cleveland, OH 44111

Steven E. Elder Co., L.P.A.

Steven E. Elder (0009066)



77257138

# IN THE COURT OF COMMON PLEAS
# CUYAHOGA COUNTY, OHIO

DEUTSCHE BANK NATIONAL TR. CO.
    Plaintiff

Case No: CV-12-779307

Judge: DICK AMBROSE
Magistrate: CHRISTOPHER E OLSZTYN

CHRISTINE J. FORGUES AKA DOUBRAVA AKA
ANDRES ETAL
    Defendant

## <u>MAGISTRATE'S ORDER</u>

(EDP)

PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE ITS PARTIAL MOTION FOR SUMMARY JUDGMENT IS GRANTED IN PART. PLAINTIFF MAY SUBMIT ITS PARTIAL MOTION FOR SUMMARY JUDGMENT AGAINST DEFENDANT UNITED STATES OF AMERICA ON OR BEFORE 2/4/13. FAILURE TO COMPLY WITH THIS ORDER MAY RESULT IN THE SETTING OF A TRIAL SCHEDULE TO ADDRESS THE ISSUE OF LIEN PRIORITY BETWEEN PLAINTIFF AND DEFENDANT UNITED STATES OF AMERICA.

_____
Magistrate Signature

12/31/2012
CPCEO

12/31/2012



77519351

# IN THE COURT OF COMMON PLEAS
# CUYAHOGA COUNTY, OHIO

DEUTSCHE BANK NATIONAL TR. CO.
    Plaintiff

 

CHRISTINE J. FORGUES AKA DOUBRAVA AKA
ANDRES ETAL
    Defendant

Case No: CV-12-779307

Judge: DICK AMBROSE
Magistrate: CHRISTOPHER E OLSZTYN

## MAGISTRATE'S ORDER

MOTION FOR DEFAULT JUDGMENT IS SET FOR HEARING ON 02/12/2013 AT 10:30AM BEFORE MAGISTRATE CHRISTOPHER E OLSZTYN, 310 W. LAKESIDE, 6TH FL...  THE MOVING PARTY MUST SEND NOTICE OF THE DATE AND TIME OF THIS HEARING AND A COPY OF THE MOTION TO ALL PARTIES, INCLUDING THOSE WHO HAVE YET TO ENTER AN APPEARANCE, AT LEAST 14 DAYS IN ADVANCE OF THE HEARING.  FAILURE TO APPEAR MAY RESULT IN DISMISSAL OF THE CLAIMS OR AN ENTRY OF JUDGMENT.

_____
Magistrate Signature                  01/09/2013
                                         CPCEO

01/09/2013

F12-00223                   EGB/kll                   December 17, 2012

### IN THE COURT OF COMMON PLEAS
### CUYAHOGA COUNTY, OHIO



| | |
|---|---|
| Deutsche Bank National Trust Company, as Trustee for J.P. Morgan Mortgage Acquisition Trust 2007-CH5, Asset Backed Pass-Through Certificates, Series 2007-CH5 | ) CASE NO. CV 12 779307 |
| | ) |
| | ) JUDGE Dick Ambrose |
| | ) |
| Plaintiff | ) **NOTICE OF HEARING** |
| | ) |
| -vs- | ) |
| | ) |
| Christine J. Forgues aka Christine J.A. Andres Doubrava aka Christine J. Andres, et al. | ) |
| | ) |
| Defendants | ) |

FILED

JAN 1 5 2013

Clerk of Courts
Cuyahoga County, Ohio

A  MOTION  OF  DEFAULT  JUDGMENT  IS  SET  FOR  HEARING  ON

February 12th , 2013 AT 10:30 O'CLOCK A.M.

BEFORE MAGISTRATE Chrisupher E Olsztyn, 6TH FLOOR, 310 WEST

LAKESIDE AVE., CLEVELAND, OHIO.  FAILURE TO APPEAR MAY RESULT IN

AN ENTRY OF JUDGMENT.

Respectfully submitted,

Edward Bohnert

**REIMER, ARNOVITZ, CHERNEK & JEFFREY CO., L.P.A.**
Edward G. Bohnert (0004920)
P.O. Box 968
2450 Edison Blvd.
Twinsburg, OH 44087
Phone: (330) 425-4201
Fax: 330-405-1099
Email: ebohnert@reimerlaw.com

46

<u>PROOF OF SERVICE</u>

Plaintiff served a copy of the foregoing Notice of Hearing on:

Christine J. Forgues aka
Christine J.A. Andres
Doubrava
aka Christine J. Andres
15109 Merrimeade Drive
Cleveland, Ohio  44111

John Doe, Unknown Spouse,
if any, of Christine J.
Forgues aka Christine J.A.
Andres Doubrava
aka Christine J. Andres
15109 Merrimeade Drive
Cleveland, Ohio  44111

Lori White Laisure
Assistant U.S. Attorney
801 Superior Ave., Suite 400
Cleveland, OH  44113

Lindsey K. McCarron
Assistant Attorney General
Collection Enforcement
Section,
150 East Gay Street,
21st Floor
Columbus, OH  43215

State of Ohio Estate Tax
Division
c/o Ohio Attorney General,
150 East Gay Street
Columbus, Ohio  43215

by Ordinary U.S. Mail, this _14_ day of ___Jan.___ ,201_3_

**REIMER, ARNOVITZ, CHERNEK &
JEFFREY CO., L.P.A.**
Edward G. Bohnert (0004920)
P.O. Box 968
2450 Edison Blvd.
Twinsburg, OH 44087
Phone: (330) 425-4201
Fax: 330-405-1099
Email: ebohnert@reimerlaw.com

FILED

**IN THE COURT OF COMMON PLEAS**
**CUYAHOGA COUNTY, OHIO**

2013 FEB -4 P 1: 43

| | | |
|---|---|---|
| **DEUTSCHE BANK NATL TRUST...** | ) | **CASE NO. CV12779307** |
| | ) | |
| **Plaintiff** | ) | **JUDGE: DICK AMBROSE** |
| **vs.** | ) | |
| | ) | |
| **CHRISTINE J. FORGUES, ET AL.** | ) | **FORECLOSURE** |
| | ) | |
| **Defendants** | ) | |

### PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST DEFENDANTS, UNITED STATES OF AMEREICA ("USA") AND STATE OF OHIO

For its Motion For Partial Summary Judgment, Plaintiff, Deutsche Bank National Trust ... ("Deutsche Bank"), by and through undersigned counsel, and pursuant to Ohio Civil Rules 56 (A) and 56 (C), respectfully request this Honorable Court to grant summary judgment against the Defendants, United States of America, and State of Ohio as to the issue of lien priority only, on the grounds (1) that there is no genuine issue as to any material fact; (2) that the Plaintiff is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the United States; and for reasons which are more fully described in the attached Brief/Memorandum in Support.

Respectfully submitted,
**STEVEN E. ELDER, CO., L.P.A.**

Steven E. Elder (0009066)
Co-counsel for Plaintiff
731 Fife Ave.
Wilmington, OH 45177
(937) 382-8747
(937) 382-1127 Fax
Haase@erinet.com

PROCESSED

FEB 05 2013

CUYAHOGA COUNTY CLERK
OF COURTS
IMAGING DEPARTMENT

CV12779307                77934642

## BRIEF/MEMORANDUM IN SUPPORT

## INTRODUCTION TO THE CASE

This is a very simple case about a Foreclosure of a mortgage by Plaintiff which was recorded on April 20, 2007. (See Complaint and Mortgage Exhibit incorporated herein by reference). The Federal Tax Lien ("FTL") at issue in this case was filed on December 3, 2004 against only one of two fee simple title holder, so priority is at issue *ab initio* as to a one half interest in the real estate. The same applies as to the Judgment Lien of the State of Ohio, filed October 19, 2006. This is also a case about the Doctrine of Equitable Subrogation, and the parties' intentions that Plaintiff have a first and best lien, because upon disbursement of Plaintiff's mortgage loan proceeds, Plaintiff's proceeds paid off the prior 2001 purchase money mortgage recorded on 6-20-01 in Instrument No. 200106200975 of the Cuyahoga County Recorder records in the amount of $90,597.75 as shown in Line 104 of the HUD-I and supporting Affidavit. (See Exhibits A and B attached hereto and incorporated herein)

It is Plaintiff's position that the $90,597.75 tendered to Chase Home Finance, the holder of the prior purchase money mortgage, from Plaintiff's closing places Plaintiff's mortgage in front of the FTL and State lien here to that extent, and that the intention of the parties for Plaintiff to have a first lien should be enforced as against The USA and Ohio in a situation where Plaintiff intended to have a first and best lien. The fact that the FTL and State lien were not found prior to closing was apparently caused by the title company that did the title exam and closing for Plaintiff's mortgage. The title company was not an agent of Plaintiff (See Affidavit attached as Exhibit B), and its negligence

should not be imputed to Plaintiff or result in a penalty of having a second lien position when a first was intended pursuant to Ohio case law as set forth hereinafter.

First, it is not expected that the USA or Ohio will dispute that even if the FTL/State lien applies to the property, either can only apply to the one half interest of Christine J. Forgues and that neither can apply to the one half interest owned by William E. Forgues. Secondly, the Doctrine of Equitable Subrogation is a remedy in equity that basically provides that when a third person satisfies a prior mortgage on real property, on the agreement with the owner of the real property that he will be secured by a mortgage on such property, the third person will be subrogated to all the rights of the prior mortgages paid from the new loan proceeds. The United States claims to stand in first lien position behind county real estate taxes as to Christine's ½ interest, but Plaintiff asserts that pursuant to the Doctrine of Equitable Subrogation, the Plaintiff's mortgage is in first position, behind taxes, for the additional amount of $90,597.75 that was tendered to payoff the prior purchase money mortgage that accrued prior to the FTL at issue. As will be shown, **The United States has Stipulated to the priority of a such mortgages as Plaintiff's herein in the past, and this court has granted summary judgment for the mortgage lender in a cases on all fours**. Although the State of Ohio has not claimed priority, it has filed an Answer.

## SUMMARY JUDGMENT STANDARD

Rule 56 © establishes the requirements for granting summary judgments. These were well summarized long ago by the Ohio Supreme Court in ***Harless v. Willis Day Whse. Co., 54 Ohio St. 2d 64, 66, 375 N.E.2d 46, 47 (1978)***, in the following terms: *The appositeness of rendering a summary judgment hinges upon the tripartite demonstration:*

*(1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor.* See also, ***Welco Industries, Inc. v. Applied Companies, 67 Ohio St. 3$^d$, 344 (1992).*** This Motion will demonstrate with accuracy, brevity, and clarity why this Honorable Court should grant the Defendant's request for Summary Judgment against Plaintiff.

## OPERATIVE FACTS OF THIS CASE

First, Christine J. Forgues (with various akas) and William E. Forgues were in title together as husband and wife prior to the Recordation of the FTL, the State lien, or the subject mortgage. (See the PJR attached to the Complaint and incorporated herein; See also a copy of the vesting deed attached hereto and incorporated herein as Exhibit C) On March 23, 2007, Plaintiff's mortgage was executed at a closing conducted by a title and closing company called LSI. It was Plaintiff's intention to have a first and best lien, and LSI was so instructed. (See Affidavit attached hereto and incorporated herein as Exhibit B). For some unknown reason, LSI did not find the FTL or State lien in its title examination. (See Affidavit attached hereto as Exhibit B). However, the FTL was not filed against ½ fee owner William E. Forgues in the first place. Additionally, from Deutsche Bank's loan proceeds, $90,597.76 that was tendered to payoff the prior purchase money mortgage that accrued prior to the FTL at issue. (See Affidavit attached as Exhibit B, and HUD-I Settlement Statement attached as Exhibit A, which are incorporated herein by reference).

At the time the FTL was filed, The United States and State of Ohio had no idea what position its/their lien was in, had done no prior title work, and had no expectation of any lien position and it cannot demonstrate otherwise. However, notwithstanding specific instructions and the intentions of the parties to Plaintiff's mortgage, The USA has asserted that its FTL has priority over that of Deutsche Bank's mortgage. This is even contra to various Revenue Rulings, contra to existing Ohio case law and contra to the acquiescence of the USA in prior similar cases. As stated, the State of Ohio has answered but has not specifically asserted priority.

## LAW AND ARGUMENT

The above facts are not in dispute, as they are all of record. At any rate, the primary issue this Honorable Court must resolve, and can resolve via Summary Judgment, is who has priority over whom and to what extent if any, and does Plaintiff's mortgage lien have additional priority over the FTL and State lien because Deutsche Bank is entitled to Equitable Subrogation and Unjust Enrichment claims to the prior lien position that it paid off. This Honorable Court is therefore being requested to hold that Deutsche Bank holds a first and best lien on the premises to the extent of the first $90,597.75, (plus interest and costs and expenses advanced) received from any Sheriff Sale, after the lien of county taxes. The Court is then requested to hold that the FTL can only apply to Christine's ½ interest after Equitable Subrogation is applied.

First, the U.S. Attorney's Office has a long-standing practice of subordinating FTLs to Purchase Money Mortgages, which is supported by case law and various Revenue Rulings. See *Slodov v. United States*, 436 U.S. 238, 858.25 (1978); Rev. Rul. 68-57, 68-1 Cum Bull. 553. See also I.R.S. General Counsel's Op. No. 13-60, 7 CCH

1961 Standard Fed. Tax Reg. Paragraph 6307 (1960).  Since Plaintiff's mortgage paid off the borrowers' purchase money mortgage, the within mortgage should by definition take priority over a subsequent FTL. It is patently unfair to claim that a FTL is subordinate to a purchase money mortgage but not to a refinance mortgage that pays off a purchase money mortgage and such a ruling would unjustly enrich the USA and would be against public policy.

Secondly, and as stated above, The United States has Stipulated to the priority of a mortgage and this court has granted summary judgment for the mortgage lender in at least one case on all fours in this very jurisdiction. See attached docket, stipulation, and ruling from *CitiFinancial Mortgage Company, Inc. vs. Nathaniel Flynt, et al.*, (Cuyahoga County Case No. CV-01-448196. In *Flynt*, on 02-11-04 this very court granted summary judgment to the mortgage lender who filed its mortgage after the FTL and held, *Since USA would find itself in the same position it would have occupied had Plaintiff not satisfied the prior liens if the court allows Equitable Subrogation, reasonable minds can conclude only that Plaintiff is entitled to such subrogation. See also, Cadle co. No. 2 v. Rendezvous Realty (September 2, 1993), Cuyahoga App Nos. 63565 & 63724, unreported.* Additionally, in *Flynt* the lender Plaintiff and United States entered into an Agreed Judgment Entry and Stipulation to the lender Plaintiff's lien priority. (See docket entry & Agreed Judgment Entry and Stipulation of 05-03-04) The United States cannot take the completely opposite position here to its own Stipulation and a Judgment from this Court in *Flynt* and have any credibility!

The case of *Cadle Company No. 2 v. Rendezvous Realty*, (1993 WL 335444, 8th App. Dist. 63565 & 63724) is an appellate decision from this jurisdiction. There, the

settlement statement showed that the escrow agent, as here, used the mortgage funds to pay pre-existing mortgages/liens.  The Court applied the fairness of the Doctrine of Equitable Subrogation there, and held that *When a third person satisfies a prior mortgage on real property, on the agreement with the owner of the real property that he will be secured by a first mortgage on such property, the third person will be subrogated to all the rights of the prior mortgage*, citing ***Federal Union Life Ins. Co. v. Deitsch*** 127 Ohio St. 505 (1934).  The Court held further that; *The burdens of Record Rendezvous as second mortgagee are the same as if the first mortgage to Rendezvous Realty had not been released.*  See also, ***State of Ohio, Department of Taxation v. Jones*** 61 Ohio St.2[nd] 99 (1980).  Again, ***Cadle*** is an appellate decision from this very jurisdiction, and it should be followed here – as should this Court's summary judgment decision in ***Flynt.*** .

In the instant case, The United States and State of Ohio simply filed the FTL and Judgment Lien ("JL").  Neither did a title search of the subject property and both liens were filed against only one of two fee title holders.  Neither had any specific intention to have a first and best lien.  Neither was not misled or injured because it did not bargain for or expect a first lien.  By definition, the FTL would be inferior to any existing first mortgage. As shown herein, Mr. and Mrs. Forgues did in fact have an existing purchase money mortgage at the time the FTL was filed.  They could have had a dozen mortgages and liens, as there was no reliance upon the status of title or lien position, or even the manner in which title was held. The FTL and JL would have been filed on the same date regardless of title status or lien position.  The United States and the State of Ohio do not enjoy any special privileges that are unavailable to other lien creditors.  However, they now wishes to move up a full position, when they never ever intended to be in a first lien

position, and when it was thanks to Deutsche Bank's mortgage that the prior purchase money mortgage got paid off. The United States/State of Ohio will be unjustly enriched if they are permitted to benefit by Plaintiff's payoff and to receive the first available funds from Sheriff Sale.

It is expected that The United States (and perhaps Ohio) will argue that Equitable Subrogation is precluded here by reason of the negligence of the title company in failing to discover the FTL/JL. The **Cadle** Court also spoke to the argument of negligence on behalf of the title/escrow agent. It held, *Assuming the escrow agent was negligent, the negligence was not material. Record Rendezvous was not misled or injured, because it did not bargain for or expect a first lien position. Therefore, the appellees are entitled to equitable subrogation, despite the negligence.*

In ***Guarantee Title & Trust Company vs. William L. Hines, et al***, (Warren County Case No. 01CV58356, decided January 22, 2003), the Court held that Equitable Subrogation applies in Warren County and in its Decision had this to say about the prior lienholder:

> In what manner would Plaintiff be prejudiced? It is a judgment lien holder, not a bona fide purchaser. It did not advance monies, nor change its position in reliance upon a belief it would have the first and best lien (interest) upon the ... property. When its certificate of judgment was filed, its lien was in third place behind Associates Financial's and J.C. DeBoard's. Had Associate Financial not defaulted, it would still be junior to that mortgage. Whatever negligence may be attributed to Deutsche Bank (the party claiming Equitable Subrogation in this case), *this Magistrate believes it does not amount to "culpable negligence."* See <u>**Hines**</u>, at 9.

The court in <u>***Hines***</u> also held, *"[i]ndeed, Ohio precedent suggests that, in the absence of prejudice to an intervening lienholder, negligence in overlooking an intervening lien, in and of itself, is not sufficient grounds to bar subrogation, particularly*

*if the negligence is attributable to a title agency employed by the mortgagee seeking subrogation.* See **_Hines_**, at pg. 9. This exactly what happened here! LSI overlooked or did not find the FTL!

See also, ***Federal Home Loan Mortgage Corp. v. Moore* (Franklin County Ct. of App. No. 90AP-546 (Sept. 27, 1990)**. (Emphasis added). In our present case, no duty was owed to The United States or Ohio by the title agency (LSI), and the title agency is not a party to this litigation. Further, LSI was not an agent of Plaintiff, and there was no principal/agent relationship. (See Affidavit attached hereto as Exhibit B). If LSI was not Plaintiff's agent, no basis exists to punish Plaintiff for the negligence of LSI in not finding the FTL prior to Plaintiff's closing. As stated, The United States/Ohio have never bargained for or expected to be in a first lien or priority position and the USA has stipulated to a mortgage lender's priority in **_Flynt_**, a Cuyahoga County case which is on all fours. It therefore does not have any standing to assert that Equitable Subrogation does not apply here, or if it has standing, it cannot prove the necessary elements to defeat Plaintiff's claim.

From very early on, Ohio Courts have recognized the Doctrine of Equitable Subrogation and have uniformly applied it *when it can be done without placing greater burdens upon the intervening lienholders than they would have bourn... **Straman, Admr. V. Rechtine, et al.*** 58 Ohio St. 443 (1898). Certainly no greater burden is now put on Defendant, The United States, who because of Equitable Subrogation, still stands in a second lien position, with Deutsche Bank having a first lien position in the identical amount of its payoff of the prior lien, when the USA originally only had and bargained for "any security interest" by the simple filing of its FTL. This is not a case where the

Plaintiff performed any negligent act that would preclude Equitable Subrogation. In fact, The United States has conceded the validity of the Equitable Subrogation Doctrine and of Plaintiff's arguments pursuant to its own prior, filed Stipulations in other cases. The United States/State of Ohio should therefore be estopped from arguing that Equitable Subrogation does not apply here by reason of its own prior position on this matter in other cases.

Notwithstanding some recent disfavor of equitable remedies in certain fact patters, they continue to be available in the right fact pattern, such as here. Recent cases continue to support the Doctrine of Equitable Subrogation, which when applied here will prevent the unjust enrichment of The United States. This position is supported time and again in Districts throughout the State of Ohio and United States District Court as in the cases cited above and in **Washington Mut. Bank, F.A. v. Aultman**, 2007-Ohio-3706 (2007). The Court in **Aultman** found that the Washington Mutual's failure to achieve first lien position was due solely to the title company's mistake and not due to the bank's failure to follow ordinary business practices to protect its interests. Moreover, the Court found that intervening lien holder was originally in second position and granting equitable subrogation to Washington Mutual would not effect the lien holder's original position. *Id.* The United State Bankruptcy Court for the Northern District of Ohio in **In re Aleksin v. MERS, et al.**, Case No. 05-5067, decided August 22, 2008, specifically found that:

> *The mistake of the title agent serving MERS is precisely the kind of mistake that has been found to trigger the application of doctrine of equitable subrogation. Numerous Ohio courts have found that such a mistake is immaterial, because there is not prejudice*

*to the entity that is in the position of Greentree in the case. Greentree's mortgage was a second mortgage at the time it was filed...And if equitable subrogation is applied to MERS, Greentree will still be in second mortgage position.*

Again, the United States District Court for the Northern District of Ohio, in **Washington Mutual Bank v. Chiappetta, et al.**, Case NO. 1:07 CV 683, decided September 19, 2008, Magistrate Judge James S. Gallas stated: *The standard is, however, whether the lender has acted in conformity with ordinary and reasonable business practices to establish its priority, and the lender's control must be included in making this assessment. WaMu has indisputably shown a lack of control over the title agency and Infinity has produced no fact to demonstrate that WaMu should have been on notice of the existence of its and ODOT's intervening liens.*

The Court in **Chiappetta** relied, in part, on two recent Equitable Subrogation cases – **Washington Mutual v. Hopkins**, 2007 WL 4532679 (Ohio App. 10 Dist.) and **Washington Mutual v. Aultman** (2007), 2007-Ohio-5735 above. The **Aultman** case was certified by the Supreme Court of Ohio but was ultimately settled and dismissed prior to hearing. In both the **Hopkins** and **Aultman** cases the title agent failed to discover or pay off a prior encumbrance. Similar to the lenders in **Hopkins** and **Aultman**, Deutsche Bank committed no negligent act regarding LSI's failure to record the vesting deed or mortgage. Further, it has been established by Affidavit evidence that LSI was NOT acting as any sort of agent for Argent or Deutsche Bank and that they had no control over the actions of LSI. There is no evidence to the contrary, so **Chiappetta**, requires application of Equitable Subrogation in favor of Deutsche Bank. As in that case, it is undisputed that Deutsche Bank had no control over LSI. Clearly, LSI's purported failure

to find the FTL/JL was not a failure by Deutsche Bank to conform to ordinary and reasonable business practices, but was a failure of LSI only. And, as correctly found in *Chiappetta*, that failure was attributable to a third-party title company and can not be imputed to Deutsche Bank. The Court should find that Deutsche Bank holds a first lien position on the premises, as did the Magistrate in his September 19, 2008 decision in *Chiappetta*. (T.d. 43). Additionally, after the application of Equitable Subrogation, the FTL/JL can only apply to Christine's remaining ½ interest in the property because William E. Forgues was also a ½ interest fee holder of the property at the time the FTL/JL was filed. There is no prejudice to anyone in granting Equitable Subrogation to Deutsche Bank and holding that by reason thereof, Deutsche Bank's mortgage is prior in right to the interests of any other party in the subject real estate (except county taxes). Beyond this, we get back to the Revenue Rulings first mentioned above, and the Plaintiff's mortgage should be held to be in first lien position as to the entirety of its mortgage for reasons cited therein.

## CONCLUSION

To allow The United States or the State of Ohio to move into a first lien position when all either ever intended to have was any lien; when they did not rely upon who held title or any other lien holder's position; when they conducted no title exam; when they were not misled or injured; when Plaintiff committed no negligent act; and where The United States has previously Stipulated to the requested priority in other similar cases; would be to sanction unjust enrichment and defeat a long established equitable doctrine of subrogation. Plaintiff Deutsche Bank submits that the Summary Judgment remedy sought herein is favored by Ohio Courts. *The summary judgment statute was enacted*

*with a view to eliminating the backlog of cases, which clog our courts awaiting jury trials, those in which no genuine issue of facts exists. The availability of this procedure and the desirability of its aim are so apparent that its use should be encouraged in proper cases.* ***North v. Pennsylvania Rd. Co.,*** 9 Ohio St. 2d 169 (1967). Deutsche Bank submits that this is a proper case for Summary Judgment, since it has shown that there exists no genuine issue as to any material fact, and since this Plaintiff is entitled to a judgment as a matter of law that its lien is the first and best lien, subject to county taxes, pursuant to Rule 56 of the Ohio Rules of Civil Procedure.

This Court is very familiar with the Doctrine of Equitable Subrogation. Plaintiff, Deutsche Bank therefore asserts that it is entitled to assert the Doctrine of Equitable Subrogation against the FTL claim of The United States and the JL claim of Ohio, to the extent of the payoff that was made for the prior purchase money mortgage, in the total amount of $90,597.75, plus accrued interest and costs and expenses advanced. In fact, it is also argued that Deutsche Bank also has priority to the extent of its entire mortgage and that if the FTL/JL applies at all that it can only apply to the ½ interest of Christine after Equitable Subrogation is applied.

**WHEREFORE**, Plaintiff, Deutsche Bank respectfully requests this Honorable Court a) to grant the within Motion for Partial Summary Judgment against Defendants, The United States of America and State of Ohio as to lien priority; b) to grant the within Motion for Partial Summary Judgment against The United States and State of Ohio as to Deutsche Bank's rights to Equitable Subrogation and as to the priority of Plaintiff's mortgage in its entirety; c) to grant Deutsche Bank's Motion for Default or Motion for Summary Judgment against the primary Defendant(s) filed or to be filed under separate

cover by Plaintiff's co-counsel; d) to grant the relief prayed for in Deutsche Bank's Complaint; and e) to grant Plaintiff, Deutsche Bank any other and further relief as this Court deems fair, just, equitable and proper.

Respectfully submitted,
**STEVEN E. ELDER, CO., L.P.A.**

Steven E. Elder (0009066)
Co-counsel for Plaintiff
731 Fife Ave.
Wilmington, OH 45177
(937) 382-8747
(937) 382-1127 Fax
Haase@crinet.com

## CERTIFICATE OF SERVICE

A true copy of the foregoing Motion for Summary Judgment against Defendant, United States, by Plaintiff, was sent by Ordinary U.S. Mail to counsel for USA, and to all other parties or their counsel of record on this __/__ day of February, 2013, to wit:

Lori White Laisure, Esq.
Asst. U.S. Atty General
801 W. Superior Ave., Ste. 400
Cleveland, OH 44113-1852

Lindsey K. McCarron, Esq.
150 E. Gay Street, 21st Floor
Columbus, OH 43215-3130

Edward G. Bohnert, Esq.
Douglas A. Haessig, Esq.
2450 Edison Blvd.
Twinsburg, OH 44087

Christine J. Forgues aka
Christine J.A. Andres Doubrave
Aka Christine J. Andres
15109 Merimeade Dr.
Cleveland, OH 44111

William E. Forgues
15109 Merimeade Dr.
Cleveland, OH 44111

STEVEN E. ELDER CO., L.P.A.

Steven E. Elder (0009066)

PDFMAILER.COM Print and send PDF files as emails with any application, ad-sponsored and free of charge www.pdfmailer.com

OMB NO. 2502-0265

| A. | | B. TYPE OF LOAN: |
|---|---|---|
| U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT | | 1. ☐ FHA   2. ☐ FmHA   3. ☐ CONV. UNINS.   4. ☐ VA   5. ☒ CONV. INS. |
| **SETTLEMENT STATEMENT** | | 6. FILE NUMBER: 3255533 |
| | | 7. LOAN NUMBER: BL469223HH |
| | | 8. MORTGAGE INS CASE NUMBER: |

C. NOTE:  *This form is furnished to give you a statement of actual settlement costs. Amounts paid to and by the settlement agent are shown. Items marked "(POC)" were paid outside the closing; they are shown here for informational purposes and are not included in the totals.*

1.0   3/12   (3255533:PFD/3255533HH)

| D. NAME AND ADDRESS OF BORROWER: | E. NAME AND ADDRESS OF SELLER: | F. NAME AND ADDRESS OF LENDER: |
|---|---|---|
| CHRISTINE J. FORGUES and WILLIAM E. FORGUES, husband and wife 15109 MERRIMEADE DR CLEVELAND, OH 44111 | | Chase Bank, Usa, N.A. 504 VIRGINIA DRIVE FORT WASHINGTON, PA 19034 |

| G. PROPERTY LOCATION: | H. SETTLEMENT AGENT:   56-2468955 | I. SETTLEMENT DATE: |
|---|---|---|
| 15109 MERIMEADE DR CLEVELAND, OH 44111 CUYAHOGA County, Ohio | LSI, a division of Chicago Title Insurance Company | March 23, 2007 |
| | PLACE OF SETTLEMENT 15109 MERIMEADE DR CLEVELAND, OH 44111 | Disburse:03/28/07 |

| J. SUMMARY OF BORROWER'S TRANSACTION | | K. SUMMARY OF SELLER'S TRANSACTION | |
|---|---|---|---|
| **100. GROSS AMOUNT DUE FROM BORROWER:** | | **400. GROSS AMOUNT DUE TO SELLER:** | |
| 101. Contract Sales Price | | 401. Contract Sales Price | |
| 102. Personal Property | | 402. Personal Property | |
| 103. Settlement Charges to Borrower (Line 1400) | 16,443.28 | 403. | |
| 104. Payoff/Close Account to CHASE HOME FINANCE/16935 | 90,597.76 | 404. | |
| 105. Payoff/Close Account | | 405. | |
| *Adjustments For Items Paid By Seller In advance* | | *Adjustments For Items Paid By Seller In advance* | |
| 106. City/Town Taxes      to | | 406. City/Town Taxes      to | |
| 107. County Taxes      to | | 407. County Taxes      to | |
| 108. Assessments      to | | 408. Assessments      to | |
| 109. | | 409. | |
| 110. | | 410. | |
| 111. | | 411. | |
| 112. | | 412. | |
| **120. GROSS AMOUNT DUE FROM BORROWER** | 107,041.04 | **420. GROSS AMOUNT DUE TO SELLER** | |
| **200. AMOUNTS PAID BY OR IN BEHALF OF BORROWER:** | | **500. REDUCTIONS IN AMOUNT DUE TO SELLER:** | |
| 201. Deposit or earnest money | | 501. Excess Deposit (See Instructions) | |
| 202. Principal Amount of New Loan(s) | 144,400.00 | 502. Settlement Charges to Seller (Line 1400) | |
| 203. Existing loan(s) taken subject to | | 503. Existing loan(s) taken subject to | |
| 204. | | 504. Payoff First Mortgage | |
| 205. | | 505. Payoff Second Mortgage | |
| 206. | | 506. | |
| 207. | | 507. | |
| 208. | | 508. | |
| 209. | | 509. | |
| *Adjustments For Items Unpaid By Seller* | | *Adjustments For Items Unpaid By Seller* | |
| 210. City/Town Taxes      to | | 510. City/Town Taxes      to | |
| 211. County Taxes      to | | 511. County Taxes      to | |
| 212. Assessments      to | | 512. Assessments      to | |
| 213. | | 513. | |
| 214. | | 514. | |
| 215. | | 515. | |
| 216. | | 516. | |
| 217. | | 517. | |
| 218. | | 518. | |
| 219. | | 519. | |
| **220. TOTAL PAID BY/FOR BORROWER** | 144,400.00 | **520. TOTAL REDUCTION AMOUNT DUE SELLER** | |
| **300. CASH AT SETTLEMENT FROM/TO BORROWER:** | | **600. CASH AT SETTLEMENT TO/FROM SELLER:** | |
| 301. Gross Amount Due From Borrower (Line 120) | 107,041.04 | 601. Gross Amount Due To Seller (Line 420) | |
| 302. Less Amount Paid By/For Borrower (Line 220) | ( 144,400.00) | 602. Less Reductions Due Seller (Line 520) | |
| **303. CASH ( FROM ) ( X TO ) BORROWER** | 37,358.96 | **603. CASH ( TO ) ( FROM ) SELLER** | 0.00 |

The undersigned hereby acknowledge receipt of a completed copy of pages 1&2 of this statement & any attachments referred to herein.

| Borrower | Seller |
|---|---|
| CHRISTINE J. FORGUES | |
| WILLIAM E. FORGUES | |

(P) 3/23/07

Exhibit A

PDFMAILER.COM  Print and send PDF files as Emails with any application, ad-sponsored and free of charge. www.pdfmailer.com

Page 2

## L. SETTLEMENT CHARGES

| | | PAID FROM BORROWER'S FUNDS AT SETTLEMENT | PAID FROM SELLER'S FUNDS AT SETTLEMENT |
|---|---|---|---|
| **700. TOTAL COMMISSION Based on Price** $ @ % | | | |
| Division of Commission (line 700) as Follows: | | | |
| 701. $ to | | | |
| 702. $ to | | | |
| 703. Commission Paid at Settlement | | | |
| 704. | to | | |
| **800. ITEMS PAYABLE IN CONNECTION WITH LOAN** | | | |
| 801. Loan Origination Fee % to | | | |
| 802. Loan Discount 3.0000 % to Chase Bank, Usa, N.A. | | 4,332.00 | |
| 803. Appraisal Fee to QUANTRIX VALUATION $300.00 POC $180.00 | | 120.00 | |
| 804. TAX SERVICE FEE to FIRST AMERICAN REAL ESTATE TAX SERVICE | | 42.00 | |
| 805. UNDERWRITING FEE to Chase Bank, Usa, N.A. | | 395.00 | |
| 806. FLOOD SERVICE FEE to FIRST AMERICAN FLOOD DATA SERVICE | | 14.00 | |
| 807. Assumption Fee to | | | |
| 808. | | | |
| 809. | | | |
| 810. | | | |
| 811. | | | |
| **900. ITEMS REQUIRED BY LENDER TO BE PAID IN ADVANCE** | | | |
| 901. Interest From 03/28/07 to 04/01/07 @ $ 38.770410/day ( 4 days 9.8000%) | | 155.08 | |
| 902. Mortgage Insurance Premium for months to | | | |
| 903. Hazard Insurance Premium for 1.0 years to AUTO OWNERS INS. CO | | 1,209.92 | |
| 904. | | | |
| 905. | | | |
| **1000. RESERVES DEPOSITED WITH LENDER** | | | |
| 1001. Hazard Insurance 2.000 months @ $ 100.83 per month | | 201.66 | |
| 1002. Mortgage Insurance months @ $ per month | | | |
| 1003. City/Town Taxes months @ $ per month | | | |
| 1004. County Taxes 5.000 months @ $ 237.82 per month | | 1,189.10 | |
| 1005. Assessments months @ $ per month | | | |
| 1006. months @ $ per month | | | |
| 1007. months @ $ per month | | | |
| 1008. Aggregate Adjustment months @ $ per month | | -302.48 | |
| **1100. TITLE CHARGES** | | | |
| 1101. Settlement or Closing Fee to LSI, a division of Chicago Title Insurance Company | | 300.00 | |
| 1102. Abstract or Title Search to LSI, a division of Chicago Title Insurance Company | | 190.00 | |
| 1103. Title Examination to LSI, a division of Chicago Title Insurance Company | | | |
| 1104. Tax Search Fee to LSI, a division of Chicago Title Insurance Company | | | |
| 1105. Document Preparation to LSI, a division of Chicago Title Insurance Company | | | |
| 1106. Notary Fees to LSI, a division of Chicago Title Insurance Company | | | |
| 1107. Attorney's Fees to LSI, a division of Chicago Title Insurance Company | | | |
| (Includes above item numbers: ) | | | |
| 1108. Title Insurance to | | 690.00 | |
| (Includes above item numbers: ) | | | |
| 1109. Lender's Coverage $ 144,400.00 | | | |
| 1110. Owner's Coverage $ | | | |
| 1111. Endorsements to LSI, a division of Chicago Title Insurance Company | | 75.00 | |
| 1112. LSI, a division of Chicago Title Insurance Company | | | |
| 1113. LSI, a division of Chicago Title Insurance Company | | | |
| 1114. LSI, a division of Chicago Title Insurance Company | | | |
| 1115. LSI, a division of Chicago Title Insurance Company | | | |
| 1116. LSI, a division of Chicago Title Insurance Company | | | |
| 1117. LSI, a division of Chicago Title Insurance Company | | | |
| 1118. LSI, a division of Chicago Title Insurance Company | | | |
| **1200. GOVERNMENT RECORDING AND TRANSFER CHARGES** | | | |
| 1201. Recording Fees: Deed $ ; Mortgage $ 172.00; Releases $ | | 172.00 | |
| 1202. City/County Tax/Stamps: Deed ; Mortgage | | | |
| 1203. State Tax/Stamps: Revenue Stamps ; Mortgage | | | |
| 1204. LSI | | | |
| 1205. LSI | | | |
| **1300. ADDITIONAL SETTLEMENT CHARGES** | | | |
| 1301. Survey to | | | |
| 1302. Pest Inspection to | | | |
| 1303. JUDGMENT PAYOFF to STATE OF OHIO 6200254 | | 7,770.00 | |
| 1304. | | | |
| 1305. | | | |
| **1400. TOTAL SETTLEMENT CHARGES (Enter on Lines 103, Section J and 502, Section K)** | | 16,443.28 | |

By signing page 1 of this statement, the signatories acknowledge receipt of a completed copy of page 2 of this two-page statement.

LSI
Settlement Agent

Certified to be a true copy.

H-2

(3265503 / 3265503 / 11 )

## IN THE COURT OF COMMON PLEAS
## CUYAHOGA COUNTY, OHIO

DEUTSCHE BANK NATL TRUST...        )        CASE NO. CV12779307
                                    )
      **Plaintiff**                   )        **JUDGE: DICK AMBROSE**
                                    )
**vs.**                                )
                                    )
CHRISTINE J. FORGUES, ET AL.        )        **FORECLOSURE**
                                    )
      **Defendants**                  )

## **AFFIDAVIT OF:**

State of:

County of _____ :

1. I, _____, after being first duly sworn as according to law, state, aver, and allege as follows:

2. That I am over 18 years of age, and I have personal knowledge of the facts set forth herein and of the information contained within the certified true copies of the other Exhibits, attached to the within Motion for Summary Judgment, which are also incorporated herein by reference.

3. That at all times relevant in the within litigation, I was employed by Deutsche Bank as _____, and have access to and am familiar with the Christine J. Forgues and William E. Forgues loan file, and that the documents referenced herein and in the within Motion for Partial Summary Judgment are maintained as normal business records with Deutsche Bank being the custodian of those records.

*Exhibit B*

4. That Christine J. Forgues and William E. Forgues, who both owned title ("Forgues") executed the subject Mortgage, which was recorded on April 20, 2007, and which mortgage is currently owned by Deutsche Bank and a copy of which was attached to Deutsche Bank's Complaint and which copy is incorporated herein.

5. That the closing of the loan to Forgues took place on March 23, 2007 at the offices of LSI and disbursement took place on March 28, 2007.

6. That the mortgage given by Forgues to Deutsche Bank was in the amount of $144,400.00, and was a refinance mortgage that paid of the borrowers' prior 2001 purchase money mortgage.

7. That Forgues used most of the mortgage proceeds to pay off their purchase money mortgage, which was a prior first mortgage recorded on 6-20-01 in Instrument No. 200106200975 of the Cuyahoga County Recorder records in the payoff amount of $90,597.75 as shown in Line 104 of the HUD-I.

8. That LSI was responsible for doing the title examination, finding & paying off any prior record liens, and for recording the Mortgage from Forgues, but for some reason it failed to find or payoff the alleged Federal Tax Lien that is a part of this case.

9. That it was the intent of Forgues and the originating lender Chase Bank, (and Deutsche Bank as current owner of the mortgage) to have a first and best lien on the subject property and that Affiant knows this as a result of her experience and by reason of reviewing Forgues' Mortgage Loan Application, the Closing Instructions, and other documents executed at closing.

B2

10. That the intervening Federal Tax Lien was filed on December 3, 2004 but that its recordation date is after the recordation date of the prior 2001 purchase money mortgage.

11. That Chase/Deutsche Bank would never have loaned the money at issue here via its refinance mortgage if it were not to have a first mortgage lien encumbering the entire legal interest in the property.

12. That the above information is further evidenced by the HUD-1 Settlement Statement, Commitment, Preliminary Judicial Report, and the other Exhibits to or reference in the within motion; true and correct copies of which are attached to the Motion for Partial Summary Judgment and which are incorporated here.

13. That Mr. and Mrs. Forgues had actual knowledge that Chase/Deutsche Bank was originating a new first mortgage on the subject property and they agreed to give a first mortgage, which they in fact executed without any disclosure of the subject FTL.

14. That LSI was/is not any sort of agent for Chase/Deutsche Bank ("Lender"), but rather it was one of many title companies available that perform title, escrow, and closing services that are paid for by the borrower, and that although LSI performed the closing, it was simply a disinterested third party and was not the agent for the Lender.

15. That the Lender did not pay LSI anything, and did not pay LSI for any services on this transaction; that LSI did not pay the Lender anything for any services on this transaction; that the Lender did not and does not retain control

B3

of, or the right to control, the mode and manner of LSI doing its work; that LSI is not employed by or owned by the Lender; that the Lender does not hold itself out as having a principal/agent relationship with LSI; and that the Lender uses many other title agencies and companies **(just like it uses a variety of appraisers, termite inspectors, surveyors, etc., all of whom are not agents of Lender)**, and Lender specifically denies that any principal/agent relationship exists or ever existed between LSI and the Lender.

16. That the subject property was encumbered by a prior recorded purchase money mortgage from the borrowers at the time of the execution and delivery of Deutsche Bank's mortgage and that if equitable remedies are applied for the benefit of Deutsche Bank in this case, no prejudice will result to The United States because it will result in it still having a Federal Tax Lien against Christine J. Forgues that is inferior to the first mortgage and real estate taxes, which is all that ever could have been intended by The United States when it filed its Federal Tax Lien.

FURTHER AFFIANT SAYETH NAUGHT.

_____

SWORN TO AND SUBSCRIBED IN MY PRESENCE THIS \_\_\_ DAY OF_____, 2013.

_____
**NOTARY PUBLIC**

B 4

## SURVIVORSHIP DEED

CUYAHOGA COUNTY RECORDER
200106200974  PAGE 1 of 1

Christine J. A. Andres Doubrava, aka Christine J. Andres, nka Christine J. Forgues, Grantor, married to William E. Forgues, for valuable consideration paid, grants with general warranty covenants to Christine J. Forgues and William E. Forgues, wife and husband, Grantees, for their joint lives, remainder to the survivor of them, whose tax mailing addresses are: 15109 Merimeade Drive Northwest Cleveland, Ohio 44111,

the following described **REAL PROPERTY:**

Situated in the City of Cleveland, County of Cuyahoga and State of Ohio subdivision as being Sublot No. 10 in A. E. Mead's Subdivision of part of original Rockport Township County Records, and being 45 feet front on the Southerly side of Merimeade Drive, N. W., having a rear line of 56 feet, as appears by said plat, be the same more or less, but subject to all legal highways. PPN: 025-24-054

Prior Instrument Reference:  94-5687/54 & 91-0828/14
Parcel Number:              025-24-054
Property Address:           15109 Merimeade Drive Northwest,
                            Cleveland, OH 44111

IN WITNESS WHEREOF, the said Grantor, Christine J. A. Andres Doubrava, aka Christine J. Andres, nka Christine J. Forgues, has hereunto set her hand this ___15___ day of ___June___, 2001.

Signed and acknowledged in the presence of:

Witnesses:

_____          Christine J. A. Andres Doubrava, aka
Printed name: _____     Christine J. Andres, nka Christine J. Forgues

_____
Printed name: _____

CUYAHOGA COUNTY RECORDER
PATRICK J. O'MALLEY
DEED 06/20/2001 03:47:02 PM
200106200974

**STATE OF OHIO**
**COUNTY OF** Cuyahoga              SS:

Be it remembered, that on this _15_ day of ___June___, 2001, before me, the subscriber, personally came the above named Christine J. A. Doubrava, aka Christine J. Andres, nka Christine J. Forgues, married to William E. Forgues, the Grantor in the foregoing deed, and acknowledged the signing of the same to be her voluntary act and deed.

In testimony whereof, I have hereunto subscribed my name and affixed my seal on the day and year last aforesaid.

_____
Notary Public

GUY J. DICKEY
Notary Public State of Ohio
Recorded in Cuyahoga County
Expires Dec. 12, 2001

This Instrument prepared by:
Julia A. Cain, Attorney at Law
34 South Main Street
Rittman, Ohio 44270
(330) 927-3120
File No. ▓▓▓▓▓

Frank Russo
CUYAHOGA COUNTY AUDITOR

PARCEL NO. 025-24-054
CONVEYANCE IS IN COMPLIANCE WITH SEC. 319.202 O.R.C.
PAID

ROBERT KLAIBER P.E., P.S.
Legal Description complies with
Cuyahoga County Conveyance
Standards and is approved for
transfer:

JUN 2 0 2001

JUN 2 0 2001
Conveyance Fee _O_   Receipt No. 14317F         Date

*Description: Cuyahoga,OH Document-Year.Date.DocID 2001.620.974 Page: 1 of 1*
*Order: 45087 Comment:*

Exhibit C

VOL. 94-05607 PAGE 53

**QUIT CLAIM DEED** CUYAHOGA, OH, RECORDER

805107

$4.0010 31400

Doc 14

MATTHEW S. DOUBRAVA, unmarried, ("Grantor"), of Cuyahoga County, Ohio, for valuable consideration paid, grant to CHRISTINE M. DOUBRAVA, whose tax mailing address is 15109 Marisondo Drive, N.W., Cleveland, Ohio, the real property described in Exhibit A attached hereto and incorporated herein by reference. A ADDRESS

Prior Instrument Reference: Vol. 91-0828 page 14, Cuyahoga County, Ohio Deed Records.

IN WITNESS WHEREOF, the Grantor has executed this instrument this 5th day of May, 1994.

WITNESSES:

_(signatures)_

Matthew S. Doubrava

STATE OF OHIO, COUNTY OF CUYAHOGA, SS:

The foregoing instrument was acknowledged before me this 5th day of May 1994, by Matthew S. Doubrava.

_(signature)_
Notary Public

LAUREN K. GARDNER, Attorney
Notary Public, State of Ohio
My Commission Has No Expiration Date
Section 147.03 O.R.C.

This instrument prepared by
Lauren A. Gardner
Attorney at Law

C. 2.



EXHIBIT "A"    VOL. 94-05687  PAGE 54

Situated in the City of Cleveland, County of Cuyahoga and State of Ohio and known as being Sublot No. 10 in A.B. Mead's Subdivision of part of Original Rockport Township Section No. 12, as shown by the recorded plat in Volume 110 of Maps, Page 8 of Cuyahoga County Records, and being 45 feet front on the Southerly Side of Merkmeade Drive, N.W., and extending back 133.50 feet on the Easterly line, 148.54 feet on the Westerly line, and having a rear line of 56 feet, as appears by said plat, be the same more or less, but subject to all legal highways.

P.P.N. No. 25-24-5

PARCEL NO.
CONVEYANCE IS IN COMPLIANCE WITH SECT. 319.202 O.R.C.

PAID

JUN 10 1994

CUYAHOGA COUNTY AUDITOR

THOMAS J. NEFF, P.E., P.S.
COUNTY ENGINEER TAX MAP DIVISION
LEGAL DESCRIPTION APPROVED FOR TRANSFER

Description: Cuyahoga,OH Document - Year.Book.Page 1994.5687.53 Page: 2 of 2
Order: 45087 Comment:

C 3

FILED

**IN THE COURT OF COMMON PLEAS**
**CUYAHOGA COUNTY, OHIO**

2013 FEB -4 P 1:43

WINDOW 7
CLERK OF COURTS
CUYAHOGA COUNTY

| | | |
|---|---|---|
| **DEUTSCHE BANK NATL TRUST...** | ) | **CASE NO. CV12779307** |
| **Plaintiff** | ) | **JUDGE: DICK AMBROSE** |
| **vs.** | ) | |
| | ) | |
| **CHRISTINE J. FORGUES, ET AL.** | ) | **FORECLOSURE** |
| | ) | |
| **Defendants** | ) | |

<u>**PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST**</u>
<u>**DEFENDANTS, UNITED STATES OF AMEREICA ("USA") AND STATE OF**</u>
<u>**OHIO**</u>

For its Motion For Partial Summary Judgment, Plaintiff, Deutsche Bank National

Trust ... ("Deutsche Bank"), by and through undersigned counsel, and pursuant to Ohio

Civil Rules 56 (A) and 56 (C), respectfully request this Honorable Court to grant

summary judgment against the Defendants, United States of America, and State of Ohio

as to the issue of lien priority only, on the grounds (1) that there is no genuine issue as to

any material fact; (2) that the Plaintiff is entitled to judgment as a matter of law; and (3)

that reasonable minds can come to but one conclusion, and that conclusion is adverse to

the United States; and for reasons which are more fully described in the attached

Brief/Memorandum in Support.

Respectfully submitted,
**STEVEN E. ELDER, CO., L.P.A.**

Steven E. Elder (0009066)
Co-counsel for Plaintiff
731 Fife Ave.
Wilmington, OH 45177
(937) 382-8747
(937) 382-1127 Fax
Haase@erinet.com

CV12779307                    77934642

## BRIEF/MEMORANDUM IN SUPPORT

### INTRODUCTION TO THE CASE

This is a very simple case about a Foreclosure of a mortgage by Plaintiff which was recorded on April 20, 2007. (See Complaint and Mortgage Exhibit incorporated herein by reference). The Federal Tax Lien ("FTL") at issue in this case was filed on December 3, 2004 against only one of two fee simple title holder, so priority is at issue *ab initio* as to a one half interest in the real estate. The same applies as to the Judgment Lien of the State of Ohio, filed October 19, 2006. This is also a case about the Doctrine of Equitable Subrogation, and the parties' intentions that Plaintiff have a first and best lien, because upon disbursement of Plaintiff's mortgage loan proceeds, Plaintiff's proceeds paid off the prior 2001 purchase money mortgage recorded on 6-20-01 in Instrument No. 200106200975 of the Cuyahoga County Recorder records in the amount of $90,597.75 as shown in Line 104 of the HUD-I and supporting Affidavit. (See Exhibits A and B attached hereto and incorporated herein)

It is Plaintiff's position that the $90,597.75 tendered to Chase Home Finance, the holder of the prior purchase money mortgage, from Plaintiff's closing places Plaintiff's mortgage in front of the FTL and State lien here to that extent, and that the intention of the parties for Plaintiff to have a first lien should be enforced as against The USA and Ohio in a situation where Plaintiff intended to have a first and best lien. The fact that the FTL and State lien were not found prior to closing was apparently caused by the title company that did the title exam and closing for Plaintiff's mortgage. The title company was not an agent of Plaintiff (See Affidavit attached as Exhibit B), and its negligence

should not be imputed to Plaintiff or result in a penalty of having a second lien position when a first was intended pursuant to Ohio case law as set forth hereinafter.

First, it is not expected that the USA or Ohio will dispute that even if the FTL/State lien applies to the property, either can only apply to the one half interest of Christine J. Forgues and that neither can apply to the one half interest owned by William E. Forgues. Secondly, the Doctrine of Equitable Subrogation is a remedy in equity that basically provides that when a third person satisfies a prior mortgage on real property, on the agreement with the owner of the real property that he will be secured by a mortgage on such property, the third person will be subrogated to all the rights of the prior mortgages paid from the new loan proceeds.  The United States claims to stand in first lien position behind county real estate taxes as to Christine's ½ interest, but Plaintiff asserts that pursuant to the Doctrine of Equitable Subrogation, the Plaintiff's mortgage is in first position, behind taxes, for the additional amount of $90,597.75 that was tendered to payoff the prior purchase money mortgage that accrued prior to the FTL at issue. As will be shown, **The United States has Stipulated to the priority of a such mortgages as Plaintiff's herein in the past, and this court has granted summary judgment for the mortgage lender in a cases on all fours**. Although the State of Ohio has not claimed priority, it has filed an Answer.

## SUMMARY JUDGMENT STANDARD

Rule 56 © establishes the requirements for granting summary judgments.  These were well summarized long ago by the Ohio Supreme Court in *Harless v. Willis Day Whse. Co., 54 Ohio St. 2d 64, 66, 375 N.E.2d 46, 47 (1978)*, in the following terms: *The appositeness of rendering a summary judgment hinges upon the tripartite demonstration:*

*(1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor.* See also, ***Welco Industries, Inc. v. Applied Companies, 67 Ohio St. 3ᵈ, 344 (1992).*** This Motion will demonstrate with accuracy, brevity, and clarity why this Honorable Court should grant the Defendant's request for Summary Judgment against Plaintiff.

## OPERATIVE FACTS OF THIS CASE

First, Christine J. Forgues (with various akas) and William E. Forgues were in title together as husband and wife prior to the Recordation of the FTL, the State lien, or the subject mortgage. (See the PJR attached to the Complaint and incorporated herein; See also a copy of the vesting deed attached hereto and incorporated herein as Exhibit C) On March 23, 2007, Plaintiff's mortgage was executed at a closing conducted by a title and closing company called LSI. It was Plaintiff's intention to have a first and best lien, and LSI was so instructed. (See Affidavit attached hereto and incorporated herein as Exhibit B). For some unknown reason, LSI did not find the FTL or State lien in its title examination. (See Affidavit attached hereto as Exhibit B). However, the FTL was not filed against ½ fee owner William E. Forgues in the first place. Additionally, from Deutsche Bank's loan proceeds, $90,597.76 that was tendered to payoff the prior purchase money mortgage that accrued prior to the FTL at issue. (See Affidavit attached as Exhibit B, and HUD-I Settlement Statement attached as Exhibit A, which are incorporated herein by reference).

At the time the FTL was filed, The United States and State of Ohio had no idea what position its/their lien was in, had done no prior title work, and had no expectation of any lien position and it cannot demonstrate otherwise. However, notwithstanding specific instructions and the intentions of the parties to Plaintiff's mortgage, The USA has asserted that its FTL has priority over that of Deutsche Bank's mortgage. This is even contra to various Revenue Rulings, contra to existing Ohio case law and contra to the acquiescence of the USA in prior similar cases. As stated, the State of Ohio has answered but has not specifically asserted priority.

## LAW AND ARGUMENT

The above facts are not in dispute, as they are all of record. At any rate, the primary issue this Honorable Court must resolve, and can resolve via Summary Judgment, is who has priority over whom and to what extent if any, and does Plaintiff's mortgage lien have additional priority over the FTL and State lien because Deutsche Bank is entitled to Equitable Subrogation and Unjust Enrichment claims to the prior lien position that it paid off. This Honorable Court is therefore being requested to hold that Deutsche Bank holds a first and best lien on the premises to the extent of the first $90,597.75, (plus interest and costs and expenses advanced) received from any Sheriff Sale, after the lien of county taxes. The Court is then requested to hold that the FTL can only apply to Christine's ½ interest after Equitable Subrogation is applied.

First, the U.S. Attorney's Office has a long-standing practice of subordinating FTLs to Purchase Money Mortgages, which is supported by case law and various Revenue Rulings. See *Slodov v. United States*, 436 U.S. 238, 858.25 (1978); Rev. Rul. 68-57, 68-1 Cum Bull. 553. See also I.R.S. General Counsel's Op. No. 13-60, 7 CCH

1961 Standard Fed. Tax Reg. Paragraph 6307 (1960).  Since Plaintiff's mortgage paid off the borrowers' purchase money mortgage, the within mortgage should by definition take priority over a subsequent FTL. It is patently unfair to claim that a FTL is subordinate to a purchase money mortgage but not to a refinance mortgage that pays off a purchase money mortgage and such a ruling would unjustly enrich the USA and would be against public policy.

Secondly, and as stated above, The United States has Stipulated to the priority of a mortgage and this court has granted summary judgment for the mortgage lender in at least one case on all fours in this very jurisdiction. See attached docket, stipulation, and ruling from *CitiFinancial Mortgage Company, Inc. vs. Nathaniel Flynt, et al.*, (Cuyahoga County Case No. CV-01-448196. In *Flynt*, on 02-11-04 this very court granted summary judgment to the mortgage lender who filed its mortgage after the FTL and held, *Since USA would find itself in the same position it would have occupied had Plaintiff not satisfied the prior liens if the court allows Equitable Subrogation, reasonable minds can conclude only that Plaintiff is entitled to such subrogation. See also, Cadle co. No. 2 v. Rendezvous Realty (September 2, 1993), Cuyahoga App Nos. 63565 & 63724, unreported.* Additionally, in *Flynt* the lender Plaintiff and United States entered into an Agreed Judgment Entry and Stipulation to the lender Plaintiff's lien priority. (See docket entry & Agreed Judgment Entry and Stipulation of 05-03-04) The United States cannot take the completely opposite position here to its own Stipulation and a Judgment from this Court in *Flynt* and have any credibility!

The case of *Cadle Company No. 2 v. Rendezvous Realty*, (1993 WL 335444, 8th App. Dist. 63565 & 63724) is an appellate decision from this jurisdiction. There, the

settlement statement showed that the escrow agent, as here, used the mortgage funds to pay pre-existing mortgages/liens. The Court applied the fairness of the Doctrine of Equitable Subrogation there, and held that *When a third person satisfies a prior mortgage on real property, on the agreement with the owner of the real property that he will be secured by a first mortgage on such property, the third person will be subrogated to all the rights of the prior mortgage*, citing **Federal Union Life Ins. Co. v. Deitsch** 127 Ohio St. 505 (1934). The Court held further that; *The burdens of Record Rendezvous as second mortgagee are the same as if the first mortgage to Rendezvous Realty had not been released.* See also, **State of Ohio, Department of Taxation v. Jones** 61 Ohio St.2nd 99 (1980). Again, **Cadle** is an appellate decision from this very jurisdiction, and it should be followed here -- as should this Court's summary judgment decision in **Flynt.**.

In the instant case, The United States and State of Ohio simply filed the FTL and Judgment Lien ("JL"). Neither did a title search of the subject property and both liens were filed against only one of two fee title holders. Neither had any specific intention to have a first and best lien. Neither was not misled or injured because it did not bargain for or expect a first lien. By definition, the FTL would be inferior to any existing first mortgage. As shown herein, Mr. and Mrs. Forgues did in fact have an existing purchase money mortgage at the time the FTL was filed. They could have had a dozen mortgages and liens, as there was no reliance upon the status of title or lien position, or even the manner in which title was held. The FTL and JL would have been filed on the same date regardless of title status or lien position. The United States and the State of Ohio do not enjoy any special privileges that are unavailable to other lien creditors. However, they now wishes to move up a full position, when they never ever intended to be in a first lien

position, and when it was thanks to Deutsche Bank's mortgage that the prior purchase money mortgage got paid off. The United States/State of Ohio will be unjustly enriched if they are permitted to benefit by Plaintiff's payoff and to receive the first available funds from Sheriff Sale.

It is expected that The United States (and perhaps Ohio) will argue that Equitable Subrogation is precluded here by reason of the negligence of the title company in failing to discover the FTL/JL. The *Cadle* Court also spoke to the argument of negligence on behalf of the title/escrow agent. It held, *Assuming the escrow agent was negligent, the negligence was not material. Record Rendezvous was not misled or injured, because it did not bargain for or expect a first lien position. Therefore, the appellees are entitled to equitable subrogation, despite the negligence.*

In *Guarantee Title & Trust Company vs. William L. Hines, et al*, (Warren County Case No. 01CV58356, decided January 22, 2003), the Court held that Equitable Subrogation applies in Warren County and in its Decision had this to say about the prior lienholder:

> *In what manner would Plaintiff be prejudiced? It is a judgment lien holder, not a bona fide purchaser. It did not advance monies, nor change its position in reliance upon a belief it would have the first and best lien (interest) upon the ... property. When its certificate of judgment was filed, its lien was in third place behind Associates Financial's and J.C. DeBoard's. Had Associate Financial not defaulted, it would still be junior to that mortgage. Whatever negligence may be attributed to Deutsche Bank* (the party claiming Equitable Subrogation in this case), *this Magistrate believes it does not amount to "culpable negligence."* See *Hines*, at 9.

The court in *Hines* also held, "*[i]ndeed, Ohio precedent suggests that, in the absence of prejudice to an intervening lienholder, negligence in overlooking an intervening lien, in and of itself, is not sufficient grounds to bar subrogation, particularly*

*if the negligence is attributable to a title agency employed by the mortgagee seeking subrogation.* See ___Hines___, at pg. 9. This exactly what happened here! LSI overlooked or did not find the FTL!

See also, ***Federal Home Loan Mortgage Corp. v. Moore*** (___Franklin County Ct. of App. No. 90AP-546 (Sept. 27, 1990___). (Emphasis added). In our present case, no duty was owed to The United States or Ohio by the title agency (LSI), and the title agency is not a party to this litigation. Further, LSI was not an agent of Plaintiff, and there was no principal/agent relationship. (See Affidavit attached hereto as Exhibit B). If LSI was not Plaintiff's agent, no basis exists to punish Plaintiff for the negligence of LSI in not finding the FTL prior to Plaintiff's closing. As stated, The United States/Ohio have never bargained for or expected to be in a first lien or priority position and the USA has stipulated to a mortgage lender's priority in ***Flynt***, a Cuyahoga County case which is on all fours. It therefore does not have any standing to assert that Equitable Subrogation does not apply here, or if it has standing, it cannot prove the necessary elements to defeat Plaintiff's claim.

From very early on, Ohio Courts have recognized the Doctrine of Equitable Subrogation and have uniformly applied it *when it can be done without placing greater burdens upon the intervening lienholders than they would have bourn...* ***Straman, Admr. V. Rechtine, et al.*** 58 Ohio St. 443 (1898). Certainly no greater burden is now put on Defendant, The United States, who because of Equitable Subrogation, still stands in a second lien position, with Deutsche Bank having a first lien position in the identical amount of its payoff of the prior lien, when the USA originally only had and bargained for "any security interest" by the simple filing of its FTL. This is not a case where the

Plaintiff performed any negligent act that would preclude Equitable Subrogation. In fact, The United States has conceded the validity of the Equitable Subrogation Doctrine and of Plaintiff's arguments pursuant to its own prior, filed Stipulations in other cases. The United States/State of Ohio should therefore be estopped from arguing that Equitable Subrogation does not apply here by reason of its own prior position on this matter in other cases.

Notwithstanding some recent disfavor of equitable remedies in certain fact patters, they continue to be available in the right fact pattern, such as here. Recent cases continue to support the Doctrine of Equitable Subrogation, which when applied here will prevent the unjust enrichment of The United States. This position is supported time and again in Districts throughout the State of Ohio and United States District Court as in the cases cited above and in ***Washington Mut. Bank, F.A. v. Aultman***, 2007-Ohio-3706 (2007). The Court in ***Aultman*** found that the Washington Mutual's failure to achieve first lien position was due solely to the title company's mistake and not due to the bank's failure to follow ordinary business practices to protect its interests. Moreover, the Court found that intervening lien holder was originally in second position and granting equitable subrogation to Washington Mutual would not effect the lien holder's original position. *Id*. The United State Bankruptcy Court for the Northern District of Ohio in ***In re Aleksin v. MERS, et al.***, Case No. 05-5067, decided August 22, 2008, specifically found that:

> *The mistake of the title agent serving MERS is precisely the kind of mistake that has been found to trigger the application of doctrine of equitable subrogation. Numerous Ohio courts have found that such a mistake is immaterial, because there is not prejudice*

to the entity that is in the position of Greentree in the case. Greentree's mortgage was a second mortgage at the time it was filed...And if equitable subrogation is applied to MERS, Greentree will still be in second mortgage position.

Again, the United States District Court for the Northern District of Ohio, in **Washington Mutual Bank v. Chiappetta, et al.**, Case NO. 1:07 CV 683, decided September 19, 2008, Magistrate Judge James S. Gallas stated: *The standard is, however, whether the lender has acted in conformity with ordinary and reasonable business practices to establish its priority, and the lender's control must be included in making this assessment. WaMu has indisputably shown a lack of control over the title agency and Infinity has produced no fact to demonstrate that WaMu should have been on notice of the existence of its and ODOT's intervening liens.*

The Court in **Chiappetta** relied, in part, on two recent Equitable Subrogation cases – **Washington Mutual v. Hopkins**, 2007 WL 4532679 (Ohio App. 10 Dist.) and **Washington Mutual v. Aultman** (2007), 2007-Ohio-5735 above. The **Aultman** case was certified by the Supreme Court of Ohio but was ultimately settled and dismissed prior to hearing. In both the **Hopkins** and **Aultman** cases the title agent failed to discover or pay off a prior encumbrance. Similar to the lenders in **Hopkins** and **Aultman**, Deutsche Bank committed no negligent act regarding LSI's failure to record the vesting deed or mortgage. Further, it has been established by Affidavit evidence that LSI was NOT acting as any sort of agent for Argent or Deutsche Bank and that they had no control over the actions of LSI. There is no evidence to the contrary, so **Chiappetta**, requires application of Equitable Subrogation in favor of Deutsche Bank. As in that case, it is undisputed that Deutsche Bank had no control over LSI. Clearly, LSI's purported failure

to find the FTL/JL was not a failure by Deutsche Bank to conform to ordinary and reasonable business practices, but was a failure of LSI only. And, as correctly found in *Chiappetta*, that failure was attributable to a third-party title company and can not be imputed to Deutsche Bank. The Court should find that Deutsche Bank holds a first lien position on the premises, as did the Magistrate in his September 19, 2008 decision in *Chiappetta*. (T.d. 43). Additionally, after the application of Equitable Subrogation, the FTL/JL can only apply to Christine's remaining ½ interest in the property because William E. Forgues was also a ½ interest fee holder of the property at the time the FTL/JL was filed. There is no prejudice to anyone in granting Equitable Subrogation to Deutsche Bank and holding that by reason thereof, Deutsche Bank's mortgage is prior in right to the interests of any other party in the subject real estate (except county taxes). Beyond this, we get back to the Revenue Rulings first mentioned above, and the Plaintiff's mortgage should be held to be in first lien position as to the entirety of its mortgage for reasons cited therein.

## CONCLUSION

To allow The United States or the State of Ohio to move into a first lien position when all either ever intended to have was any lien; when they did not rely upon who held title or any other lien holder's position; when they conducted no title exam; when they were not misled or injured; when Plaintiff committed no negligent act; and where The United States has previously Stipulated to the requested priority in other similar cases; would be to sanction unjust enrichment and defeat a long established equitable doctrine of subrogation. Plaintiff Deutsche Bank submits that the Summary Judgment remedy sought herein is favored by Ohio Courts. *The summary judgment statute was enacted*

*with a view to eliminating the backlog of cases, which clog our courts awaiting jury trials, those in which no genuine issue of facts exists. The availability of this procedure and the desirability of its aim are so apparent that its use should be encouraged in proper cases.* **North v. Pennsylvania Rd. Co.,** 9 Ohio St. 2d 169 (1967). Deutsche Bank submits that this is a proper case for Summary Judgment, since it has shown that there exists no genuine issue as to any material fact, and since this Plaintiff is entitled to a judgment as a matter of law that its lien is the first and best lien, subject to county taxes, pursuant to Rule 56 of the Ohio Rules of Civil Procedure.

This Court is very familiar with the Doctrine of Equitable Subrogation. Plaintiff, Deutsche Bank therefore asserts that it is entitled to assert the Doctrine of Equitable Subrogation against the FTL claim of The United States and the JL claim of Ohio, to the extent of the payoff that was made for the prior purchase money mortgage, in the total amount of $90,597.75, plus accrued interest and costs and expenses advanced. In fact, it is also argued that Deutsche Bank also has priority to the extent of its entire mortgage and that if the FTL/JL applies at all that it can only apply to the ½ interest of Christine after Equitable Subrogation is applied.

**WHEREFORE,** Plaintiff, Deutsche Bank respectfully requests this Honorable Court a) to grant the within Motion for Partial Summary Judgment against Defendants, The United States of America and State of Ohio as to lien priority; b) to grant the within Motion for Partial Summary Judgment against The United States and State of Ohio as to Deutsche Bank's rights to Equitable Subrogation and as to the priority of Plaintiff's mortgage in its entirety; c) to grant Deutsche Bank's Motion for Default or Motion for Summary Judgment against the primary Defendant(s) filed or to be filed under separate

cover by Plaintiff's co-counsel; d) to grant the relief prayed for in Deutsche Bank's Complaint; and e) to grant Plaintiff, Deutsche Bank any other and further relief as this Court deems fair, just, equitable and proper.

Respectfully submitted,
**STEVEN E. ELDER, CO., L.P.A.**

Steven E. Elder (0009066)
Co-counsel for Plaintiff
731 Fife Ave.
Wilmington, OH 45177
(937) 382-8747
(937) 382-1127 Fax
Haase@erinet.com

## CERTIFICATE OF SERVICE

A true copy of the foregoing Motion for Summary Judgment against Defendant, United States, by Plaintiff, was sent by Ordinary U.S. Mail to counsel for USA, and to all other parties or their counsel of record on this ___/___ day of February, 2013, to wit:

Lori White Laisure, Esq.
Asst. U.S. Atty General
801 W. Superior Ave., Ste. 400
Cleveland, OH 44113-1852

Lindsey K. McCarron, Esq.
150 E. Gay Street, 21st Floor
Columbus, OH 43215-3130

Edward G. Bohnert, Esq.
Douglas A. Haessig, Esq.
2450 Edison Blvd.
Twinsburg, OH 44087

Christine J. Forgues aka
Christine J.A. Andres Doubrave
Aka Christine J. Andres
15109 Merimeade Dr.
Cleveland, OH 44111

William E. Forgues
15109 Merimeade Dr.
Cleveland, OH 44111

STEVEN E. ELDER CO., L.P.A.

Steven E. Elder (0009066)



78055748

# IN THE COURT OF COMMON PLEAS
# CUYAHOGA COUNTY, OHIO

DEUTSCHE BANK NATIONAL TR. CO.
    Plaintiff

CHRISTINE J. FORGUES AKA DOUBRAVA AKA
ANDRES ETAL
    Defendant

Case No: CV-12-779307

Judge: DICK AMBROSE
Magistrate: CHRISTOPHER E OLSZTYN

## MAGISTRATE'S ORDER

DEFAULT HEARING HELD BY MAGISTRATE ON 2/12/13.  PLAINTIFF'S COUNSEL, COUNSEL FOR DEFENDANT UNITED STATES OF AMERICA, AND DEFENDANT CHRISTINE J. FORGUES APPEARED.  DEFENDANT CHRISTINE FORGUES ADVISED THE COURT OF HER ON-GOING EFFORTS TO RESOLVE VARIOUS TAX LIENS ATTACHED TO THE PROPERTY, AS WELL AS HER SETTLEMENT DISCUSSIONS WITH PLAINTIFF.  THE PARTIES ARE REMINDED TO PROMPTLY NOTIFY THE COURT IF ANY SETTLEMENT AGREEMENTS ARE REACHED IN THIS CASE.  FURTHER, PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT IS GRANTED AS TO DEFENDANTS CHRISTINE J. FORGUES; JOHN DOE, UNKNOWN SPOUSE, IF ANY, OF CHRISTINE J. FORGUES; WILLIAM E. FORGUES; THE UNKNOWN HEIRS AT LAW OR UNDER THE WILL, IF ANY, OF WILLIAM E. FORGUES, DECEASED; AND, THE STATE OF OHIO ESTATE TAX DIVISION ONLY.

_____
Magistrate Signature              02/12/2013
                                       CPCEO

02/12/2013

FILED

2013 MAR 14 P 2: 56

GREGORY 8
CLERK OF COURTS
CUYAHOGA COUNTY

PROCESSED

MAR 15 2013

CUYAHOGA COUNTY CLERK
OF COURTS
IMAGING DEPARTMENT

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | | |
|---|---|---|
| DEUTSCHE BANK | ) | |
| NATIONAL TRUST COMPANY, | ) | CASE NO. CV12779307 |
| | ) | |
| Plaintiff, | ) | JUDGE DICK AMBROSE |
| | ) | |
| v. | ) | |
| | ) | |
| CHRISTINE J. FORGUES, et al. | ) | MOTION FOR EXTENSION OF TIME |
| | ) | |
| Defendant. | ) | |

NOW COMES Defendant, Steven M. Dettelbach, United States Attorney, Northern District of Ohio, by and through undersigned counsel, and hereby respectfully moves this Honorable Court for an additional 14-day extension of time, until March 25, 2013, to file Defendant's Reply to Plaintiff's Motion for Partial Summary Judgment Against, United States of America and State of Ohio.

The reason for this request is because the additional time is necessary to thoroughly research the issues raised in the Plaintiff's brief.

-2-

WHEREFORE, Defendant respectfully requests that this Motion for Extension of Time to file Defendant's Brief be granted.

Respectfully submitted,

STEVEN M. DETTELBACH
United States Attorney

By: _Lori White Laisure_
Lori White Laisure (#0060084)
Assistant United States Attorney
Carl B. Stokes U.S. Courthouse
801 W. Superior Ave., Suite 400
Cleveland, Ohio 44113-1852
Phone: (216) 622-3911
Facsimile: (216) 522-4982
Email: Lori.W.Laisure@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on this 13rd day of March, 2013, the foregoing Motion for Extension of Time was filed.  Notice of this filing will be sent to Counsel for Plaintiff and all Defendants or their respective counsel.

_Lori White Laisure_
Lori White Laisure
Assistant U.S. Attorney
Phone: (216) 622-3911

FILED

2013 MAR 18 P 12: 57

WINDOW 3
OF COURTS
COUNTY

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

DEUTSCHE BANK NATL TRUST CO.,        )   Case No.: CV12779307
                                     )
                 Plaintiff,          )
                                     )
        v.                           )   JUDGE DICK AMBROSE
                                     )
                                     )
CHRISTINE J. FORGUES, ET AL.,        )
                                     )
                 Defendants.         )   STIPULATION



NOW COMES Defendant, United States of America, by and
through its attorneys, Steven M. Dettelbach, United States
Attorney, and Lori White Laisure, Assistant United States
Attorney for the Northern District of Ohio, and hereby stipulates
that the Plaintiff, Deutsche Bank National Trust, has priority
over the United States of America's December 3, 2004 lien.

Respectfully submitted,

STEVEN M. DETTELBACH
United States Attorney

By: _____
    Lori White Laisure
    Assistant U.S. Attorney
    Reg. No. 0060084
    United States Courthouse
    801 West Superior Ave., Suite 400
    Cleveland, Ohio 44113-1852
    (216) 622-3911
    Fax(216)522-4982
    Email: Lori.W.Laisure@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of March, 2013, the foregoing *Stipulation* was filed.  Notice of this filing will be sent to Counsel for Plaintiff and all Defendants or their respective counsel.

Lori White Laisure
Assistant U.S. Attorney

2



78574059

# IN THE COURT OF COMMON PLEAS
# CUYAHOGA COUNTY, OHIO

DEUTSCHE BANK NATIONAL TR. CO.
    Plaintiff

| Case No: CV-12-779307 |
| --- |

Judge: DICK AMBROSE
Magistrate: CHRISTOPHER E OLSZTYN

CHRISTINE J. FORGUES AKA DOUBRAVA AKA
ANDRES ETAL
    Defendant

## __MAGISTRATE'S ORDER__

AS DEFENDANT UNITED STATES OF AMERICA FILED, ON 3/18/13, A STIPULATION CONCERNING THE PRIORITY OF PLAINTIFF'S MORTGAGE VIS-A-VIS THE DEFENDANT'S 2004 FEDERAL TAX LIEN, THE DEFENDANT'S MOTION FOR EXTENSION OF TIME IS UNNECESSARY AND IS DENIED AS MOOT.

_____             03/20/2013
Magistrate Signature                         CPCEO

03/20/2013



78574333

# IN THE COURT OF COMMON PLEAS
## CUYAHOGA COUNTY, OHIO

DEUTSCHE BANK NATIONAL TR. CO.
    Plaintiff

Case No: CV-12-779307

Judge: DICK AMBROSE
Magistrate: CHRISTOPHER E OLSZTYN

CHRISTINE J. FORGUES AKA DOUBRAVA AKA
ANDRES ETAL
    Defendant

## MAGISTRATE'S ORDER

ON REVIEW OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT, DEFENDANT UNITED STATES OF AMERICA'S STIPULATION, AND THE EVIDENCE, PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT IS GRANTED. NO GENUINE ISSUES OF MATERIAL FACT CONCERNING THE PRIORITY OF PLAINTIFF'S MORTGAGE VIS-A-VIS THE LIENS OF DEFENDANTS UNITED STATES OF AMERICA AND STATE OF OHIO, DEPARTMENT OF TAXATION REMAIN UNRESOLVED AND PLAINTIFF IS ENTITLED TO JUDGMENT CONCERNING PRIORITY OF ITS LIEN, AS A MATTER OF LAW. THE MAGISTRATE WILL ISSUE A MAGISTRATE'S DECISION THAT RECITES ALL NECESSARY FINDINGS OF FACT AND CONCLUSIONS OF LAW, CONCERNING ALL CLAIMS IN THIS CASE, BY SEPARATE ORDER. (PARTIAL).

_____    03/20/2013
Magistrate Signature                                CPCEO

03/20/2013

RECEIVED FOR FILING
03/20/2013 13:49:04
By: CLDAW
ANDREA F. ROCCO, CLERK

Page 1 of 1

52

F12-00223  PROCESSED  EGB/kll  April 10, 2013

FILED

APR 15 2013

CUYAHOGA COUNTY CLERK
OF COURTS
IMAGING DEPARTMENT

2013 APR 12 A 11: 23

CLERK OF COURTS
CUYAHOGA COUNTY

### IN THE COURT OF COMMON PLEAS
### CUYAHOGA COUNTY, OHIO

| | |
|---|---|
| Deutsche Bank National Trust Company, as Trustee for J.P. Morgan Mortgage Acquisition Trust 2007-CH5, Asset Backed Pass-Through Certificates, Series 2007-CH5 | ) CASE NO. CV 12 779307 )<br>) JUDGE Dick Ambrose )<br>)<br>) **MAGISTRATE'S DECISION** |
| Plaintiff | )<br>) |
| -vs- | )<br>) |
| Christine J. Forgues aka Christine J.A. Andres Doubrava aka Christine J. Andres, et al. | )<br>)<br>)<br>) |
| Defendants | )<br>) |



THIS CAUSE was submitted to the Magistrate and heard upon the Complaint of the Plaintiff, the Answer of Defendant State of Ohio Department of Taxation, the Answer of Defendant United States of America, the Motion for Partial Summary Judgment of the Plaintiff, the Stipulation of Defendant United States of America, Plaintiff's Motion for Default Judgment, and the evidence.

53

The Magistrate hereby finds that there are no genuine issues of material fact concerning the priority of Plaintiff's mortgage vis-a-vis the liens of Defendants State of Ohio Department of Taxation and United States of America, and that Plaintiff is entitled to judgment as a matter of law concerning the priority of its mortgage lien, and therefore Plaintiff's Motion for Partial Summary Judgment is granted.

The Magistrate finds that all necessary parties have been served with summons according to law and are properly before the Court; that the Defendants, Christine J. Forgues aka Christine J.A. Andres Doubrava aka Christine J. Andres, John Doe, Unknown Spouse, if any, of Christine J. Forgues aka Christine J.A. Andres Doubrava aka Christine J. Andres, The Unknown Heirs at Law or Under the Will, if any, of William E. Forgues, Deceased, and State of Ohio Estate Tax Division, are in default of Answer or other pleading and thereby confess the allegations of the Complaint to be true, ~~and said Defendants are forever barred from asserting any right, title or interest in and to the hereinafter described premises~~ (CEO)

The Magistrate finds that for good cause shown, Defendant William E. Forgues is hereby dismissed from this lawsuit as he is deceased.

The Magistrate finds that there is due the Cuyahoga County Treasurer, taxes, accrued taxes, assessments, and penalties on

the premises described herein including: (1) taxes and assessments which attach before the confirmation of sale for the year in which confirmation occurs, apportioned pro rata to the part of the year that precedes confirmation, and any penalties and interest on those taxes and assessments; and (2) all other taxes, assessments, penalties and interest which attached for a prior tax year but have not been paid on or before the date of confirmation. The exact amount of said taxes, accrued taxes, assessments, and penalties are unascertainable at this time, but will be determined at the time of the sheriff's sale of said premises, for which amount the Cuyahoga County Treasurer has a good and valid lien.

The Magistrate finds on the evidence adduced that there is due the Plaintiff on the promissory note set forth in the Second Count of the Complaint, the sum of $142,144.25, plus interest at 9.8% per annum from October 1, 2009, for which sum, judgment is hereby rendered in favor of the Plaintiff against the Defendant, Christine J. Forgues aka Christine J.A. Andres Doubrava aka Christine J. Andres.

The Magistrate further finds that there may be due to Plaintiff, the sums advanced by it under the terms of the Note and Mortgage to pay real estate taxes, hazard insurance premiums, and property protection.

The Magistrate further finds that in order to secure the payment of the promissory note aforesaid, the Defendants, Christine J. Forgues and William E. Forgues, wife and husband, executed and delivered to Chase Bank USA, NA, the certain mortgage deed as in the Third Count of said Complaint described, thereby conveying to it the following described premises.

The Magistrate finds upon the First Count of the Complaint, that due to a mutual mistake, the real estate legal description as contained in the mortgage deed contains certain errors, and that it was the intent of the parties to the mortgage deed to create a mortgage lien upon the real property owned by Defendant Christine J. Forgues aka Christine J.A. Andres Doubrava aka Christine J. Andres located at 15109 Merimeade Drive, Cleveland, Ohio and correctly described below.

It is therefore ORDERED that the real estate legal description contained in said mortgage deed is hereby reformed and amended to read as follows:

SEE LEGAL DESCRIPTION ATTACHED HERETO AS EXHIBIT "A".

Said premises also known as 15109 Merimeade Drive, Cleveland, Ohio

PP# 025-24-054

That said mortgage was duly filed with the Recorder of Cuyahoga County on April 20, 2007, and was by him thereafter recorded as File No. 200704200027 of the Mortgage Records of

said County, and thereby became and is a valid first mortgage lien upon said premises, subject only to the lien of the Treasurer for taxes; that said mortgage deed was assigned by Chase Bank USA, NA to Deutsche Bank National Trust Company, as Trustee for J.P. Morgan Mortgage Acquisition Trust 2007-CH5, Asset Backed Pass-Through Certificates, Series 2007-CH5, recorded in File No. 201005200218, Cuyahoga County Records; that said conditions in the mortgage deed have been broken, and the same has become absolute and the Plaintiff is entitled to have the equity of redemption and dower of the Defendants, Christine J. Forgues aka Christine J.A. Andres Doubrava aka Christine J. Andres, John Doe, Unknown Spouse, if any, of Christine J. Forgues aka Christine J.A. Andres Doubrava aka Christine J. Andres, The Unknown Heirs at Law or Under the Will, if any, of William E. Forgues, Deceased, in and to the said premises foreclosed. < ✳ (CEO)

The Magistrate finds upon the Fourth Count of the Complaint, that due to a mutual mistake, the real estate legal description as contained in the Survivorship Deed recorded June 20, 2001, File No. 200106200974, Cuyahoga County Records, contains certain errors, and that it was the intent of the parties to this deed to convey the real property located at 15109 Merimeade Drive, Cleveland, Ohio and correctly described above.

✳ The mortgage assignment to plaintiff was executed before the filing of the case. The note allonge, while undated, is attached to the complaint and, thus, must have been executed before the filing of the complaint. Accordingly, the Magistrate finds that plaintiff was the owner of both the note and mortgage when the case was filed and has standing to bring this case.

It is therefore ORDERED that the real estate legal description contained in said deed is hereby reformed and amended to read as set forth in the attached Exhibit "A".

The Magistrate finds that the Defendants, United States of America and State of Ohio Department of Taxation, claims some right, title, interest or lien upon the premises described herein, as set forth in their pleadings filed herein, but that any right, title, interest, claim or lien that they may have is inferior and subsequent to the lien of the Plaintiff.

The Magistrate, while finding that there is no just reason for delay as to the Plaintiff's claim, makes no finding at this time as to the claim, right, title, interest or lien of the Defendants, United States of America and State of Ohio Department of Taxation, as set forth in their pleadings filed herein, except to note that such claim, right, title, interest or lien of these Defendants are hereby ordered transferred to the proceeds derived from the sale of said premises, after the payment of the costs of the within action, taxes due and payable and the amount hereinabove found due the Plaintiff, and the same is hereby ordered continued until further order.

The Magistrate finds that the Defendant, United States of America, shall have the right to redeem within the time periods provided by 28 U.S.C. Section 2410(c).

It is therefore ORDERED, ADJUDGED, AND DECREED that unless the sums hereinabove found due, together with the costs of this action, be fully paid within three (3) days from the date of the entry of this decree, the equity of redemption and dower of the Defendants, Christine J. Forgues aka Christine J.A. Andres Doubrava aka Christine J. Andres, John Doe, Unknown Spouse, if any, of Christine J. Forgues aka Christine J.A. Andres Doubrava aka Christine J. Andres, The Unknown Heirs at Law or Under the Will, if any, of William E. Forgues, Deceased, in and to said premises shall be foreclosed and that an order of sale shall issue directed to the Sheriff of Cuyahoga County, ordering him to appraise, advertise in a paper of general circulation within the County, and sell said premises as upon execution and according to law, free and clear of the interest of all parties to this action.

In the event an order of sale is returned by the Sheriff unexecuted, subsequent orders of sale shall issue in accord with appraisal instructions as requested in a Praecipe for Order of Sale.

It is further ordered that the Sheriff out of the funds in his hands pay:

> FIRST:  The costs herein, including the sum of $300.00 payable to Reimer, Arnovitz, Chernek & Jeffrey Co., L.P.A. for the Judicial Report filed herein, and the sum of $286.00

for the premium, which are hereby taxed as costs.

SECOND:   To the Cuyahoga County Treasurer, taxes, accrued taxes, assessments and penalties on the premises described herein due and payable as of the date of confirmation of sheriff's sale and taxes, assessments, penalties and interest which attach before the confirmation of sale for the year in which confirmation occurs, apportioned pro rata to the part of the year that precedes confirmation.

THIRD:    To the Plaintiff, the sum of $142,144.25 plus interest thereon at the rate of 9.8% per annum from October 1, 2009.

FOURTH:   The balance, if any, to be held by the Sheriff, pending further order.

~~In the event Plaintiff is the successful bidder at the Sheriff's Sale, the amount of the deposits made herein by the Plaintiff and the cost of the Preliminary Judicial Report in the sum of $586.00 shall be deducted from the amount of court costs otherwise due and payable herein. (CEO)~~

It is further ORDERED, ADJUDGED AND DECREED that there may be due to Plaintiff additional sums advanced by it under the terms of the Note and Mortgage to pay real estate taxes, hazard insurance premiums, and property protection, which sums are to be determined by further Order.

~~It is further ORDERED, ADJUDGED AND DECREED that all parties of this action be perpetually barred from asserting any~~

~~lien or rights to the purchaser hereof, or anyone claiming under~~ ~~or through said purchaser, and subject to further order.~~ (CEO)

It is further ORDERED, ADJUDGED AND DECREED that upon the distribution of the proceeds of sale as aforesaid, a minute of these proceedings be entered upon the Cuyahoga County records involved in this action and the Clerk of this Court shall issue his certificate to the County Recorder directing him to enter the same on the margin of the records of said mortgages and liens, releasing said liens from the premises.

It is further ORDERED, ADJUDGED AND DECREED that after said sale has been completed, the Sheriff of Cuyahoga County convey to the purchaser said real property, and that a Writ of Possession of said property be issued.

RECORD IS HEREBY ORDERED.

_____
Magistrate Christopher E. Olsztyn

APPROVED BY:

/s/ Edward Bohnert
_____
**REIMER, ARNOVITZ, CHERNEK &**
**JEFFREY CO., L.P.A.**
Edward G. Bohnert (0004920)
P.O. Box 39696
30455 Solon Road
Solon, OH 44139
Phone: (440) 600-5500
Fax: 440-600-5586
Email: ebohnert@reimerlaw.com

A party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ. R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ. R. 53(D)(3)(b).

P10-2654-C/ F12-00223

## LEGAL DESCRIPTION

Situated in the City of Cleveland, County of Cuyahoga and State of Ohio, and known as being Sublot No. 10 in A.E. Mead's Subdivision of part of Original Rockport Township Section No. 12 as shown by the recorded plat in Volume 110 of Maps, Page 8 of Cuyahoga County Records and being 45 feet front on the southerly side of Merimeade Drive N.W. and extending back 133.50 feet on the easterly line, 148.54 feet on the westerly line, and having a rear line of 56 feet, as appears by said plat, be the same more or less, but subject to all legal highways.

## CERTIFICATE OF SERVICE

        Copies of the foregoing have been sent by ordinary U.S.
Mail by the Clerk of Courts to the following parties or their
counsel of record:

Reimer, Arnovitz, Chernek & Jeffrey Co., L.P.A.
30455 Solon Road
Solon, Ohio 44139

Christine J. Forgues aka
Christine J.A. Andres Doubrava
aka Christine J. Andres
15109 Merrimeade Drive
Cleveland, Ohio  44111

John Doe, Unknown Spouse,
if any, of Christine J. Forgues
aka Christine J.A. Andres Doubrava
aka Christine J. Andres
15109 Merrimeade Drive
Cleveland, Ohio  44111

Lori White Laisure
Assistant U.S. Attorney
801 Superior Ave., Suite 400
Cleveland, OH  44113

Lindsey K. McCarron
Assistant Attorney General
Collection Enforcement Section,
150 East Gay Street,
21st Floor
Columbus, OH  43215

State of Ohio Estate Tax Division
c/o Ohio Attorney General,
150 East Gay Street
Columbus, Ohio  43215


Copies mailed by the Clerk of Courts on APR 1 5 2013 , 2013.

                                    M David
                                    Clerk of Courts

F12-00223                    EGB/kll                    April 10, 2013

## IN THE COURT OF COMMON PLEAS
## CUYAHOGA COUNTY, OHIO

| | | |
|---|---|---|
| Deutsche Bank National Trust Company, as Trustee for J.P. Morgan Mortgage Acquisition Trust 2007-CH5, Asset Backed Pass-Through Certificates, Series 2007-CH5 | ) ) ) ) ) ) | CASE NO. CV 12 779307<br><br>JUDGE Dick Ambrose<br><br>**MAGISTRATE'S DECISION** |
| Plaintiff | ) ) ) | |
| -vs- | ) ) | |
| Christine J. Forgues aka Christine J.A. Andres Doubrava aka Christine J. Andres, et al. | ) ) ) ) ) | |
| Defendants | ) ) | |

THIS CAUSE was submitted to the Magistrate and heard upon the Complaint of the Plaintiff, the Answer of Defendant State of Ohio Department of Taxation, the Answer of Defendant United States of America, the Motion for Partial Summary Judgment of the Plaintiff, the Stipulation of Defendant United States of America, Plaintiff's Motion for Default Judgment, and the evidence.

The Magistrate hereby finds that there are no genuine issues of material fact concerning the priority of Plaintiff's mortgage vis-a-vis the liens of Defendants State of Ohio Department of Taxation and United States of America, and that Plaintiff is entitled to judgment as a matter of law concerning the priority of its mortgage lien, and therefore Plaintiff's Motion for Partial Summary Judgment is granted.

The Magistrate finds that all necessary parties have been served with summons according to law and are properly before the Court; that the Defendants, Christine J. Forgues aka Christine J.A. Andres Doubrava aka Christine J. Andres, John Doe, Unknown Spouse, if any, of Christine J. Forgues aka Christine J.A. Andres Doubrava aka Christine J. Andres, The Unknown Heirs at Law or Under the Will, if any, of William E. Forgues, Deceased, and State of Ohio Estate Tax Division, are in default of Answer or other pleading and thereby confess the allegations of the Complaint to be true, and said Defendants are forever barred from asserting any right, title or interest in and to the hereinafter described premises.

The Magistrate finds that for good cause shown, Defendant William E. Forgues is hereby dismissed from this lawsuit as he is deceased.

The Magistrate finds that there is due the Cuyahoga County Treasurer, taxes, accrued taxes, assessments, and penalties on

the premises described herein including: (1) taxes and assessments which attach before the confirmation of sale for the year in which confirmation occurs, apportioned pro rata to the part of the year that precedes confirmation, and any penalties and interest on those taxes and assessments; and (2) all other taxes, assessments, penalties and interest which attached for a prior tax year but have not been paid on or before the date of confirmation. The exact amount of said taxes, accrued taxes, assessments, and penalties are unascertainable at this time, but will be determined at the time of the sheriff's sale of said premises, for which amount the Cuyahoga County Treasurer has a good and valid lien.

The Magistrate finds on the evidence adduced that there is due the Plaintiff on the promissory note set forth in the Second Count of the Complaint, the sum of $142,144.25, plus interest at 9.8% per annum from October 1, 2009, for which sum, judgment is hereby rendered in favor of the Plaintiff against the Defendant, Christine J. Forgues aka Christine J.A. Andres Doubrava aka Christine J. Andres.

The Magistrate further finds that there may be due to Plaintiff, the sums advanced by it under the terms of the Note and Mortgage to pay real estate taxes, hazard insurance premiums, and property protection.

The Magistrate further finds that in order to secure the payment of the promissory note aforesaid, the Defendants, Christine J. Forgues and William E. Forgues, wife and husband, executed and delivered to Chase Bank USA, NA, the certain mortgage deed as in the Third Count of said Complaint described, thereby conveying to it the following described premises.

The Magistrate finds upon the First Count of the Complaint, that due to a mutual mistake, the real estate legal description as contained in the mortgage deed contains certain errors, and that it was the intent of the parties to the mortgage deed to create a mortgage lien upon the real property owned by Defendant Christine J. Forgues aka Christine J.A. Andres Doubrava aka Christine J. Andres located at 15109 Merimeade Drive, Cleveland, Ohio and correctly described below.

It is therefore ORDERED that the real estate legal description contained in said mortgage deed is hereby reformed and amended to read as follows:

SEE LEGAL DESCRIPTION ATTACHED HERETO AS EXHIBIT "A".

Said premises also known as 15109 Merimeade Drive, Cleveland, Ohio

PP# 025-24-054

That said mortgage was duly filed with the Recorder of Cuyahoga County on April 20, 2007, and was by him thereafter recorded as File No. 200704200027 of the Mortgage Records of

said County, and thereby became and is a valid first mortgage lien upon said premises, subject only to the lien of the Treasurer for taxes; that said mortgage deed was assigned by Chase Bank USA, NA to Deutsche Bank National Trust Company, as Trustee for J.P. Morgan Mortgage Acquisition Trust 2007-CH5, Asset Backed Pass-Through Certificates, Series 2007-CH5, recorded in File No. 201005200218, Cuyahoga County Records; that said conditions in the mortgage deed have been broken, and the same has become absolute and the Plaintiff is entitled to have the equity of redemption and dower of the Defendants, Christine J. Forgues aka Christine J.A. Andres Doubrava aka Christine J. Andres, John Doe, Unknown Spouse, if any, of Christine J. Forgues aka Christine J.A. Andres Doubrava aka Christine J. Andres, The Unknown Heirs at Law or Under the Will, if any, of William E. Forgues, Deceased, in and to the said premises foreclosed.

The Magistrate finds upon the Fourth Count of the Complaint, that due to a mutual mistake, the real estate legal description as contained in the Survivorship Deed recorded June 20, 2001, File No. 200106200974, Cuyahoga County Records, contains certain errors, and that it was the intent of the parties to this deed to convey the real property located at 15109 Merimeade Drive, Cleveland, Ohio and correctly described above.

It is therefore ORDERED that the real estate legal description contained in said deed is hereby reformed and amended to read as set forth in the attached Exhibit "A".

The Magistrate finds that the Defendants, United States of America and State of Ohio Department of Taxation, claims some right, title, interest or lien upon the premises described herein, as set forth in their pleadings filed herein, but that any right, title, interest, claim or lien that they may have is inferior and subsequent to the lien of the Plaintiff.

The Magistrate, while finding that there is no just reason for delay as to the Plaintiff's claim, makes no finding at this time as to the claim, right, title, interest or lien of the Defendants, United States of America and State of Ohio Department of Taxation, as set forth in their pleadings filed herein, except to note that such claim, right, title, interest or lien of these Defendants are hereby ordered transferred to the proceeds derived from the sale of said premises, after the payment of the costs of the within action, taxes due and payable and the amount hereinabove found due the Plaintiff, and the same is hereby ordered continued until further order.

The Magistrate finds that the Defendant, United States of America, shall have the right to redeem within the time periods provided by 28 U.S.C. Section 2410(c).

It is therefore ORDERED, ADJUDGED, AND DECREED that unless the sums hereinabove found due, together with the costs of this action, be fully paid within three (3) days from the date of the entry of this decree, the equity of redemption and dower of the Defendants, Christine J. Forgues aka Christine J.A. Andres Doubrava aka Christine J. Andres, John Doe, Unknown Spouse, if any, of Christine J. Forgues aka Christine J.A. Andres Doubrava aka Christine J. Andres, The Unknown Heirs at Law or Under the Will, if any, of William E. Forgues, Deceased, in and to said premises shall be foreclosed and that an order of sale shall issue directed to the Sheriff of Cuyahoga County, ordering him to appraise, advertise in a paper of general circulation within the County, and sell said premises as upon execution and according to law, free and clear of the interest of all parties to this action.

In the event an order of sale is returned by the Sheriff unexecuted, subsequent orders of sale shall issue in accord with appraisal instructions as requested in a Praecipe for Order of Sale.

It is further ordered that the Sheriff out of the funds in his hands pay:

> FIRST: The costs herein, including the sum of $300.00 payable to Reimer, Arnovitz, Chernek & Jeffrey Co., L.P.A. for the Judicial Report filed herein, and the sum of $286.00

for the premium, which are hereby taxed as costs.

SECOND: To the Cuyahoga County Treasurer, taxes, accrued taxes, assessments and penalties on the premises described herein due and payable as of the date of confirmation of sheriff's sale and taxes, assessments, penalties and interest which attach before the confirmation of sale for the year in which confirmation occurs, apportioned pro rata to the part of the year that precedes confirmation.

THIRD: To the Plaintiff, the sum of $142,144.25 plus interest thereon at the rate of 9.8% per annum from October 1, 2009.

FOURTH: The balance, if any, to be held by the Sheriff, pending further order.

In the event Plaintiff is the successful bidder at the Sheriff's Sale, the amount of the deposits made herein by the Plaintiff and the cost of the Preliminary Judicial Report in the sum of $586.00 shall be deducted from the amount of court costs otherwise due and payable herein.

It is further ORDERED, ADJUDGED AND DECREED that there may be due to Plaintiff additional sums advanced by it under the terms of the Note and Mortgage to pay real estate taxes, hazard insurance premiums, and property protection, which sums are to be determined by further Order.

It is further ORDERED, ADJUDGED AND DECREED that all parties of this action be perpetually barred from asserting any

lien or rights to the purchaser hereof, or anyone claiming under or through said purchaser, and subject to further order.

It is further ORDERED, ADJUDGED AND DECREED that upon the distribution of the proceeds of sale as aforesaid, a minute of these proceedings be entered upon the Cuyahoga County records involved in this action and the Clerk of this Court shall issue his certificate to the County Recorder directing him to enter the same on the margin of the records of said mortgages and liens, releasing said liens from the premises.

It is further ORDERED, ADJUDGED AND DECREED that after said sale has been completed, the Sheriff of Cuyahoga County convey to the purchaser said real property, and that a Writ of Possession of said property be issued.

RECORD IS HEREBY ORDERED.

_____
                                        Magistrate

APPROVED BY:

_Edward Bohnert_
**REIMER, ARNOVITZ, CHERNEK &**
**JEFFREY CO., L.P.A.**
Edward G. Bohnert (0004920)
P.O. Box 39696
30455 Solon Road
Solon, OH 44139
Phone: (440) 600-5500
Fax: 440-600-5586
Email: ebohnert@reimerlaw.com

A party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ. R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ. R. 53(D)(3)(b).

## CERTIFICATE OF SERVICE

Copies of the foregoing have been sent by ordinary U.S. Mail by the Clerk of Courts to the following parties or their counsel of record:

Reimer, Arnovitz, Chernek & Jeffrey Co., L.P.A.
30455 Solon Road
Solon, Ohio 44139

Christine J. Forgues aka
Christine J.A. Andres Doubrava
aka Christine J. Andres
15109 Merrimeade Drive
Cleveland, Ohio  44111

John Doe, Unknown Spouse,
if any, of Christine J. Forgues
aka Christine J.A. Andres Doubrava
aka Christine J. Andres
15109 Merrimeade Drive
Cleveland, Ohio  44111

Lori White Laisure
Assistant U.S. Attorney
801 Superior Ave., Suite 400
Cleveland, OH  44113

Lindsey K. McCarron
Assistant Attorney General
Collection Enforcement Section,
150 East Gay Street,
21st Floor
Columbus, OH  43215

State of Ohio Estate Tax Division
c/o Ohio Attorney General,
150 East Gay Street
Columbus, Ohio  43215


Copies mailed by the Clerk of Courts on_____, 2013.

EXHIBIT A

## LEGAL DESCRIPTION

Situated in the City of Cleveland, County of Cuyahoga and State of Ohio, and known as being Sublot No. 10 in A.E. Mead's Subdivision of part of Original Rockport Township Section No. 12 as shown by the recorded plat in Volume 110 of Maps, Page 8 of Cuyahoga County Records and being 45 feet front on the southerly side of Merimeade Drive N.W. and extending back 133.50 feet on the easterly line, 148.54 feet on the westerly line, and having a rear line of 56 feet, as appears by said plat, be the same more or less, but subject to all legal highways.

F12-00223                    EGB/kll              April 10, 2013

FILED

WINDOW CHS
CLERK OF COURTS
COUNTY

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

Deutsche Bank National Trust      )  Case No. CV 12 779307
Company, as Trustee for J.P.      )
Morgan Mortgage Acquisition       )  Judge Dick Ambrose
Trust 2007-CH5, Asset Backed      )
Pass-Through Certificates,        )  **NOTICE OF FILING PROPOSED**
Series 2007-CH5,                  )  **JUDGMENT ENTRY ADOPTING**
                                  )  **MAGISTRATE'S DECISION**
              Plaintiff,          )
                                  )
          vs.                     )
                                  )
                                  )
Christine J. Forgues aka          )
Christine J.A. Andres Doubráva    )
aka Christine J. Andres, et       )
al,                               )
                                  )
              Defendants          )

       Plaintiff hereby submits for filing the proposed Judgment

Entry Adopting Magistrate's Decision, a copy of which is

attached hereto as Exhibit A.


                          _Edward Bohnert_
                          REIMER, ARNOVITZ, CHERNEK &
                          JEFFREY CO., L.P.A.
                          Edward G. Bohnert (0004920)
                          P.O. Box 39696
                          30455 Solon Road
                          Solon, OH 44139
                          Phone: (440) 600-5500
                          Fax: 440-600-5586
                          Email: ebohnert@reimerlaw.com

## CERTIFICATE OF SERVICE

A copy of the foregoing was sent by regular U.S. Mail on

_____4-12-13_____, to the following:

Christine J. Forgues aka
Christine J.A. Andres
Doubrava aka Christine J.
Andres
15109 Merrimeade Drive
Cleveland, Ohio  44111

John Doe, Unknown Spouse,
if any, of Christine J.
Forgues aka Christine J.A.
Andres Doubrava aka Christine
J. Andres
15109 Merrimeade Drive
Cleveland, Ohio  44111

Lori White Laisure
Assistant U.S. Attorney
801 Superior Ave., Suite 400
Cleveland, OH  44113

Lindsey K. McCarron
Assistant Attorney General
Collection Enforcement
Section,
150 East Gay Street,
21st Floor
Columbus, OH  43215

State of Ohio Estate Tax
Division
c/o Ohio Attorney General,
150 East Gay Street
Columbus, Ohio  43215

*Edward Bohnert*

**REIMER, ARNOVITZ, CHERNEK &
JEFFREY CO., L.P.A.**
Edward G. Bohnert (0004920)
P.O. Box 39696
30455 Solon Road
Solon, OH 44139
Phone: (440) 600-5500
Fax: 440-600-5586
Email: ebohnert@reimerlaw.com

F12-00223                      EGB/kll                      April 10, 2013

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

Deutsche Bank National Trust      ) Case No. CV 12 779307
Company, as Trustee for J.P.      )
Morgan Mortgage Acquisition       ) Judge Dick Ambrose
Trust 2007-CH5, Asset Backed      )
Pass-Through Certificates,        ) **JUDGMENT ENTRY ADOPTING**
Series 2007-CH5,                  ) **MAGISTRATE'S DECISION**
                                  )
            Plaintiff,            )
                                  )
        vs.                       )
                                  )
Christine J. Forgues aka          )
Christine J.A. Andres Doubrava    )
aka Christine J. Andres, et       )
al,                               )
                                  )
            Defendants            )

THIS CAUSE is before the Court on the Decision of the Magistrate, the evidence admitted at the hearing, and the motions and pleadings in the Court file.

Summary judgment is granted in favor of Plaintiff against the following Defendants on the issue of priority: United States of America and State of Ohio Department of Taxation.

Default judgment is granted in favor of Plaintiff against the following Defendants: Christine J. Forgues aka Christine J.A. Andres Doubrava aka Christine J. Andres, John Doe, Unknown Spouse, if any, of Christine J. Forgues aka Christine J.A.

*Exhibit A*

Andres Doubrava aka Christine J. Andres, The Unknown Heirs at Law or Under the Will, if any, of William E. Forgues, Deceased, and State of Ohio Estate Tax Division.

The Court adopts the Magistrate's Decision dated _____ granting a foreclosure on the premises.

**(SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF)**

**PREMISES COMMONLY KNOWN AS:**
**15109 Merimeade Drive, Cleveland, Ohio**
**PERMANENT PARCEL NO.:  025-24-054**

The parties who have asserted an interest in the premises will be paid according to their priority.  The claims of all parties who have asserted an interest in premises and whose claims are not paid in the order of distribution herein are transferred to the proceeds of sale and will be determined at a later date.

Judgment is rendered in favor of Plaintiff Deutsche Bank National Trust Company, as Trustee for J.P. Morgan Mortgage Acquisition Trust 2007-CH5, Asset Backed Pass-Through Certificates, Series 2007-CH5 against Defendant Christine J. Forgues aka Christine J.A. Andres Doubrava aka Christine J. Andres in the sum of $142,144.25 plus interest at the rate of 9.8% per annum from October 1, 2009.

The Court finds that Plaintiff has standing to bring this case.

IT IS, THEREFORE, ORDERED, ADJUDGED, AND DECREED, that unless there is paid or caused to be paid, within three days of the Court's adoption of the Magistrate's Decision, to the Clerk of this Court, the costs of this case, taxes due and payable and to the Plaintiff the sums found to be due it as aforesaid, together with interest due thereon, and the advances due Plaintiff for real estate taxes, insurance premiums and property protection, the equity of redemption of all Defendants named in this action in and to said premises shall be foreclosed and said premises sold; and, that an order of sale therefore shall issue to the Sheriff of Cuyahoga County directing him to appraise, advertise in a newspaper of general circulation within the County and sell said premises as upon execution and according to law, free and clear of the interest of all parties to this action.

And coming now to distribute the proceeds of said sale, it is ordered that the Sheriff out of the funds in his hands pay:

First:      The costs herein, including the sum of $300.00 payable to Reimer, Arnovitz, Chernek & Jeffrey Co. L.P.A. for the Judicial Report filed herein, and the sum of $286.00 for the premium, which are hereby taxed as costs.

Second:     To the Cuyahoga County Treasurer, taxes, accrued taxes, assessments and penalties on the premises described herein due and payable as of the date of confirmation of sheriff's sale and taxes, assessments, penalties and interest which attach before the

confirmation of sale for the year in which confirmation occurs, apportioned pro rata to the part of the year that precedes confirmation.

Third:     To the Plaintiff, the sum of $142,144.25 plus interest thereon at the rate of 9.8% per annum from October 1, 2009.

Fourth:    The balance, if any, to be held by the Sheriff, pending further order.

IT IS FURTHER ORDERED that upon the distribution of the proceeds of sale as aforesaid, the Clerk of this Court shall issue his certificate to the County Recorder directing him to enter the same on the margin of the records of said mortgages and liens releasing said liens from said premises.

It is further ORDERED, ADJUDGED AND DECREED that after said sale has been completed, the Sheriff of Cuyahoga County convey to the purchaser said real property and that a Writ of Possession of said property be issued.

The Court finds upon the First Count of the Complaint, that due to a mutual mistake, the real estate legal description as contained in the mortgage deed contains certain errors, and that it was the intent of the parties to the mortgage deed to create a mortgage lien upon the real property owned by Defendant Christine J. Forgues aka Christine J.A. Andres Doubrava aka Christine J. Andres located at 15109 Merimeade Drive, Cleveland, Ohio and correctly described below.

It is therefore ORDERED that the real estate legal description contained in said mortgage deed is hereby reformed and amended to read as follows:

SEE LEGAL DESCRIPTION ATTACHED HERETO AS EXHIBIT "A".

The Court finds upon the Fourth Count of the Complaint, that due to a mutual mistake, the real estate legal description as contained in the Survivorship Deed recorded June 20, 2001, File No. 200106200974, Cuyahoga County Records, contains certain errors, and that it was the intent of the parties to this deed to convey the real property located at 15109 Merimeade Drive, Cleveland, Ohio and correctly described above.

It is therefore ORDERED that the real estate legal description contained in said deed is hereby reformed and amended to read as set forth in the attached Exhibit "A".

The Court finds that the Defendant, The United States of America, shall have the right to redeem within the time periods provided by 28 U.S.C. Section 2410(c).

No just reason for delay.

IT IS SO ORDERED.

_____

Judge Dick Ambrose

EXHIBIT A

## LEGAL DESCRIPTION

Situated in the City of Cleveland, County of Cuyahoga and State of Ohio, and known as being Sublot No. 10 in A.E. Mead's Subdivision of part of Original Rockport Township Section No. 12 as shown by the recorded plat in Volume 110 of Maps, Page 8 of Cuyahoga County Records and being 45 feet front on the southerly side of Merimeade Drive N.W. and extending back 133.50 feet on the easterly line, 148.54 feet on the westerly line, and having a rear line of 56 feet, as appears by said plat, be the same more or less, but subject to all legal highways.

 **Cuyahoga County Sheriff**

## <u>REPORT OF SALE</u>     <u>CV-12-779307  6PLU</u>    MAR 0 3 2017

**The State of Ohio** } ss.   In Obedience to the command of the foregoing Order of Sale,
Cuyahoga County

I did on the  summon , three disinterested freeholders, residents of said County who were by me, duly sworn to view and appraise the lands and tenements therein described, and who returned to me under their hands and seals that they did, upon actual view of the premises, estimate and appraise the real value in money, of the same at One Hundred Ten Thousand Dollars And Zero Cents exactly ($110,000.00).

And on the , I deposited a certified copy of said appraisal in the office of the Clerk of Court of Common Pleas of said County.  And on the 4th day of February A.D. 2017, I caused to be advertised in the DAILY LEGAL NEWS (newspaper...printed and published and of general circulation in Cuyahoga County) said lands and tenements to be sold at public sale at the Court House of said County, on the Monday the 27th day of February A.D. 2017, between the hours of 9:00 AM to 12 o'clock, noon of the said day.

**BANKRUPTCY CHAPTER 13**

Federal Court Stay of Proceedings, Case # CV-12-779307 Petition filed under Chapter 13 of Bankruptcy Act

| FEES | | | PAID | |
|---|---|---|---|---|
| Appraisers' Fees | | $ | Total Amount Made on this Writ | |
| Printer's Fees and affidavit | | $486.00 | Paid Taxes | |
| Notice to Printer | | $3.00 | Paid Costs to Clerk | |
| Swearing in Appraisers | | $0.00 | Retained my fees hereon | |
| Mileage | | $ | Paid | |
| Poundage | | $0.00 | Paid | |
| Order of Sale Fee | | $50.00 | Paid | |
| | | | Paid | |
| | | | Paid | |
| | | | Paid | |
| | | | Paid | |
| **Total** | | $539.00 | Cuyahoga County Sheriff | |
| | | | By  *James Bitterman*   CHIEF DEPUTY | |

CV12779307                    97899054

SCVP

STATE OF OHIO,
COUNTY OF CUYAHOGA, } ss.

**Case No.** (017) 779307

**Publication Fee:** $486.00

**Caption:** Deutsche Bank National Trust Company as Trustee for JPMorgan Mortgage Acquisition Trust 2007-CH5 Asset Backed Pass-Through Certificates Series 2007-CH5 vs. Christine J. Forgues, a.k.a. Christine J.A. Andres Doubrava, a.k.a. Christine J. Andres, et al.

I, Lisa A. Cech, being duly sworn upon my oath, depose and say that I am the agent of the DAILY LEGAL NEWS, and that the annexed advertisement attached hereto was published in the DAILY LEGAL NEWS, a daily newspaper of general circulation, printed in the City of Cleveland, County of Cuyahoga, Ohio for a period of three consecutive weeks and on the same day of each week, on and after the 4th day of February A.D. 2017.

*Lisa A. Cech*

Sworn to and subscribed in my presence this 18th day of February, A.D. 2017.

*Cynthia E. Condol*

NOTARY PUBLIC

CYNTHIA E. CONDOL, Notary Public
STATE OF OHIO (Cuyahoga County)
My Commission Expires December 22, 2018



Sale No. 017
**SHERIFF'S SALE**
**(Case No. 779307 Sixth Pluries)**
The State of Ohio, Cuyahoga County, ss. Pursuant to the command of and order of sale issued from the Court of Common Pleas of said county, and to me directed, in the action of **Deutsche Bank National Trust Company as Trustee for JPMorgan Mortgage Acquisition Trust 2007-CH5 Asset Backed Pass-Through Certificates Series 2007-CH5, plaintiff vs. Christine J. Forgues, a.k.a. Christine J.A. Andres Doubrava, a.k.a. Christine J. Andres, et al., defendants,**
The Sheriff of Cuyahoga County shall offer for sale at public auction, in the Justice Center, 1215 West Third Street, in the City of Cleveland, County of Cuyahoga and State of Ohio, on
**Monday, the 27th day of February,** 2017, beginning at 9:00 o'clock A.M. of said day. The below premises cannot be sold for less than two-thirds of the appraised value at the first offering. If this offering does not sell, it shall again be offered for sale, with no reserve, at the same time and at the same place, on
**Monday, the 13th day of March,** 2017, the following described lands and tenements to wit:
Permanent Parcel No. 025-24-054
For a full copy of the legal description of this property, please contact the Cuyahoga County Recorder's Department or visit
http://WWW.RECORDER.
CUYAHOGACOUNTY.US
The above described property is further known as a single brick and frame dwelling with two car garage, located at 15109 Merrimeade Drive, in the City of Cleveland, Ohio.
Per O.R.C. 2329.211, the required deposit shall be based on the appraised value and is required at the time the bid is accepted. Said deposit shall be CASH or CERTIFIED CHECK, payable to the Cuyahoga County Sheriff.
The FULL purchase price shall be paid to the Sheriff within THIRTY (30) days from the date of confirmation of sale, and unless paid within eight (8) days from the date of sale shall bear interest at the rate of ten per cent (10%) per annum until paid, and on failure to do so, the purchaser shall be adjudged in contempt of court.
The purchaser shall be responsible for those costs, allowances, and taxes that the proceeds of the sale are insufficient to cover.
Please note: This appraisal is based on an exterior viewing of property only, unless otherwise noted.
RESIDENTIAL Property
Appraised value: $110,000.00
Minimum Bid: $73,334.00
Deposit required: $5,000.00
The Sheriff of Cuyahoga County.
**Peter L. Mehler, Attorney.**
Feb4-11-18, 2017

Daily Legal News
2935 Prospect Avenue
Cleveland, Ohio 44115
(216) 696-3322
PROOF OF PUBLICATION

# The State of Ohio

CUYAHOGA COUNTY } ss.                    **To the Sheriff of our said County, GREETING:**

**Whereas,** at term of the Court of _____CUYAHOGA_____ Common Pleas, held at Cleveland, in and for said County on the 1 day of _____May_____ A.D. 2013 , in the cause of

DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR J.P. MORGAN MORTGAGE ACQUISITION TRUST 2007-CH5 ASSET BACKED PASS-THROUGH CERTIFICATES SERIES 2007-CH5 _ Plaintiff, and

CHRISTINE J. FORGUES AKA CHRISTINE J.A. ANDRES DOUBRAVA AKA CHRISTINE J. ANDRES, ET AL
JOHN DOE, UNK SPOUSE, IF ANY, OF CHRISTINE J. FORGUES AKA CHRISTINE J.A. ANDRES DOUBRAVA AKA
CHRISTINE J. ANDRES
WILLIAM E. FORGUES
UNK HEIRS AT LAW OR UNDER THE WILL IF ANY OF WILLIAM E. FORGUES DECEASED
UNITED STATES OF AMERICA
UNITED STATES OF AMERICA C/O U.S. ATTORNEY'S OFFICE
STATE OF OHIO DEPARTMENT OF TAXATION
STATE OF OHIO ESTATE TAX DIVISION
CUYAHOGA COUNTY TREASURER


Defendants, it was ordered adjudged and decreed as follows, to wit:

SEE JOURNAL ENTRY COPY ATTACHED HERETO


May 1, 2013

Civil Journal Vol.  Pg.

CV12779307                    97232675



**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

**Court of Common Pleas**

**PRAECIPE FOR ORDER OF SALE $600.00**
**January 13, 2017 13:44**

By: PETER L. MEHLER 0075283

Confirmation Nbr. 959445

DEUTSCHE BANK NATIONAL TR. CO.                    CV 12 779307

vs.

CHRISTINE J. FORGUES AKA DOUBRAVA AKA        **Judge:**  DICK AMBROSE
ANDRES ETAL

**Pages Filed:**  1

F12-00223                          PLM/pss                          January 13, 2017

## IN THE COURT OF COMMON PLEAS
## CUYAHOGA COUNTY, OHIO

Deutsche Bank National Trust
Company, as Trustee for J.P. Morgan
Mortgage Acquisition Trust 2007-CH5,
Asset Backed Pass-Through
Certificates, Series 2007-CH5
_____
Plaintiff                                              Case No.   CV12779307
                                                                 _____

       'VS

Christine J. Forgues aka
Christine J.A. Andres Doubrava aka
Christine J. Andres, et al.
_____
Defendant                                              Judge   Dick Ambrose
                                                               _____


                                                       Sixth Praecipe for Order of Sale
                                                       without appraisal


To the Clerk of Courts:

      Please issue a Sixth Pluries Order of Sale to the Cuyahoga County Sheriff directing him
to appraise, advertise, and then sell the property located at:


PREMISES COMMONLY KNOWN AS:               15109 Merimeade Drive
                                          _____
                                          Cleveland, Ohio 44111
                                          _____

                                          _____


PERMANENT PARCEL NUMBER:          025-24-054
                                  _____
/s/ Peter L. Mehler 1-13-17

Peter L. Mehler              0075283
_____
Attorney                     Bar No.

30455 Solon Road
_____
Address

Solon, Ohio 44139
_____
City, State  Zip

(440) 600-5500
_____
Telephone



79119164

# IN THE COURT OF COMMON PLEAS
## CUYAHOGA COUNTY, OHIO



DEUTSCHE BANK NATIONAL TR. CO.
        Plaintiff

CHRISTINE J. FORGUES AKA DOUBRAVA AKA
ANDRES ETAL
        Defendant

Case No: CV-12-779307

Judge: DICK AMBROSE

## JOURNAL ENTRY

96 DISP.OTHER - FINAL

ORDER ADOPTING MAGISTRATE'S DECISION. ORDER SEE JOURNAL

Judge Signature                    Date
                                   CPCEO *CEO*

- 96
04/26/2013

Page 1 of 1

F12-00223                EGB/kll                April 25, 2013



IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | |
|---|---|
| Deutsche Bank National Trust Company, as Trustee for J.P. Morgan Mortgage Acquisition Trust 2007-CH5, Asset Backed Pass-Through Certificates, Series 2007-CH5, | ) Case No. CV 12 779307 ) ) Judge Dick Ambrose ) ) **JUDGMENT ENTRY ADOPTING** ) **MAGISTRATE'S DECISION** ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| Christine J. Forgues aka Christine J.A. Andres Doubrava aka Christine J. Andres, et al, | ) ) ) ) ) |
| Defendants | ) ) |

THIS CAUSE is before the Court on the Decision of the
Magistrate, the evidence admitted at the hearing, and the
motions and pleadings in the Court file, including the
Stipulation of Defendant Unites States of America.

*Defendant United States of America filed a stipulation that stipulated to a finding*

Summary judgment is granted in favor of Plaintiff against
the following Defendant on the issue of priority: State of Ohio
Department of Taxation.

*that the lien held by defendant The United States of America is junior in priority to Plaintiff's lien. (cao)*

Default judgment is granted in favor of Plaintiff against
the following Defendants: Christine J. Forgues aka Christine
J.A. Andres Doubrava aka Christine J. Andres, John Doe, Unknown

Spouse, if any, of Christine J. Forgues aka Christine J.A. Andres Doubrava aka Christine J. Andres, The Unknown Heirs at Law or Under the Will, if any, of William E. Forgues, Deceased, and State of Ohio Estate Tax Division.

The Court adopts the Magistrate's Decision filed April 12, 2013 granting a foreclosure on the premises.

(SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF)

PREMISES COMMONLY KNOWN AS:
15109 Merimeade Drive, Cleveland, Ohio
PERMANENT PARCEL NO.:  025-24-054

The parties who have asserted an interest in the premises will be paid according to their priority.  The claims of all parties who have asserted an interest in premises and whose claims are not paid in the order of distribution herein are transferred to the proceeds of sale and will be determined at a later date.

Judgment is rendered in favor of Plaintiff Deutsche Bank National Trust Company, as Trustee for J.P. Morgan Mortgage Acquisition Trust 2007-CH5, Asset Backed Pass-Through Certificates, Series 2007-CH5 against Defendant Christine J. Forgues aka Christine J.A. Andres Doubrava aka Christine J. Andres in the sum of $142,144.25 plus interest at the rate of 9.8% per annum from October 1, 2009.

The Court finds that Plaintiff has standing to bring this case.

IT IS, THEREFORE, ORDERED, ADJUDGED, AND DECREED, that unless there is paid or caused to be paid, within three days of the Court's adoption of the Magistrate's Decision, to the Clerk of this Court, the costs of this case, taxes due and payable and to the Plaintiff the sums found to be due it as aforesaid, together with interest due thereon, and the advances due Plaintiff for real estate taxes, insurance premiums and property protection, the equity of redemption of all Defendants named in this action in and to said premises shall be foreclosed and said premises sold; and, that an order of sale therefore shall issue to the Sheriff of Cuyahoga County directing him to appraise, advertise in a newspaper of general circulation within the County and sell said premises as upon execution and according to law, free and clear of the interest of all parties to this action.

And coming now to distribute the proceeds of said sale, it is ordered that the Sheriff out of the funds in his hands pay:

First:    The costs herein, including the sum of $300.00 payable to Reimer, Arnovitz, Chernek & Jeffrey Co. L.P.A. for the Judicial Report filed herein, and the sum of $286.00 for the premium, which are hereby taxed as costs.

Second:    To the Cuyahoga County Treasurer, taxes, accrued taxes, assessments and penalties on the premises described herein due and payable as of the date of confirmation of sheriff's sale and taxes, assessments, penalties and interest which attach before the confirmation of sale for the year in which confirmation occurs, apportioned pro rata to the part of the year that precedes confirmation.

Third:     To the Plaintiff, the sum of $142,144.25 plus interest thereon at the rate of 9.8% per annum from October 1, 2009.

Fourth:    The balance, if any, to be held by the Sheriff, pending further order.

IT IS FURTHER ORDERED that upon the distribution of the proceeds of sale as aforesaid, the Clerk of this Court shall issue his certificate to the County Recorder directing him to enter the same on the margin of the records of said mortgages and liens releasing said liens from said premises.

It is further ORDERED, ADJUDGED AND DECREED that after said sale has been completed, the Sheriff of Cuyahoga County convey to the purchaser said real property and that a Writ of Possession of said property be issued.

The Court finds upon the First Count of the Complaint, that due to a mutual mistake, the real estate legal description as contained in the mortgage deed contains certain errors, and that it was the intent of the parties to the mortgage deed to create a mortgage lien upon the real property owned by Defendant Christine J. Forgues aka Christine J.A. Andres Doubrava aka

Christine J. Andres located at 15109 Merimeade Drive, Cleveland, Ohio and correctly described below.

It is therefore ORDERED that the real estate legal description contained in said mortgage deed is hereby reformed and amended to read as follows:

SEE LEGAL DESCRIPTION ATTACHED HERETO AS EXHIBIT "A".

The Court finds upon the Fourth Count of the Complaint, that due to a mutual mistake, the real estate legal description as contained in the Survivorship Deed recorded June 20, 2001, File No. 200106200974, Cuyahoga County Records, contains certain errors, and that it was the intent of the parties to this deed to convey the real property located at 15109 Merimeade Drive, Cleveland, Ohio and correctly described above.

It is therefore ORDERED that the real estate legal description contained in said deed is hereby reformed and amended to read as set forth in the attached Exhibit "A".

The Court finds that the Defendant, The United States of America, shall have the right to redeem within the time periods provided by 28 U.S.C. Section 2410(c).

No just reason for delay.

IT IS SO ORDERED

_____
Judge Dick Ambrose (CEO)

RECEIVED FOR FILING

MAY 0 1 2013

CUYAHOGA COUNTY
CLERK OF COURTS
By_____ Deputy

P10-2654-C/ F12-00223

## LEGAL DESCRIPTION

Situated in the City of Cleveland, County of Cuyahoga and State of Ohio, and known as being Sublot No. 10 in A.E. Mead's Subdivision of part of Original Rockport Township Section No. 12 as shown by the recorded plat in Volume 110 of Maps, Page 8 of Cuyahoga County Records and being 45 feet front on the southerly side of Merimeade Drive N.W. and extending back 133.50 feet on the easterly line, 148.54 feet on the westerly line, and having a rear line of 56 feet, as appears by said plat, be the same more or less, but subject to all legal highways.

F12-00223                    EGB/kll                    April 10, 2013

FILED

2013 APR 12 A 8:37

WINDOW CHS
CLERK OF COURTS
CUYAHOGA COUNTY

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

Deutsche Bank National Trust    )  CASE NO. CV 12 779307
Company, as Trustee for J.P.    )
Morgan Mortgage Acquisition     )  JUDGE Dick Ambrose
Trust 2007-CH5, Asset Backed    )
Pass-Through Certificates,      )
Series 2007-CH5                 )  MAGISTRATE'S DECISION
                                )
                Plaintiff       )
                                )
        -vs-                    )
                                )
Christine J. Forgues aka        )
Christine J.A. Andres           )
Doubrava aka Christine J.       )
Andres, et al.                  )
                                )
                Defendants      )

        THIS CAUSE was submitted to the Magistrate and heard upon

the Complaint of the Plaintiff, the Answer of Defendant State of

Ohio Department of Taxation, the Answer of Defendant United

States of America, the Motion for Partial Summary Judgment of

the Plaintiff, the Stipulation of Defendant United States of

America, Plaintiff's Motion for Default Judgment, and the

evidence.

The Magistrate hereby finds that there are no genuine issues of material fact concerning the priority of Plaintiff's mortgage vis-a-vis the liens of Defendants State of Ohio Department of Taxation and United States of America, and that Plaintiff is entitled to judgment as a matter of law concerning the priority of its mortgage lien, and therefore Plaintiff's Motion for Partial Summary Judgment is granted.

The Magistrate finds that all necessary parties have been served with summons according to law and are properly before the Court; that the Defendants, Christine J. Forgues aka Christine J.A. Andres Doubrava aka Christine J. Andres, John Doe, Unknown Spouse, if any, of Christine J. Forgues aka Christine J.A. Andres Doubrava aka Christine J. Andres, The Unknown Heirs at Law or Under the Will, if any, of William E. Forgues, Deceased, and State of Ohio Estate Tax Division, are in default of Answer or other pleading and thereby confess the allegations of the Complaint to be true. ~~and said Defendants are forever barred from asserting any right, title, or interest in and to the hereinafter described premises~~ (CEO)

The Magistrate finds that for good cause shown, Defendant William E. Forgues is hereby dismissed from this lawsuit as he is deceased.

The Magistrate finds that there is due the Cuyahoga County Treasurer, taxes, accrued taxes, assessments, and penalties on

The Magistrate hereby finds that there are no genuine issues of material fact concerning the priority of Plaintiff's mortgage vis-a-vis the liens of Defendants State of Ohio Department of Taxation and United States of America, and that Plaintiff is entitled to judgment as a matter of law concerning the priority of its mortgage lien, and therefore Plaintiff's Motion for Partial Summary Judgment is granted.

The Magistrate finds that all necessary parties have been served with summons according to law and are properly before the Court; that the Defendants, Christine J. Forgues aka Christine J.A. Andres Doubrava aka Christine J. Andres, John Doe, Unknown Spouse, if any, of Christine J. Forgues aka Christine J.A. Andres Doubrava aka Christine J. Andres, The Unknown Heirs at Law or Under the Will, if any, of William E. Forgues, Deceased, and State of Ohio Estate Tax Division, are in default of Answer or other pleading and thereby confess the allegations of the Complaint to be true. ~~and said Defendants are forever barred from asserting any right, title or interest in and to the hereinafter described premises~~ (CEO)

The Magistrate finds that for good cause shown, Defendant William E. Forgues is hereby dismissed from this lawsuit as he is deceased.

The Magistrate finds that there is due the Cuyahoga County Treasurer, taxes, accrued taxes, assessments, and penalties on

the premises described herein including: (1) taxes and assessments which attach before the confirmation of sale for the year in which confirmation occurs, apportioned pro rata to the part of the year that precedes confirmation, and any penalties and interest on those taxes and assessments; and (2) all other taxes, assessments, penalties and interest which attached for a prior tax year but have not been paid on or before the date of confirmation. The exact amount of said taxes, accrued taxes, assessments, and penalties are unascertainable at this time, but will be determined at the time of the sheriff's sale of said premises, for which amount the Cuyahoga County Treasurer has a good and valid lien.

The Magistrate finds on the evidence adduced that there is due the Plaintiff on the promissory note set forth in the Second Count of the Complaint, the sum of $142,144.25, plus interest at 9.8% per annum from October 1, 2009, for which sum, judgment is hereby rendered in favor of the Plaintiff against the Defendant Christine J. Forgues aka Christine J.A. Andres Doubrava aka Christine J. Andres.

The Magistrate further finds that there may be due to Plaintiff, the sums advanced by it under the terms of the Note and Mortgage to pay real estate taxes, hazard insurance premiums, and property protection.

The Magistrate further finds that in order to secure the payment of the promissory note aforesaid, the Defendants, Christine J. Forgues and William E. Forgues, wife and husband, executed and delivered to Chase Bank USA, NA, the certain mortgage deed as in the Third Count of said Complaint described, thereby conveying to it the following described premises.

The Magistrate finds upon the First Count of the Complaint, that due to a mutual mistake, the real estate legal description as contained in the mortgage deed contains certain errors, and that it was the intent of the parties to the mortgage deed to create a mortgage lien upon the real property owned by Defendant Christine J. Forgues aka Christine J.A. Andres Doubrava aka Christine J. Andres located at 15109 Merimeade Drive, Cleveland, Ohio and correctly described below.

It is therefore ORDERED that the real estate legal description contained in said mortgage deed is hereby reformed and amended to read as follows:

SEE LEGAL DESCRIPTION ATTACHED HERETO AS EXHIBIT "A".

Said premises also known as 15109 Merimeade Drive, Cleveland, Ohio

PP# 025-24-054

That said mortgage was duly filed with the Recorder of Cuyahoga County on April 20, 2007, and was by him thereafter recorded as File No. 200704200027 of the Mortgage Records of

said County, and thereby became and is a valid first mortgage lien upon said premises, subject only to the lien of the Treasurer for taxes; that said mortgage deed was assigned by Chase Bank USA, NA to Deutsche Bank National Trust Company, as Trustee for J.P. Morgan Mortgage Acquisition Trust 2007-CH5, Asset Backed Pass-Through Certificates, Series 2007-CH5, recorded in File No. 201005200218, Cuyahoga County Records; that said conditions in the mortgage deed have been broken, and the same has become absolute and the Plaintiff is entitled to have the equity of redemption and dower of the Defendants, Christine J. Forgues aka Christine J.A. Andres Doubrava aka Christine J. Andres, John Doe, Unknown Spouse, if any, of Christine J. Forgues aka Christine J.A. Andres Doubrava aka Christine J. Andres, The Unknown Heirs at Law or Under the Will, if any, of William E. Forgues, Deceased, in and to the said premises foreclosed.

⟨ ✳ (CEO)

The Magistrate finds upon the Fourth Count of the Complaint, that due to a mutual mistake, the real estate legal description as contained in the Survivorship Deed recorded June 20, 2001, File No. 200106200974, Cuyahoga County Records, contains certain errors, and that it was the intent of the parties to this deed to convey the real property located at 15109 Merimeade Drive, Cleveland, Ohio and correctly described above.

✳ The mortgage assignment to plaintiff was executed before the filing of the case. The note allonge, while undated, is attached to the complaint and, thus, must have been executed before the filing of the complaint. Accordingly, the Magistrate finds that plaintiff was the owner of both the note and mortgage when the case was filed and has standing to bring this case.

It is therefore ORDERED that the real estate legal description contained in said deed is hereby reformed and amended to read as set forth in the attached Exhibit "A".

The Magistrate finds that the Defendants, United States of America and State of Ohio Department of Taxation, claims some right, title, interest or lien upon the premises described herein, as set forth in their pleadings filed herein, but that any right, title, interest, claim or lien that they may have is inferior and subsequent to the lien of the Plaintiff.

The Magistrate, while finding that there is no just reason for delay as to the Plaintiff's claim, makes no finding at this time as to the claim, right, title, interest or lien of the Defendants, United States of America and State of Ohio Department of Taxation, as set forth in their pleadings filed herein, except to note that such claim, right, title, interest or lien of these Defendants are hereby ordered transferred to the proceeds derived from the sale of said premises, after the payment of the costs of the within action, taxes due and payable and the amount hereinabove found due the Plaintiff, and the same is hereby ordered continued until further order.

The Magistrate finds that the Defendant, United States of America, shall have the right to redeem within the time periods provided by 28 U.S.C. Section 2410(c).

It is therefore ORDERED, ADJUDGED, AND DECREED that unless the sums hereinabove found due, together with the costs of this action, be fully paid within three (3) days from the date of the entry of this decree, the equity of redemption and dower of the Defendants, Christine J. Forgues aka Christine J.A. Andres Doubrava aka Christine J. Andres, John Doe, Unknown Spouse, if any, of Christine J. Forgues aka Christine J.A. Andres Doubrava aka Christine J. Andres, The Unknown Heirs at Law or Under the Will, if any, of William E. Forgues, Deceased, in and to said premises shall be foreclosed and that an order of sale shall issue directed to the Sheriff of Cuyahoga County, ordering him to appraise, advertise in a paper of general circulation within the County, and sell said premises as upon execution and according to law, free and clear of the interest of all parties to this action.

In the event an order of sale is returned by the Sheriff unexecuted, subsequent orders of sale shall issue in accord with appraisal instructions as requested in a Praecipe for Order of Sale.

It is further ordered that the Sheriff out of the funds in his hands pay:

FIRST: The costs herein, including the sum of $300.00 payable to Reimer, Arnovitz, Chernek & Jeffrey Co., L.P.A. for the Judicial Report filed herein, and the sum of $286.00

for the premium, which are hereby taxed as costs.

SECOND: To the Cuyahoga County Treasurer, taxes, accrued taxes, assessments and penalties on the premises described herein due and payable as of the date of confirmation of sheriff's sale and taxes, assessments, penalties and interest which attach before the confirmation of sale for the year in which confirmation occurs, apportioned pro rata to the part of the year that precedes confirmation.

THIRD: To the Plaintiff, the sum of $142,144.25 plus interest thereon at the rate of 9.8% per annum from October 1, 2009.

FOURTH: The balance, if any, to be held by the Sheriff, pending further order.

~~If the Plaintiff is the successful bidder at the sheriff's sale, the amount of the deposits made herein by the Plaintiff and the costs of the Preliminary Judicial Report in the of $596.00 shall be deducted from the amount of court costs otherwise due and payable herein.~~ (CEO)

It is further ORDERED, ADJUDGED AND DECREED that there may be due to Plaintiff additional sums advanced by it under the terms of the Note and Mortgage to pay real estate taxes, hazard insurance premiums, and property protection, which sums are to be determined by further Order.

~~It is further ORDERED, ADJUDGED AND DECREED that all parties to this action be perpetually barred from asserting any~~

~~rights to the purchaser hereof, or anyone claiming under~~

~~or through said purchaser, and subject to the further order~~ (CEO)

It is further ORDERED, ADJUDGED AND DECREED that upon the distribution of the proceeds of sale as aforesaid, a minute of these proceedings be entered upon the Cuyahoga County records involved in this action and the Clerk of this Court shall issue his certificate to the County Recorder directing him to enter the same on the margin of the records of said mortgages and liens, releasing said liens from the premises.

It is further ORDERED, ADJUDGED AND DECREED that after said sale has been completed, the Sheriff of Cuyahoga County convey to the purchaser said real property, and that a Writ of Possession of said property be issued.

RECORD IS HEREBY ORDERED.

_____
Magistrate Christopher E. Olsztyn

APPROVED BY:

/s/ Edward Bohnert
REIMER, ARNOVITZ, CHERNEK &
JEFFREY CO., L.P.A.
Edward G. Bohnert (0004920)
P.O. Box 39696
30455 Solon Road
Solon, OH 44139
Phone: (440) 600-5500
Fax: 440-600-5586
Email: ebohnert@reimerlaw.com

A party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ. R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ. R. 53(D)(3)(b).

P10-2654-C/ F12-00223

## LEGAL DESCRIPTION

Situated in the City of Cleveland, County of Cuyahoga and State of Ohio, and known as being Sublot No. 10 in A.E. Mead's Subdivision of part of Original Rockport Township Section No. 12 as shown by the recorded plat in Volume 110 of Maps, Page 8 of Cuyahoga County Records and being 45 feet front on the southerly side of Merimeade Drive N.W. and extending back 133.50 feet on the easterly line, 148.54 feet on the westerly line, and having a rear line of 56 feet, as appears by said plat, be the same more or less, but subject to all legal highways.

## CERTIFICATE OF SERVICE

Copies of the foregoing have been sent by ordinary U.S. Mail by the Clerk of Courts to the following parties or their counsel of record:

Reimer, Arnovitz, Chernek & Jeffrey Co., L.P.A.
30455 Solon Road
Solon, Ohio 44139

Christine J. Forgues aka
Christine J.A. Andres Doubrava
aka Christine J. Andres
15109 Merrimeade Drive
Cleveland, Ohio  44111

John Doe, Unknown Spouse,
if any, of Christine J. Forgues
aka Christine J.A. Andres Doubrava
aka Christine J. Andres
15109 Merrimeade Drive
Cleveland, Ohio  44111

Lori White Laisure
Assistant U.S. Attorney
801 Superior Ave., Suite 400
Cleveland, OH  44113

Lindsey K. McCarron
Assistant Attorney General
Collection Enforcement Section,
150 East Gay Street,
21st Floor
Columbus, OH  43215

State of Ohio Estate Tax Division
c/o Ohio Attorney General,
150 East Gay Street
Columbus, Ohio  43215

Copies mailed by the Clerk of Courts on_____, 2013.

Paid $600 - (Standard)
Receipt Date: 01/13/2017
Receipt Number: 005171
Order Type: SIXTH PLURIES SALE WITHOUT RE-APPRAISAL
Order Number: 005171

No. CV 12 779307 ___ Doc. ___
Special Doc. No. ___
Record Levy Rec. Vol. ___ Page. ___

CUYAHOGA COMMON PLEAS

DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR J.P. MORGAN MORTGAGE ACQUISITION TRUST 2007-CH5 ASSET BACKED PASS-THROUGH CERTIFICATES SERIES 2007-CH5

vs.

CHRISTINE J. FORGUES AKA CHRISTINE J.A. ANDRES DOUBRAVA AKA CHRISTINE J. ANDRES, ET AL

Order of Sale

This order dated January 18, 2017

Costs - - - - - - - - $2.50

PETER L MEHLER
(440) 600-5500

Received ___, 20 ___

Returned and Filed ___ MAR 03 2017 ___ ,20 ___

We therefore Command You, That you proceed to carry said order, judgment and decree into execution agreeable to the tenor thereof, and that you expose to sale the above described ___ Real Estate, under the Statute regulating sales on Execution, and that you apply the proceeds of such sale in satisfaction of said judgment that decree, with costs and interest, as specified therein; and that you make report of your proceedings herein, to our Court of Common Pleas, within 60 days from the date hereof ___ / ___ / ___ and bring this order with you.

Witness, NAILAH K. BYRD, Clerk of our said Court of Common Pleas, and the seal of said Court, at Cleveland, this Eighteenth day of January A. D. 2017

NAILAH K. BYRD  Clerk

By ___ Deputy Clerk

From Consumer-Defendant In Error:
Christine J. Forgues
115 Terrace Drive
Johnstown, PA 15904

### IN THE COURT OF COMMON PLEAS
### CUYAHOGA COUNTY, OHIO

| | | |
|---|---|---|
| Deutsche Bank National Trust Company, as Trustee for J.P. Morgan Mortgage Acquisition Trust 2007-CHS, Asset Backed Pass-Through Certificates, Series 2007-CH5 | ) ) ) ) ) ) | CASE NO. CV 12 779307 <br><br> JUDGE Dick Ambrose <br><br> **NOTICE OF CHANGE OF ADDRESS** |
| Plaintiff | ) ) ) | |
| -vs- | ) ) | |
| Christine J. Forgues aka Christine J.A. Andres Doubrava aka Christine J. Andres, et al. | ) ) ) ) ) | |
| Defendants | ) ) | |

PROCESSED

MAY 09 2016

IMAGING DEPARTMENT

**TO THE COURT:**

Christine J. Forgues, hereby notices this honorable

Court to change and update the Consumer's Mailing Address

effective immediately to:

**Christine J. Forgues**
**115 Terrace Drive**
**Johnstown, PA 15904**


Respectfully submitted,

*Christine J Forgues*
Christine J. Forgues, Consumer


Dated:  5-4-16

1

CV12779307                                                    94044290

**PROOF OF SERVICE**

A copy of the foregoing <u>Consumer Notice of Change of</u>

<u>Address</u> has been sent by Certified U.S. Mail, Return

Receipt Requested, this 4th day of May, 2016, to the

following:


Select Portfolio Servicing
P.O. Box 65250
Salt Lake City, UT 84165-0250
Certified U.S. Mail# 7015 0640 0004 2021 8705


David A. Wallace
Carpenter Lipps & Leland LLP
280 North High Street
Columbus, Ohio 43215
Certified U.S. Mail# 7015 0640 0004 2021 8712



Christine J. Forgues
115 Terrace Drive
Johnstown, PA 15904





**Cuyahoga County Sheriff**

CV12779307                                    97388308

# LAND APPRAISAL

CV-12-779307  6PLU

We, the undersigned disinterested freeholders and residents of the County of Cuyahoga, Ohio, having been duly summoned and sworn by The Sheriff of Cuyahoga County, by JAMES BITTERMAN, CHIEF, Deputy Sheriff of said County, impartially to appraise upon actual view, the following described lands and tenements, to wit:



To be sold on an Order of Sale issued from the Court of Common Pleas of said Cuyahoga County, in the action of

DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR J.P. MORGAN MORTGAGE ACQUISITION TRUST 2007-CH5 ASSET BACKED PASS-THROUGH CERTIFICATES SERIES 2007-CH5 plaintiff, vs. CHRISTINE J. FORGUES AKA CHRISTINE J.A. ANDRES DOUBRAVA AKA CHRISTINE J. ANDRES, ET AL defendant

Do forthwith, after actual view of said premises, make return and say that the same are of the real value in money of

**Given under our hand and seals, this**

_____

_____

_____

# The State of Ohio
Cuyahoga County

} ss. I hereby certify that the within named appraisers

**, and**
are freeholders and residents of said County, and were duly summoned and sworn by me to appraise the within described premises, this

**Cuyahoga County Sheriff**

by  _____    **CHIEF DEPUTY**

SCVB

95885252

# IN THE COURT OF COMMON PLEAS
# CUYAHOGA COUNTY, OHIO

DEUTSCHE BANK NATIONAL TR. CO.
     Plaintiff

Case No: CV-12-779307

Judge: DICK AMBROSE

CHRISTINE J. FORGUES AKA DOUBRAVA AKA
ANDRES ETAL
     Defendant

## JOURNAL ENTRY

PLAINTIFF'S MOTION TO RETURN ORDER OF SALE WITHOUT EXECUTION IS GRANTED.  ORDER SEE JOURNAL.

Judge Signature         Date
                              CPCEO ctED

PROCESSED
OCT 04 2016
IMAGING DEPARTMENT

2016 OCT -4  A 9: 49
CLERK OF COURTS
CUYAHOGA COUNTY

09/29/2016

Page 1 of 1

F12-00223                    DAH/amn                    September 28, 2016

Sale Number:              014
Sale Date:    October 17, 2016                    SEP 29 2016

## IN THE COURT OF COMMON PLEAS
## CUYAHOGA COUNTY, OHIO

Deutsche Bank National Trust          ) Case No. CV12779307
Company, as Trustee for J.P.          )
Morgan Mortgage Acquisition Trust     ) Judge Dick Ambrose
2007-CH5, Asset Backed Pass-          )
Through Certificates, Series          ) **ORDER GRANTING MOTION TO RETURN**
2007-CH5,                             ) **ORDER OF SALE WITHOUT EXECUTION**
                                      )
                Plaintiff,            )
                                      )
        vs.                           )

Christine J. Forgues aka
Christine J.A. Andres Doubrava
aka Christine J. Andres, et al.

            Defendants

        This cause is before the Court on the Motion of Deutsche
Bank National Trust Company, as Trustee for J.P. Morgan Mortgage
Acquisition Trust 2007-CH5, Asset Backed Pass-Through
Certificates, Series 2007-CH5 to return the fifth(CED) pluries order
of sale without execution. The Court finds that the motion is
well taken and is hereby granted. The Sheriff is ordered to
return the fifth(CED) pluries order of sale without execution.
*The Clerk of Court is ordered to apply the deposit for costs to any*
*outstanding costs. (CED)*

                IT IS SO ORDERED

                        _____
                        Judge
                        (CED)

**Cuyahoga County Sheriff**

## <u>REPORT OF SALE</u>        <u>CV-12-779307  5PLU</u>        *OCT 21 2016*

**The State of Ohio**  } ss.      In Obedience to the command of the foregoing Order of Sale,
Cuyahoga County

I did on the 7th day of September A.D. 2016 summon JOE GREINER, JOHN F LENEHAN and CATHLEEN A HIGGINS, three disinterested freeholders, residents of said County who were by me, duly sworn to view and appraise the lands and tenements therein described, and who returned to me under their hands and seals that they did, upon actual view of the premises, estimate and appraise the real value in money, of the same at One Hundred Ten Thousand Dollars And Zero Cents exactly ($110,000.00).

And on the 7th day of September A.D. 2016, I deposited a certified copy of said appraisal in the office of the Clerk of Court of Common Pleas of said County.  And on the 17th day of September A.D. 2016, I caused to be advertised in the DAILY LEGAL NEWS (newspaper...printed and published and of general circulation in Cuyahoga County) said lands and tenements to be sold at public sale at the Court House of said County, on the Monday the 17th day of October A.D. 2016, between the hours of 9:00 AM to 12 o'clock, noon of the said day.

**WITHDRAWN - ORDER OF THE COURT**

| FEES | | | PAID | |
|---|---|---|---|---|
| Appraisers' Fees | $150.00 | | Total Amount Made on this Writ | |
| Printer's Fees and affidavit | $456.75 | | Paid Taxes | |
| Notice to Printer | $3.00 | | Paid Costs to Clerk | |
| Swearing in Appraisers | $9.00 | | Retained my fees hereon | |
| Mileage | $1.59 | | Paid | |
| Poundage | $0.00 | | Paid | |
| Order of Sale Fee | $50.00 | | Paid | |
| | | | Paid | |
| | | | Paid | |
| | | | Paid | |
| | | | Paid | |
| **Total** | $670.34 | | | |

Cuyahoga County Sheriff

*James Bitterman*   CHIEF DEPUTY
By

CV12779307        96231431

SCVP

STATE OF OHIO,
COUNTY OF CUYAHOGA, } ss.

**Case No.** (014) 779307 Fifth Pluries

**Publication Fee:** $456.75

**Caption:** Deutsche Bank National Trust Company as Trustee for JPMorgan Mortgage Acquisition Trust 2007-CH5 Asset Backed Pass-Through Certificates Series 2007-CH5 vs. Christine J. Forgues, a.k.a. Christine J.A. Andres Doubrava, a.k.a. Christine J. Andres

Sale No. 014
**SHERIFF'S SALE**
**(Cause No. 779307 Fifth Pluries)**
The State of Ohio, Cuyahoga County, ss. Pursuant to the command of and order of sale issued from the Court of Common Pleas of said county, and to me directed, in the action of **Deutsche Bank National Trust Company as Trustee for JPMorgan Mortgage Acquisition Trust 2007-CH5 Asset Backed Pass-Through Certificates Series 2007-CH5, plaintiff vs. Christine J. Forgues, a.k.a. Christine J.A. Andres Doubrava, a.k.a. Christine J. Andres, et al., defendants,**
The Sheriff of Cuyahoga County shall offer for sale at public auction, in the Justice Center, in the City of Cleveland, County of Cuyahoga and State of Ohio, on
**Monday, the 17th day of October,**
A.D. 2016, beginning at 9:00 o'clock A.M. of said day, the following described lands and tenements to wit:
Situated in the City of Cleveland, County of Cuyahoga, State of Ohio, and known as being Sublot No. 10 in A.E. Mead's Subdivision of part of Original Rockport Township Section No. 12 as shown by the recorded plat in Volume 110 of Maps, Page 8 of Cuyahoga County Records and being 45 feet front on the southerly side of Merrimeade Drive N.W. and extending back 133.50 feet on the easterly line, 148.54 feet on the westerly line, and having a rear line of 56 feet, as appears by said plat, be the same more or less, but subject to all legal highways.

The above described property is further known as a single brick and frame dwelling with two car garage, located at 15109 Merrimeade Drive, in the City of Cleveland, Ohio.
A deposit of a CERTIFIED CHECK, payable to the Sheriff, or CASH, for ten (10%) per cent of the purchase price will be required at the time the bid is accepted; except where the amount bid is $3,000.00 or less, the minimum deposit shall be $300.00 and the maximum deposit in any case shall be $10,000.00
The FULL purchase price shall be paid TO THE SHERIFF within THIRTY (30) days from the date of sale, and unless paid within eight (8) days from the date of sale shall bear interest at the rate of ten (10%) per cent until paid, and on failure to do so, the purchaser, shall be adjudged in contempt of court.
Appraised at $110,000.00.
Terms of sale cash.
The Sheriff of Cuyahoga County.
Brett A. Housley, Attorney.
Sep17-24Oct1, 2016

I, Richard B. Karlovec, being duly sworn upon my oath, depose and say that I am the agent of the DAILY LEGAL NEWS, and that the annexed advertisement attached hereto was published in the DAILY LEGAL NEWS, a daily newspaper of general circulation, printed in the City of Cleveland, County of Cuyahoga, Ohio for a period of three consecutive weeks and on the same day of each week, on and after the 17th day of September A.D. 2016.

*Richard B. Karlovec*

Sworn to and subscribed in my presence this 1st day of October, A.D. 2016.

*Cynthia E Condol*

NOTARY PUBLIC

CYNTHIA E. CONDOL, Notary Public
STATE OF OHIO (Cuyahoga County)
My Commission Expires December 22, 2018



Daily Legal News
2935 Prospect Avenue
Cleveland, Ohio 44115
(216) 696-3322
PROOF OF PUBLICATION

**The State of Ohio** }

CUYAHOGA COUNTY } ss.          **To the Sheriff of our said County, GREETING:**

**Whereas,** at term of the Court of _____CUYAHOGA_____ Common Pleas, held at Cleveland, in and for said
County on the 11 day of _____September_____ A.D. 2015 , in the cause of
DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR J.P. MORGAN MORTGAGE ACQUISITION
TRUST 2007-CH5 ASSET BACKED PASS-THROUGH CERTIFICATES SERIES 2007-CH5   Plaintiff, and

CHRISTINE J. FORGUES AKA CHRISTINE J.A. ANDRES DOUBRAVA AKA CHRISTINE J. ANDRES, ET AL
JOHN DOE, UNK SPOUSE, IF ANY, OF CHRISTINE J. FORGUES AKA CHRISTINE J.A. ANDRES DOUBRAVA AKA
CHRISTINE J. ANDRES
WILLIAM E. FORGUES
UNK HEIRS AT LAW OR UNDER THE WILL IF ANY OF WILLIAM E. FORGUES DECEASED
UNITED STATES OF AMERICA
UNITED STATES OF AMERICA C/O U.S. ATTORNEY'S OFFICE
STATE OF OHIO DEPARTMENT OF TAXATION
STATE OF OHIO ESTATE TAX DIVISION
CUYAHOGA COUNTY TREASURER


Defendants, it was ordered adjudged and decreed as follows, to wit:

SEE JOURNAL ENTRY COPY ATTACHED HERETO


September 11,  2015


Civil Journal Vol.  Pg.


CV12779307                          95520720

F12-00223                    BAH/pss                    August 29, 2016

## IN THE COURT OF COMMON PLEAS
### CUYAHOGA COUNTY, OHIO

Deutsche Bank National Trust
Company, as Trustee for J.P. Morgan
Mortgage Acquisition Trust 2007-CH5,
Asset Backed Pass-Through
Certificates, Series 2007-CH5
Plaintiff                                       Case No.   CV12779307

      VS
Christine J. Forgues aka
Christine J.A. Andres Doubrava aka
Christine J. Andres, et al.                     Judge   Dick Ambrose
Defendant


                                                Fifth Praecipe for Order of Sale with
                                                appraisal

To the Clerk of Courts:

        Please issue an Fifth Pluries Order of Sale to the Cuyahoga County Sheriff directing him
to appraise, advertise, and then sell the property located at:


PREMISES COMMONLY KNOWN AS:              15109 Merimeade Drive
                                         Cleveland, Ohio 44111


PERMANENT PARCEL NUMBER:        025-24-054
/s/ Brett A. Housley  8-29-16

Brett A. Housley          0070612
Attorney                  Bar No.

30455 Solon Road
Address

Solon, Ohio 44139
City, State  Zip

(440) 600-5500
Telephone



90823736

# IN THE COURT OF COMMON PLEAS FILED
## CUYAHOGA COUNTY, OHIO

2015 SEP 11  P 4: 11

DEUTSCHE BANK NATIONAL TR. CO.
    Plaintiff

Case No: CV-12-779307

Judge: DICK AMBROSE

CLERK OF COURTS
CUYAHOGA COUNTY

CHRISTINE J. FORGUES AKA DOUBRAVA AKA
ANDRES ETAL
    Defendant

## JOURNAL ENTRY

ORDER OVERRULING DEFENDANT CHRISTINE J. FORGUES' OBJECTIONS TO THE JULY 24, 2015 MAGISTRATE'S DECISION AND ADOPTING MAGISTRATE'S DECISION.  ORDER SEE JOURNAL.

Judge Signature          Date

CPCEO ceo

09/08/2015

Page 1 of 1

# IN THE COURT OF COMMON PLEAS
## CUYAHOGA COUNTY, OHIO

| | | |
|---|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR JPMORGAN MORTGAGE ACQUISITION TRUST 2007-CH5 ASSET BACKED PASS THROUGH CERTIFICATES SERIES 2007-CH5 | ) ) ) ) ) ) | CASE NO. CV-12-779307 |

DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR JPMORGAN MORTGAGE ACQUISITION TRUST 2007-CH5 ASSET BACKED PASS THROUGH CERTIFICATES SERIES 2007-CH5

                     Plaintiff

vs.

CHRISTINE J. FORGUES AKA CHRISTINE J.A. ANDRES DOUBRAVA AKA CHRISTINE J. ANDRES, et al

)    CASE NO. CV-12-779307

)    JUDGE DICK AMBROSE

)    Magistrate Christopher E. Olsztyn

)    **JUDGMENT ENTRY OVERRULING DEFENDANT CHRISTINE J. FORGUES'S OBJECTIONS TO THE MAGISTRATE'S DECISION ON THE DEFENDANT'S MOTION TO SET ASIDE DEFAULT JUDGMENT, CIV.R. 55(B), 60(B)(4) AND ADOPTING THE MAGISTRATE'S DECISION**

After independently reviewing defendant Christine J. Forgues's ("Forgues") Objection to Magistrate's Decision Denying Relief Under Civ.R. 55(B), 60(B)(4) ("the Objection"), the Magistrate's Decision on Forgues's Motion to Set Aside Default Judgment, Civ.R. 55(B), 60(B)(4), and the record of this case, the Court overrules the Objection and adopts the July 24, 2015 magistrate's decision on Forgues's motion to set aside default judgment, Civ.R. 55(B), 60(B)(4).

The Court finds that a trial court has discretion in determining whether to grant a Civ.R. 60(B) motion for relief from judgment. *Rose Chevrolet, Inc. v. Adams* (1988), 36 Ohio St.3d 17, 20, 520 N.E.2d 564. In order to succeed on a motion for relief from judgment, a movant must satisfy all of the following elements, as outlined in *GTE Automatic Electric v. ARC Industries* (1976), 47 Ohio St.2d 146, paragraph two of the syllabus, 351 N.E.2d 113:

(1) the party has a meritorious claim or defense to present if relief

> is granted; (2) the party is entitled to relief under one of the
> grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion
> is made within a reasonable time, and, where the grounds of relief are
> Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment,
> Order or proceeding was entered or taken.

If any one of the three elements set forth in *GTE Automatic* is not present, however, the motion must be denied. *Id.* A motion made under Civ.R. 60(B) must be made within a reasonable time, but not more than one (1) year after judgment was entered in a case if the grounds for relief are Civ.R. 60(B)(1), (2), or (3). *GTE Automatic, supra.* Reasonableness is determined on a case-by-case basis. *Wilson-Walker, supra,* citing *Pursel v. Pursel,* Cuyahoga App. No. 91837, 2009 Ohio 4708, at ¶15 (Sept. 10, 2009). The Court notes that the filing of Civ.R. 60(B) motions nine (9) months and eleven (11) months after judgment, without explanation, has been found to be unreasonable. *See Kaczur v. Decara,* Cuyahoga App. No. 67546, 1995 Ohio 3038, at *4 (Jul. 20, 1995); *Drongowski v. Salvatore,* Cuyahoga App. No. 61081, 1992 Ohio 5027, at *2, (Oct. 1, 1992).

The Court finds that it entered judgment in Plaintiff's favor and against Forgues in this case on May 1, 2013. Forgues filed her motion on June 30, 2015, over two (2) years after the entry of judgment in this case. In her motion, the Court notes that Forgues relied on a recent U.S. Supreme Court ruling (*Jesinoski v. Countrywide Home Loans, Inc.,* 574 U.S. ____ (2015)) in arguing that an apparent recission by Forgues and her late husband, in 2010, of the mortgage loan at issue in this case, pursuant to the Truth in Lending Act ("TILA"), rather than the filing of an action to rescind the loan during the recission period, required the granting of relief from the judgment entered by this Court. The Court further notes that Forgues claimed entitlement to relief under Civ.R. 60(B)(4) ("the judgment has been satisfied, released or discharged, or a prior

judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application.")

The Court fails, however, to find persuasive Forgues's argument that her recent personal discovery of the *Jesinoski* decision, coupled with its non-existence at the time of entry of judgment in this case, render the Magistrate's timeliness analysis incorrect. The Court also finds unpersuasive Forgues's assertion that the Magistrate abused his discretion in denying her motion, having neither reviewed nor considered the circumstances causing the lengthy delay in the filing of her motion.

The Court finds that Forgues failed to provide any explanation for her failure to file a Civ.R. 60(B) motion (whether premised on the Truth in Lending Act ("TILA") issue reviewed in *Jesinoski* or another legal basis) within a reasonable amount of time following the Court's entry of judgment in this case. While Forgues asserts that the *Jesinoski* decision only came into existence in January 2015, leading to the presentation of her motion only recently, the Court finds that Forgues had ample opportunity to present a meritorious defense, whether premised on a recission under TILA or another ground within a reasonable amount of time after the Court's entry of judgment in this case. Additionally, the Court finds the certainty afforded by a final judgment in this case would be rendered questionable if the Court adopted Forgues's interpretation of timeliness, leading this action to be susceptible to attack many years after the entry of judgment. The Court also finds that Forgues's filing of her motion over six (6) months after her discovery of the *Jesinoski* decision was unreasonable, as the defendant had ample opportunity to file her motion shortly after the United States Supreme Court issued its decision in *Jesinoski*.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that Forgues's objection to magistrate's decision denying relief under Civ.R. 55(B), 60(B)(4) is overruled.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Court adopts the July 24, 2015 magistrate's decision on Forgues's motion to set aside default judgment, Civ.R. 55(B), 60(B)(4).

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Forgues's motion to set aside default judgment, Civ.R. 55(B), 60(B)(4) is denied and the Court's May 1, 2013 judgment entry will remain undisturbed.

IT IS SO ORDERED.

Judge Dick Ambrose CEO

CV12779307                    90254568

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | | |
|---|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR JPMORGAN MORTGAGE ACQUISITION TRUST 2007-CH5 ASSET BACKED PASS THROUGH CERTIFICATES SERIES 2007-CH5 | ) ) ) ) ) | CASE NO. CV-12-779307 |
| | ) | JUDGE DICK AMBROSE |
| | ) | Magistrate Christopher E. Olsztyn |
| Plaintiff | ) ) ) | |
| vs. | ) ) | |
| CHRISTINE J. FORGUES AKA CHRISTINE J.A. ANDRES DOUBRAVA AKA CHRISTINE J. ANDRES, et al | ) ) ) ) ) ) | **MAGISTRATE'S DECISION ON DEFENDANT CHRISTINE J. FORGUES'S MOTION TO SET ASIDE DEFAULT JUDGMENT, CIV.R. 55(B), 60(B)(4)** |

This cause comes on for consideration of defendant Christine J. Forgues aka Christine J.A. Andres Doubrava aka Christine J. Andres's ("Forgues") motion to set aside default judgment, Civ.R. 55(B), 60(B)(4) ("the Motion"). After considering the Motion, the evidence, and the record of this case, the Magistrate makes the following findings of fact and conclusions of law.

I.    **FINDINGS OF FACT**

1.    Forgues executed a promissory note with Chase Bank USA, NA ("Chase") on or about March 23, 2007.

2.    On or about March 23, 2007, Forgues also executed a mortgage to secure the promissory note, granting Chase a lien on the property at issue in this case.

3.    Chase subsequently assigned the mortgage to Plaintiff, as well as executing an allonge that transferred the promissory note to Plaintiff.

4.    On or around October 1, 2009, Forgues defaulted under the terms of the mortgage loan at issue in this case, by failing to make required payments.

5.    On March 29, 2012 , Plaintiff filed its complaint in this case.

6.    On May 1, 2013, the Court granted Plaintiff judgment and a decree of foreclosure.

7.    Forgues filed the Motion on June 30, 2015, approximately two (2) years and two (2) months after the date of the entry of judgment in this case.

## II.    CONCLUSIONS OF LAW

### A.    Standard for Civ.R. 60(B) Motion for Relief From Judgment

Rule 60(b) of the Ohio Rules of Civil Procedure governs relief from judgment, which provides:

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment.

The standard for granting a motion for relief from judgment was set forth by the Ohio Supreme Court in *GTE Automatic Electric v. ARC Industries* (1976), 47 Ohio St.2d 146, paragraph two of the syllabus, 351 N.E.2d 113, as follows:

> To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious claim or defense to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, Order or proceeding was entered or taken.

The trial court has discretion in determining whether to grant a Civ.R. 60(B) motion for relief from judgment. *Rose Chevrolet, Inc. v. Adams* (1988), 36 Ohio St.3d 17, 20, 520 N.E.2d 564. If any one of the three elements set forth in *GTE Automatic* is not present, however, the motion must be denied. *Id.* A motion made under Civ.R. 60(B) must be made within a reasonable time, but not more than one (1) year after judgment was entered in a case if the grounds for relief are Civ.R. 60(B)(1), (2), or (3). *GTE Automatic, supra.* Reasonableness is determined on a case-by-case basis. *Wilson-Walker, supra,* citing *Pursel v. Pursel,* Cuyahoga App. No. 91837, 2009 Ohio 4708, at ¶15 (Sept. 10, 2009). Filing Civ.R. 60(B) motions nine months and eleven months after judgment, without explanation, has been found to be unreasonable. *See Kaczur v. Decara,* Cuyahoga App. No. 67546, 1995 Ohio 3038, at *4 (Jul. 20, 1995); *Drongowski v. Salvatore,* Cuyahoga App. No. 61081, 1992 Ohio 5027, at *2, (Oct. 1, 1992).

**B.     Forgues's Motion to Set Aside Judgment Fails for Unreasonable Untimeliness, Having Been Filed Over Two (2) Years After the Entry of Judgment in This Case**

A review of the record of this case reveals that on May 1, 2013, the Court entered a personal judgment against Forgues in the amount remaining due under the terms of the promissory note at issue and granted Plaintiff a decree of foreclosure for the property. On June 30, 2015, Forgues filed the Motion. The Motion was filed two (2) years and two (2) months after the date of the entry of final judgment in this case.

A motion for relief from judgment filed pursuant to Civ.R. 60(B) must be filed within a reasonable time after the entry of the judgment from which relief is sought. Nine (9) to eleven (11)-month delays in the filing of Civ.R. 60(B) motions have been found to be unreasonable.

Forgues provides no explanation for waiting over two (2) *years* to file her Motion in this case. While Forgues argues that she timely filed the Motion upon her discovery of an allegedly-applicable decision of the United States Supreme Court, she fails to provide any explanation for her inability to file the Motion within a reasonable period of time after the entry of judgment in this case. The jurisprudence surrounding motions filed under Civ.R. 60(B) requires the court to determine a motion's timeliness from the date of a final judgment's entry. Nothing in the precedents resulting from court review of Civ.R. 60(B) motions permits a court to begin its calculation of a motion's timeliness from the date of a defendant's discovery of interesting case law or her filing of documents appearing to dispute a debt previously reduced to judgment (as specifically argued by Forgues). If the court adopted Forgues's interpretation of a Civ.R. 60(B) motion's timeliness, the certainty afforded by a final judgment would be rendered non-existent, leading any case to be susceptible to attack many years after the entry of a final judgment. The Magistrate also notes that Forgues participated in this case prior to the entry of judgment, appearing at the hearing on Plaintiff's motion for default judgment, for example. Without the benefit of any explanation from Forgues regarding her lengthy delay in filing the Motion, the Magistrate finds that the filing of Forgues's Motion two (2) years and two (2) months after the date of the entry of judgment is untimely and unreasonable.

As Forgues's Motion fails on the basis of its unreasonable untimeliness, the Magistrate finds that Forgues failed to fulfill one of the requirements for a proper Civ.R. 60(B) motion for relief from judgment. As Forgues cannot demonstrate that she met all requirements necessary for a proper Civ.R. 60(B) motion for relief from judgment, the Motion must be denied. Accordingly, the Magistrate will not examine whether Forgues presents a meritorious defense to

Plaintiff's claims and establishes entitled to relief from judgment under Civ.R. 60(B)(1) through (5).

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that defendant Christine J. Forgues aka Christine J.A. Andres Doubrava aka Christine J. Andres's motion to set aside default judgment, Civ.R. 55(B), 60(B)(4)' is denied, as the motion was not filed within a reasonable amount of time of the entry of final judgment in this case.

IT IS SO ORDERED.

Magistrate Christopher E. Olsztyn

A party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii) unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).

## CERTIFICATE OF SERVICE

Copies of the foregoing have been sent via ordinary U.S. Mail by the Clerk of Court to the following parties or their counsel-of-record:

Dennis Reimer, Esq.
*Attorney for Plaintiff*
Reimer, Arnovitz, Chernek & Jeffrey
30455 Solon Road
Solon, Ohio 44139

Christine J. Forgues
*Defendant*
15109 Merrimeade Drive
Cleveland, Ohio 44111

_____
(Date)

_____
CLERK

## SURVIVORSHIP DEED

CUYAHOGA COUNTY RECORDER
200108200974  PAGE 1 of 1

Christine J. A. Andres Doubrava, aka Christine J. Andres, nka Christine J. Forgues, Grantor, married to William E. Forgues, for valuable consideration paid, grants with general warranty covenants to Christine J. Forgues and William E. Forgues, wife and husband, Grantees, for their joint lives, remainder to the survivor of them, whose tax mailing addresses are: 15109 Merimeade Drive Northwest Cleveland, Ohio 44111,

the following described **REAL PROPERTY**:

Situated in the City of Cleveland, County of Cuyahoga and State of Ohio subdivision as being Sublot No. 10 in A. E. Mead's Subdivision of part of original Rockport Township County Records, and being 45 feet front on the Southerly side of Merimeade Drive, N. W., having a rear line of 56 feet, as appears by said plat, be the same more or less, but subject to all legal highways. PPN: 025-24-054

Prior Instrument Reference:   94-5687/54 & 91-0828/14
Parcel Number:                025-24-054
Property Address:             15109 Merimeade Drive Northwest,
                              Cleveland, OH 44111

Paid $600 - (Standard)
Receipt Date: 08/30/2016
Receipt Number: 1039925
Order Type: FIFTH PLURIES SALE WITH RE-
APPRAISAL
NO. CV 12 779307                    Doc.
Special Doc. No.
Record Levy Rec. Vol. _____ Page. _____

CUYAHOGA COMMON PLEAS

DEUTSCHE BANK NATIONAL TRUST
COMPANY AS TRUSTEE FOR J.P. MORGAN
MORTGAGE ACQUISITION TRUST 2007-CH5
ASSET BACKED PASS-THROUGH
CERTIFICATES SERIES 2007-CH5

vs.

CHRISTINE J. FORGUES AKA CHRISTINE J.A.
ANDRES DOUBRAVA AKA CHRISTINE J.
ANDRES, ET AL

Order of Sale

This order dated _____ September 1, 2016 _____

Costs __ __ __ __ __ __ $2.50

BRETT A HOUSLEY
(440) 600-5500

Received _____ 20 __

Returned and Filed _____

OCT 21 2016 _____ 20 __

---

We therefore Command You, That you proceed to carry said order, judgment and decree into execution

agreeable to the tenor thereof, and that you expose to sale the above described _____

_____ Real Estate, under the Statute regulating sales on Execution, and that

you apply the proceeds of such sale in satisfaction of said judgment that decree, with costs and interest, as

specified therein; and that you make report of your proceedings herein, to our Court of Common Pleas, within

60 days from the date hereof _____ / _____ / _____ and bring this order with you.

Witness, NAILAH K. BYRD , Clerk of our said Court of Common Pleas, and the seal of said

Court, at Cleveland, this _____ First _____

day of _____ September _____ A. D. 2016

NAILAH K. BYRD
Clerk

By: _____ Deputy Clerk

**The State of Ohio,** } ss.
CUYAHOGA COUNTY

I, NAILAH K. BYRD, Clerk of the the Court of Common Pleas, in and for said County, do hereby certify that the above is a true transcript of the Docket and Journal Entries of said Court, in the above entitled cause.

And I also certify that the enclosed are the original papers and pleadings, filed in said cause, in the said Court of Common Pleas.

Attest, my hand and the Seal of Said Court, at Cleveland, this _28th_ day of _October_ 20_15_

NAILAH K. BYRD, Clerk

By _____ Deputy Clerk

CA15103613                    91487395

FILED
COURT OF APPEALS

OCT 28 2015

Clerk of Courts
Cuyahoga County, Ohio

Court of Appeals No. _CA-15-103613_

Common Pleas No. _CV-12-779307_

# CUYAHOGA COUNTY

_DEUTSCHE BANK NATIONAL TR. CO._

vs.

_CHRISTINE J. FORGUES AKA_
_DOUBRAVA AKA ANDRES ET AL_

### CERTIFICATE
OF

# Docket and Journal Entries

**CERTIFICATE OF DOCKET AND JOURNAL ENTRIES,  Revised Code,  Section 2505.**

**The State of Ohio,** } ss.
CUYAHOGA COUNTY

CA15103613                    91487395

# IN THE COURT OF COMMON PLEAS



vs.

Page: 1

DEUTSCHE BANK NATIONAL TR. CO.
Plaintiffs

Case Number:     CV-12- **779307**

VS

COA Case Number: CA-15- **103613**

CHRISTINE J. FORGUES AKA DOUBRAVA AKA
ANDRES ETAL
Defendant

PAGINATION OF RECORD RULE 10B OF
APPELLATE PROCEDURE

| | | |
|---|---|---|
| 1 ✓ | 03/29/2012 | COMPLAINT FILED.  SERVICE REQUEST - SUMMONS BY CERTIFIED MAIL TO THE DEFENDANT(S). |
| 2 ✓ | 03/29/2012 | PRELIMINARY JUDICIAL REPORT FILED. |
| 3 ✓ | 03/29/2012 | SUPPLEMENTAL PRELIMINARY JUDICIAL REPORT FILED. |
| 4 ✓ | 03/29/2012 | IT IS ORDERED BY THE COURT THAT THIS CAUSE BE REFERRED TO THE COURT MAGISTRATE TO TRY THE ISSUES OF LAW AND FACT ARISING THEREIN AND REPORT WITHOUT UNNECESSARY DELAY.  A PARTY SEEKING A DEFAULT JUDGMENT MUST FILE A MOTION FOR DEFAULT JUDGMENT.  ONCE A CASE IS SET FOR DEFAULT JUDGMENT, THE MOTION FOR DEFAULT JUDGMENT MAY BE WITHDRAWN ONLY BY SEPARATE MOTION WITH GOOD CAUSE SHOWN. NOTICE ISSUED |
| 5 ✓ | 03/29/2012 | ALL NON-MILITARY CLIENT AFFIDAVITS FILED IN RESIDENTIAL MORTGAGE FORECLOSURE CASES MUST INDICATE THAT THE AFFIANT HAS ACTUAL PERSONAL KNOWLEDGE OF THE FILE AND LOAN HISTORY IN QUESTION AND HAS PERSONALLY REVIEWED THE DOCUMENTS, RECORDS, OR OTHER DATA RELIED UPON TO MAKE THE STATEMENTS CONTAINED IN THE AFFIDAVIT.  ALL CLIENT EXECUTED MILITARY AFFIDAVITS FILED IN RESIDENTIAL MORTGAGE FORECLOSURE CASES MUST INDICATE THAT THE AFFIANT HAS ACTUAL PERSONAL KNOWLEDGE OF THE APPROPRIATE DEFENDANTS' MILITARY STATUS. FAILURE TO PROVIDE APPROPRIATE AFFIDAVITS MAY RESULT IN MANDATORY PERSONAL ATTENDANCE OF AN AFFIANT FOR A HEARING, THE IMPOSITION OF SANCTIONS AND PENALTIES FOR PERJURY OR CONTEMPT, AND DISMISSAL OF THE CASE.  BEFORE JUDGMENT IS ENTERED ON ANY CLAIM FOR FORECLOSURE AND/OR MONEY JUDGMENT IN A RESIDENTIAL MORTGAGE FORECLOSURE CASE, COUNSEL FOR PLAINTIFF AND ANY OTHER PARTY |

CMSR6128

Page: 2

DEUTSCHE BANK NATIONAL TR. CO.
Plaintiffs

Case Number:        CV-12- **779307**

VS

COA Case Number: CA-15- **103613**

CHRISTINE J. FORGUES AKA DOUBRAVA AKA
ANDRES ETAL
Defendant

PAGINATION OF RECORD RULE 10B OF
APPELLATE PROCEDURE

THAT ASSERTS A CLAIM FOR FORECLOSURE OR
MONEY JUDGMENT MUST FILE AN AFFIDAVIT OR
AFFIDAVITS.   IN REGARD TO NON-MILITARY CLIENT
AFFIDAVITS, THIS AFFIDAVIT MUST:  1) IDENTIFY THE
COUNSEL OF RECORD AND HIS OR HER LAW FIRM. 2)
PROVIDE THAT THE COUNSEL OF RECORD HAS
REVIEWED THE FILE. 3) PROVIDE THAT THE COUNSEL
OF RECORD HAS COMMUNICATED WITH A
REPRESENTATIVE OF THE PARTY    SEEKING
FORECLOSURE AND/OR MONEY JUDGMENT OR ITS
SERVICER AND THAT THIS REPRESENTATIVE:    HAS
AFFIRMED THAT HE OR SHE HAS PERSONALLY
REVIEWED THE DOCUMENTS, RECORDS, OR    OTHER
DATA RELATED TO THE CASE; HAS REVIEWED THE
PLEADINGS AND OTHER COURT FILINGS IN THE
CASE; AND HAS CONFIRMED BOTH THE FACTUAL
ACCURACY OF THE PLEADINGS AND COURT FILINGS
AND THE ACCURACY OF THE NOTARIZATIONS
CONTAINED THEREIN. 4) PROVIDE THE FULL NAME OF
THE REPRESENTATIVE DESCRIBED IN ITEM 3 AND THE
DATE OR DATES OF    THE COMMUNICATION. 5)
CERTIFY THAT, TO THE BEST OF THE COUNSEL OF
RECORD'S KNOWLEDGE, THE PLEADINGS AND OTHER
COURT FILINGS IN SUPPORT OF THE CLAIMS FOR
FORECLOSURE ARE COMPLETE AND ACCURATE IN
ALL    RELEVANT RESPECTS. 6) ACKNOWLEDGE THAT
COUNSEL OF RECORD HAS A CONTINUING
OBLIGATION TO AMEND AND SUPPLEMENT    THE
AFFIDAVIT IN LIGHT OF NEWLY DISCOVERED FACTS
FOLLOWING ITS FILING. 7) BE SIGNED AND DATED BY
COUNSEL OF RECORD. IN REGARD TO CLIENT
EXECUTED MILITARY AFFIDAVITS, THIS AFFIDAVIT
MUST: 1) IDENTIFY THE COUNSEL OF RECORD AND
HIS OR HER LAW FIRM. 2) PROVIDE THAT THE
COUNSEL OF RECORD HAS COMMUNICATED WITH
THE AFFIANT OF THE MILITARY    AFFIDAVIT AND
THAT THE AFFIANT HAS AFFIRMED THAT HE OR SHE
HAS PERSONALLY REVIEWED    NECESSARY WEBSITE
AND/OR DATABASE TO DETERMINE THE MILITARY
STATUS OF THE APPROPRIATE DEFENDANTS.   3)
PROVIDE THE FULL NAME OF THE AFFIANT

DEUTSCHE BANK NATIONAL TR. CO.
Plaintiffs

Case Number:      CV-12-  779307

VS

COA Case Number: CA-15-  103613

CHRISTINE J. FORGUES AKA DOUBRAVA AKA
ANDRES ETAL
Defendant

PAGINATION OF RECORD RULE 10B OF
APPELLATE PROCEDURE

DESCRIBED IN ITEM 2 AND THE DATE OR DATES OF
THE COMMUNICATION.  4) CERTIFY THAT, TO THE
BEST OF THE COUNSEL OF RECORD'S KNOWLEDGE,
THE INFORMATION CONTAINED      IN THE MILITARY
AFFIDAVIT IS ACCURATE IN ALL RELEVANT
RESPECTS.  5) ACKNOWLEDGE THAT COUNSEL OF
RECORD HAS A CONTINUING OBLIGATION TO AMEND
AND SUPPLEMENT     THE AFFIDAVIT IN LIGHT OF
NEWLY DISCOVERED FACTS FOLLOWING ITS FILING.
6) BE SIGNED AND DATED BY COUNSEL OF RECORD.
                FAILURE TO SUBMIT AN APPROPRIATE
AFFIDAVIT ON OR BEFORE THE DATE OF TRIAL, THE
DATE THAT A MOTION FOR SUMMARY JUDGMENT IS
RIPE FOR RULING, OR THE DATE OF DEFAULT
HEARING, WHICHEVER IS APPLICABLE, WILL RESULT
IN DISMISSAL OF THE CASE AND MAY RESULT IN
FURTHER SANCTIONS.  STANDARDIZED AFFIDAVIT
FORMS ARE POSTED ON THE CUYAHOGA COUNTY
COURT OF COMMONPLEAS WEBSITE
HTTP://CP.CUYAHOGACOUNTY.US/INTERNET/COURTD
OCS/MAGISTRATES/AFFIDAVIT (REV5).PDF. ALL
AFFIDAVITS SUBMITTED PURSUANT TO THIS ORDER
MUST BE IN THE FORMAT OF THESE STANDARDIZED
AFFIDAVIT FORMS.  IN LIEU OF THIS AFFIDAVIT: 1) IN
CASES WHERE CLIENT AFFIDAVITS HAVE BEEN FILED,
THE AFFIANT OR AFFIANTS MUST APPEAR AT THE
HEARING OF THE MATTER AND TESTIFY REGARDING
THOSE AFFIDAVITS.  THE REPRESENTATIVE MUST
APPEAR IN PERSON AND TELEPHONIC APPEARANCE
WILL NOT BE PERMITTED.  IF MULTIPLE CLIENT
AFFIDAVITS ARE FILED IN THE CASE AND ARE
EXECUTED BY MORE THAN ONE AFFIANT, EACH
AFFIANT     MUST APPEAR AT THE HEARING OF THE
MATTER. 2)  IN CASES WHERE NO CLIENT AFFIDAVITS
HAVE BEEN FILED, AN OFFICER OF THE PARTY
SEEKING     FORECLOSURE OR AN OFFICER OF ITS
SERVICER MUST APPEAR AT THE HEARING OF THE
MATTER AND     TESTIFY IN SUPPORT OF THE
ALLEGATIONS OF THE COMPLAINT AND CONTENTS OF
OTHER DOCUMENTS     OR COURT FILINGS.  THE
OFFICER MUST APPEAR IN PERSON AND TELEPHONIC

DEUTSCHE BANK NATIONAL TR. CO.
Plaintiffs

VS

CHRISTINE J. FORGUES AKA DOUBRAVA AKA
ANDRES ETAL
Defendant

Case Number:      CV-12-  **779307**

COA Case Number: CA-15-  **103613**
PAGINATION OF RECORD RULE 10B OF
APPELLATE PROCEDURE

APPEARANCE WILL    NOT BE PERMITTED.  3) IN CASES WHERE NO HEARING IS SCHEDULED BEFORE THE ENTRY OF JUDGMENT (SUCH AS SOME SUMMARY JUDGMENT CASES), THE OFFICER OF THE PARTY SEEKING FORECLOSURE MUST, CONTEMPORANEOUSLY WITH    THE MOTION FOR SUMMARY JUDGMENT, MOVE TO SCHEDULE A HEARING AT WHICH THE AFFIANT MAY    APPEAR.  4) WITH THE EXCEPTION OF AFFIANTS OF MILITARY AFFIDAVITS, THE AFFIANT OR AN OFFICER OF THE PARTY    SEEKING FORECLOSURE OR OFFICER OF ITS SERVICER WHO APPEARS IN COURT IN LIEU OF THE FILING OF A    FORECLOSURE COUNSEL AFFIDAVIT MUST APPEAR WITH THE ORIGINAL PROMISSORY NOTE, INCLUDING    ALL ENDORSEMENTS AND ALLONGES AND A CURRENT PAYMENT HISTORY FOR THE MORTGAGE LOAN AT    ISSUE.  THE AFFIANT OR AN OFFICER OF THE PARTY SEEKING FORECLOSURE OR OFFICER OF ITS SERVICER .  MUST BE PREPARED TO TESTIFY THAT HE OR SHE HAS PERSONALLY REVIEWED THE DOCUMENTS, RECORDS    OR OTHER DATA RELATED TO THE CASE, HAS REVIEWED THE PLEADINGS AND OTHER COURT FILINGS IN    THE CASE AND HAS CONFIRMED BOTH THE FACTUAL ACCURACY OF THE   FILINGS AND THE    ACCURACY OF THE NOTARIZATIONS CONTAINED THEREIN, IF ANY.  THE AFFIANT OR AN OFFICER OF THE    PARTY SEEKING FORECLOSURE OR OFFICER OF ITS SERVICER MUST BE PREPARED TO RESPOND TO THE QUESTIONING OF THE MAGISTRATE OR JUDGE PRESIDING OVER THE HEARING AND THE QUESTIONING OF    ANY OTHER PARTY ATTENDING THE HEARING.        5) IF THE AFFIANT OR OFFICER OF THE PARTY SEEKING FORECLOSURE OR AN OFFICER OF ITS SERVICER HAS    BEEN PREVIOUSLY DEPOSED AND HAS TESTIFIED UNDER OATH REGARDING THE ABOVE REQUIRED    INFORMATION, THE FILING OF THE TRANSCRIPT OF THAT DEPOSITION WILL SATISFY THE    REQUIREMENTS OF THIS POLICY. FAILURE TO FILE AN ATTORNEY AFFIDAVIT OR DO ANY OF THE ALTERNATIVES TO FILING AN ATTORNEY

Page: 5

DEUTSCHE BANK NATIONAL TR. CO.
Plaintiffs

Case Number:      CV-12-  **779307**

VS

COA Case Number: CA-15-  **103613**

CHRISTINE J. FORGUES AKA DOUBRAVA AKA
ANDRES ETAL
Defendant

PAGINATION OF RECORD RULE 10B OF
APPELLATE PROCEDURE

|  |  |  |
|---|---|---|
|  |  | AFFIDAVIT BEFORE THE CASE IS RIPE FOR THE ENTRY OF JUDGMENT WILL RESULT IN DISMISSAL OF THE CASE. NOTICE ISSUED |
| 6 | 03/30/2012 | A REVIEW OF THE DOCKET REVEALS PLAINTIFF FILED A COMPLAINT ON 3/29/12, ALTHOUGH SERVICE HAS NOT YET BEEN PERFECTED.  PLAINTIFF IS ORDERED TO PERFECT SERVICE PURSUANT TO CIV.R. 4(E), OR THE CASE WILL BE DISMISSED WITHOUT PREJUDICE. NOTICE ISSUED |
| 7 | 04/02/2012 | FORECLOSURE MEDIATION.   NOTICE GENERATED FOR 19161660 ON POST CARD ON CHRISTINE J. FORGUES 15109 MERRIMEADE DRIVE CLEVELAND, OH 44111-0000 |
|  | *not available* |  |
| 8 | 04/11/2012 | SUMS COMPLAINT(19161663) SENT BY CERTIFIED MAIL. TO: WILLIAM E. FORGUES 15109 MERRIMEADE DRIVE CLEVELAND, OH 44111-0000 |
| 9 | 04/11/2012 | SUMS COMPLAINT(19161664) SENT BY CERTIFIED MAIL. TO: UNITED STATES OF AMERICA C/O U.S. ATTORNEY GENERAL 950 PENNSYLVANIA AVENUE NORTHWEST WASHINGTON, DC 20530-0000 |
| 10 | 04/11/2012 | SUMS COMPLAINT(19161661) SENT BY CERTIFIED MAIL. TO: CHRISTINE J. FORGUES 15109 MERRIMEADE DRIVE CLEVELAND, OH 44111-0000 |
| 11 | 04/11/2012 | SUMS COMPLAINT(19161662) SENT BY CERTIFIED MAIL. TO: JOHN DOE, UNK SPOUSE, IF ANY, OF CHRISTINE J. FORGUES 15109 MERRIMEADE DRIVE CLEVELAND, OH 44111-0000 |
| 12 | 04/11/2012 | SUMS COMPLAINT(19161665) SENT BY CERTIFIED MAIL. TO: UNITED STATES OF AMERICA 400 UNITED STATES COURTHOUSE 801 WEST SUPERIOR AVENUE CLEVELAND, OH 44113-0000 |
| 13 | 04/11/2012 | SUMS COMPLAINT(19161666) SENT BY CERTIFIED MAIL. TO: STATE OF OHIO DEPARTMENT OF TAXATION C/O OHIO ATTORNEY GENERAL 150 EAST GAY STREET |

CMSR6128

DEUTSCHE BANK NATIONAL TR. CO.
Plaintiffs

VS

CHRISTINE J. FORGUES AKA DOUBRAVA AKA
ANDRES ETAL
Defendant

Case Number:        CV-12-  **779307**

COA Case Number: CA-15-  **103613**
PAGINATION OF RECORD RULE 10B OF
APPELLATE PROCEDURE

---

COLUMBUS, OH 43215-0000

14 ✓ 04/11/2012

SUMS COMPLAINT(19161667) SENT BY CERTIFIED MAIL. TO: STATE OF OHIO ESTATE TAX DIVISION C/O OHIO ATTORNEY GENERAL 150 ESAT GAY STREET COLUMBUS, OH 43215-0000

15 ✓ 04/16/2012

CERTIFIED MAIL RECEIPT NO. 19161665 RETURNED BY U.S. MAIL DEPARTMENT 04/16/2012 UNITED STATES OF AMERICA MAIL RECEIVED AT ADDRESS 04/12/2012 SIGNED BY OTHER.

16 ✓ 04/19/2012

CERTIFIED MAIL RECEIPT NO. 19161666 RETURNED BY U.S. MAIL DEPARTMENT 04/19/2012 STATE OF OHIO DEPARTMENT OF TAXATION MAIL RECEIVED AT ADDRESS 04/16/2012 SIGNED BY OTHER.

17 ✓ 04/19/2012

CERTIFIED MAIL RECEIPT NO. 19161667 RETURNED BY U.S. MAIL DEPARTMENT 04/19/2012 STATE OF OHIO ESTATE TAX DIVISION MAIL RECEIVED AT ADDRESS 04/16/2012 SIGNED BY OTHER.

18 ✓ 04/23/2012

CERTIFIED MAIL RECEIPT NO. 19161661 RETURNED BY U.S. MAIL DEPARTMENT 04/23/2012 FORGUES/CHRISTINE/J. MAIL RECEIVED BY ADDRESSEE 04/21/2012.

19 ✓ 04/24/2012

CERTIFIED MAIL RECEIPT NO. 19161664 RETURNED BY U.S. MAIL DEPARTMENT 04/23/2012 UNITED STATES OF AMERICA MAIL RECEIVED AT ADDRESS 04/16/2012 SIGNED BY OTHER.

20 ✓ 04/24/2012

CERTIFIED MAIL RECEIPT NO. 19161662 RETURNED BY U.S. MAIL DEPARTMENT 04/23/2012 JOHN DOE, UNK SPOUSE, IF ANY, OF CHRISTINE J. FORGUES MAIL RECEIVED AT ADDRESS 04/21/2012 SIGNED BY OTHER.

21 ✓ 04/24/2012

CERTIFIED MAIL RECEIPT NO. 19161663 RETURNED BY U.S. MAIL DEPARTMENT 04/23/2012 FORGUES/WILLIAM/E. MAIL RECEIVED AT ADDRESS 04/21/2012 SIGNED BY OTHER.

CMSR6128

DEUTSCHE BANK NATIONAL TR. CO.
Plaintiffs

VS

CHRISTINE J. FORGUES AKA DOUBRAVA AKA
ANDRES ETAL
Defendant

Case Number:          CV-12- **779307**

COA Case Number: CA-15- **103613**
PAGINATION OF RECORD RULE 10B OF
APPELLATE PROCEDURE

---

22   05/15/2012          UPON REVIEW OF THE REQUEST FOR MEDIATION, THE
                         MEDIATOR HAS MADE A PRELIMINARY FINDING THAT
                         THE CASE MAY BE SUITABLE FOR MEDIATION.  ALL
                         DISCOVERY AND MOTION PRACTICE IS STAYED
                         PENDING THE MEDIATOR'S FINAL DETERMINATION OF
                         SUITABILITY OF THE CASE FOR MEDIATION.  THE
                         CASE WILL BE SET FOR PRE-MEDIATION CONFERENCE
                         BY SEPARATE ORDER.  PLAINTIFF'S COUNSEL AND
                         PROPERTY OWNER SHALL APPEAR AT THE PRE-
                         MEDIATION CONFERENCE.  FAILURE OF PLAINTIFF'S
                         COUNSEL TO APPEAR WILL RESULT IN DISMISSAL OF
                         THE CASE.  FAILURE OF THE PROPERTY OWNER TO
                         APPEAR WILL RESULT IN THE RETURN OF THE CASE
                         TO THE FORECLOSURE MAGISTRATE FOR FURTHER
                         PROCEEDINGS.  IF THE PARTY SEEKING
                         FORECLOSURE WOULD LIKE THE PROPERTY OWNER
                         TO COMPLETE A LOSS MITIGATION FORM DIFFERENT
                         FROM THE COURT'S STANDARD OWNER'S MEDIATION
                         QUESTIONNAIRE, SAID PARTY MUST BRING A COPY
                         OF THE APPROPRIATE LOSS MITIGATION FORM TO
                         THE PRE-MEDIATION CONFERENCE. NOTICE ISSUED

23   05/16/2012          D6 UNITED STATES OF AMERICA  ANSWER.................
                         LORI WHITE LAISURE 0060084

24   05/21/2012          PRE MEDIATION CONFERENCE SET FOR 06/11/2012 AT
                         11:15 AM.  FAILURE OF THE PROPERTY OWNER, OR
                         PROPERTY OWNER'S COUNSEL, TO APPEAR IN PERSON
                         AT THE PRE-MEDIATION CONFERENCE WILL RESULT
                         IN THE CASE BEING RETURNED TO THE FORECLOSURE
                         DOCKET.  FAILURE OF THE PLAINTIFF'S COUNSEL TO
                         APPEAR IN PERSON AT THE PRE-MEDIATION
                         CONFERENCE WILL RESULT IN DISMISSAL OF THE
                         PLAINTIFF'S CLAIMS WITHOUT PREJUDICE.  FAILURE
                         OF COUNSEL FOR ANY OTHER PARTY WITH
                         AFFIRMATIVE CLAIMS TO APPEAR WILL RESULT IN
                         THE DISMISSAL OF THOSE CLAIMS WITHOUT
                         PREJUDICE.  PLEASE REPORT TO THE FORECLOSURE
                         MEDIATION DEPARTMENT ON THE 10TH FLOOR OF
                         THE JUSTICE CENTER, 1200 ONTARIO, CLEVELAND,

Page: 8

DEUTSCHE BANK NATIONAL TR. CO.
Plaintiffs

Case Number:  CV-12-  **779307**

VS

COA Case Number: CA-15-  **103613**
PAGINATION OF RECORD RULE 10B OF
APPELLATE PROCEDURE

CHRISTINE J. FORGUES AKA DOUBRAVA AKA
ANDRES ETAL
Defendant

|  |  |  |
|---|---|---|
|  |  | OHIO, FOR THE PRE-MEDIATION CONFERENCE. **** PARTIES MUST ATTEND BOTH THE PRE-MEDIATION CONFERENCE AND THE FULL MEDIATION.  FOR QUESTIONS CONTACT THE MEDIATION DEPARTMENT AT 216-698-7138.  ****  NOTICE ISSUED |
| 25 | 06/01/2012 | P1 DEUTSCHE BANK NATIONAL TRUST COMPANY NOTICE OF APPEARANCE AS CO-COUNSEL .............. STEVEN E ELDER 0009066 |
| 26 | 06/04/2012 | PRE MEDIATION CONFERENCE PREVIOUSLY SCHEDULED FOR 06/11/2012 AT 11:15 AM IS RESCHEDULED FOR 07/02/2012 AT 10:00 AM.  FAILURE OF THE PROPERTY OWNER, OR PROPERTY OWNER'S COUNSEL, TO APPEAR IN PERSON AT THE PRE-MEDIATION CONFERENCE WILL RESULT IN THE CASE BEING RETURNED TO THE FORECLOSURE DOCKET. FAILURE OF THE PLAINTIFF'S COUNSEL TO APPEAR IN PERSON AT THE PRE-MEDIATION CONFERENCE WILL RESULT IN DISMISSAL OF THE PLAINTIFF'S CLAIMS WITHOUT PREJUDICE.  FAILURE OF COUNSEL FOR ANY OTHER PARTY WITH AFFIRMATIVE CLAIMS TO APPEAR WILL RESULT IN THE DISMISSAL OF THOSE CLAIMS WITHOUT PREJUDICE.  PLEASE REPORT TO THE FORECLOSURE MEDIATION DEPARTMENT ON THE 10TH FLOOR OF THE JUSTICE CENTER, 1200 ONTARIO, CLEVELAND, OHIO, FOR THE PRE-MEDIATION CONFERENCE.. NOTICE ISSUED |
| 27 | 06/06/2012 | PRE-PAID PORTION OF SERVICE PUBLICATION FEE $390.40 |
| 28 | 07/05/2012 | PRE-MEDIATION CONFERENCE HELD.  ALL PARTIES APPEARED.  THIS CASE SHALL PROCEED TO FULL MEDIATION AS SCHEDULED. NOTICE ISSUED |
| 29 | 07/10/2012 | FORECLOSURE MEDIATION HEARING SET FOR 08/14/2012 AT 01:30 PM.  FAILURE OF THE PROPERTY OWNER, AND PROPERTY OWNER'S COUNSEL, IF ANY, TO APPEAR IN PERSON AT THE MEDIATION WILL RESULT IN THE CASE BEING RETURNED TO THE |

CMSR6128

DEUTSCHE BANK NATIONAL TR. CO.
Plaintiffs

VS

CHRISTINE J. FORGUES AKA DOUBRAVA AKA
ANDRES ETAL
Defendant

Case Number:     CV-12-  **779307**

COA Case Number: CA-15-  **103613**
PAGINATION OF RECORD RULE 10B OF
APPELLATE PROCEDURE

---

|  |  |  |
|---|---|---|
|  |  | FORECLOSURE DOCKET.  FAILURE OF PLAINTIFF'S COUNSEL, AND CLIENT REPRESENTATIVE WITH ULTIMATE SETTLEMENT AUTHORITY OR INVESTOR WITH ULTIMATE SETTLEMENT AUTHORITY, TO APPEAR IN PERSON AT THE MEDIATION WILL RESULT IN THE DISMISSAL OF CLAIMS WITHOUT PREJUDICE. FAILURE OF COUNSEL FOR ANY OTHER PARTY WITH AFFIRMATIVE CLAIMS TO APPEAR IN PERSON, WITH A CLIENT REPRESENTATIVE, WILL RESULT IN THE DISMISSAL OF THOSE CLAIMS WITHOUT PREJUDICE. PLEASE REPORT TO THE FORECLOSURE MEDIATION DEPARTMENT ON THE 10TH FLOOR OF THE JUSTICE CENTER, 1200 ONTARIO, CLEVELAND, OHIO, FOR THE MEDIATION. NOTICE ISSUED |
| 30 | 07/30/2012 | D7 STATE OF OHIO DEPARTMENT OF TAXATION ANSWER OF DEFENDANT, STATE OF OHIO DEPARTMENT OF TAXATION.... LINDSEY K. MCCARRON 0083888 |
| 31 | 08/16/2012 | FORE. MED. / FOLLOW-UP SET FOR 09/25/2012 AT 02:00 PM.  MEDIATION HELD 08/14/2012.  ALL PARTIES APPEARED.  THIS CASE IS SET FOR A FOLLOW-UP MEDIATION ON THE DATE AND TIME ABOVE.  ALL PARTIES SHALL APPEAR IN PERSON. NOTICE ISSUED |
| 32 | 09/18/2012 | FORE. MED. / FOLLOW-UP SET FOR 10/11/2012 AT 02:30 PM.  FOLLOW UP MEDIATION HEARING RESET TO 10/11/12 AT 2:30 P.M.  ALL PARTIES TO REPORT TO THE 10TH FLOOR OF THE JUSTICE CENTER PREPARED TO DISCUSS SETTLEMENT OF THIS MATTER. NOTICE ISSUED |
| 33 | 10/12/2012 | TELEPHONE CONFERENCE SET FOR 11/15/2012 AT 02:30 PM.  FOLLOW UP HEARING HELD.  ALL PARTIES APPEARED.  THE PROPERTY OWNER IS ATTEMPTING TO WORK ON THE TAX LIEN. A STATUS CALL IS SET FOR 11/15/12 AT 2:30 P.M. PLAINTIFF TO INTIATE THE CALL. NOTICE ISSUED |
| 34 | 11/15/2012 | TELEPHONE CONFERENCE SET FOR 11/16/2012 AT 02:30 |

CMSR6128

DEUTSCHE BANK NATIONAL TR. CO.
Plaintiffs

Case Number:          CV-12-  **779307**

VS

CHRISTINE J. FORGUES AKA DOUBRAVA AKA
ANDRES ETAL
Defendant

COA Case Number: CA-15-  **103613**
PAGINATION OF RECORD RULE 10B OF
APPELLATE PROCEDURE

|    |            |                                                                                                                                                                                                                                                                                                                                                 |
|----|------------|-------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|    |            | PM.   PHONE CONFERENCE CONTINUED TO 11/16/12 AT 230 PM  PLAINTIFF TO INITIATE THE CALL. NOTICE ISSUED                                                                                                                                                                                                                                            |
| 35 | 11/19/2012 | TELEPHONE CONFERENCE SET FOR 12/07/2012 AT 01:30 PM.   PHONE CONFERENCE HELD.  ALL PARTIES APPEARED. THE PARTIES ARE ACTIVELY INVOLVED IN ATTEMTPING TO RESOLVE THIS MATTER THROUGH MEDIATION. A FOLLOW UP PHONE CONFERENCE IS SET FOR 12/7/12 AT 1:30 P.M.  PLAINTIFF TO INTIATE THE CALL. NOTICE ISSUED                                         |
| 36 | 12/10/2012 | A REVIEW OF THE DOCKET REVEALS THAT PLAINTIFF HAS PERFECTED SERVICE ON ALL DEFENDANTS. PLAINTIFF IS ORDERED TO SUBMIT, WITHIN TWENTY (20) DAYS OF THE DATE OF THIS ORDER, ANY DISPOSITIVE MOTIONS NECESSARY TO AFFIRMATIVELY PROSECUTE THE CASE, UPDATED TITLEWORK, AND A MILITARY AFFIDAVIT IF NECESSARY.  FAILURE TO COMPLY WILL RESULT IN DISMISSAL OF THE CASE WITHOUT PREJUDICE. NOTICE ISSUED |
| 37 | 12/11/2012 | PHONE CONFERENCE HELD.  ALL PARTIES APPEARED. THE CASE CANNOT PROCEED TO A MODIFICATION UNTIL CERTAIN TAX LIENS ARE RESOLVED. THE FILE IS THEREFORE RETURNED TO THE MAGISTRATES FOR FURTHER PROCEEDINGS AND ANY STAY OF DISCOVERY AND OR MOTION PRACTICE IS HEREBY LIFTED.  SHOULD THERE BE A CHANGE IN FINANCIAL CIRCUMSTANCES THE CASE MAY BE RE-REFERRED TO MEDIATION. NOTICE ISSUED |
| 38 | 12/21/2012 | P1 DEUTSCHE BANK NATIONAL TRUST COMPANY MOTION FOR DEFAULT JUDGMENT EDWARD G BOHNERT 0004920  02/12/2013 - GRANTED                                                                                                                                                                                                                               |
| 39 | 12/21/2012 | P1 DEUTSCHE BANK NATIONAL TRUST COMPANY NOTICE OF FILING DEATH CERTIFICATE.  EDWARD G BOHNERT 0004920                                                                                                                                                                                                                                            |

DEUTSCHE BANK NATIONAL TR. CO.
Plaintiffs

VS

CHRISTINE J. FORGUES AKA DOUBRAVA AKA
ANDRES ETAL
Defendant

Case Number:       CV-12-  **779307**

COA Case Number: CA-15-  **103613**
PAGINATION OF RECORD RULE 10B OF
APPELLATE PROCEDURE

| 40 | 12/21/2012 | FINAL JUDICIAL REPORT |
|---|---|---|
| 41 | 12/21/2012 | ATTORNEY AFFIDAVIT |
| 42 | 12/21/2012 | AFFIDAVIT AS TO MILITARY STATUS |
| 43 | 12/26/2012 | P1 DEUTSCHE BANK NATIONAL TRUST COMPANY MOTION FOR EXTENSION OF TIME TO FILE ITS PARTIAL MOTION FOR SUMMARY JUDGMENT ............. STEVEN E ELDER 0009066  12/31/2012 - GRANTED IN PART |
| 44 | 12/31/2012 | PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE ITS PARTIAL MOTION FOR SUMMARY JUDGMENT IS GRANTED IN PART.  PLAINTIFF MAY SUBMIT ITS PARTIAL MOTION FOR SUMMARY JUDGMENT AGAINST DEFENDANT UNITED STATES OF AMERICA ON OR BEFORE 2/4/13.  FAILURE TO COMPLY WITH THIS ORDER MAY RESULT IN THE SETTING OF A TRIAL SCHEDULE TO ADDRESS THE ISSUE OF LIEN PRIORITY BETWEEN PLAINTIFF AND DEFENDANT UNITED STATES OF AMERICA. NOTICE ISSUED |
| 45 | 01/10/2013 | MOTION FOR DEFAULT JUDGMENT IS SET FOR HEARING ON 02/12/2013 AT 10:30AM BEFORE MAGISTRATE  CHRISTOPHER E OLSZTYN, 310 W. LAKESIDE, 6TH FL..  THE MOVING PARTY MUST SEND NOTICE OF THE DATE AND TIME OF THIS HEARING AND A COPY OF THE MOTION TO ALL PARTIES, INCLUDING THOSE WHO HAVE YET TO ENTER AN APPEARANCE, AT LEAST 14 DAYS IN ADVANCE OF THE HEARING.  FAILURE TO APPEAR MAY RESULT IN DISMISSAL OF THE CLAIMS OR AN ENTRY OF JUDGMENT. NOTICE ISSUED |
| 46 | 01/15/2013 | NOTICE OF HEARING |
| 47 | 02/04/2013 | P1 DEUTSCHE BANK NATIONAL TRUST COMPANY MOTION FOR PARTIAL SUMMARY JUDGMENT ............. STEVEN E ELDER 0009066  03/20/2013 - GRANTED |

CMSR6128

DEUTSCHE BANK NATIONAL TR. CO.
Plaintiffs

VS

CHRISTINE J. FORGUES AKA DOUBRAVA AKA
ANDRES ETAL
Defendant

Case Number:        CV-12- **779307**

COA Case Number: CA-15- **103613**
PAGINATION OF RECORD RULE 10B OF
APPELLATE PROCEDURE

---

| 48 | 02/12/2013 | DEFAULT HEARING HELD BY MAGISTRATE ON 2/12/13. PLAINTIFF'S COUNSEL, COUNSEL FOR DEFENDANT UNITED STATES OF AMERICA, AND DEFENDANT CHRISTINE J. FORGUES APPEARED. DEFENDANT CHRISTINE FORGUES ADVISED THE COURT OF HER ON-GOING EFFORTS TO RESOLVE VARIOUS TAX LIENS ATTACHED TO THE PROPERTY, AS WELL AS HER SETTLEMENT DISCUSSIONS WITH PLAINTIFF. THE PARTIES ARE REMINDED TO PROMPTLY NOTIFY THE COURT IF ANY SETTLEMENT AGREEMENTS ARE REACHED IN THIS CASE. FURTHER, PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT IS GRANTED AS TO DEFENDANTS CHRISTINE J. FORGUES; JOHN DOE, UNKNOWN SPOUSE, IF ANY, OF CHRISTINE J. FORGUES; WILLIAM E. FORGUES; THE UNKNOWN HEIRS AT LAW OR UNDER THE WILL, IF ANY, OF WILLIAM E. FORGUES, DECEASED; AND, THE STATE OF OHIO ESTATE TAX DIVISION ONLY. NOTICE ISSUED |
|----|------------|---|
| 49 | 03/14/2013 | DEFT, STEVENE M. DETTELBACH, UNITED STATES ATTORNEY, NORTHERN DISTRICT OF OHIO MTN FOR EXTENSION OF TIME LORI WHITE LAISURE (0060084) 03/20/2013 - DENIED AS MOOT |
| 50 | 03/18/2013 | DEFENDANT(S) UNITED STATES OF AMERICA(D5) and UNITED STATES OF AMERICA(D6) STIPULATION. LORI WHITE LAISURE 0060084 |
| 51 | 03/20/2013 | AS DEFENDANT UNITED STATES OF AMERICA FILED, ON 3/18/13, A STIPULATION CONCERNING THE PRIORITY OF PLAINTIFF'S MORTGAGE VIS-A-VIS THE DEFENDANT'S 2004 FEDERAL TAX LIEN, THE DEFENDANT'S MOTION FOR EXTENSION OF TIME IS UNNECESSARY AND IS DENIED AS MOOT. NOTICE ISSUED |
| 52 | 03/20/2013 | ON REVIEW OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT, DEFENDANT UNITED STATES OF AMERICA'S STIPULATION, AND THE EVIDENCE, PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT IS GRANTED. NO GENUINE ISSUES OF |

CMSR6128

DEUTSCHE BANK NATIONAL TR. CO.
Plaintiffs

Case Number:     CV-12-  **779307**

VS

COA Case Number: CA-15- **103613**

CHRISTINE J. FORGUES AKA DOUBRAVA AKA
ANDRES ETAL
Defendant

PAGINATION OF RECORD RULE 10B OF
APPELLATE PROCEDURE

|  |  |  |
|---|---|---|
|  |  | MATERIAL FACT CONCERNING THE PRIORITY OF PLAINTIFF'S MORTGAGE VIS-A-VIS THE LIENS OF DEFENDANTS UNITED STATES OF AMERICA AND STATE OF OHIO, DEPARTMENT OF TAXATION REMAIN UNRESOLVED AND PLAINTIFF IS ENTITLED TO JUDGMENT CONCERNING PRIORITY OF ITS LIEN, AS A MATTER OF LAW.  THE MAGISTRATE WILL ISSUE A MAGISTRATE'S DECISION THAT RECITES ALL NECESSARY FINDINGS OF FACT AND CONCLUSIONS OF LAW, CONCERNING ALL CLAIMS IN THIS CASE, BY SEPARATE ORDER.  (PARTIAL). NOTICE ISSUED |
| 53 | 04/12/2013 | MAGISTRATE'S DECISION FILED AND COPIES SENT BY ORDINARY MAIL TO ALL PARTIES OR THEIR ATTORNEYS. |
| 54 | 04/12/2013 | P1 DEUTSCHE BANK NATIONAL TRUST COMPANY NOTICE OF FILING PROPOSED JUDGMENT ENTRY ADOPTING MAGISTRATE'S DECISION.  EDWARD G BOHNERT 0004920 |
| 55 | 05/01/2013 | ORDER ADOPTING MAGISTRATE'S DECISION. ORDER SEE JOURNAL NOTICE ISSUED |
| 56 | 05/30/2013 | ORDER OF SALE ISSUED TO SHERIFF |
| 57 | 06/13/2013 | LAND APPRAISAL....FILED. |
| 58 | 06/17/2013 | NOTICE OF SALE AND APPROVAL OF APPRAISERS' FEES. THE SALE IS SCHEDULED FOR 07/22/2013 AT 9:00 A.M. IN THE JUSTICE CENTER AUDITORIUM. PURSUANT TO LOCAL RULE 27 IT IS HEREBY ORDERED THAT EACH APPRAISER NAMED BE COMPENSATED BY THE CLERK OF COURTS, FROM THE FUNDS ON DEPOSIT AS FOLLOWS:  JOHN ANDREWS, APPRAISAL COST: $51.69 REGULAR FEE AND MILEAGE. STANLEY R PATRISKI, APPRAISAL COST: $50.00 REGULAR FEE. VERNON A. BLAZE, APPRAISAL COST: $50.00 REGULAR FEE. FEES TO BE TAXED AS COSTS IN CASE NO. CV-12-779307 OOS  DATED THIS 14th DAY OF JUNE, 2013 NOTICE ISSUED NOTICE ISSUED |

*not available*

CMSR6128

DEUTSCHE BANK NATIONAL TR. CO.
Plaintiffs

VS

CHRISTINE J. FORGUES AKA DOUBRAVA AKA
ANDRES ETAL
Defendant

Case Number:     CV-12-  779307

COA Case Number: CA-15-  103613
PAGINATION OF RECORD RULE 10B OF
APPELLATE PROCEDURE

---

| | | |
|---|---|---|
| 59 | 06/21/2013 | P1 DEUTSCHE BANK NATIONAL TRUST COMPANY MOTION TO RETURN ORDER OF SALE WITHOUT EXECUTION... DOUGLAS A. HAESSIG 0079200  06/28/2013 - GRANTED |
| 60 | 06/28/2013 | PLAINTIFF'S MOTION TO RETURN ORDER OF SALE WITHOUT EXECUTION IS GRANTED.  ORDER SEE JOURNAL. NOTICE ISSUED |
| 61 | 07/02/2013 | THE NOTICE OF SHERIFF'S SALE IS AMENDED TO INDICATE THAT THE SALE WILL TAKE PLACE AT THE JUVENILE JUSTICE CENTER, 9300 QUNICY AVE., CLEVELAND, OHIO, NOT IN THE JUSTICE CENTER AUDITORIUM, 1215 WEST THIRD STREET, CLEVELAND, OHIO. NOTICE ISSUED |
| 62 | 07/03/2013 | P1 DEUTSCHE BANK NATIONAL TRUST COMPANY NOTICE OF SALE....  DOUGLAS A. HAESSIG 0079200 |
| 63 | 08/20/2013 *not available* | CUYAHOGA COUNTY SHERIFF DEPT  SERVICE FEE $46.00 |
| 64 | 12/10/2013 *not available* | PAYMENT ON ACCOUNT MADE ON BEHALF OF DEUTSCHE BANK NATIONAL TRUST COMPANY IN THE AMOUNT OF $526.14 |
| 65 | 03/14/2014 | PRAECIPE FOR ORDER OF SALE $600 ALIAS ORDER OF SALE |
| 66 | 03/20/2014 *not available* | ALIAS ORDER OF SALE ISSUED TO SHERIFF WITHOUT NEW APPRAISAL |
| 67 | 03/27/2014 | ALIAS LAND APPRAISAL...FILED. |
| 68 | 04/11/2014 | MOTION FILED FOR P1 DEUTSCHE BANK NATIONAL TRUST COMPANY DOUGLAS A. HAESSIG 0079200 MOTION TO RETURN ORDER OF SALE WITHOUT EXECUTION  04/14/2014 - GRANTED |

CMSR6128

Page: 15

DEUTSCHE BANK NATIONAL TR. CO.
Plaintiffs

Case Number:        CV-12-  **779307**

VS

COA Case Number: CA-15-  **103613**
PAGINATION OF RECORD RULE 10B OF
APPELLATE PROCEDURE

CHRISTINE J. FORGUES AKA DOUBRAVA AKA
ANDRES ETAL
Defendant

---

| 69 | 04/11/2014 | MOTION FILED FOR P1 DEUTSCHE BANK NATIONAL TRUST COMPANY DOUGLAS A. HAESSIG 0079200 MOTION TO RETURN THE ORDER OF SALE WITHOUT EXECUTION  04/16/2014 - GRANTED |
| 70 | 04/16/2014 | PLAINTIFF'S MOTION TO RETURN ORDER OF SALE WITHOUT EXECUTION IS GRANTED.  ORDER SEE JOURNAL. NOTICE ISSUED |
| 71 | 04/16/2014 | NOTICE FILED BY P1 DEUTSCHE BANK NATIONAL TRUST COMPANY ATTORNEY EDWARD G BOHNERT 0004920 NOTICE OF SALE |
| 72 | 05/14/2014 *not available* | CUYAHOGA COUNTY SHERIFF DEPT  SERVICE FEE $16.00 |
| 73 | 09/25/2014 | PRAECIPE FOR ORDER OF SALE $600 ALIAS ORDER OF SALE |
| 74 | 10/01/2014 *not available* | PLURIES ORDER OF SALE ISSUED TO SHERIFF WITH NEW APPRAISAL |
| 75 | 10/15/2014 | NOTICE OF SALE AND APPROVAL OF APPRAISERS' FEES. THE SALE IS SCHEDULED FOR 11/17/2014 AT 9:00 A.M. AT THE CUYAHOGA COUNTY JUSTICE CENTER AUDITORIUM, 1215 WEST 3RD STREET, CLEVELAND, OHIO 44113.  PURSUANT TO LOCAL RULE 27 IT IS HEREBY ORDERED THAT EACH APPRAISER NAMED BE COMPENSATED BY THE CLERK OF COURTS, FROM THE FUNDS ON DEPOSIT AS FOLLOWS:   THOMAS COSTELLO, APPRAISAL COST: $52.29 REGULAR FEE AND MILEAGE. WILLIAM J. GAYDOS, APPRAISAL COST: $50 REGULAR FEE. PAUL GERALD MCLAUGHLIN, APPRAISAL COST: $50 REGULAR FEE. FEES TO BE TAXED AS COSTS IN CASE NO. CV-12-779307  DATED THIS 7th DAY OF OCTOBER, 2014  NOTICE ISSUED NOTICE ISSUED |
| 76 | 10/15/2014 | PLUR LAND APPRAISAL FILED. |
| 77 | 10/28/2014 | NOTICE FILED BY P1 DEUTSCHE BANK NATIONAL |

CMSR6128

DEUTSCHE BANK NATIONAL TR. CO.
Plaintiffs

VS

CHRISTINE J. FORGUES AKA DOUBRAVA AKA
ANDRES ETAL
Defendant

Case Number:     CV-12- **779307**

COA Case Number: CA-15- **103613**
PAGINATION OF RECORD RULE 10B OF
APPELLATE PROCEDURE

---

|  |  | TRUST COMPANY ATTORNEY EDWARD G BOHNERT 0004920 NOTICE OF SALE |
|---|---|---|
| 78 | 11/03/2014 | MOTION FILED FOR P1 DEUTSCHE BANK NATIONAL TRUST COMPANY DOUGLAS A. HAESSIG 0079200 MOTION TO RETURN ORDER OF SALE WITHOUT EXECUTION  11/04/2014 - DENIED |
| 79 | 11/04/2014 | PLAINTIFF'S MOTION TO RETURN ORDER OF SALE WITHOUT EXECUTION IS DENIED, AS THE MOTION FAILS TO PROVIDE A REASON FOR RETURN OF THE PLURIES ORDER OF SALE WITHOUT EXECUTION THAT IS CONSIDERED VALID BY THIS COURT.  THE COURT MAY ENTERTAIN A RENEWED MOTION TO RETURN ORDER OF SALE WITHOUT EXECUTION THAT INDICATES THAT ANY OF THE SPECIFICALLY-STATED REASONS FOR RETURN OF AN ORDER OF SALE WITHOUT EXECUTION, AS PROVIDED IN THE COURT'S FORM MOTION, ARE PRESENT IN THIS CASE. NOTICE ISSUED |
| 80 | 11/17/2014 | NOTICE FILED BY P1 DEUTSCHE BANK NATIONAL TRUST COMPANY ATTORNEY F. PETER COSTELLO 0076112 NOTICE OF BANKRUPTCY |
| 81 | 11/19/2014 *not available* | CUYAHOGA COUNTY SHERIFF DEPT  SERVICE FEE $45.00 |
| 82 | 02/04/2015 | MOTION FILED FOR P1 DEUTSCHE BANK NATIONAL TRUST COMPANY DOUGLAS A. HAESSIG 0079200 MOTION TO VACATE BANKRUPTCY STAY  02/05/2015 - DENIED |
| 83 | 02/05/2015 | PLAINTIFF'S MOTION TO VACATE BANKRUPTCY STAY IS DENIED.  AS THIS CASE WAS NEVER FORMALLY STAYED UPON THE COURT'S RECEIPT OF NOTIFICATION OF DEFENDANT CHRISTINE J. FORGUES'S BANKRUPTCY FILING AND AS PLAINTIFF HAS PRESENTED SUFFICIENT EVIDENCE OF A FINAL DISPOSITION OF THE DEFENDANT'S BANKRUPTCY CASE, PLAINTIFF MAY PROCEED WITH EXECUTION ON |

CMSR6128

DEUTSCHE BANK NATIONAL TR. CO.
Plaintiffs

VS

CHRISTINE J. FORGUES AKA DOUBRAVA AKA
ANDRES ETAL
Defendant

Case Number:       CV-12-  **779307**

COA Case Number: CA-15-  **103613**
PAGINATION OF RECORD RULE 10B OF
APPELLATE PROCEDURE

| | | |
|---|---|---|
| | | THE JUDGMENT ENTERED IN ITS FAVOR IN THIS CASE. NOTICE ISSUED |
| 84 | 02/12/2015 | PRAECIPE FOR ORDER OF SALE $600 SECOND PLURIES ORDER OF SALE |
| 85 | 02/13/2015  *not available* | SECOND PLURIES ORDER OF SALE ISSUED TO SHERIFF WITHOUT REAPPRAISAL |
| 86 | 02/26/2015 | GENERAL PLEADING FILED BY P1 DEUTSCHE BANK NATIONAL TRUST COMPANY ATTORNEY DOUGLAS A. HAESSIG 0079200 ASSIGNMENT OF JUDGMENT. |
| 87 | 02/27/2015 | 2PLUR   LAND APPRAISAL  FILED |
| 88 | 03/17/2015 | NOTICE FILED BY P1 DEUTSCHE BANK NATIONAL TRUST COMPANY ATTORNEY EDWARD G BOHNERT 0004920 NOTICE OF SALE |
| 89 | 03/20/2015 | MOTION FILED FOR P1 DEUTSCHE BANK NATIONAL TRUST COMPANY DOUGLAS A. HAESSIG 0079200 MOTION TO RETURN ORDER OF SALE WITHOUT EXECUTION  03/25/2015 - GRANTED |
| 90 | 03/25/2015 | PLAINTIFF'S MOTION TO RETURN ORDER OF SALE WITHOUT EXECUTION IS GRANTED.  ORDER SEE JOURNAL. NOTICE ISSUED |
| 91 | 04/01/2015 | CONSUMER NOTICE OF DISPUTE OF DEBT FILED |
| 92 | 04/13/2015 | CUYAHOGA COUNTY SHERIFF DEPT  SERVICE FEE $16.00 |
| 93 | 05/07/2015 | PRAECIPE FOR ORDER OF SALE $600 THIRD PLURIES ORDER OF SALE |
| 94 | 05/12/2015  *not available* | THIRD PLURIES ORDER OF SALE ISSUED TO SHERIFF WITHOUT REAPPRAISAL |
| 95 | 05/22/2015 | 3PLU.  LAND APPRAISAL FILED. |

CMSR6128

Page: 18

DEUTSCHE BANK NATIONAL TR. CO.
Plaintiffs

VS

CHRISTINE J. FORGUES AKA DOUBRAVA AKA
ANDRES ETAL
Defendant

Case Number:      CV-12- **779307**

COA Case Number: CA-15- **103613**
PAGINATION OF RECORD RULE 10B OF
APPELLATE PROCEDURE

| | | |
|---|---|---|
| 96 | 06/02/2015 | D1 CHRISTINE J. FORGUES  CONSUMER NOTICE OF DISPUTE OF DEBT.  PRO SE 9999999 |
| 97 | 06/05/2015 | MOTION FILED FOR P1 DEUTSCHE BANK NATIONAL TRUST COMPANY DOUGLAS A. HAESSIG 0079200 MOTION TO RETURN ORDER OF SALE WITHOUT EXECUTION  06/11/2015 - GRANTED |
| 98 | 06/09/2015 | NOTICE FILED BY P1 DEUTSCHE BANK NATIONAL TRUST COMPANY ATTORNEY EDWARD G BOHNERT 0004920 NOTICE OF SALE |
| 99 | 06/11/2015 | PLAINTIFF'S MOTION TO RETURN ORDER OF SALE WITHOUT EXECUTION IS GRANTED.  ORDER SEE JOURNAL. NOTICE ISSUED |
| 100 | 06/30/2015 | D1 CHRISTINE J. FORGUES MOTION TO SET ASIDE DEFAULT JUDGMENT PRO SE 9999999  09/08/2015 - DENIED |
| 101 | 07/07/2015 not available | CUYAHOGA COUNTY SHERIFF DEPT  SERVICE FEE $16.00 |
| 102 | 07/07/2015 | PRAECIPE FOR ORDER OF SALE $600 FOURTH PLURIES ORDER OF SALE |
| 103 | 07/09/2015 not available | FOURTH PLURIES ORDER OF SALE ISSUED TO SHERIFF WITHOUT RE-APPRAISAL |
| 104 | 07/21/2015 | 2PLU.   LAND APPRAISAL FILED. |
| 105 | 07/24/2015 | MAGISTRATE'S DECISION WITH FINDINGS OF FACT AND CONCLUSIONS OF LAW  COPIES SENT TO ALL PARTIES ON SERVICE PAGE.  FILED. |
| 106 | 07/24/2015 not available | MAGISTRATE'S DECISION(26654681) SENT BY CLERK ISSUED VIA HAND DELIVERY. TO: DENNIS REIMER 30455 SOLON ROAD SOLON, OH 44139-0000 |
| 107 | 07/27/2015 not available | MAGISTRATE'S DECISION(26654680) SENT BY REGULAR MAIL SERVICE. TO: CHRISTINE J. FORGUES 15109 |

CMSR6128

DEUTSCHE BANK NATIONAL TR. CO.
Plaintiffs

VS

CHRISTINE J. FORGUES AKA DOUBRAVA AKA
ANDRES ETAL
Defendant

Case Number:        CV-12- **779307**

COA Case Number: CA-15- **103613**
PAGINATION OF RECORD RULE 10B OF
APPELLATE PROCEDURE

---

MERRIMEADE DRIVE CLEVELAND, OH 44111-0000

| | | |
|---|---|---|
| 108 | 07/30/2015 | D1 CHRISTINE J. FORGUES  DEFENDANT'S OBJECTION TO MAGISTRATE'S DECISION DENYING RELIEF UNDER CIV. R. 55(B), 60(B)4.. PRO SE 9999999 |
| 109 | 08/03/2015 | NOTICE FILED BY P1 DEUTSCHE BANK NATIONAL TRUST COMPANY ATTORNEY EDWARD G BOHNERT 0004920 NOTICE OF SALE |
| 110 | 08/07/2015 | D1 CHRISTINE J. FORGUES  CONSUMER NOTICE OF DISPUTE OF DEBT AND INTENT TO SUE.. PRO SE 9999999 |
| 111 | 08/19/2015 | MOTION FILED FOR P1 DEUTSCHE BANK NATIONAL TRUST COMPANY DEAN K HEGYES 0059768 MOTION TO RETURN ORDER OF SALE WITHOUT EXECUTION 08/25/2015 - GRANTED |
| 112 | 08/25/2015 | PLAINTIFF'S MOTION TO RETURN ORDER OF SALE WITHOUT EXECUTION IS GRANTED.  ORDER SEE JOURNAL. NOTICE ISSUED |
| 113 | 09/02/2015 | CUYAHOGA COUNTY SHERIFF DEPT  SERVICE FEE $53.00 |
| 114 | 09/11/2015 | ORDER OVERRULING DEFENDANT CHRISTINE J. FORGUES' OBJECTIONS TO THE JULY 24, 2015 MAGISTRATE'S DECISION AND ADOPTING MAGISTRATE'S DECISION.  ORDER SEE JOURNAL. NOTICE ISSUED |
| 115 | 10/09/2015 | -------------------- NOTICE OF APPEAL -------------------- CA NO. 103613 NOTICE OF APPEAL FILED BY THE DEFT. APPELLANT W/A 9A PRAECIPE AND DOCKETING STATEMENT ON THE REGULAR CALENDAR.  COPIES MAILED. |

*not available*

CMSR6128

CUYAHOGA COUNTY COURT OF COMMON PLEAS

| DATE: 10/27/2015 | APPEARANCE DOCKET | PAGE: 1 |
| TIME: 1:30 PM | | CMSR5143 |

| Case No: | CV-12-779307 | DEUTSCHE BANK NATIONAL TR. CO. |
| Filing Date: | 03/29/2012 | VS |
| | | CHRISTINE J. FORGUES AKA DOUBRAVA AKA ANDRES ETAL |

Filing Cd:1460   FORECLOSURE MARSH. OF LIEN
     Judge:DICK AMBROSE
Prior Judge:KATHLEEN ANN SUTULA
Magistrate:CHRISTOPHER E OLSZTYN
Panel Chair:PRO SE//

     Status:I
  Jury Req:
     Class:
Prayer Amt:142144.25

[  ] Arbitration

[  ] Mediation

[  ] Settlement

[ X ] Notes

[  ] Appealed

| Disposition: | Date: |
| NEWLY FILED | 03/29/2012 |
| DISP. TRANSJG | 03/29/2012 |
| RE-ASSIGNED | 03/29/2012 |
| MAGISTRATE | 03/29/2012 |
| ADR | 05/15/2012 |
| MAGISTRATE | 12/11/2012 |
| DISP.OTHER | 05/01/2013 |

Next Action:
Date/Time:

---------File Location ---------
     Name:   C/A PENDING
     Date:   10/14/2015

| P | 1 | DEUTSCHE BANK NATIONAL TRUST COMPANY | 0031109 | REIMER/DENNIS/ | (440) | 600-5500 |
| | | AS TRUSTEE FOR J.P. MORGAN MORTGAGE ACQUISIT | | 30455 SOLON ROAD | | |
| | | C/O JPMORGAN CHASE BANK NATL ASSOC | | SOLON, OH 44139-0000 | | |
| | | 800 BROOKSEDGE BOULEVARD | | | | |
| | | | 0004920 | BOHNERT/EDWARD/ | (440) | 600-5500 |
| | | | | P.O. BOX 39696 | | |
| | | | | 30455 SOLON ROAD | | |
| | | | | SOLON, OH 44139 | | |
| | | | 0009066 | ELDER/STEVEN/E | | |
| | | | | 731 FIFE AVE | | |
| | | | | WILMINGTON, OH 45177-0000 | | |
| | | | 0079200 | HAESSIG/DOUGLAS/A. | (440) | 600-5500 |
| | | | | P.O. BOX 39696 | | |
| | | | | 30455 SOLON ROAD | | |
| | | | | SOLON, OH 44139-0000 | | |
| | | | 0059768 | HEGYES/DEAN/K | (440) | 600-5500 |
| | | | | P.O. BOX 39696 | | |
| | | | | 30455 SOLON ROAD | | |
| | | | | SOLON, OH 44139-0000 | | |
| | | | 0076112 | COSTELLO/F./PETER | (440) | 600-5500 |
| | | | | 30455 SOLON ROAD | | |
| | | | | SOLON, OH 44139-0000 | | |

| D | 1 | Service: | 9999999 | PRO SE// | | |
| | | FORGUES, CHRISTINE J. | | | | |
| | | AKA CHRISTINE J.A. ANDRES DOUBRAVA AKA CHRIST | | | | |
| | | 15109 MERRIMEADE DRIVE | | | | |
| | | CLEVELAND, OH 44111-0000 | | | | |

| D | 2 | Service: 04/11/2012   SUMS COMPLAINT   CERTIFIED MAIL   04/21/2012   COMPLETED |
| | | JOHN DOE, UNK SPOUSE, IF ANY, OF CHRISTIN |
| | | AKA CHRISTINE J.A. ANDRES DOUBRAVA AKA CHRIST |
| | | 15109 MERRIMEADE DRIVE |

CUYAHOGA COUNTY COURT OF COMMON PLEAS

PAGE: 2
CMSR5143

DATE: 10/27/2015                APPEARANCE DOCKET
TIME: 1:30    PM
CASE: CV-12-779307

CLEVELAND, OH 44111-0000

| | | | | | |
|---|---|---|---|---|---|
| D 3 | Service: 04/11/2012    SUMS COMPLAINT<br>FORGUES, WILLIAM E. | CERTIFIED MAIL | 04/21/2012 | COMP ON OTHER | |

15109 MERRIMEADE DRIVE
CLEVELAND, OH 44111-0000

| | | | | | |
|---|---|---|---|---|---|
| D 4 | Service: 04/11/2012    SUMS COMPLAINT<br>UNK HEIRS AT LAW OR UNDER THE WILL IF ANY<br>DECEASED | CERTIFIED MAIL | 04/21/2012 | COMP ON OTHER | |

| | | | | | | |
|---|---|---|---|---|---|---|
| D 5 | Service:<br>UNITED STATES OF AMERICA<br><br>C/O U.S. ATTORNEY GENERAL<br>950 PENNSYLVANIA AVENUE NORTHWEST<br>WASHINGTON, DC 20530-0000 | | 0060084 | LAISURE/LORI/WHITE<br>CARL B. STOKES U.S. COURT HOUSE<br>801 W. SUPERIOR AVE., STE. 400<br>CLEVELAND, OH 44113-0000  216 | (216) | 622-3911 |
| D 6 | Service: 04/11/2012    SUMS COMPLAINT<br>UNITED STATES OF AMERICA<br>C/O U.S. ATTORNEY'S OFFICE<br>400 UNITED STATES COURTHOUSE<br>801 WEST SUPERIOR AVENUE<br>CLEVELAND, OH 44113-0000 | CERTIFIED MAIL | 0060084<br>04/16/2012 | COMP ON OTHER<br>LAISURE/LORI/WHITE<br>CARL B. STOKES U.S. COURT HOUSE<br>801 W. SUPERIOR AVE., STE. 400<br>CLEVELAND, OH 44113-0000  216 | (216) | 622-3911 |
| D 7 | Service: 04/11/2012    SUMS COMPLAINT<br>STATE OF OHIO DEPARTMENT OF TAXATION<br><br>C/O OHIO ATTORNEY GENERAL<br>150 EAST GAY STREET<br>COLUMBUS, OH 43215-0000 | CERTIFIED MAIL | 0083888<br>04/12/2012 | COMP ON OTHER<br>MCCARRON/LINDSEY/K.<br>150B EAST GAY STREET, 21ST FLOOR<br>COLUMBUS, OH 43215-0000 | (614) | 466-7865 |
| D 8 | Service: 04/11/2012    SUMS COMPLAINT<br>STATE OF OHIO ESTATE TAX DIVISION<br><br>C/O OHIO ATTORNEY GENERAL<br>150 ESAT GAY STREET<br>COLUMBUS, OH 43215-0000 | CERTIFIED MAIL | 04/16/2012 | COMP ON OTHER | | |

Service: 04/11/2012    SUMS COMPLAINT    CERTIFIED MAIL    04/16/2012    COMP ON OTHER

| Type | - Docket -<br>Code | Party | Date | Description | Cost<br>Amount |
|---|---|---|---|---|---|
| SF | LR | P 1 | 3/29/2012 | LEGAL RESEARCH | 3.00 |
| SF | INIT | | 3/29/2012 | CASE FILED | |
| SF | CM | P 1 | 3/29/2012 | COMPUTER FEE | 10.00 |
| SF | RECT | P 1 | 3/29/2012 | DEPOSIT AMOUNT PAID REIMER, ARNOVITZ, CHERNEK & JEFFRE' | 200.00 |
| SF | RECT | P 1 | 3/29/2012 | DEPOSIT AMOUNT PAID REIMER, ARNOVITZ, CHERNEK & JEFFRE' | 275.00 |
| SF | LA | P 1 | 3/29/2012 | LEGAL AID | 26.00 |
| SF | LN | P 1 | 3/29/2012 | LEGAL NEWS | 10.00 |
| SF | SPF | P 1 | 3/29/2012 | SPECIAL PROJECTS FUND FEE | 200.00 |
| SF | CF | P 1 | 3/29/2012 | CLERK'S FEE | 25.00 |
| SF | 245R | | 3/29/2012 | JUDGE KATHLEEN ANN SUTULA ASSIGNED (RANDOM); RE-FILED CASE, REASSIGNED TO ORIGINAL JUDGE, JUDGE DICK AMBROSE | |
| SF | 245 | | 3/29/2012 | JUDGE KATHLEEN ANN SUTULA ASSIGNED (RANDOM) | |
| SR | C003 | P 1 | 3/29/2012 | COMPLAINT FILED. SERVICE REQUEST - SUMMONS BY CERTIFIED MAIL TO THE DEFENDANT(S). | |

DATE: 10/27/2015
TIME: 1:30 PM
CASE: CV-12-779307

CUYAHOGA COUNTY COURT OF COMMON PLEAS
APPEARANCE DOCKET

PAGE: 3
CMSR5143

| SR | P003 | P 1 | 3/29/2012 | PRELIMINARY JUDICIAL REPORT FILED. | |
|----|------|-----|-----------|-----------|---|
| SR | GEN1 | P 1 | 3/29/2012 | SUPPLEMENTAL PRELIMINARY JUDICIAL REPORT FILED. | |
| SF | 248 | | 3/29/2012 | MAGISTRATE CHRISTOPHER E OLSZTYN ASSIGNED (MANUALLY) | |
| JE | JE | | 3/29/2012 | IT IS ORDERED BY THE COURT THAT THIS CAUSE BE REFERRED TO THE COURT MAGISTRATE TO TRY THE ISSUES OF LAW AND FACT ARISING THEREIN AND REPORT WITHOUT UNNECESSARY DELAY. | 4.00 |

A PARTY SEEKING A DEFAULT JUDGMENT MUST FILE A MOTION FOR DEFAULT JUDGMENT.

ONCE A CASE IS SET FOR DEFAULT JUDGMENT, THE MOTION FOR DEFAULT JUDGMENT MAY BE WITHDRAWN ONLY BY SEPARATE MOTION WITH GOOD CAUSE SHOWN.
NOTICE ISSUED

| JE | JE | | 3/29/2012 | ALL NON-MILITARY CLIENT AFFIDAVITS FILED IN RESIDENTIAL MORTGAGE FORECLOSURE CASES MUST INDICATE THAT THE AFFIANT HAS ACTUAL PERSONAL KNOWLEDGE OF THE FILE AND LOAN HISTORY IN QUESTION AND HAS PERSONALLY REVIEWED THE DOCUMENTS, RECORDS, OR OTHER DATA RELIED UPON TO MAKE THE STATEMENTS CONTAINED IN THE AFFIDAVIT. ALL CLIENT EXECUTED MILITARY AFFIDAVITS FILED IN RESIDENTIAL MORTGAGE FORECLOSURE CASES MUST INDICATE THAT THE AFFIANT HAS ACTUAL PERSONAL KNOWLEDGE OF THE APPROPRIATE DEFENDANTS' MILITARY STATUS. FAILURE TO PROVIDE APPROPRIATE AFFIDAVITS MAY RESULT IN MANDATORY PERSONAL ATTENDANCE OF AN AFFIANT FOR A HEARING, THE IMPOSITION OF SANCTIONS AND PENALTIES FOR PERJURY OR CONTEMPT, AND DISMISSAL OF THE CASE. | 4.00 |
|----|----|---|-----------|-----------|------|

BEFORE JUDGMENT IS ENTERED ON ANY CLAIM FOR FORECLOSURE AND/OR MONEY JUDGMENT IN A RESIDENTIAL MORTGAGE FORECLOSURE CASE, COUNSEL FOR PLAINTIFF AND ANY OTHER PARTY THAT ASSERTS A CLAIM FOR FORECLOSURE OR MONEY JUDGMENT MUST FILE AN AFFIDAVIT OR AFFIDAVITS.

IN REGARD TO NON-MILITARY CLIENT AFFIDAVITS, THIS AFFIDAVIT MUST:

1) IDENTIFY THE COUNSEL OF RECORD AND HIS OR HER LAW FIRM.
2) PROVIDE THAT THE COUNSEL OF RECORD HAS REVIEWED THE FILE.
3) PROVIDE THAT THE COUNSEL OF RECORD HAS COMMUNICATED WITH A REPRESENTATIVE OF THE PARTY SEEKING FORECLOSURE AND/OR MONEY JUDGMENT OR ITS SERVICER AND THAT THIS REPRESENTATIVE:
HAS AFFIRMED THAT HE OR SHE HAS PERSONALLY REVIEWED THE DOCUMENTS, RECORDS, OR
OTHER DATA RELATED TO THE CASE; HAS REVIEWED THE PLEADINGS AND OTHER COURT FILINGS IN THE
CASE; AND HAS CONFIRMED BOTH THE FACTUAL ACCURACY OF THE PLEADINGS AND COURT FILINGS
AND THE ACCURACY OF THE NOTARIZATIONS CONTAINED THEREIN.

4) PROVIDE THE FULL NAME OF THE REPRESENTATIVE DESCRIBED IN ITEM 3 AND THE DATE OR DATES OF THE COMMUNICATION.

5) CERTIFY THAT, TO THE BEST OF THE COUNSEL OF RECORD'S KNOWLEDGE, THE PLEADINGS AND OTHER
COURT FILINGS IN SUPPORT OF THE CLAIMS FOR

FORECLOSURE ARE COMPLETE AND ACCURATE IN ALL
RELEVANT RESPECTS.

6) ACKNOWLEDGE THAT COUNSEL OF RECORD HAS A
CONTINUING OBLIGATION TO AMEND AND SUPPLEMENT
THE AFFIDAVIT IN LIGHT OF NEWLY DISCOVERED FACTS
FOLLOWING ITS FILING.

7) BE SIGNED AND DATED BY COUNSEL OF RECORD.

IN REGARD TO CLIENT EXECUTED MILITARY AFFIDAVITS, THIS
AFFIDAVIT MUST:

1) IDENTIFY THE COUNSEL OF RECORD AND HIS OR HER LAW
FIRM.

2) PROVIDE THAT THE COUNSEL OF RECORD HAS
COMMUNICATED WITH THE AFFIANT OF THE MILITARY
AFFIDAVIT AND THAT THE AFFIANT HAS AFFIRMED THAT HE OR
SHE HAS PERSONALLY REVIEWED
NECESSARY WEBSITE AND/OR DATABASE TO DETERMINE THE
MILITARY
STATUS OF THE APPROPRIATE DEFENDANTS.

3) PROVIDE THE FULL NAME OF THE AFFIANT DESCRIBED IN
ITEM 2 AND THE DATE OR DATES OF
THE COMMUNICATION.

4) CERTIFY THAT, TO THE BEST OF THE COUNSEL OF RECORD'S
KNOWLEDGE, THE INFORMATION CONTAINED
IN THE MILITARY AFFIDAVIT IS ACCURATE IN ALL RELEVANT
RESPECTS.

5) ACKNOWLEDGE THAT COUNSEL OF RECORD HAS A
CONTINUING OBLIGATION TO AMEND AND SUPPLEMENT
THE AFFIDAVIT IN LIGHT OF NEWLY DISCOVERED FACTS
FOLLOWING ITS FILING.

6) BE SIGNED AND DATED BY COUNSEL OF RECORD.

FAILURE TO SUBMIT AN APPROPRIATE AFFIDAVIT ON OR
BEFORE THE DATE OF TRIAL, THE DATE THAT A MOTION FOR
SUMMARY JUDGMENT IS RIPE FOR RULING, OR THE DATE OF
DEFAULT HEARING, WHICHEVER IS APPLICABLE, WILL RESULT
IN DISMISSAL OF THE CASE AND MAY RESULT IN FURTHER
SANCTIONS. STANDARDIZED AFFIDAVIT FORMS ARE POSTED ON
THE CUYAHOGA COUNTY COURT OF COMMONPLEAS WEBSITE
HTTP://CP.CUYAHOGACOUNTY.US/INTERNET/COURTDOCS/MAGI
STRATES/AFFIDAVIT (REV5).PDF. ALL AFFIDAVITS SUBMITTED
PURSUANT TO THIS ORDER MUST BE IN THE FORMAT OF THESE
STANDARDIZED AFFIDAVIT FORMS.

IN LIEU OF THIS AFFIDAVIT:
1) IN CASES WHERE CLIENT AFFIDAVITS HAVE BEEN FILED, THE
AFFIANT OR AFFIANTS MUST APPEAR AT THE
HEARING OF THE MATTER AND TESTIFY REGARDING THOSE
AFFIDAVITS. THE REPRESENTATIVE MUST
APPEAR IN PERSON AND TELEPHONIC APPEARANCE WILL NOT
BE PERMITTED. IF MULTIPLE CLIENT
AFFIDAVITS ARE FILED IN THE CASE AND ARE EXECUTED BY
MORE THAN ONE AFFIANT, EACH AFFIANT
MUST APPEAR AT THE HEARING OF THE MATTER.

2) IN CASES WHERE NO CLIENT AFFIDAVITS HAVE BEEN FILED,
AN OFFICER OF THE PARTY SEEKING
FORECLOSURE OR AN OFFICER OF ITS SERVICER MUST APPEAR
AT THE HEARING OF THE MATTER AND
TESTIFY IN SUPPORT OF THE ALLEGATIONS OF THE COMPLAINT
AND CONTENTS OF OTHER DOCUMENTS

DATE: 10/27/2015
TIME: 1:30 PM
CASE: CV-12-779307

APPEARANCE DOCKET

PAGE: 5
CMSR5143

OR COURT FILINGS. THE OFFICER MUST APPEAR IN PERSON
AND TELEPHONIC APPEARANCE WILL
NOT BE PERMITTED.

3) IN CASES WHERE NO HEARING IS SCHEDULED BEFORE THE
ENTRY OF JUDGMENT (SUCH AS SOME SUMMARY
JUDGMENT CASES), THE OFFICER OF THE PARTY SEEKING
FORECLOSURE MUST, CONTEMPORANEOUSLY WITH
THE MOTION FOR SUMMARY JUDGMENT, MOVE TO SCHEDULE
A HEARING AT WHICH THE AFFIANT MAY
APPEAR.

4) WITH THE EXCEPTION OF AFFIANTS OF MILITARY AFFIDAVITS,
THE AFFIANT OR AN OFFICER OF THE PARTY
SEEKING FORECLOSURE OR OFFICER OF ITS SERVICER WHO
APPEARS IN COURT IN LIEU OF THE FILING OF A
FORECLOSURE COUNSEL AFFIDAVIT MUST APPEAR WITH THE
ORIGINAL PROMISSORY NOTE, INCLUDING
ALL ENDORSEMENTS AND ALLONGES AND A CURRENT
PAYMENT HISTORY FOR THE MORTGAGE LOAN AT
ISSUE. THE AFFIANT OR AN OFFICER OF THE PARTY SEEKING
FORECLOSURE OR OFFICER OF ITS SERVICER
MUST BE PREPARED TO TESTIFY THAT HE OR SHE HAS
PERSONALLY REVIEWED THE DOCUMENTS, RECORDS
OR OTHER DATA RELATED TO THE CASE, HAS REVIEWED THE
PLEADINGS AND OTHER COURT FILINGS IN
THE CASE AND HAS CONFIRMED BOTH THE FACTUAL
ACCURACY OF THE FILINGS AND THE
ACCURACY OF THE NOTARIZATIONS CONTAINED THEREIN, IF
ANY. THE AFFIANT OR AN OFFICER OF THE
PARTY SEEKING FORECLOSURE OR OFFICER OF ITS SERVICER
MUST BE PREPARED TO RESPOND TO THE
QUESTIONING OF THE MAGISTRATE OR JUDGE PRESIDING
OVER THE HEARING AND THE QUESTIONING OF
ANY OTHER PARTY ATTENDING THE HEARING.

5) IF THE AFFIANT OR OFFICER OF THE PARTY SEEKING
FORECLOSURE OR AN OFFICER OF ITS SERVICER HAS
BEEN PREVIOUSLY DEPOSED AND HAS TESTIFIED UNDER OATH
REGARDING THE ABOVE REQUIRED
INFORMATION, THE FILING OF THE TRANSCRIPT OF THAT
DEPOSITION WILL SATISFY THE
REQUIREMENTS OF THIS POLICY.

FAILURE TO FILE AN ATTORNEY AFFIDAVIT OR DO ANY OF THE
ALTERNATIVES TO FILING AN ATTORNEY AFFIDAVIT BEFORE
THE CASE IS RIPE FOR THE ENTRY OF JUDGMENT WILL RESULT
IN DISMISSAL OF THE CASE.
NOTICE ISSUED

| | | | | | |
|------|------|-----|-----------|-------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|------|
| MG | MG | | 3/30/2012 | A REVIEW OF THE DOCKET REVEALS PLAINTIFF FILED A COMPLAINT ON 3/29/12, ALTHOUGH SERVICE HAS NOT YET BEEN PERFECTED. PLAINTIFF IS ORDERED TO PERFECT SERVICE PURSUANT TO CIV.R. 4(E), OR THE CASE WILL BE DISMISSED WITHOUT PREJUDICE. NOTICE ISSUED | 4.00 |
| SR | PCRD | D 1 | 4/02/2012 | FORECLOSURE MEDIATION. NOTICE GENERATED FOR 19161660 ON POST CARD ON CHRISTINE J. FORGUES 15109 MERRIMEADE DRIVE CLEVELAND, OH 44111-0000 | 2.00 |
| CS | WRIS | D 7 | 4/02/2012 | WRIT FEE | 2.00 |
| CS | WRIS | D 1 | 4/02/2012 | WRIT FEE | 2.00 |
| CS | WRIS | D 2 | 4/02/2012 | WRIT FEE | 2.00 |

U9605

| | | | | | PAGE: 6 |
|---|---|---|---|---|---|
| DATE: 10/27/2015 | | | | APPEARANCE DOCKET | CMSR5143 |
| TIME: 1:30 PM | | | | | |
| CASE: CV-12-779307 | | | | | |

| | | | | | |
|---|---|---|---|---|---|
| CS | WRIS | D 3 | 4/02/2012 | WRIT FEE | 2.00 |
| CS | WRIS | D 5 | 4/02/2012 | WRIT FEE | 2.00 |
| CS | WRIS | D 6 | 4/02/2012 | WRIT FEE | 2.00 |
| CS | WRIS | D 8 | 4/02/2012 | WRIT FEE | 2.00 |
| SR | CRTM | D 5 | 4/11/2012 | SUMS COMPLAINT(19161664) SENT BY CERTIFIED MAIL. TO: UNITED STATES OF AMERICA C/O U.S. ATTORNEY GENERAL 950 PENNSYLVANIA AVENUE NORTHWEST WASHINGTON, DC 20530-0000 | 6.00 |
| SR | CRTM | D 3 | 4/11/2012 | SUMS COMPLAINT(19161663) SENT BY CERTIFIED MAIL. TO: WILLIAM E. FORGUES 15109 MERRIMEADE DRIVE CLEVELAND, OH 44111-0000 | 6.00 |
| SR | CRTM | D 6 | 4/11/2012 | SUMS COMPLAINT(19161665) SENT BY CERTIFIED MAIL. TO: UNITED STATES OF AMERICA 400 UNITED STATES COURTHOUSE 801 WEST SUPERIOR AVENUE CLEVELAND, OH 44113-0000 | 6.00 |
| SR | CRTM | D 7 | 4/11/2012 | SUMS COMPLAINT(19161666) SENT BY CERTIFIED MAIL. TO: STATE OF OHIO DEPARTMENT OF TAXATION C/O OHIO ATTORNEY GENERAL 150 EAST GAY STREET COLUMBUS, OH 43215-0000 | 6.00 |
| SR | CRTM | D 8 | 4/11/2012 | SUMS COMPLAINT(19161667) SENT BY CERTIFIED MAIL. TO: STATE OF OHIO ESTATE TAX DIVISION C/O OHIO ATTORNEY GENERAL 150 ESAT GAY STREET COLUMBUS, OH 43215-0000 | 6.00 |
| SR | CRTM | D 2 | 4/11/2012 | SUMS COMPLAINT(19161662) SENT BY CERTIFIED MAIL. TO: JOHN DOE, UNK SPOUSE, IF ANY, OF CHRISTINE J. FORGUES 15109 MERRIMEADE DRIVE CLEVELAND, OH 44111-0000 | 6.00 |
| SR | CRTM | D 1 | 4/11/2012 | SUMS COMPLAINT(19161661) SENT BY CERTIFIED MAIL. TO: CHRISTINE J. FORGUES 15109 MERRIMEADE DRIVE CLEVELAND, OH 44111-0000 | 6.00 |
| SR | GDCO | D 6 | 4/16/2012 | CERTIFIED MAIL RECEIPT NO. 19161665 RETURNED BY U.S. MAIL DEPARTMENT 04/16/2012 UNITED STATES OF AMERICA MAIL RECEIVED AT ADDRESS 04/12/2012 SIGNED BY OTHER. | |
| SR | GDCO | D 8 | 4/19/2012 | CERTIFIED MAIL RECEIPT NO. 19161667 RETURNED BY U.S. MAIL DEPARTMENT 04/19/2012 | |

DATE: 10/27/2015
TIME: 1:30 PM
CASE: CV-12-779307

APPEARANCE DOCKET

| | | | | |
|---|---|---|---|---|
| | | | | STATE OF OHIO ESTATE TAX DIVISION MAIL RECEIVED AT ADDRESS 04/16/2012 SIGNED BY OTHER. |
| SR | GDCO | D 7 | 4/19/2012 | CERTIFIED MAIL RECEIPT NO. 19161666 RETURNED BY U.S. MAIL DEPARTMENT 04/19/2012 STATE OF OHIO DEPARTMENT OF TAXATION MAIL RECEIVED AT ADDRESS 04/16/2012 SIGNED BY OTHER. |
| SR | GDCP | D 1 | 4/23/2012 | CERTIFIED MAIL RECEIPT NO. 19161661 RETURNED BY U.S. MAIL DEPARTMENT 04/23/2012 FORGUES/CHRISTINE/J. MAIL RECEIVED BY ADDRESSEE 04/21/2012. |
| SR | GDCO | D 5 | 4/24/2012 | CERTIFIED MAIL RECEIPT NO. 19161664 RETURNED BY U.S. MAIL DEPARTMENT 04/23/2012 UNITED STATES OF AMERICA MAIL RECEIVED AT ADDRESS 04/16/2012 SIGNED BY OTHER. |
| SR | GDCO | D 2 | 4/24/2012 | CERTIFIED MAIL RECEIPT NO. 19161662 RETURNED BY U.S. MAIL DEPARTMENT 04/23/2012 JOHN DOE, UNK SPOUSE, IF ANY, OF CHRISTINE J. FORGUES MAIL RECEIVED AT ADDRESS 04/21/2012 SIGNED BY OTHER. |
| SR | GDCO | D 3 | 4/24/2012 | CERTIFIED MAIL RECEIPT NO. 19161663 RETURNED BY U.S. MAIL DEPARTMENT 04/23/2012 FORGUES/WILLIAM/E. MAIL RECEIVED AT ADDRESS 04/21/2012 SIGNED BY OTHER. |

| | | | | | |
|---|---|---|---|---|---|
| SF | FPUB | P 1 | 5/10/2012 | AFFIDAVIT FOR FORECLOSURE PUBLICATION $250.00 | |
| SF | RECT | P 1 | 5/10/2012 | DEPOSIT AMOUNT PAID REIMER, ARNOVITZ, CHERNEK & JEFFRE` | 250.00 |
| JE | JE | | 5/15/2012 | UPON REVIEW OF THE REQUEST FOR MEDIATION, THE MEDIATOR HAS MADE A PRELIMINARY FINDING THAT THE CASE MAY BE SUITABLE FOR MEDIATION. ALL DISCOVERY AND MOTION PRACTICE IS STAYED PENDING THE MEDIATOR'S FINAL DETERMINATION OF SUITABILITY OF THE CASE FOR MEDIATION. THE CASE WILL BE SET FOR PRE-MEDIATION CONFERENCE BY SEPARATE ORDER. PLAINTIFF'S COUNSEL AND PROPERTY OWNER SHALL APPEAR AT THE PRE-MEDIATION CONFERENCE. FAILURE OF PLAINTIFF'S COUNSEL TO APPEAR WILL RESULT IN DISMISSAL OF THE CASE. FAILURE OF THE PROPERTY OWNER TO APPEAR THE CASE WILL RESULT IN THE RETURN OF THE CASE TO THE FORECLOSURE MAGISTRATE FOR FURTHER PROCEEDINGS. IF THE PARTY SEEKING FORECLOSURE WOULD LIKE THE PROPERTY OWNER TO COMPLETE A LOSS MITIGATION FORM DIFFERENT FROM THE COURT'S STANDARD OWNER'S MEDIATION QUESTIONNAIRE, SAID PARTY MUST BRING A COPY OF THE APPROPRIATE LOSS MITIGATION FORM TO THE PRE-MEDIATION CONFERENCE. NOTICE ISSUED | 18.00 |
| AN | GEN | D 6 | 5/16/2012 | D6 UNITED STATES OF AMERICA ANSWER................ LORI WHITE LAISURE 0060084 | |
| JE | JE | | 5/21/2012 | PRE MEDIATION CONFERENCE SET FOR 06/11/2012 AT 11:15 AM. FAILURE OF THE PROPERTY OWNER, OR PROPERTY OWNER'S COUNSEL, TO APPEAR IN PERSON AT THE PRE-MEDIATION CONFERENCE WILL RESULT IN THE CASE BEING RETURNED TO THE FORECLOSURE DOCKET. FAILURE OF THE PLAINTIFF'S COUNSEL TO APPEAR IN PERSON AT THE PRE-MEDIATION CONFERENCE WILL RESULT IN DISMISSAL OF THE PLAINTIFF'S CLAIMS WITHOUT PREJUDICE. FAILURE OF COUNSEL FOR ANY | 18.00 |

DATE: 10/27/2015  
TIME: 1:30 PM  
CASE: CV-12-779307

APPEARANCE DOCKET

PAGE: 8  
CMSR5143

OTHER PARTY WITH AFFIRMATIVE CLAIMS TO APPEAR WILL RESULT IN THE DISMISSAL OF THOSE CLAIMS WITHOUT PREJUDICE. PLEASE REPORT TO THE FORECLOSURE MEDIATION DEPARTMENT ON THE 10TH FLOOR OF THE JUSTICE CENTER, 1200 ONTARIO, CLEVELAND, OHIO, FOR THE PRE-MEDIATION CONFERENCE.  
**** PARTIES MUST ATTEND BOTH THE PRE-MEDIATION CONFERENCE AND THE FULL MEDIATION. FOR QUESTIONS CONTACT THE MEDIATION DEPARTMENT AT 216-698-7138. ****

NOTICE ISSUED

| | | | | | | |
|---|---|---|---|---|---|---|
| OT | GEN | P 1 | | 6/01/2012 | P1 DEUTSCHE BANK NATIONAL TRUST COMPANY NOTICE OF APPEARANCE AS CO-COUNSEL ............... STEVEN E ELDER 0009066 | |
| SC | CANL | | | 6/01/2012 | PRE MEDIATION CONFERENCE SCHEDULED FOR 06/11/2012 AT 11:15 AM IS CANCELLED. MEDIATOR: JOE MONROE (MED003) REASON: UNKNOWN (notice sent). | |
| JE | JE | | | 6/04/2012 | PRE-MEDIATION CONFERENCE PREVIOUSLY SCHEDULED FOR 06/11/2012 AT 11:15 AM IS RESCHEDULED FOR 07/02/2012 AT 10:00 AM. FAILURE OF THE PROPERTY OWNER, OR PROPERTY OWNER'S COUNSEL, TO APPEAR IN PERSON AT THE PRE-MEDIATION CONFERENCE WILL RESULT IN THE CASE BEING RETURNED TO THE FORECLOSURE DOCKET. FAILURE OF THE PLAINTIFF'S COUNSEL TO APPEAR IN PERSON AT THE PRE-MEDIATION CONFERENCE WILL RESULT IN DISMISSAL OF THE PLAINTIFF'S CLAIMS WITHOUT PREJUDICE. FAILURE OF COUNSEL FOR ANY OTHER PARTY WITH AFFIRMATIVE CLAIMS TO APPEAR WILL RESULT IN THE DISMISSAL OF THOSE CLAIMS WITHOUT PREJUDICE. PLEASE REPORT TO THE FORECLOSURE MEDIATION DEPARTMENT ON THE 10TH FLOOR OF THE JUSTICE CENTER, 1200 ONTARIO, CLEVELAND, OHIO, FOR THE PRE-MEDIATION CONFERENCE.. NOTICE ISSUED | 18.00 |
| CS | GEN1 | P 1 | | 6/04/2012 | PROOF OF PUBLICATION FILED ... / L.N. $640.40 | |
| PP | PUBA | P 1 | | 6/06/2012 | PRE-PAID PORTION OF SERVICE PUBLICATION FEE $390.40 | |
| CS | PFEE | P 1 | | 6/06/2012 | LEGAL NEWS FEE DEP APPLIED TOWARD LEGAL NEWS $250.00 | 250.00 |
| CS | ABLN | P 1 | | 6/06/2012 | LEGAL NEWS ABSTRACT | 5.00 |
| JE | JE | | | 7/05/2012 | PRE-MEDIATION CONFERENCE HELD. ALL PARTIES APPEARED. THIS CASE SHALL PROCEED TO FULL MEDIATION AS SCHEDULED. NOTICE ISSUED | 20.00 |
| JE | JE | | | 7/10/2012 | FORECLOSURE MEDIATION HEARING SET FOR 08/14/2012 AT 01:30 PM. FAILURE OF THE PROPERTY OWNER, AND PROPERTY OWNER'S COUNSEL, IF ANY, TO APPEAR IN PERSON AT THE MEDIATION WILL RESULT IN THE CASE BEING RETURNED TO THE FORECLOSURE DOCKET. FAILURE OF PLAINTIFF'S COUNSEL, AND CLIENT REPRESENTATIVE WITH ULTIMATE SETTLEMENT AUTHORITY OR INVESTOR WITH ULTIMATE SETTLEMENT AUTHORITY, TO APPEAR IN PERSON AT THE MEDIATION WILL RESULT IN THE DISMISSAL OF CLAIMS WITHOUT PREJUDICE. FAILURE OF COUNSEL FOR ANY OTHER PARTY WITH AFFIRMATIVE CLAIMS TO APPEAR IN PERSON, WITH A CLIENT REPRESENTATIVE, WILL RESULT IN THE DISMISSAL OF THOSE CLAIMS WITHOUT PREJUDICE. PLEASE REPORT TO THE FORECLOSURE MEDIATION DEPARTMENT ON THE 10TH FLOOR OF THE JUSTICE CENTER, 1200 ONTARIO, CLEVELAND, OHIO, FOR THE MEDIATION. NOTICE ISSUED | 20.00 |

| | | | | PAGE: 9 |
|---|---|---|---|---|
| **DATE:** 10/27/2015 | | APPEARANCE DOCKET | | CMSR5143 |
| **TIME:** 1:30 PM | | | | |
| **CASE:** CV-12-779307 | | | | |

| AN | GEN D 7 | 7/30/2012 | D7 STATE OF OHIO DEPARTMENT OF TAXATION ANSWER OF DEFENDANT, STATE OF OHIO DEPARTMENT OF TAXATION.... LINDSEY K. MCCARRON 0083888 | |
|---|---|---|---|---|
| JE | JE | 8/16/2012 | FORE. MED. / FOLLOW-UP SET FOR 09/25/2012 AT 02:00 PM. MEDIATION HELD 08/14/2012. ALL PARTIES APPEARED. THIS CASE IS SET FOR A FOLLOW-UP MEDIATION ON THE DATE AND TIME ABOVE. ALL PARTIES SHALL APPEAR IN PERSON. NOTICE ISSUED | 20.00 |
| SC | CANL | 9/06/2012 | FORE. MED. / FOLLOW-UP SCHEDULED FOR 09/25/2012 AT 02:00 PM IS CANCELLED. MEDIATOR: JOE MONROE (MED003) REASON: UNKNOWN (notice sent). | |
| SC | CRSH | 9/06/2012 | FORE. MED. / FOLLOW-UP PREVIOUSLY SCHEDULED FOR 09/25/2012 AT 02:00 PM IS RESCHEDULED FOR 09/25/2012 AT 03:00 PM (Notice Sent). | |
| SC | CANA | 9/18/2012 | FORE. MED. / FOLLOW-UP SCHEDULED FOR 09/25/2012 AT 03:00 PM IS CANCELLED. | |
| JE | JE | 9/18/2012 | FORE. MED. / FOLLOW-UP SET FOR 10/11/2012 AT 02:30 PM. FOLLOW UP MEDIATION HEARING RESET TO 10/11/12 AT 2:30 P.M. ALL PARTIES TO REPORT TO THE 10TH FLOOR OF THE JUSTICE CENTER PREPARED TO DISCUSS SETTLEMENT OF THIS MATTER. NOTICE ISSUED | 20.00 |
| JE | JE | 10/12/2012 | TELEPHONE CONFERENCE SET FOR 11/15/2012 AT 02:30 PM. FOLLOW UP HEARING HELD. ALL PARTIES APPEARED. THE PROPERTY OWNER IS ATTEMPTING TO WORK ON THE TAX LIEN. A STATUS CALL IS SET FOR 11/15/12 AT 2:30 P.M. PLAINTIFF TO INTIATE THE CALL. NOTICE ISSUED | 20.00 |
| SC | CANA | 11/14/2012 | TELEPHONE CONFERENCE SCHEDULED FOR 11/15/2012 AT 02:30 PM IS CANCELLED. | |
| JE | JE | 11/15/2012 | TELEPHONE CONFERENCE SET FOR 11/16/2012 AT 02:30 PM. PHONE CONFERENCE CONTINUED TO 11/16/12 AT 230 PM PLAINTIFF TO INITIATE THE CALL. NOTICE ISSUED | 20.00 |
| JE | JE | 11/19/2012 | TELEPHONE CONFERENCE SET FOR 12/07/2012 AT 01:30 PM. PHONE CONFERENCE HELD. ALL PARTIES APPEARED. THE PARTIES ARE ACTIVELY INVOLVED IN ATTEMTPING TO RESOLVE THIS MATTER THROUGH MEDIATION. A FOLLOW UP PHONE CONFERENCE IS SET FOR 12/7/12 AT 1:30 P.M. PLAINTIFF TO INTIATE THE CALL. NOTICE ISSUED | 20.00 |
| MG | MG | 12/10/2012 | A REVIEW OF THE DOCKET REVEALS THAT PLAINTIFF HAS PERFECTED SERVICE ON ALL DEFENDANTS. PLAINTIFF IS ORDERED TO SUBMIT, WITHIN TWENTY (20) DAYS OF THE DATE OF THIS ORDER, ANY DISPOSITIVE MOTIONS NECESSARY TO AFFIRMATIVELY PROSECUTE THE CASE, UPDATED TITLEWORK, AND A MILITARY AFFIDAVIT IF NECESSARY. FAILURE TO COMPLY WILL RESULT IN DISMISSAL OF THE CASE WITHOUT PREJUDICE. NOTICE ISSUED | 20.00 |
| JE | JE | 12/11/2012 | PHONE CONFERENCE HELD. ALL PARTIES APPEARED. THE CASE CANNOT PROCEED TO A MODIFICATION UNTIL CERTAIN TAX LIENS ARE RESOLVED. THE FILE IS THEREFORE RETURNED TO THE MAGISTRATES FOR FURTHER PROCEEDINGS AND ANY STAY OF DISCOVERY AND OR MOTION PRACTICE IS HEREBY LIFTED. SHOULD THERE BE A CHANGE IN FINANCIAL CIRCUMSTANCES THE CASE MAY BE RE-REFERRED TO MEDIATION. NOTICE ISSUED | 20.00 |

CUYAHOGA COUNTY COURT OF COMMON PLEAS
PAGE: 10
CMSR5143
DATE: 10/27/2015      APPEARANCE DOCKET
TIME: 1:30    PM
CASE: CV-12-779307

| AF | GEN1 | P |  | 12/21/2012 | ATTORNEY AFFIDAVIT | |
|---|---|---|---|---|---|---|
| AF | GEN1 | P |  | 12/21/2012 | AFFIDAVIT AS TO MILITARY STATUS | |
| OT | GEN | P | 1 | 12/21/2012 | P1 DEUTSCHE BANK NATIONAL TRUST COMPANY NOTICE OF FILING DEATH CERTIFICATE. EDWARD G BOHNERT 0004920 | |
| MO | TEXT | P | 1 | 12/21/2012 | P1 DEUTSCHE BANK NATIONAL TRUST COMPANY MOTION FOR DEFAULT JUDGMENT EDWARD G BOHNERT 0004920<br>02/12/2013 - GRANTED | |
| OT | GEN1 | P |  | 12/21/2012 | FINAL JUDICIAL REPORT | |
| MO | TEXT | P | 1 | 12/26/2012 | P1 DEUTSCHE BANK NATIONAL TRUST COMPANY MOTION FOR EXTENSION OF TIME TO FILE ITS PARTIAL MOTION FOR SUMMARY JUDGMENT ............. STEVEN E ELDER 0009066<br>12/31/2012 - GRANTED IN PART | |
| MG | MG |  |  | 12/31/2012 | PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE ITS PARTIAL MOTION FOR SUMMARY JUDGMENT IS GRANTED IN PART. PLAINTIFF MAY SUBMIT ITS PARTIAL MOTION FOR SUMMARY JUDGMENT AGAINST DEFENDANT UNITED STATES OF AMERICA ON OR BEFORE 2/4/13. FAILURE TO COMPLY WITH THIS ORDER MAY RESULT IN THE SETTING OF A TRIAL SCHEDULE TO ADDRESS THE ISSUE OF LIEN PRIORITY BETWEEN PLAINTIFF AND DEFENDANT UNITED STATES OF AMERICA. NOTICE ISSUED | 20.00 |
| MG | MG |  |  | 1/10/2013 | MOTION FOR DEFAULT JUDGMENT IS SET FOR HEARING ON 02/12/2013 AT 10:30AM BEFORE MAGISTRATE CHRISTOPHER E OLSZTYN, 310 W. LAKESIDE, 6TH FL.. THE MOVING PARTY MUST SEND NOTICE OF THE DATE AND TIME OF THIS HEARING AND A COPY OF THE MOTION TO ALL PARTIES, INCLUDING THOSE WHO HAVE YET TO ENTER AN APPEARANCE, AT LEAST 14 DAYS IN ADVANCE OF THE HEARING. FAILURE TO APPEAR MAY RESULT IN DISMISSAL OF THE CLAIMS OR AN ENTRY OF JUDGMENT. NOTICE ISSUED | 20.00 |
| OT | GEN1 | P |  | 1/15/2013 | NOTICE OF HEARING | |
| MO | TEXT | P | 1 | 2/04/2013 | P1 DEUTSCHE BANK NATIONAL TRUST COMPANY MOTION FOR PARTIAL SUMMARY JUDGMENT ............. STEVEN E ELDER 0009066<br>03/20/2013 - GRANTED | |
| MG | MG |  |  | 2/12/2013 | DEFAULT HEARING HELD BY MAGISTRATE ON 2/12/13. PLAINTIFF'S COUNSEL, COUNSEL FOR DEFENDANT UNITED STATES OF AMERICA, AND DEFENDANT CHRISTINE J. FORGUES APPEARED. DEFENDANT CHRISTINE FORGUES ADVISED THE COURT OF HER ON-GOING EFFORTS TO RESOLVE VARIOUS TAX LIENS ATTACHED TO THE PROPERTY, AS WELL AS HER SETTLEMENT DISCUSSIONS WITH PLAINTIFF. THE PARTIES ARE REMINDED TO PROMPTLY NOTIFY THE COURT IF ANY SETTLEMENT AGREEMENTS ARE REACHED IN THIS CASE. FURTHER, PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT IS GRANTED AS TO DEFENDANTS CHRISTINE J. FORGUES; JOHN DOE, UNKNOWN SPOUSE, IF ANY, OF CHRISTINE J. FORGUES; WILLIAM E. FORGUES; THE UNKNOWN HEIRS AT LAW OR UNDER THE WILL, IF ANY, OF WILLIAM E. FORGUES, DECEASED; AND, THE STATE OF OHIO ESTATE TAX DIVISION ONLY. NOTICE ISSUED | 20.00 |
| MO | TEXT | D | 1 | 3/14/2013 | DEFT, STEVENE M. DETTELBACH, UNITED STATES ATTORNEY, NORTHERN DISTRICT OF OHIO MTN FOR EXTENSION OF TIME LORI WHITE LAISURE (0060084)<br>03/20/2013 - DENIED AS MOOT | |
| OT | GEN | D |  | 3/18/2013 | DEFENDANT(S) UNITED STATES OF AMERICA(D5) and UNITED STATES OF AMERICA(D6) STIPULATION. LORI WHITE LAISURE | |

DATE: 10/27/2015               APPEARANCE DOCKET
TIME: 1:30   PM
CASE: CV-12-779307

0060084

| | | | | | | |
|---|---|---|---|---|---|---|
| MG | MG | | | 3/20/2013 | AS DEFENDANT UNITED STATES OF AMERICA FILED, ON 3/18/13, A STIPULATION CONCERNING THE PRIORITY OF PLAINTIFF'S MORTGAGE VIS-A-VIS THE DEFENDANT'S 2004 FEDERAL TAX LIEN, THE DEFENDANT'S MOTION FOR EXTENSION OF TIME IS UNNECESSARY AND IS DENIED AS MOOT. NOTICE ISSUED | 18.00 |
| MG | MG | | | 3/20/2013 | ON REVIEW OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT, DEFENDANT UNITED STATES OF AMERICA'S STIPULATION, AND THE EVIDENCE, PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT IS GRANTED. NO GENUINE ISSUES OF MATERIAL FACT CONCERNING THE PRIORITY OF PLAINTIFF'S MORTGAGE VIS-A-VIS THE LIENS OF DEFENDANTS UNITED STATES OF AMERICA AND STATE OF OHIO, DEPARTMENT OF TAXATION REMAIN UNRESOLVED AND PLAINTIFF IS ENTITLED TO JUDGMENT CONCERNING PRIORITY OF ITS LIEN, AS A MATTER OF LAW. THE MAGISTRATE WILL ISSUE A MAGISTRATE'S DECISION THAT RECITES ALL NECESSARY FINDINGS OF FACT AND CONCLUSIONS OF LAW, CONCERNING ALL CLAIMS IN THIS CASE, BY SEPARATE ORDER. (PARTIAL). NOTICE ISSUED | 18.00 |
| OT | GEN | P | 1 | 4/12/2013 | P1 DEUTSCHE BANK NATIONAL TRUST COMPANY NOTICE OF FILING PROPOSED JUDGMENT ENTRY ADOPTING MAGISTRATE'S DECISION. EDWARD G BOHNERT 0004920 | |
| OT | GEN1 | P | | 4/12/2013 | MAGISTRATE'S DECISION FILED AND COPIES SENT BY ORDINARY MAIL TO ALL PARTIES OR THEIR ATTORNEYS. | |
| JE | JE | | | 5/01/2013 | ORDER ADOPTING MAGISTRATE'S DECISION. ORDER SEE JOURNAL NOTICE ISSUED | 56.00 |
| SF | SHOS | P | 1 | 5/14/2013 | PRAECIPE FOR ORIGINAL ORDER OF SALE FILED DEP. $600.00 DENNIS REIMER (0031109) | |
| SF | RECT | P | 1 | 5/14/2013 | DEPOSIT AMOUNT PAID REIMER, ARNOVITZ, CHERNEK & JEFFRE' | 600.00 |
| OS | OOS | | | 5/30/2013 | ORDER OF SALE ISSUED TO SHERIFF | 2.50 |
| OT | GEN1 | P | | 6/13/2013 | LAND APPRAISAL....FILED. | |
| JE | JE | | | 6/17/2013 | NOTICE OF SALE AND APPROVAL OF APPRAISERS' FEES. THE SALE IS SCHEDULED FOR 07/22/2013 AT 9:00 A.M. IN THE JUSTICE CENTER AUDITORIUM. PURSUANT TO LOCAL RULE 27 IT IS HEREBY ORDERED THAT EACH APPRAISER NAMED BE COMPENSATED BY THE CLERK OF COURTS, FROM THE FUNDS ON DEPOSIT AS FOLLOWS: JOHN ANDREWS, APPRAISAL COST: $51.69 REGULAR FEE AND MILEAGE. STANLEY R PATRISKI, APPRAISAL COST: $50.00 REGULAR FEE. VERNON A. BLAZE, APPRAISAL COST: $50.00 REGULAR FEE. FEES TO BE TAXED AS COSTS IN CASE NO. CV-12-779307 OOS DATED THIS 14th DAY OF JUNE, 2013 NOTICE ISSUED NOTICE ISSUED | 20.00 |
| MO | TEXT | P | 1 | 6/21/2013 | P1 DEUTSCHE BANK NATIONAL TRUST COMPANY MOTION TO RETURN ORDER OF SALE WITHOUT EXECUTION... DOUGLAS A. HAESSIG 0079200 06/28/2013 - GRANTED | |
| JE | JE | | | 6/28/2013 | PLAINTIFF'S MOTION TO RETURN ORDER OF SALE WITHOUT EXECUTION IS GRANTED. ORDER SEE JOURNAL. NOTICE ISSUED | 24.00 |

DATE: 10/27/2015        APPEARANCE DOCKET        PAGE: 12
TIME: 1:30 PM                                                    CMSR5143
CASE: CV-12-779307

| | | | | | |
|---|---|---|---|---|---|
| JE | JE | | 7/02/2013 | THE NOTICE OF SHERIFF'S SALE IS AMENDED TO INDICATE THAT THE SALE WILL TAKE PLACE AT THE JUVENILE JUSTICE CENTER, 9300 QUNICY AVE., CLEVELAND, OHIO, NOT IN THE JUSTICE CENTER AUDITORIUM, 1215 WEST THIRD STREET, CLEVELAND, OHIO. NOTICE ISSUED | 22.00 |
| OT | GEN | P 1 | 7/03/2013 | P1 DEUTSCHE BANK NATIONAL TRUST COMPANY NOTICE OF SALE.... DOUGLAS A. HAESSIG 0079200 | |
| CS | CERT | P 1 | 7/16/2013 | CERTIFICATE OF TITLE $586.00 PAY TO REIMER ARNOVITZ CHERNEK & JEFFREY CO.,LPA | 586.00 |
| CS | RECO | P 1 | 7/16/2013 | RECORDER'S FEE $2.00 | 2.00 |
| CS | ABST | P 1 | 7/16/2013 | ABSTRACT TO STATE | 2.00 |
| CS | PAGE | P 1 | 7/16/2013 | FORECLOSURE PAGE COUNT | 233.00 |
| CS | OOSN | | 8/20/2013 | ORDER OF SALE<br>Parcel Number: 025-24-054 ORDER OF SALE, WITH REPORT OF SALE ATTACHED, RETURNED 07/24/2013.<br>BY ORDER OF THE COURT.<br>NO SALE FORECLOSURE CLERK FEE - $5.00<br>CUYAHOGA COUNTY SHERIFF DEPT SERVICE FEE $46.00<br>ORDER OF SALE - NO SALE - LEGAL NEWS COST: $352.95<br>LEGAL NEWS ABSTRACT $ 5.00<br>*****SHERIFF FEES*****<br>NOTICE TO PRINTER 0.00<br>SERVICE & RETURN 0.00<br>POUNDAGE(*) 0.00<br>COST OF DEED PREPERATION 0.00<br>LEGAL NEWS 0.00<br>══════TOTAL OF FEES $0.00. | |
| CS | LNAB | | 8/20/2013 | LEGAL NEWS ABSTRACT $ 5.00 | 5.00 |
| SH | S018 | | 8/20/2013 | CUYAHOGA COUNTY SHERIFF DEPT SERVICE FEE $46.00 | 46.00 |
| CS | LNNS | | 8/20/2013 | ORDER OF SALE - NO SALE - LEGAL NEWS COST: $352.95 | 352.95 |
| CS | CFV | | 8/20/2013 | NO SALE FORECLOSURE CLERK FEE - $5.00 | 5.00 |
| CS | 3151 | | 8/21/2013 | COURT COST ASSESSED<br>DEUTSCHE BANK NATIONAL TRUST COMPANY<br>BILL AMOUNT 2041.54<br>PAID AMOUNT 1515.4<br>AMOUNT DUE 526.14 | |
| CS | 3151 | | 8/21/2013 | COURT COST ASSESSED<br>DEUTSCHE BANK NATIONAL TRUST COMPANY BILLED C/O ATTY<br>BILL AMOUNT 2041.54<br>PAID AMOUNT 1515.4<br>AMOUNT DUE 526.14 | |
| $$ | POA | P 1 | 12/10/2013 | PAYMENT ON ACCOUNT MADE ON BEHALF OF DEUTSCHE BANK NATIONAL TRUST COMPANY IN THE AMOUNT OF $526.14 | 526.14 |
| OS | PR | P 1 | 3/14/2014 | PRAECIPE FOR ORDER OF SALE $600 ALIAS ORDER OF SALE | |
| SF | RECT | P 1 | 3/14/2014 | DEPOSIT AMOUNT PAID DENNIS REIMER | 600.00 |
| OS | ALI | | 3/20/2014 | ALIAS ORDER OF SALE ISSUED TO SHERIFF WITHOUT NEW APPRAISAL | 2.50 |

DATE: 10/27/2015
TIME: 1:30 PM
CASE: CV-12-779307

CUYAHOGA COUNTY COURT OF COMMON PLEAS

APPEARANCE DOCKET

PAGE: 13
CMSR5143

| | | | | | |
|---|---|---|---|---|---|
| OT | GEN1 | | | 3/27/2014 | ALIAS LAND APPRAISAL....FILED. |
| MO | MOT | P 1 | | 4/11/2014 | MOTION FILED FOR P1 DEUTSCHE BANK NATIONAL TRUST COMPANY DOUGLAS A. HAESSIG 0079200 MOTION TO RETURN ORDER OF SALE WITHOUT EXECUTION<br>04/14/2014 - GRANTED |
| MO | MOT | P 1 | | 4/11/2014 | MOTION FILED FOR P1 DEUTSCHE BANK NATIONAL TRUST COMPANY DOUGLAS A. HAESSIG 0079200 MOTION TO RETURN THE ORDER OF SALE WITHOUT EXECUTION<br>04/16/2014 - GRANTED |
| JE | JE | | | 4/16/2014 | PLAINTIFF'S MOTION TO RETURN ORDER OF SALE WITHOUT EXECUTION IS GRANTED. ORDER SEE JOURNAL.<br>NOTICE ISSUED | 22.00 |
| NT | NOT | P 1 | | 4/16/2014 | NOTICE FILED BY P1 DEUTSCHE BANK NATIONAL TRUST COMPANY ATTORNEY EDWARD G BOHNERT 0004920 NOTICE OF SALE |
| CS | LNAB | | | 5/14/2014 | LEGAL NEWS ABSTRACT $ 5.00 | 5.00 |
| CS | LNNS | | | 5/14/2014 | ORDER OF SALE - NO SALE - LEGAL NEWS COST: $364.50 | 364.50 |
| CS | CFV | | | 5/14/2014 | NO SALE FORECLOSURE CLERK FEE - $5.00 | 5.00 |
| SH | S018 | | | 5/14/2014 | CUYAHOGA COUNTY SHERIFF DEPT SERVICE FEE $16.00 | 16.00 |
| CS | OOSN | | | 5/14/2014 | ALIAS ORDER OF SALE<br>Parcel Number: 025-24-054 ORDER OF SALE, WITH REPORT OF SALE ATTACHED, RETURNED 05/07/2014.<br>BY ORDER OF THE COURT.<br>NO SALE FORECLOSURE CLERK FEE - $5.00<br>CUYAHOGA COUNTY SHERIFF DEPT SERVICE FEE $16.00<br>ORDER OF SALE - NO SALE - LEGAL NEWS COST: $364.50<br>LEGAL NEWS ABSTRACT $ 5.00<br>*****SHERIFF FEES*****<br>NOTICE TO PRINTER 0.00<br>SERVICE & RETURN 0.00<br>POUNDAGE(*) 0.00<br>COST OF DEED PREPERATION 0.00<br>LEGAL NEWS 0.00<br>=======TOTAL OF FEES $0.00. |
| OS | PR | P 1 | | 9/25/2014 | PRAECIPE FOR ORDER OF SALE $600 ALIAS ORDER OF SALE |
| SF | RECT | P 1 | | 9/25/2014 | DEPOSIT AMOUNT PAID DENNIS REIMER | 600.00 |
| OS | PLUR | | | 10/01/2014 | PLURIES ORDER OF SALE ISSUED TO SHERIFF<br>WITH NEW APPRAISAL | 2.50 |
| JE | JE | | | 10/15/2014 | NOTICE OF SALE AND APPROVAL OF APPRAISERS' FEES. THE SALE IS SCHEDULED FOR 11/17/2014 AT 9:00 A.M. AT THE CUYAHOGA COUNTY JUSTICE CENTER AUDITORIUM, 1215 WEST 3RD STREET, CLEVELAND, OHIO 44113. PURSUANT TO LOCAL RULE 27 IT IS HEREBY ORDERED THAT EACH APPRAISER NAMED BE COMPENSATED BY THE CLERK OF COURTS, FROM THE FUNDS ON DEPOSIT AS FOLLOWS:<br><br>THOMAS COSTELLO, APPRAISAL COST: $52.29 REGULAR FEE AND MILEAGE.<br>WILLIAM J. GAYDOS, APPRAISAL COST: $50 REGULAR FEE.<br>PAUL GERALD MCLAUGHLIN, APPRAISAL COST: $50 REGULAR FEE.<br>FEES TO BE TAXED AS COSTS IN CASE NO. CV-12-779307 DATED THIS 7th DAY OF OCTOBER, 2014<br>NOTICE ISSUED | 20.00 |

U9605

DATE: 10/27/2015
TIME: 1:30 PM
CASE: CV-12-779307

APPEARANCE DOCKET

PAGE: 14
CMSR5143

|      |       |     | NOTICE ISSUED | | |
|------|-------|-----|---------------|---|---|
|      |       |     | 10/15/2014 | PLUR LAND APPRAISAL FILED. | |
| OT | GEN1 | | | | |
| NT | NOT | P 1 | 10/28/2014 | NOTICE FILED BY P1 DEUTSCHE BANK NATIONAL TRUST COMPANY ATTORNEY EDWARD G BOHNERT 0004920 NOTICE OF SALE | |
| MO | MOT | P 1 | 11/03/2014 | MOTION FILED FOR P1 DEUTSCHE BANK NATIONAL TRUST COMPANY DOUGLAS A. HAESSIG 0079200 MOTION TO RETURN ORDER OF SALE WITHOUT EXECUTION<br>11/04/2014 - DENIED | |
| JE | JE | | 11/04/2014 | PLAINTIFF'S MOTION TO RETURN ORDER OF SALE WITHOUT EXECUTION IS DENIED, AS THE MOTION FAILS TO PROVIDE A REASON FOR RETURN OF THE PLURIES ORDER OF SALE WITHOUT EXECUTION THAT IS CONSIDERED VALID BY THIS COURT. THE COURT MAY ENTERTAIN A RENEWED MOTION TO RETURN ORDER OF SALE WITHOUT EXECUTION THAT INDICATES THAT ANY OF THE SPECIFICALLY-STATED REASONS FOR RETURN OF AN ORDER OF SALE WITHOUT EXECUTION, AS PROVIDED IN THE COURT'S FORM MOTION, ARE PRESENT IN THIS CASE.<br>NOTICE ISSUED | 20.00 |
| NT | NOT | P 1 | 11/17/2014 | NOTICE FILED BY P1 DEUTSCHE BANK NATIONAL TRUST COMPANY ATTORNEY F. PETER COSTELLO 0076112 NOTICE OF BANKRUPTCY | |
| CS | OOSN | | 11/19/2014 | PLURIES ORDER OF SALE<br>Parcel Number: 025-24-054 ORDER OF SALE, WITH REPORT OF SALE ATTACHED, RETURNED 11/19/2014.<br>CHAPTER 13 BANKRUPTCY ACT.<br>NO SALE FORECLOSURE CLERK FEE - $5.00<br>CUYAHOGA COUNTY SHERIFF DEPT SERVICE FEE $45.00<br>ORDER OF SALE - NO SALE - LEGAL NEWS COST: $425.00<br>LEGAL NEWS ABSTRACT $ 5.00<br>*****SHERIFF FEES*****<br>NOTICE TO PRINTER 0.00<br>SERVICE & RETURN 0.00<br>POUNDAGE(*) 0.00<br>COST OF DEED PREPERATION 0.00<br>LEGAL NEWS 0.00<br>=======TOTAL OF FEES $0.00. | |
| CS | LNAB | | 11/19/2014 | LEGAL NEWS ABSTRACT $ 5.00 | 5.00 |
| CS | CFV | | 11/19/2014 | NO SALE FORECLOSURE CLERK FEE - $5.00 | 5.00 |
| CS | LNNS | | 11/19/2014 | ORDER OF SALE - NO SALE - LEGAL NEWS COST: $425.00 | 425.00 |
| SH | S018 | | 11/19/2014 | CUYAHOGA COUNTY SHERIFF DEPT SERVICE FEE $45.00 | 45.00 |
| MO | MOT | P 1 | 2/04/2015 | MOTION FILED FOR P1 DEUTSCHE BANK NATIONAL TRUST COMPANY DOUGLAS A. HAESSIG 0079200 MOTION TO VACATE BANKRUPTCY STAY<br>02/05/2015 - DENIED | |
| MG | MG | | 2/05/2015 | PLAINTIFF'S MOTION TO VACATE BANKRUPTCY STAY IS DENIED. AS THIS CASE WAS NEVER FORMALLY STAYED UPON THE COURT'S RECEIPT OF NOTIFICATION OF DEFENDANT CHRISTINE J. FORGUE'S BANKRUPTCY FILING AND AS PLAINTIFF HAS PRESENTED SUFFICIENT EVIDENCE OF A FINAL DISPOSITION OF THE DEFENDANT'S BANKRUPTCY CASE, PLAINTIFF MAY PROCEED WITH EXECUTION ON THE JUDGMENT ENTERED IN ITS FAVOR IN THIS CASE.<br>NOTICE ISSUED | 22.00 |
| OS | PR | P 1 | 2/12/2015 | PRAECIPE FOR ORDER OF SALE $600 SECOND PLURIES ORDER | |

U9605

| | | | | | | | PAGE: 15 |
|---|---|---|---|---|---|---|---|
| DATE: | 10/27/2015 | | | APPEARANCE DOCKET | | | CMSR5143 |
| TIME: | 1:30 | PM | | | | | |
| CASE: | CV-12-779307 | | | | | | |

| | | | | | |
|---|---|---|---|---|---|
| | | | | OF SALE | |
| SF | RECT | P 1 | 2/12/2015 | DEPOSIT AMOUNT PAID DENNIS REIMER | 600.00 |
| OS | 2PLU | | 2/13/2015 | SECOND PLURIES ORDER OF SALE ISSUED TO SHERIFF WITHOUT REAPPRAISAL | 2.50 |
| OT | OT | P 1 | 2/26/2015 | GENERAL PLEADING FILED BY P1 DEUTSCHE BANK NATIONAL TRUST COMPANY ATTORNEY DOUGLAS A. HAESSIG 0079200 ASSIGNMENT OF JUDGMENT. | |
| OT | GEN1 | | 2/27/2015 | 2PLUR LAND APPRAISAL FILED | |
| NT | NOT | P 1 | 3/17/2015 | NOTICE FILED BY P1 DEUTSCHE BANK NATIONAL TRUST COMPANY ATTORNEY EDWARD G BOHNERT 0004920 NOTICE OF SALE | |
| MO | MOT | P 1 | 3/20/2015 | MOTION FILED FOR P1 DEUTSCHE BANK NATIONAL TRUST COMPANY DOUGLAS A. HAESSIG 0079200 MOTION TO RETURN ORDER OF SALE WITHOUT EXECUTION 03/25/2015 - GRANTED | |
| JE | JE | | 3/25/2015 | PLAINTIFF'S MOTION TO RETURN ORDER OF SALE WITHOUT EXECUTION IS GRANTED. ORDER SEE JOURNAL. NOTICE ISSUED | 24.00 |
| OT | GEN1 | | 4/01/2015 | CONSUMER NOTICE OF DISPUTE OF DEBT FILED | |
| CS | CFV | | 4/13/2015 | NO SALE FORECLOSURE CLERK FEE - $5.00 | 5.00 |
| SH | S018 | | 4/13/2015 | CUYAHOGA COUNTY SHERIFF DEPT SERVICE FEE $16.00 | 16.00 |
| CS | LNAB | | 4/13/2015 | LEGAL NEWS ABSTRACT $ 5.00 | 5.00 |
| CS | LNNS | | 4/13/2015 | ORDER OF SALE - NO SALE - LEGAL NEWS COST: $436.10 | 436.10 |
| CS | OOSN | | 4/13/2015 | SECOND PLURIES SALE Parcel Number: 025-24-054 ORDER OF SALE, WITH REPORT OF SALE ATTACHED, RETURNED 04/08/2015. BY ORDER OF THE COURT. NO SALE FORECLOSURE CLERK FEE - $5.00 CUYAHOGA COUNTY SHERIFF DEPT SERVICE FEE $16.00 ORDER OF SALE - NO SALE - LEGAL NEWS COST: $436.10 LEGAL NEWS ABSTRACT $ 5.00 *****SHERIFF FEES***** NOTICE TO PRINTER 0.00 SERVICE & RETURN 0.00 POUNDAGE(*) 0.00 COST OF DEED PREPERATION 0.00 LEGAL NEWS 0.00 ========TOTAL OF FEES $0.00. | |
| OS | PR | P 1 | 5/07/2015 | PRAECIPE FOR ORDER OF SALE $600 THIRD PLURIES ORDER OF SALE | |
| SF | RECT | P 1 | 5/07/2015 | DEPOSIT AMOUNT PAID DENNIS REIMER | 600.00 |
| OS | 3PLU | | 5/12/2015 | THIRD PLURIES ORDER OF SALE ISSUED TO SHERIFF WITHOUT REAPPRAISAL | 2.50 |
| OT | GEN1 | | 5/22/2015 | 3PLU. LAND APPRAISAL FILED. | |
| OT | GEN | D 1 | 6/02/2015 | D1 CHRISTINE J. FORGUES CONSUMER NOTICE OF DISPUTE OF DEBT. PRO SE 9999999 | |
| MO | MOT | P 1 | 6/05/2015 | MOTION FILED FOR P1 DEUTSCHE BANK NATIONAL TRUST COMPANY DOUGLAS A. HAESSIG 0079200 MOTION TO RETURN ORDER OF SALE WITHOUT EXECUTION | |

|      |      |      |     |            | 06/11/2015 - GRANTED |        |
|------|------|------|-----|------------|----------------------|--------|
| NT   | NOT  | P    | 1   | 6/09/2015  | NOTICE FILED BY P1 DEUTSCHE BANK NATIONAL TRUST COMPANY ATTORNEY EDWARD G BOHNERT 0004920 NOTICE OF SALE | |
| JE   | JE   |      |     | 6/11/2015  | PLAINTIFF'S MOTION TO RETURN ORDER OF SALE WITHOUT EXECUTION IS GRANTED. ORDER SEE JOURNAL. NOTICE ISSUED | 26.00 |
| MO   | TEXT | D    | 1   | 6/30/2015  | D1 CHRISTINE J. FORGUES MOTION TO SET ASIDE DEFAULT JUDGMENT PRO SE 9999999 09/08/2015 - DENIED | |
| CS   | CFV  |      |     | 7/07/2015  | NO SALE FORECLOSURE CLERK FEE - $5.00 | 5.00 |
| CS   | LNNS |      |     | 7/07/2015  | ORDER OF SALE - NO SALE - LEGAL NEWS COST: $436.10 | 436.10 |
| SH   | S018 |      |     | 7/07/2015  | CUYAHOGA COUNTY SHERIFF DEPT SERVICE FEE $16.00 | 16.00 |
| CS   | LNAB |      |     | 7/07/2015  | LEGAL NEWS ABSTRACT $ 5.00 | 5.00 |
| CS   | OOSN |      |     | 7/07/2015  | THIRD PLURIES SALE Parcel Number: 025-24-054 ORDER OF SALE, WITH REPORT OF SALE ATTACHED, RETURNED 07/01/2015. BY ORDER OF THE COURT. NO SALE FORECLOSURE CLERK FEE - $5.00 CUYAHOGA COUNTY SHERIFF DEPT SERVICE FEE $16.00 ORDER OF SALE - NO SALE - LEGAL NEWS COST: $436.10 LEGAL NEWS ABSTRACT $ 5.00 *****SHERIFF FEES***** NOTICE TO PRINTER 0.00 SERVICE & RETURN 0.00 POUNDAGE(*) 0.00 COST OF DEED PREPERATION 0.00 LEGAL NEWS 0.00 ========TOTAL OF FEES $0.00. | |
| OS   | PR   | P    | 1   | 7/07/2015  | PRAECIPE FOR ORDER OF SALE $600 FOURTH PLURIES ORDER OF SALE | |
| SF   | RECT | P    | 1   | 7/07/2015  | DEPOSIT AMOUNT PAID DENNIS REIMER | 600.00 |
| OS   | 4PLU |      |     | 7/09/2015  | FOURTH PLURIES ORDER OF SALE ISSUED TO SHERIFF WITHOUT RE-APPRAISAL | 2.50 |
| OT   | GEN1 |      |     | 7/21/2015  | 2PLU. LAND APPRAISAL FILED. | |
| OT   | MCON |      |     | 7/24/2015  | MAGISTRATE'S DECISION WITH FINDINGS OF FACT AND CONCLUSIONS OF LAW COPIES SENT TO ALL PARTIES ON SERVICE PAGE. FILED. | |
| SR   | NOTI | P    | 1   | 7/24/2015  | MAGISTRATE'S DECISION(26654681) SENT BY CLERK ISSUED VIA HAND DELIVERY. TO: DENNIS REIMER 30455 SOLON ROAD SOLON, OH 44139-0000 | |
| SR   | ORDM | D    | 1   | 7/27/2015  | MAGISTRATE'S DECISION(26654680) SENT BY REGULAR MAIL SERVICE. TO: CHRISTINE J. FORGUES 15109 MERRIMEADE DRIVE CLEVELAND, OH 44111-0000 | 2.00 |
| OB   | GEN  | D    | 1   | 7/30/2015  | D1 CHRISTINE J. FORGUES DEFENDANT'S OBJECTION TO | |

PAGE: 17
CMSR5143

DATE: 10/27/2015
TIME: 1:30 PM
CASE: CV-12-779307

APPEARANCE DOCKET

| | | | | | | |
|---|---|---|---|---|---|---:|
| | | | | | MAGISTRATE'S DECISION DENYING RELIEF UNDER CIV. R. 55(B), 60(B)4.. PRO SE 9999999 | |
| NT | NOT | P | 1 | 8/03/2015 | NOTICE FILED BY P1 DEUTSCHE BANK NATIONAL TRUST COMPANY ATTORNEY EDWARD G BOHNERT 0004920 NOTICE OF SALE | |
| OT | GEN | D | 1 | 8/07/2015 | D1 CHRISTINE J. FORGUES CONSUMER NOTICE OF DISPUTE OF DEBT AND INTENT TO SUE.. PRO SE 9999999 | |
| MO | MOT | P | 1 | 8/19/2015 | MOTION FILED FOR P1 DEUTSCHE BANK NATIONAL TRUST COMPANY DEAN K HEGYES 0059768 MOTION TO RETURN ORDER OF SALE WITHOUT EXECUTION<br>08/25/2015 - GRANTED | |
| JE | JE | | | 8/25/2015 | PLAINTIFF'S MOTION TO RETURN ORDER OF SALE WITHOUT EXECUTION IS GRANTED. ORDER SEE JOURNAL.<br>NOTICE ISSUED | 28.00 |
| CS | CFV | | | 9/02/2015 | NO SALE FORECLOSURE CLERK FEE - $5.00 | 5.00 |
| CS | OOSN | | | 9/02/2015 | FOURTH PLURIES SALE<br>Parcel Number: 025-24-054 ORDER OF SALE, WITH REPORT OF SALE ATTACHED, RETURNED 08/28/2015.<br>BY ORDER OF THE COURT.<br>NO SALE FORECLOSURE CLERK FEE - $5.00<br>CUYAHOGA COUNTY SHERIFF DEPT SERVICE FEE $53.00<br>ORDER OF SALE - NO SALE - LEGAL NEWS COST: $436.10<br>LEGAL NEWS ABSTRACT $ 5.00<br>*****SHERIFF FEES*****<br>NOTICE TO PRINTER 0.00<br>SERVICE & RETURN 0.00<br>POUNDAGE(*) 0.00<br>COST OF DEED PREPERATION 0.00<br>LEGAL NEWS 0.00<br>═══════TOTAL OF FEES $0.00. | |
| CS | LNAB | | | 9/02/2015 | LEGAL NEWS ABSTRACT $ 5.00 | 5.00 |
| CS | LNNS | | | 9/02/2015 | ORDER OF SALE - NO SALE - LEGAL NEWS COST: $436.10 | 436.10 |
| SH | S018 | | | 9/02/2015 | CUYAHOGA COUNTY SHERIFF DEPT SERVICE FEE $53,00 | 53.00 |
| JE | JE | | | 9/11/2015 | ORDER OVERRULING DEFENDANT CHRISTINE J. FORGUES' OBJECTIONS TO THE JULY 24, 2015 MAGISTRATE'S DECISION AND ADOPTING MAGISTRATE'S DECISION. ORDER SEE JOURNAL.<br>NOTICE ISSUED | 46.00 |
| CA | 2 | D | 1 | 10/09/2015 | -------------------- NOTICE OF APPEAL --------------------<br>CA NO. 103613<br>NOTICE OF APPEAL FILED BY THE DEFT. APPELLANT W/A 9A PRAECIPE AND DOCKETING STATEMENT ON THE REGULAR CALENDAR. COPIES MAILED. | |

R E Q U E S T   F O R   S E R V I C E   FILED

(INSTRUCTIONS FOR CLERK)

2012 MAR 29 P 2: 02

THE STATE OF OHIO          )          IN THE COURT OF COMMON PLEAS
                           )SS.                CLERK OF COURTS
CUYAHOGA COUNTY            )          CASE NO.        CUYAHOGA COUNTY

                                      DATE:      March 29, 2012

Deutsche Bank National Trust Company,
as Trustee for J.P. Morgan Mortgage
Acquisition Trust 2007-CH5, Asset
Backed Pass-Through Certificates,
Series 2007-CH5
_____
                    Plaintiff


          ~vs~


Christine J. Forgues aka Christine J.A.
Andres Doubrava aka Christine J.
Andres, et al.
_____

                    Defendants

     Please make CERTIFIED MAIL SERVICE on the Defendants:

Christine J. Forgues aka Christine J.A. Andres Doubrava aka
Christine J. Andres, 15109 Merrimeade Drive, Cleveland,
Ohio  44111
_____
John Doe, Unknown Spouse, if any, of Christine J. Forgues
aka Christine J.A. Andres Doubrava aka Christine J. Andres,
15109 Merrimeade Drive, Cleveland, Ohio  44111
_____
William E. Forgues, 15109 Merrimeade Drive, Cleveland, Ohio
44111
_____
The United States of America, c/o U.S. Attorney General
950 Pennsylvania Avenue Northwest, Washington, DC  20530
_____

The United States of America, c/o U.S. Attorney's Office,
400 United States Courthouse, 801 West Superior Avenue,
Cleveland, Ohio  44113

State of Ohio Department of Taxation, c/o Ohio Attorney
General, 150 East Gay Street, Columbus, Ohio  43215

State of Ohio Estate Tax Division, c/o Ohio Attorney
General, 150 East Gay Street, Columbus, Ohio  43215

Thank you!

**REIMER, ARNOVITZ, CHERNEK &
JEFFREY CO., L.P.A.**
Edward G. Bohnert (0004920)
Ronald J. Chernek (0041431)
Douglas A. Haessig (0079200)

CV12779307                                              73721428

|||||||||||||||||||||||||||||||||||||||||||

F12-00223                    EGB/tys                    April 30, 2012

                                                        FILED
                                                   2012 MAY 10  P 1: 33

                                                   GERALD E. FUERST
                                                   CLERK OF COURTS
              IN THE COURT OF COMMON PLEAS              COUNTY
              CUYAHOGA COUNTY, OHIO

Deutsche Bank National Trust    ) CASE NO. CV12779307
Company, as Trustee for J.P.    )
Morgan Mortgage Acquisition     )
Trust 2007-CH5, Asset Backed    ) Judge DICK AMBROSE
Pass-Through Certificates,      )
Series 2007-CH5                 )
                                ) AFFIDAVIT FOR SERVICE
               Plaintiff        ) BY PUBLICATION
                                )
        -vs-                    )

Christine J. Forgues aka
Christine J.A. Andres
Doubrava aka Christine J.
Andres, et al.

            Defendant

THE STATE OF OHIO    :
                         SS.
SUMMIT COUNTY        :

                                   $250.00  DEPOSITED
                                       21559
                                    MAY 10 2012
                                     SECURE COSTS
                                 GERALD E. FUERST, Clerk of Courts
                                 PER_____ DEPUTY

                        DAILY LEGAL NEWS

    Edward G. Bohnert, being first duly sworn, deposes and says

that he is the attorney for Deutsche Bank National Trust

Company, as Trustee for J.P. Morgan Mortgage Acquisition Trust

2007-CH5, Asset Backed Pass-Through Certificates, Series 2007-

CH5 in the above entitled action for foreclosure, money relief

and judgment, that service of summons cannot be made upon the

defendant, The Unknown Heirs at Law or Under the Will, if any,

of William E. Forgues, Deceased whose last place of residence is

unknown.

That the present address of said defendant is unknown and cannot with reasonable diligence be ascertained; That the following efforts were made to ascertain the address of the defendant:

Search of Court Documents and Telephone Directories.

That this case is one of those mentioned in Section 2703.14 of the Revised Code of Ohio.

*Edward Bohnert*

Edward G. Bohnert, #0004920

SWORN TO BEFORE ME, and subscribed in my presence this 4th day of May, 2012.

*April M Beavers*

Notary Public for the State of Ohio



April M. Beavers
Resident Trumbull County
Notary Public, State of Ohio
My Commission Expires: 11/18/2013

Case # CV12779307
Complaint Filed March 29, 2012

Permanent Parcel Number: 025-24-054; Property Address: 15109
Merimeade Drive, Cleveland, Ohio 44111. The legal description
may be obtained from the Cuyahoga County Auditor at 1219 Ontario
Street, Cleveland, Ohio 44113, 216-443-7010.

F12-00223                    DR/srf                    May 9, ●●3

# IN THE COURT OF COMMON PLEAS
## CUYAHOGA COUNTY, OHIO

Deutsche Bank National Trust           2013 MAY 14  P 4 00
Company, as Trustee for J.P. Morgan
Mortgage Acquisition Trust 2007-CH5,        ROW 5
Asset Backed Pass-Through         CU*AHOGA COURTS
Certificates, Series 2007-CH5                COUNTY
_____
Plaintiff                              Case No.  CV12779307
                                                 _____

        VS
Christine J. Forgues aka Christine J.A.
Andres Doubrava aka Christine J.
Andres, et al.                         Judge   Dick Ambrose
_____             _____
Defendant


                            Praecipe for Order of Sale
                    CV12779307                    79377461
To the Clerk of Courts:   ‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖

       Please issue an Original Order of Sale to the Cuyahoga County Sheriff directing him to
appraise, advertise, and then sell the property located at:


PREMISES COMMONLY KNOWN AS:            15109 Merimeade Drive
                                       _____
                                       Cleveland, Ohio 44111
                                       _____


PERMANENT PARCEL NUMBER:        025-24-054
                                _____


Dennis Reimer                   0031109
_____
Attorney                        Bar No.


30455 Solon Road
_____
Address


Solon, Ohio 44139
_____
City, State  Zip


(440) 600-5500
_____
Telephone

$ ⟨⟨⟨⟨⟨ DEPOSITED

MAY 1 4 2013

SECURE COSTS
Cuyahoga County, Clerk of Courts
Per _____ Deputy



**Cuyahoga County Sheriff**

AUG 19 2013

## REPORT OF SALE    CV-12-779307  OOS

**The State of Ohio** } ss.    In Obedience to the command of the foregoing Order of Sale,
Cuyahoga County

I did on the 12th day of June A.D. 2013 summon JOHN ANDREWS, STANLEY R. PATRISKI and VERNON A BLAZE, three disinterested freeholders, residents of said County who were by me, duly sworn to view and appraise the lands and tenements therein described, and who returned to me under their hands and seals that they did, upon actual view of the premises, estimate and appraise the real value in money, of the same at Seventy Five Thousand Dollars And Zero Cents exactly ($75,000.00).

And on the 12th day of June A.D. 2013, I deposited a certified copy of said appraisal in the office of the Clerk of Court of Common Pleas of said County.  And on the 22nd day of June A.D. 2013, I caused to be advertised in the DAILY LEGAL NEWS (newspaper…printed and published and of general circulation in Cuyahoga County) said lands and tenements to be sold at public sale at the Court House of said County, on the Monday the 22nd day of July A.D. 2013, between the hours of 9:00 AM to 12 o'clock, noon of the said day.

**WITHDRAWN - ORDER OF THE COURT**

| FEES | |
|---|---|
| Calling Inquest | $20.00 |
| Appraisers' Fees | $150.00 |
| Printer's Fees and affidavit | $352.95 |
| Notice to Printer | $3.00 |
| Swearing in Appraisers | $9.00 |
| Mileage | $1.69 |
| Poundage | $0.00 |
| Service and Return | $14.00 |
| | |
| **Total** | $550.64 |

| PAID | |
|---|---|
| Total Amount Made on this Writ | |
| Paid Taxes | |
| Paid Costs to Clerk | |
| Retained my fees hereon | |
| Paid | |
| Paid | |
| Paid | |
| Paid | |
| Paid | |
| Paid | |
| Paid | |

Cuyahoga County Sheriff

*James Bitterman*    CHIEF DEPUTY

By

**STATE OF OHIO**       }
**COUNTY OF CUYAHOGA** } ss.

I, Tiffany Wilcox, being duly sworn, upon my oath, depose and say that I am the agent of the DAILY LEGAL NEWS, and that the annexed advertisement attached hereto was published in the DAILY LEGAL NEWS, a daily newspaper of general circulation, printed in the City of Cleveland, County of Cuyahoga, State of Ohio, for a period of 2 consecutive weeks, on and on the same day of each week, on and after the 22nd day of June A.D. 2013.

Sworn to and subscribed in my presence this 6th day of July, A.D. 2013.

NOTARY PUBLIC
Rae Szabo, Notary Public
State of Ohio (Cuyahoga County)
My Commission Expires March 19, 2015

DAILY LEGAL NEWS
2935 PROSPECT AVENUE
CLEVELAND, OHIO 44115
(216) 696-3322
**PROOF OF PUBLICATION**

Case No. (046) 779307

Caption: Deutsche Bank National Trust Company as Trustee for JPMorgan Mortgage Acquisition Trust 2007-CH5 Asset Backed Pass-Through Certificates Series 2007-CH5 vs. Christine J. Forgues, aka Christine J.A. Andres Doubrava aka Christine J. Andres

PUBLICATION FEE:  $352.95

Sale No. 046
**SHERIFF'S SALE**
(Cause No. 779307)
The State of Ohio, Cuyahoga County, ss. Pursuant to the command of and order of sale issued from the Court of Common Pleas of said county, and to me directed, in the action of

Deutsche Bank National Trust Company as Trustee for JPMorgan Mortgage Acquisition Trust 2007-CH5 Asset Backed Pass-Through Certificates Series 2007-CH5, plaintiff vs. Christine J. Forgues, a.k.a. Christine J.A. Andres Doubrava, a.k.a. Christine J. Andres, et al., defendants,

The Sheriff of Cuyahoga County shall offer for sale at public auction, on the first floor in Room 100 at the Cuyahoga County Juvenile Justice Center located at 9300 Quincy Avenue, in the City of Cleveland, County of Cuyahoga and State of Ohio 44106, on

**Monday, the 22nd day of July, A.D. 2013,** beginning at 9:00 o'clock A.M. of said day, the following described lands and tenements to wit:

Situated in the City of Cleveland, County of Cuyahoga, State of Ohio, and known as being Sublot No. 10 in A.E. Mead's Subdivision of part of Original Rockport Township Section No. 12 as shown by the recorded plat in Volume 110 of Maps, Page 5 of Cuyahoga County Records and being 45 feet front on the southerly side of Merimeade Drive N.W. and extending back 133.50 feet on the easterly line, 148.54 feet on the westerly line, and having a rear line of 56 feet, as appears by said plat, be the same more or less, but subject to all legal highways.

The above described property is further known as a single brick and

 **Cuyahoga County Sheriff**



## REPORT OF SALE          CV-12-779307  PLUR

**The State of Ohio** } ss.          In Obedience to the command of the foregoing Order of Sale,
Cuyahoga County

I did on the 7th day of October A.D. 2014 summon THOMAS COSTELLO, PAUL GERALD MCLAUGHLIN and WILLIAM J GAYDOS, three disinterested freeholders, residents of said County who were by me, duly sworn to view and appraise the lands and tenements therein described, and who returned to me under their hands and seals that they did, upon actual view of the premises, estimate and appraise the real value in money, of the same at One Hundred Twenty Five Thousand Dollars And Zero Cents exactly ($125,000.00).

And on the 7th day of October A.D. 2014, I deposited a certified copy of said appraisal in the office of the Clerk of Court of Common Pleas of said County.  And on the 18th day of October A.D. 2014, I caused to be advertised in the DAILY LEGAL NEWS (newspaper...printed and published and of general circulation in Cuyahoga County) said lands and tenements to be sold at public sale at the Court House of said County, on the Monday the 17th day of November A.D. 2014, between the hours of 9:00 AM to 12 o'clock, noon of the said day.

**BANKRUPTCY CHAPTER 13**

Federal Court Stay of Proceedings, Case # CV-12-779307 Petition filed under Chapter 13 of Bankruptcy Act

| FEES | |
|---|---|
| Calling Inquest | $20.00 |
| Appraisers' Fees | $150.00 |
| Printer's Fees and affidavit | $425.00 |
| Notice to Printer | $3.00 |
| Swearing in Appraisers | $9.00 |
| Mileage | $2.29 |
| Poundage | $0.00 |
| Service and Return | $13.00 |
| | |
| | |
| **Total** | $622.29 |

| PAID | |
|---|---|
| Total Amount Made on this Writ | |
| Paid Taxes | |
| Paid Costs to Clerk | |
| Retained my fees hereon | |
| Paid | |
| Paid | |
| Paid | |
| Paid | |
| Paid | |
| Paid | |

**Cuyahoga County Sheriff**

By *James Bitterman*  **CHIEF DEPUTY**

CV12779307          86820235


SCVP

STATE OF OHIO,
COUNTY OF CUYAHOGA, } ss.

**Case No.** (047) 779307 Pluries

**Publication Fee:** $425.00

**Caption:** Deutsche Bank National Trust Company as Trustee for JPMorgan Mortgage Acquisition Trust 2007-CH5 Asset Backed Pass-Through Certificates Series 2007-CH5 vs. Christine J. Forgues, a.k.a. Christine J.A. Andres Doubrava, a.k.a. Christine J. Andres

Sale No. 047
SHERIFF'S SALE
(Case No. 779307 Pluries)
The State of Ohio, Cuyahoga County, ss. Pursuant to the command of and order of sale issued from the Court of Common Pleas of said county, and to me directed, in the action of **Deutsche Bank National Trust Company as Trustee for JPMorgan Mortgage Acquisition Trust 2007-CH5 Asset Backed Pass-Through Certificates Series 2007-CH5, plaintiff vs. Christine J. Forgues, a.k.a. Christine J.A. Andres Doubrava, a.k.a. Christine J. Andres, et al, defendants,**
The Sheriff of Cuyahoga County shall offer for sale at public auction, in the Justice Center, in the City of Cleveland, County of Cuyahoga and State of Ohio, on
**Monday, the 17th day of November,** A.D. 2014, beginning at 9:00 o'clock A.M. of said day, the following described lands and tenements to wit:
Situated in the City of Cleveland, County of Cuyahoga, State of Ohio, and known as being Sublot No. 10 in A.E. Mead's Subdivision of part of Original Rockport Township Section No. 12 as shown by the recorded plat in Volume 110 of Maps, Page 8 of Cuyahoga County Records and being 45 feet front on the southerly side of Merimeade Drive N.W. and extending back 133.50 feet on the easterly line, 148.54 feet on the westerly line, and having a rear line of 56 feet, as appears by said plat, be the same more or less, but subject to all legal highways.
The above described property is further known as a single brick and frame dwelling with two car garage, located at 15109 Merrimeade Drive, in the City of Cleveland, Ohio.
A deposit of a CERTIFIED CHECK, payable to the Sheriff, or CASH, for ten (10%) per cent of the purchase price will be required at the time the bid is accepted; except where the amount bid is $3,000.00 or less, the minimum deposit shall be $300.00 and the maximum deposit in any case shall be $10,000.00
The FULL purchase price shall be paid TO THE SHERIFF within THIRTY (30) days from the date of sale, and unless paid within eight (8) days from the date of sale shall bear interest at the rate of ten (10%) per cent until paid, and on failure to do so, the purchaser, shall be adjudged in contempt of court.
Appraised at $125,000.00.
Terms of sale cash.
The Sheriff of Cuyahoga County.
**Dennis Reimer, Attorney.**
Oct18-25Nov1, 2014

I, Richard B. Karlovec, being duly sworn upon my oath, depose and say that I am the agent of the DAILY LEGAL NEWS, and that the annexed advertisement attached hereto was published in the DAILY LEGAL NEWS, a daily newspaper of general circulation, printed in the City of Cleveland, County of Cuyahoga, Ohio for a period of three consecutive weeks and on the same day of each week, on and after the 18th day of October A.D. 2014.

*Richard B. Karlovec*

Sworn to and subscribed in my presence this 1st day of November, A.D. 2014.

*Cynthia E. Condol*
_____
NOTARY PUBLIC

CYNTHIA E. CONDOL, Notary Public
STATE OF OHIO (Cuyahoga County)
My Commission Expires December 22, 2018



Daily Legal News
2935 Prospect Avenue
Cleveland, Ohio 44115
(216) 696-3322
PROOF OF PUBLICATION

**The State of Ohio**

CUYAHOGA COUNTY } ss.     **To the Sheriff of our said County, GREETING:**

**Whereas,** at term of the Court of _____CUYAHOGA_____ Common Pleas, held at Cleveland, in and for said County on the 1 day of _____May_____ A.D. 2013 , in the cause of DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR J.P. MORGAN MORTGAGE ACQUISITION TRUST 2007-CH5 ASSET BACKED PASS-THROUGH CERTIFICATES SERIES 2007-CH5__ Plaintiff, and

CHRISTINE J. FORGUES AKA CHRISTINE J.A. ANDRES DOUBRAVA AKA CHRISTINE J. ANDRES, ET AL
JOHN DOE, UNK SPOUSE, IF ANY, OF CHRISTINE J. FORGUES AKA CHRISTINE J.A. ANDRES DOUBRAVA AKA
CHRISTINE J. ANDRES
WILLIAM E. FORGUES
UNK HEIRS AT LAW OR UNDER THE WILL IF ANY OF WILLIAM E. FORGUES DECEASED
UNITED STATES OF AMERICA
UNITED STATES OF AMERICA C/O U.S. ATTORNEY'S OFFICE
STATE OF OHIO DEPARTMENT OF TAXATION
STATE OF OHIO ESTATE TAX DIVISION
CUYAHOGA COUNTY TREASURER

Defendants, it was ordered adjudged and decreed as follows, to wit:

SEE JOURNAL ENTRY COPY ATTACHED HERETO

May 1,  2013

Civil Journal Vol.  Pg.



ANDREA F. ROCCO
## CUYAHOGA COUNTY CLERK OF COURTS
1200 Ontario Street
Cleveland, Ohio 44113

## Court of Common Pleas

**ORDER OF SALE Electronically Filed:**
**September 25, 2014 15:04**

By: DENNIS REIMER 0031109

Confirmation Nbr. 244435

DEUTSCHE BANK NATIONAL TR. CO.                                    CV 12 779307

vs.

CHRISTINE J. FORGUES AKA DOUBRAVA AKA                        **Judge:**
ANDRES ETAL

DICK AMBROSE

Pages Filed:  1

F12-00223                     DR/tab                    September 24, 2014

# IN THE COURT OF COMMON PLEAS
## CUYAHOGA COUNTY, OHIO

Deutsche Bank National Trust
Company, as Trustee for J.P. Morgan
Mortgage Acquisition Trust 2007-CH5,
Asset Backed Pass-Through
Certificates, Series 2007-CH5
Plaintiff

Case No.   CV12779307

     VS
Christine J. Forgues aka Christine J.A.
Andres Doubrava aka Christine J.
Andres, et al.
Defendant

Judge   Dick Ambrose

Praecipe for Pluries Order of Sale With
New Appraisal

To the Clerk of Courts:

     Please issue an Pluries Order of Sale to the Cuyahoga County Sheriff directing him to
appraise, advertise, and then sell the property located at:

PREMISES COMMONLY KNOWN AS:          15109 Merimeade Drive
                                     Cleveland, Ohio 44111

PERMANENT PARCEL NUMBER:       025-24-054
/s/ Dennis Reimer

Dennis Reimer                 0031109
Attorney                      Bar No.

30455 Solon Road
Address

Solon, Ohio 44139
City, State  Zip

(440) 600-5500
Telephone