

79119164

# IN THE COURT OF COMMON PLEAS
# CUYAHOGA COUNTY, OHIO



DEUTSCHE BANK NATIONAL TR. CO.
     Plaintiff

Case No: CV-12-779307

Judge: DICK AMBROSE

CHRISTINE J. FORGUES AKA DOUBRAVA AKA
ANDRES ETAL
     Defendant

## JOURNAL ENTRY

96 DISP.OTHER - FINAL

ORDER ADOPTING MAGISTRATE'S DECISION. ORDER SEE JOURNAL

Judge Signature                Date

CPCEO

- 96
04/26/2013

F12-00223          EGB/kll          April 25, 2013



IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | |
|---|---|
| Deutsche Bank National Trust<br>Company, as Trustee for J.P.<br>Morgan Mortgage Acquisition<br>Trust 2007-CH5, Asset Backed<br>Pass-Through Certificates,<br>Series 2007-CH5,<br><br>        Plaintiff,<br><br>        vs.<br><br>Christine J. Forgues aka<br>Christine J.A. Andres Doubrava<br>aka Christine J. Andres, et<br>al,<br><br>        Defendants | Case No. CV 12 779307<br><br>Judge Dick Ambrose<br><br>**JUDGMENT ENTRY ADOPTING**<br>**MAGISTRATE'S DECISION** |

THIS CAUSE is before the Court on the Decision of the Magistrate, the evidence admitted at the hearing, and the motions and pleadings in the Court file, including the Stipulation of Defendant Unites States of America. *Defendant United States of America filed a stipulation that stipulated to a finding*

Summary judgment is granted in favor of Plaintiff against *that the* the following Defendant on the issue of priority: State of Ohio *lien held by defendant* Department of Taxation. *The United States of*

Default judgment is granted in favor of Plaintiff against *America is junior in* the following Defendants: Christine J. Forgues aka Christine *priority to Plaintiff's* J.A. Andres Doubrava aka Christine J. Andres, John Doe, Unknown *lien. (cao)*

Spouse, if any, of Christine J. Forgues aka Christine J.A. Andres Doubrava aka Christine J. Andres, The Unknown Heirs at Law or Under the Will, if any, of William E. Forgues, Deceased, and State of Ohio Estate Tax Division.

The Court adopts the Magistrate's Decision filed April 12, 2013 granting a foreclosure on the premises.

(SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF)

PREMISES COMMONLY KNOWN AS:
15109 Merimeade Drive, Cleveland, Ohio
PERMANENT PARCEL NO.: 025-24-054

The parties who have asserted an interest in the premises will be paid according to their priority. The claims of all parties who have asserted an interest in premises and whose claims are not paid in the order of distribution herein are transferred to the proceeds of sale and will be determined at a later date.

Judgment is rendered in favor of Plaintiff Deutsche Bank National Trust Company, as Trustee for J.P. Morgan Mortgage Acquisition Trust 2007-CH5, Asset Backed Pass-Through Certificates, Series 2007-CH5 against Defendant Christine J. Forgues aka Christine J.A. Andres Doubrava aka Christine J. Andres in the sum of $142,144.25 plus interest at the rate of 9.8% per annum from October 1, 2009.

The Court finds that Plaintiff has standing to bring this case.

IT IS, THEREFORE, ORDERED, ADJUDGED, AND DECREED, that unless there is paid or caused to be paid, within three days of the Court's adoption of the Magistrate's Decision, to the Clerk of this Court, the costs of this case, taxes due and payable and to the Plaintiff the sums found to be due it as aforesaid, together with interest due thereon, and the advances due Plaintiff for real estate taxes, insurance premiums and property protection, the equity of redemption of all Defendants named in this action in and to said premises shall be foreclosed and said premises sold; and, that an order of sale therefore shall issue to the Sheriff of Cuyahoga County directing him to appraise, advertise in a newspaper of general circulation within the County and sell said premises as upon execution and according to law, free and clear of the interest of all parties to this action.

And coming now to distribute the proceeds of said sale, it is ordered that the Sheriff out of the funds in his hands pay:

First:     The costs herein, including the sum of $300.00 payable
           to Reimer, Arnovitz, Chernek & Jeffrey Co. L.P.A. for
           the Judicial Report filed herein, and the sum of
           $286.00 for the premium, which are hereby taxed as
           costs.

Second:    To the Cuyahoga County Treasurer, taxes, accrued
           taxes, assessments and penalties on the premises
           described herein due and payable as of the date of
           confirmation of sheriff's sale and taxes, assessments,
           penalties and interest which attach before the
           confirmation of sale for the year in which
           confirmation occurs, apportioned pro rata to the part
           of the year that precedes confirmation.

Third:     To the Plaintiff, the sum of $142,144.25 plus interest
           thereon at the rate of 9.8% per annum from October 1,
           2009.

Fourth:    The balance, if any, to be held by the Sheriff,
           pending further order.


IT IS FURTHER ORDERED that upon the distribution of the

proceeds of sale as aforesaid, the Clerk of this Court shall

issue his certificate to the County Recorder directing him to

enter the same on the margin of the records of said mortgages

and liens releasing said liens from said premises.

It is further ORDERED, ADJUDGED AND DECREED that after said

sale has been completed, the Sheriff of Cuyahoga County convey

to the purchaser said real property and that a Writ of

Possession of said property be issued.

The Court finds upon the First Count of the Complaint, that

due to a mutual mistake, the real estate legal description as

contained in the mortgage deed contains certain errors, and that

it was the intent of the parties to the mortgage deed to create

a mortgage lien upon the real property owned by Defendant

Christine  J.  Forgues  aka  Christine  J.A.  Andres  Doubrava  aka

Christine J. Andres located at 15109 Merimeade Drive, Cleveland, Ohio and correctly described below.

It is therefore ORDERED that the real estate legal description contained in said mortgage deed is hereby reformed and amended to read as follows:

SEE LEGAL DESCRIPTION ATTACHED HERETO AS EXHIBIT "A".

The Court finds upon the Fourth Count of the Complaint, that due to a mutual mistake, the real estate legal description as contained in the Survivorship Deed recorded June 20, 2001, File No. 200106200974, Cuyahoga County Records, contains certain errors, and that it was the intent of the parties to this deed to convey the real property located at 15109 Merimeade Drive, Cleveland, Ohio and correctly described above.

It is therefore ORDERED that the real estate legal description contained in said deed is hereby reformed and amended to read as set forth in the attached Exhibit "A".

The Court finds that the Defendant, The United States of America, shall have the right to redeem within the time periods provided by 28 U.S.C. Section 2410(c).

No just reason for delay.

RECEIVED FOR FILING

IT IS SO ORDERED

MAY 0 1 2013

CUYAHOGA COUNTY
CLERK OF COURTS
By _____ Deputy

_____
Judge Dick Ambrose (CEO)

P10-2654-C/ F12-00223

## LEGAL DESCRIPTION

Situated in the City of Cleveland, County of Cuyahoga and State of Ohio, and known as being Sublot No. 10 in A.E. Mead's Subdivision of part of Original Rockport Township Section No. 12 as shown by the recorded plat in Volume 110 of Maps, Page 8 of Cuyahoga County Records and being 45 feet front on the southerly side of Merimeade Drive N.W. and extending back 133.50 feet on the easterly line, 148.54 feet on the westerly line, and having a rear line of 56 feet, as appears by said plat, be the same more or less, but subject to all legal highways.

**FILED**

F12-00223                    EGB/kll                    April 10, 2013

2013 APR 12  A 8: 37

WINDOW CHS
CLERK OF COURTS
CUYAHOGA COUNTY

### IN THE COURT OF COMMON PLEAS
### CUYAHOGA COUNTY, OHIO

| | |
|---|---|
| Deutsche Bank National Trust ) | CASE NO. CV 12 779307 |
| Company, as Trustee for J.P. ) | |
| Morgan Mortgage Acquisition ) | JUDGE Dick Ambrose |
| Trust 2007-CH5, Asset Backed ) | |
| Pass-Through Certificates, ) | |
| Series 2007-CH5 ) | MAGISTRATE'S DECISION |
| ) | |
| Plaintiff ) | |
| ) | |
| -vs- ) | |
| ) | |
| Christine J. Forgues aka ) | |
| Christine J.A. Andres ) | |
| Doubrava aka Christine J. ) | |
| Andres, et al. ) | |
| ) | |
| Defendants ) | |

THIS CAUSE was submitted to the Magistrate and heard upon
the Complaint of the Plaintiff, the Answer of Defendant State of
Ohio Department of Taxation, the Answer of Defendant United
States of America, the Motion for Partial Summary Judgment of
the Plaintiff, the Stipulation of Defendant United States of
America, Plaintiff's Motion for Default Judgment, and the
evidence.

The Magistrate hereby finds that there are no genuine issues of material fact concerning the priority of Plaintiff's mortgage vis-a-vis the liens of Defendants State of Ohio Department of Taxation and United States of America, and that Plaintiff is entitled to judgment as a matter of law concerning the priority of its mortgage lien, and therefore Plaintiff's Motion for Partial Summary Judgment is granted.

The Magistrate finds that all necessary parties have been served with summons according to law and are properly before the Court; that the Defendants, Christine J. Forgues aka Christine J.A. Andres Doubrava aka Christine J. Andres, John Doe, Unknown Spouse, if any, of Christine J. Forgues aka Christine J.A. Andres Doubrava aka Christine J. Andres, The Unknown Heirs at Law or Under the Will, if any, of William E. Forgues, Deceased, and State of Ohio Estate Tax Division, are in default of Answer or other pleading and thereby confess the allegations of the Complaint to be true. ~~said Defendants are forever barred from asserting any right, title or interest in and to the hereinafter described premises~~ (CEO)

The Magistrate finds that for good cause shown, Defendant William E. Forgues is hereby dismissed from this lawsuit as he is deceased.

The Magistrate finds that there is due the Cuyahoga County Treasurer, taxes, accrued taxes, assessments, and penalties on

the premises described herein including: (1) taxes and assessments which attach before the confirmation of sale for the year in which confirmation occurs, apportioned pro rata to the part of the year that precedes confirmation, and any penalties and interest on those taxes and assessments; and (2) all other taxes, assessments, penalties and interest which attached for a prior tax year but have not been paid on or before the date of confirmation. The exact amount of said taxes, accrued taxes, assessments, and penalties are unascertainable at this time, but will be determined at the time of the sheriff's sale of said premises, for which amount the Cuyahoga County Treasurer has a good and valid lien.

The Magistrate finds on the evidence adduced that there is due the Plaintiff on the promissory note set forth in the Second Count of the Complaint, the sum of $142,144.25, plus interest at 9.8% per annum from October 1, 2009, for which sum, judgment is hereby rendered in favor of the Plaintiff against the Defendant, Christine J. Forgues aka Christine J.A. Andres Doubrava aka Christine J. Andres.

The Magistrate further finds that there may be due to Plaintiff, the sums advanced by it under the terms of the Note and Mortgage to pay real estate taxes, hazard insurance premiums, and property protection.

The Magistrate further finds that in order to secure the payment of the promissory note aforesaid, the Defendants, Christine J. Forgues and William E. Forgues, wife and husband, executed and delivered to Chase Bank USA, NA, the certain mortgage deed as in the Third Count of said Complaint described, thereby conveying to it the following described premises.

The Magistrate finds upon the First Count of the Complaint, that due to a mutual mistake, the real estate legal description as contained in the mortgage deed contains certain errors, and that it was the intent of the parties to the mortgage deed to create a mortgage lien upon the real property owned by Defendant Christine J. Forgues aka Christine J.A. Andres Doubrava aka Christine J. Andres located at 15109 Merimeade Drive, Cleveland, Ohio and correctly described below.

It is therefore ORDERED that the real estate legal description contained in said mortgage deed is hereby reformed and amended to read as follows:

SEE LEGAL DESCRIPTION ATTACHED HERETO AS EXHIBIT "A".

Said premises also known as 15109 Merimeade Drive, Cleveland, Ohio

PP# 025-24-054

That said mortgage was duly filed with the Recorder of Cuyahoga County on April 20, 2007, and was by him thereafter recorded as File No. 200704200027 of the Mortgage Records of

said County, and thereby became and is a valid first mortgage lien upon said premises, subject only to the lien of the Treasurer for taxes; that said mortgage deed was assigned by Chase Bank USA, NA to Deutsche Bank National Trust Company, as Trustee for J.P. Morgan Mortgage Acquisition Trust 2007-CH5, Asset Backed Pass-Through Certificates, Series 2007-CH5, recorded in File No. 201005200218, Cuyahoga County Records; that said conditions in the mortgage deed have been broken, and the same has become absolute and the Plaintiff is entitled to have the equity of redemption and dower of the Defendants, Christine J. Forgues aka Christine J.A. Andres Doubrava aka Christine J. Andres, John Doe, Unknown Spouse, if any, of Christine J. Forgues aka Christine J.A. Andres Doubrava aka Christine J. Andres, The Unknown Heirs at Law or Under the Will, if any, of William E. Forgues, Deceased, in and to the said premises foreclosed.

⟨ * (CEO)

The Magistrate finds upon the Fourth Count of the Complaint, that due to a mutual mistake, the real estate legal description as contained in the Survivorship Deed recorded June 20, 2001, File No. 200106200974, Cuyahoga County Records, contains certain errors, and that it was the intent of the parties to this deed to convey the real property located at 15109 Merimeade Drive, Cleveland, Ohio and correctly described above.

* The mortgage assignment to plaintiff was executed before the filing of the case. The note allonge, while undated, is attached to the complaint and, thus, must have been executed before the filing of the complaint. Accordingly, the Magistrate finds that plaintiff was the owner of both the note and mortgage when the case was filed and has standing to bring this case.

It is therefore ORDERED that the real estate legal description contained in said deed is hereby reformed and amended to read as set forth in the attached Exhibit "A".

The Magistrate finds that the Defendants, United States of America and State of Ohio Department of Taxation, claims some right, title, interest or lien upon the premises described herein, as set forth in their pleadings filed herein, but that any right, title, interest, claim or lien that they may have is inferior and subsequent to the lien of the Plaintiff.

The Magistrate, while finding that there is no just reason for delay as to the Plaintiff's claim, makes no finding at this time as to the claim, right, title, interest or lien of the Defendants, United States of America and State of Ohio Department of Taxation, as set forth in their pleadings filed herein, except to note that such claim, right, title, interest or lien of these Defendants are hereby ordered transferred to the proceeds derived from the sale of said premises, after the payment of the costs of the within action, taxes due and payable and the amount hereinabove found due the Plaintiff, and the same is hereby ordered continued until further order.

The Magistrate finds that the Defendant, United States of America, shall have the right to redeem within the time periods provided by 28 U.S.C. Section 2410(c).

It is therefore ORDERED, ADJUDGED, AND DECREED that unless the sums hereinabove found due, together with the costs of this action, be fully paid within three (3) days from the date of the entry of this decree, the equity of redemption and dower of the Defendants, Christine J. Forgues aka Christine J.A. Andres Doubrava aka Christine J. Andres, John Doe, Unknown Spouse, if any, of Christine J. Forgues aka Christine J.A. Andres Doubrava aka Christine J. Andres, The Unknown Heirs at Law or Under the Will, if any, of William E. Forgues, Deceased, in and to said premises shall be foreclosed and that an order of sale shall issue directed to the Sheriff of Cuyahoga County, ordering him to appraise, advertise in a paper of general circulation within the County, and sell said premises as upon execution and according to law, free and clear of the interest of all parties to this action.

In the event an order of sale is returned by the Sheriff unexecuted, subsequent orders of sale shall issue in accord with appraisal instructions as requested in a Praecipe for Order of Sale.

It is further ordered that the Sheriff out of the funds in his hands pay:

> FIRST: The costs herein, including the sum of $300.00 payable to Reimer, Arnovitz, Chernek & Jeffrey Co., L.P.A. for the Judicial Report filed herein, and the sum of $286.00

for the premium, which are hereby taxed as costs.

SECOND: To the Cuyahoga County Treasurer, taxes, accrued taxes, assessments and penalties on the premises described herein due and payable as of the date of confirmation of sheriff's sale and taxes, assessments, penalties and interest which attach before the confirmation of sale for the year in which confirmation occurs, apportioned pro rata to the part of the year that precedes confirmation.

THIRD: To the Plaintiff, the sum of $142,144.25 plus interest thereon at the rate of 9.8% per annum from October 1, 2009. .

FOURTH: The balance, if any, to be held by the Sheriff, pending further order.

~~In the event Plaintiff is the successful bidder at the Sheriff's Sale, the amount of the deposits made herein by the Plaintiff and the cost of the Preliminary Judicial Report in the sum of $586.00 shall be deducted from the amount of court costs otherwise due and payable herein~~ (CEO)

It is further ORDERED, ADJUDGED AND DECREED that there may be due to Plaintiff additional sums advanced by it under the terms of the Note and Mortgage to pay real estate taxes, hazard insurance premiums, and property protection, which sums are to be determined by further Order.

~~It is further ORDERED, ADJUDGED AND DECREED that all parties of this action be perpetually barred from asserting any~~

~~rights to the purchaser hereof, or anyone claiming under or through said purchaser, and subject to further order~~ (CEO)

It is further ORDERED, ADJUDGED AND DECREED that upon the distribution of the proceeds of sale as aforesaid, a minute of these proceedings be entered upon the Cuyahoga County records involved in this action and the Clerk of this Court shall issue his certificate to the County Recorder directing him to enter the same on the margin of the records of said mortgages and liens, releasing said liens from the premises.

It is further ORDERED, ADJUDGED AND DECREED that after said sale has been completed, the Sheriff of Cuyahoga County convey to the purchaser said real property, and that a Writ of Possession of said property be issued.

RECORD IS HEREBY ORDERED.

_____
Magistrate Christopher E. Olsztyn

APPROVED BY:

/s/ Edward Bohnert
_____
**REIMER, ARNOVITZ, CHERNEK &**
**JEFFREY CO., L.P.A.**
Edward G. Bohnert (0004920)
P.O. Box 39696
30455 Solon Road
Solon, OH 44139
Phone: (440) 600-5500
Fax: 440-600-5586
Email: ebohnert@reimerlaw.com

A party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ. R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ. R. 53(D)(3)(b).

P10-2654-C/ F12-00223

## LEGAL DESCRIPTION

Situated in the City of Cleveland, County of Cuyahoga and State of Ohio, and known as being Sublot No. 10 in A.E. Mead's Subdivision of part of Original Rockport Township Section No. 12 as shown by the recorded plat in Volume 110 of Maps, Page 8 of Cuyahoga County Records and being 45 feet front on the southerly side of Merimeade Drive N.W. and extending back 133.50 feet on the easterly line, 148.54 feet on the westerly line, and having a rear line of 56 feet, as appears by said plat, be the same more or less, but subject to all legal highways.

Page 1 of 1

## CERTIFICATE OF SERVICE

Copies of the foregoing have been sent by ordinary U.S. Mail by the Clerk of Courts to the following parties or their counsel of record:

Reimer, Arnovitz, Chernek & Jeffrey Co., L.P.A.
30455 Solon Road
Solon, Ohio 44139

Christine J. Forgues aka
Christine J.A. Andres Doubrava
aka Christine J. Andres
15109 Merrimeade Drive
Cleveland, Ohio  44111

John Doe, Unknown Spouse,
if any, of Christine J. Forgues
aka Christine J.A. Andres Doubrava
aka Christine J. Andres
15109 Merrimeade Drive
Cleveland, Ohio  44111

Lori White Laisure
Assistant U.S. Attorney
801 Superior Ave., Suite 400
Cleveland, OH  44113

Lindsey K. McCarron
Assistant Attorney General
Collection Enforcement Section,
150 East Gay Street,
21st Floor
Columbus, OH  43215

State of Ohio Estate Tax Division
c/o Ohio Attorney General,
150 East Gay Street
Columbus, Ohio  43215

Copies mailed by the Clerk of Courts on _____, 2013.

V.P.

Paid $600 - (Standard)
Receipt Date: 09/25/2014
Receipt Number: 128850
Order Type: PLURIES ORDER OF SALE WITH
NEW APPRAISAL
No. CV 12 779307        Doc.
Special Doc. No.
Record Levy Rec. Vol. _____ Page _____

CUYAHOGA COMMON PLEAS

DEUTSCHE BANK NATIONAL TRUST
COMPANY AS TRUSTEE FOR J.P. MORGAN
MORTGAGE ACQUISITION TRUST 2007-CH5
ASSET BACKED PASS-THROUGH
CERTIFICATES SERIES 2007-CH5

vs.

CHRISTINE J. FORGUES AKA CHRISTINE J.A.
ANDRES DOUBRAVA AKA CHRISTINE J.
ANDRES, ET AL

Order of Sale

This order dated  October 1, 2014

Costs — — — — — — —   $2.50

(440) 600-5500
DENNIS REIMER

Received _____ , 20 ___

Returned and Filed
NOV 18 2014 _____ , 20 ___

---

We therefore Command You, That you proceed to carry said order, judgment and decree into execution

agreeable to the tenor thereof, and that you expose to sale the above described _____

_____ Real Estate, under the Statute regulating sales on Execution, and that

you apply the proceeds of such sale in satisfaction of said judgment that decree, with costs and interest, as

specified therein; and that you make report of your proceedings herein, to our Court of Common Pleas, within

60 days from the date hereof _____ / ____ / _____ and bring this order with you.

Witness, ANDREA F. ROCCO , Clerk of our said Court of Common Pleas, and the seal of said

Court, at Cleveland, this ____ First ____

day of ____ October ____ A. D. 2014

ANDREA F. ROCCO        Clerk

By _____ Deputy Clerk



**Cuyahoga County Sheriff**

## REPORT OF SALE        CV-12-779307  2PLU

APR 10 2015

The State of Ohio }
Cuyahoga County        ss.        In Obedience to the command of the foregoing Order of Sale,

I did on the  summon , three disinterested freeholders, residents of said County who were by me, duly sworn to view and appraise the lands and tenements therein described, and who returned to me under their hands and seals that they did, upon actual view of the premises, estimate and appraise the real value in money, of the same at One Hundred Twenty Five Thousand Dollars And Zero Cents exactly ($125,000.00).

And on the , I deposited a certified copy of said appraisal in the office of the Clerk of Court of Common Pleas of said County.    And on the 7th day of March A.D. 2015, I caused to be advertised in the DAILY LEGAL NEWS (newspaper...printed and published and of general circulation in Cuyahoga County) said lands and tenements to be sold at public sale at the Court House of said County, on the Monday the 6th day of April A.D. 2015, between the hours of 9:00 AM to 12 o'clock, noon of the said day.

WITHDRAWN - ORDER OF THE COURT

| FEES | |
|---|---:|
| Calling Inquest | $0.00 |
| Appraisers' Fees | $ |
| Printer's Fees and affidavit | $436.10 |
| Notice to Printer | $3.00 |
| Swearing in Appraisers | $0.00 |
| Mileage | $ |
| Poundage | $0.00 |
| Service and Return | $13.00 |
| | |
| **Total** | **$452.10** |

| PAID | |
|---|---|
| Total Amount Made on this Writ | |
| Paid Taxes | |
| Paid Costs to Clerk | |
| Retained my fees hereon | |
| Paid | |
| Paid | |
| Paid | |
| Paid | |
| Paid | |
| Paid | |

Cuyahoga County Sheriff

By *James Bitterman*        CHIEF DEPUTY

CV12779307                    88756430

SCVP

STATE OF OHIO,
COUNTY OF CUYAHOGA, } ss.

**Case No.** (024) 779307 Second Pluries

**Publication Fee:** $436.10

**Caption:** Deutsche Bank National Trust Company as Trustee for JPMorgan Mortgage Acquisition Trust 2007-CH5 Asset Backed Pass-Through Certificates Series 2007-CH5 vs. Christine J. Forgues, a.k.a. Christine J.A. Andres Doubrava, a.k.a. Christine J. Andres

I, Richard B. Karlovec, being duly sworn upon my oath, depose and say that I am the agent of the DAILY LEGAL NEWS, and that the annexed advertisement attached hereto was published in the DAILY LEGAL NEWS, a daily newspaper of general circulation, printed in the City of Cleveland, County of Cuyahoga, Ohio for a period of three consecutive weeks and on the same day of each week, on and after the 7th day of March A.D. 2015.

*Richard B. Karlovec*

Sworn to and subscribed in my presence this 21st day of March, A.D. 2015.

*Cynthia E Condol*

NOTARY PUBLIC

CYNTHIA E. CONDOL, Notary Public
STATE OF OHIO (Cuyahoga County)
My Commission Expires December 22, 2018



Sale No. 024
**SHERIFF'S SALE**
**(Cause No. 779307 Second Pluries)**
The State of Ohio, Cuyahoga County, ss. Pursuant to the command of and order of sale issued from the Court of Common Pleas of said county, and to me directed, in the action of **Deutsche Bank National Trust Company as Trustee for JPMorgan Mortgage Acquisition Trust 2007-CH5 Asset Backed Pass-Through Certificates Series 2007-CH5, plaintiff vs. Christine J. Forgues, a.k.a. Christine J.A. Andres Doubrava, a.k.a. Christine J. Andres, et al., defendants,**

The Sheriff of Cuyahoga County shall offer for sale at public auction, in the Justice Center, in the City of Cleveland, County of Cuyahoga and State of Ohio, on

**Monday, the 6th day of April,**

A.D. 2015, beginning at 9:00 o'clock A.M. of said day, the following described lands and tenements to wit:

Situated in the City of Cleveland, County of Cuyahoga, State of Ohio, and known as being Sublot No. 10 in A.E. Mead's Subdivision of part of Original Rockport Township Section No. 12 as shown by the recorded plat in Volume 110 of Maps, Page 8 of Cuyahoga County Records and being 45 feet front on the southerly side of Merimeade Drive N.W. and extending back 133.50 feet on the easterly line, 148.54 feet on the westerly line, and having a rear line of 56 feet, as appears by said plat, be the same more or less, but subject to all legal highways.

The above described property is further known as a single brick and frame dwelling with two car garage, located at 15109 Merrimeade Drive, in the City of Cleveland, Ohio.

A deposit of a CERTIFIED CHECK, payable to the Sheriff, or CASH, for ten (10%) per cent of the purchase price will be required at the time the bid is accepted, except where the amount bid is $3,000.00 or less, the minimum deposit shall be $300.00 and the maximum deposit in any case shall be $10,000.00

The FULL purchase price shall be paid TO THE SHERIFF within THIRTY (30) days from the date of sale, and unless paid within eight (8) days from the date of sale shall bear interest at the rate of ten (10%) per cent until paid, and on failure to do so, the purchaser, shall be adjudged in contempt of court.

Appraised at $125,000.00.
Terms of sale cash.
The Sheriff of Cuyahoga County.
**Dennis Reimer, Attorney.**
Mar7-14-21, 2015

Daily Legal News
2935 Prospect Avenue
Cleveland, Ohio 44115
(216) 696-3322
PROOF OF PUBLICATION

**The State of Ohio** }

CUYAHOGA COUNTY } ss.        **To the Sheriff of our said County, GREETING:**

**Whereas,** at term of the Court of _____CUYAHOGA_____ Common Pleas, held at Cleveland, in and for said County on the 1 day of _____May_____ A.D. 2013 , in the cause of DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR J.P. MORGAN MORTGAGE ACQUISITION TRUST 2007-CH5 ASSET BACKED PASS-THROUGH CERTIFICATES SERIES 2007-CH5   Plaintiff, and

CHRISTINE J. FORGUES AKA CHRISTINE J.A. ANDRES DOUBRAVA AKA CHRISTINE J. ANDRES, ET AL
JOHN DOE, UNK SPOUSE, IF ANY, OF CHRISTINE J. FORGUES AKA CHRISTINE J.A. ANDRES DOUBRAVA AKA
CHRISTINE J. ANDRES
WILLIAM E. FORGUES
UNK HEIRS AT LAW OR UNDER THE WILL IF ANY OF WILLIAM E. FORGUES DECEASED
UNITED STATES OF AMERICA
UNITED STATES OF AMERICA C/O U.S. ATTORNEY'S OFFICE
STATE OF OHIO DEPARTMENT OF TAXATION
STATE OF OHIO ESTATE TAX DIVISION
CUYAHOGA COUNTY TREASURER

Defendants, it was ordered adjudged and decreed as follows, to wit:

    SEE JOURNAL ENTRY COPY ATTACHED HERETO


    May 1,  2013


    Civil Journal Vol.  Pg.



**KELLEY A. SWEENEY**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

## Court of Common Pleas

**ORDER OF SALE Electronically Filed:**
**February 12, 2015 08:33**

By: DENNIS REIMER 0031109

Confirmation Nbr. 358050

DEUTSCHE BANK NATIONAL TR. CO.                    CV 12 779307

    vrs.
                                                  **Judge:**
CHRISTINE J. FORGUES AKA DOUBRAVA AKA
ANDRES ETAL

                                                  DICK AMBROSE

**Pages Filed:** 1

F12-00223                    DR/pss                    February 12, 2015

### IN THE COURT OF COMMON PLEAS
### CUYAHOGA COUNTY, OHIO

Deutsche Bank National Trust
Company, as Trustee for J.P. Morgan
Mortgage Acquisition Trust 2007-CH5,
Asset Backed Pass-Through
Certificates, Series 2007-CH5
Plaintiff

Case No.    CV12779307

                VS

Christine J. Forgues aka
 Christine J.A. Andres Doubrava aka
Christine J. Andres, et al.
Defendant

Judge   Dick Ambrose

Second Pluies Praecipe for Order of
Sale without new appraisal

To the Clerk of Courts:

Please issue an Second Pluries Order of Sale to the Cuyahoga County Sheriff directing
him to appraise, advertise, and then sell the property located at:

PREMISES COMMONLY KNOWN AS:        15109 Merimeade Drive
                                   Cleveland, Ohio 44111

PERMANENT PARCEL NUMBER:      025-24-054 ✓
/s/ Dennis Reimer 2-12-15

Dennis Reimer              0031109
Attorney                   Bar No.

30455 Solon Road
Address

Solon, Ohio 44139
City, State  Zip

(440) 600-5500
Telephone



79119164

# IN THE COURT OF COMMON PLEAS
## CUYAHOGA COUNTY, OHIO



DEUTSCHE BANK NATIONAL TR. CO.
    Plaintiff

Case No: CV-12-779307

Judge: DICK AMBROSE

CHRISTINE J. FORGUES AKA DOUBRAVA AKA
ANDRES ETAL
    Defendant

## JOURNAL ENTRY

96 DISP.OTHER - FINAL

ORDER ADOPTING MAGISTRATE'S DECISION. ORDER SEE JOURNAL

_____

Judge Signature          Date

                                       CPCEO

F12-00223                    EGB/kll                    April 25, 2013



IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

Deutsche Bank National Trust     )  Case No. CV 12 779307
Company, as Trustee for J.P.     )
Morgan Mortgage Acquisition      )  Judge Dick Ambrose
Trust 2007-CH5, Asset Backed     )
Pass-Through Certificates,       )  JUDGMENT ENTRY ADOPTING
Series 2007-CH5,                 )  MAGISTRATE'S DECISION
                                 )
            Plaintiff,           )
                                 )
            vs.                  )
                                 )
Christine J. Forgues aka         )
Christine J.A. Andres Doubrava   )
aka Christine J. Andres, et      )
al,                              )
                                 )
            Defendants           )

THIS CAUSE is before the Court on the Decision of the

Magistrate, the evidence admitted at the hearing, and the

motions and pleadings in the Court file, including the

Stipulation of Defendant Unites States of America. ← *Defendant United States of America filed a stipulation that stipulated to a finding*

Summary judgment is granted in favor of Plaintiff against *that the lien held by defendant The United States of America is junior in priority to Plaintiff's lien. (C&O)*

the following Defendant on the issue of priority: State of Ohio

Department of Taxation.

Default judgment is granted in favor of Plaintiff against

the following Defendants: Christine J. Forgues aka Christine

J.A. Andres Doubrava aka Christine J. Andres, John Doe, Unknown

Spouse, if any, of Christine J. Forgues aka Christine J.A. Andres Doubrava aka Christine J. Andres, The Unknown Heirs at Law or Under the Will, if any, of William E. Forgues, Deceased, and State of Ohio Estate Tax Division.

The Court adopts the Magistrate's Decision filed April 12, 2013 granting a foreclosure on the premises.

(SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF)

PREMISES COMMONLY KNOWN AS:
15109 Merimeade Drive, Cleveland, Ohio
PERMANENT PARCEL NO.: 025-24-054

The parties who have asserted an interest in the premises will be paid according to their priority. The claims of all parties who have asserted an interest in premises and whose claims are not paid in the order of distribution herein are transferred to the proceeds of sale and will be determined at a later date.

Judgment is rendered in favor of Plaintiff Deutsche Bank National Trust Company, as Trustee for J.P. Morgan Mortgage Acquisition Trust 2007-CH5, Asset Backed Pass-Through Certificates, Series 2007-CH5 against Defendant Christine J. Forgues aka Christine J.A. Andres Doubrava aka Christine J. Andres in the sum of $142,144.25 plus interest at the rate of 9.8% per annum from October 1, 2009.

The Court finds that Plaintiff has standing to bring this case.

IT IS, THEREFORE, ORDERED, ADJUDGED, AND DECREED, that unless there is paid or caused to be paid, within three days of the Court's adoption of the Magistrate's Decision, to the Clerk of this Court, the costs of this case, taxes due and payable and to the Plaintiff the sums found to be due it as aforesaid, together with interest due thereon, and the advances due Plaintiff for real estate taxes, insurance premiums and property protection, the equity of redemption of all Defendants named in this action in and to said premises shall be foreclosed and said premises sold; and, that an order of sale therefore shall issue to the Sheriff of Cuyahoga County directing him to appraise, advertise in a newspaper of general circulation within the County and sell said premises as upon execution and according to law, free and clear of the interest of all parties to this action.

And coming now to distribute the proceeds of said sale, it is ordered that the Sheriff out of the funds in his hands pay:

First:    The costs herein, including the sum of $300.00 payable to Reimer, Arnovitz, Chernek & Jeffrey Co. L.P.A. for the Judicial Report filed herein, and the sum of $286.00 for the premium, which are hereby taxed as costs.

Second:     To the Cuyahoga County Treasurer, taxes, accrued
            taxes, assessments and penalties on the premises
            described herein due and payable as of the date of
            confirmation of sheriff's sale and taxes, assessments,
            penalties and interest which attach before the
            confirmation of sale for the year in which
            confirmation occurs, apportioned pro rata to the part
            of the year that precedes confirmation.

Third:      To the Plaintiff, the sum of $142,144.25 plus interest
            thereon at the rate of 9.8% per annum from October 1,
            2009.

Fourth:     The balance, if any, to be held by the Sheriff,
            pending further order.

IT IS FURTHER ORDERED that upon the distribution of the
proceeds of sale as aforesaid, the Clerk of this Court shall
issue his certificate to the County Recorder directing him to
enter the same on the margin of the records of said mortgages
and liens releasing said liens from said premises.

It is further ORDERED, ADJUDGED AND DECREED that after said
sale has been completed, the Sheriff of Cuyahoga County convey
to the purchaser said real property and that a Writ of
Possession of said property be issued.

The Court finds upon the First Count of the Complaint, that
due to a mutual mistake, the real estate legal description as
contained in the mortgage deed contains certain errors, and that
it was the intent of the parties to the mortgage deed to create
a mortgage lien upon the real property owned by Defendant
Christine J. Forgues aka Christine J.A. Andres Doubrava aka

Christine J. Andres located at 15109 Merimeade Drive, Cleveland, Ohio and correctly described below.

It is therefore ORDERED that the real estate legal description contained in said mortgage deed is hereby reformed and amended to read as follows:

SEE LEGAL DESCRIPTION ATTACHED HERETO AS EXHIBIT "A".

The Court finds upon the Fourth Count of the Complaint, that due to a mutual mistake, the real estate legal description as contained in the Survivorship Deed recorded June 20, 2001, File No. 200106200974, Cuyahoga County Records, contains certain errors, and that it was the intent of the parties to this deed to convey the real property located at 15109 Merimeade Drive, Cleveland, Ohio and correctly described above.

It is therefore ORDERED that the real estate legal description contained in said deed is hereby reformed and amended to read as set forth in the attached Exhibit "A".

The Court finds that the Defendant, The United States of America, shall have the right to redeem within the time periods provided by 28 U.S.C. Section 2410(c).

No just reason for delay.

RECEIVED FOR FILING

IT IS SO ORDERED

MAY 0 1 2013

CUYAHOGA COUNTY
CLERK OF COURTS
By _____ Deputy

_____
Judge Dick Ambrose (CEO)

FILED

F12-00223                    EGB/kll                April 10, 2013

2013 APR 12 A 8: 37

WINDOW CHS
CLERK OF COURTS
CUYAHOGA COUNTY

## IN THE COURT OF COMMON PLEAS
### CUYAHOGA COUNTY, OHIO

| | | |
|---|---|---|
| Deutsche Bank National Trust Company, as Trustee for J.P. Morgan Mortgage Acquisition Trust 2007-CH5, Asset Backed Pass-Through Certificates, Series 2007-CH5 | ) ) ) ) ) ) | CASE NO. CV 12 779307<br><br>JUDGE Dick Ambrose<br><br>MAGISTRATE'S DECISION |
| Plaintiff | ) ) ) | |
| -vs- | ) ) | |
| Christine J. Forgues aka Christine J.A. Andres Doubrava aka Christine J. Andres, et al. | ) ) ) ) ) | |
| Defendants | ) | |

THIS CAUSE was submitted to the Magistrate and heard upon the Complaint of the Plaintiff, the Answer of Defendant State of Ohio Department of Taxation, the Answer of Defendant United States of America, the Motion for Partial Summary Judgment of the Plaintiff, the Stipulation of Defendant United States of America, Plaintiff's Motion for Default Judgment, and the evidence.

The Magistrate hereby finds that there are no genuine issues of material fact concerning the priority of Plaintiff's mortgage vis-a-vis the liens of Defendants State of Ohio Department of Taxation and United States of America, and that Plaintiff is entitled to judgment as a matter of law concerning the priority of its mortgage lien, and therefore Plaintiff's Motion for Partial Summary Judgment is granted.

The Magistrate finds that all necessary parties have been served with summons according to law and are properly before the Court; that the Defendants, Christine J. Forgues aka Christine J.A. Andres Doubrava aka Christine J. Andres, John Doe, Unknown Spouse, if any, of Christine J. Forgues aka Christine J.A. Andres Doubrava aka Christine J. Andres, The Unknown Heirs at Law or Under the Will, if any, of William E. Forgues, Deceased, and State of Ohio Estate Tax Division, are in default of Answer or other pleading and thereby confess the allegations of the Complaint to be true. ~~and which Defendants are forever barred~~ ~~from asserting any right, title or interest in and to the~~ ~~hereinafter described premises~~ **(CEO)**

The Magistrate finds that for good cause shown, Defendant William E. Forgues is hereby dismissed from this lawsuit as he is deceased.

The Magistrate finds that there is due the Cuyahoga County Treasurer, taxes, accrued taxes, assessments, and penalties on

the premises described herein including: (1) taxes and assessments which attach before the confirmation of sale for the year in which confirmation occurs, apportioned pro rata to the part of the year that precedes confirmation, and any penalties and interest on those taxes and assessments; and (2) all other taxes, assessments, penalties and interest which attached for a prior tax year but have not been paid on or before the date of confirmation. The exact amount of said taxes, accrued taxes, assessments, and penalties are unascertainable at this time, but will be determined at the time of the sheriff's sale of said premises, for which amount the Cuyahoga County Treasurer has a good and valid lien.

The Magistrate finds on the evidence adduced that there is due the Plaintiff on the promissory note set forth in the Second Count of the Complaint, the sum of $142,144.25, plus interest at 9.8% per annum from October 1, 2009, for which sum, judgment is hereby rendered in favor of the Plaintiff against the Defendant, Christine J. Forgues aka Christine J.A. Andres Doubrava aka Christine J. Andres.

The Magistrate further finds that there may be due to Plaintiff, the sums advanced by it under the terms of the Note and Mortgage to pay real estate taxes, hazard insurance premiums, and property protection.

The Magistrate further finds that in order to secure the payment of the promissory note aforesaid, the Defendants, Christine J. Forgues and William E. Forgues, wife and husband, executed and delivered to Chase Bank USA, NA, the certain mortgage deed as in the Third Count of said Complaint described, thereby conveying to it the following described premises.

The Magistrate finds upon the First Count of the Complaint, that due to a mutual mistake, the real estate legal description as contained in the mortgage deed contains certain errors, and that it was the intent of the parties to the mortgage deed to create a mortgage lien upon the real property owned by Defendant Christine J. Forgues aka Christine J.A. Andres Doubrava aka Christine J. Andres located at 15109 Merimeade Drive, Cleveland, Ohio and correctly described below.

It is therefore ORDERED that the real estate legal description contained in said mortgage deed is hereby reformed and amended to read as follows:

SEE LEGAL DESCRIPTION ATTACHED HERETO AS EXHIBIT "A".

Said premises also known as 15109 Merimeade Drive, Cleveland, Ohio

PP# 025-24-054

That said mortgage was duly filed with the Recorder of Cuyahoga County on April 20, 2007, and was by him thereafter recorded as File No. 200704200027 of the Mortgage Records of

said County, and thereby became and is a valid first mortgage lien upon said premises, subject only to the lien of the Treasurer for taxes; that said mortgage deed was assigned by Chase Bank USA, NA to Deutsche Bank National Trust Company, as Trustee for J.P. Morgan Mortgage Acquisition Trust 2007-CH5, Asset Backed Pass-Through Certificates, Series 2007-CH5, recorded in File No. 201005200218, Cuyahoga County Records; that said conditions in the mortgage deed have been broken, and the same has become absolute and the Plaintiff is entitled to have the equity of redemption and dower of the Defendants, Christine J. Forgues aka Christine J.A. Andres Doubrava aka Christine J. Andres, John Doe, Unknown Spouse, if any, of Christine J. Forgues aka Christine J.A. Andres Doubrava aka Christine J. Andres, The Unknown Heirs at Law or Under the Will, if any, of William E. Forgues, Deceased, in and to the said premises foreclosed. ⟨ ✳ (CEO)

The Magistrate finds upon the Fourth Count of the Complaint, that due to a mutual mistake, the real estate legal description as contained in the Survivorship Deed recorded June 20, 2001, File No. 200106200974, Cuyahoga County Records, contains certain errors, and that it was the intent of the parties to this deed to convey the real property located at 15109 Merimeade Drive, Cleveland, Ohio and correctly described above.

✳ The mortgage assignment to plaintiff was executed before the filing of the case. The note allonge, while undated, is attached to the complaint and, thus, must have been executed before the filing of the complaint. Accordingly, the Magistrate finds that plaintiff was the owner of both the note and mortgage when the case was filed and has standing to bring this case.

It is therefore ORDERED that the real estate legal description contained in said deed is hereby reformed and amended to read as set forth in the attached Exhibit "A".

The Magistrate finds that the Defendants, United States of America and State of Ohio Department of Taxation, claims some right, title, interest or lien upon the premises described herein, as set forth in their pleadings filed herein, but that any right, title, interest, claim or lien that they may have is inferior and subsequent to the lien of the Plaintiff.

The Magistrate, while finding that there is no just reason for delay as to the Plaintiff's claim, makes no finding at this time as to the claim, right, title, interest or lien of the Defendants, United States of America and State of Ohio Department of Taxation, as set forth in their pleadings filed herein, except to note that such claim, right, title, interest or lien of these Defendants are hereby ordered transferred to the proceeds derived from the sale of said premises, after the payment of the costs of the within action, taxes due and payable and the amount hereinabove found due the Plaintiff, and the same is hereby ordered continued until further order.

The Magistrate finds that the Defendant, United States of America, shall have the right to redeem within the time periods provided by 28 U.S.C. Section 2410(c).

It is therefore ORDERED, ADJUDGED, AND DECREED that unless the sums hereinabove found due, together with the costs of this action, be fully paid within three (3) days from the date of the entry of this decree, the equity of redemption and dower of the Defendants, Christine J. Forgues aka Christine J.A. Andres Doubrava aka Christine J. Andres, John Doe, Unknown Spouse, if any, of Christine J. Forgues aka Christine J.A. Andres Doubrava aka Christine J. Andres, The Unknown Heirs at Law or Under the Will, if any, of William E. Forgues, Deceased, in and to said premises shall be foreclosed and that an order of sale shall issue directed to the Sheriff of Cuyahoga County, ordering him to appraise, advertise in a paper of general circulation within the County, and sell said premises as upon execution and according to law, free and clear of the interest of all parties to this action.

In the event an order of sale is returned by the Sheriff unexecuted, subsequent orders of sale shall issue in accord with appraisal instructions as requested in a Praecipe for Order of Sale.

It is further ordered that the Sheriff out of the funds in his hands pay:

> FIRST: The costs herein, including the sum of $300.00 payable to Reimer, Arnovitz, Chernek & Jeffrey Co., L.P.A. for the Judicial Report filed herein, and the sum of $286.00

for the premium, which are hereby taxed as costs.

SECOND: To the Cuyahoga County Treasurer, taxes, accrued taxes, assessments and penalties on the premises described herein due and payable as of the date of confirmation of sheriff's sale and taxes, assessments, penalties and interest which attach before the confirmation of sale for the year in which confirmation occurs, apportioned pro rata to the part of the year that precedes confirmation.

THIRD: To the Plaintiff, the sum of $142,144.25 plus interest thereon at the rate of 9.8% per annum from October 1, 2009.

FOURTH: The balance, if any, to be held by the Sheriff, pending further order.

~~If the party Plaintiff is the successful bidder at the Sheriff's Sale, the amount of the deposits made herein by the Plaintiff and the cost of the Preliminary Judicial Report in the sum of $526.00 shall be deducted from the amount of court costs otherwise due and payable herein.~~ (CEO)

It is further ORDERED, ADJUDGED AND DECREED that there may be due to Plaintiff additional sums advanced by it under the terms of the Note and Mortgage to pay real estate taxes, hazard insurance premiums, and property protection, which sums are to be determined by further Order.

~~It is further ORDERED, ADJUDGED AND DECREED that all parties of this action be permanently barred from asserting any~~

~~rights to the purchaser hereof, or anyone claiming under or through said purchaser, and subject to further order~~ (ceo)

It is further ORDERED, ADJUDGED AND DECREED that upon the distribution of the proceeds of sale as aforesaid, a minute of these proceedings be entered upon the Cuyahoga County records involved in this action and the Clerk of this Court shall issue his certificate to the County Recorder directing him to enter the same on the margin of the records of said mortgages and liens, releasing said liens from the premises.

It is further ORDERED, ADJUDGED AND DECREED that after said sale has been completed, the Sheriff of Cuyahoga County convey to the purchaser said real property, and that a Writ of Possession of said property be issued.

RECORD IS HEREBY ORDERED.

_____
Magistrate Christopher E. Olsztyn

APPROVED BY:

/s/ Edward Bohnert
_____
**REIMER, ARNOVITZ, CHERNEK &**
**JEFFREY CO., L.P.A.**
Edward G. Bohnert (0004920)
P.O. Box 39696
30455 Solon Road
Solon, OH 44139
Phone: (440) 600-5500
Fax: 440-600-5586
Email: ebohnert@reimerlaw.com

A party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ. R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ. R. 53(D)(3)(b).

P10-2654-C/ F12-00223

## LEGAL DESCRIPTION

Situated in the City of Cleveland, County of Cuyahoga and State of Ohio, and known as being Sublot No. 10 in A.E. Mead's Subdivision of part of Original Rockport Township Section No. 12 as shown by the recorded plat in Volume 110 of Maps, Page 8 of Cuyahoga County Records and being 45 feet front on the southerly side of Merimeade Drive N.W. and extending back 133.50 feet on the easterly line, 148.54 feet on the westerly line, and having a rear line of 56 feet, as appears by said plat, be the same more or less, but subject to all legal highways.

## CERTIFICATE OF SERVICE

Copies of the foregoing have been sent by ordinary U.S. Mail by the Clerk of Courts to the following parties or their counsel of record:

Reimer, Arnovitz, Chernek & Jeffrey Co., L.P.A.
30455 Solon Road
Solon, Ohio 44139

Christine J. Forgues aka
Christine J.A. Andres Doubrava
aka Christine J. Andres
15109 Merrimeade Drive
Cleveland, Ohio 44111

John Doe, Unknown Spouse,
if any, of Christine J. Forgues
aka Christine J.A. Andres Doubrava
aka Christine J. Andres
15109 Merrimeade Drive
Cleveland, Ohio 44111

Lori White Laisure
Assistant U.S. Attorney
801 Superior Ave., Suite 400
Cleveland, OH 44113

Lindsey K. McCarron
Assistant Attorney General
Collection Enforcement Section,
150 East Gay Street,
21st Floor
Columbus, OH 43215

State of Ohio Estate Tax Division
c/o Ohio Attorney General,
150 East Gay Street
Columbus, Ohio 43215


Copies mailed by the Clerk of Courts on_____, 2013.

**We therefore Command You,** That you proceed to carry said order, judgment and decree into execution agreeable to the tenor thereof, and that you expose to sale the above described _____

_____ Real Estate, under the Statute regulating sales on Execution, and that you apply the proceeds of such sale in satisfaction of said judgment that decree, with costs and interest, as specified therein; and that you make report of your proceedings herein, to our Court of Common Pleas, within 60 days from the date hereof _____/_____/_____ and bring this order with you.

**Witness, KELLEY A. SWEENEY** , Clerk of our said Court of Common Pleas, and the seal of said Court, at Cleveland, this ___Seventeenth___

day of ___February___ A. D. 2015

KELLEY A. SWEENEY _____ Clerk

By _____ Deputy Clerk

Paid $600 - (Standard)
Receipt Date: 02/12/2015
Receipt Number: 19532
Order Type: SECOND PLURIES SALE
WITHOUT REAPPRAISAL
No. CV 12 779307 ____ Doc.
Special Doc. No. _____
Record Levy Rec. Vol. _____ Page. _____

CUYAHOGA COMMON PLEAS

DEUTSCHE BANK NATIONAL TRUST
COMPANY AS TRUSTEE FOR J.P. MORGAN
MORTGAGE ACQUISITION TRUST 2007-CH5
ASSET BACKED PASS-THROUGH
CERTIFICATES SERIES 2007-CH5

vs.

CHRISTINE J. FORGUES AKA CHRISTINE J.A.
ANDRES DOUBRAVA AKA CHRISTINE J.
ANDRES, ET AL

Order of Sale

This order dated February 17, 2015

Costs - - - - - $2.50

DENNIS REIMER
(440) 600-5500

Received _____ 20 ___

Returned and Filed APR 10 2015 20 ___



**Cuyahoga County Sheriff**

## REPORT OF SALE     CV-12-779307  3PLU

JUL 06 2015

**The State of Ohio** } ss.     In Obedience to the command of the foregoing Order of Sale,
Cuyahoga County

I did on the  summon , three disinterested freeholders, residents of said County who were by me, duly sworn to view and appraise the lands and tenements therein described, and who returned to me under their hands and seals that they did, upon actual view of the premises, estimate and appraise the real value in money, of the same at One Hundred Twenty Five Thousand Dollars And Zero Cents exactly ($125,000.00).

And on the , I deposited a certified copy of said appraisal in the office of the Clerk of Court of Common Pleas of said County.  And on the 30th day of May A.D. 2015, I caused to be advertised in the DAILY LEGAL NEWS (newspaper…printed and published and of general circulation in Cuyahoga County) said lands and tenements to be sold at public sale at the Court House of said County, on the Monday the 29th day of June A.D. 2015, between the hours of 9:00 AM to 12 o'clock, noon of the said day.

WITHDRAWN - ORDER OF THE COURT

| FEES | |
|---|---|
| Calling Inquest | |
| Appraisers' Fees | $0.00 |
| Printer's Fees and affidavit | $ |
| Notice to Printer | $436.10 |
| Swearing in Appraisers | $3.00 |
| Mileage | $0.00 |
| Poundage | $ |
| Service and Return | $0.00 |
| | $13.00 |
| **Total** | $452.10 |

| PAID | | |
|---|---|---|
| Total Amount Made on this Writ | | |
| Paid Taxes | | |
| Paid Costs to Clerk | | |
| Retained my fees hereon | | |
| Paid | | |
| Paid | | |
| Paid | | |
| Paid | | |
| Paid | | |
| Paid | | |

Cuyahoga County Sheriff

By  *James Bitterman*     CHIEF DEPUTY

STATE OF OHIO,
COUNTY OF CUYAHOGA, } ss.

**Caption:** Deutsche Bank National Trust Company as Trustee for JPMorgan Mortgage Acquisition Trust 2007-CH5 Asset Backed Pass-Through Certificates Series 2007-CH5 vs. Christine J. Forgues, a.k.a. Christine J.A. Andres Doubrava, a.k.a. Christine J. Andres

**Case No.** (035) 779307 Third Pluries

**Publication Fee: $436.10**

Sale No. 035
SHERIFF'S SALE
(Cause No. 779307 Third Pluries)
The State of Ohio, Cuyahoga County, ss. Pursuant to the command of and order of sale issued from the Court of Common Pleas of said county, and to me directed, in the action of Deutsche Bank National Trust Company as Trustee for JPMorgan Mortgage Acquisition Trust 2007-CH5 Asset Backed Pass-Through Certificates Series 2007-CH5, plaintiff vs. Christine J. Forgues, a.k.a. Christine J.A. Andres Doubrava, a.k.a. Christine J. Andres, et al., defendants,
The Sheriff of Cuyahoga County shall offer for sale at public auction, in the Justice Center, in the City of Cleveland, County of Cuyahoga and State of Ohio, on
Monday, the 29th day of June, A.D. 2015, beginning at 9:00 o'clock A.M. of said day, the following described lands and tenements to wit:
Situated in the City of Cleveland, County of Cuyahoga, State of Ohio, and known as being Sublot No. 10 in A.E. Mead's Subdivision of part of Original Rockport Township Section No. 12 as shown by the recorded plat in Volume 110 of Maps, Page 8 of Cuyahoga County Records and being 45 feet front on the southerly side of Merrimeade Drive N.W. and extending back 132.50 feet on the easterly line, 148.54 feet on the westerly line, and having a rear line of 56 feet, as appears by said plat, be the same more or less, but subject to all legal highways.
The above described property is further known as a single brick and frame dwelling with two car garage, located at 15109 Merrimeade Drive, in the City of Cleveland, Ohio.
A deposit of a CERTIFIED CHECK, payable to the Sheriff, or CASH, for ten (10%) per cent of the purchase price will be required at the time the bid is accepted; except where the amount bid is $3,000.00 or less, the minimum deposit shall be $300.00 and the maximum deposit shall be $10,000.00
The FULL purchase price shall be paid TO THE SHERIFF within THIRTY (30) days from the date of sale, and unless paid within eight (8) days from the date of sale shall bear interest at the rate of ten (10%) per cent until paid, and on failure to do so, the purchaser shall be adjudged in contempt of court.
Appraised at $125,000.00.
Terms of sale cash.
The Sheriff of Cuyahoga County.
Dennis Reimer, Attorney.
May30Jun6-13, 2015.

I, Richard B. Karlovec, being duly sworn upon my oath, depose and say that I am the agent of the DAILY LEGAL NEWS, and that the annexed advertisement attached hereto was published in the DAILY LEGAL NEWS, a daily newspaper of general circulation, printed in the City of Cleveland, County of Cuyahoga, Ohio for a period of three consecutive weeks and on the same day of each week, on and after the 30th day of May A.D. 2015.

*Richard B. Karlovec*

Sworn to and subscribed in my presence this 13th day of June, A.D. 2015.

*Cynthia E Condol*

NOTARY PUBLIC

CYNTHIA E. CONDOL, Notary Public
STATE OF OHIO (Cuyahoga County)
My Commission Expires December 22, 2018



Daily Legal News
2935 Prospect Avenue
Cleveland, Ohio 44115
(216) 696-3322
PROOF OF PUBLICATION

**The State of Ohio** }

CUYAHOGA COUNTY } ss.     **To the Sheriff of our said County, GREETING:**

**Whereas,** at term of the Court of _____CUYAHOGA_____ Common Pleas, held at Cleveland, in and for said County on the 1 day of _____May_____ A.D. 2013 , in the cause of
DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR J.P. MORGAN MORTGAGE ACQUISITION TRUST 2007-CH5 ASSET BACKED PASS-THROUGH CERTIFICATES SERIES 2007-CH5 __Plaintiff, and

CHRISTINE J. FORGUES AKA CHRISTINE J.A. ANDRES DOUBRAVA AKA CHRISTINE J. ANDRES, ET AL
JOHN DOE, UNK SPOUSE, IF ANY, OF CHRISTINE J. FORGUES AKA CHRISTINE J.A. ANDRES DOUBRAVA AKA
CHRISTINE J. ANDRES
WILLIAM E. FORGUES
UNK HEIRS AT LAW OR UNDER THE WILL IF ANY OF WILLIAM E. FORGUES DECEASED
UNITED STATES OF AMERICA
UNITED STATES OF AMERICA C/O U.S. ATTORNEY'S OFFICE
STATE OF OHIO DEPARTMENT OF TAXATION
STATE OF OHIO ESTATE TAX DIVISION
CUYAHOGA COUNTY TREASURER


Defendants, it was ordered adjudged and decreed as follows, to wit:

SEE JOURNAL ENTRY COPY ATTACHED HERETO


May 1, 2013

Civil Journal Vol. Pg.

CV12779307     89297473



**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

## Court of Common Pleas

**ORDER OF SALE Electronically Filed:**
**May 7, 2015 12:49**

By: DENNIS REIMER 0031109

Confirmation Nbr. 434280

DEUTSCHE BANK NATIONAL TR. CO.                    637725                    CV 12 779307

    vrs.                                              5-1-13

CHRISTINE J. FORGUES AKA DOUBRAVA AKA                                     **Judge:**
ANDRES ETAL

DICK AMBROSE

Pages Filed:  1

F12-00223                DR/pss                May 7, 2015

# IN THE COURT OF COMMON PLEAS
## CUYAHOGA COUNTY, OHIO

Deutsche Bank National Trust
Company, as Trustee for J.P. Morgan
Mortgage Acquisition Trust 2007-CH5,
Asset Backed Pass-Through
Certificates, Series 2007-CH5

Plaintiff                                    Case No.   CV12779307

     VS
Christine J. Forgues aka Christine J.A.
Andres Doubrava aka Christine J.
Andres, et al.                               Judge   Dick Ambrose

Defendant


                                            Third Praecipe for Order of Sale
                                            without new appraisal


To the Clerk of Courts:

    Please issue an Third Pluries Order of Sale to the Cuyahoga County Sheriff directing him
to appraise, advertise, and then sell the property located at:


PREMISES COMMONLY KNOWN AS:              15109 Merimeade Drive
                                         Cleveland, Ohio 44111



PERMANENT PARCEL NUMBER:     025-24-054
/s/ Dennis Reimer 5-7-15

Dennis Reimer          0031109
Attorney               Bar No.

30455 Solon Road
Address

Solon, Ohio 44139
City, State  Zip

(440) 600-5500
Telephone



79119164

# IN THE COURT OF COMMON PLEAS
# CUYAHOGA COUNTY, OHIO



DEUTSCHE BANK NATIONAL TR. CO.
      Plaintiff

CHRISTINE J. FORGUES AKA DOUBRAVA AKA
ANDRES ETAL
      Defendant

Case No: CV-12-779307

Judge: DICK AMBROSE

## **JOURNAL ENTRY**

96 DISP.OTHER - FINAL

ORDER ADOPTING MAGISTRATE'S DECISION. ORDER SEE JOURNAL

_____
Judge Signature                Date
                                     CPCEO

- 96
04/26/2013

F12-00223          EGB/kll          April 25, 2013



### IN THE COURT OF COMMON PLEAS
### CUYAHOGA COUNTY, OHIO

Deutsche Bank National Trust      ) Case No. CV 12 779307
Company, as Trustee for J.P.      )
Morgan Mortgage Acquisition       ) Judge Dick Ambrose
Trust 2007-CH5, Asset Backed      )
Pass-Through Certificates,        ) **JUDGMENT ENTRY ADOPTING**
Series 2007-CH5,                  ) **MAGISTRATE'S DECISION**
                                  )
        Plaintiff,        )
                                  )
        vs.              )
                                  )
Christine J. Forgues aka          )
Christine J.A. Andres Doubrava    )
aka Christine J. Andres, et       )
al,                               )
                                  )
        Defendants         )
_____ )

    THIS CAUSE is before the Court on the Decision of the

Magistrate, the evidence admitted at the hearing, and the

motions and pleadings in the Court file, including the

Stipulation of Defendant Unites States of America. *Defendant United States of America filed a stipulation that stipulated to a finding*

    Summary judgment is granted in favor of Plaintiff against *that the lien held by*

the following Defendant on the issue of priority: State of Ohio *defendant The United States of America is*

Department of Taxation. *junior in priority to*

    Default judgment is granted in favor of Plaintiff against *Plaintiff's lien. (ce0)*

the following Defendants: Christine J. Forgues aka Christine

J.A. Andres Doubrava aka Christine J. Andres, John Doe, Unknown

Spouse, if any, of Christine J. Forgues aka Christine J.A. Andres Doubrava aka Christine J. Andres, The Unknown Heirs at Law or Under the Will, if any, of William E. Forgues, Deceased, and State of Ohio Estate Tax Division.

The Court adopts the Magistrate's Decision filed April 12, 2013 granting a foreclosure on the premises.

(SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF)

PREMISES COMMONLY KNOWN AS:
15109 Merimeade Drive, Cleveland, Ohio
PERMANENT PARCEL NO.: 025-24-054

The parties who have asserted an interest in the premises will be paid according to their priority. The claims of all parties who have asserted an interest in premises and whose claims are not paid in the order of distribution herein are transferred to the proceeds of sale and will be determined at a later date.

Judgment is rendered in favor of Plaintiff Deutsche Bank National Trust Company, as Trustee for J.P. Morgan Mortgage Acquisition Trust 2007-CH5, Asset Backed Pass-Through Certificates, Series 2007-CH5 against Defendant Christine J. Forgues aka Christine J.A. Andres Doubrava aka Christine J. Andres in the sum of $142,144.25 plus interest at the rate of 9.8% per annum from October 1, 2009.

The Court finds that Plaintiff has standing to bring this case.

IT IS, THEREFORE, ORDERED, ADJUDGED, AND DECREED, that unless there is paid or caused to be paid, within three days of the Court's adoption of the Magistrate's Decision, to the Clerk of this Court, the costs of this case, taxes due and payable and to the Plaintiff the sums found to be due it as aforesaid, together with interest due thereon, and the advances due Plaintiff for real estate taxes, insurance premiums and property protection, the equity of redemption of all Defendants named in this action in and to said premises shall be foreclosed and said premises sold; and, that an order of sale therefore shall issue to the Sheriff of Cuyahoga County directing him to appraise, advertise in a newspaper of general circulation within the County and sell said premises as upon execution and according to law, free and clear of the interest of all parties to this action.

And coming now to distribute the proceeds of said sale, it is ordered that the Sheriff out of the funds in his hands pay:

First:  The costs herein, including the sum of $300.00 payable to Reimer, Arnovitz, Chernek & Jeffrey Co. L.P.A. for the Judicial Report filed herein, and the sum of $286.00 for the premium, which are hereby taxed as costs.

Second:  To the Cuyahoga County Treasurer, taxes, accrued taxes, assessments and penalties on the premises described herein due and payable as of the date of confirmation of sheriff's sale and taxes, assessments, penalties and interest which attach before the confirmation of sale for the year in which confirmation occurs, apportioned pro rata to the part of the year that precedes confirmation.

Third:  To the Plaintiff, the sum of $142,144.25 plus interest thereon at the rate of 9.8% per annum from October 1, 2009.

Fourth:  The balance, if any, to be held by the Sheriff, pending further order.

IT IS FURTHER ORDERED that upon the distribution of the proceeds of sale as aforesaid, the Clerk of this Court shall issue his certificate to the County Recorder directing him to enter the same on the margin of the records of said mortgages and liens releasing said liens from said premises.

It is further ORDERED, ADJUDGED AND DECREED that after said sale has been completed, the Sheriff of Cuyahoga County convey to the purchaser said real property and that a Writ of Possession of said property be issued.

The Court finds upon the First Count of the Complaint, that due to a mutual mistake, the real estate legal description as contained in the mortgage deed contains certain errors, and that it was the intent of the parties to the mortgage deed to create a mortgage lien upon the real property owned by Defendant Christine J. Forgues aka Christine J.A. Andres Doubrava aka

Christine J. Andres located at 15109 Merimeade Drive, Cleveland, Ohio and correctly described below.

It is therefore ORDERED that the real estate legal description contained in said mortgage deed is hereby reformed and amended to read as follows:

SEE LEGAL DESCRIPTION ATTACHED HERETO AS EXHIBIT "A".

The Court finds upon the Fourth Count of the Complaint, that due to a mutual mistake, the real estate legal description as contained in the Survivorship Deed recorded June 20, 2001, File No. 200106200974, Cuyahoga County Records, contains certain errors, and that it was the intent of the parties to this deed to convey the real property located at 15109 Merimeade Drive, Cleveland, Ohio and correctly described above.

It is therefore ORDERED that the real estate legal description contained in said deed is hereby reformed and amended to read as set forth in the attached Exhibit "A".

The Court finds that the Defendant, The United States of America, shall have the right to redeem within the time periods provided by 28 U.S.C. Section 2410(c).

No just reason for delay.

RECEIVED FOR FILING

MAY 0 1 2013

IT IS SO ORDERED

CUYAHOGA COUNTY
CLERK OF COURTS
By _____ Deputy

Judge Dick Ambrose (CEO)

P10-2654-C/ F12-00223

**LEGAL DESCRIPTION**

**Situated in the City of Cleveland, County of Cuyahoga and State of Ohio, and known as being Sublot No. 10 in A.E. Mead's Subdivision of part of Original Rockport Township Section No. 12 as shown by the recorded plat in Volume 110 of Maps, Page 8 of Cuyahoga County Records and being 45 feet front on the southerly side of Merimeade Drive N.W. and extending back 133.50 feet on the easterly line, 148.54 feet on the westerly line, and having a rear line of 56 feet, as appears by said plat, be the same more or less, but subject to all legal highways.**

F12-00223          EGB/kll          April 10, 2013

FILED

2013 APR 12 A 8 37

WINDOW CHS
CLERK OF COURTS
CUYAHOGA COUNTY

### IN THE COURT OF COMMON PLEAS
### CUYAHOGA COUNTY, OHIO

| | |
|---|---|
| Deutsche Bank National Trust ) | CASE NO. CV 12 779307 |
| Company, as Trustee for J.P. ) | |
| Morgan Mortgage Acquisition ) | JUDGE Dick Ambrose |
| Trust 2007-CH5, Asset Backed ) | |
| Pass-Through Certificates, ) | MAGISTRATE'S DECISION |
| Series 2007-CH5 ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| -vs- ) | |
| ) | |
| Christine J. Forgues aka ) | |
| Christine J.A. Andres ) | |
| Doubrava aka Christine J. ) | |
| Andres, et al. ) | |
| ) | |
| Defendants ) | |

THIS CAUSE was submitted to the Magistrate and heard upon

the Complaint of the Plaintiff, the Answer of Defendant State of

Ohio Department of Taxation, the Answer of Defendant United

States of America, the Motion for Partial Summary Judgment of

the Plaintiff, the Stipulation of Defendant United States of

America, Plaintiff's Motion for Default Judgment, and the

evidence.

The Magistrate hereby finds that there are no genuine issues of material fact concerning the priority of Plaintiff's mortgage vis-a-vis the liens of Defendants State of Ohio Department of Taxation and United States of America, and that Plaintiff is entitled to judgment as a matter of law concerning the priority of its mortgage lien, and therefore Plaintiff's Motion for Partial Summary Judgment is granted.

The Magistrate finds that all necessary parties have been served with summons according to law and are properly before the Court; that the Defendants, Christine J. Forgues aka Christine J.A. Andres Doubrava aka Christine J. Andres, John Doe, Unknown Spouse, if any, of Christine J. Forgues aka Christine J.A. Andres Doubrava aka Christine J. Andres, The Unknown Heirs at Law or Under the Will, if any, of William E. Forgues, Deceased, and State of Ohio Estate Tax Division, are in default of Answer or other pleading and thereby confess the allegations of the Complaint to be true. ~~and said Defendants are forever barred from asserting any right, title or interest in and to the hereinafter described premises~~ (CEO)

The Magistrate finds that for good cause shown, Defendant William E. Forgues is hereby dismissed from this lawsuit as he is deceased.

The Magistrate finds that there is due the Cuyahoga County Treasurer, taxes, accrued taxes, assessments, and penalties on

the premises described herein including: (1) taxes and assessments which attach before the confirmation of sale for the year in which confirmation occurs, apportioned pro rata to the part of the year that precedes confirmation, and any penalties and interest on those taxes and assessments; and (2) all other taxes, assessments, penalties and interest which attached for a prior tax year but have not been paid on or before the date of confirmation. The exact amount of said taxes, accrued taxes, assessments, and penalties are unascertainable at this time, but will be determined at the time of the sheriff's sale of said premises, for which amount the Cuyahoga County Treasurer has a good and valid lien.

The Magistrate finds on the evidence adduced that there is due the Plaintiff on the promissory note set forth in the Second Count of the Complaint, the sum of $142,144.25, plus interest at 9.8% per annum from October 1, 2009, for which sum, judgment is hereby rendered in favor of the Plaintiff against the Defendant, Christine J. Forgues aka Christine J.A. Andres Doubrava aka Christine J. Andres.

The Magistrate further finds that there may be due to Plaintiff, the sums advanced by it under the terms of the Note and Mortgage to pay real estate taxes, hazard insurance premiums, and property protection.

The Magistrate further finds that in order to secure the payment of the promissory note aforesaid, the Defendants, Christine J. Forgues and William E. Forgues, wife and husband, executed and delivered to Chase Bank USA, NA, the certain mortgage deed as in the Third Count of said Complaint described, thereby conveying to it the following described premises.

The Magistrate finds upon the First Count of the Complaint, that due to a mutual mistake, the real estate legal description as contained in the mortgage deed contains certain errors, and that it was the intent of the parties to the mortgage deed to create a mortgage lien upon the real property owned by Defendant Christine J. Forgues aka Christine J.A. Andres Doubrava aka Christine J. Andres located at 15109 Merimeade Drive, Cleveland, Ohio and correctly described below.

It is therefore ORDERED that the real estate legal description contained in said mortgage deed is hereby reformed and amended to read as follows:

SEE LEGAL DESCRIPTION ATTACHED HERETO AS EXHIBIT "A".

Said premises also known as 15109 Merimeade Drive, Cleveland, Ohio

PP# 025-24-054

That said mortgage was duly filed with the Recorder of Cuyahoga County on April 20, 2007, and was by him thereafter recorded as File No. 200704200027 of the Mortgage Records of

said County, and thereby became and is a valid first mortgage lien upon said premises, subject only to the lien of the Treasurer for taxes; that said mortgage deed was assigned by Chase Bank USA, NA to Deutsche Bank National Trust Company, as Trustee for J.P. Morgan Mortgage Acquisition Trust 2007-CH5, Asset Backed Pass-Through Certificates, Series 2007-CH5, recorded in File No. 201005200218, Cuyahoga County Records; that said conditions in the mortgage deed have been broken, and the same has become absolute and the Plaintiff is entitled to have the equity of redemption and dower of the Defendants, Christine J. Forgues aka Christine J.A. Andres Doubrava aka Christine J. Andres, John Doe, Unknown Spouse, if any, of Christine J. Forgues aka Christine J.A. Andres Doubrava aka Christine J. Andres, The Unknown Heirs at Law or Under the Will, if any, of William E. Forgues, Deceased, in and to the said premises foreclosed. ∠ ✳ (CEO)

The Magistrate finds upon the Fourth Count of the Complaint, that due to a mutual mistake, the real estate legal description as contained in the Survivorship Deed recorded June 20, 2001, File No. 200106200974, Cuyahoga County Records, contains certain errors, and that it was the intent of the parties to this deed to convey the real property located at 15109 Merimeade Drive, Cleveland, Ohio and correctly described above.

✳ The mortgage assignment to plaintiff was executed before the filing of the case. The note allonge, while undated, is attached to the complaint and, thus, must have been executed before the filing of the complaint. Accordingly, the Magistrate finds that plaintiff was the owner of both the note and mortgage when the case was filed and has standing to bring this case.

It is therefore ORDERED that the real estate legal description contained in said deed is hereby reformed and amended to read as set forth in the attached Exhibit "A".

The Magistrate finds that the Defendants, United States of America and State of Ohio Department of Taxation, claims some right, title, interest or lien upon the premises described herein, as set forth in their pleadings filed herein, but that any right, title, interest, claim or lien that they may have is inferior and subsequent to the lien of the Plaintiff.

The Magistrate, while finding that there is no just reason for delay as to the Plaintiff's claim, makes no finding at this time as to the claim, right, title, interest or lien of the Defendants, United States of America and State of Ohio Department of Taxation, as set forth in their pleadings filed herein, except to note that such claim, right, title, interest or lien of these Defendants are hereby ordered transferred to the proceeds derived from the sale of said premises, after the payment of the costs of the within action, taxes due and payable and the amount hereinabove found due the Plaintiff, and the same is hereby ordered continued until further order.

The Magistrate finds that the Defendant, United States of America, shall have the right to redeem within the time periods provided by 28 U.S.C. Section 2410(c).

It is therefore ORDERED, ADJUDGED, AND DECREED that unless the sums hereinabove found due, together with the costs of this action, be fully paid within three (3) days from the date of the entry of this decree, the equity of redemption and dower of the Defendants, Christine J. Forgues aka Christine J.A. Andres Doubrava aka Christine J. Andres, John Doe, Unknown Spouse, if any, of Christine J. Forgues aka Christine J.A. Andres Doubrava aka Christine J. Andres, The Unknown Heirs at Law or Under the Will, if any, of William E. Forgues, Deceased, in and to said premises shall be foreclosed and that an order of sale shall issue directed to the Sheriff of Cuyahoga County, ordering him to appraise, advertise in a paper of general circulation within the County, and sell said premises as upon execution and according to law, free and clear of the interest of all parties to this action.

In the event an order of sale is returned by the Sheriff unexecuted, subsequent orders of sale shall issue in accord with appraisal instructions as requested in a Praecipe for Order of Sale.

It is further ordered that the Sheriff out of the funds in his hands pay:

FIRST: The costs herein, including the sum of $300.00 payable to Reimer, Arnovitz, Chernek & Jeffrey Co., L.P.A. for the Judicial Report filed herein, and the sum of $286.00

for the premium, which are hereby taxed as costs.

SECOND: To the Cuyahoga County Treasurer, taxes, accrued taxes, assessments and penalties on the premises described herein due and payable as of the date of confirmation of sheriff's sale and taxes, assessments, penalties and interest which attach before the confirmation of sale for the year in which confirmation occurs, apportioned pro rata to the part of the year that precedes confirmation.

THIRD: To the Plaintiff, the sum of $142,144.25 plus interest thereon at the rate of 9.8% per annum from October 1, 2009.

FOURTH: The balance, if any, to be held by the Sheriff, pending further order.

~~If the event Plaintiff is the successful bidder at the Sheriff's Sale, the amount of the deposits made herein by the Plaintiff and the cost of the Preliminary Judicial Report in the sum of $586.00 shall be deducted from the amount of court costs otherwise due and payable herein.~~ (CEO)

It is further ORDERED, ADJUDGED AND DECREED that there may be due to Plaintiff additional sums advanced by it under the terms of the Note and Mortgage to pay real estate taxes, hazard insurance premiums, and property protection, which sums are to be determined by further Order.

~~It is further ORDERED, ADJUDGED AND DECREED that all parties of this action be perpetually barred from asserting any~~

~~rights to the purchaser hereof, or anyone claiming under~~ ~~such such purchaser, and subject to further order~~ (ceo)

It is further ORDERED, ADJUDGED AND DECREED that upon the distribution of the proceeds of sale as aforesaid, a minute of these proceedings be entered upon the Cuyahoga County records involved in this action and the Clerk of this Court shall issue his certificate to the County Recorder directing him to enter the same on the margin of the records of said mortgages and liens, releasing said liens from the premises.

It is further ORDERED, ADJUDGED AND DECREED that after said sale has been completed, the Sheriff of Cuyahoga County convey to the purchaser said real property, and that a Writ of Possession of said property be issued.

RECORD IS HEREBY ORDERED.

_____
Magistrate Christopher E. Olsztyn

APPROVED BY:

/s/ Edward Bohnert
_____
**REIMER, ARNOVITZ, CHERNEK &**
**JEFFREY CO., L.P.A.**
Edward G. Bohnert (0004920)
P.O. Box 39696
30455 Solon Road
Solon, OH 44139
Phone: (440) 600-5500
Fax: 440-600-5586
Email: ebohnert@reimerlaw.com

A party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ. R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ. R. 53(D)(3)(b).

P10-2654-C/ F12-00223

### LEGAL DESCRIPTION

Situated in the City of Cleveland, County of Cuyahoga and State of Ohio, and known as being Sublot No. 10 in A.E. Mead's Subdivision of part of Original Rockport Township Section No. 12 as shown by the recorded plat in Volume 110 of Maps, Page 8 of Cuyahoga County Records and being 45 feet front on the southerly side of Merimeade Drive N.W. and extending back 133.50 feet on the easterly line, 148.54 feet on the westerly line, and having a rear line of 56 feet, as appears by said plat, be the same more or less, but subject to all legal highways.

Page 1 of 1

## CERTIFICATE OF SERVICE

Copies of the foregoing have been sent by ordinary U.S. Mail by the Clerk of Courts to the following parties or their counsel of record:

Reimer, Arnovitz, Chernek & Jeffrey Co., L.P.A.
30455 Solon Road
Solon, Ohio 44139

Christine J. Forgues aka
Christine J.A. Andres Doubrava
aka Christine J. Andres
15109 Merrimeade Drive
Cleveland, Ohio  44111

John Doe, Unknown Spouse,
if any, of Christine J. Forgues
aka Christine J.A. Andres Doubrava
aka Christine J. Andres
15109 Merrimeade Drive
Cleveland, Ohio  44111

Lori White Laisure
Assistant U.S. Attorney
801 Superior Ave., Suite 400
Cleveland, OH  44113

Lindsey K. McCarron
Assistant Attorney General
Collection Enforcement Section,
150 East Gay Street,
21st Floor
Columbus, OH  43215

State of Ohio Estate Tax Division
c/o Ohio Attorney General,
150 East Gay Street
Columbus, Ohio  43215


Copies mailed by the Clerk of Courts on_____, 2013.

Paid $600 - (Standard)
Receipt Date: 05/07/2015
Receipt Number: 63725
Order Type: THIRD PLURIES SALE WITHOUT
REAPPRAISAL
No. CV 12 779307

Special Doc. No. _____ Doc. _____
Record Levy Rec. Vol. _____ Page. _____

**CUYAHOGA COMMON PLEAS**

DEUTSCHE BANK NATIONAL TRUST
COMPANY AS TRUSTEE FOR J.P. MORGAN
MORTGAGE ACQUISITION TRUST 2007-CH5
ASSET BACKED PASS-THROUGH
CERTIFICATES SERIES 2007-CH5

vs.

CHRISTINE J. FORGUES AKA CHRISTINE J.A.
ANDRES DOUBRAVA AKA CHRISTINE J.
ANDRES, ET AL

**Order of Sale**

This order dated May 12, 2015

Costs – – – – – – – – $2.50

DENNIS REIMER
(440) 600-5500

Received _____ 20 ___

Returned and Filed _____ 20 ___

JUL 08 2015

---

**We therefore Command** You, That you proceed to carry said order, judgment and decree into execution

agreeable to the tenor thereof, and that you expose to sale the above described _____

_____ Real Estate, under the Statute regulating sales on Execution, and that

you apply the proceeds of such sale in satisfaction of said judgment that decree, with costs and interest, as

specified therein; and that you make report of your proceedings herein, to our Court of Common Pleas, within

60 days from the date hereof _____ / _____ / _____ and bring this order with you.

**Witness, NAILAH K. BYRD** , Clerk of our said Court of Common Pleas, and the seal of said

Court, at Cleveland, this _____Twelfth_____

day of _____May_____ A. D. 2015

Clerk     **NAILAH K. BYRD**

By _____ Deputy Clerk



**Cuyahoga County Sheriff**

AUG 2 8 2015

## <u>REPORT OF SALE</u>        <u>CV-12-779307  4PLU</u>

# The State of Ohio }
Cuyahoga County

ss.        In Obedience to the command of the foregoing Order of Sale,

I did on the  summon , three disinterested freeholders, residents of said County who were by me, duly sworn to view and appraise the lands and tenements therein described, and who returned to me under their hands and seals that they did, upon actual view of the premises, estimate and appraise the real value in money, of the same at One Hundred Twenty Five Thousand Dollars And Zero Cents exactly ($125,000.00).

And on the , I deposited a certified copy of said appraisal in the office of the Clerk of Court of Common Pleas of said County.   And on the **25th** day of **July** A.D. **2015**, I caused to be advertised in the **DAILY LEGAL NEWS** (newspaper...printed and published and of general circulation in Cuyahoga County) said lands and tenements to be sold at public sale at the Court House of said County, on the **Monday** the **24th** day of **August** A.D. **2015**, between the hours of 9:00 AM to 12 o'clock, noon of the said day.

**WITHDRAWN - ORDER OF THE COURT**

| FEES | |
|---|---:|
| Appraisers' Fees | $ |
| Printer's Fees and affidavit | $436.10 |
| Notice to Printer | $3.00 |
| Swearing in Appraisers | $0.00 |
| Mileage | $ |
| Poundage | $0.00 |
| Order of Sale Fee | $50.00 |
| | |
| | |
| **Total** | **$489.10** |

| PAID | |
|---|---|
| Total Amount Made on this Writ | |
| Paid Taxes | |
| Paid Costs to Clerk | |
| Retained my fees hereon | |
| Paid | |
| Paid | |
| Paid | |
| Paid | |
| Paid | |
| Paid | |

Cuyahoga County Sheriff

By  *James Bitterman*   CHIEF DEPUTY

STATE OF OHIO, $\Big\}$ ss.
COUNTY OF CUYAHOGA,

**Caption:** Deutsche Bank National Trust Company as Trustee for JPMorgan Mortgage Acquisition Trust 2007-CH5 Asset Backed Pass-Through Certificates Series 2007-CH5 vs. Christine J. Forgues, a.k.a. Christine J.A. Andres Doubrava, a.k.a. Christine J. Andres

I, Richard B. Karlovec, being duly sworn upon my oath, depose and say that I am the agent of the DAILY LEGAL NEWS, and that the annexed advertisement attached hereto was published in the DAILY LEGAL NEWS, a daily newspaper of general circulation, printed in the City of Cleveland, County of Cuyahoga, Ohio for a period of three consecutive weeks and on the same day of each week, on and after the 25th day of July A.D. 2015.

*Richard B. Karlovec*

Sworn to and subscribed in my presence this 8th day of August, A.D. 2015.

*Cynthia E Condol*
_____
NOTARY PUBLIC

CYNTHIA E. CONDOL, Notary Public
STATE OF OHIO (Cuyahoga County)
My Commission Expires December 22, 2018



**Case No.** (024) 779307 Fourth Pluries

**Publication Fee:** $436.10

Sale No. 024
**SHERIFF'S SALE**
**(Cause No. 770307 Fourth Pluries)**
The State of Ohio, Cuyahoga County, ss. Pursuant to the command of and order of sale issued from the Court of Common Pleas of said county, and to me directed, in the action of
**Deutsche Bank National Trust Company as Trustee for JPMorgan Mortgage Acquisition Trust 2007-CH5 Asset Backed Pass-Through Certificates Series 2007-CH5, plaintiff vs. Christine J. Forgues, a.k.a. Christine J.A. Andres Doubrava, a.k.a. Christine J. Andres, et al., defendants.**
The Sheriff of Cuyahoga County shall offer for sale at public auction, in the Justice Center, in the City of Cleveland, County of Cuyahoga and State of Ohio, on
**Monday, the 24th day of August,** A.D. 2015, beginning at 9:00 o'clock A.M. of said day, the following described lands and tenements to wit:
Situated in the City of Cleveland, County of Cuyahoga, State of Ohio, and known as being Sublot No. 10 in A.E. Mead's Subdivision of part of Original Rockport Township Section No. 12 as shown by the recorded plat in Volume 110 of Maps, Page 8 of Cuyahoga County Records and being 45 feet front on the southerly side of Merimeade Drive N.W. and extending back 133.50 feet on the easterly line, 148.54 feet on the westerly line, and having a rear line of 56 feet, as appears by said plat, be the same more or less, but subject to all legal highways.
The above described property is further known as a single brick and frame dwelling with two car garage, located at 15109 Merrimeade Drive, in the City of Cleveland, Ohio.
A deposit of a CERTIFIED CHECK, payable to the Sheriff, or CASH, for ten (10%) per cent of the purchase price will be required at the time the bid is accepted; except where the amount bid is $3,000.00 or less, the minimum deposit shall be $300.00 and the maximum deposit in any case shall be $10,000.00
The FULL purchase price shall be paid TO THE SHERIFF within THIRTY (30) days from the date of sale, and unless paid within eight (8) days from the date of sale shall bear interest at the rate of ten (10%) per cent until paid, and on failure to do so, the purchaser, shall be adjudged in contempt of court.
Appraised at $125,000.00.
Terms of sale cash.
The Sheriff of Cuyahoga County.
**Dennis Reimer, Attorney.**
Jul25Aug1-8, 2015

Daily Legal News
2935 Prospect Avenue
Cleveland, Ohio 44115
(216) 696-3322
PROOF OF PUBLICATION

**The State of Ohio** }

CUYAHOGA COUNTY } ss.     **To the Sheriff of our said County, GREETING:**

**Whereas,** at term of the Court of _____CUYAHOGA_____ Common Pleas, held at Cleveland, in and for said County on the 1 day of _____May_____ A.D. 2013 , in the cause of _____ DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR J.P. MORGAN MORTGAGE ACQUISITION TRUST 2007-CH5 ASSET BACKED PASS-THROUGH CERTIFICATES SERIES 2007-CH5__Plaintiff, and

CHRISTINE J. FORGUES AKA CHRISTINE J.A. ANDRES DOUBRAVA AKA CHRISTINE J. ANDRES, ET AL
JOHN DOE, UNK SPOUSE, IF ANY, OF CHRISTINE J. FORGUES AKA CHRISTINE J.A. ANDRES DOUBRAVA AKA
CHRISTINE J. ANDRES
WILLIAM E. FORGUES
UNK HEIRS AT LAW OR UNDER THE WILL IF ANY OF WILLIAM E. FORGUES DECEASED
UNITED STATES OF AMERICA
UNITED STATES OF AMERICA C/O U.S. ATTORNEY'S OFFICE
STATE OF OHIO DEPARTMENT OF TAXATION
STATE OF OHIO ESTATE TAX DIVISION
CUYAHOGA COUNTY TREASURER


Defendants, it was ordered adjudged and decreed as follows, to wit:

   SEE JOURNAL ENTRY COPY ATTACHED HERETO


   May 1,  2013

   Civil Journal Vol.  Pg.


CVI2779307                      90026485



**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

**Court of Common Pleas**

**ORDER OF SALE Electronically Filed:**
**July 7, 2015 15:49**

By: DENNIS REIMER 0031109

Confirmation Nbr. 485132

DEUTSCHE BANK NATIONAL TR. CO.

vrs.

CHRISTINE J. FORGUES AKA DOUBRAVA AKA
ANDRES ETAL

*90766*

*57-13*

CV 12 779307

Judge:

DICK AMBROSE

Pages Filed:  1

F12-00223        DR/pss        July 7, 2015

## IN THE COURT OF COMMON PLEAS
## CUYAHOGA COUNTY, OHIO

Deutsche Bank National Trust
Company, as Trustee for J.P. Morgan
Mortgage Acquisition Trust 2007-CH5,
Asset Backed Pass-Through
Certificates, Series 2007-CH5
_____
Plaintiff

Case No.   CV12779307 _____

      VS

Christine J. Forgues aka Christine J.A.
Andres Doubrava aka Christine J.
Andres, et al.
_____
Defendant

Judge   Dick Ambrose _____

Pluries

Fourth Praecipe for Order of Sale
without new appraisal

To the Clerk of Courts:

      Please issue an Fourth Pluries Order of Sale to the Cuyahoga County Sheriff directing
him to appraise, advertise, and then sell the property located at:

PREMISES COMMONLY KNOWN AS:

15109 Merimeade Drive
_____
Cleveland, Ohio 44111
_____

PERMANENT PARCEL NUMBER:
/s/ Dennis Reimer 7-7-15

025-24-054

Dennis Reimer _____ 0031109 _____
Attorney        Bar No.

30455 Solon Road _____
Address

Solon, Ohio 44139 _____
City, State   Zip

(440) 600-5500 _____
Telephone



‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖    ‖‖‖
79119164

# IN THE COURT OF COMMON PLEAS
# CUYAHOGA COUNTY, OHIO



DEUTSCHE BANK NATIONAL TR. CO.
    Plaintiff

CHRISTINE J. FORGUES AKA DOUBRAVA AKA
ANDRES ETAL
    Defendant

Case No: CV-12-779307

Judge: DICK AMBROSE

## <u>JOURNAL ENTRY</u>

96 DISP.OTHER - FINAL

ORDER ADOPTING MAGISTRATE'S DECISION. ORDER SEE JOURNAL

_____
Judge Signature          Date
                                      CPCEO

- 96
04/26/2013

Page 1 of 1

F12-00223                    EGB/kll                    April 25, 2013



IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

Deutsche Bank National Trust          )    Case No. CV 12 779307
Company, as Trustee for J.P.          )
Morgan Mortgage Acquisition           )    Judge Dick Ambrose
Trust 2007-CH5, Asset Backed          )
Pass-Through Certificates,            )    JUDGMENT ENTRY ADOPTING
Series 2007-CH5,                      )    MAGISTRATE'S DECISION
                                      )
            Plaintiff,                )
                                      )
        vs.                           )
                                      )
Christine J. Forgues aka              )
Christine J.A. Andres Doubrava        )
aka Christine J. Andres, et           )
al,                                   )
                                      )
            Defendants                )

THIS CAUSE is before the Court on the Decision of the Magistrate, the evidence admitted at the hearing, and the motions and pleadings in the Court file, including the Stipulation of Defendant Unites States of America. *Defendant United States of America filed a stipulation that stipulated to a finding*

Summary judgment is granted in favor of Plaintiff against *that the lien held by* the following Defendant on the issue of priority: State of Ohio *defendant* Department of Taxation. *The United States of America is*

Default judgment is granted in favor of Plaintiff against *junior in priority to* the following Defendants: Christine J. Forgues aka Christine *Plaintiff's* J.A. Andres Doubrava aka Christine J. Andres, John Doe, Unknown *lien. (cao)*

Spouse, if any, of Christine J. Forgues aka Christine J.A. Andres Doubrava aka Christine J. Andres, The Unknown Heirs at Law or Under the Will, if any, of William E. Forgues, Deceased, and State of Ohio Estate Tax Division.

The Court adopts the Magistrate's Decision filed April 12, 2013 granting a foreclosure on the premises.

(SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF)

PREMISES COMMONLY KNOWN AS:
15109 Merimeade Drive, Cleveland, Ohio
PERMANENT PARCEL NO.: 025-24-054

The parties who have asserted an interest in the premises will be paid according to their priority. The claims of all parties who have asserted an interest in premises and whose claims are not paid in the order of distribution herein are transferred to the proceeds of sale and will be determined at a later date.

Judgment is rendered in favor of Plaintiff Deutsche Bank National Trust Company, as Trustee for J.P. Morgan Mortgage Acquisition Trust 2007-CH5, Asset Backed Pass-Through Certificates, Series 2007-CH5 against Defendant Christine J. Forgues aka Christine J.A. Andres Doubrava aka Christine J. Andres in the sum of $142,144.25 plus interest at the rate of 9.8% per annum from October 1, 2009.

The Court finds that Plaintiff has standing to bring this case.

IT IS, THEREFORE, ORDERED, ADJUDGED, AND DECREED, that unless there is paid or caused to be paid, within three days of the Court's adoption of the Magistrate's Decision, to the Clerk of this Court, the costs of this case, taxes due and payable and to the Plaintiff the sums found to be due it as aforesaid, together with interest due thereon, and the advances due Plaintiff for real estate taxes, insurance premiums and property protection, the equity of redemption of all Defendants named in this action in and to said premises shall be foreclosed and said premises sold; and, that an order of sale therefore shall issue to the Sheriff of Cuyahoga County directing him to appraise, advertise in a newspaper of general circulation within the County and sell said premises as upon execution and according to law, free and clear of the interest of all parties to this action.

And coming now to distribute the proceeds of said sale, it is ordered that the Sheriff out of the funds in his hands pay:

First:     The costs herein, including the sum of $300.00 payable to Reimer, Arnovitz, Chernek & Jeffrey Co. L.P.A. for the Judicial Report filed herein, and the sum of $286.00 for the premium, which are hereby taxed as costs.

Second:     To the Cuyahoga County Treasurer, taxes, accrued
            taxes, assessments and penalties on the premises
            described herein due and payable as of the date of
            confirmation of sheriff's sale and taxes, assessments,
            penalties and interest which attach before the
            confirmation of sale for the year in which
            confirmation occurs, apportioned pro rata to the part
            of the year that precedes confirmation.

Third:      To the Plaintiff, the sum of $142,144.25 plus interest
            thereon at the rate of 9.8% per annum from October 1,
            2009.

Fourth:     The balance, if any, to be held by the Sheriff,
            pending further order.


IT IS FURTHER ORDERED that upon the distribution of the
proceeds of sale as aforesaid, the Clerk of this Court shall
issue his certificate to the County Recorder directing him to
enter the same on the margin of the records of said mortgages
and liens releasing said liens from said premises.

It is further ORDERED, ADJUDGED AND DECREED that after said
sale has been completed, the Sheriff of Cuyahoga County convey
to the purchaser said real property and that a Writ of
Possession of said property be issued.

The Court finds upon the First Count of the Complaint, that
due to a mutual mistake, the real estate legal description as
contained in the mortgage deed contains certain errors, and that
it was the intent of the parties to the mortgage deed to create
a mortgage lien upon the real property owned by Defendant
Christine J. Forgues aka Christine J.A. Andres Doubrava aka

Christine J. Andres located at 15109 Merimeade Drive, Cleveland, Ohio and correctly described below.

It is therefore ORDERED that the real estate legal description contained in said mortgage deed is hereby reformed and amended to read as follows:

SEE LEGAL DESCRIPTION ATTACHED HERETO AS EXHIBIT "A".

The Court finds upon the Fourth Count of the Complaint, that due to a mutual mistake, the real estate legal description as contained in the Survivorship Deed recorded June 20, 2001, File No. 200106200974, Cuyahoga County Records, contains certain errors, and that it was the intent of the parties to this deed to convey the real property located at 15109 Merimeade Drive, Cleveland, Ohio and correctly described above.

It is therefore ORDERED that the real estate legal description contained in said deed is hereby reformed and amended to read as set forth in the attached Exhibit "A".

The Court finds that the Defendant, The United States of America, shall have the right to redeem within the time periods provided by 28 U.S.C. Section 2410(c).

No just reason for delay.

RECEIVED FOR FILING

IT IS SO ORDERED

MAY 0 1 2013

CUYAHOGA COUNTY
CLERK OF COURTS
By _____ Deputy

_____
Judge Dick Ambrose (CEO)

F12-00223       EGB/kll       April 10, 2013

**FILED**

2013 APR 12 A 8: 37

WINDOW CHS
CLERK OF COURTS
CUYAHOGA COUNTY

## IN THE COURT OF COMMON PLEAS
### CUYAHOGA COUNTY, OHIO

| | |
|---|---|
| Deutsche Bank National Trust Company, as Trustee for J.P. Morgan Mortgage Acquisition Trust 2007-CH5, Asset Backed Pass-Through Certificates, Series 2007-CH5 | ) CASE NO. CV 12 779307 <br> ) <br> ) JUDGE Dick Ambrose <br> ) <br> ) <br> ) MAGISTRATE'S DECISION |
| Plaintiff | ) <br> ) |
| -vs- | ) <br> ) <br> ) |
| Christine J. Forgues aka Christine J.A. Andres Doubrava aka Christine J. Andres, et al. | ) <br> ) <br> ) <br> ) <br> ) |
| Defendants | ) |

THIS CAUSE was submitted to the Magistrate and heard upon the Complaint of the Plaintiff, the Answer of Defendant State of Ohio Department of Taxation, the Answer of Defendant United States of America, the Motion for Partial Summary Judgment of the Plaintiff, the Stipulation of Defendant United States of America, Plaintiff's Motion for Default Judgment, and the evidence.

The Magistrate hereby finds that there are no genuine issues of material fact concerning the priority of Plaintiff's mortgage vis-a-vis the liens of Defendants State of Ohio Department of Taxation and United States of America, and that Plaintiff is entitled to judgment as a matter of law concerning the priority of its mortgage lien, and therefore Plaintiff's Motion for Partial Summary Judgment is granted.

The Magistrate finds that all necessary parties have been served with summons according to law and are properly before the Court; that the Defendants, Christine J. Forgues aka Christine J.A. Andres Doubrava aka Christine J. Andres, John Doe, Unknown Spouse, if any, of Christine J. Forgues aka Christine J.A. Andres Doubrava aka Christine J. Andres, The Unknown Heirs at Law or Under the Will, if any, of William E. Forgues, Deceased, and State of Ohio Estate Tax Division, are in default of Answer or other pleading and thereby confess the allegations of the Complaint to be true. ~~and said Defendants are forever barred from asserting any right, title and interest in and to the hereinafter described premises~~ (CEO)

The Magistrate finds that for good cause shown, Defendant William E. Forgues is hereby dismissed from this lawsuit as he is deceased.

The Magistrate finds that there is due the Cuyahoga County Treasurer, taxes, accrued taxes, assessments, and penalties on

the premises described herein including: (1) taxes and assessments which attach before the confirmation of sale for the year in which confirmation occurs, apportioned pro rata to the part of the year that precedes confirmation, and any penalties and interest on those taxes and assessments; and (2) all other taxes, assessments, penalties and interest which attached for a prior tax year but have not been paid on or before the date of confirmation. The exact amount of said taxes, accrued taxes, assessments, and penalties are unascertainable at this time, but will be determined at the time of the sheriff's sale of said premises, for which amount the Cuyahoga County Treasurer has a good and valid lien.

The Magistrate finds on the evidence adduced that there is due the Plaintiff on the promissory note set forth in the Second Count of the Complaint, the sum of $142,144.25, plus interest at 9.8% per annum from October 1, 2009, for which sum, judgment is hereby rendered in favor of the Plaintiff against the Defendant, Christine J. Forgues aka Christine J.A. Andres Doubrava aka Christine J. Andres.

The Magistrate further finds that there may be due to Plaintiff, the sums advanced by it under the terms of the Note and Mortgage to pay real estate taxes, hazard insurance premiums, and property protection.

The Magistrate further finds that in order to secure the payment of the promissory note aforesaid, the Defendants, Christine J. Forgues and William E. Forgues, wife and husband, executed and delivered to Chase Bank USA, NA, the certain mortgage deed as in the Third Count of said Complaint described, thereby conveying to it the following described premises.

The Magistrate finds upon the First Count of the Complaint, that due to a mutual mistake, the real estate legal description as contained in the mortgage deed contains certain errors, and that it was the intent of the parties to the mortgage deed to create a mortgage lien upon the real property owned by Defendant Christine J. Forgues aka Christine J.A. Andres Doubrava aka Christine J. Andres located at 15109 Merimeade Drive, Cleveland, Ohio and correctly described below.

It is therefore ORDERED that the real estate legal description contained in said mortgage deed is hereby reformed and amended to read as follows:

SEE LEGAL DESCRIPTION ATTACHED HERETO AS EXHIBIT "A".

Said premises also known as 15109 Merimeade Drive, Cleveland, Ohio

PP# 025-24-054

That said mortgage was duly filed with the Recorder of Cuyahoga County on April 20, 2007, and was by him thereafter recorded as File No. 200704200027 of the Mortgage Records of

said County, and thereby became and is a valid first mortgage lien upon said premises, subject only to the lien of the Treasurer for taxes; that said mortgage deed was assigned by Chase Bank USA, NA to Deutsche Bank National Trust Company, as Trustee for J.P. Morgan Mortgage Acquisition Trust 2007-CH5, Asset Backed Pass-Through Certificates, Series 2007-CH5, recorded in File No. 201005200218, Cuyahoga County Records; that said conditions in the mortgage deed have been broken, and the same has become absolute and the Plaintiff is entitled to have the equity of redemption and dower of the Defendants, Christine J. Forgues aka Christine J.A. Andres Doubrava aka Christine J. Andres, John Doe, Unknown Spouse, if any, of Christine J. Forgues aka Christine J.A. Andres Doubrava aka Christine J. Andres, The Unknown Heirs at Law or Under the Will, if any, of William E. Forgues, Deceased, in and to the said premises foreclosed. < ✳ (CEO)

The Magistrate finds upon the Fourth Count of the Complaint, that due to a mutual mistake, the real estate legal description as contained in the Survivorship Deed recorded June 20, 2001, File No. 200106200974, Cuyahoga County Records, contains certain errors, and that it was the intent of the parties to this deed to convey the real property located at 15109 Merimeade Drive, Cleveland, Ohio and correctly described above.

✳ The mortgage assignment to plaintiff was executed before the filing of the case. The note allonge, while undated, is attached to the complaint and, thus, must have been executed before the filing of the complaint. Accordingly, the Magistrate finds that plaintiff was the owner of both the note and mortgage when the case was filed and has standing to bring this case.

It is therefore ORDERED that the real estate legal description contained in said deed is hereby reformed and amended to read as set forth in the attached Exhibit "A".

The Magistrate finds that the Defendants, United States of America and State of Ohio Department of Taxation, claims some right, title, interest or lien upon the premises described herein, as set forth in their pleadings filed herein, but that any right, title, interest, claim or lien that they may have is inferior and subsequent to the lien of the Plaintiff.

The Magistrate, while finding that there is no just reason for delay as to the Plaintiff's claim, makes no finding at this time as to the claim, right, title, interest or lien of the Defendants, United States of America and State of Ohio Department of Taxation, as set forth in their pleadings filed herein, except to note that such claim, right, title, interest or lien of these Defendants are hereby ordered transferred to the proceeds derived from the sale of said premises, after the payment of the costs of the within action, taxes due and payable and the amount hereinabove found due the Plaintiff, and the same is hereby ordered continued until further order.

The Magistrate finds that the Defendant, United States of America, shall have the right to redeem within the time periods provided by 28 U.S.C. Section 2410(c).

It is therefore ORDERED, ADJUDGED, AND DECREED that unless the sums hereinabove found due, together with the costs of this action, be fully paid within three (3) days from the date of the entry of this decree, the equity of redemption and dower of the Defendants, Christine J. Forgues aka Christine J.A. Andres Doubrava aka Christine J. Andres, John Doe, Unknown Spouse, if any, of Christine J. Forgues aka Christine J.A. Andres Doubrava aka Christine J. Andres, The Unknown Heirs at Law or Under the Will, if any, of William E. Forgues, Deceased, in and to said premises shall be foreclosed and that an order of sale shall issue directed to the Sheriff of Cuyahoga County, ordering him to appraise, advertise in a paper of general circulation within the County, and sell said premises as upon execution and according to law, free and clear of the interest of all parties to this action.

In the event an order of sale is returned by the Sheriff unexecuted, subsequent orders of sale shall issue in accord with appraisal instructions as requested in a Praecipe for Order of Sale.

It is further ordered that the Sheriff out of the funds in his hands pay:

FIRST: The costs herein, including the sum of $300.00 payable to Reimer, Arnovitz, Chernek & Jeffrey Co., L.P.A. for the Judicial Report filed herein, and the sum of $286.00

for the premium, which are hereby taxed as costs.

SECOND:   To the Cuyahoga County Treasurer, taxes, accrued taxes, assessments and penalties on the premises described herein due and payable as of the date of confirmation of sheriff's sale and taxes, assessments, penalties and interest which attach before the confirmation of sale for the year in which confirmation occurs, apportioned pro rata to the part of the year that precedes confirmation.

THIRD:   To the Plaintiff, the sum of $142,144.25 plus interest thereon at the rate of 9.8% per annum from October 1, 2009.

FOURTH:   The balance, if any, to be held by the Sheriff, pending further order.

~~In the event Plaintiff is the successful bidder at the Plaintiffs Sale, the amount of the deposits made herein by the Plaintiff and the cost of the Preliminary Judicial Report in the sum of $586.00 shall be deducted from the amount of court costs otherwise due and payable herein.~~ (CEO)

It is further ORDERED, ADJUDGED AND DECREED that there may be due to Plaintiff additional sums advanced by it under the terms of the Note and Mortgage to pay real estate taxes, hazard insurance premiums, and property protection, which sums are to be determined by further Order.

~~It is further ORDERED, ADJUDGED AND DECREED that all parties of this action be perpetually barred from asserting any~~

~~rights to the purchaser hereof, or anyone claiming under or through said purchaser, and subject to further order~~ (CEO)

It is further ORDERED, ADJUDGED AND DECREED that upon the distribution of the proceeds of sale as aforesaid, a minute of these proceedings be entered upon the Cuyahoga County records involved in this action and the Clerk of this Court shall issue his certificate to the County Recorder directing him to enter the same on the margin of the records of said mortgages and liens, releasing said liens from the premises.

It is further ORDERED, ADJUDGED AND DECREED that after said sale has been completed, the Sheriff of Cuyahoga County convey to the purchaser said real property, and that a Writ of Possession of said property be issued.

RECORD IS HEREBY ORDERED.

_____
Magistrate Christopher E. Olsztyn

APPROVED BY:

/s/ Edward Bohnert
_____
**REIMER, ARNOVITZ, CHERNEK &
JEFFREY CO., L.P.A.**
Edward G. Bohnert (0004920)
P.O. Box 39696
30455 Solon Road
Solon, OH 44139
Phone: (440) 600-5500
Fax: 440-600-5586
Email: ebohnert@reimerlaw.com

A party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ. R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ. R. 53(D)(3)(b).

P10-2654-C/ F12-00223

## LEGAL DESCRIPTION

Situated in the City of Cleveland, County of Cuyahoga and State of Ohio, and known as being Sublot No. 10 in A.E. Mead's Subdivision of part of Original Rockport Township Section No. 12 as shown by the recorded plat in Volume 110 of Maps, Page 8 of Cuyahoga County Records and being 45 feet front on the southerly side of Merimeade Drive N.W. and extending back 133.50 feet on the easterly line, 148.54 feet on the westerly line, and having a rear line of 56 feet, as appears by said plat, be the same more or less, but subject to all legal highways.

## CERTIFICATE OF SERVICE

Copies of the foregoing have been sent by ordinary U.S. Mail by the Clerk of Courts to the following parties or their counsel of record:

Reimer, Arnovitz, Chernek & Jeffrey Co., L.P.A.
30455 Solon Road
Solon, Ohio 44139

Christine J. Forgues aka
Christine J.A. Andres Doubrava
aka Christine J. Andres
15109 Merrimeade Drive
Cleveland, Ohio 44111

John Doe, Unknown Spouse,
if any, of Christine J. Forgues
aka Christine J.A. Andres Doubrava
aka Christine J. Andres
15109 Merrimeade Drive
Cleveland, Ohio 44111

Lori White Laisure
Assistant U.S. Attorney
801 Superior Ave., Suite 400
Cleveland, OH 44113

Lindsey K. McCarron
Assistant Attorney General
Collection Enforcement Section,
150 East Gay Street,
21st Floor
Columbus, OH 43215

State of Ohio Estate Tax Division
c/o Ohio Attorney General,
150 East Gay Street
Columbus, Ohio 43215

Copies mailed by the Clerk of Courts on_____, 2013.

Paid $600 - (Standard)
Receipt Date: 07/07/2015
Receipt Number: 90766
Order Type: FOURTH PURIES SALE WITHOUT REAPPRAISAL
No. **CV 12 779307**
Special Doc. No. _____ Doc. _____
Record Levy Rec. Vol. _____ Page _____

CUYAHOGA COMMON PLEAS

DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR J.P. MORGAN MORTGAGE ACQUISITION TRUST 2007-CH5 ASSET BACKED PASS-THROUGH CERTIFICATES SERIES 2007-CH5

vs.

CHRISTINE J. FORGUES AKA CHRISTINE J.A. ANDRES DOUBRAVA AKA CHRISTINE J. ANDRES, ET AL

Order of Sale

This order dated July 9, 2015

Costs — — — — — $2.50

DENNIS REIMER
(440) 600-5500

Received _____ 20 ___

Returned and Filed AUG 28 2015 _____ 20 ___

---

**We therefore Command** You, That you proceed to carry said order, judgment and decree into execution agreeable to the tenor thereof, and that you expose to sale the above described _____ Real Estate, under the Statute regulating sales on Execution, and that you apply the proceeds of such sale in satisfaction of said judgment that decree, with costs and interest, as specified therein; and that you make report of your proceedings herein, to our Court of Common Pleas, within 60 days from the date hereof _____ / ___ / ___ and bring this order with you.

**Witness, NAILAH K. BYRD** , Clerk of our said Court of Common Pleas, and the seal of said Court, at Cleveland, this _____ Ninth _____ day of _____ July _____ A. D. 2015

**NAILAH K. BYRD**
Clerk

By _____ Deputy Clerk

3-25-15

Christine Forgues
15109 Merrimeade Dr
Cleveland , OH 44111
216-323-6972

Reference Case Number : CV12779307

Dear Honorable Judge Ambrose,

As I do not have an attorney to represent me in this matter, I am writing to you directly today in the hopes that you will consider this personal request. I will be brief, as I know your time is limited.

I am a working single mom with 2 children at home. I lost my husband to cancer 3 ½ years ago. Our home is currently in foreclosure, although we are actively working on a modification. The mortgage company says it is with the underwriter and they need more time. The lawyers representing them have requested a delay of the sale currently set for 4-6-15. Although I have not yet been informed of your decision in this matter, I humbly request that you allow for the postponement of the sale. I would very much like to have the chance to see if the modification would allow me to keep my home. My children and I have just been through so much in these past few years. I fear losing our residence to sheriff auction would just be an overwhelming stress on all of us. Brandon, my son, graduates from high school in May. It hurts my heart that we would be forced to arrange a move during what should be a celebratory time. The children have sacrificed so much of their childhood to caring for their father during his illness. Please grant us this one small reprieve.

I apologize in advance if a letter written in this fashion is not proper. I just didn't know what else to do. I greatly appreciate any consideration you might be able to bestow on our behalf.

May God Bless You in abundance.

Respectfully,

Christine J. Forgues
Christine J. Forgues



79119164

# IN THE COURT OF COMMON PLEAS
# CUYAHOGA COUNTY, OHIO

DEUTSCHE BANK NATIONAL TR. CO.
    Plaintiff

Case No: CV-12-779307

Judge: DICK AMBROSE

CHRISTINE J. FORGUES AKA DOUBRAVA AKA
ANDRES ETAL
    Defendant

## JOURNAL ENTRY

96 DISP.OTHER - FINAL

ORDER ADOPTING MAGISTRATE'S DECISION. ORDER SEE JOURNAL

Judge Signature      Date

CPCEO

PROCESSED

MAY 0 7 2013

CUYAHOGA COUNTY CLERK
OF COURTS
IMAGING DEPARTMENT

- 96
04/26/2013

F12-00223

EGB/kll

April 25, 2013

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO



Deutsche Bank National Trust
Company, as Trustee for J.P.
Morgan Mortgage Acquisition
Trust 2007-CH5, Asset Backed
Pass-Through Certificates,
Series 2007-CH5,

    Plaintiff,

    vs.

Christine J. Forgues aka
Christine J.A. Andres Doubrava
aka Christine J. Andres, et
al,

    Defendants

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. CV 12 779307

Judge Dick Ambrose

**JUDGMENT ENTRY ADOPTING
MAGISTRATE'S DECISION**

THIS CAUSE is before the Court on the Decision of the
Magistrate, the evidence admitted at the hearing, and the
motions and pleadings in the Court file, including the
Stipulation of Defendant Unites States of America. *Defendant United States of America filed a stipulation that stipulated to a finding*

Summary judgment is granted in favor of Plaintiff against *that the lien held by defendant*
the following Defendant on the issue of priority: State of Ohio *The United States of America is junior in priority to Plaintiff's lien. (C&O)*
Department of Taxation.

Default judgment is granted in favor of Plaintiff against
the following Defendants: Christine J. Forgues aka Christine
J.A. Andres Doubrava aka Christine J. Andres, John Doe, Unknown

Spouse, if any, of Christine J. Forgues aka Christine J.A. Andres Doubrava aka Christine J. Andres, The Unknown Heirs at Law or Under the Will, if any, of William E. Forgues, Deceased, and State of Ohio Estate Tax Division.

The Court adopts the Magistrate's Decision filed April 12, 2013 granting a foreclosure on the premises.

(SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF)

PREMISES COMMONLY KNOWN AS:
15109 Merimeade Drive, Cleveland, Ohio
PERMANENT PARCEL NO.:  025-24-054

The parties who have asserted an interest in the premises will be paid according to their priority.  The claims of all parties who have asserted an interest in premises and whose claims are not paid in the order of distribution herein are transferred to the proceeds of sale and will be determined at a later date.

Judgment is rendered in favor of Plaintiff Deutsche Bank National Trust Company, as Trustee for J.P. Morgan Mortgage Acquisition Trust 2007-CH5, Asset Backed Pass-Through Certificates, Series 2007-CH5 against Defendant Christine J. Forgues aka Christine J.A. Andres Doubrava aka Christine J. Andres in the sum of $142,144.25 plus interest at the rate of 9.8% per annum from October 1, 2009.

The Court finds that Plaintiff has standing to bring this case.

IT IS, THEREFORE, ORDERED, ADJUDGED, AND DECREED, that unless there is paid or caused to be paid, within three days of the Court's adoption of the Magistrate's Decision, to the Clerk of this Court, the costs of this case, taxes due and payable and to the Plaintiff the sums found to be due it as aforesaid, together with interest due thereon, and the advances due Plaintiff for real estate taxes, insurance premiums and property protection, the equity of redemption of all Defendants named in this action in and to said premises shall be foreclosed and said premises sold; and, that an order of sale therefore shall issue to the Sheriff of Cuyahoga County directing him to appraise, advertise in a newspaper of general circulation within the County and sell said premises as upon execution and according to law, free and clear of the interest of all parties to this action.

And coming now to distribute the proceeds of said sale, it is ordered that the Sheriff out of the funds in his hands pay:

First:    The costs herein, including the sum of $300.00 payable to Reimer, Arnovitz, Chernek & Jeffrey Co. L.P.A. for the Judicial Report filed herein, and the sum of $286.00 for the premium, which are hereby taxed as costs.

Second:     To the Cuyahoga County Treasurer, taxes, accrued taxes, assessments and penalties on the premises described herein due and payable as of the date of confirmation of sheriff's sale and taxes, assessments, penalties and interest which attach before the confirmation of sale for the year in which confirmation occurs, apportioned pro rata to the part of the year that precedes confirmation.

Third:      To the Plaintiff, the sum of $142,144.25 plus interest thereon at the rate of 9.8% per annum from October 1, 2009.

Fourth:     The balance, if any, to be held by the Sheriff, pending further order.

IT IS FURTHER ORDERED that upon the distribution of the proceeds of sale as aforesaid, the Clerk of this Court shall issue his certificate to the County Recorder directing him to enter the same on the margin of the records of said mortgages and liens releasing said liens from said premises.

It is further ORDERED, ADJUDGED AND DECREED that after said sale has been completed, the Sheriff of Cuyahoga County convey to the purchaser said real property and that a Writ of Possession of said property be issued.

The Court finds upon the First Count of the Complaint, that due to a mutual mistake, the real estate legal description as contained in the mortgage deed contains certain errors, and that it was the intent of the parties to the mortgage deed to create a mortgage lien upon the real property owned by Defendant Christine J. Forgues aka Christine J.A. Andres Doubrava aka

Christine J. Andres located at 15109 Merimeade Drive, Cleveland, Ohio and correctly described below.

It is therefore ORDERED that the real estate legal description contained in said mortgage deed is hereby reformed and amended to read as follows:

SEE LEGAL DESCRIPTION ATTACHED HERETO AS EXHIBIT "A".

The Court finds upon the Fourth Count of the Complaint, that due to a mutual mistake, the real estate legal description as contained in the Survivorship Deed recorded June 20, 2001, File No. 200106200974, Cuyahoga County Records, contains certain errors, and that it was the intent of the parties to this deed to convey the real property located at 15109 Merimeade Drive, Cleveland, Ohio and correctly described above.

It is therefore ORDERED that the real estate legal description contained in said deed is hereby reformed and amended to read as set forth in the attached Exhibit "A".

The Court finds that the Defendant, The United States of America, shall have the right to redeem within the time periods provided by 28 U.S.C. Section 2410(c).

No just reason for delay.

RECEIVED FOR FILING

IT IS SO ORDERED.

MAY 0 1 2013

CUYAHOGA COUNTY
CLERK OF COURTS
By_____Deputy

Judge Dick Ambrose (CEO)

P10-2654-C/ F12-00223

## LEGAL DESCRIPTION

Situated in the City of Cleveland, County of Cuyahoga and State of Ohio, and known as being Sublot No. 10 in A.E. Mead's Subdivision of part of Original Rockport Township Section No. 12 as shown by the recorded plat in Volume 110 of Maps, Page 8 of Cuyahoga County Records and being 45 feet front on the southerly side of Merimeade Drive N.W. and extending back 133.50 feet on the easterly line, 148.54 feet on the westerly line, and having a rear line of 56 feet, as appears by said plat, be the same more or less, but subject to all legal highways.

F12-00223    EGB/kll

FILED

April 10, 2013

'3J MR 12  A 8 37

WINDOW CHS
CLERK OF COURTS
CUYAHOGA COUNTY

## IN THE COURT OF COMMON PLEAS
## CUYAHOGA COUNTY, OHIO

| | |
|---|---|
| Deutsche Bank National Trust Company, as Trustee for J.P. Morgan Mortgage Acquisition Trust 2007-CH5, Asset Backed Pass-Through Certificates, Series 2007-CH5 | ) CASE NO. CV 12 779307<br>)<br>) JUDGE Dick Ambrose<br>)<br>)<br>) |
| Plaintiff | ) MAGISTRATE'S DECISION<br>) |
| -vs- | )<br>)<br>) |
| Christine J. Forgues aka Christine J.A. Andres Doubrava aka Christine J. Andres, et al. | )<br>)<br>)<br>) |
| Defendants | )<br>) |

THIS CAUSE was submitted to the Magistrate and heard upon the Complaint of the Plaintiff, the Answer of Defendant State of Ohio Department of Taxation, the Answer of Defendant United States of America, the Motion for Partial Summary Judgment of the Plaintiff, the Stipulation of Defendant United States of America, Plaintiff's Motion for Default Judgment, and the evidence.

The Magistrate hereby finds that there are no genuine issues of material fact concerning the priority of Plaintiff's mortgage vis-a-vis the liens of Defendants State of Ohio Department of Taxation and United States of America, and that Plaintiff is entitled to judgment as a matter of law concerning the priority of its mortgage lien, and therefore Plaintiff's Motion for Partial Summary Judgment is granted.

The Magistrate finds that all necessary parties have been served with summons according to law and are properly before the Court; that the Defendants, Christine J. Forgues aka Christine J.A. Andres Doubrava aka Christine J. Andres, John Doe, Unknown Spouse, if any, of Christine J. Forgues aka Christine J.A. Andres Doubrava aka Christine J. Andres, The Unknown Heirs at Law or Under the Will, if any, of William E. Forgues, Deceased, and State of Ohio Estate Tax Division, are in default of Answer or other pleading and thereby confess the allegations of the Complaint to be true. ~~and said Defendants are forever barred from asserting any right, title, or interest in and to the hereinafter described premises~~ (CEO)

The Magistrate finds that for good cause shown, Defendant William E. Forgues is hereby dismissed from this lawsuit as he is deceased.

The Magistrate finds that there is due the Cuyahoga County Treasurer, taxes, accrued taxes, assessments, and penalties on

the premises described herein including: (1) taxes and assessments which attach before the confirmation of sale for the year in which confirmation occurs, apportioned pro rata to the part of the year that precedes confirmation, and any penalties and interest on those taxes and assessments; and (2) all other taxes, assessments, penalties and interest which attached for a prior tax year but have not been paid on or before the date of confirmation. The exact amount of said taxes, accrued taxes, assessments, and penalties are unascertainable at this time, but will be determined at the time of the sheriff's sale of said premises, for which amount the Cuyahoga County Treasurer has a good and valid lien.

The Magistrate finds on the evidence adduced that there is due the Plaintiff on the promissory note set forth in the Second Count of the Complaint, the sum of $142,144.25, plus interest at 9.8% per annum from October 1, 2009, for which sum, judgment is hereby rendered in favor of the Plaintiff against the Defendant, Christine J. Forgues aka Christine J.A. Andres Doubrava aka Christine J. Andres.

The Magistrate further finds that there may be due to Plaintiff, the sums advanced by it under the terms of the Note and Mortgage to pay real estate taxes, hazard insurance premiums, and property protection.

The Magistrate further finds that in order to secure the payment of the promissory note aforesaid, the Defendants, Christine J. Forgues and William E. Forgues, wife and husband, executed and delivered to Chase Bank USA, NA, the certain mortgage deed as in the Third Count of said Complaint described, thereby conveying to it the following described premises.

The Magistrate finds upon the First Count of the Complaint, that due to a mutual mistake, the real estate legal description as contained in the mortgage deed contains certain errors, and that it was the intent of the parties to the mortgage deed to create a mortgage lien upon the real property owned by Defendant Christine J. Forgues aka Christine J.A. Andres Doubrava aka Christine J. Andres located at 15109 Merimeade Drive, Cleveland, Ohio and correctly described below.

It is therefore ORDERED that the real estate legal description contained in said mortgage deed is hereby reformed and amended to read as follows:

SEE LEGAL DESCRIPTION ATTACHED HERETO AS EXHIBIT "A".

Said premises also known as 15109 Merimeade Drive, Cleveland, Ohio

PP# 025-24-054

That said mortgage was duly filed with the Recorder of Cuyahoga County on April 20, 2007, and was by him thereafter recorded as File No. 200704200027 of the Mortgage Records of

said County, and thereby became and is a valid first mortgage lien upon said premises, subject only to the lien of the Treasurer for taxes; that said mortgage deed was assigned by Chase Bank USA, NA to Deutsche Bank National Trust Company, as Trustee for J.P. Morgan Mortgage Acquisition Trust 2007-CH5, Asset Backed Pass-Through Certificates, Series 2007-CH5, recorded in File No. 201005200218, Cuyahoga County Records; that said conditions in the mortgage deed have been broken, and the same has become absolute and the Plaintiff is entitled to have the equity of redemption and dower of the Defendants, Christine J. Forgues aka Christine J.A. Andres Doubrava aka Christine J. Andres, John Doe, Unknown Spouse, if any, of Christine J. Forgues aka Christine J.A. Andres Doubrava aka Christine J. Andres, The Unknown Heirs at Law or Under the Will, if any, of William E. Forgues, Deceased, in and to the said premises foreclosed. ⟨ ⁂ (CEO)

The Magistrate finds upon the Fourth Count of the Complaint, that due to a mutual mistake, the real estate legal description as contained in the Survivorship Deed recorded June 20, 2001, File No. 200106200974, Cuyahoga County Records, contains certain errors, and that it was the intent of the parties to this deed to convey the real property located at 15109 Merimeade Drive, Cleveland, Ohio and correctly described above.

⁂ The mortgage assignment to plaintiff was executed before the filing of the case. The note allonge, while undated, is attached to the complaint and, thus, must have been executed before the filing of the complaint. Accordingly, the Magistrate finds that plaintiff was the owner of both the note and mortgage when the case was filed and has standing to bring this case.

It is therefore ORDERED that the real estate legal description contained in said deed is hereby reformed and amended to read as set forth in the attached Exhibit "A".

The Magistrate finds that the Defendants, United States of America and State of Ohio Department of Taxation, claims some right, title, interest or lien upon the premises described herein, as set forth in their pleadings filed herein, but that any right, title, interest, claim or lien that they may have is inferior and subsequent to the lien of the Plaintiff.

The Magistrate, while finding that there is no just reason for delay as to the Plaintiff's claim, makes no finding at this time as to the claim, right, title, interest or lien of the Defendants, United States of America and State of Ohio Department of Taxation, as set forth in their pleadings filed herein, except to note that such claim, right, title, interest or lien of these Defendants are hereby ordered transferred to the proceeds derived from the sale of said premises, after the payment of the costs of the within action, taxes due and payable and the amount hereinabove found due the Plaintiff, and the same is hereby ordered continued until further order.

The Magistrate finds that the Defendant, United States of America, shall have the right to redeem within the time periods provided by 28 U.S.C. Section 2410(c).

It is therefore ORDERED, ADJUDGED, AND DECREED that unless the sums hereinabove found due, together with the costs of this action, be fully paid within three (3) days from the date of the entry of this decree, the equity of redemption and dower of the Defendants, Christine J. Forgues aka Christine J.A. Andres Doubrava aka Christine J. Andres, John Doe, Unknown Spouse, if any, of Christine J. Forgues aka Christine J.A. Andres Doubrava aka Christine J. Andres, The Unknown Heirs at Law or Under the Will, if any, of William E. Forgues, Deceased, in and to said premises shall be foreclosed and that an order of sale shall issue directed to the Sheriff of Cuyahoga County, ordering him to appraise, advertise in a paper of general circulation within the County, and sell said premises as upon execution and according to law, free and clear of the interest of all parties to this action.

In the event an order of sale is returned by the Sheriff unexecuted, subsequent orders of sale shall issue in accord with appraisal instructions as requested in a Praecipe for Order of Sale.

It is further ordered that the Sheriff out of the funds in his hands pay:

> FIRST:   The costs herein, including the sum of $300.00 payable to Reimer, Arnovitz, Chernek & Jeffrey Co., L.P.A. for the Judicial Report filed herein, and the sum of $286.00

for the premium, which are hereby taxed as costs.

SECOND: To the Cuyahoga County Treasurer, taxes, accrued taxes, assessments and penalties on the premises described herein due and payable as of the date of confirmation of sheriff's sale and taxes, assessments, penalties and interest which attach before the confirmation of sale for the year in which confirmation occurs, apportioned pro rata to the part of the year that precedes confirmation.

THIRD: To the Plaintiff, the sum of $142,144.25 plus interest thereon at the rate of 9.8% per annum from October 1, 2009.

FOURTH: The balance, if any, to be held by the Sheriff, pending further order.

~~In the event Plaintiff is the successful bidder at the Sheriff's Sale, the amount of the deposits made herein by the Plaintiff and the cost of the Preliminary Judicial Report in the sum of $586.00 shall be deducted from the amount of court costs otherwise due and payable herein.~~ (CEO)

It is further ORDERED, ADJUDGED AND DECREED that there may be due to Plaintiff additional sums advanced by it under the terms of the Note and Mortgage to pay real estate taxes, hazard insurance premiums, and property protection, which sums are to be determined by further Order.

~~It is further ORDERED, ADJUDGED AND DECREED that all parties of this action be perpetually barred from asserting any~~

~~delivering rights to the purchaser hereof, or anyone claiming under~~
~~or through said purchaser, and subject to further order.~~ (CEO)

It is further ORDERED, ADJUDGED AND DECREED that upon the distribution of the proceeds of sale as aforesaid, a minute of these proceedings be entered upon the Cuyahoga County records involved in this action and the Clerk of this Court shall issue his certificate to the County Recorder directing him to enter the same on the margin of the records of said mortgages and liens, releasing said liens from the premises.

It is further ORDERED, ADJUDGED AND DECREED that after said sale has been completed, the Sheriff of Cuyahoga County convey to the purchaser said real property, and that a Writ of Possession of said property be issued.

RECORD IS HEREBY ORDERED.

_____
Magistrate Christopher E. Olsztyn

APPROVED BY:


/s/ Edward Bohnert
**REIMER, ARNOVITZ, CHERNEK &**
**JEFFREY CO., L.P.A.**
Edward G. Bohnert (0004920)
P.O. Box 39696
30455 Solon Road
Solon, OH 44139
Phone: (440) 600-5500
Fax: 440-600-5586
Email: ebohnert@reimerlaw.com

A party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ. R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ. R. 53(D)(3)(b).

P10-2654-C/ F12-00223

## LEGAL DESCRIPTION

Situated in the City of Cleveland, County of Cuyahoga and State of Ohio, and known as being Sublot No. 10 in A.E. Mead's Subdivision of part of Original Rockport Township Section No. 12 as shown by the recorded plat in Volume 110 of Maps, Page 8 of Cuyahoga County Records and being 45 feet front on the southerly side of Merimeade Drive N.W. and extending back 133.50 feet on the easterly line, 148.54 feet on the westerly line, and having a rear line of 56 feet, as appears by said plat, be the same more or less, but subject to all legal highways.

## CERTIFICATE OF SERVICE

Copies of the foregoing have been sent by ordinary U.S. Mail by the Clerk of Courts to the following parties or their counsel of record:

Reimer, Arnovitz, Chernek & Jeffrey Co., L.P.A.
30455 Solon Road
Solon, Ohio 44139

Christine J. Forgues aka
Christine J.A. Andres Doubrava
aka Christine J. Andres
15109 Merrimeade Drive
Cleveland, Ohio  44111

John Doe, Unknown Spouse,
if any, of Christine J. Forgues
aka Christine J.A. Andres Doubrava
aka Christine J. Andres
15109 Merrimeade Drive
Cleveland, Ohio  44111

Lori White Laisure
Assistant U.S. Attorney
801 Superior Ave., Suite 400
Cleveland, OH  44113

Lindsey K. McCarron
Assistant Attorney General
Collection Enforcement Section,
150 East Gay Street,
21st Floor
Columbus, OH  43215

State of Ohio Estate Tax Division
c/o Ohio Attorney General,
150 East Gay Street
Columbus, Ohio  43215


Copies mailed by the Clerk of Courts on_____, 2013.

# LAND APPRAISAL
## CV-12-779307 OOS

538166679503444

4/6

We, the undersigned disinterested freeholders and residents of the County of Cuyahoga, Ohio, having been duly summoned and sworn by TheSheriff of Cuyahoga County, by JAMES BITTERMAN, CHIEF, Deputy Sheriff of said County, impatially to appraise upon actual view, the following described lands and tenements, to wit:



CV12779307                    79831971

Situated in the City of Cleveland, County of Cuyahoga and State of Ohio, and known as being Sublot No. 10 in A.E. Mead's Subdivision of part of Original Rockport Township Section No. 12 as shown by the recorded plat in Volume 110 of Maps, Page 8 of Cuyahoga County Records and being 45 feet front on the southerly side of Merimeade Drive N.W. and extending back 133.50 feet on the easterly line, 148.54 feet on the westerly line, and having a rear line of 56 feet, as appears by said plat, be the same more or less, but subject to all legal highways.

5

To be sold on an Order of Sale issued from the Court of Common Pleas of said Cuyahoga County, in the action of DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR J.P. MORGAN MORTGAGE ACQUISITION TRUST 2007-CH5 ASSET BACKED PASS-THROUGH CERTIFICATES SERIES 2007-CH5 plaintiff, against CHRISTINE J. FORGUES AKA CHRISTINE J.A. ANDRES DOUBRAVA AKA CHRISTINE J. ANDRES, ET AL. defendant,

Do forthwith, after actual view of said premises, make return and say that the same are of the real value in money of

SEVENTY FIVE THOUSAND DOLLARS AND 00/100 ($75,000.00)..................

Given under our hand and seals, this 12th day of June, 2013

JOHN ANDREWS

STANLEY R. PATRISKI

VERNON A. BLAZE

# The State of Ohio }
## Cuyahoga County } ss.   I hereby certify that the within named appraisers

**JOHN ANDREWS, STANLEY R. PATRISKI and VERNON A. BLAZE**

are freeholders and residents of said County, and were duly summoned and sworn by me to appraise the within described premises, this 12th day of June, 2013



79827825

# IN THE COURT OF COMMON PLEAS
# CUYAHOGA COUNTY, OHIO

DEUTSCHE BANK NATIONAL TR. CO.
    Plaintiff

Case No: CV-12-779307

Judge: DICK AMBROSE

CHRISTINE J. FORGUES AKA DOUBRAVA AKA
ANDRES ETAL
    Defendant

## JOURNAL ENTRY

NOTICE OF SALE AND APPROVAL OF APPRAISERS' FEES.
THE SALE IS SCHEDULED FOR 07/22/2013 AT 9:00 A.M. IN THE JUSTICE CENTER AUDITORIUM.
PURSUANT TO LOCAL RULE 27 IT IS HEREBY ORDERED THAT EACH APPRAISER NAMED BE COMPENSATED BY
THE CLERK OF COURTS, FROM THE FUNDS ON DEPOSIT AS FOLLOWS:

JOHN ANDREWS, APPRAISAL COST: $51.69 REGULAR FEE AND MILEAGE.
STANLEY R PATRISKI, APPRAISAL COST: $50.00 REGULAR FEE.
VERNON A. BLAZE, APPRAISAL COST: $50.00 REGULAR FEE.
FEES TO BE TAXED AS COSTS IN CASE NO. CV-12-779307 OOS  DATED THIS 14th DAY OF JUNE, 2013
NOTICE ISSUED

Judge Signature       06/17/2013

06/14/2013

RECEIVED FOR FILING
06/17/2013 09:13:14
ANDREA F. ROCCO, CLERK

Page 1 of 1

F12-00223                    DAH/geb

CEO

**IN THE COURT OF COMMON PLEAS**
**CUYAHOGA COUNTY, OHIO**

Deutsche Bank National Trust           )
Company, as Trustee for J.P.           )    Case No. CV12779307
Morgan Mortgage Acquisition Trust      )
2007-CH5, Asset Backed Pass-           )    Judge Dick Ambrose
Through Certificates, Series           )
2007-CH5,                              )    _____
                                       )    MOTION TO RETURN ORDER OF SALE
            Plaintiff,                 )    WITHOUT EXECUTION
                                       )    _____
    vs.                                )
                                       )
Christine J. Forgues aka               )
Christine J.A. Andres Doubrava         )
aka Christine J. Andres, et al.        )
                                       )
            Defendants                 )

            Deutsche Bank National Trust Company, as Trustee for J.P. Morgan

Mortgage Acquisition Trust 2007-CH5, Asset Backed Pass-Through

Certificates, Series 2007-CH5 hereby moves the court for an order

returning the original order of sale without execution. Deutsche Bank

National Trust Company, as Trustee for J.P. Morgan Mortgage

Acquisition Trust 2007-CH5, Asset Backed Pass-Through Certificates,

Series 2007-CH5 no longer desires that the property subject to

execution be sold for the following reason(s):

☐    The party who ordered sale has entered into a forbearance
     agreement with the property owner of borrower.
☒    Other: Due to OCC required review.

To the best of my knowledge, the property is not vacant.


RESPECTFULLY SUBMITTED,


**REIMER, ARNOVITZ, CHERNEK &**
**JEFFREY CO., L.P.A.**
Douglas A. Haessig (0079200)
Ronald J. Chernek (0041431)
Attorneys for Plaintiff
P.O. Box 39696
30455 Solon Road
Solon, OH 44139
Phone: (440) 600-5500
Email: dhaessig@reimerlaw.com

IT IS SO ORDERED.


_____
Judge Dick Ambrose

<u>PROOF OF SERVICE</u>

      A copy of the foregoing Motion was mailed by Ordinary U.S. Mail this <u>17</u> day of <u> June </u>, 2013, to the following:

Christine J. Forgues aka
Christine J.A. Andres Doubrava
aka Christine J. Andres
15109 Merrimeade Drive
Cleveland, Ohio 44111

John Doe, Unknown Spouse,
if any, of Christine J. Forgues
aka Christine J.A. Andres Doubrava
aka Christine J. Andres
15109 Merrimeade Drive
Cleveland, Ohio 44111

Lori White Laisure
Assistant U.S. Attorney
801 Superior Ave., Suite 400
Cleveland, OH 44113

Lindsey K. McCarron
Assistant Attorney General
Collection Enforcement Section,
150 East Gay Street,
21st Floor
Columbus, OH 43215

State of Ohio Estate Tax Division
c/o Ohio Attorney General,
150 East Gay Street
Columbus, Ohio 43215

REIMER, ARNOVITZ, CHERNEK &
JEFFREY CO., L.P.A.
Douglas A. Haessig (0079200)
Ronald J. Chernek (0041431)
Attorneys for Plaintiff
P.O. Box 39696
30455 Solon Road
Solon, OH 44139
Phone: (440) 600-5500
Email: dhaessig@reimerlaw.com



79944438

# IN THE COURT OF COMMON PLEAS
# CUYAHOGA COUNTY, OHIO

DEUTSCHE BANK NATIONAL TR. CO.
    Plaintiff

Case No: CV-12-779307

Judge: DICK AMBROSE



CHRISTINE J. FORGUES AKA DOUBRAVA AKA
ANDRES ETAL
    Defendant

## JOURNAL ENTRY

PLAINTIFF'S MOTION TO RETURN ORDER OF SALE WITHOUT EXECUTION IS GRANTED.  ORDER SEE JOURNAL.

Judge Signature          Date
                          CPCEO*ceo*

PROCESSED

JUL 0 2 2013

CUYAHOGA COUNTY CLERK
OF COURTS
IMAGING DEPARTMENT

06/24/2013

E1210223
Sale Date: July 22, 13
Sale Number: 046
CEO

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

JUN 24 2013

| | |
|---|---|
| Deutsche Bank National Trust Company, as Trustee for J.P. Morgan Mortgage Acquisition Trust 2007-CH5, Asset Backed Pass-Through Certificates, Series 2007-CH5, | Case No. CV12779307<br><br>Judge Dick Ambrose<br><br>**ORDER GRANTING MOTION TO RETURN ORDER OF SALE WITHOUT EXECUTION** |
| Plaintiff, | |
| vs. | |
| Christine J. Forgues aka Christine J.A. Andres Doubrava aka Christine J. Andres, et al. | |
| Defendants | |

This cause is before the Court on the Motion of Deutsche Bank National Trust Company, as Trustee for J.P. Morgan Mortgage Acquisition Trust 2007-CH5, Asset Backed Pass-Through Certificates, Series 2007-CH5 to return the order of sale without execution. The Court finds that the motion is well taken and is hereby granted. The Sheriff is ordered to return the original order of sale without execution. The Clerk is ordered to apply the deposit for costs to any outstanding costs

RECEIVED FOR FILING

JUN 2 8 2013

CUYAHOGA COUNTY
CLERK OF COURTS
By _____ Deputy

IT IS SO ORDERED

_____
Judge
(CEO)



80061525

# IN THE COURT OF COMMON PLEAS
## CUYAHOGA COUNTY, OHIO

DEUTSCHE BANK NATIONAL TR. CO.
    Plaintiff

CHRISTINE J. FORGUES AKA DOUBRAVA AKA
ANDRES ETAL
    Defendant

Case No: CV-12-779307

Judge: DICK AMBROSE

## JOURNAL ENTRY

THE NOTICE OF SHERIFF'S SALE IS AMENDED TO INDICATE THAT THE SALE WILL TAKE PLACE AT THE JUVENILE
JUSTICE CENTER, 9300 QUNICY AVE., CLEVELAND, OHIO, NOT IN THE JUSTICE CENTER AUDITORIUM, 1215 WEST
THIRD STREET, CLEVELAND, OHIO.

_____
Judge Signature         07/02/2013
                            CPCEO

07/02/2013

RECEIVED FOR FILING
07/02/2013 16:12:35
ANDREA F. ROCCO, CLERK

Page 1 of 1

CEO F12-00223        EGB/srf        July 1, 2013

FILED

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

2013 JUL -3 P 2: 46

WINDOW CHS
CLERK OF COURTS
CUYAHOGA COUNTY

| | |
|---|---|
| Deutsche Bank National Trust Company, as Trustee for J.P. Morgan Mortgage Acquisition Trust 2007-CH5, Asset Backed Pass-Through Certificates, Series 2007-CH5 | ) ) ) ) ) ) Case No. CV12779307 ) ) JUDGE Dick Ambrose ) ) |
| Plaintiff | ) **NOTICE OF SALE** ) ) CV12779307    80116107 |
| -vs- | ) ) |
| Christine J. Forgues aka Christine J.A. Andres Doubrava aka Christine J. Andres, et al. | ) ) ) ) |
| Defendants | ) ) |

All parties are hereby advised that the property involved in the above-captioned matter has been set for sale on Monday, July 22, 2013 at 9:00 a.m. Room 100, at the Cuyahoga County Juvenile Justice Center, 9300 Quincy Avenue, Cleveland, Ohio, Cleveland, Ohio. Sheriff's appraisal is $75,000.00, and by statute, the property must be sold for not less than two-thirds of that amount.

**REIMER, ARNOVITZ, CHERNEK & JEFFREY CO., L.P.A**
By:    Edward G. Bohnert (Reg. #0004920)
       F. Peter Costello (Reg. #0076112)
       Douglas A. Haessig (Reg. #0079200)
Attorneys for the Plaintiff
P.O. Box 39696, 30455 Solon Road
Solon, OH 44139
Phone: (440) 600-5500, Ext. 110
Fax: 440-600-5586
Email: ebohnert@reimerlaw.com

62

## CERTIFICATE OF SERVICE

A copy of the foregoing was sent by regular U.S. mail on _____2-2_____, 2013, to the following:

Christine J. Forgues aka
Christine J.A. Andres Doubrava aka
Christine J. Andres
15109 Merrimeade Drive
Cleveland, Ohio  44111

John Doe, Unknown Spouse,
if any, of Christine J. Forgues aka
Christine J.A. Andres Doubrava aka
Christine J. Andres
15109 Merrimeade Drive
Cleveland, Ohio  44111

Lindsey K. McCarron
Assistant Attorney General
Collection Enforcement Section,
150 East Gay Street, 21st Floor
Columbus, Ohio 43215

Lori White Laisure
Assistant U.S. Attorney
801 Superior Avenue, Suite #400
Cleveland, Ohio  44113

**REIMER, ARNOVITZ, CHERNEK &
JEFFREY CO., L.P.A**
By:     Edward G. Bohnert (Reg. #0004920)
        F. Peter Costello (Reg. #0076112)
        Douglas A. Haessig (Reg. #0079200)
Attorneys for the Plaintiff
P.O. Box 39696, 30455 Solon Road
Solon, OH 44139
Phone: (440) 600-5500, Ext. 110
Fax: 440-600-5586
Email: ebohnert@reimerlaw.com

F12-00223        DR/srh        March 14, 2014

## IN THE COURT OF COMMON PLEAS
## CUYAHOGA COUNTY, OHIO

Deutsche Bank National Trust
Company, as Trustee for J.P. Morgan
Mortgage Acquisition Trust 2007-CH5,
Asset Backed Pass-Through
Certificates, Series 2007-CH5

_____
Plaintiff

     Case No.    CV12779307 _____

       VS

Christine J. Forgues aka Christine J.A.
Andres Doubrava aka Christine J.
Andres, et al.
_____
Defendant

     Judge    Dick Ambrose _____

     Alias Praecipe for Order of Sale
     Without New Appraisal

To the Clerk of Courts:

     Please issue an Alias Order of Sale to the Cuyahoga County Sheriff directing him to
advertise and then sell the property located at:

PREMISES COMMONLY KNOWN AS:      15109 Merimeade Drive _____
                                          Cleveland, Ohio 44111 _____

PERMANENT PARCEL NUMBER:      025-24-054 _____
/s/ Dennis Reimer

Dennis Reimer        0031109 _____
Attorney            Bar No.

30455 Solon Road _____
Address

Solon, Ohio 44139 _____
City, State  Zip

(440) 600-5500 _____
Telephone

$ 600.00 DEPOSITED

MAR 1 4 2014

SECURE COSTS
Cuyahoga County, Clerk of Courts
Per _____ Deputy

65



**ANDREA F. ROCCO**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

## Court of Common Pleas

**ORDER OF SALE Electronically Filed:**
**March 14, 2014 13:22**

By: DENNIS REIMER 0031109

Confirmation Nbr. 81941

DEUTSCHE BANK NATIONAL TR. CO.                                          CV 12 779307

     vrs.

CHRISTINE J. FORGUES AKA DOUBRAVA AKA                        **Judge:**
ANDRES ETAL

                                                        DICK AMBROSE

Pages Filed:  1

F12-00223                    DAH/mmi                    April 11, 2014

## IN THE COURT OF COMMON PLEAS
## CUYAHOGA COUNTY, OHIO

| | | |
|---|---|---|
| Deutsche Bank National Trust | ) | Case No. CV12779307 |
| Company, as Trustee for J.P. | ) | |
| Morgan Mortgage Acquisition Trust | ) | Judge Dick Ambrose |
| 2007-CH5, Asset Backed Pass- | ) | |
| Through Certificates, Series | ) | MOTION TO RETURN ORDER OF SALE |
| 2007-CH5, | ) | WITHOUT EXECUTION |
|           Plaintiff, | ) | |
| | ) | |
|      vs. | ) | |
| | ) | |
| Christine J. Forgues aka | ) | |
| Christine J.A. Andres Doubrava | ) | |
| aka Christine J. Andres, et al. | ) | |
|           Defendants | ) | |

Deutsche Bank National Trust Company, as Trustee for J.P. Morgan Mortgage Acquisition Trust 2007-CH5, Asset Backed Pass-Through Certificates, Series 2007-CH5 hereby moves the court for an order returning the alias order of sale without execution. Deutsche Bank National Trust Company, as Trustee for J.P. Morgan Mortgage Acquisition Trust 2007-CH5, Asset Backed Pass-Through Certificates, Series 2007-CH5 no longer desires that the property subject to execution be sold for the following reason(s):

☐ The party who ordered sale has accepted funds sufficient to reinstate the loan.

☐ The party who ordered sale has entered into a forbearance agreement with the property owner of borrower.

☒ The party who ordered sale is engaged in settlement negotiations with the property owner of borrower. The parties are discussing a loan modification.

To the best of my knowledge, the property is not vacant.

RESPECTFULLY SUBMITTED,

/s/ Douglas A. Haessig
_____
**REIMER, ARNOVITZ, CHERNEK &**
**JEFFREY CO., L.P.A.**
Douglas A. Haessig (0079200)
Ronald J. Chernek (0041431)
Attorneys for Plaintiff
P.O. Box 39696, 30455 Solon Road
Solon, OH 44139
Phone: (440) 600-5500
Email: dhaessig@reimerlaw.com

IT IS SO ORDERED.

_____
Judge Dick Ambrose

PROOF OF SERVICE

A copy of the foregoing Motion was mailed by electronic e-service notification or Ordinary U.S. Mail this ____11th___ day of __April_____, 2014, to the following:


Christine J. Forgues aka
Christine J.A. Andres Doubrava aka
Christine J. Andres
15109 Merrimeade Drive
Cleveland, Ohio 44111

John Doe, Unknown Spouse,
if any, of Christine J. Forgues
aka Christine J.A. Andres Doubrava
aka Christine J. Andres
15109 Merrimeade Drive
Cleveland, Ohio 44111

William E. Forgues
15109 Merrimeade Drive
Cleveland, Ohio 44111

Lori White Laisure
Assistant U.S. Attorney
801 Superior Ave., Suite 400
Cleveland, OH 44113

Lindsey K. McCarron
Assistant Attorney General
Collection Enforcement Section,
150 East Gay Street, 21st Floor
Columbus, OH 43215


/s/ Douglas A. Haessig
REIMER, ARNOVITZ, CHERNEK &
JEFFREY CO., L.P.A.
Douglas A. Haessig (0079200)
Ronald J. Chernek (0041431)
Attorneys for Plaintiff
P.O. Box 39696, 30455 Solon Road
Solon, OH 44139
Phone: (440) 600-5500
Email: dhaessig@reimerlaw.com

F12-00223    DAH/mmi    April 11, 2014
Sale Date: May 5, 2014
Sale No. 051

## IN THE COURT OF COMMON PLEAS
### CUYAHOGA COUNTY, OHIO

| | | |
|---|---|---|
| Deutsche Bank National Trust<br>Company, as Trustee for J.P.<br>Morgan Mortgage Acquisition Trust<br>2007-CH5, Asset Backed Pass-<br>Through Certificates, Series<br>2007-CH5,<br>    Plaintiff,<br><br>    vs.<br><br>Christine J. Forgues aka<br>Christine J.A. Andres Doubrava<br>aka Christine J. Andres, et al.<br>    Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. CV12779307<br><br>Judge Dick Ambrose<br><br><u>ORDER GRANTING MOTION TO RETURN</u><br><u>ORDER OF SALE WITHOUT EXECUTION</u> |

   This cause is before the Court on the Motion of Deutsche Bank
National Trust Company, as Trustee for J.P. Morgan Mortgage
Acquisition Trust 2007-CH5, Asset Backed Pass-Through Certificates,
Series 2007-CH5 to return the order of sale without execution. The
Court finds that the motion is well taken and is hereby granted. The
Sheriff is ordered to return the alias order of sale without
execution.

      IT IS SO ORDERED

      _____
      Judge



ANDREA F. ROCCO
CUYAHOGA COUNTY CLERK OF COURTS
1200 Ontario Street
Cleveland, Ohio 44113

## Court of Common Pleas

MOTION Electronically Filed:
April 11, 2014 13:11

By: DOUGLAS A. HAESSIG 0079200

Confirmation Nbr. 104495

DEUTSCHE BANK NATIONAL TR. CO.                    CV 12 779307

    vrs.

CHRISTINE J. FORGUES AKA DOUBRAVA AKA            Judge:
ANDRES ETAL

DICK AMBROSE

Pages Filed:  3

F12-00223              DAH/mmi              April 11, 2014

## IN THE COURT OF COMMON PLEAS
## CUYAHOGA COUNTY, OHIO

Deutsche Bank National Trust          ) Case No. CV12779307
Company, as Trustee for J.P.          )
Morgan Mortgage Acquisition Trust     ) Judge Dick Ambrose
2007-CH5, Asset Backed Pass-          )
Through Certificates, Series          ) **MOTION TO RETURN ORDER OF SALE**
2007-CH5,                             )      **WITHOUT EXECUTION**
      Plaintiff,            )
                    )
      vs.                    )
                    )
Christine J. Forgues aka              )
Christine J.A. Andres Doubrava        )
aka Christine J. Andres, et al.       )
      Defendants              )

      Deutsche Bank National Trust Company, as Trustee for J.P. Morgan Mortgage Acquisition Trust 2007-CH5, Asset Backed Pass-Through Certificates, Series 2007-CH5 hereby moves the court for an order returning the alias order of sale without execution. Deutsche Bank National Trust Company, as Trustee for J.P. Morgan Mortgage Acquisition Trust 2007-CH5, Asset Backed Pass-Through Certificates, Series 2007-CH5 no longer desires that the property subject to execution be sold for the following reason(s):

☐    The party who ordered sale has accepted funds sufficient to reinstate the loan.

☐    The party who ordered sale has entered into a forbearance agreement with the property owner of borrower.

☒    The party who ordered sale is engaged in settlement negotiations with the property owner of borrower. The parties are discussing a loan modification.

To the best of my knowledge, the property is not vacant.

RESPECTFULLY SUBMITTED,

/s/ Douglas A. Haessig
_____
REIMER, ARNOVITZ, CHERNEK &
JEFFREY CO., L.P.A.
Douglas A. Haessig (0079200)
Ronald J. Chernek (0041431)
Attorneys for Plaintiff
P.O. Box 39696, 30455 Solon Road
Solon, OH 44139
Phone: (440) 600-5500
Email: dhaessig@reimerlaw.com

IT IS SO ORDERED.

_____
Judge Dick Ambrose

<u>PROOF OF SERVICE</u>

     A copy of the foregoing Motion was mailed by electronic e-service notification or Ordinary U.S. Mail this ____11th____ day of __April_____, 2014, to the following:


Christine J. Forgues aka
Christine J.A. Andres Doubrava aka
Christine J. Andres
15109 Merrimeade Drive
Cleveland, Ohio 44111

John Doe, Unknown Spouse,
if any, of Christine J. Forgues
aka Christine J.A. Andres Doubrava
aka Christine J. Andres
15109 Merrimeade Drive
Cleveland, Ohio 44111

William E. Forgues
15109 Merrimeade Drive
Cleveland, Ohio 44111

Lori White Laisure
Assistant U.S. Attorney
801 Superior Ave., Suite 400
Cleveland, OH 44113

Lindsey K. McCarron
Assistant Attorney General
Collection Enforcement Section,
150 East Gay Street, 21st Floor
Columbus, OH 43215



/s/ Douglas A. Haessig
REIMER, ARNOVITZ, CHERNEK &
JEFFREY CO., L.P.A.
Douglas A. Haessig (0079200)
Ronald J. Chernek (0041431)
Attorneys for Plaintiff
P.O. Box 39696, 30455 Solon Road
Solon, OH 44139
Phone: (440) 600-5500
Email: dhaessig@reimerlaw.com

F12-00223                  DAH/mmi                April 11, 2014
Sale Date: May 5, 2014
Sale No. 051

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | | |
|---|---|---|
| Deutsche Bank National Trust Company, as Trustee for J.P. Morgan Mortgage Acquisition Trust 2007-CH5, Asset Backed Pass-Through Certificates, Series 2007-CH5, | ) ) ) ) ) ) | Case No. CV12779307 Judge Dick Ambrose **ORDER GRANTING MOTION TO RETURN ORDER OF SALE WITHOUT EXECUTION** |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| Christine J. Forgues aka Christine J.A. Andres Doubrava aka Christine J. Andres, et al. Defendants | ) ) ) ) | |

This cause is before the Court on the Motion of Deutsche Bank National Trust Company, as Trustee for J.P. Morgan Mortgage Acquisition Trust 2007-CH5, Asset Backed Pass-Through Certificates, Series 2007-CH5 to return the order of sale without execution. The Court finds that the motion is well taken and is hereby granted. The Sheriff is ordered to return the alias order of sale without execution. The Clerk is ordered to apply the deposit for costs to any outstanding costs

IT IS SO ORDERED

_____
Judge



**ANDREA F. ROCCO**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

### Court of Common Pleas

**MOTION Electronically Filed:**
**April 11, 2014 15:45**

By: DOUGLAS A. HAESSIG 0079200

Confirmation Nbr. 104915

DEUTSCHE BANK NATIONAL TR. CO.                    CV 12 779307

vrs.

CHRISTINE J. FORGUES AKA DOUBRAVA AKA            **Judge:**
ANDRES ETAL

                                                DICK AMBROSE

Pages Filed:  3



83835147

# IN THE COURT OF COMMON PLEAS
# CUYAHOGA COUNTY, OHIO

FILED

2014 APR 16 A 11:17

DEUTSCHE BANK NATIONAL TR. CO.
    Plaintiff

CHRISTINE J. FORGUES AKA DOUBRAVA AKA
ANDRES ETAL
    Defendant

Case No: CV-12-779307

Judge: DICK AMBROSE CLERK OF COURTS
CUYAHOGA COUNTY

## JOURNAL ENTRY

PLAINTIFF'S MOTION TO RETURN ORDER OF SALE WITHOUT EXECUTION IS GRANTED.  ORDER SEE JOURNAL.

_____/_____
Judge Signature                     Date
                                       CPCEO ceo

PROCESSED

APR 17 2014

CUYAHOGA COUNTY CLERK
OF COURTS
IMAGING DEPARTMENT

F12-00223          DAH/mmi          April 11, 2014
Sale Date: May 5, 2014                                    APR 14 2014
Sale No. 051

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

Deutsche Bank National Trust          )  Case No. CV12779307
Company, as Trustee for J.P.          )
Morgan Mortgage Acquisition Trust     )  Judge Dick Ambrose
2007-CH5, Asset Backed Pass-          )
Through Certificates, Series          )  __ORDER GRANTING MOTION TO RETURN__
2007-CH5,                             )  __ORDER OF SALE WITHOUT EXECUTION__
              Plaintiff,              )
                                      )
         vs.                          )
                                      )
Christine J. Forgues aka              )
Christine J.A. Andres Doubrava        )
aka Christine J. Andres, et al.       )
              Defendants              )

        This cause is before the Court on the Motion of Deutsche Bank
National Trust Company, as Trustee for J.P. Morgan Mortgage
Acquisition Trust 2007-CH5, Asset Backed Pass-Through Certificates,
Series 2007-CH5 to return the order of sale without execution. The
Court finds that the motion is well taken and is hereby granted. The
Sheriff is ordered to return the alias order of sale without
execution. The Clerk is ordered to apply the deposit for costs to any
outstanding costs

                        IT IS SO ORDERED

                        _____
                        Judge
                        (CEO)


                        RECEIVED FOR FILING

                        APR 16 2014

                        CUYAHOGA COUNTY
                        CLERK OF COURTS
                        By_____Deputy

F12-00223                    EGB/pss                    April 14, 2014

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | | |
|---|---|---|
| Deutsche Bank National Trust Company, as Trustee for J.P. Morgan Mortgage Acquisition Trust 2007-CH5, Asset Backed Pass-Through Certificates, Series 2007-CH5 | ) ) ) ) ) ) | Case No. CV12779307  JUDGE Dick Ambrose  **NOTICE OF SALE** |
| Plaintiff | ) ) ) | |
| -vs- | ) ) | |
| Christine J. Forgues aka Christine J.A. Andres Doubrava aka Christine J. Andres, et al. | ) ) ) ) | |
| Defendants | ) ) | |

All parties are hereby advised that the property involved in the above-captioned matter has been set for sale on Monday, May 5, 2014 at 9:00 a.m. Room 100, at the Cuyahoga County Juvenile Justice Center, 9300 Quincy Avenue, Cleveland, Ohio, Cleveland, Ohio.  Sheriff's appraisal is $75,000.00, and by statute, the property must be sold for not less than two-thirds of that amount.

/s/ **Edward G. Bohnert**
**REIMER, ARNOVITZ, CHERNEK &**
**JEFFREY CO., L.P.A**
By:      Edward G. Bohnert (Reg. #0004920)
Attorneys for the Plaintiff
P.O. Box 39696, 30455 Solon Road
Solon, OH 44139
Phone: (440) 600-5500, Ext. 110
Fax: 440-600-5586
Email: ebohnert@reimerlaw.com

- 2 -

## CERTIFICATE OF SERVICE

A copy of the foregoing was sent by electronic e-service notification or regular U.S. mail on _____4-14_____, 2014, to the following:

Christine J. Forgues aka
Christine J.A. Andres Doubrava aka
Christine J. Andres
15109 Merrimeade Drive
Cleveland, Ohio  44111

John Doe, Unknown Spouse,
if any, of Christine J. Forgues aka
Christine J.A. Andres Doubrava aka
Christine J. Andres
15109 Merrimeade Drive
Cleveland, Ohio  44111

Lori White Laisure
Assistant U.S. Attorney
801 Superior Avenue, Suite #400
Cleveland, OH  44113

Lindsey K. McCarron
Assistant Attorney General
Collection Enforcement Section,
150 East Gay Street, 21st Floor
Columbus, OH  43215

/s/ Edward G. Bohnert
REIMER, ARNOVITZ, CHERNEK &
JEFFREY CO., L.P.A
By:    Edward G. Bohnert (Reg. #0004920)
Attorneys for the Plaintiff
P.O. Box 39696
30455 Solon Road
Solon, OH 44139
Phone: (440) 600-5500, Ext. 110
Fax: 440-600-5586
Email: ebohnert@reimerlaw.com



**ANDREA F. ROCCO**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

### Court of Common Pleas

**NOTICE Electronically Filed:**
**April 16, 2014 07:44**

By: EDWARD G. BOHNERT 0004920

Confirmation Nbr. 107134

DEUTSCHE BANK NATIONAL TR. CO.

vrs.

CHRISTINE J. FORGUES AKA DOUBRAVA AKA
ANDRES ETAL

CV 12 779307

Judge:

DICK AMBROSE

Pages Filed: 2

F12-00223 DR/tab September , 2014

# IN THE COURT OF COMMON PLEAS
## CUYAHOGA COUNTY, OHIO

Deutsche Bank National Trust
Company, as Trustee for J.P. Morgan
Mortgage Acquisition Trust 2007-CH5,
Asset Backed Pass-Through
Certificates, Series 2007-CH5

Plaintiff

Case No.  CV12779307

VS

Christine J. Forgues aka Christine J.A.
Andres Doubrava aka Christine J.
Andres, et al.

Defendant

Judge  Dick Ambrose

Praecipe for Pluries Order of Sale With
New Appraisal

To the Clerk of Courts:

Please issue an Pluries Order of Sale to the Cuyahoga County Sheriff directing him to
appraise, advertise, and then sell the property located at:

PREMISES COMMONLY KNOWN AS:

15109 Merimeade Drive
Cleveland, Ohio 44111

PERMANENT PARCEL NUMBER: 025-24-054
/s/ Dennis Reimer

Dennis Reimer         0031109
Attorney              Bar No.

30455 Solon Road
Address

Solon, Ohio 44139
City, State  Zip

(440) 600-5500
Telephone



**ANDREA F. ROCCO**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

## Court of Common Pleas

ORDER OF SALE Electronically Filed:
September 25, 2014 15:04

By: DENNIS REIMER 0031109

Confirmation Nbr. 244435

DEUTSCHE BANK NATIONAL TR. CO.

vrs.

CHRISTINE J. FORGUES AKA DOUBRAVA AKA
ANDRES ETAL

CV 12 779307

Judge:

DICK AMBROSE

Pages Filed: 1



86284852

# IN THE COURT OF COMMON PLEAS
# CUYAHOGA COUNTY, OHIO

DEUTSCHE BANK NATIONAL TR. CO.
    Plaintiff

CHRISTINE J. FORGUES AKA DOUBRAVA AKA
ANDRES ETAL
    Defendant

Case No: CV-12-779307

Judge: DICK AMBROSE

## JOURNAL ENTRY

NOTICE OF SALE AND APPROVAL OF APPRAISERS' FEES.
THE SALE IS SCHEDULED FOR 11/17/2014 AT 9:00 A.M. AT THE CUYAHOGA COUNTY JUSTICE CENTER
AUDITORIUM, 1215 WEST 3RD STREET, CLEVELAND, OHIO 44113.  PURSUANT TO LOCAL RULE 27 IT IS HEREBY
ORDERED THAT EACH APPRAISER NAMED BE COMPENSATED BY THE CLERK OF COURTS, FROM THE FUNDS ON
DEPOSIT AS FOLLOWS:


THOMAS COSTELLO, APPRAISAL COST: $52.29 REGULAR FEE AND MILEAGE.
WILLIAM J. GAYDOS, APPRAISAL COST: $50 REGULAR FEE.
PAUL GERALD MCLAUGHLIN, APPRAISAL COST: $50 REGULAR FEE.
FEES TO BE TAXED AS COSTS IN CASE NO. CV-12-779307  DATED THIS 7th DAY OF OCTOBER, 2014
NOTICE ISSUED

_____
Judge Signature               10/14/2014

10/10/2014

RECEIVED FOR FILING
10/15/2014 08:56:26
ANDREA F. ROCCO, CLERK

Page 1 of 1

F12-00223                     EGB/pss                October 27, 2014

## IN THE COURT OF COMMON PLEAS
## CUYAHOGA COUNTY, OHIO

| | | |
|---|---|---|
| Deutsche Bank National Trust Company, as Trustee for J.P. Morgan Mortgage Acquisition Trust 2007-CH5, Asset Backed Pass-Through Certificates, Series 2007-CH5 | ) ) ) ) ) ) | Case No. CV12779307 <br><br> JUDGE Dick Ambrose <br><br> **NOTICE OF SALE** |
| Plaintiff | ) ) | |
| -vs- | ) ) | |
| Christine J. Forgues aka Christine J.A. Andres Doubrava aka Christine J. Andres, et al. | ) ) ) ) | |
| Defendants | ) ) | |

All parties are hereby advised that the property involved in the above-captioned matter has been set for sale on Monday, November 17, 2014 at 9:00 a.m. Cuyahoga County Justice Center Auditorium, Cleveland, Ohio.  Sheriff's appraisal is $125,000.00, and by statute, the property must be sold for not less than two-thirds of that amount.

/s/ **Edward G. Bohnert**
**REIMER, ARNOVITZ, CHERNEK &**
**JEFFREY CO., L.P.A**
By:    Edward G. Bohnert (Reg. #0004920)
Attorneys for the Plaintiff
P.O. Box 39696, 30455 Solon Road
Solon, OH 44139
Phone: (440) 600-5500, Ext. 110
Fax: 440-600-5586
Email: ebohnert@reimerlaw.com

77

– 2 –

## CERTIFICATE OF SERVICE

A copy of the foregoing was sent by electronic e-service notification or regular U.S. mail on _____10-27_____, 2014, to the following:

Christine J. Forgues aka
Christine J.A. Andres Doubrava aka
Christine J. Andres
15109 Merrimeade Drive
Cleveland, Ohio 44111

John Doe, Unknown Spouse, if any,
of Christine J. Forgues aka
Christine J.A. Andres Doubrava aka
Christine J. Andres
15109 Merrimeade Drive
Cleveland, Ohio 44111

Lori White Laisure
Assistant U.S. Attorney
Carl B. Stokes U.S. Courthouse
801 Superior Avenue, Suite #400
Cleveland, OH 44113

Lindsey K. McCarron
Assistant Attorney General
Collection Enforcement Section
150 East Gay Street, 21st Floor
Columbus, OH 43215


/s/ **Edward G. Bohnert**
**REIMER, ARNOVITZ, CHERNEK &**
**JEFFREY CO., L.P.A**
By:    Edward G. Bohnert (Reg. #0004920)
Attorneys for the Plaintiff
P.O. Box 39696, 30455 Solon Road
Solon, OH 44139
Phone: (440) 600-5500, Ext. 110
Fax: 440-600-5586
Email: ebohnert@reimerlaw.com



**ANDREA F. ROCCO**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

## Court of Common Pleas

**NOTICE Electronically Filed:**
**October 28, 2014 08:00**

By: EDWARD G. BOHNERT 0004920

Confirmation Nbr. 269384

DEUTSCHE BANK NATIONAL TR. CO.                    CV 12 779307

      vrs.

CHRISTINE J. FORGUES AKA DOUBRAVA AKA             **Judge:**
ANDRES ETAL

                                                 DICK AMBROSE

Pages Filed: 2

F12-00223               DAH/new               November 3, 2014

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

Deutsche Bank National Trust      )   Case No. CV12779307
Company, as Trustee for J.P.      )
Morgan Mortgage Acquisition Trust )   Judge Dick Ambrose
2007-CH5, Asset Backed Pass-      )
Through Certificates, Series      )   MOTION TO RETURN ORDER OF SALE
2007-CH5,                         )        WITHOUT EXECUTION
                                  )
          Plaintiff,              )
      vs.                         )
Christine J. Forgues aka          )
Christine J.A. Andres Doubrava    )
aka Christine J. Andres, et al.   )
                                  )
          Defendants              )

        Deutsche Bank National Trust Company, as Trustee for J.P. Morgan

Mortgage Acquisition Trust 2007-CH5, Asset Backed Pass-Through

Certificates, Series 2007-CH5 hereby moves the court for an order

returning the pluries order of sale without execution. Deutsche Bank

National Trust Company, as Trustee for J.P. Morgan Mortgage

Acquisition Trust 2007-CH5, Asset Backed Pass-Through Certificates,

Series 2007-CH5 no longer desires that the property subject to

execution be sold for the following reason(s):

☒    Other (explain): The loan is undergoing Loss Mitigation Review.

To the best of my knowledge, the property is not vacant.

RESPECTFULLY SUBMITTED,

/s/ Douglas A. Haessig
REIMER, ARNOVITZ, CHERNEK &
JEFFREY CO., L.P.A.
Douglas A. Haessig   (0079200)
Edward G. Bohnert    (0004920)
Attorneys for Plaintiff
P.O. Box 39696
30455 Solon Road
Solon, OH 44139
Phone: (440) 600-5500
Email: dhaessig@reimerlaw.com

IT IS SO ORDERED.


Judge Dick Ambrose

<u>PROOF OF SERVICE</u>

A copy of the foregoing Motion was mailed by electronic e-service notification or Ordinary U.S. Mail this <u>3rd</u> day of <u>November</u>, 2014, to the following:

Christine J. Forgues aka
Christine J.A. Andres Doubrava aka
Christine J. Andres
15109 Merrimeade Drive
Cleveland, Ohio  44111

John Doe, Unknown Spouse, if any,
of Christine J. Forgues aka
Christine J.A. Andres Doubrava aka
Christine J. Andres
15109 Merrimeade Drive
Cleveland, Ohio  44111

Lori White Laisure
Assistant U.S. Attorney
Carl B. Stokes U.S. Courthouse
801 Superior Avenue, Suite #400
Cleveland, OH  44113

Lindsey K. McCarron
Assistant Attorney General
Collection Enforcement Section
150 East Gay Street, 21st Floor
Columbus, OH  43215


/s/ Douglas A. Haessig
**REIMER, ARNOVITZ, CHERNEK &
JEFFREY CO., L.P.A.**
Douglas A. Haessig (0079200)
Edward G. Bohnert  (0004920)
Attorneys for Plaintiff
P.O. Box 39696
30455 Solon Road
Solon, OH 44139
Phone: (440) 600-5500
Email: dhaessig@reimerlaw.com

F12-00223                DAH/new                 November 3, 2014
Sale Date: November 17, 2014
Sale Number:        047

## IN THE COURT OF COMMON PLEAS
## CUYAHOGA COUNTY, OHIO

|  |  |  |
|---|---|---|
| Deutsche Bank National Trust Company, as Trustee for J.P. Morgan Mortgage Acquisition Trust 2007-CH5, Asset Backed Pass-Through Certificates, Series 2007-CH5, | ) ) ) ) ) ) ) ) | Case No. CV12779307<br><br>Judge Dick Ambrose<br><br>**ORDER GRANTING MOTION TO RETURN ORDER OF SALE WITHOUT EXECUTION** |
| Plaintiff, | ) ) |  |
| vs. |  |  |
| Christine J. Forgues aka Christine J.A. Andres Doubrava aka Christine J. Andres, et al. |  |  |
| Defendants |  |  |

This cause is before the Court on the Motion of Deutsche Bank National Trust Company, as Trustee for J.P. Morgan Mortgage Acquisition Trust 2007-CH5, Asset Backed Pass-Through Certificates, Series 2007-CH5 to return the order of sale without execution. The Court finds that the motion is well taken and is hereby granted. The Sheriff is ordered to return the pluries order of sale without execution.


IT IS SO ORDERED


_____

Judge



ANDREA F. ROCCO
CUYAHOGA COUNTY CLERK OF COURTS
1200 Ontario Street
Cleveland, Ohio 44113

## Court of Common Pleas

MOTION Electronically Filed:
November 3, 2014 12:18

By: DOUGLAS A. HAESSIG 0079200

Confirmation Nbr. 274427

DEUTSCHE BANK NATIONAL TR. CO.                                    CV 12 779307

     vrs.

CHRISTINE J. FORGUES AKA DOUBRAVA AKA                   **Judge:**
ANDRES ETAL

DICK AMBROSE

**Pages Filed:**  3



86607650

# IN THE COURT OF COMMON PLEAS
# CUYAHOGA COUNTY, OHIO

DEUTSCHE BANK NATIONAL TR. CO.
    Plaintiff

Case No: CV-12-779307

Judge: DICK AMBROSE

CHRISTINE J. FORGUES AKA DOUBRAVA AKA
ANDRES ETAL
    Defendant

## **JOURNAL ENTRY**

PLAINTIFF'S MOTION TO RETURN ORDER OF SALE WITHOUT EXECUTION IS DENIED, AS THE MOTION FAILS TO PROVIDE A REASON FOR RETURN OF THE PLURIES ORDER OF SALE WITHOUT EXECUTION THAT IS CONSIDERED VALID BY THIS COURT. THE COURT MAY ENTERTAIN A RENEWED MOTION TO RETURN ORDER OF SALE WITHOUT EXECUTION THAT INDICATES THAT ANY OF THE SPECIFICALLY-STATED REASONS FOR RETURN OF AN ORDER OF SALE WITHOUT EXECUTION, AS PROVIDED IN THE COURT'S FORM MOTION, ARE PRESENT IN THIS CASE.

_____
Judge Signature        11/04/2014
                                CPCEO

11/04/2014

79

F12-00223                          DAH/ ell                          November 16, 2014

## IN THE COURT OF COMMON PLEAS
## CUYAHOGA COUNTY, OHIO

| | |
|---|---|
| Deutsche Bank National Trust Company, as Trustee for J.P. Morgan Mortgage Acquisition Trust 2007-CH5, Asset Backed Pass-Through Certificates, Series 2007-CH5 ) ) ) ) | Case No. CV12779307 |
| ) | Judge Dick Ambrose |
| ) | |
| Plaintiff ) | **NOTICE OF BANKRUPTCY** |
| ) | |
| vs. ) | |
| ) | |
| Christine J. Forgues aka Christine J.A. Andres ) Doubrava aka Christine J. Andres, et al. ) | |
| ) | |
| Defendant ) | |

Plaintiff hereby gives notice that on November 13, 2014, Defendant, Christine J. Forgues, filed Chapter 13 Bankruptcy in the United States Bankruptcy Court, for the Northern District of Ohio, under Case No. 14-17180. Consequently, an automatic stay has been imposed on these proceedings.

A copy of the docket for Defendants' bankruptcy case is attached as Exhibit A.

/s/ Douglas A. Haessig
Douglas A. Haessig (0079200)
Reimer, Arnovitz, Chernek & Jeffrey Co., L.P.A.
P.O. Box 39696
30455 Solon Road
Solon, Ohio 44139
Phone: (440) 600-5500
Fax: (440) 600-5520
dhaessig@reimerlaw.com

80

# CERTIFICATE OF SERVICE

A copy of the foregoing was sent by regular U.S. Mail on 11/17/2014, to the

following:

Christine J. Forgues aka Christine J.A. Andres Doubrava aka Christine J. Andres
15109 Merrimeade Drive
Cleveland, Ohio 44111

John Doe, Unknown Spouse, if any, of Christine J. Forgues aka Christine J.A. Andres
Doubrava aka Christine J. Andres
15109 Merrimeade Drive
Cleveland, Ohio 44111

William E. Forgues
15109 Merrimeade Drive
Cleveland, Ohio 44111

Lori White Laisure
Assistant U.S. Attorney
801 Superior Ave., Suite 400
Cleveland, OH 44113

Lindsey K. McCarron
Assistant Attorney General
Collection Enforcement Section,
150 East Gay Street, 21st Floor
Columbus, OH 43215

State of Ohio Estate Tax Division
c/o Ohio Attorney General,
150 East Gay Street
Columbus, Ohio 43215

/s/ Douglas A. Haessig
Douglas A. Haessig (0079200)
Reimer, Arnovitz, Chernek &
Jeffrey Co., L.P.A.

Ohio Northern Bankruptcy v5.1                                    Page 1 of 2

FeeDueINST, Repeat-OHNB, PlnDue, DebtEd, MisDocs, UNCONF, 521(i)docs, ProSe

## U.S. Bankruptcy Court
## Northern District of Ohio (Cleveland)
### Bankruptcy Petition #: 14-17180-jps

*Date filed:* 11/13/2014

*Assigned to:* JUDGE JESSICA E. PRICE SMITH
Chapter 13
Voluntary
Asset

*Debtor*                                  represented by **Christine J. Forgues**
**Christine J. Forgues**                                  PRO SE
15109 Merimeade Dr.
Cleveland, OH 44111
CUYAHOGA-OH
216-323-6972
SSN / ITIN: xxx-xx-8331

*Trustee*
**Craig H Shopneck**
Chapter 13 Trustee
BP Tower
200 Public Square, Suite 3860
Cleveland, OH 44114-2321
216-621-4268

| Filing Date | # | Docket Text |
|---|---|---|
| 11/13/2014 | <u>1</u><br>(7 pgs) | Chapter 13 Voluntary Petition . Application for Individuals to Pay the Filing Fee in Installments. Receipt Number 159761, Fee Amount $20.00. Filed and Stamped at 9:14AM by Christine J. Forgues. Section 521 due by 12/29/2014. Corporate Ownership Statement Due by 11/18/2014. Chapter 13 Plan due by 12/1/2014. Employee Income Record/Pay Advices due by 12/1/2014. List of all creditors due 11/13/2014. Means Test Form Due: 12/1/2014. Schedules A-J due 12/1/2014. Statement of Financial Affairs due 12/1/2014. Summary of schedules due 12/1/2014. Statistical Summary of Certain Liabilities due 12/1/2014. Declaration Concerning Debtor's Schedules due 12/1/2014. Legal Description and Permanent Parcel Number, if listed, on Schedule A due 12/1/2014. Voluntary Petition outdated. Need to amend Voluntary Petition, using current version 04/13 to be filed by |

EXHIBIT A

|  |  | 12/1/2014. Incomplete Filings due by 12/1/2014. (athre crt) (Entered: 11/13/2014) |
|---|---|---|
| 11/13/2014 |  | Receipt of First Installment Payment Chapter 13 Filing Fee (14-17180) [court, aoc13in1]. Receipt number: 00159761. Fee amount: $20.00. (Entered: 11/13/2014) |
| 11/13/2014 | 3 | Form 21 filed. (Document restricted to Court, Trustee, and US Trustee users) (athre) (Entered: 11/13/2014) |
| 11/13/2014 | 4 (1 pg) | Certificate of Credit Counseling Filed by Debtor Christine J. Forgues . (athre crt) (Entered: 11/13/2014) |
| 11/13/2014 | 5 (1 pg) | Application to Pay Filing Fee in Installments Filed by Debtor Christine J. Forgues (athre crt) (Entered: 11/13/2014) |
| 11/14/2014 |  | List of Creditors File Uploaded (jjana) (Entered: 11/14/2014) |
| 11/14/2014 | 6 (1 pg) | Order Granting Application To Pay Filing Fees In Installments. (Related Doc # 5). Signed on 11/14/2014. First Installment Payment of $20.00 was paid on 11/13/2014. Second Installment Payment of $100.00 due by 12/3/2014. Third Installment Payment of $100.00 due by 12/10/2014. Final Installment Payment of $90.00 due by 1/7/2015. (jjana crt) (Entered: 11/14/2014) |

| **PACER Service Center** | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 11/16/2014 13:19:45 | | | |
| **PACER Login:** | dr0018:2539645:0 | **Client Code:** |  |
| **Description:** | Docket Report | **Search Criteria:** | 14-17180-jps Fil or Ent: filed Doc From: 0 Doc To: 99999999 Term: included Format: html Page counts for documents: included |
| **Billable Pages:** | 1 | **Cost:** | 0.10 |



**ANDREA F. ROCCO**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

## Court of Common Pleas

**NOTICE Electronically Filed:**
**November 17, 2014 09:07**

By: F. PETER COSTELLO 0076112

Confirmation Nbr. 286522

DEUTSCHE BANK NATIONAL TR. CO.                                        CV 12 779307

vrs.

CHRISTINE J. FORGUES AKA DOUBRAVA AKA                          **Judge:**
ANDRES ETAL

DICK AMBROSE

Pages Filed:  4

F12-00223                    DAH/ jbk                    February 4, 2015

## IN THE COURT OF COMMON PLEAS
## CUYAHOGA COUNTY, OHIO

| | |
|---|---|
| Deutsche Bank National Trust Company, as Trustee for J.P. Morgan Mortgage Acquisition Trust 2007-CH5, Asset Backed Pass-Through Certificates, Series 2007-CH5, | ) Case No. CV12779307 <br> ) <br> ) Judge Dick Ambrose <br> ) |
| Plaintiff, | ) MOTION TO VACATE <br> ) BANKRUPTCY STAY |
| *vs.* | ) <br> ) |
| Christine J. Forgues aka Christine J.A. Andres Doubrava aka Christine J. Andres, et al., | ) <br> ) <br> ) |
| Defendants. | ) <br> ) |

Plaintiff moves the Court to vacate all stays imposed by this Court as a result of the Bankruptcy filed by the Defendant, Christine J. Forgues, herein.

In support of this Motion, Plaintiff states that the stay has been removed as indicated by the Order of Dismissal attached hereto and marked Exhibit "A", and as a result there are no stays imposed by the Bankruptcy Court.

IN CONSIDERATION THEREOF, Plaintiff prays that the stays imposed by this Court be vacated and it be allowed to proceed with its action.

By: Douglas A. Haessig (0079200) *2-4-15*
Reimer, Arnovitz, Chernek & Jeffrey Co., L.P.A.
P.O. Box 39696
30455 Solon Road
Solon, OH 44139
Phone: (440) 600-5500
Fax: (440) 600-5520
dhaessig@reimerlaw.com

## CERTIFICATE OF SERVICE

A copy of the foregoing was sent by regular U.S. Mail on ___2 -4 - 15___ to the following:

Christine J. Forgues aka Christine J.A. Andres Doubrava aka Christine J. Andres
15109 Merrimeade Drive
Cleveland, Ohio  44111

John Doe, Unknown Spouse, if any, of Christine J. Forgues aka Christine J.A. Andres Doubrava aka Christine J. Andres
15109 Merrimeade Drive
Cleveland, Ohio  44111

Lori White Laisure
Assistant U.S. Attorney
801 Superior Ave., Suite 400
Cleveland, OH  44113

Lindsey K. McCarron
Assistant Attorney General
Collection Enforcement Section, 150 East Gay Street, 21st Floor
Columbus, OH  43215

By: Douglas A. Haessig (0079200)  2 -4 -15
Reimer, Arnovitz, Chernek & Jeffrey Co., L.P.A.
P.O. Box 39696
30455 Solon Road
Solon, OH 44139
Phone: (440) 600-5500
Fax: (440) 600-5520
dhaessig@reimerlaw.com

**IT IS SO ORDERED.**

Dated: **15 January, 2015 12:53 PM**

*Jessica E. Price Smith*

JESSICA E. PRICE SMITH
UNITED STATES BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

In re: Christine J. Forgues          Case No: 14-17180

                                     Chapter 13

*Debtor(s)*                          Judge Price Smith

**ORDER DISMISSING CASE AND ORDERING PAYMENT OF FILING FEES**

This case came on for hearing on January 8, 2015 on an Order to Show Cause why the case should not be dismissed for the reasons set forth in the Order to Show Cause. It appears to the court that as of the hearing date, the debtor(s) had failed to:

____file a matrix/list of creditors.

 X  file a plan within the time required by Bankruptcy Rule 3015.

 X  file schedules and statements timely per 11 U.S.C. § 521 and Bankruptcy Rule 1007.

____pay filing fee installment(s) as required by this Court's order.

____file a Form B21 as required by Rule Bankruptcy 1007.

____file Declaration RE: Electronic Filing as required by General Order 02-2.

 X  file the correct petition (Official Form 1) (4/13).

 X  file Means Test as required by 11 U.S.C. § 521(a)(1); Bankruptcy Rule 1007.

____file Form B201 Notice to Individual Consumer Debtor per 11 U.S.C. §§ 342(b) & ~~Exhibit~~

      file payment advices received 60 days before the date of the filing of the petition as required by 11 U.S.C. §
____521(a)(1); Bankruptcy Rule 1007.

____meet credit counseling requirements of 11 U.S.C. §§ 109(h) & 521(b)(1); Rule 1007(c).

____ Other:

IT IS THEREFORE, ORDERED THAT:

1. This case be, and it hereby is dismissed.
2. The debtor(s) is/are ordered to pay to the Bankruptcy Clerk the $70.00 in outstanding filing fees within ten days of the entry of this order.
3. Any wage order which may have been entered in this case be, and it hereby is, terminated.
4. Fees remaining unpaid shall constitute cause for dismissal of any new case filed by debtor(s).
5. The Court retains jurisdiction to consider sanctions (Applies only if checked at left).
6. If chapter 13, the Trustee is authorized to pay to the Bankruptcy Court any amount equal to the amount of any unpaid filing fees. Any payment made to the Bankruptcy Court for unpaid filing fees shall be paid from funds received either from or on behalf of the Debtor(s) prior to the dismissal of this case and, in order to comply with Bankruptcy Rule 1006(b)(3) and any relevant statue(s), said distribution may be made
   before (and possibly to the detriment of) any other authorized but unpaid distributions and/or refunds.

IT IS SO ORDERED.



**KELLEY A. SWEENEY**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

## Court of Common Pleas

MOTION Electronically Filed:
February 4, 2015 15:23

By: DOUGLAS A. HAESSIG 0079200

Confirmation Nbr. 351205

DEUTSCHE BANK NATIONAL TR. CO.                    CV 12 779307

    vrs.

CHRISTINE J. FORGUES AKA DOUBRAVA AKA            **Judge:**
ANDRES ETAL

                                                               DICK AMBROSE

Pages Filed:  4



87796609

# IN THE COURT OF COMMON PLEAS
# CUYAHOGA COUNTY, OHIO

DEUTSCHE BANK NATIONAL TR. CO.
    Plaintiff

Case No: CV-12-779307

Judge: DICK AMBROSE
Magistrate: CHRISTOPHER E OLSZTYN

CHRISTINE J. FORGUES AKA DOUBRAVA AKA
ANDRES ETAL
    Defendant

## MAGISTRATE'S ORDER

PLAINTIFF'S MOTION TO VACATE BANKRUPTCY STAY IS DENIED.  AS THIS CASE WAS NEVER FORMALLY STAYED UPON THE COURT'S RECEIPT OF NOTIFICATION OF DEFENDANT CHRISTINE J. FORGUES'S BANKRUPTCY FILING AND AS PLAINTIFF HAS PRESENTED SUFFICIENT EVIDENCE OF A FINAL DISPOSITION OF THE DEFENDANT'S BANKRUPTCY CASE, PLAINTIFF MAY PROCEED WITH EXECUTION ON THE JUDGMENT ENTERED IN ITS FAVOR IN THIS CASE.

_____    02/05/2015
Magistrate Signature                        CPCEO

02/05/2015

RECEIVED FOR FILING
02/05/2015 15:54:04
KELLEY A. SWEENEY, CLERK

F12-00223                    DR/pss              February 12, 2015

## IN THE COURT OF COMMON PLEAS
## CUYAHOGA COUNTY, OHIO

Deutsche Bank National Trust
Company, as Trustee for J.P. Morgan
Mortgage Acquisition Trust 2007-CH5,
Asset Backed Pass-Through
Certificates, Series 2007-CH5
_____
Plaintiff                                    Case No.   CV12779307
                                                      _____

        VS
Christine J. Forgues aka
 Christine J.A. Andres Doubrava aka
Christine J. Andres, et al.                  Judge   Dick Ambrose
_____                   _____
Defendant


                                             Second Pluies Praecipe for Order of
                                             Sale without new appraisal

To the Clerk of Courts:

        Please issue an Second Pluries Order of Sale to the Cuyahoga County Sheriff directing
him to appraise, advertise, and then sell the property located at:


PREMISES COMMONLY KNOWN AS:                  15109 Merimeade Drive
                                            _____
                                             Cleveland, Ohio 44111
                                            _____
                                            _____


PERMANENT PARCEL NUMBER:          025-24-054
/s/ Dennis Reimer 2-12-15         _____

Dennis Reimer                0031109
_____    _____
Attorney                     Bar No.


30455 Solon Road
_____
Address


Solon, Ohio 44139
_____
City, State  Zip


(440) 600-5500
_____
Telephone

84



**KELLEY A. SWEENEY**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

## Court of Common Pleas

ORDER OF SALE Electronically Filed:
February 12, 2015 08:33

By: DENNIS REIMER 0031109

Confirmation Nbr. 358050

DEUTSCHE BANK NATIONAL TR. CO.                          CV 12 779307

    vrs.

CHRISTINE J. FORGUES AKA DOUBRAVA AKA                   **Judge:**
ANDRES ETAL

                                                       DICK AMBROSE

Pages Filed:  1

F12-00223              DAH/ bkt              February 5, 2015

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

|  |  |
|---|---|
| Deutsche Bank National Trust Company, as Trustee for J.P. Morgan Mortgage Acquisition Trust 2007-CH5, Asset Backed Pass-Through Certificates, Series 2007-CH5, | ) Case No. CV12779307<br>)<br>) Judge Dick Ambrose<br>)<br>) **PLAINTIFF'S ASSIGNMENT OF**<br>) **JUDGMENT** |
| Plaintiff, | ) |
| vs. | ) |
| Christine J. Forgues aka Christine J.A. Andres Doubrava aka Christine J. Andres, et al, | |

Defendants

Now comes Plaintiff Deutsche Bank National Trust Company, as Trustee for J.P. Morgan Mortgage Acquisition Trust 2007-CH5, Asset Backed Pass-Through Certificates, Series 2007-CH5 ("Plaintiff") and hereby assigns, transfers and sets over all of Plaintiff's rights, title, remedies and interest in and to the Judgment entered in favor of Plaintiff herein and filed on May 1, 2013 in the present case to Deutsche Bank National Trust Company, as Trustee, on behalf of the holders of the J.P. Morgan Mortgage Acquisition Trust 2007-CH5 Asset Backed Pass-Through

86

Certificates, Series 2007-CH5 , whose address is c/o Select

Portfolio Servicing P.O. Box 65250, Salt Lake City, UT 84165.

/s/ Douglas A. Haessig

Douglas A. Haessig #0079200
Reimer, Arnovitz, Chernek & Jeffrey
Co., L.P.A.
P.O. Box 39696
30455 Solon Road
Solon, OH 44139
Phone: (440) 600-5500
Fax: (440) 600-5520
dhaessig@reimerlaw.com

## CERTIFICATE OF SERVICE

A copy of the foregoing was sent by regular U.S. Mail to the following on February 26, 2015

Christine J. Forgues aka Christine J.A. Andres Doubrava aka
Christine J. Andres
15109 Merrimeade Drive
Cleveland, Ohio  44111

John Doe, Unknown Spouse, if any, of Christine J. Forgues aka
Christine J.A. Andres Doubrava aka Christine J. Andres
15109 Merrimeade Drive
Cleveland, Ohio  44111

William E. Forgues
15109 Merrimeade Drive
Cleveland, Ohio  44111

Lori White Laisure
Assistant U.S. Attorney
801 Superior Ave., Suite 400
Cleveland, OH  44113

Lindsey K. McCarron
Assistant Attorney General
Collection Enforcement Section, 150 East Gay Street, 21st Floor
Columbus, OH  43215

State of Ohio Estate Tax Division
c/o Ohio Attorney General,
150 East Gay Street
Columbus, Ohio  43215

/s/ Douglas A. Haessig

Douglas A. Haessig #0079200
Reimer, Arnovitz, Chernek & Jeffrey
Co., L.P.A.
P.O. Box 39696
30455 Solon Road
Solon, OH 44139
Phone: (440) 600-5500
Fax: (440) 600-5520
dhaessig@reimerlaw.com



**KELLEY A. SWEENEY**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

## Court of Common Pleas

**OTHER Electronically Filed:**
**February 26, 2015 16:00**

By: DOUGLAS A. HAESSIG 0079200

Confirmation Nbr. 371105

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TR. CO. | CV 12 779307 |
| vrs. | |
| CHRISTINE J. FORGUES AKA DOUBRAVA AKA ANDRES ETAL | **Judge:** |
| | DICK AMBROSE |

Pages Filed:  3

F12-00223              EGB/pss              March 16, 2015

## IN THE COURT OF COMMON PLEAS
## CUYAHOGA COUNTY, OHIO

Deutsche Bank National Trust ) Case No. CV12779307
Company, as Trustee for J.P. Morgan )
Mortgage Acquisition Trust 2007- ) JUDGE Dick Ambrose
CH5, Asset Backed Pass-Through )
Certificates, Series 2007-CH5 )
                                  )       **NOTICE OF SALE**
         Plaintiff                )
                                  )
-vs-                              )
                                  )
Christine J. Forgues aka          )
Christine J.A. Andres Doubrava aka )
Christine J. Andres, et al.       )
                                  )
         Defendants               )

All parties are hereby advised that the property involved in the above-captioned matter has been set for sale on April 6, 2015 at 9:00 a.m. Cuyahoga County Justice Center Auditorium, Cleveland, Ohio. Sheriff's appraisal is $125,000.00, and by statute, the property must be sold for not less than two-thirds of that amount.

/s/ Edward G. Bohnert 3-16-15
REIMER, ARNOVITZ, CHERNEK &
JEFFREY CO., L.P.A
By:    Edward G. Bohnert (Reg. #0004920)
Attorney for the Plaintiff
P.O. Box 39696
30455 Solon Road
Solon, OH 44139
Phone: (440) 600-5500, Ext. 110
Fax: 440-600-5586
Email: ebohnert@reimerlaw.com

– 2 –

## CERTIFICATE OF SERVICE

A copy of the foregoing was sent by electronic e-service notification or regular U.S. mail on _____3-16_____, 2015, to the following:

Christine J. Forgues aka
Christine J.A. Andres Doubrava aka
Christine J. Andres
15109 Merrimeade Drive
Cleveland, Ohio  44111

John Doe, Unknown Spouse, if any,
of Christine J. Forgues aka
Christine J.A. Andres Doubrava aka
Christine J. Andres
15109 Merrimeade Drive
Cleveland, Ohio  44111

Lori White Laisure
Assistant U.S. Attorney
801 W. Superior Avenue, Suite 400
Cleveland, OH  44113

Lindsey K. McCarron
Assistant Attorney General
Collection Enforcement Section,
150 East Gay Street, 21st Floor
Columbus, OH  43215

/s/ Edward G. Bohnert 3-16-15
_____
REIMER, ARNOVITZ, CHERNEK &
JEFFREY CO., L.P.A
By:    Edward G. Bohnert (Reg. #0004920)
Attorney for the Plaintiff
P.O. Box 39696
30455 Solon Road
Solon, OH 44139
Phone: (440) 600-5500, Ext. 110
Fax: 440-600-5586
Email: ebohnert@reimerlaw.com



**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

## Court of Common Pleas

**NOTICE Electronically Filed:**
**March 17, 2015 07:45**

By: EDWARD G. BOHNERT 0004920

Confirmation Nbr. 387109

DEUTSCHE BANK NATIONAL TR. CO.                    CV 12 779307

    vrs.

CHRISTINE J. FORGUES AKA DOUBRAVA AKA            **Judge:**
ANDRES ETAL

DICK AMBROSE

Pages Filed:  2

F12-00223  DAH/new  March 20, 2015

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | | |
|---|---|---|
| Deutsche Bank National Trust | ) | Case No. CV12779307 |
| Company, as Trustee for J.P. Morgan | ) | |
| Mortgage Acquisition Trust 2007-CH5, | ) | Judge Dick Ambrose |
| Asset Backed Pass-Through | ) | |
| Certificates, Series 2007-CH5, | ) | **MOTION TO RETURN ORDER OF SALE** |
| Plaintiff, | ) | **WITHOUT EXECUTION** |
| | ) | |
| vs. | ) | |
| Christine J. Forgues aka Christine | ) | |
| J.A. Andres Doubrava aka Christine | ) | |
| J. Andres, et al. | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |

Deutsche Bank National Trust Company, as Trustee for J.P. Morgan Mortgage Acquisition Trust 2007-CH5, Asset Backed Pass-Through Certificates, Series 2007-CH5 hereby moves the court for an order returning the pluries order of sale without execution. Deutsche Bank National Trust Company, as Trustee for J.P. Morgan Mortgage Acquisition Trust 2007-CH5, Asset Backed Pass-Through Certificates, Series 2007-CH5 no longer desires that the property subject to execution be sold for the following reason(s):

☒   Other: The loan is being reviewed for a modification

To the best of my knowledge, the property is not vacant.


RESPECTFULLY SUBMITTED,

/s/ Douglas A. Haessig     3-20-15
REIMER, ARNOVITZ, CHERNEK &
JEFFREY CO., L.P.A.
Douglas A. Haessig  (0079200)
Edward G. Bohnert   (0004920)
Attorneys for Plaintiff
P.O. Box 39696
30455 Solon Road
Solon, OH 44139
Phone: (440) 600-5500
Email: dhaessig@reimerlaw.com

IT IS SO ORDERED.

_____
Judge Dick Ambrose

PROOF OF SERVICE

A copy of the foregoing Motion was mailed by electronic e-service notification or Ordinary U.S. Mail this __20th__ day of __March_____, 2015, to the following:

Christine J. Forgues aka
Christine J.A. Andres Doubrava aka
Christine J. Andres
15109 Merrimeade Drive
Cleveland, Ohio  44111

John Doe, Unknown Spouse, if any,
of Christine J. Forgues aka
Christine J.A. Andres Doubrava aka
Christine J. Andres
15109 Merrimeade Drive
Cleveland, Ohio  44111

Lori White Laisure
Assistant U.S. Attorney
801 W. Superior Avenue, Suite 400
Cleveland, OH  44113

Lindsey K. McCarron
Assistant Attorney General
Collection Enforcement Section,
150 East Gay Street, 21st Floor
Columbus, OH  43215


/s/ Douglas A. Haessig    3-20-15_____
**REIMER, ARNOVITZ, CHERNEK &**
**JEFFREY CO., L.P.A.**
Douglas A. Haessig (0079200)
Edward G. Bohnert  (0004920)
Attorneys for Plaintiff
P.O. Box 39696
30455 Solon Road
Solon, OH 44139
Phone: (440) 600-5500
Email: dhaessig@reimerlaw.com

F12-00223          DAH/new          March 20, 2015
Sale Date: April 6, 2015
Sale Number:          024

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | |
|---|---|
| Deutsche Bank National Trust<br>Company, as Trustee for J.P.<br>Morgan Mortgage Acquisition Trust<br>2007-CH5, Asset Backed Pass-<br>Through Certificates, Series<br>2007-CH5, | ) Case No. CV12779307<br>)<br>) Judge Dick Ambrose<br>)<br>) **ORDER GRANTING MOTION TO RETURN**<br>) **ORDER OF SALE WITHOUT EXECUTION** |
| Plaintiff, | ) |
| vs. | ) |
| Christine J. Forgues aka<br>Christine J.A. Andres Doubrava<br>aka Christine J. Andres, et al. | ) |
| Defendants | ) |

This cause is before the Court on the Motion of Deutsche Bank National Trust Company, as Trustee for J.P. Morgan Mortgage Acquisition Trust 2007-CH5, Asset Backed Pass-Through Certificates, Series 2007-CH5 to return the order of sale without execution. The Court finds that the motion is well taken and is hereby granted. The Sheriff is ordered to return the pluries order of sale without execution. The Clerk is ordered to apply the deposit for costs to any outstanding costs.


IT IS SO ORDERED


_____
Judge



**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

## Court of Common Pleas

**MOTION Electronically Filed:**
March 20, 2015 12:59

By: DOUGLAS A. HAESSIG 0079200

Confirmation Nbr. 391284

DEUTSCHE BANK NATIONAL TR. CO.                    CV 12 779307

    vrs.

CHRISTINE J. FORGUES AKA DOUBRAVA AKA             **Judge:**
ANDRES ETAL

DICK AMBROSE

Pages Filed:  3



88442034

# IN THE COURT OF COMMON PLEAS
# CUYAHOGA COUNTY, OHIO

PROCESSED

MAR 2 6 2015

CUYAHOGA COUNTY CLERK
OF COURTS
IMAGING DEPARTMENT

DEUTSCHE BANK NATIONAL TR. CO.
    Plaintiff

Case No: CV-12-779307

Judge: DICK AMBROSE

CHRISTINE J. FORGUES AKA DOUBRAVA AKA
ANDRES ETAL
    Defendant

## JOURNAL ENTRY

PLAINTIFF'S MOTION TO RETURN ORDER OF SALE WITHOUT EXECUTION IS GRANTED.  ORDER SEE JOURNAL.

Judge Signature             Date

                         CPCEO cc0

2015 MAR 25  A 10: 41
CLERK OF COURTS
CUYAHOGA COUNTY
FILED

03/20/2015

Page 1 of 1

F12-00223                    DAH/new

## IN THE COURT OF COMMON PLEAS
## CUYAHOGA COUNTY, OHIO                    MAR 2 0 2015

|  |  |
|---|---|
| Deutsche Bank National Trust Company, as Trustee for J.P. Morgan Mortgage Acquisition Trust 2007-CH5, Asset Backed Pass-Through Certificates, Series 2007-CH5, | Case No. CV12779307 |
|  | Judge Dick Ambrose |
|  | **ORDER GRANTING MOTION TO RETURN ORDER OF SALE WITHOUT EXECUTION** |
| Plaintiff, |  |
| vs. |  |
| Christine J. Forgues aka Christine J.A. Andres Doubrava aka Christine J. Andres, et al. |  |
| Defendants |  |

This cause is before the Court on the Motion of Deutsche Bank National Trust Company, as Trustee for J.P. Morgan Mortgage Acquisition Trust 2007-CH5, Asset Backed Pass-Through Certificates, Series 2007-CH5 to return the order of sale without execution. The Court finds that the motion is well taken and is hereby granted. The Sheriff is ordered to return the second pluries order of sale without execution. The Clerk is ordered to apply the deposit for costs to any outstanding costs.

IT IS SO ORDERED

_____

Judge Dick Ambrose

From Consumer-Defendant In Error:
Christine J. Forgues
15109 Merrimeade Drive
Cleveland, OH 44111

**FILED**

7 2015 APR -1 A 10: 21

WINDOW 4
CLERK OF COURTS
CUYAHOGA COUNTY

### IN THE COURT OF COMMON PLEAS
### CUYAHOGA COUNTY, OHIO

| | |
|---|---|
| Deutsche Bank National Trust Company, as Trustee for J.P. Morgan Mortgage Acquisition Trust 2007-CHS, Asset Backed Pass-Through Certificates, Series 2007-CH5 | ) )  )  )  )  ) |

CASE NO. CV 12 779307

JUDGE Dick Ambrose

**CONSUMER NOTICE OF
DISPUTE OF DEBT**

                    Plaintiff )
                             )
    -vs-                      )
                             )
Christine J. Forgues aka      )
Christine J.A. Andres         )
Doubrava aka Christine J.     )
Andres, et al.                )
                             )
                    Defendants )

**PROCESSED**

**APR 02 2015**

CUYAHOGA COUNTY CLERK
OF COURTS
IMAGING DEPARTMENT

To:  Select Portfolio Servicing (SPS)
     P.O. Box 65250
     Salt Lake City, UT 84165-0250

     Reimer, Arnovitz, Chernek & Jeffrey Co., L.P.A.
     P.O. Box 39696
     30455 Solon Rd
     Solon, Ohio 44139

     (herein "Debt Collectors," 15 U.S.C. § 1692a(6))

     PLEASE TAKE NOTICE THAT I, unrepresented Consumer-

Defendant In Error Christine J. Forgues, pursuant to 15

U.S.C. § 1692g, federal Fair Debt Collection Practices Act

(FDCPA), and Ohio Revised Code §§ 1345.01 to 1345.13, Ohio

Consumer Sales Practices Act (CSPA), hereby dispute the

alleged debt Plaintiff and Debt Collectors are attempting to collect in the above titled matter.

I dispute as to the identity of the true owner (if any) of this alleged debt, the alleged amount due and owing, I dispute all signatures appearing on Plaintiff's documents, and the Plaintiffs alleged authority and capacity to collect and or sue on behalf of the same.

Defendant Christine J. Forgues is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3). Plaintiff and Debt Collectors are "debt collectors" as that term is defined by 15 U.S.C. § 1692a(6), and are attempting to collect a "household debt" as that term is defined by 15 U.S.C. § 1692a(5). Defendant In Error disputes the alleged amounts due and owing and demands a full accounting inclusive of each payment made, and or not made from inception.

I recently received the communication from SPS dated March 13, 2015, acknowledging the March 6, 2015 Notice of Dispute I mailed to Debt Collectors. SPS's communication, besides being confusing and using language that could have more than one meaning, does not provide the information I requested from which I could sufficiently dispute the payment obligation. Therefore, I have reason to believe that Debt Collectors are taking State action that is inconsistent with federal law they cannot legally take, and

2

this Notice shall be deemed a request/demand for
"verification" and debt validation as defined by 15 U.S.C.
§§ 1692g(a)(1),(2),(5), and (b) and Ohio Consumer
Protection Statutes/Laws. Send written notice containing
(1) the amount of the debt; (2) the name of the creditor to
whom the debt is owed; (5) a statement that, upon the
consumer's written request within the thirty-day period,
the debt collector will provide the consumer with the name
and address of the original creditor, if different from the
current creditor.

Since it appears the Plaintiff and Debt Collectors are
attempting to collect an alleged debt regarding a
Promissory Note in alleged default, I demand the following
additional information be provided in accordance with law;

1.  True and correct copy of the "genuine original"
    debt instrument (note) in your possession;

2.  Certified copy of the Acceleration Notice
    required as written in paragraph 22 of the
    alleged Mortgage, with proof that service of said
    notice was served upon me in compliance with law
    and the alleged contract;

3.  The exact amount of alleged principal amount due
    including all fees, interest, escrow and any
    other charges calculated in that amount. These

3

calculations must be itemized separately and in a manner easy to read. The verification of the alleged debt must categorically describe the amount of interest charged by you, and from what date, period;

4. Provide a copy of all notices of default that were served, the date(s) the loan was defaulted, the date the loan was matured;

5. Provide documentation that the alleged creditor served notice of acceleration of the debt, the exact amount of default interest that was charged and at what rate it was charged;

6. Please provide the name, address, telephone number of the alleged original Creditor whom you have validated/verified the alleged debt with. If not the original Creditor, the Creditor acting in that capacity. I must be provided this information so I may investigate the matter in case legal action is needed on my part.

7. Please also provide a copy of the TILA Notice of Rescission that was previously mailed to the alleged Creditor.

Be informed that a failure to provide the specific information "prior to taking any further collection action"

4

may be a violation of law for which I may take legal action against Debt Collectors. Additionally, it is important to note that I intend to satisfy any legal obligation required of me, if the alleged debt proves valid. Therefore the requirements set forth above will ensure all parties are protected.

Be further informed that Congress enacted FDCPA "to eliminate abusive debt collection practices by debt collectors … and **to promote consistent State action** to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). Under 15 U.S.C. § 1692a(5), "[t]he term "debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, **whether or not such obligation has been reduced to judgment**."

Dated: _____3-31-15_____

Christine J. Forges,
Consumer-Defendant In Error
15109 Merrimeade Drive
Cleveland, OH 44111

5

**PROOF OF SERVICE**

A copy of the foregoing Consumer Notice of Dispute has

been sent by Certified U.S. Mail, Return Receipt Requested,

this 31st day of March, 2015, to the following:


Select Portfolio Servicing
P.O. Box 65250
Salt Lake City, UT 84165-0250
Certified U.S. Mail# 7014 3490 0000 0869 5569


Reimer, Arnovitz, Chernek & Jeffrey Co., L.P.A.
P.O. Box 39696
30455 Solon Rd
Solon, Ohio 44139
Certified U.S. Mail# 7014 3490 0000 0869 5552


Christine J. Forgues
15109 Merrimeade Drive
Cleveland, OH 44111

6

F12-00223                    DR/pss              May 7, 2015

## IN THE COURT OF COMMON PLEAS
## CUYAHOGA COUNTY, OHIO

Deutsche Bank National Trust
Company, as Trustee for J.P. Morgan
Mortgage Acquisition Trust 2007-CH5,
Asset Backed Pass-Through
Certificates, Series 2007-CH5
_____
Plaintiff                                    Case No.   CV12779307
                                                        _____

        VS
Christine J. Forgues aka Christine J.A.
Andres Doubrava aka Christine J.
Andres, et al.                               Judge   Dick Ambrose
_____                     _____
Defendant


                                             Third Praecipe for Order of Sale
                                             without new appraisal

To the Clerk of Courts:

        Please issue an Third Pluries Order of Sale to the Cuyahoga County Sheriff directing him
to appraise, advertise, and then sell the property located at:


PREMISES COMMONLY KNOWN AS:              15109 Merimeade Drive
                                         _____
                                         Cleveland, Ohio 44111
                                         _____

                                         _____

PERMANENT PARCEL NUMBER:       025-24-054
                                         _____
/s/ Dennis Reimer 5-7-15

Dennis Reimer              0031109
_____    _____
Attorney                   Bar No.

30455 Solon Road
_____
Address

Solon, Ohio 44139
_____
City, State  Zip

(440) 600-5500
_____
Telephone



**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

## Court of Common Pleas

**ORDER OF SALE Electronically Filed:**
**May 7, 2015 12:49**

By: DENNIS REIMER 0031109

Confirmation Nbr. 434280

DEUTSCHE BANK NATIONAL TR. CO.                           CV 12 779307

    vrs.

CHRISTINE J. FORGUES AKA DOUBRAVA AKA                    **Judge:**
ANDRES ETAL

                                                        DICK AMBROSE

**Pages Filed:** 1

From Consumer-Defendant In Error:
Christine J. Forgues
15109 Merrimeade Drive
Cleveland, OH 44111

### IN THE COURT OF COMMON PLEAS
### CUYAHOGA COUNTY, OHIO

| | | |
|---|---|---|
| Deutsche Bank National Trust Company, as Trustee for J.P. Morgan Mortgage Acquisition Trust 2007-CHS, Asset Backed Pass-Through Certificates, Series 2007-CH5 | ) ) ) ) ) ) | CASE NO. CV 12 779307 <br><br> JUDGE Dick Ambrose <br><br> **CONSUMER NOTICE OF DISPUTE OF DEBT** |
| Plaintiff | ) ) | |
| -vs- | | |
| Christine J. Forgues aka Christine J.A. Andres Doubrava aka Christine J. Andres, et al. | ) ) ) ) | |
| Defendants | ) | |

CV12779307                    89577470

To:  Select Portfolio Servicing, Inc. (SPS)
     P.O. Box 65250
     Salt Lake City, UT 84165-0250

     Reimer, Arnovitz, Chernek & Jeffrey Co., L.P.A.
     P.O. Box 39696
     30455 Solon Rd
     Solon, Ohio 44139

     (herein "Debt Collectors," 15 U.S.C. § 1692a(6))

     PLEASE TAKE NOTICE THAT I, unrepresented Consumer-

Defendant In Error Christine J. Forgues, pursuant to 15

U.S.C. § 1692g, federal Fair Debt Collection Practices Act

(FDCPA), and Ohio Revised Code §§ 1345.01 to 1345.13, Ohio

Consumer Sales Practices Act (CSPA), hereby dispute the

1

alleged debt Plaintiff and Debt Collectors are attempting to collect in the above titled matter.

I dispute as to the identity of the true owner (if any) of this alleged debt, the alleged amount due and owing, I dispute all signatures appearing on Plaintiff's documents, and the Plaintiffs alleged authority and capacity to collect and or sue on behalf of the same.

Defendant Christine J. Forgues is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3). Plaintiff and Debt Collectors are "debt collectors" as that term is defined by 15 U.S.C. § 1692a(6), and are attempting to collect a "household debt" as that term is defined by 15 U.S.C. § 1692a(5). Defendant In Error disputes the alleged amounts due and owing and demands a full accounting inclusive of each payment made, and or not made from inception.

This is Consumer's third attempt to ascertain if in fact an alleged debt is owed. I recently received the communication from SPS dated May 6, 2015, acknowledging the March 31, 2015 second Notice of Dispute I mailed to the aforementioned Debt Collectors. To be perfectly clear, on January 7, 2010 I mailed to alleged creditor Chase Bank USA, N.A. a "TILA Notice of Rescission," signed by my husband and me, providing written notice of our intention to immediately rescind the transaction pursuant to 15

2

U.S.C. § 1635(a), a copy of which I requested for the first time from Debt Collectors (SPS and Reimer). Instead of providing it, SPS falsely stated that the March 31, 2015 Notice of Dispute was substantially similar to previous requests, and for that reason SPS would not be responding further.

For the second time, provide a copy of the January 7, 2010 TILA Notice of Rescission. If Debt Collectors were creditors, they would have it. Whatever debt Debt Collectors think they have was canceled by operation of law under the Truth in Lending Act.

SPS's communications, besides being confusing and using language (such as "Notice of Errors") that could have more than one meaning, one of which is false, does not provide the information I requested from which I could sufficiently dispute the payment obligation. Therefore, I I have reason to believe that Debt Collectors are taking State action that is inconsistent with federal law they cannot legally take, and this Notice shall be deemed a request/demand for "verification" and debt validation as defined by 15 U.S.C. §§ 1692g(a)(1),(2),(5), and (b) and Ohio Consumer Protection Statutes/Laws.

Since it appears the Plaintiff and Debt Collectors are attempting to collect an alleged debt regarding an alleged

Promissory Note acquired after alleged default, I demand
the following specific information be provided in
accordance with law:

1. When did SPS obtain the alleged debt?

2. When did SPS start servicing the alleged debt?

3. Who is SPS working for?

4. Who obtained the alleged debt?

5. What alleged amount (in dollars) did SPS obtain?

6. What alleged amount did SPS obtain while in
default?

7. What are the exact amounts of alleged principal,
fees, interest, escrow due, and any other charges
calculated in that amount? These calculations
must be itemized separately and in a manner easy
to read. The verification of the alleged debt
must categorically describe the amount of
interest charged by you, and from what date, and
what period of time;

8. What is the alleged total amount due?

9. Who is the alleged debt owed to?

10. Who is "Deutsche Bank National Trust Company, as
Trustee for J.P. Morgan Mortgage Acquisition
Trust 2007-CH5, Asset Backed Pass-Through
Certificates, Series 2007-CH5?"

11.    When did "Deutsche Bank National Trust Company, as Trustee for J.P. Morgan Mortgage Acquisition Trust 2007-CH5, Asset Backed Pass-Through Certificates, Series 2007-CH5" obtain the alleged debt?

12.    Provide the name, address, telephone number of the alleged original Creditor whom you have validated/verified the alleged debt with. If not the original Creditor, the Creditor acting in that capacity. I must be provided this information so I may investigate the matter in case legal action is needed on my part.

Be informed that a failure to provide the specific information "prior to taking any further collection action" may be a violation of law for which I may take legal action against Debt Collectors.

Dated: _June 2, 2015_

_Christine J. Forgues_
Christine J. Forgues,
Consumer-Defendant In Error
15109 Merrimeade Drive
Cleveland, OH 44111

**PROOF OF SERVICE**

A copy of the foregoing Consumer Notice of Dispute has

been sent by Certified U.S. Mail, Return Receipt Requested,

this 2nd day of June, 2015, to the following:


Select Portfolio Servicing
P.O. Box 65250
Salt Lake City, UT 84165-0250
Certified U.S. Mail# 7013 3020 0000 6759 9026


Reimer, Arnovitz, Chernek & Jeffrey Co., L.P.A.
P.O. Box 39696
30455 Solon Rd
Solon, Ohio 44139
Certified U.S. Mail# 7013 3020 0000 6759 9538


Christine J. Forgues
15109 Merrimeade Drive
Cleveland, OH 44111

6

F12-00223          DAH/new          June 5, 2015

## IN THE COURT OF COMMON PLEAS
## CUYAHOGA COUNTY, OHIO

| | |
|---|---|
| Deutsche Bank National Trust Company, as Trustee for J.P. Morgan Mortgage Acquisition Trust 2007-CH5, Asset Backed Pass-Through Certificates, Series 2007-CH5,<br>               Plaintiff,<br><br>       vs.<br><br>Christine J. Forgues aka Christine J.A. Andres Doubrava aka Christine J. Andres, et al.<br>               Defendants | Case No. CV12779307<br><br>Judge Dick Ambrose<br><br>**MOTION TO RETURN ORDER OF SALE**<br>**WITHOUT EXECUTION** |

      Deutsche Bank National Trust Company, as Trustee for J.P. Morgan Mortgage Acquisition Trust 2007-CH5, Asset Backed Pass-Through Certificates, Series 2007-CH5 hereby moves the court for an order returning the pluries order of sale without execution. Deutsche Bank National Trust Company, as Trustee for J.P. Morgan Mortgage Acquisition Trust 2007-CH5, Asset Backed Pass-Through Certificates, Series 2007-CH5 no longer desires that the property subject to execution be sold for the following reason(s):

☒      Other: There is a loss mitigation appeal pending review.

To the best of my knowledge, the property is not vacant.

RESPECTFULLY SUBMITTED,

/s/ Douglas A. Haessig     6-5-15
REIMER, ARNOVITZ, CHERNEK &
JEFFREY CO., L.P.A.
Douglas A. Haessig (0079200)
Peter L. Mehler   (0075283)
Attorneys for Plaintiff
P.O. Box 39696
30455 Solon Road
Solon, OH 44139
Phone: (440) 600-5500
Email: dhaessig@reimerlaw.com

IT IS SO ORDERED.

_____
Judge Dick Ambrose

PROOF OF SERVICE

    A copy of the foregoing Motion was mailed by electronic e-service notification or Ordinary U.S. Mail this __5th__ day of _____June_____, 2015, to the following:


Christine J. Forgues aka
Christine J.A. Andres Doubrava aka
Christine J. Andres
15109 Merrimeade Drive
Cleveland, Ohio  44111

John Doe, Unknown Spouse, if any,
of Christine J. Forgues aka
Christine J.A. Andres Doubrava aka
Christine J. Andres
15109 Merrimeade Drive
Cleveland, Ohio  44111

Lori White Laisure
Assistant U.S. Attorney
801 W. Superior Avenue, Suite 400
Cleveland, OH  44113

Lindsey K. McCarron
Assistant Attorney General
Collection Enforcement Section,
150 East Gay Street, 21st Floor
Columbus, OH  43215




/s/ Douglas A. Haessig      6-5-15
REIMER, ARNOVITZ, CHERNEK &
JEFFREY CO., L.P.A.
Douglas A. Haessig (0079200)
Peter L. Mehler   (0075283)
Attorneys for Plaintiff
P.O. Box 39696
30455 Solon Road
Solon, OH 44139
Phone: (440) 600-5500
Email: dhaessig@reimerlaw.com

F12-00223          DAH/new          June 5, 2015
Sale Date: June 29, 2015
Sale number:        035

**IN THE COURT OF COMMON PLEAS**
**CUYAHOGA COUNTY, OHIO**

| | |
|---|---|
| Deutsche Bank National Trust<br>Company, as Trustee for J.P.<br>Morgan Mortgage Acquisition Trust<br>2007-CH5, Asset Backed Pass-<br>Through Certificates, Series<br>2007-CH5,<br><br>                    Plaintiff,<br><br>          vs.<br><br>Christine J. Forgues aka<br>Christine J.A. Andres Doubrava<br>aka Christine J. Andres, et al.<br>                    Defendants | Case No. CV12779307<br><br>Judge Dick Ambrose<br><br>**ORDER GRANTING MOTION TO RETURN**<br>**ORDER OF SALE WITHOUT EXECUTION** |

This cause is before the Court on the Motion of Deutsche
Bank National Trust Company, as Trustee for J.P. Morgan Mortgage
Acquisition Trust 2007-CH5, Asset Backed Pass-Through
Certificates, Series 2007-CH5 to return the order of sale
without execution. The Court finds that the motion is well taken
and is hereby granted. The Clerk is ordered to apply the deposit
for costs to any outstanding costs. The Sheriff is ordered to
return the pluries order of sale without execution.


                    IT IS SO ORDERED


          _____

          Judge



**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

**Court of Common Pleas**

**MOTION Electronically Filed:**
**June 5, 2015 11:59**

By: DOUGLAS A. HAESSIG 0079200

Confirmation Nbr. 459010

DEUTSCHE BANK NATIONAL TR. CO.                    CV 12 779307

vrs.

CHRISTINE J. FORGUES AKA DOUBRAVA AKA            **Judge:**
ANDRES ETAL

                                                 DICK AMBROSE

Pages Filed:  3

F12-00223          EGB/pss          June 8, 2015

## IN THE COURT OF COMMON PLEAS
## CUYAHOGA COUNTY, OHIO

| | |
|---|---|
| Deutsche Bank National Trust Company, as Trustee for J.P. Morgan Mortgage Acquisition Trust 2007-CH5, Asset Backed Pass-Through Certificates, Series 2007-CH5 | ) Case No. CV12779307 <br> ) <br> ) JUDGE Dick Ambrose <br> ) <br> ) <br> ) **NOTICE OF SALE** <br> ) |
| Plaintiff | ) |
| -vs- | ) <br> ) |
| Christine J. Forgues aka Christine J.A. Andres Doubrava aka Christine J. Andres, et al. | ) <br> ) <br> ) <br> ) |
| Defendants | ) |

     All parties are hereby advised that the property involved in the above-captioned matter has been set for sale on June 29, 2015 at 9:00 a.m. Cuyahoga County Justice Center Auditorium, Cleveland, Ohio. Sheriff's appraisal is $125,000.00, and by statute, the property must be sold for not less than two-thirds of that amount.

                        /s/ Edward G. Bohnert 6-8-15
                        **REIMER, ARNOVITZ, CHERNEK &**
                        **JEFFREY CO., L.P.A**
                        By:   Edward G. Bohnert (Reg. #0004920)
                        Attorney for the Plaintiff
                        P.O. Box 39696
                        30455 Solon Road
                        Solon, OH 44139
                        Phone: (440) 600-5500, Ext. 110
                        Fax: 440-600-5586
                        Email: ebohnert@reimerlaw.com

- 2 -

## CERTIFICATE OF SERVICE

A copy of the foregoing was sent by electronic e-service notification or regular U.S. mail on ____6-8____, 2015, to the following:

Christine J. Forgues aka
Christine J.A. Andres Doubrava aka
Christine J. Andres
15109 Merrimeade Drive
Cleveland, Ohio  44111

John Doe, Unknown Spouse, if any,
of Christine J. Forgues aka
Christine J.A. Andres Doubrava aka
Christine J. Andres
15109 Merrimeade Drive
Cleveland, Ohio  44111

Lori White Laisure
Assistant U.S. Attorney
801 Superior Avenue, Suite 400
Cleveland, OH  44113

Lindsey K. McCarron
Assistant Attorney General
Collection Enforcement Section
150 East Gay Street, 21st Floor
Columbus, OH  43215

/s/ Edward G. Bohnert 6-8-15
**REIMER, ARNOVITZ, CHERNEK &**
**JEFFREY CO., L.P.A**
By:    Edward G. Bohnert (Reg. #0004920)
Attorney for the Plaintiff
P.O. Box 39696
30455 Solon Road
Solon, OH 44139
Phone: (440) 600-5500, Ext. 110
Fax: 440-600-5586
Email: ebohnert@reimerlaw.com



### NAILAH K. BYRD
### CUYAHOGA COUNTY CLERK OF COURTS
1200 Ontario Street
Cleveland, Ohio 44113

## Court of Common Pleas

**NOTICE Electronically Filed:**
**June 9, 2015 06:36**

By: EDWARD G. BOHNERT 0004920

Confirmation Nbr. 460926

DEUTSCHE BANK NATIONAL TR. CO.

vrs.

CHRISTINE J. FORGUES AKA DOUBRAVA AKA
ANDRES ETAL

CV 12 779307

**Judge:**

DICK AMBROSE

Pages Filed: 2



89640775

# IN THE COURT OF COMMON PLEAS
# CUYAHOGA COUNTY, OHIO

PROCESSED

JUN 11 2015

DEUTSCHE BANK NATIONAL TR. CO.
    Plaintiff

Case No: CV-12-779307

Judge: DICK AMBROSE

CUYAHOGA COUNTY CLERK
OF COURTS
IMAGING DEPARTMENT

CHRISTINE J. FORGUES AKA DOUBRAVA AKA
ANDRES ETAL
    Defendant

## **JOURNAL ENTRY**

PLAINTIFF'S MOTION TO RETURN ORDER OF SALE WITHOUT EXECUTION IS GRANTED.  ORDER SEE JOURNAL.

Judge Signature          Date
                                   CPCEOCEO



06/08/2015

JUN 0 8 2015

F12-00223    DAH/new    June 5, 2015
Sale Date: June 29, 2015
Sale number:  035

## IN THE COURT OF COMMON PLEAS
### CUYAHOGA COUNTY, OHIO

|  |  |  |
|---|---|---|
| Deutsche Bank National Trust Company, as Trustee for J.P. Morgan Mortgage Acquisition Trust 2007-CH5, Asset Backed Pass-Through Certificates, Series 2007-CH5, | ) ) ) ) ) ) ) | Case No. CV12779307  Judge Dick Ambrose  **ORDER GRANTING MOTION TO RETURN ORDER OF SALE WITHOUT EXECUTION** |
|     Plaintiff, | ) ) |  |
|   vs. | ) ) |  |
| Christine J. Forgues aka Christine J.A. Andres Doubrava aka Christine J. Andres, et al.      Defendants | ) ) ) ) ) |  |

  This cause is before the Court on the Motion of Deutsche Bank National Trust Company, as Trustee for J.P. Morgan Mortgage Acquisition Trust 2007-CH5, Asset Backed Pass-Through Certificates, Series 2007-CH5 to return the order of sale without execution. The Court finds that the motion is well taken and is hereby granted. The Clerk is ordered to apply the deposit for costs to any outstanding costs. The Sheriff is ordered to return the pluries order of sale without execution.

      IT IS SO ORDERED

              _____
          Judge
          (CeO)

From Consumer-Defendant In Error:
Christine J. Forgues
15109 Merrimeade Drive
Cleveland, OH 44111

FILED

2015 JUN 30 ᗡ 12: 53

### IN THE COURT OF COMMON PLEAS
### CUYAHOGA COUNTY, OHIO

Deutsche Bank National Trust
Company, as Trustee for J.P.
Morgan Mortgage Acquisition
Trust 2007-CH5, Asset Backed
Pass-Through Certificates,
Series 2007-CH5          )

                         )  CASE NO. CV 12 779307
                         )
                         )  JUDGE Dick Ambrose
                         )
                         )
                         )  **MOTION TO SET ASIDE**
                         )  **DEFAULT JUDGMENT,**
            Plaintiff    )  **CIV.R. 55(B), 60(B)(4).**
                         )
     -vs-                )
                         )
                         )  PROCESSED
Christine J. Forgues aka )
Christine J.A. Andres    )       JUL 0 1 2015
Doubrava aka Christine J.)
Andres, et al.           )
                         )  CUYAHOGA COUNTY CLERK
            Defendants   )         OF COURTS
                         )    IMAGING DEPARTMENT

1.    Christine J. Forgues ("Movant") hereby moves this

Court pursuant to Civ.R. 55(B) in accordance with Civ.R.

60(B)(4) for an Order setting aside, as to the Movant, this

Court's February 12, 2013 judgment entry (the "judgment")

granting Plaintiff's motion for default judgment on the

basis of the U.S. Supreme Court's January 13, 2015

intervening holding in Jesinoski v. Countrywide Home Loans,

No. 13-684, 135 S.Ct. 790 ("Jesinoski"), because it is no

longer equitable that the judgment should have prospective

application.


CV12779307                    89953126

1

## MEMORANDUM OF LAW IN SUPPORT

2.   Civ.R. 55(B) provides, "If a judgment by default has been entered, the court may set it aside in accordance with Rule 60(B)."

3.   Civ.R. 60(B) provides:

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation.

The procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules.

4.   To prevail on such a motion, the movant must demonstrate: (1) that there is a meritorious defense or claim to present if relief is granted; (2) entitlement to relief under one of the five grounds; and (3) that the

2

motion was timely. GTE Automatic Electric, Inc. v. ARC
Industries, Inc., 47 Ohio St.2d 146, 150, 351 N.E.2d 113
(1976). Each of these three requirements is mandatory. Id.
at 151. "Default judgments sought to be vacated are
generally treated with more leniency, as whenever possible
disputes should be decided on their merits. Moore v.
Emmanuel Family Training Ctr., Inc., 18 Ohio St.3d 64, 67,
479 N.E.2d 879 (1985), fn." UBS Financial Services, Inc.,
et al. v. Albert v. Lacava, Jr., 2013 -Ohio- 1669. (Ohio
App. Dist.8 04/25/2013)

    5.   In exercising its discretion, a trial court must
keep in mind that the policy in Ohio is to decide cases on
their merits and to afford Civ.R. 60(B) relief where
equitable; Civ.R. 60(B) is a remedial rule that is to be
liberally construed with a view toward effecting a just
result. State ex rel. Citizens for Responsible Taxation v.
Scioto Cty. Bd. of Elections (1993), 67 Ohio St.3d 134,
136. Moreover, Civ.R. 60(B) has been viewed as a mechanism
to create a balance between the need for finality and the
need for "fair and equitable decisions based upon full and
accurate information." In re Whitman (1998), 81 Ohio St.3d
239, 242.

    6.  On the first element of the GTE test, the movant
need only allege a meritorious defense and need not prove

that he will prevail on that defense. Rose Chevrolet, Inc.
v. Adams, 36 Ohio St.3d 17, 20, 520 N.E.2d 564 (1998).

**THE TRANSACTION UPON WHICH PLAINTIFF'S STANDING TO
INVOKE THE JURISDICTION OF THIS COURT DEPENDS WAS
RESCINDED BY OPERATION OF LAW; THE ALLEGED NOTE AND
MORTGAGE ARE VOID, NOT VOIDABLE.**

7.    The alleged note, mortgage, transaction upon
which this action is founded was duly and properly
rescinded, effected by written notice mailed on January 7,
2010 to the alleged original lender, Chase. See Movant's
Affidavit in Support. In accordance with the U.S. Supreme
Court's unanimous decision in Jesinoski, the court shall
take Mandatory Judicial Notice of this fact. A copy of
Jesinoski is attached and incorporated.

8.    It is alleged by the purported Plaintiff that on
March 23, 2007, the Movant and her husband, William
(together, the "Forgueses"), entered into a proposed
consumer transaction (the "transaction") with Chase Bank
USA, N.A., ("Chase") seeking to borrow $144,400.00 on their
principal dwelling at 15109 Merrimeade Drive, Cleveland,
Ohio 44111, for household purposes and gain funds to pay
off personal state tax debt.

9.    On January 7, 2010, within three years of the
transaction date, Movant mailed Chase a "TILA Notice of
Rescission," signed by the Forgueses, providing written

notice of their intention to immediately rescind the transaction pursuant to 15 U.S.C. §§ 1635(a) and (f). At that time, the controlling precedent in this Sixth federal Circuit was that borrowers had to file suit to enforce the TILA rescission. It turns out that the courts had it completely backwards. The rescission is "effected" when mailed, without judicial intervention unless the Lender filed suit within the twenty day statute of limitation, which Chase failed to do. According to §1635(b), within the twenty days, the duties of the lender or creditor are clear: (1) return the canceled note (2) file a satisfaction of mortgage and (3) return all money paid by borrower, all of which Chase failed to do. Additionally, 15 U.S.C. §1641(c) provides:

> Any consumer who has the right to rescind a transaction under section 1635 of this title may rescind the transaction as against any assignee of the obligation.

10. On March 29, 2012, would-be Plaintiff came along and filed this action, alleging an interest in a note and mortgage by way of a document that the purported "servicer," Select Portfolio Servicing, Inc. ("SPS") refers to as a "Notice of Assignment, Sale or Transfer of Servicing Rights," dated 14 May 2010 which is more than six months after Defendant allegedly defaulted at the end of

5

2009. See Exhibit A. Such a "Notice" copied from the public
records is not self-authenticating as to its significance
and is confusing; it makes no sense legally or financially
to this unrepresented consumer. See Affidavit in Support.

11.   In Fed. Home Loan Mortg. Corp. v. Schwartzwald,
134 Ohio St.3d 13, 2012-Ohio-5017, 979 N.E.2d 1214, the
Ohio Supreme Court ruled that standing was required in
order to invoke the jurisdiction of the common pleas court.
Id. at ¶24. In the new light of Jesinoski, "Plaintiff
cannot establish an interest in the note or mortgage at the
time it filed suit; it had no standing to invoke the
jurisdiction of the common pleas court." Schwartzwald at
¶28.

12.   The TILA rescission was a latent fact that
existed at the time the complaint was filed, but made a
defense or claim only by Jesinoski on January 13, 2015,
which affirmed that Congress meant what it said in the
statute, and reversed twenty years of erroneous precedent
in this Circuit and others with respect to 15 U.S.C.
§ 1635(a) and Regulation Z of the federal Truth in Lending
Act ("TILA"). The court shall take mandatory judicial
notice of Jesinoski, which held as follows:

> The clear import of §1635(a) is that a
> borrower need only provide written notice to a

lender in order to exercise his right to
rescind.

* * *

The Jesinoskis mailed respondents written
notice of their intention to rescind within
three years of their loan's consummation.
Because this is all that a borrower must do in
order to exercise his right to rescind under the
Act, the court below erred in dismissing the
complaint.

13.  Similarly, the Forgueses mailed Chase written
notice of their intention to rescind within three years of
the March 23, 2007 transaction. A judicial precedent
attaches a specific legal consequence to a detailed set of
facts in an adjudged case or judicial decision, which is
then considered as furnishing the rule for the
determination of a subsequent case involving identical or
similar material facts. Consequently, the precedent applies
to the Forgueses' "TILA Notice of Rescission" because the
material facts are materially indistinguishable with
Jesinoski.

14.  The effect of TILA rescission is dictated by
statute, and cannot be waived. 15 U.S.C. § 1635(b), in
part, provides:

When an obligor exercises his right to
rescind under subsection (a) of this section, he
is not liable for any finance or other charge,
and any security interest given by the obligor,
including any such interest arising by operation
of law, becomes void upon such a rescission.

7

15. Accordingly, the Forgueses' rescission asserts a fact that operates as a judgment, not a claim yet to be determined. And the fact that no alleged note, mortgage (security interest), or loan is at issue because they are void (not voidable), this court has no jurisdiction to entertain this action that is devoid of merit. In light of the foregoing, such that it appears on the record that this Court is without jurisdiction, this action should be dismissed by this honorable Court on its own motion, with prejudice, and no further action is needed or should be taken.

**PLAINTIFF'S ATTORNEY AFFIDAVIT FOR DEFAULT JUDGMENT IS CONTROVERTED, AS FALSE, BY THE OPERATIVE FACTS AND THE JUDGMENT OF THE U.S. SUPREME COURT.**

16. The operative facts of first hand knowledge in Movant's affidavit in support of this motion, and the law as decided in Jesinoski applied to those facts, controvert, as false, Plaintiff's purported 14 May 2010 "assignment," the affidavit of Edward G. Bohnert, Esq., sworn to on December 18, 2012 (based upon hearsay), and controvert the "factual accuracy" allegedly confirmed by purported officer Nicole L. Smiley, that, (1) the Plaintiff is the holder of the note and mortgage, or is a party entitled to enforce the instrument; (2) if the Plaintiff is not the original

8

mortgagee, the chain of assignments and transfers; (3) the mortgagor is in default; (4) all conditions precedent have been met; and (5) the amount of principal and interest is due (the five elements of a foreclosure). Upon information and belief, Plaintiff can make no rational argument either in law or fact to the contrary. Therefore, any opposition to this motion would be unwarranted.

17. In his affidavit sworn to on December 18, 2012, affiant Edward G. Bohnert swore that he understood his continuing obligation to amend his affidavit in light of newly discovered facts following its filing but, upon Movant's information and belief, has not done so.

18. Foreclosure is within the subject-matter jurisdiction of this Court, but this action is not the foreclosure it appears to be on the face of the complaint. Plaintiff is no creditor, secured or otherwise; Plaintiff is a debt collector masquerading as a creditor, and is in the process of collecting on an alleged debt, if any, by seizing property rightfully belonging to the Movant.

**MOVANT IS ENTITLED TO RELIEF BECAUSE IT IS NO LONGER EQUITABLE THAT THE JUDGMENT SHOULD HAVE PROSPECTIVE APPLICATION.**

19.  Movant proceeds under Civ.R. 60(B)(4), because it is no longer equitable that the judgment should have prospective application.

20.  "The '* * * it is no longer equitable * * *' clause of Civ.R. 60(B)(4) was designed to provide relief to those who have been prospectively subjected to circumstances which they had no opportunity to foresee or control." Knapp v. Knapp, 24 Ohio St.3d 141, 24 Ohio B. 362, 493 N.E.2d 1353 (1986). None of the parties to this action had the opportunity to foresee or control the Jesinoski decision, which did not exist when this action was filed. Whatever interest the Plaintiff purportedly had, if any, from the transaction is gone by operation of law.

21.  The default judgment, serving as the basis to order a sale of Movant's home, imposes prospective obligations and consequences on the parties and other persons such as the sheriff and purchasers. It is unconscionably and unreasonably inequitable under Rule 60(B)(4) to liquidate ~~Plaintiff's~~ Movant's self property when the secured payment obligation it intends to remedy has ceased by operation of law due to an intervening change in precedent and inaction by the alleged original creditor; Chase did

not file suit within twenty days nor make a return of our money or property following rescission.

22.   This court is bound by <u>Jesinoski</u> and must give effect to the remedial statute, 15 U.S.C. § 1601 et seq., enacted by Congress as held by U.S. Supreme Court precedent or be in violation of both the Constitutions of Ohio and the United States. Article VI of the U.S. Constitution provides in relevant part:

> This Constitution, and the laws of the United States which shall be made in pursuance thereof; and all treaties made, or which shall be made, under the authority of the United States, shall be the supreme law of the land; and the judges in every state shall be bound thereby, anything in the Constitution or laws of any State to the contrary notwithstanding.

**THIS MOTION IS MADE WITHIN A REASONABLE TIME.**

23.   This motion is made within a reasonable time. Movant has standing to assert right now that this action slanders her title to her home, and that she will suffer an irreparable injury in fact if relief from the judgment, allowing sale of her home, is not granted. "An injury in fact requires a showing that the party suffered or will suffer a specific injury, that the injury is traceable to the challenged action, and that it is likely that the injury will be redressed by a favorable decision." Wilmington City School Dist. Bd. of Ed. v. Bd. of Commrs.

11

of Clinton Co., 141 Ohio App.3d 232, 238, 750 N.E.2d 1141 (12th Dist.2000), citing Eng. Technicians Assn. v. Ohio Dept. of Transp., 72 Ohio App.3d 106, 110-111, 593 N.E.2d 472 (10th Dist.1991). No rights of third persons have yet intervened or are involved; a judicial sale has not taken place. Movant requested a copy of the TILA Notice of Rescission, thereby alerting Plaintiff of it about four days after finding out about Jesinoski, so any prejudice to the Plaintiff is from its ignoring Movant's Consumer Notices of Dispute of Debt filed on April 1, 2015 and June 2, 2015. Movant filed this motion as soon as she became able to do so according to the rules and requirements found in appellate cases. Movant was diligently inquiring about who and what was attempting to seize her property and wasted no time once she discovered and researched what might prove to her to be a ground for relief in Jesinoski. If the Movant has been neglectful during those past three months, Movant respectfully requests that the court deem it excusable.

**CONCLUSION**

24. Wherefore, Movant moves this Court pursuant to Civ.R. 55(B) in accordance with Civ.R. 60(B)(4) for an Order (1) setting aside the default judgment as to the Movant because it is no longer equitable that the judgment

12

should have prospective application, and (2) such that it appears from the record that this court lacks jurisdiction, dismissing this action on the Court's own motion so that no further action can be taken, all upon such terms as are just. The motion should be granted.

Respectfully submitted,

*Christine J. Forgues*  6-30-15
Christine J. Forgues,
Consumer-Defendant In Error
15109 Merrimeade Drive
Cleveland, OH 44111

13

From Consumer-Defendant In Error:
Christine J. Forgues
15109 Merrimeade Drive
Cleveland, OH 44111

### IN THE COURT OF COMMON PLEAS
### CUYAHOGA COUNTY, OHIO

| | |
|---|---|
| Deutsche Bank National Trust Company, as Trustee for J.P. Morgan Mortgage Acquisition Trust 2007-CH5, Asset Backed Pass-Through Certificates, Series 2007-CH5 ) ) ) ) ) ) ) | CASE NO. CV 12 779307 |
| Plaintiff ) ) | JUDGE Dick Ambrose |

Deutsche Bank National Trust  )     CASE NO. CV 12 779307
Company, as Trustee for J.P.  )
Morgan Mortgage Acquisition   )     JUDGE Dick Ambrose
Trust 2007-CH5, Asset Backed  )
Pass-Through Certificates,    )
Series 2007-CH5               )
                              )
          Plaintiff           )     **AFFIDAVIT IN SUPPORT OF**
                              )     **MOTION TO SET ASIDE**
     -vs-                     )     **DEFAULT JUDGMENT,**
                              )     **CIV.R. 55(B), 60(B)(4).**
Christine J. Forgues aka      )
Christine J.A. Andres         )
Doubrava aka Christine J.     )
Andres, et al.                )
                              )
          Defendants          )

STATE OF OHIO        )
                     ) ss
COUNTY OF CUYAHOGA   )

    1.   <u>Christine J. Forgues</u>, being first duly sworn, deposes and says:

    2.   I make this affidavit upon my own personal knowledge in support of my motion pursuant to Civ.R. 55(B) in accordance with Civ.R. 60(B)(4) for an Order setting aside, as to me, this Court's February 12, 2013 judgment entry granting Plaintiff's motion for default judgment on the basis of the U.S. Supreme Court's January 13, 2015 intervening holding in Jesinoski v. Countrywide, No. 13-

1

684, 574 U.S.___ (2015), because the transaction upon which this action depends was rescinded according to 15 United States Code Section 1635 of the federal Truth In Lending Act ("TILA"), and it is no longer equitable that the judgment should have prospective application.

3.   On March 23, 2007, my husband, William, and I (together "we," "us" or "our") entered into a proposed consumer transaction (the "transaction") with Chase Bank USA, N.A., ("Chase") seeking to borrow $144,400.00, which included new advances of principal, on our principal dwelling at 15109 Merrimeade Drive, Cleveland, Ohio 44111, for household purposes and gain funds to pay off personal state tax debt.

4.   On January 7, 2010, I mailed Chase a written "TILA Notice of Rescission," signed by the both of us, stating that we immediately rescind the transaction. We did not make any further payments after December 30, 2009. Chase did not file suit against us, or return the canceled note, or file a satisfaction of mortgage, or make a return of our money following rescission.

5.   After several weeks with no response to the TILA Notice of Rescission, we sought assistance with a company called TMG (The Modification Group) who assured us that they would be able to get our purported loan modified to a

2

better interest rate and lower our payment. TMG advised us to stop making the payments as it would "just be a waste" at our current interest rate. We had paid money for TMG's help and TMG assured us that the owner was a lawyer and that he was representing us. We found out later that TMG had never made any progress on our purported loan. We received a letter in the mail from TMG stating that they had closed our file and destroyed our records.

6. My husband, William, had been fatally ill with cancer and became deceased on July 13, 2011.

7. I see from the docket that, on March 29, 2012 would-be Plaintiff filed this action naming me as an alleged Defendant, that I did not serve an answer, and that a motion for default judgment was granted on February 12, 2013.

8. I did not defend this action because I was not represented by counsel, and was confused and unsure of my rights as a consumer. I was concerned with paying back taxes, which I explained when I was present in the Court on 02/12/2013, as the docket shows. The purported "servicer," Select Portfolio Servicing, Inc. ("SPS"), had been keeping me busy applying for proposed loan modification it offered while various orders of sale were sought and withdrawn. SPS

denied modification by letter dated March 26, 2015 that I received on or about March 31, 2015.

9.    On March 28, 2015, I learned from my Archbishop about the Supreme Court's January 13, 2015 Jesinoski v. Countrywide decision that potentially meant that we had not been required to file suit for rescission but had done all that a borrower must do in order to exercise our right to rescind under the Truth In Lending Act. If so, Section 1635(b) meant that we were not liable for any finance or other charge, and any security interest we gave or arising by operation of law became void upon our rescission. I could not find a copy of the TILA Notice of Rescission I mailed to Chase.

10.    On April 1, 2015, I served a Consumer Notice of Dispute of Debt upon SPS and Plaintiff's attorneys requesting for the first time each of them to provide, among other things, a copy of the TILA Notice of Rescission previously mailed to the alleged creditor. I also filed the Notice of Dispute with this court the same day.

11.    On May 5, 2015, I received a letter from SPS. SPS enclosed a copy of a "Notice of Assignment, Sale or Transfer of Servicing Rights," (in SPS's words) bearing the date 14 May 2010 to "validate" the debt, which ~~Plaintiff~~ Affiant cqf finds most confusing and deceptive because SPS itself

4

contradicts what the document is purported to be as the basis for this action and could have more than one meaning, one of which is false. See attached SPS letter dated April 29, 2015 with pertinent attachment, Exhibit A.

12.  I see from the docket that on May 7, 2015, Plaintiff's attorneys filed a Praecipe for an Order for a Third Pluries Sale of my property.

13.  On June 2, 2015, I served upon SPS and Plaintiff's attorneys, and filed with this Court, a new Consumer Notice of Dispute of Debt requesting, among other things, a copy of the TILA Notice of Rescission for the second time.

14.  I had no opportunity to foresee or control the Jesinoski decision, which did not exist when purported Plaintiff filed this action. Upon information and belief, whatever interest the Plaintiff purportedly had, if any, from the transaction is gone by operation of law.

15.  I file this motion in the interest of substantial justice because it is unconscionably and unreasonably inequitable under Rule 60(B)(4) to liquidate my property when the secured payment obligation this Court's judgment intends to remedy has ceased by operation of law due to an intervening change in precedent and inaction by the alleged original creditor Chase.

16.    This action slanders my title to my home. I will suffer an irreparable injury in fact if relief from the judgment allowing sale of my home is not granted. Upon information and belief, no rights of third persons have yet intervened or are involved; a judicial sale has not taken place. I am filing this motion as soon as I became able to do so according to the rules and requirements found in appellate court decisions. I was diligently inquiring about who or what was attempting to seize my property and wasted no time once I discovered and researched what might prove to me to be a ground for relief in Jesinoski. If I am deemed to have been neglectful during those past three months, I respectfully request that the court deem it excusable under the circumstances.

17.    Further affiant sayeth not.

*Christine J. Forgues*

Christine J. Forgues

Sworn to before me and subscribed in my presence this _30_ day of _June_ , 2015.

*Cindy Crespo-Rojas*

Cindy Crespo-Rojas
Notary Public, State of Ohio
My Commission Expires
August 07, 2019

Notary Public

(Slip Opinion)      OCTOBER TERM, 2014      1

Syllabus

NOTE: Where it is feasible, a syllabus (headnote) will be released, as is being done in connection with this case, at the time the opinion is issued. The syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader. See *United States* v. *Detroit Timber & Lumber Co.,* 200 U. S. 321, 337.

# SUPREME COURT OF THE UNITED STATES

Syllabus

## JESINOSKI ET UX. *v.* COUNTRYWIDE HOME LOANS, INC., ET AL.

### CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE EIGHTH CIRCUIT

No. 13–684.   Argued November 4, 2014—Decided January 13, 2015

Exactly three years after borrowing money from respondent Countrywide Home Loans, Inc., to refinance their home mortgage, petitioners Larry and Cheryle Jesinoski sent Countrywide and respondent Bank of America Home Loans, which had acquired Countrywide, a letter purporting to rescind the transaction. Bank of America replied, refusing to acknowledge the rescission's validity. One year and one day later, the Jesinoskis filed suit in federal court, seeking a declaration of rescission and damages. The District Court entered judgment on the pleadings for respondents, concluding that a borrower can exercise the Truth in Lending Act's right to rescind a loan, see 15 U. S. C. §1635(a), (f), only by filing a lawsuit within three years of the date the loan was consummated. The Jesinoskis' complaint, filed four years and one day after the loan's consummation, was ineffective. The Eighth Circuit affirmed.

*Held:* A borrower exercising his right to rescind under the Act need only provide written notice to his lender within the 3-year period, not file suit within that period. Section 1635(a)'s unequivocal terms—a borrower "shall have the right to rescind . . . *by notifying the creditor . . . of his intention to do so*" (emphasis added)—leave no doubt that rescission is effected when the borrower notifies the creditor of his intention to rescind. This conclusion is not altered by §1635(f), which states *when* the right to rescind must be exercised, but says nothing about *how* that right is exercised. Nor does §1635(g)—which states that "in addition to rescission the court may award relief . . . not relating to the right to rescind"—support respondents' view that rescission is necessarily a consequence of judicial action. And the fact that the Act modified the common-law condition precedent to rescission at

2          JESINOSKI *v.* COUNTRYWIDE HOME LOANS, INC.

Syllabus

law, see §1635(b), hardly implies that the Act thereby codified rescission in equity. Pp. 2–5.

729 F. 3d 1092, reversed and remanded.

SCALIA, J., delivered the opinion for a unanimous Court.

Cite as: 574 U. S. \_\_\_\_ (2015)

1

Opinion of the Court

NOTICE: This opinion is subject to formal revision before publication in the preliminary print of the United States Reports. Readers are requested to notify the Reporter of Decisions, Supreme Court of the United States, Washington, D. C. 20543, of any typographical or other formal errors, in order that corrections may be made before the preliminary print goes to press.

# SUPREME COURT OF THE UNITED STATES

No. 13–684

## LARRY D. JESINOSKI, ET UX., PETITIONERS v. COUNTRYWIDE HOME LOANS, INC., ET AL.

### ON WRIT OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE EIGHTH CIRCUIT

[January 13, 2015]

JUSTICE SCALIA delivered the opinion of the Court.

The Truth in Lending Act gives borrowers the right to rescind certain loans for up to three years after the transaction is consummated. The question presented is whether a borrower exercises this right by providing written notice to his lender, or whether he must also file a lawsuit before the 3-year period elapses.

On February 23, 2007, petitioners Larry and Cheryle Jesinoski refinanced the mortgage on their home by borrowing $611,000 from respondent Countrywide Home Loans, Inc. Exactly three years later, on February 23, 2010, the Jesinoskis mailed respondents a letter purporting to rescind the loan. Respondent Bank of America Home Loans replied on March 12, 2010, refusing to acknowledge the validity of the rescission. On February 24, 2011, the Jesinoskis filed suit in Federal District Court seeking a declaration of rescission and damages.

Respondents moved for judgment on the pleadings, which the District Court granted. The court concluded that the Act requires a borrower seeking rescission to file a lawsuit within three years of the transaction's consum-

2          JESINOSKI *v.* COUNTRYWIDE HOME LOANS, INC.

Opinion of the Court

mation. Although the Jesinoskis notified respondents of
their intention to rescind within that time, they did not
file their first complaint until four years and one day after
the loan's consummation. 2012 WL 1365751, *3 (D Minn.,
Apr. 19, 2012). The Eighth Circuit affirmed. 729 F. 3d
1092, 1093 (2013) (*per curiam*).

Congress passed the Truth in Lending Act, 82 Stat. 146,
as amended, to help consumers "avoid the uninformed use
of credit, and to protect the consumer against inaccurate
and unfair credit billing." 15 U. S. C. §1601(a). To this
end, the Act grants borrowers the right to rescind a loan
"until midnight of the third business day following the
consummation of the transaction or the delivery of the
[disclosures required by the Act], whichever is later, by
notifying the creditor, in accordance with regulations of
the [Federal Reserve] Board, of his intention to do so."
§1635(a) (2006 ed.).* This regime grants borrowers an
unconditional right to rescind for three days, after which
they may rescind only if the lender failed to satisfy the
Act's disclosure requirements. But this conditional right
to rescind does not last forever. Even if a lender *never*
makes the required disclosures, the "right of rescission
shall expire three years after the date of consummation of
the transaction or upon the sale of the property, whichever
comes first." §1635(f). The Eighth Circuit's affirmance in
the present case rested upon its holding in *Keiran* v. *Home
Capital, Inc.*, 720 F. 3d 721, 727–728 (2013) that, unless a
borrower has filed a suit for rescission within three years
of the transaction's consummation, §1635(f) extinguishes
the right to rescind and bars relief.

That was error. Section 1635(a) explains in unequivocal

───────────

*Following the events in this case, Congress transferred the author-
ity to promulgate rules implementing the Act to the Consumer Finance
Protection Bureau. See Dodd-Frank Wall Street Reform and Consumer
Protection Act, §§1061(b)(1), 1100A(2), 1100H, 124 Stat. 2036, 2107,
2113.

Opinion of the Court

terms how the right to rescind is to be exercised: It provides that a borrower "shall have the right to rescind . . . *by notifying the creditor, in accordance with regulations of the Board, of his intention to do so*" (emphasis added). The language leaves no doubt that rescission is effected when the borrower notifies the creditor of his intention to rescind. It follows that, so long as the borrower notifies within three years after the transaction is consummated, his rescission is timely. The statute does not also require him to sue within three years.

Nothing in §1635(f) changes this conclusion. Although §1635(f) tells us *when* the right to rescind must be exercised, it says nothing about *how* that right is exercised. Our observation in *Beach* v. *Ocwen Fed. Bank*, 523 U. S. 410, 417 (1998), that §1635(f) "govern[s] the life of the underlying right" is beside the point. That case concerned a borrower's attempt to rescind in the course of a foreclosure proceeding initiated six years after the loan's consummation. We concluded only that there was "no federal right to rescind, defensively or otherwise, after the 3-year period of §1635(f) has run," *id.*, at 419, not that there was no rescission until a suit is filed.

Respondents do not dispute that §1635(a) requires only written notice of rescission. Indeed, they concede that written notice suffices to rescind a loan within the first three days after the transaction is consummated. They further concede that written notice suffices after that period if the parties agree that the lender failed to make the required disclosures. Respondents argue, however, that if the parties dispute the adequacy of the disclosures—and thus the continued availability of the right to rescind—then written notice *does not* suffice.

Section 1635(a) nowhere suggests a distinction between disputed and undisputed rescissions, much less that a lawsuit would be required for the latter. In an effort to sidestep this problem, respondents point to a neighboring

Opinion of the Court

provision, §1635(g), which they believe provides support for their interpretation of the Act. Section 1635(g) states merely that, "[i]n any action in which it is determined that a creditor has violated this section, in addition to rescission the court may award relief under section 1640 of this title for violations of this subchapter not relating to the right to rescind." Respondents argue that the phrase "award relief" "in addition to rescission" confirms that rescission is a consequence of judicial action. But the fact that it can be a consequence of judicial action when §1635(g) is triggered in no way suggests that it can *only* follow from such action. The Act contemplates various situations in which the question of a lender's compliance with the Act's disclosure requirements may arise in a lawsuit—for example, a lender's foreclosure action in which the borrower raises inadequate disclosure as an affirmative defense. Section 1635(g) makes clear that a court may not only award rescission and thereby relieve the borrower of his financial obligation to the lender, but may also grant any of the remedies available under §1640 (including statutory damages). It has no bearing upon whether and how borrower-rescission under §1635(a) may occur.

Finally, respondents invoke the common law. It is true that rescission traditionally required either that the rescinding party return what he received before a rescission could be effected (rescission at law), or else that a court affirmatively decree rescission (rescission in equity). 2 D. Dobbs, Law of Remedies §9.3(3), pp. 585–586 (2d ed. 1993). It is also true that the Act disclaims the common-law condition precedent to rescission at law that the borrower tender the proceeds received under the transaction. 15 U. S. C. §1635(b). But the negation of rescission-at-law's tender requirement hardly implies that the Act codifies rescission in equity. Nothing in our jurisprudence, and no tool of statutory interpretation, requires that a

Opinion of the Court

congressional Act must be construed as implementing its closest common-law analogue. Cf. *Astoria Fed. Sav. & Loan Assn.* v. *Solimino,* 501 U. S. 104, 108–109 (1991). The clear import of §1635(a) is that a borrower need only provide written notice to a lender in order to exercise his right to rescind. To the extent §1635(b) alters the traditional process for unwinding such a unilaterally rescinded transaction, this is simply a case in which statutory law modifies common-law practice.

\*     \*     \*

The Jesinoskis mailed respondents written notice of their intention to rescind within three years of their loan's consummation. Because this is all that a borrower must do in order to exercise his right to rescind under the Act, the court below erred in dismissing the complaint. Accordingly, we reverse the judgment of the Eighth Circuit and remand the case for further proceedings consistent with this opinion.

*It is so ordered.*

those regulations, see section 7 of Pub. L. 100–709, set out as a note under section 1637a of this title.

For provisions relating to promulgation of regulations to implement amendment by Pub. L. 100–583, and effective date of such amendment in connection with those regulations, see section 7 of Pub. L. 100–583, set out as a note under section 1637 of this title.

## § 1633. Exemption for State-regulated transactions

The Board shall by regulation exempt from the requirements of this part any class of credit transactions within any State if it determines that under the law of that State that class of transactions is subject to requirements substantially similar to those imposed under this part, and that there is adequate provision for enforcement.

(Pub. L. 90–321, title I, § 123, May 29, 1968, 82 Stat. 152; Pub. L. 111–203, title X, § 1100A(2), July 21, 2010, 124 Stat. 2107.)

### AMENDMENT OF SECTION

*Pub. L. 111–203, title X, §§ 1100A(2), 1100H, July 21, 2010, 124 Stat. 2107, 2113, provided that, effective on the designated transfer date, this section is amended by striking "Board" each place that term appears and inserting "Bureau." See Effective Date of 2010 Amendment note below.*

### EFFECTIVE DATE OF 2010 AMENDMENT

Amendment by Pub. L. 111–203 effective on the designated transfer date, see section 1100H of Pub. L. 111–203, set out as a note under section 552a of Title 5, Government Organization and Employees.

## § 1634. Effect of subsequent occurrence

If information disclosed in accordance with this part is subsequently rendered inaccurate as the result of any act, occurrence, or agreement subsequent to the delivery of the required disclosures, the inaccuracy resulting therefrom does not constitute a violation of this part.

(Pub. L. 90–321, title I, § 124, May 29, 1968, 82 Stat. 152.)

## § 1635. Right of rescission as to certain transactions

### (a) Disclosure of obligor's right to rescind

Except as otherwise provided in this section, in the case of any consumer credit transaction (including opening or increasing the credit limit for an open end credit plan) in which a security interest, including any such interest arising by operation of law, is or will be retained or acquired in any property which is used as the principal dwelling of the person to whom credit is extended, the obligor shall have the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission forms required under this section together with a statement containing the material disclosures required under this subchapter, whichever is later, by notifying the creditor, in accordance with regulations of the Board, of his intention to do so. The creditor shall clearly and conspicuously disclose, in accordance with regulations of the Board, to any obligor in a trans-

action subject to this section the rights of the obligor under this section. The creditor shall also provide, in accordance with regulations of the Board, appropriate forms for the obligor to exercise his right to rescind any transaction subject to this section.

### (b) Return of money or property following rescission

When an obligor exercises his right to rescind under subsection (a) of this section, he is not liable for any finance or other charge, and any security interest given by the obligor, including any such interest arising by operation of law, becomes void upon such a rescission. Within 20 days after receipt of a notice of rescission, the creditor shall return to the boligor any money or property given as earnest money, downpayment, or otherwise, and shall take any action necessary or appropriate to reflect the termination of any security interest created under the transaction. If the creditor has delivered any property to the obligor, the obligor may retain possession of it. Upon the performance of the creditor's obligations under this section, the obligor shall tender the property to the creditor, except that if return of the property in kind would be impracticable or inequitable, the obligor shall tender its reasonable value. Tender shall be made at the location of the property or at the residence of the obligor, at the option of the obligor. If the creditor does not take possession of the property within 20 days after tender by the obligor, ownership of the property vests in the obligor without obligation on his part to pay for it. The procedures prescribed by this subsection shall apply except when otherwise ordered by a court.

### (c) Rebuttable presumption of delivery of required disclosures

Notwithstanding any rule of evidence, written acknowledgment of receipt of any disclosures required under this subchapter by a person to whom information, forms, and a statement is required to be given pursuant to this section does no more than create a rebuttable presumption of delivery thereof.

### (d) Modification and waiver of rights

The Board may, if it finds that such action is necessary in order to permit homeowners to meet bona fide personal financial emergencies, prescribe regulations authorizing the modification or waiver of any rights created under this section to the extent and under the circumstances set forth in those regulations.

### (e) Exempted transactions; reapplication of provisions

This section does not apply to—

(1) a residential mortgage transaction as defined in section 1602(w) of this title;

(2) a transaction which constitutes a refinancing or consolidation (with no new advances) of the principal balance then due and any accrued and unpaid finance charges of an existing extension of credit by the same creditor secured by an interest in the same property;

(3) a transaction in which an agency of a State is the creditor; or

(4) advances under a preexisting open end credit plan if a security interest has already been retained or acquired and such advances are in accordance with a previously established credit limit for such plan.

**(f) Time limit for exercise of right**

An obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first, notwithstanding the fact that the information and forms required under this section or any other disclosures required under this part have not been delivered to the obligor, except that if (1) any agency empowered to enforce the provisions of this subchapter institutes a proceeding to enforce the provisions of this section within three years after the date of consummation of the transaction, (2) such agency finds a violation of this section, and (3) the obligor's right to rescind is based in whole or in part on any matter involved in such proceeding, then the obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the earlier sale of the property, or upon the expiration of one year following the conclusion of the proceeding, or any judicial review or period for judicial review thereof, whichever is later.

**(g) Additional relief**

In any action in which it is determined that a creditor has violated this section, in addition to rescission the court may award relief under section 1640 of this title for violations of this subchapter not relating to the right to rescind.

**(h) Limitation on rescission**

An obligor shall have no rescission rights arising solely from the form of written notice used by the creditor to inform the obligor of the rights of the obligor under this section, if the creditor provided the obligor the appropriate form of written notice published and adopted by the Board, or a comparable written notice of the rights of the obligor, that was properly completed by the creditor, and otherwise complied with all other requirements of this section regarding notice.

**(i) Rescission rights in foreclosure**

**(1) In general**

Notwithstanding section 1649 of this title, and subject to the time period provided in subsection (f) of this section, in addition to any other right of rescission available under this section for a transaction, after the initiation of any judicial or nonjudicial foreclosure process on the primary dwelling of an obligor securing an extension of credit, the obligor shall have a right to rescind the transaction equivalent to other rescission rights provided by this section, if—

(A) a mortgage broker fee is not included in the finance charge in accordance with the laws and regulations in effect at the time the consumer credit transaction was consummated; or

(B) the form of notice of rescission for the transaction is not the appropriate form of written notice published and adopted by the Board or a comparable written notice, and

otherwise complied with all the requirements of this section regarding notice.

**(2) Tolerance for disclosures**

Notwithstanding section 1605(f) of this title, and subject to the time period provided in subsection (f) of this section, for the purposes of exercising any rescission rights after the initiation of any judicial or nonjudicial foreclosure process on the principal dwelling of the obligor securing an extension of credit, the disclosure of the finance charge and other disclosures affected by any finance charge shall be treated as being accurate for purposes of this section if the amount disclosed as the finance charge does not vary from the actual finance charge by more than $35 or is greater than the amount required to be disclosed under this subchapter.

**(3) Right of recoupment under State law**

Nothing in this subsection affects a consumer's right of rescission in recoupment under State law.

**(4) Applicability**

This subsection shall apply to all consumer credit transactions in existence or consummated on or after September 30, 1995.

(Pub. L. 90–321, title I, § 125, May 29, 1968, 82 Stat. 153; Pub. L. 93–495, title IV, §§ 404, 405, 412, Oct. 28, 1974, 88 Stat. 1517, 1519; Pub. L. 96–221, title VI, § 612(a)(1), (3)–(6), Mar. 31, 1980, 94 Stat. 175, 176; Pub. L. 98–479, title II, § 205, Oct. 17, 1984, 98 Stat. 2234; Pub. L. 104–29, §§ 5, 8, Sept. 30, 1995, 109 Stat. 274, 275; Pub. L. 111–203, title X, § 1100A(2), July 21, 2010, 124 Stat. 2107.)

AMENDMENT OF SECTION

*Pub. L. 111–203, title X, §§ 1100A(2), 1100H, July 21, 2010, 124 Stat. 2107, 2113, provided that, effective on the designated transfer date, this section is amended by striking "Board" each place that term appears and inserting "Bureau". See Effective Date of 2010 Amendment note below.*

AMENDMENTS

1995—Subsec. (h). Pub. L. 104–29, § 5, added subsec. (h).
Subsec. (i). Pub. L. 104–29, § 8, added subsec. (i).
1984—Subsec. (e). Pub. L. 98–479 redesignated par. (1) as subsec. (e), redesignated subpars. (A), (B), (C), and (D) of par. (1) as pars. (1), (2), (3), and (4), respectively, and struck out par. (2) which read as follows: "The provisions of paragraph (1)(D) shall cease to be effective 3 years after the effective date of the Truth in Lending Simplification Reform Act."
1980—Subsec. (a). Pub. L. 96–221, § 612(a)(1), substituted provisions relating to the right of rescission until midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission forms required together with the statement containing the material disclosures required under this subchapter, whichever is later, for provisions relating to right of rescission until midnight of the third business day following the consummation of the transaction or the delivery of the required disclosures and all other material disclosures required under this part, whichever is later.
Subsec. (b). Pub. L. 96–221, § 612(a)(3), (4), inserted provisions setting forth applicability of procedures prescribed by this subsection, and substituted "20" for "ten" in two places.
Subsec. (c). Pub. L. 96–221, § 612(a)(5), inserted "information, forms, and" after "whom".

Subsec. (e). Pub. L. 96–221, §612(a)(6), substituted provisions relating to nonapplicability to residential mortgage transactions, refinancing or consolidation transactions, etc., for provisions relating to nonapplicability to creation or retention of first liens.

Subsec. (f). Pub. L. 96–221, §612(a)(6), substituted provisions setting forth duration of right of rescission where the required information and forms or other disclosures required under this part have not been delivered to the obligor, and exceptions to such term, for provisions setting forth duration of right of rescission where the required disclosures or any other material disclosures required under this part have not been delivered to the obligor.

Subsec. (g). Pub. L. 96–221, §612(a)(6), added subsec. (g).

1974—Subsecs. (a), (b). Pub. L. 93–495, §404, inserted provisions relating to security interest arising by operation of law.

Subsec. (e). Pub. L. 93–495, §412, inserted exemption for consumer credit transactions where a State agency is the creditor.

Subsec. (f). Pub. L. 93–495, §405, added subsec. (f).

EFFECTIVE DATE OF 2010 AMENDMENT

Amendment by Pub. L. 111–203 effective on the designated transfer date, see section 1100H of Pub. L. 111–203, set out as a note under section 552a of Title 5, Government Organization and Employees.

EFFECTIVE DATE OF 1980 AMENDMENT

Amendment by Pub. L. 96–221 effective on expiration of two years and six months after Mar. 31, 1980, with all regulations, forms, and clauses required to be prescribed to be promulgated at least one year prior to such effective date, and allowing any creditor to comply with any amendments, in accordance with the regulations, forms, and clauses prescribed by the Board prior to such effective date, see section 625 of Pub. L. 96–221, set out as a note under section 1602 of this title.

EFFECTIVE DATE OF 1974 AMENDMENT

Amendment by Pub. L. 93–495 effective Oct. 28, 1974, see section 416 of Pub. L. 93–495, set out as an Effective Date note under section 1665a of this title.

## § 1636. Repealed. Pub. L. 96–221, title VI, § 614(e)(1), Mar. 31, 1980, 94 Stat. 180

Section, Pub. L. 90–321, title I, §126, May 29, 1968, 82 Stat. 153, related to contents of periodic statements.

EFFECTIVE DATE OF REPEAL

Repeal effective on expiration of two years and six months after Mar. 31, 1980, with all regulations, forms, and clauses required to be prescribed to be promulgated at least one year prior to such effective date, and allowing any creditor to comply with any amendments, in accordance with the regulations, forms, and clauses prescribed by the Board prior to such effective date, see section 625 of Pub. L. 96–221, set out as an Effective Date of 1980 Amendment note under section 1602 of this title.

## § 1637. Open end consumer credit plans

### (a) Required disclosures by creditor

Before opening any account under an open end consumer credit plan, the creditor shall disclose to the person to whom credit is to be extended each of the following items, to the extent applicable:

(1) The conditions under which a finance charge may be imposed, including the time period (if any) within which any credit extended may be repaid without incurring a finance charge, except that the creditor may, at his election and without disclosure, impose no such finance charge if payment is received after the termination of such time period. If no such time period is provided, the creditor shall disclose such fact.

(2) The method of determining the balance upon which a finance charge will be imposed.

(3) The method of determining the amount of the finance charge, including any minimum or fixed amount imposed as a finance charge.

(4) Where one or more periodic rates may be used to compute the finance charge, each such rate, the range of balances to which it is applicable, and the corresponding nominal annual percentage rate determined by multiplying the periodic rate by the number of periods in a year.

(5) Identification of other charges which may be imposed as part of the plan, and their method of computation, in accordance with regulations of the Board.

(6) In cases where the credit is or will be secured, a statement that a security interest has been or will be taken in (A) the property purchased as part of the credit transaction, or (B) property not purchased as part of the credit transaction identified by item or type.

(7) A statement, in a form prescribed by regulations of the Board of the protection provided by sections 1666 and 1666i of this title to an obligor and the creditor's responsibilities under sections 1666a and 1666i of this title. With respect to one billing cycle per calendar year, at intervals of not less than six months or more than eighteen months, the creditor shall transmit such statement to each obligor to whom the creditor is required to transmit a statement pursuant to subsection (b) of this section for such billing cycle.

(8) In the case of any account under an open end consumer credit plan which provides for any extension of credit which is secured by the consumer's principal dwelling, any information which—

(A) is required to be disclosed under section 1637a(a) of this title; and

(B) the Board determines is not described in any other paragraph of this subsection.

### (b) Statement required with each billing cycle

The creditor of any account under an open end consumer credit plan shall transmit to the obligor, for each billing cycle at the end of which there is an outstanding balance in that account or with respect to which a finance charge is imposed, a statement setting forth each of the following items to the extent applicable:

(1) The outstanding balance in the account at the beginning of the statement period.

(2) The amount and date of each extension of credit during the period, and a brief identification, on or accompanying the statement of each extension of credit in a form prescribed by the Board sufficient to enable the obligor either to identify the transaction or to relate it to copies of sales vouchers or similar instruments previously furnished, except that a creditor's failure to disclose such information in accordance with this paragraph shall not be deemed a failure to comply with this part or this subchapter if (A) the creditor maintains procedures reasonably adapted to procure and

# Exhibit A



April 29, 2015

Christine Forgues
15109 Merrimeade Dr.
Cleveland, OH 44111

Case Number:       150416-001585
Account Number:    0014941280
Property Address:  15109 Merrimeade Dr.
                   Cleveland, OH 44111

Dear Ms. Forgues,

Select Portfolio Servicing, Inc. (SPS), the mortgage servicer on the above referenced account, received your correspondence which was forwarded to us by the Consumer Financial Protection Bureau (CFPB) on April 21, 2015. In your correspondence you request that SPS validate the debt. We have reviewed your account and our response is below. A copy of this response will be sent to the CFPB.

SPS acquired the servicing of this loan from JPMorgan Chase, effective June 1, 2013. We enclose a copy of the Notice of Assignment, Sale or Transfer of Servicing Rights, sent to you on May 23, 2013. SPS is a third party mortgage loan servicer and services loans on behalf of the Note holder, which includes enforcing the mortgage and note provisions. Servicing rights and duties are established by contract between the Note holder and the servicer. The Note is owned by Deutsche Bank National Trust Company, as Trustee, on behalf of the holders of the J.P. Morgan Mortgage Acquisition Trust 2007-CH5 Asset Backed Pass-Through Certificates, Series 2007-CH5. Enclosed are copies of the Note, Mortgage, and assignment for your review.

On March 26, 2015, SPS completed a review of all foreclosure prevention options (see enclosed). Per the review it was noted that we did not have any home retention options available for you. We reviewed the account for the U.S. Treasury's Home Affordable Modification Program (HAMP) Tier 1, but it was denied because your current payment is already less than 31% of your gross household income. HAMP Tier 2 was denied because we could not establish a payment within 25% to 42% of your household gross income. We also reviewed the account for a proprietary modification, but it failed the Net Present Value (NPV) test.

Your account is due for November 1, 2009, or 66 payments past due. If you find that the property is no longer affordable, SPS offers alternative options such as a short sale or voluntary surrender of the property. Upon completion of one of these programs, SPS may be able to offer up to $10,000.00 in relocation assistance. If you wish to be reviewed for those options please contact our Loan Resolution Department. Our toll-free number is (888) 818-6032, and representatives are available Monday through Thursday between the hours of 8:00 a.m. and 11:00 p.m., Monday through Thursday, Friday from 8:00 a.m. to 9:00 p.m., and Saturday from 8:00 a.m. to 2:00 p.m., Eastern Time.

Please note your account has been assigned a relationship manager to assist with the resolution process. If you have any questions or concerns please contact your assigned relationship manager, Kelly Smith, at (866) 820-6218, extension 36797.

0014941280



You may request and we will provide, at no charge, copies of the documents that we relied on in reaching our determination that no error occurred. If we cannot provide such documents because they are privileged or proprietary we will advise you. Please send any requests to:

Select Portfolio Servicing, Inc.
Attn: Research Documents
P.O. Box 65277
Salt Lake City, UT 84165

If you have any questions or concerns, please contact our Loan Resolution Department. Our toll-free number is (888) 818-6032, and representatives are available Monday through Thursday between the hours of 8:00 a.m. and 11:00 p.m., Friday from 8:00 a.m. to 9:00 p.m., and Saturday from 8:00 a.m. to 2:00 p.m., Eastern Time.

Sincerely,


John Doyle
Consumer Ombudsman Specialist
Phone (866) 662-0035, Option 3
Fax (801) 293-3943

cc: CFPB

Enclosures as stated


ESTA CARTA CONTIENE INFORMACIÓN IMPORTANTE CONCERNIENTE A SUS DERECHOS. POR FAVOR, HÁGALA TRADUCIR. NUESTROS REPRESENTANTES BILINGUES ESTÁN A SU DISPOSICIÓN PARA CONTESTAR CUALQUIER PREGUNTA LLAMANDO AL TELÉFONO 1-800-831-0118 Y MARQUE LA OPCIÓN 2.

THIS IS NOT AN ATTEMPT TO COLLECT A DEBT BUT A RESPONSE TO YOUR REQUEST FOR INFORMATION

0014941280

CUYAHOGA COUNTY RECORDER
LILLIAN J GREENE · 2
RELA 5/20/2010 12:13:48 PM

**201005200218**

| F10-01790 | SPACE ABOVE THIS LINE FOR RECORDER'S USE |
|---|---|

## ASSIGNMENT OF MORTGAGE

FOR VALUABLE CONSIDERATION, the receipt and sufficiency of which is hereby acknowledged,

Chase Bank USA NA , 200 White Clay Center Dr Newark DE 19711

("Assignor")

does hereby sell, transfer, and set over, without recourse, unto

Deutsche Bank National Trust Company, as Trustee for J.P. Morgan Mortgage Acquisition Trust 2007-CH5, Asset Backed Pass-Through Certificates, Series 2007-CH5,
10790 Rancho Bernardo Rd San Diego CA 92127

("Assignee")

Executed and delivered by:  Christine J. Forgues and William E. Forgues wife and husband
Mortgage Deed dated:  March 23, 2007
to and in favor of:  Chase Bank USA NA
filed for record on (date):  April 20, 2007
as Official Record:  Instrument Number 200704200027
In the Recorder's Office of:  Cuyahoga
together with the Promissory Note secured thereby and referred to therein and any loan modification agreements, and all sums of money due and to become due thereon.
Property address:  15109 Merrimeade Drive, Cleveland, Ohio 44111
Legal description:  See attached Exhibit A

, has caused this

IN WITNESS WHEREOF  Chase Bank USA NA  Assignment
To be executed, for and on its behalf
this  14  day of  may  20 10

In the presence of.

(Sign)  Meghan Maxey

(Type or print name)

Chase Bank USA NA
By.  (Sign)  Whitney K Cook
Its:  (Title)  Vice President

(Sign)  Kasie Warn

(Type or print name)

Before me, a Notary Public, personally appeared, Chase Bank USA NA  by
_____ Whitney K Cook _____ its  Vice President _____ and acknowledged that he/she
did sign the foregoing instrument in the name and upon behalf of said Corporation (as such officer); that the same is his/her free act and deed (as authorized thereunto by its Board of Directors)(individually and in his/her/its representative capacity)

In testimony whereof, I have hereunto subscribed my name and affixed my official seal at
_____ Columbus _____ Ohio _____ , this  14  day of  may  20 10
(City)  (State)

PREPARED BY:
Reimer, Arnovitz, Chernek & Jeffrey Co.,
L.P.A.
By: James P. Lucas, Esq.

TRESA D. PAYNE
NOTARY PUBLIC
STATE OF OHIO
Recorded in
Franklin County
My Comm. Exp. 9/16/12

P10-2654 / F10-01790

## LEGAL DESCRIPTION

Situated in the City of Cleveland, County of Cuyahoga and State of Ohio, and known as being Sublot No. 10 in A.E. Mead's Subdivision of part of Original Rockport Township Section No. 12 as shown by the recorded plat in Volume 110 of Maps, Page 8 of Cuyahoga County Records and being 45 feet front on the southerly side of Merimeade Drive N.W. and extending back 133.50 feet on the easterly line, 148.54 feet on the westerly line, and having a rear line of 56 feet, as appears by said plat, be the same more or less, but subject to all legal highways.

## PROOF OF SERVICE

A copy of the foregoing Motion was mailed by Regular

U.S. Mail, First Class, postage prepaid, this 30ᵗʰ day of

*June*, 2015, to the following:

Reimer, Arnovitz, Chernek & Jeffrey Co., L.P.A.
Attorneys for Plaintiff
P.O. Box 39696
30455 Solon Rd
Solon, Ohio 44139

UNITED STATES OF AMERICA
C/O U.S. ATTORNEY'S OFFICE
400 UNITED STATES COURTHOUSE
801 WEST SUPERIOR AVENUE
CLEVELAND, OH 44113

STATE OF OHIO DEPARTMENT OF TAXATION
C/O OHIO ATTORNEY GENERAL
150 EAST GAY STREET
COLUMBUS, OH 43215

STATE OF OHIO ESTATE TAX DIVISION
C/O OHIO ATTORNEY GENERAL
150 EAST GAY STREET
COLUMBUS, OH 43215

*Christine J. Forgues*
Christine J. Forgues
15109 Merrimeade Drive
Cleveland, OH 44111

F12-00223          DR/pss          July 7, 2015

## IN THE COURT OF COMMON PLEAS
## CUYAHOGA COUNTY, OHIO

Deutsche Bank National Trust
Company, as Trustee for J.P. Morgan
Mortgage Acquisition Trust 2007-CH5,
Asset Backed Pass-Through
Certificates, Series 2007-CH5

Plaintiff                                      Case No.   CV12779307

        VS

Christine J. Forgues aka Christine J.A.
Andres Doubrava aka Christine J.
Andres, et al.                                 Judge   Dick Ambrose

Defendant


                                               Fourth Praecipe for Order of Sale
                                               without new appraisal

To the Clerk of Courts:

        Please issue an Fourth Pluries Order of Sale to the Cuyahoga County Sheriff directing
him to appraise, advertise, and then sell the property located at:


PREMISES COMMONLY KNOWN AS:          15109 Merimeade Drive
                                     Cleveland, Ohio 44111


PERMANENT PARCEL NUMBER:       025-24-054
/s/ Dennis Reimer 7-7-15

Dennis Reimer          0031109
Attorney               Bar No.

30455 Solon Road
Address

Solon, Ohio 44139
City, State  Zip

(440) 600-5500
Telephone



**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

## Court of Common Pleas

**ORDER OF SALE Electronically Filed:**
**July 7, 2015 15:49**

By: DENNIS REIMER 0031109

Confirmation Nbr. 485132

DEUTSCHE BANK NATIONAL TR. CO.                              CV 12 779307

    vrs.

                                                   **Judge:**

CHRISTINE J. FORGUES AKA DOUBRAVA AKA
ANDRES ETAL

                                                   DICK AMBROSE

Pages Filed:  1

PROCESSED

JUL 24 2015

CUYAHOGA COUNTY CLERK
OF COURTS
IMAGING DEPARTMENT

CV12779307        902  68



IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR JPMORGAN MORTGAGE ACQUISITION TRUST 2007- CH5 ASSET BACKED PASS THROUGH CERTIFICATES SERIES 2007-CH5 ) ) ) ) ) | CASE NO. CV-12-779307 JUDGE DICK AMBROSE Magistrate Christopher E. Olsztyn |

CASE NO. CV-12-779307

JUDGE DICK AMBROSE

Magistrate Christopher E. Olsztyn

              Plaintiff    )

vs.                   )

CHRISTINE J. FORGUES AKA CHRISTINE  )
J.A. ANDRES DOUBRAVA AKA CHRISTINE )
J. ANDRES, et al              )
                            )
                            )
                            )

**MAGISTRATE'S DECISION ON
DEFENDANT CHRISTINE J.
FORGUES'S MOTION TO SET
ASIDE DEFAULT JUDGMENT,
CIV.R. 55(B), 60(B)(4)**

      This cause comes on for consideration of defendant Christine J. Forgues aka Christine

J.A. Andres Doubrava aka Christine J. Andres's ("Forgues") motion to set aside default

judgment, Civ.R. 55(B), 60(B)(4) ("the Motion"). After considering the Motion, the evidence,

and the record of this case, the Magistrate makes the following findings of fact and conclusions

of law.

## I.    FINDINGS OF FACT

      1.      Forgues executed a promissory note with Chase Bank USA, NA ("Chase") on or

about March 23, 2007.

      2.      On or about March 23, 2007, Forgues also executed a mortgage to secure the

promissory note, granting Chase a lien on the property at issue in this case.

      3.      Chase subsequently assigned the mortgage to Plaintiff, as well as executing an

allonge that transferred the promissory note to Plaintiff.

4.      On or around October 1, 2009, Forgues defaulted under the terms of the mortgage loan at issue in this case, by failing to make required payments.

5.      On March 29, 2012 , Plaintiff filed its complaint in this case.

6.      On May 1, 2013, the Court granted Plaintiff judgment and a decree of foreclosure.

7.      Forgues filed the Motion on June 30, 2015, approximately two (2) years and two (2) months after the date of the entry of judgment in this case.

## II.    CONCLUSIONS OF LAW

### A.    Standard for Civ.R. 60(B) Motion for Relief From Judgment

Rule 60(b) of the Ohio Rules of Civil Procedure governs relief from judgment, which provides:

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment.

The standard for granting a motion for relief from judgment was set forth by the Ohio Supreme Court in *GTE Automatic Electric v. ARC Industries* (1976), 47 Ohio St.2d 146, paragraph two of the syllabus, 351 N.E.2d 113, as follows:

> To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious claim or defense to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, Order or proceeding was entered or taken.

The trial court has discretion in determining whether to grant a Civ.R. 60(B) motion for relief from judgment. *Rose Chevrolet, Inc. v. Adams* (1988), 36 Ohio St.3d 17, 20, 520 N.E.2d 564. If any one of the three elements set forth in *GTE Automatic* is not present, however, the motion must be denied. *Id.* A motion made under Civ.R. 60(B) must be made within a reasonable time, but not more than one (1) year after judgment was entered in a case if the grounds for relief are Civ.R. 60(B)(1), (2), or (3). *GTE Automatic, supra.* Reasonableness is determined on a case-by-case basis. *Wilson-Walker, supra,* citing *Pursel v. Pursel*, Cuyahoga App. No. 91837, 2009 Ohio 4708, at ¶15 (Sept. 10, 2009). Filing Civ.R. 60(B) motions nine months and eleven months after judgment, without explanation, has been found to be unreasonable. *See Kaczur v. Decara*, Cuyahoga App. No. 67546, 1995 Ohio 3038, at *4 (Jul. 20, 1995); *Drongowski v. Salvatore*, Cuyahoga App. No. 61081, 1992 Ohio 5027, at *2, (Oct. 1, 1992).

**B.     Forgues's Motion to Set Aside Judgment Fails for Unreasonable Untimeliness, Having Been Filed Over Two (2) Years After the Entry of Judgment in This Case**

A review of the record of this case reveals that on May 1, 2013, the Court entered a personal judgment against Forgues in the amount remaining due under the terms of the promissory note at issue and granted Plaintiff a decree of foreclosure for the property. On June 30, 2015, Forgues filed the Motion. The Motion was filed two (2) years and two (2) months after the date of the entry of final judgment in this case.

A motion for relief from judgment filed pursuant to Civ.R. 60(B) must be filed within a reasonable time after the entry of the judgment from which relief is sought. Nine (9) to eleven (11)-month delays in the filing of Civ.R. 60(B) motions have been found to be unreasonable.

Forgues provides no explanation for waiting over two (2) *years* to file her Motion in this case. While Forgues argues that she timely filed the Motion upon her discovery of an allegedly-applicable decision of the United States Supreme Court, she fails to provide any explanation for her inability to file the Motion within a reasonable period of time after the entry of judgment in this case. The jurisprudence surrounding motions filed under Civ.R. 60(B) requires the court to determine a motion's timeliness from the date of a final judgment's entry. Nothing in the precedents resulting from court review of Civ.R. 60(B) motions permits a court to begin its calculation of a motion's timeliness from the date of a defendant's discovery of interesting case law or her filing of documents appearing to dispute a debt previously reduced to judgment (as specifically argued by Forgues). If the court adopted Forgues's interpretation of a Civ.R. 60(B) motion's timeliness, the certainty afforded by a final judgment would be rendered non-existent, leading any case to be susceptible to attack many years after the entry of a final judgment. The Magistrate also notes that Forgues participated in this case prior to the entry of judgment, appearing at the hearing on Plaintiff's motion for default judgment, for example. Without the benefit of any explanation from Forgues regarding her lengthy delay in filing the Motion, the Magistrate finds that the filing of Forgues's Motion two (2) years and two (2) months after the date of the entry of judgment is untimely and unreasonable.

As Forgues's Motion fails on the basis of its unreasonable untimeliness, the Magistrate finds that Forgues failed to fulfill one of the requirements for a proper Civ.R. 60(B) motion for relief from judgment. As Forgues cannot demonstrate that she met all requirements necessary for a proper Civ.R. 60(B) motion for relief from judgment, the Motion must be denied. Accordingly, the Magistrate will not examine whether Forgues presents a meritorious defense to

Plaintiff's claims and establishes entitled to relief from judgment under Civ.R. 60(B)(1) through (5).

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that defendant Christine J. Forgues aka Christine J.A. Andres Doubrava aka Christine J. Andres's motion to set aside default judgment, Civ.R. 55(B), 60(B)(4)' is denied, as the motion was not filed within a reasonable amount of time of the entry of final judgment in this case.

**IT IS SO ORDERED.**

_____

Magistrate Christopher E. Olsztyn

**A party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii) unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).**

## CERTIFICATE OF SERVICE

Copies of the foregoing have been sent via ordinary U.S. Mail by the Clerk of Court to the following parties or their counsel-of-record:

Dennis Reimer, Esq.
*Attorney for Plaintiff*
Reimer, Arnovitz, Chernek & Jeffrey
30455 Solon Road
Solon, Ohio 44139

Christine J. Forgues
*Defendant*
15109 Merrimeade Drive
Cleveland, Ohio 44111

JUL 27 2015
_____
(Date)

_____
CLERK

From Consumer-Defendant In Error:
Christine J. Forgues
15109 Merrimeade Drive
Cleveland, OH 44111

FILED

2015 JUL 30  A 10 31

CLERK OF COURTS
CUYAHOGA COUNTY

## IN THE COURT OF COMMON PLEAS
## CUYAHOGA COUNTY, OHIO

Deutsche Bank National Trust )
Company, as Trustee for J.P. )
Morgan Mortgage Acquisition )
Trust 2007-CH5, Asset Backed )
Pass-Through Certificates, )
Series 2007-CH5 )
                    )
      Plaintiff    )
                    )
   -vs-         )
                    )
Christine J. Forgues aka )
Christine J.A. Andres )
Doubrava aka Christine J. )
Andres, et al. )
                    )
      Defendants   )

CASE NO. CV 12 779307

JUDGE: Dick Ambrose

MAGISTRATE:
Christopher E. Olsztyn

**DEFENDANT'S OBJECTION
TO MAGISTRATE'S DECISION
DENYING RELIEF UNDER
CIV.R. 55(B), 60(B)(4).**

1.  Defendant Christine J. Forgues, pursuant to

Civ.R. 53(D)(3)(b), hereby objects to the July 24, 2015

Magistrate's Decision ("Decision") denying her <u>unopposed</u>

motion seeking prospective relief under Civ.R. 55(B) and

60(B)(4) for the following specific reasons:

> **The Magistrate's Decision Improperly Evades Examining
> The Jurisdictional, Dispositive, And Equitable
> Gravamen Of The <u>Unopposed</u> Motion.**

2.  The Motion to Set Aside Default Judgment pursuant

to Civ.R. 55(B) and 60(B)(4) ("Motion") asserted, among

other things, that (a) the transaction upon which

CV12779307       90338574

Plaintiff's standing to invoke the jurisdiction of this court depends was rescinded by operation of law; (b) that under federal law the alleged note and mortgage are <u>void</u>, not voidable; (c) that Plaintiff's attorney affidavit for default judgment is controverted, as <u>false</u>, by the operative facts and the judgment of the U.S. Supreme Court; (d) that the Movant is entitled to relief because it is no longer equitable that the judgment should have prospective application; and (e) that the motion is made within a reasonable time considering the circumstances. Relief requested was (1) setting aside the default judgment as to the Movant and (2) such that it appears from the record that this court lacks jurisdiction, dismissing this action on the Court's own motion, all upon such terms as are just. <u>The Magistrate improperly addressed "reasonableness" of the period of time after entry of judgment without addressing the reasons for the filing of the motion.</u>

**The Magistrate's Finding Of Facts Is Controverted As <u>False</u> By The Facts Located In The Affidavit In Support Of The <u>Unopposed</u> Motion, And Inconsistent With The Intervening Holding Of The U.S. Supreme Court.**

3.    Because the Magistrate declined to examine the gravamen of the Motion, the Magistrate's Findings of Fact is not based on "full and accurate information" that would be in accord with the Ohio Supreme Court in <u>In re Whitman</u>,

2

(infra). Specifically, the modifier "void" must be inserted

before the words "mortgage" and "promissory note" in the

Magistrate's Findings of Fact to be legally correct

according to controlling federal law as recently held by

the United States Supreme Court in Jesinoski v. Countrywide

Home Loans, No. 13-684, 135 S.Ct. 790 ("Jesinoski"), and to

accurately reflect the facts in the Movant's Affidavit in

Support of the Motion.

**The Magistrate Misapprehended Or Overlooked Movant's
Explanation That Grounds For A Rule 60(B) Motion Did
Not Exist Prior To Jesinoski.**

4.    The Decision incorrectly states that, "[Movant]

fails to provide any explanation for her inability to file

the Motion within a reasonable period of time after the

entry of judgment in this case." Ms. Forgues was not

"waiting over two (2) years" to file her Motion as he

mischaracterizes, top of page 4. The Magistrate

misapprehended or overlooked Movant's explanation that

grounds for a Rule 60(B) motion did not exist prior to

Jesinoski, and that "The TILA rescission was a latent fact

that existed at the time the complaint was filed, but made

a defense or claim only by Jesinoski on January 13, 2015."

Memo at ¶12. And "I had no opportunity to foresee or

control the Jesinoski decision, which did not exist when

3

purported Plaintiff filed this action." Affidavit in

Support at ¶14 (emphasis added).

> **The Magistrate's Conclusions Of Law And Denial Of The Unopposed Motion, Based On The Virtues Of Finality Of Judgments Standing Alone, Without Considering And Balancing The Equitable Grounds For The Motion, Is An Abuse Of Discretion And Violates The Supreme Court's Policy In Ohio.**

5.    Timeliness of the Motion is not disputed by any

of the parties. In denying the unopposed motion, the

Decision goes out of its way to explain that the trial

court has discretion in determining whether to grant a

Civ.R. 60(B) motion for relief from judgment, that such a

motion must be made within a reasonable time, and that

reasonableness is determined on a case-by-case basis,

Decision at 3. The Decision appeals to the certainty that

comes with finality of judgments, middle of page 4, where

the Magistrate states, "the certainty afforded by a final

judgment would be rendered non-existent, leading any case

to be susceptible to attack many years after the entry of

final judgment." But the Decision completely overlooks, and

did not reach[1], the equitable policy consideration which

this court "must keep in mind" in exercising its

---

[1] "Accordingly, the Magistrate will not examine whether Forgues presents a meritorious defense to Plaintiff's claims and establishes entitled [sic] to relief from judgment under Civ.R. 60(B)(1) through (5)." Decision, bottom of page 4.

4

discretion, as set forth in Movant's Memorandum in Support

("Memo") at ¶5:

> In exercising its discretion, a trial court must keep in mind that the policy in Ohio is to decide cases on their merits and to afford Civ.R. 60(B) relief where equitable; Civ.R. 60(B) is a remedial rule that is to be liberally construed with a view toward effecting a just result. State ex rel. Citizens for Responsible Taxation v. Scioto Cty. Bd. of Elections (1993), 67 Ohio St.3d 134, 136. Moreover, Civ.R. 60(B) has been viewed as a mechanism to create a balance between the need for finality and the need for "fair and equitable decisions based upon full and accurate information." In re Whitman (1998), 81 Ohio St.3d 239, 242.

Hiener v. Moretti, 2009 -Ohio- 5060 (Ohio App. Dist.11 09/25/2009). The reasonableness of the period of time between entry of judgment and the filing of a motion under Civ.R. 60(B)(1) through (5) depends on an examination of the grounds for the Motion, which the Magistrate improperly refused to examine. The Magistrate employs as a sword the extreme and incongruous position that would allow Ms. Forgues no relief because it was impossible for her to file her Rule 60(B)(4) Motion for prospective relief until grounds arose. Thus, the Magistrate's Decision did not "create a balance between the need for finality and the need for 'fair and equitable decisions based upon full and accurate information'" as required.

5

6.    The Magistrate recited Civ.R. 60(B) with all its
enumerated provisions, including provision number (4) under
which Defendant's Motion was brought, which has no strict
time limit. Of these provisions, the United States Supreme
Court said:

> The mere recitation of these provisions
> shows why we give little weight to respondent's
> appeal to the virtues of finality. That policy
> consideration, standing alone, is unpersuasive
> in the interpretation of a provision whose whole
> purpose is to make an exception to finality.

Gonzales v. Crosby, 545 U.S. 524.

7.    Although relief from the judgment was <u>unopposed</u>,
the Magistrate did not liberally construe the remedial rule
with a view toward effecting a just result, but only to
preserve finality and "certainty" of judgments generally,
whether or not it is "<u>unconscionably</u> and <u>unreasonably</u>
inequitable under Rule 60(B)(4) to liquidate Plaintiff's
property when the secured payment obligation it intends to
remedy has ceased by operation of law due to an intervening
change in precedent and inaction by the alleged original
creditor." Memo at ¶21. Thus the Magistrate's Decision to
deny <u>unopposed</u> relief under Civ.R. 60(B)(4) on the basis of
timeliness to preserve finality, standing alone, where the
whole purpose of the rule is to make an exception to

6

finality, is against policy in Ohio and an abuse of discretion. See Memo at ¶5, cited and reproduced above.

**CONCLUSION**

8.    Wherefore, for the foregoing reasons and the reasons in the <u>unopposed</u> Motion, the Magistrate's Decision should be set aside. The relief requested pursuant to Civ.R. 55(B) in accordance with Civ.R. 60(B)(4) for an Order (1) setting aside the default judgment as to the Movant because it is no longer equitable that the judgment should have prospective application, and (2) such that it appears from the record that this court lacks jurisdiction, dismissing this action on the Court's own motion so that no further action can be taken, all upon such terms as are just, should be granted.

Respectfully submitted,

*Christine J. Forgues*

Christine J. Forgues,
Consumer-Defendant In Error
15109 Merrimeade Drive
Cleveland, OH 44111

7

**PROOF OF SERVICE**

A copy of the foregoing Motion was mailed by Regular

U.S. Mail, First Class, postage prepaid, this _30th_ day of

July, 2015, to the following:

Reimer, Arnovitz, Chernek & Jeffrey Co., L.P.A.
Attorneys for Plaintiff
P.O. Box 39696
30455 Solon Rd
Solon, Ohio 44139

UNITED STATES OF AMERICA
C/O U.S. ATTORNEY'S OFFICE
400 UNITED STATES COURTHOUSE
801 WEST SUPERIOR AVENUE
CLEVELAND, OH 44113

STATE OF OHIO DEPARTMENT OF TAXATION
C/O OHIO ATTORNEY GENERAL
150 EAST GAY STREET
COLUMBUS, OH 43215

STATE OF OHIO ESTATE TAX DIVISION
C/O OHIO ATTORNEY GENERAL
150 EAST GAY STREET
COLUMBUS, OH 43215

Christine J. Forgues
15109 Merrimeade Drive
Cleveland, OH 44111

8

F12-00223               EGB/pss               August 3, 2015

### IN THE COURT OF COMMON PLEAS
### CUYAHOGA COUNTY, OHIO

| | | |
|---|---|---|
| Deutsche Bank National Trust Company, as Trustee for J.P. Morgan Mortgage Acquisition Trust 2007-CH5, Asset Backed Pass-Through Certificates, Series 2007-CH5 | ) ) ) ) ) ) | Case No. CV12779307<br><br>JUDGE Dick Ambrose |
| | ) | |
| | ) | **NOTICE OF SALE** |
| Plaintiff | ) ) | |
| -vs- | ) ) | |
| Christine J. Forgues aka Christine J.A. Andres Doubrava aka Christine J. Andres, et al. | ) ) ) ) | |
| Defendants | ) ) | |

All parties are hereby advised that the property involved in the above-captioned matter has been set for sale on August 24, 2015 at 9:00 a.m. Cuyahoga County Justice Center Auditorium, Cleveland, Ohio. Sheriff's appraisal is $125,000.00, and by statute, the property must be sold for not less than two-thirds of that amount.

/s/ Edward G. Bohnert 8-2-15
**REIMER, ARNOVITZ, CHERNEK & JEFFREY CO., L.P.A**
By:    Edward G. Bohnert (Reg. #0004920)
Attorney for the Plaintiff
P.O. Box 39696
30455 Solon Road
Solon, OH 44139
Phone: (440) 600-5500, Ext. 110
Fax: 440-600-5586
Email: ebohnert@reimerlaw.com

- 2 -

## CERTIFICATE OF SERVICE

A copy of the foregoing was sent by electronic e-service notification or regular U.S. mail on ____8-2____, 2015, to the following:

Christine J. Forgues aka
Christine J.A. Andres Doubrava aka
Christine J. Andres
15109 Merrimeade Drive
Cleveland, Ohio 44111

John Doe, Unknown Spouse, if any,
of Christine J. Forgues aka
Christine J.A. Andres Doubrava aka
Christine J. Andres
15109 Merrimeade Drive
Cleveland, Ohio 44111

Lori White Laisure
Assistant U.S. Attorney
801 Superior Avenue, Suite 400
Cleveland, OH 44113

Lindsey K. McCarron
Assistant Attorney General
Collection Enforcement Section
150 East Gay Street, 21st Floor
Columbus, OH 43215

/s/ Edward G. Bohnert 8-2-15
**REIMER, ARNOVITZ, CHERNEK &
JEFFREY CO., L.P.A**
By: Edward G. Bohnert (Reg. #0004920)
Attorney for the Plaintiff
P.O. Box 39696
30455 Solon Road
Solon, OH 44139
Phone: (440) 600-5500, Ext. 110
Fax: 440-600-5586
Email: ebohnert@reimerlaw.com



**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

## Court of Common Pleas

**NOTICE Electronically Filed:**
**August 3, 2015 10:31**

By: EDWARD G. BOHNERT 0004920

Confirmation Nbr. 507602

DEUTSCHE BANK NATIONAL TR. CO.                    CV 12 779307

    vrs.

CHRISTINE J. FORGUES AKA DOUBRAVA AKA            **Judge:**
ANDRES ETAL

                                                 DICK AMBROSE

Pages Filed:  2

From Consumer-Defendant In Error:
Christine J. Forgues
15109 Merrimeade Drive
Cleveland, OH 44111

**FILED**

2015 AUG -7 P 3:45

WINDOW 5
CLERK OF COURTS
CUYAHOGA COUNTY

## IN THE COURT OF COMMON PLEAS,
## CUYAHOGA COUNTY, OHIO

| | | |
|---|---|---|
| Deutsche Bank National Trust Company, as Trustee for J.P. Morgan Mortgage Acquisition Trust 2007-CH5, Asset Backed Pass-Through Certificates, Series 2007-CH5 | ) ) ) ) ) ) | CASE NO. CV 12 779307<br><br>JUDGE Dick Ambrose<br><br>**CONSUMER NOTICE OF DISPUTE OF DEBT AND INTENT TO SUE** |
| Plaintiff | ) ) ) | |
| -vs- | ) ) ) | |
| Christine J. Forgues aka Christine J.A. Andres Doubrava aka Christine J. Andres, et al. | ) ) ) ) ) | |
| Defendants | ) | |

PROCESSED

AUG 10 2015

CUYAHOGA COUNTY CLERK
OF COURTS
IMAGING DEPARTMENT

To:  Select Portfolio Servicing, Inc. (SPS)
     P.O. Box 65250
     Salt Lake City, UT 84165-0250

     Reimer, Arnovitz, Chernek & Jeffrey Co., L.P.A.
     P.O. Box 39696
     30455 Solon Rd
     Solon, Ohio 44139

     (herein "Debt Collectors," 15 U.S.C. § 1692a(6))

     PLEASE TAKE NOTICE THAT I, unrepresented Consumer-

Defendant In Error Christine J. Forgues, pursuant to 15

U.S.C. § 1692g, federal Fair Debt Collection Practices Act

(FDCPA), and Ohio Fair Debt Collection Practices Act, Ohio

Revised Code § 1319.12 et seq., hereby dispute the alleged

CVI2779307                                    90454175

debt Plaintiff and Debt Collectors (also referred to herein as "you") are attempting to collect in the above titled matter.

This is Consumer's fourth (4th) attempt to obtain verification and validation of the alleged debt while you are continuing to pursue liquidation of my home.

I recently received the communication from SPS dated July 6, 2015, acknowledging the June 2, 2015 (Third) Notice of Dispute I mailed to you. SPS stated:

> "We have reviewed your notice of error have determined that it is substantially similar to the assertion of error responded to by Select Portfolio Servicing, Inc. (SPS) on March 26, 2015 and May 6, 2015. Accordingly, we are unable to provide a different response unless and until you provide us new and material information that is reasonably likely to cause us to change our prior determination that no error occurred and your account was not serviced properly."

SPS's statement is false. In fact, SPS was unresponsive to all three of this Consumer's previous Notices of Dispute. For the record, this consumer mailed SPS & Reimer three vastly different Notices of Dispute pursuant to the Fair Debt Collection Practices Act. SPS on

2

all three occasions mischaracterized my Notices of Dispute as notices of "error" and Reimer decided to not respond at all. SPS then proceeded to not answer and provide what this consumer asked for, which appears to be a clear case of <u>willful omissions</u>.

<u>**NEW AND MATERIAL INFORMATION THAT IS REASONABLY LIKELY TO CAUSE YOU TO CHANGE YOUR PRIOR DETERMINATION, AND MITIGATE DAMAGES AGAINST YOU**</u>:

A pending motion to vacate the judgment of foreclosure is supported by affidavit, a copy of which is enclosed, which asserts the fact that the transaction upon which Debt Collectors' action is based is rescinded per the Truth in Lending Act as held by the U.S. Supreme Court on January 13, 2015 in Jesinoski v. Countrywide, and the payment obligation and security interest became <u>void and unenforceable</u> by operation of law.

Therefore, I have reason to believe that Debt Collectors are taking State enforcement action that is inconsistent with federal law they cannot legally take, and this Notice shall be deemed a request/demand for "verification" and debt validation <u>as defined by 15 U.S.C. §§ 1692g(a)(1),(2),(5), and (b)</u> and Ohio Consumer Protection Statutes/Laws.

On June 18, I sent a letter to SPS reiterating my Reinvestigation Request, on grounds of the TILA rescission,

3

filed with three major credit reporting agencies pursuant
to 15 USC § 1682i(a)(2) of the FCRA. No change was made by
SPS with respect to the erroneous credit reporting.
Therefore I demand the following _new_ specific information
be provided in accordance with law:

1.  Did you reinvestigate on the basis of the TILA
    rescission, which was the specific reason stated
    in the Reinvestigation Request?

2.  Please provide me with a description of the
    reinvestigation procedure and provide me with the
    source of information for SPS's reinvestigation
    of: "alleged account #2770014941280, I have no
    contract nor have had any contract with Select
    Portfolio Servicing, because the transaction was
    previously rescinded with creditor on January 7,
    2010 by operation of law according to intervening
    change in precedent by U.S. Supreme Court in
    Jesinoski v. Countrywide (2015) regarding
    rescission, 15 U.S.C. 1635(a), Truth in Lending
    Act," and I would like to know exactly the
    process used by SPS to verify this account.

3.  Who did SPS contact to meet its reinvestigation
    obligations under the Fair Credit Reporting Act
    regarding the fact of the TILA rescission in

deciding not to delete the alleged debt from the Credit Reporting Agencies?

4.    Is alleged Plaintiff "Deutsche Bank National Trust Company, as Trustee for J.P. Morgan Mortgage Acquisition Trust 2007-CH5, Asset Backed Pass-Through Certificates, Series 2007-CH5" (the "Plaintiff") a REMIC?

5.    Please furnish a certified and unredacted copy of Plaintiff's Form ABS-15G (OMB Number 3235-0675) submitted to the Securities and Exchange Commission required by § 943 of Dodd-Frank Act.

6.    Please furnish a certified, complete, and unredacted copy of Plaintiff's annual tax return Form 1066 along with the opinion of tax counsel that no actions by the trustee for the subject tax year were in violation of the REMIC tax statutes and regulations.

Be informed that a failure to provide this new and material information that is reasonably likely to cause you to change your prior determination and mitigate damages against you, "prior to taking any further collection action," may be a violation of law for which I intend to sue Debt Collectors.

If you do not voluntarily dismiss the above captioned action and engage in equitable settlement in favor of this consumer, a federal lawsuit will be filed against Debt Collectors on or about August 17, 2015.

Dated: _8 - 7 - 15_____

Christine J. Forgues,
Consumer-Defendant In Error
15109 Merrimeade Drive
Cleveland, OH 44111

## PROOF OF SERVICE

A copy of the foregoing Consumer Notice of Dispute has been sent by Certified U.S. Mail, Return Receipt Requested, this 7th day of August, 2015, to the following:


Select Portfolio Servicing
P.O. Box 65250
Salt Lake City, UT 84165-0250
Certified U.S. Mail# 7013 3020 0000 2345 8480


Reimer, Arnovitz, Chernek & Jeffrey Co., L.P.A.
P.O. Box 39696
30455 Solon Rd
Solon, Ohio 44139
Certified U.S. Mail# 7013 3020 0000 2345 8497


Christine J. Forgues
15109 Merrimeade Drive
Cleveland, OH 44111

From Consumer-Defendant In Error:
Christine J. Forgues
15109 Merrimeade Drive
Cleveland, OH 44111

**IN THE COURT OF COMMON PLEAS**
**CUYAHOGA COUNTY, OHIO**

| | | |
|---|---|---|
| Deutsche Bank National Trust Company, as Trustee for J.P. Morgan Mortgage Acquisition Trust 2007-CH5, Asset Backed Pass-Through Certificates, Series 2007-CH5 | ) ) ) ) ) ) | CASE NO. CV 12 779307<br><br>JUDGE Dick Ambrose |
| Plaintiff | ) ) | **AFFIDAVIT IN SUPPORT OF MOTION TO SET ASIDE DEFAULT JUDGMENT, CIV.R. 55(B), 60(B)(4).** |
| -vs- | ) ) | |
| Christine J. Forgues aka Christine J.A. Andres Doubrava aka Christine J. Andres, et al. | ) ) ) ) ) | |
| Defendants | ) | |

STATE OF OHIO      )
                  ) ss
COUNTY OF CUYAHOGA  )

    1.   Christine J. Forgues, being first duly sworn, deposes and says:

    2.   I make this affidavit upon my own personal knowledge in support of my motion pursuant to Civ.R. 55(B) in accordance with Civ.R. 60(B)(4) for an Order setting aside, as to me, this Court's February 12, 2013 judgment entry granting Plaintiff's motion for default judgment on the basis of the U.S. Supreme Court's January 13, 2015 intervening holding in Jesinoski v. Countrywide, No. 13-

1

684, 574 U.S.___ (2015), because the transaction upon which
this action depends was rescinded according to 15 United
States Code Section 1635 of the federal Truth In Lending
Act ("TILA"), and it is no longer equitable that the
judgment should have prospective application.

3.    On March 23, 2007, my husband, William, and I
(together "we," "us" or "our") entered into a proposed
consumer transaction (the "transaction") with Chase Bank
USA, N.A., ("Chase") seeking to borrow $144,400.00, which
included new advances of principal, on our principal
dwelling at 15109 Merrimeade Drive, Cleveland, Ohio 44111,
for household purposes and gain funds to pay off personal
state tax debt.

4.    On January 7, 2010, I mailed Chase a written
"TILA Notice of Rescission," signed by the both of us,
stating that we immediately rescind the transaction. We did
not make any further payments after December 30, 2009.
Chase did not file suit against us, or return the canceled
note, or file a satisfaction of mortgage, or make a return
of our money following rescission.

5.    After several weeks with no response to the TILA
Notice of Rescission, we sought assistance with a company
called TMG (The Modification Group) who assured us that
they would be able to get our purported loan modified to a

2

better interest rate and lower our payment. TMG advised us to stop making the payments as it would "just be a waste" at our current interest rate. We had paid money for TMG's help and TMG assured us that the owner was a lawyer and that he was representing us. We found out later that TMG had never made any progress on our purported loan. We received a letter in the mail from TMG stating that they had closed our file and destroyed our records.

6.    My husband, William, had been fatally ill with cancer and became deceased on July 13, 2011.

7.    I see from the docket that, on March 29, 2012 would-be Plaintiff filed this action naming me as an alleged Defendant, that I did not serve an answer, and that a motion for default judgment was granted on February 12, 2013.

8.    I did not defend this action because I was not represented by counsel, and was confused and unsure of my rights as a consumer. I was concerned with paying back taxes, which I explained when I was present in the Court on 02/12/2013, as the docket shows. The purported "servicer," Select Portfolio Servicing, Inc. ("SPS"), had been keeping me busy applying for proposed loan modification it offered while various orders of sale were sought and withdrawn. SPS

3

denied modification by letter dated March 26, 2015 that I received on or about March 31, 2015.

9. On March 28, 2015, I learned from my Archbishop about the Supreme Court's January 13, 2015 Jesinoski v. Countrywide decision that potentially meant that we had not been required to file suit for rescission but had done all that a borrower must do in order to exercise our right to rescind under the Truth In Lending Act. If so, Section 1635(b) meant that we were not liable for any finance or other charge, and any security interest we gave or arising by operation of law became void upon our rescission. I could not find a copy of the TILA Notice of Rescission I mailed to Chase.

10. On April 1, 2015, I served a Consumer Notice of Dispute of Debt upon SPS and Plaintiff's attorneys requesting for the first time each of them to provide, among other things, a copy of the TILA Notice of Rescission previously mailed to the alleged creditor. I also filed the Notice of Dispute with this court the same day.

11. On May 5, 2015, I received a letter from SPS. SPS enclosed a copy of a "Notice of Assignment, Sale or Transfer of Servicing Rights," (in SPS's words) bearing the date 14 May 2010 to "validate" the debt, which ~~Plaintiff~~ Affiant *egf* finds most confusing and deceptive because SPS itself

4

contradicts what the document is purported to be as the basis for this action and could have more than one meaning, one of which is false. <u>See</u> attached SPS letter dated April 29, 2015 with pertinent attachment, <u>Exhibit A</u>.

12. I see from the docket that on May 7, 2015, Plaintiff's attorneys filed a Praecipe for an Order for a Third Pluries Sale of my property.

13. On June 2, 2015, I served upon SPS and Plaintiff's attorneys, and filed with this Court, a new Consumer Notice of Dispute of Debt requesting, among other things, a copy of the TILA Notice of Rescission for the second time.

14. I had no opportunity to foresee or control the Jesinoski decision, which did not exist when purported Plaintiff filed this action. Upon information and belief, whatever interest the Plaintiff purportedly had, if any, from the transaction is gone by operation of law.

15. I file this motion in the interest of substantial justice because it is unconscionably and unreasonably inequitable under Rule 60(B)(4) to liquidate my property when the secured payment obligation this Court's judgment intends to remedy has ceased by operation of law due to an intervening change in precedent and inaction by the alleged original creditor Chase.

5

16. This action slanders my title to my home. I will suffer an irreparable injury in fact if relief from the judgment allowing sale of my home is not granted. Upon information and belief, no rights of third persons have yet intervened or are involved; a judicial sale has not taken place. I am filing this motion as soon as I became able to do so according to the rules and requirements found in appellate court decisions. I was diligently inquiring about who or what was attempting to seize my property and wasted no time once I discovered and researched what might prove to me to be a ground for relief in Jesinoski. If I am deemed to have been neglectful during those past three months, I respectfully request that the court deem it excusable under the circumstances.

17. Further affiant sayeth not.

*Christine J. Forgues*
Christine J. Forgues

Sworn to before me and subscribed in my presence this 30 day of June , 2015.

Notary Public

Cindy Crespo-Rojas
Notary Public, State of Ohio
My Commission Expires
August 07, 2019

6

F12-00223                    DAH/new                    August 19, 2015

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

Deutsche Bank National Trust          )    Case No. CV12779307
Company, as Trustee for J.P. Morgan   )
Mortgage Acquisition Trust 2007-CH5,  )    Judge Dick Ambrose
Asset Backed Pass-Through             )
Certificates, Series 2007-CH5,        )    **MOTION TO RETURN ORDER OF SALE**
                    Plaintiff,        )    **WITHOUT EXECUTION**
                                      )
         vs.                          )
                                      )
Christine J. Forgues aka Christine    )
J.A. Andres Doubrava aka Christine    )
J. Andres, et al.                     )
                    Defendants        )
                                      )

        Deutsche Bank National Trust Company, as Trustee for J.P. Morgan

Mortgage Acquisition Trust 2007-CH5, Asset Backed Pass-Through Certificates,

Series 2007-CH5 hereby moves the court for an order returning the pluries

order of sale without execution. Deutsche Bank National Trust Company, as

Trustee for J.P. Morgan Mortgage Acquisition Trust 2007-CH5, Asset Backed

Pass-Through Certificates, Series 2007-CH5 no longer desires that the

property subject to execution be sold for the following reason(s):

☒      Other: There is a pending loss mitigation appeal.

To the best of my knowledge, the property is not vacant.


RESPECTFULLY SUBMITTED,

/s/ Dean K. Hegyes    8-19-15
REIMER, ARNOVITZ, CHERNEK &
JEFFREY CO., L.P.A.
Douglas A. Haessig (0079200)
Dean K. Hegyes     (0059768)
Attorneys for Plaintiff
P.O. Box 39696
30455 Solon Road
Solon, OH 44139
Phone: (440) 600-5500
Email: dhaessig@reimerlaw.com

IT IS SO ORDERED.


Judge Dick Ambrose



**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

## Court of Common Pleas

**MOTION Electronically Filed:**
**August 19, 2015 13:52**

By: DEAN K. HEGYES 0059768

Confirmation Nbr. 521897

DEUTSCHE BANK NATIONAL TR. CO.

     vrs.

CHRISTINE J. FORGUES AKA DOUBRAVA AKA
ANDRES ETAL

CV 12 779307

**Judge:**

DICK AMBROSE

Pages Filed:  3



90604721

# IN THE COURT OF COMMON PLEAS
# CUYAHOGA COUNTY, OHIO

DEUTSCHE BANK NATIONAL TR. CO.
     Plaintiff

Case No: CV-12-779307

Judge: DICK AMBROSE

CHRISTINE J. FORGUES AKA DOUBRAVA AKA
ANDRES ETAL
     Defendant

## **JOURNAL ENTRY**

PLAINTIFF'S MOTION TO RETURN ORDER OF SALE WITHOUT EXECUTION IS GRANTED.  ORDER SEE JOURNAL.

Judge Signature            Date

                          CPCEO CEO

PROCESSED

AUG 2 5 2015

CUYAHOGA COUNTY CLERK
OF COURTS
IMAGING DEPARTMENT

2015 AUG 25  A II: 06

CLERK OF COURTS
CUYAHOGA COUNTY

FILED

08/20/2015

112

AUG 2 0 2015

F12-00223                    DAH/new                    August 19, 2015
Sale Date: August 24, 2015
Sale Number:        024

## IN THE COURT OF COMMON PLEAS
## CUYAHOGA COUNTY, OHIO

|  |  |
|---|---|
| Deutsche Bank National Trust Company, as Trustee for J.P. Morgan Mortgage Acquisition Trust 2007-CH5, Asset Backed Pass-Through Certificates, Series 2007-CH5, | ) Case No. CV12779307 ) ) Judge Dick Ambrose ) ) **ORDER GRANTING MOTION TO RETURN** ) **ORDER OF SALE WITHOUT EXECUTION** |
| Plaintiff, | ) |
| vs. | ) ) |
| Christine J. Forgues aka Christine J.A. Andres Doubrava aka Christine J. Andres, et al. Defendants | ) ) ) ) |

This cause is before the Court on the Motion of Deutsche Bank National Trust Company, as Trustee for J.P. Morgan Mortgage Acquisition Trust 2007-CH5, Asset Backed Pass-Through Certificates, Series 2007-CH5 to return the order of sale without execution. The Court finds that the motion is well taken and is hereby granted. The Clerk is ordered to apply the deposit for costs to any outstanding costs. The Sheriff is ordered to return the pluries order of sale without execution.

IT IS SO ORDERED

_____
Judge
(CEO)



90823736

# IN THE COURT OF COMMON PLEAS FILED
# CUYAHOGA COUNTY, OHIO

DEUTSCHE BANK NATIONAL TR. CO.
    Plaintiff

Case No: CV-12-779307    2015 SEP 11 P 4: 11

Judge: DICK AMBROSE  CLERK OF COURTS
                  CUYAHOGA COUNTY

CHRISTINE J. FORGUES AKA DOUBRAVA AKA
ANDRES ETAL
    Defendant

## JOURNAL ENTRY

PROCESSED

SEP 11 2015

CUYAHOGA COUNTY CLERK
OF COURTS
IMAGING DEPARTMENT

ORDER OVERRULING DEFENDANT CHRISTINE J. FORGUES' OBJECTIONS TO THE JULY 24, 2015 MAGISTRATES
DECISION AND ADOPTING MAGISTRATE'S DECISION.  ORDER SEE JOURNAL.

Judge Signature           Date
                    CPCEO ceo

# IN THE COURT OF COMMON PLEAS
## CUYAHOGA COUNTY, OHIO

DEUTSCHE BANK NATIONAL TRUST ) CASE NO. CV-12-779307
COMPANY, AS TRUSTEE FOR JPMORGAN )
MORTGAGE ACQUISITION TRUST 2007- ) JUDGE DICK AMBROSE
CH5 ASSET BACKED PASS THROUGH )
CERTIFICATES SERIES 2007-CH5 ) Magistrate Christopher E. Olsztyn
)
                           Plaintiff ) **JUDGMENT ENTRY**
) **OVERRULING DEFENDANT**
vs. ) **CHRISTINE J. FORGUES'S**
) **OBJECTIONS TO THE**
CHRISTINE J. FORGUES AKA CHRISTINE ) **MAGISTRATE'S DECISION ON**
J.A. ANDRES DOUBRAVA AKA CHRISTINE ) **THE DEFENDANT'S MOTION**
J. ANDRES, et al ) **TO SET ASIDE DEFAULT**
) **JUDGMENT, CIV.R. 55(B),**
) **60(B)(4) AND ADOPTING THE**
) **MAGISTRATE'S DECISION**
)

After independently reviewing defendant Christine J. Forgues's ("Forgues") Objection to Magistrate's Decision Denying Relief Under Civ.R. 55(B), 60(B)(4) ("the Objection"), the Magistrate's Decision on Forgues's Motion to Set Aside Default Judgment, Civ.R. 55(B), 60(B)(4), and the record of this case, the Court overrules the Objection and adopts the July 24, 2015 magistrate's decision on Forgues's motion to set aside default judgment, Civ.R. 55(B), 60(B)(4).

The Court finds that a trial court has discretion in determining whether to grant a Civ.R. 60(B) motion for relief from judgment. *Rose Chevrolet, Inc. v. Adams* (1988), 36 Ohio St.3d 17, 20, 520 N.E.2d 564. In order to succeed on a motion for relief from judgment, a movant must satisfy all of the following elements, as outlined in *GTE Automatic Electric v. ARC Industries* (1976), 47 Ohio St.2d 146, paragraph two of the syllabus, 351 N.E.2d 113:

(1) the party has a meritorious claim or defense to present if relief

> is granted; (2) the party is entitled to relief under one of the
> grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion
> is made within a reasonable time, and, where the grounds of relief are
> Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment,
> Order or proceeding was entered or taken.

If any one of the three elements set forth in *GTE Automatic* is not present, however, the motion

must be denied. *Id.* A motion made under Civ.R. 60(B) must be made within a reasonable time,

but not more than one (1) year after judgment was entered in a case if the grounds for relief are

Civ.R. 60(B)(1), (2), or (3). *GTE Automatic, supra.* Reasonableness is determined on a case-by-

case basis. *Wilson-Walker, supra,* citing *Pursel v. Pursel*, Cuyahoga App. No. 91837, 2009 Ohio

4708, at ¶15 (Sept. 10, 2009). The Court notes that the filing of Civ.R. 60(B) motions nine (9)

months and eleven (11) months after judgment, without explanation, has been found to be

unreasonable. *See Kaczur v. Decara*, Cuyahoga App. No. 67546, 1995 Ohio 3038, at *4 (Jul. 20,

1995); *Drongowski v. Salvatore*, Cuyahoga App. No. 61081, 1992 Ohio 5027, at *2, (Oct. 1,

1992).

The Court finds that it entered judgment in Plaintiff's favor and against Forgues in this

case on May 1, 2013. Forgues filed her motion on June 30, 2015, over two (2) years after the

entry of judgment in this case. In her motion, the Court notes that Forgues relied on a recent

U.S. Supreme Court ruling (*Jesinoski v. Countrywide Home Loans, Inc.*, 574 U.S. ____ (2015))

in arguing that an apparent recission by Forgues and her late husband, in 2010, of the mortgage

loan at issue in this case, pursuant to the Truth in Lending Act ("TILA"), rather than the filing of

an action to rescind the loan during the recission period, required the granting of relief from the

judgment entered by this Court. The Court further notes that Forgues claimed entitlement to

relief under Civ.R. 60(B)(4) ("the judgment has been satisfied, released or discharged, or a prior

judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application.")

The Court fails, however, to find persuasive Forgues's argument that her recent personal discovery of the *Jesinoski* decision, coupled with its non-existence at the time of entry of judgment in this case, render the Magistrate's timeliness analysis incorrect.  The Court also finds unpersuasive Forgues's assertion that the Magistrate abused his discretion in denying her motion, having neither reviewed nor considered the circumstances causing the lengthy delay in the filing of her motion.

The Court finds that Forgues failed to provide any explanation for her failure to file a Civ.R. 60(B) motion (whether premised on the Truth in Lending Act ("TILA") issue reviewed in *Jesinoski* or another legal basis) within a reasonable amount of time following the Court's entry of judgment in this case. While Forgues asserts that the *Jesinoski* decision only came into existence in January 2015, leading to the presentation of her motion only recently, the Court finds that Forgues had ample opportunity to present a meritorious defense, whether premised on a recission under TILA or another ground within a reasonable amount of time after the Court's entry of judgment in this case.  Additionally, the Court finds the certainty afforded by a final judgment in this case would be rendered questionable if the Court adopted Forgues's interpretation of timeliness, leading this action to be susceptible to attack many years after the entry of judgment.  The Court also finds that Forgues's filing of her motion over six (6) months after her discovery of the *Jesinoski* decision was unreasonable, as the defendant had ample opportunity to file her motion shortly after the United States Supreme Court issued its decision in *Jesinoski.*

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that Forgues's objection to magistrate's decision denying relief under Civ.R. 55(B), 60(B)(4) is overruled.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Court adopts the July 24, 2015 magistrate's decision on Forgues's motion to set aside default judgment, Civ.R. 55(B), 60(B)(4).

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Forgues's motion to set aside default judgment, Civ.R. 55(B), 60(B)(4) is denied and the Court's May 1, 2013 judgment entry will remain undisturbed.

IT IS SO ORDERED.

Judge Dick Ambrose CEO



CV12779307    9025~.68

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | | |
|---|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR JPMORGAN MORTGAGE ACQUISITION TRUST 2007-CH5 ASSET BACKED PASS THROUGH CERTIFICATES SERIES 2007-CH5 | ) ) ) ) ) | CASE NO. CV-12-779307<br><br>JUDGE DICK AMBROSE<br><br>Magistrate Christopher E. Olsztyn |
| Plaintiff | ) ) | |
| vs. | ) ) | |
| CHRISTINE J. FORGUES AKA CHRISTINE J.A. ANDRES DOUBRAVA AKA CHRISTINE J. ANDRES, et al | ) ) ) ) ) ) | **MAGISTRATE'S DECISION ON DEFENDANT CHRISTINE J. FORGUES'S MOTION TO SET ASIDE DEFAULT JUDGMENT, CIV.R. 55(B), 60(B)(4)** |

This cause comes on for consideration of defendant Christine J. Forgues aka Christine J.A. Andres Doubrava aka Christine J. Andres's ("Forgues") motion to set aside default judgment, Civ.R. 55(B), 60(B)(4) ("the Motion"). After considering the Motion, the evidence, and the record of this case, the Magistrate makes the following findings of fact and conclusions of law.

**I. FINDINGS OF FACT**

1. Forgues executed a promissory note with Chase Bank USA, NA ("Chase") on or about March 23, 2007.

2. On or about March 23, 2007, Forgues also executed a mortgage to secure the promissory note, granting Chase a lien on the property at issue in this case.

3. Chase subsequently assigned the mortgage to Plaintiff, as well as executing an allonge that transferred the promissory note to Plaintiff.

4.    On or around October 1, 2009, Forgues defaulted under the terms of the mortgage loan at issue in this case, by failing to make required payments.

5.    On March 29, 2012 , Plaintiff filed its complaint in this case.

6.    On May 1, 2013, the Court granted Plaintiff judgment and a decree of foreclosure.

7.    Forgues filed the Motion on June 30, 2015, approximately two (2) years and two (2) months after the date of the entry of judgment in this case.

## II.    CONCLUSIONS OF LAW

### A.    Standard for Civ.R. 60(B) Motion for Relief From Judgment

Rule 60(b) of the Ohio Rules of Civil Procedure governs relief from judgment, which provides:

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment.

The standard for granting a motion for relief from judgment was set forth by the Ohio Supreme Court in *GTE Automatic Electric v. ARC Industries* (1976), 47 Ohio St.2d 146, paragraph two of the syllabus, 351 N.E.2d 113, as follows:

> To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious claim or defense to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, Order or proceeding was entered or taken.

The trial court has discretion in determining whether to grant a Civ.R. 60(B) motion for relief from judgment. *Rose Chevrolet, Inc. v. Adams* (1988), 36 Ohio St.3d 17, 20, 520 N.E.2d 564. If any one of the three elements set forth in *GTE Automatic* is not present, however, the motion must be denied. *Id.* A motion made under Civ.R. 60(B) must be made within a reasonable time, but not more than one (1) year after judgment was entered in a case if the grounds for relief are Civ.R. 60(B)(1), (2), or (3). *GTE Automatic, supra.* Reasonableness is determined on a case-by-case basis. *Wilson-Walker, supra,* citing *Pursel v. Pursel*, Cuyahoga App. No. 91837, 2009 Ohio 4708, at ¶15 (Sept. 10, 2009). Filing Civ.R. 60(B) motions nine months and eleven months after judgment, without explanation, has been found to be unreasonable. *See Kaczur v. Decara*, Cuyahoga App. No. 67546, 1995 Ohio 3038, at *4 (Jul. 20, 1995); *Drongowski v. Salvatore*, Cuyahoga App. No. 61081, 1992 Ohio 5027, at *2, (Oct. 1, 1992).

### B. Forgues's Motion to Set Aside Judgment Fails for Unreasonable Untimeliness, Having Been Filed Over Two (2) Years After the Entry of Judgment in This Case

A review of the record of this case reveals that on May 1, 2013, the Court entered a personal judgment against Forgues in the amount remaining due under the terms of the promissory note at issue and granted Plaintiff a decree of foreclosure for the property. On June 30, 2015, Forgues filed the Motion. The Motion was filed two (2) years and two (2) months after the date of the entry of final judgment in this case.

A motion for relief from judgment filed pursuant to Civ.R. 60(B) must be filed within a reasonable time after the entry of the judgment from which relief is sought. Nine (9) to eleven (11)-month delays in the filing of Civ.R. 60(B) motions have been found to be unreasonable.

Forgues provides no explanation for waiting over two (2) *years* to file her Motion in this case. While Forgues argues that she timely filed the Motion upon her discovery of an allegedly-applicable decision of the United States Supreme Court, she fails to provide any explanation for her inability to file the Motion within a reasonable period of time after the entry of judgment in this case. The jurisprudence surrounding motions filed under Civ.R. 60(B) requires the court to determine a motion's timeliness from the date of a final judgment's entry. Nothing in the precedents resulting from court review of Civ.R. 60(B) motions permits a court to begin its calculation of a motion's timeliness from the date of a defendant's discovery of interesting case law or her filing of documents appearing to dispute a debt previously reduced to judgment (as specifically argued by Forgues). If the court adopted Forgues's interpretation of a Civ.R. 60(B) motion's timeliness, the certainty afforded by a final judgment would be rendered non-existent, leading any case to be susceptible to attack many years after the entry of a final judgment. The Magistrate also notes that Forgues participated in this case prior to the entry of judgment, appearing at the hearing on Plaintiff's motion for default judgment, for example. Without the benefit of any explanation from Forgues regarding her lengthy delay in filing the Motion, the Magistrate finds that the filing of Forgues's Motion two (2) years and two (2) months after the date of the entry of judgment is untimely and unreasonable.

As Forgues's Motion fails on the basis of its unreasonable untimeliness, the Magistrate finds that Forgues failed to fulfill one of the requirements for a proper Civ.R. 60(B) motion for relief from judgment. As Forgues cannot demonstrate that she met all requirements necessary for a proper Civ.R. 60(B) motion for relief from judgment, the Motion must be denied. Accordingly, the Magistrate will not examine whether Forgues presents a meritorious defense to

Plaintiff's claims and establishes entitled to relief from judgment under Civ.R. 60(B)(1) through (5).

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that defendant Christine J. Forgues aka Christine J.A. Andres Doubrava aka Christine J. Andres's motion to set aside default judgment, Civ.R. 55(B), 60(B)(4)' is denied, as the motion was not filed within a reasonable amount of time of the entry of final judgment in this case.

**IT IS SO ORDERED.**

_____
Magistrate Christopher E. Olsztyn

**A party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii) unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).**

## CERTIFICATE OF SERVICE

Copies of the foregoing have been sent via ordinary U.S. Mail by the Clerk of Court to the following parties or their counsel-of-record:

Dennis Reimer, Esq.
*Attorney for Plaintiff*
Reimer, Arnovitz, Chernek & Jeffrey
30455 Solon Road
Solon, Ohio 44139

Christine J. Forgues
*Defendant*
15109 Merrimeade Drive
Cleveland, Ohio 44111

_____
(Date)


_____
CLERK

FILED
COURT OF APPEALS

OCT X 9 2015

Clerk of Courts
Cuyahoga County, Ohio

FILED

2015 OCT -9 ⊃ 3: 45

From Consumer-Defendant In Error
Christine J. Forgues
15109 Merrimeade Drive
Cleveland, OH 44111

## IN THE COURT OF COMMON PLEAS
## CUYAHOGA COUNTY, OHIO

| | | |
|---|---|---|
| Deutsche Bank National Trust Company, as Trustee for J.P. Morgan Mortgage Acquisition Trust 2007-CH5, Asset Backed Pass-Through Certificates, Series 2007-CH5 | ) ) ) ) ) ) | CASE NO. CV 12 779307<br><br>JUDGE: Dick Ambrose<br><br>MAGISTRATE:<br>Christopher E. Olsztyn |
| Plaintiff | ) ) | |
| -vs- | ) ) | **NOTICE OF APPEAL** |
| Christine J. Forgues aka Christine J.A. Andres Doubrava aka Christine J. Andres, et al. | ) ) ) ) ) | Judge:<br><br>CA 15 103613 |
| Defendants | ) | |

Now comes the Defendant, Christine J. Forgues, and

hereby gives notice that she appeals to the Eighth District

Court of Appeals, Cuyahoga County, Ohio, from the <u>Order</u>,

overruling Defendant's objections to the Magistrate's

Decision denying relief under CIV.R. 55(B) and 60(B)(4),

which was entered in this action on September 11, 2015. See

attached Journal Entry, <u>praecipe</u> and <u>docketing statement</u>.

Christine J. Forgues,
Consumer-Defendant In Error
15109 Merrimeade Drive
Cleveland, OH 44111

1

115

RULE 9. THE RECORD ON APPEAL; PRAECIPE; TRIAL CLERK'S DUTIES; ABSENCE OF COURT REPORTER

(B) Simultaneously with filing the notice of appeal, the appellant must file with the clerk of the trial court, and serve upon each of the parties, a complete praecipe and docketing statement in accord with the forms set forth in Appendices A and B to these local rules. The appellant must also provide the clerk with the original and one copy as well as the necessary number of copies for service.

(C) The clerk of the trial court shall effect the following:

(1) The prompt service of the notice of appeal, praecipe, and docketing statement; and

(2) The prompt service to the clerk of the court of appeals of a copy of the notice of appeal, praecipe, and docketing statement with the filing fee.


**SERVICE TO:**

**Reimer, Arnovitz, Chernek & Jeffrey Co., L.P.A.**
**Attorneys for Plaintiff**
**P.O. Box 39696**
**30455 Solon Rd**
**Solon, Ohio 44139**

## PROOF OF SERVICE

A copy of the foregoing Notice of Appeal was mailed by

Regular U.S. Mail, First Class, postage prepaid, this 9th

day of October, 2015, to the following:


Reimer, Arnovitz, Chernek & Jeffrey Co., L.P.A.
Attorneys for Plaintiff
P.O. Box 39696
30455 Solon Rd
Solon, Ohio 44139


Christine J. Forgues
15109 Merrimeade Drive
Cleveland, OH 44111

1



90823736

# IN THE COURT OF COMMON PLEAS
## CUYAHOGA COUNTY, OHIO

FILED

2015 SEP 11  P 4: 11

CLERK OF COURTS
CUYAHOGA COUNTY

DEUTSCHE BANK NATIONAL TR. CO.
    Plaintiff

Case No: CV-12-779307

Judge: DICK AMBROSE

CHRISTINE J. FORGUES AKA DOUBRAVA AKA
ANDRES ETAL
    Defendant

## <u>JOURNAL ENTRY</u>

ORDER OVERRULING DEFENDANT CHRISTINE J. FORGUES' OBJECTIONS TO THE JULY 24, 2015 MAGISTRATE'S
DECISION AND ADOPTING MAGISTRATE'S DECISION.  ORDER SEE JOURNAL.

_____

Judge Signature                  Date

CPCEO ceo

09/08/2015

## IN THE COURT OF COMMON PLEAS
### CUYAHOGA COUNTY, OHIO

| | | |
|---|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR JPMORGAN MORTGAGE ACQUISITION TRUST 2007-CH5 ASSET BACKED PASS THROUGH CERTIFICATES SERIES 2007-CH5 | ) ) ) ) ) ) | CASE NO. CV-12-779307<br><br>JUDGE DICK AMBROSE<br><br>Magistrate Christopher E. Olsztyn |
| Plaintiff<br><br>vs.<br><br>CHRISTINE J. FORGUES AKA CHRISTINE J.A. ANDRES DOUBRAVA AKA CHRISTINE J. ANDRES, et al | ) ) ) ) ) ) ) ) ) ) ) ) ) | **JUDGMENT ENTRY OVERRULING DEFENDANT CHRISTINE J. FORGUES'S OBJECTIONS TO THE MAGISTRATE'S DECISION ON THE DEFENDANT'S MOTION TO SET ASIDE DEFAULT JUDGMENT, CIV.R. 55(B), 60(B)(4) AND ADOPTING THE MAGISTRATE'S DECISION** |

After independently reviewing defendant Christine J. Forgues's ("Forgues") Objection to Magistrate's Decision Denying Relief Under Civ.R. 55(B), 60(B)(4) ("the Objection"), the Magistrate's Decision on Forgues's Motion to Set Aside Default Judgment, Civ.R. 55(B), 60(B)(4), and the record of this case, the Court overrules the Objection and adopts the July 24, 2015 magistrate's decision on Forgues's motion to set aside default judgment, Civ.R. 55(B), 60(B)(4).

The Court finds that a trial court has discretion in determining whether to grant a Civ.R. 60(B) motion for relief from judgment. *Rose Chevrolet, Inc. v. Adams* (1988), 36 Ohio St.3d 17, 20, 520 N.E.2d 564. In order to succeed on a motion for relief from judgment, a movant must satisfy all of the following elements, as outlined in *GTE Automatic Electric v. ARC Industries* (1976), 47 Ohio St.2d 146, paragraph two of the syllabus, 351 N.E.2d 113:

(1) the party has a meritorious claim or defense to present if relief

> is granted; (2) the party is entitled to relief under one of the
> grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion
> is made within a reasonable time, and, where the grounds of relief are
> Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment,
> Order or proceeding was entered or taken.

If any one of the three elements set forth in *GTE Automatic* is not present, however, the motion must be denied.  *Id.*  A motion made under Civ.R. 60(B) must be made within a reasonable time, but not more than one (1) year after judgment was entered in a case if the grounds for relief are Civ.R. 60(B)(1), (2), or (3).  *GTE Automatic, supra.*  Reasonableness is determined on a case-by-case basis.  *Wilson-Walker, supra,* citing *Pursel v. Pursel*, Cuyahoga App. No. 91837, 2009 Ohio 4708, at ¶15 (Sept. 10, 2009).  The Court notes that the filing of Civ.R. 60(B) motions nine (9) months and eleven (11) months after judgment, without explanation, has been found to be unreasonable.  *See Kaczur v. Decara*, Cuyahoga App. No. 67546, 1995 Ohio 3038, at *4 (Jul. 20, 1995); *Drongowski v. Salvatore*, Cuyahoga App. No. 61081, 1992 Ohio 5027, at *2, (Oct. 1, 1992).

The Court finds that it entered judgment in Plaintiff's favor and against Forgues in this case on May 1, 2013.  Forgues filed her motion on June 30, 2015, over two (2) years after the entry of judgment in this case.  In her motion, the Court notes that Forgues relied on a recent U.S. Supreme Court ruling (*Jesinoski v. Countrywide Home Loans, Inc.*, 574 U.S. ____ (2015)) in arguing that an apparent recission by Forgues and her late husband, in 2010, of the mortgage loan at issue in this case, pursuant to the Truth in Lending Act ("TILA"), rather than the filing of an action to rescind the loan during the recission period, required the granting of relief from the judgment entered by this Court.  The Court further notes that Forgues claimed entitlement to relief under Civ.R. 60(B)(4) ("the judgment has been satisfied, released or discharged, or a prior

judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application.")

The Court fails, however, to find persuasive Forgues's argument that her recent personal discovery of the *Jesinoski* decision, coupled with its non-existence at the time of entry of judgment in this case, render the Magistrate's timeliness analysis incorrect. The Court also finds unpersuasive Forgues's assertion that the Magistrate abused his discretion in denying her motion, having neither reviewed nor considered the circumstances causing the lengthy delay in the filing of her motion.

The Court finds that Forgues failed to provide any explanation for her failure to file a Civ.R. 60(B) motion (whether premised on the Truth in Lending Act ("TILA") issue reviewed in *Jesinoski* or another legal basis) within a reasonable amount of time following the Court's entry of judgment in this case. While Forgues asserts that the *Jesinoski* decision only came into existence in January 2015, leading to the presentation of her motion only recently, the Court finds that Forgues had ample opportunity to present a meritorious defense, whether premised on a recission under TILA or another ground within a reasonable amount of time after the Court's entry of judgment in this case. Additionally, the Court finds the certainty afforded by a final judgment in this case would be rendered questionable if the Court adopted Forgues's interpretation of timeliness, leading this action to be susceptible to attack many years after the entry of judgment. The Court also finds that Forgues's filing of her motion over six (6) months after her discovery of the *Jesinoski* decision was unreasonable, as the defendant had ample opportunity to file her motion shortly after the United States Supreme Court issued its decision in *Jesinoski*.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that Forgues's objection to magistrate's decision denying relief under Civ.R. 55(B), 60(B)(4) is overruled.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Court adopts the July 24, 2015 magistrate's decision on Forgues's motion to set aside default judgment, Civ.R. 55(B), 60(B)(4).

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Forgues's motion to set aside default judgment, Civ.R. 55(B), 60(B)(4) is denied and the Court's May 1, 2013 judgment entry will remain undisturbed.

IT IS SO ORDERED.

_____

Judge Dick Ambrose _CEO_

CV12779307                  90254___

## IN THE COURT OF COMMON PLEAS
## CUYAHOGA COUNTY, OHIO

DEUTSCHE BANK NATIONAL TRUST
COMPANY, AS TRUSTEE FOR JPMORGAN
MORTGAGE ACQUISITION TRUST 2007-
CH5 ASSET BACKED PASS THROUGH
CERTIFICATES SERIES 2007-CH5

                              Plaintiff

vs.

CHRISTINE J. FORGUES AKA CHRISTINE
J.A. ANDRES DOUBRAVA AKA CHRISTINE
J. ANDRES, et al

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CASE NO. CV-12-779307

JUDGE DICK AMBROSE

Magistrate Christopher E. Olsztyn

**MAGISTRATE'S DECISION ON
DEFENDANT CHRISTINE J.
FORGUES'S MOTION TO SET
ASIDE DEFAULT JUDGMENT,
CIV.R. 55(B), 60(B)(4)**

This cause comes on for consideration of defendant Christine J. Forgues aka Christine

J.A. Andres Doubrava aka Christine J. Andres's ("Forgues") motion to set aside default

judgment, Civ.R. 55(B), 60(B)(4) ("the Motion"). After considering the Motion, the evidence,

and the record of this case, the Magistrate makes the following findings of fact and conclusions

of law.

## I.  FINDINGS OF FACT

1.  Forgues executed a promissory note with Chase Bank USA, NA ("Chase") on or

about March 23, 2007.

2.  On or about March 23, 2007, Forgues also executed a mortgage to secure the

promissory note, granting Chase a lien on the property at issue in this case.

3.  Chase subsequently assigned the mortgage to Plaintiff, as well as executing an

allonge that transferred the promissory note to Plaintiff.

4.      On or around October 1, 2009, Forgues defaulted under the terms of the mortgage loan at issue in this case, by failing to make required payments.

5.      On March 29, 2012 , Plaintiff filed its complaint in this case.

6.      On May 1, 2013, the Court granted Plaintiff judgment and a decree of foreclosure.

7.      Forgues filed the Motion on June 30, 2015, approximately two (2) years and two (2) months after the date of the entry of judgment in this case.

## II.     CONCLUSIONS OF LAW

### A.      Standard for Civ.R. 60(B) Motion for Relief From Judgment

Rule 60(b) of the Ohio Rules of Civil Procedure governs relief from judgment, which provides:

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment.

The standard for granting a motion for relief from judgment was set forth by the Ohio Supreme Court in *GTE Automatic Electric v. ARC Industries* (1976), 47 Ohio St.2d 146, paragraph two of the syllabus, 351 N.E.2d 113, as follows:

> To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious claim or defense to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, Order or proceeding was entered or taken.

The trial court has discretion in determining whether to grant a Civ.R. 60(B) motion for relief from judgment. *Rose Chevrolet, Inc. v. Adams* (1988), 36 Ohio St.3d 17, 20, 520 N.E.2d 564. If any one of the three elements set forth in *GTE Automatic* is not present, however, the motion must be denied. *Id.* A motion made under Civ.R. 60(B) must be made within a reasonable time, but not more than one (1) year after judgment was entered in a case if the grounds for relief are Civ.R. 60(B)(1), (2), or (3). *GTE Automatic, supra.* Reasonableness is determined on a case-by-case basis. *Wilson-Walker, supra,* citing *Pursel v. Pursel,* Cuyahoga App. No. 91837, 2009 Ohio 4708, at ¶15 (Sept. 10, 2009). Filing Civ.R. 60(B) motions nine months and eleven months after judgment, without explanation, has been found to be unreasonable. *See Kaczur v. Decara,* Cuyahoga App. No. 67546, 1995 Ohio 3038, at *4 (Jul. 20, 1995); *Drongowski v. Salvatore,* Cuyahoga App. No. 61081, 1992 Ohio 5027, at *2, (Oct. 1, 1992).

**B.     Forgues's Motion to Set Aside Judgment Fails for Unreasonable Untimeliness, Having Been Filed Over Two (2) Years After the Entry of Judgment in This Case**

A review of the record of this case reveals that on May 1, 2013, the Court entered a personal judgment against Forgues in the amount remaining due under the terms of the promissory note at issue and granted Plaintiff a decree of foreclosure for the property. On June 30, 2015, Forgues filed the Motion. The Motion was filed two (2) years and two (2) months after the date of the entry of final judgment in this case.

A motion for relief from judgment filed pursuant to Civ.R. 60(B) must be filed within a reasonable time after the entry of the judgment from which relief is sought. Nine (9) to eleven (11)-month delays in the filing of Civ.R. 60(B) motions have been found to be unreasonable.

Forgues provides no explanation for waiting over two (2) *years* to file her Motion in this case. While Forgues argues that she timely filed the Motion upon her discovery of an allegedly-applicable decision of the United States Supreme Court, she fails to provide any explanation for her inability to file the Motion within a reasonable period of time after the entry of judgment in this case. The jurisprudence surrounding motions filed under Civ.R. 60(B) requires the court to determine a motion's timeliness from the date of a final judgment's entry. Nothing in the precedents resulting from court review of Civ.R. 60(B) motions permits a court to begin its calculation of a motion's timeliness from the date of a defendant's discovery of interesting case law or her filing of documents appearing to dispute a debt previously reduced to judgment (as specifically argued by Forgues). If the court adopted Forgues's interpretation of a Civ.R. 60(B) motion's timeliness, the certainty afforded by a final judgment would be rendered non-existent, leading any case to be susceptible to attack many years after the entry of a final judgment. The Magistrate also notes that Forgues participated in this case prior to the entry of judgment, appearing at the hearing on Plaintiff's motion for default judgment, for example. Without the benefit of any explanation from Forgues regarding her lengthy delay in filing the Motion, the Magistrate finds that the filing of Forgues's Motion two (2) years and two (2) months after the date of the entry of judgment is untimely and unreasonable.

As Forgues's Motion fails on the basis of its unreasonable untimeliness, the Magistrate finds that Forgues failed to fulfill one of the requirements for a proper Civ.R. 60(B) motion for relief from judgment. As Forgues cannot demonstrate that she met all requirements necessary for a proper Civ.R. 60(B) motion for relief from judgment, the Motion must be denied. Accordingly, the Magistrate will not examine whether Forgues presents a meritorious defense to

Plaintiff's claims and establishes entitled to relief from judgment under Civ.R. 60(B)(1) through (5).

    **IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that defendant Christine J. Forgues aka Christine J.A. Andres Doubrava aka Christine J. Andres's motion to set aside default judgment, Civ.R. 55(B), 60(B)(4)' is denied, as the motion was not filed within a reasonable amount of time of the entry of final judgment in this case.

    **IT IS SO ORDERED.**

_____

Magistrate Christopher E. Olsztyn

**A party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii) unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).**

## CERTIFICATE OF SERVICE

Copies of the foregoing have been sent via ordinary U.S. Mail by the Clerk of Court to the following parties or their counsel-of-record:

Dennis Reimer, Esq.
*Attorney for Plaintiff*
Reimer, Arnovitz, Chernek & Jeffrey
30455 Solon Road
Solon, Ohio  44139

Christine J. Forgues
*Defendant*
15109 Merrimeade Drive
Cleveland, Ohio  44111

_____
(Date)


_____
CLERK

COURT OF APPEALS

OCT X 9 2015

Clerk of Courts
Cuyahoga County, Ohio

## APPENDIX A

FILED

2015 OCT -9 ⊃ 3: 46

### EIGHTH DISTRICT COURT OF APPEALS — LOCAL APPELLATE RULE NO. 9

CLERK OF COURTS
CUYAHOGA COUNTY

### PRAECIPE

<u>Deutsche Bank National Trust</u>
<u>Company, as Trustee</u>

                         **Plaintiff,**

vs.

<u>Christine J. Forques, et al.</u>

                         **Defendant.**

Trial Court Case No. <u>CV 12 779307</u>

Date Of Final Judgment
In Trial Court <u>Sept. 11</u>, <u>2 015</u>

The Notice Of Appeal Was Filed
Timely In Compliance With:

☑ App.R. 4(A) — within 30 days
of the entry of judgment

☐ App.R. 4(B) — exceptions to
the 30-day requirement

TO THE CLERK OF THE TRIAL COURT:

☑    **1.**    Appellant requests that the clerk immediately prepare and assemble the original papers and exhibits filed in the trial court and a certified copy of docket and journal entries.

☐    **2.**    In addition, appellant will cause the record in this appeal to include the following (if applicable):

        ☐    **a.**    Complete transcript under Appellate Rule 9(B).

        ☐    **b.**    Partial transcript under Appellate Rule 9(B).

        ☐    **c.**    Statement of evidence or proceedings under Appellate Rule 9(C).

        ☐    **d.**    Agreed statement under Appellate Rule 9(D).

*Christine J. Forques*

Appellant or Attorney for Appellant

PLEASE NOTE:

1.    The appellant must instruct the court reporter to prepare the transcript.

2.    If the items checked above are not timely filed with the court, then the appeal will be dismissed. App.R. 10(A).



OCT X 9 2015

Clerk of Courts
Cuyahoga County, Ohio

FILED

2015 OCT -9 ⊃ 3: 45

## APPENDIX B

## EIGHTH DISTRICT COURT OF APPEALS — LOCAL APPELLATE RULE NO. 9

## DOCKETING STATEMENT

<u>Deutsche Bank National Trust</u>
<u>Company, as Trustee</u>

Trial Court Case No. <u>CV 12 779307</u>

                   Plaintiff,

vs.

<u>Christine J. Forques, et al.</u>

                   Defendant.

A.    CHOOSE THE APPROPRIATE DESIGNATION FOR THIS CASE (check one):

    ☐    Accelerated calendar (*see* Loc.App.R. 11.1.)
    ☑    Regular calendar
    ☐    Denial of bail appeal
    ☐    Appeal (check one of the following):
        ☐A. From an order granting or denying:
            1. Adoption of a minor child; or
            2. Termination of parental rights. *See* App.R. 11.2.
        ☐B. Concerning a dependent, neglected, unruly, or delinquent child. *See* App.R.
7(C).

(Item A of this docketing statement was adopted at the Judges meeting on February 15, 2001 to comply with Appellate Rule 11.2.)

Assigned to the accelerated calendar for the reason(s) checked (*see* Local Rule 11.1).

    ☐    1.    No transcript required.

    ☐    2.    Transcript and all other evidentiary materials consist of one hundred (100) or fewer pages.

Assigned to the regular calendar with full briefing for the reason(s) checked.

    ☐    1.    Transcript and all other evidentiary materials are more than one hundred (100) pages.

    ☐    2.    Brief in excess of fifteen (15) pages is necessary to argue the issues adequately.

36.

☑ 3.    Appeal concerns unique issue of law that will be of substantial precedential value in determining similar cases.

☐ 4.    Appeal concerns multiple or complex issues.

☐ 5.    A statement is submitted under App.R. 9(C).

B.    THE FOLLOWING QUESTIONS APPLY TO ALL CIVIL AND ADMINISTRATIVE APPEALS:

1.    Final appealable order:

(a)    Has the trial court disposed of all claims by and against all parties?

☑    Yes.  Attach copies of all judgments and orders indicating that all claims against all parties have been dismissed.

☐    No.

(b)    If the answer to (a) is "No," has the trial court made an express determination that there is "no just reason for delay," per Civ.R. 54(B), with respect to the judgment or order from which the appeal is taken?

☐    Yes, in the same judgment or order.

☐    Yes, in a subsequent order dated _____. Attach a copy of the subsequent order.

☐    No.

(c)    Is the judgment or order subject to interlocutory appeal under R.C. 2505.02 (check all that apply)?

☐    Yes, because the order affects a substantial right in an action and prevents a judgment.  See R.C. 2505.02(B)(1).

☐    Yes, because the order was made in a special proceeding.  See R.C. 2505.02(B)(2).

☐    Yes, because the order vacates or sets aside a judgment or grants a new trial.  See R.C. 2505.02(B)(3).

☐    Yes, because the order grants or denies a provisional remedy and meets the other criteria of R.C. 2505.02(B)(4).

☐    Yes, because the order determines that an action may or may not be maintained as a class action.  See R.C. 2505.02(B)(5).

☑    No.

37.

(d) Does the right to an immediate appeal arise from a provision of a statute other than R.C. 2505.02?

☐ Yes. Identify statute: _____.

☑ No.

NOTE: IF THE ANSWER TO ALL OF THE ABOVE IS "NO," THE ORDER IS NOT A FINAL APPEALABLE ORDER, AND THE APPEAL WILL BE SUMMARILY DISMISSED FOR LACK OF APPELLATE JURISDICTION.

2. Nature of case:

☐ Administrative Appeal
☐ Contract
☐ Declaratory Judgment
☐ Domestic Relations
☐ Juvenile
☐ Medical Malpractice
☐ Personal Injury
☐ Probate
☑ Other (describe): <u>Debt Collection on a void transaction</u>

3. Do you know of another case pending before this court that raises the same issue or issues?

☐ Yes ☑ No

If yes, please cite the case(s): _____

4. Does the appeal turn on an interpretation or application of a particular case or statute?

☑ Yes ☐ No

If yes, please cite the case(s) or statute(s): <u>Jesinoski v. Countrywide, 135 S.Ct. 790;</u>
<u>State ex rel. Citizens v. Scioto Cty. Bd. of Elections, 67 Ohio St.3d 134.</u>

5. How would you characterize the extent of your settlement discussions before judgment?

☐ None
☑ Minimal
☐ Moderate
☐ Extensive

6. Have settlement discussions taken place since the judgment or order appealed from was entered?

☑ Yes ☐ No

38.

7.   Would a prehearing conference assist the resolution of this matter?

☑ Yes ☐ No ☐ Maybe

Please explain (optional): _____

8.   Briefly summarize the assignments of error presently anticipated to be raised on
     appeal.  (Attach a separate sheet if necessary.)
     Trial court, on unopposed 60(B)(4) motion, unconscionably, unreasonably
     declined to reach the equitable policy considerations that a trial court
     "must keep in mind . . . and to afford Civ.R. 60(B) relief where equitable."

_Christine J. Forgaes_

Appellant or Attorney for Appellant

The primary purpose of a prehearing conference is to encourage the parties to explore any
possibilities there may be for settlement of the case before incurring additional expenses or, if that is
not possible, to limit the issues.

Loc.App.R. 20(E) provides that this court may assess reasonable expenses, including attorney
fees, assess all or a portion of the appellate costs, or dismiss the appeal for failure to comply with
provisions of this Rule.

[Amended effective July 1, 1999.]

C/A P   14



**Cuyahoga County Sheriff**

# LAND APPRAISAL

CV-12-779307   5PLU

We, the undersigned disinterested freeholders and residents of the County of Cuyahoga, Ohio, having been duly summoned and sworn by The Sheriff of Cuyahoga County, by JAMES BITTERMAN, CHIEF, Deputy Sheriff of said County, impartially to appraise upon actual view, the following described lands and tenements, to wit:

CV12779307                    95634743

To be sold on an Order of Sale issued from the Court of Common Pleas of said Cuyahoga County, in the action of

DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR J.P. MORGAN MORTGAGE ACQUISITION TRUST 2007-CH5 ASSET BACKED PASS-THROUGH CERTIFICATES SERIES 2007-CH5 plaintiff, vs. CHRISTINE J. FORGUES AKA CHRISTINE J.A. ANDRES DOUBRAVA AKA CHRISTINE J. ANDRES, ET AL defendant

Do forthwith, after actual view of said premises, make return and say that the same are of the real value in money of
ONE HUNDRED TEN THOUSAND DOLLARS AND 00/100 ($110,000.00). . . . . . . .
Given under our hand and seals, this 7th day of September A.D. 2016

JOE GREINER

JOHN F LENEHAN

CATHLEEN A HIGGINS

# The State of Ohio }
Cuyahoga County            ss. I hereby certify that the within named appraisers

**JOE GREINER, JOHN F LENEHAN and CATHLEEN A HIGGINS**
are freeholders and residents of said County, and were duly summoned and sworn by me to appraise the within described premises, this **7th day of September A.D. 2016**

Cuyahoga County Sheriff

by _____   **CHIEF DEPUTY**

SCVP

24



**Cuyahoga County Sheriff**

## LAND APPRAISAL

CV-12-779307   4PLU

We, the undersigned disinterested freeholders and residents of the County of Cuyahoga, Ohio, having been duly summoned and sworn by The Sheriff of Cuyahoga County, by JAMES BITTERMAN, CHIEF, Deputy Sheriff of said County, impartially to appraise upon actual view, the following described lands and tenements, to wit:

CV12779307                    90221882

To be sold on an Order of Sale issued from the Court of Common Pleas of said Cuyahoga County, in the action of

DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR J.P. MORGAN MORTGAGE ACQUISITION TRUST 2007-CH5 ASSET BACKED PASS-THROUGH CERTIFICATES SERIES 2007-CH5 plaintiff, vs. CHRISTINE J. FORGUES AKA CHRISTINE J.A. ANDRES DOUBRAVA AKA CHRISTINE J. ANDRES, ET AL defendant

Do forthwith, after actual view of said premises, make return and say that the same are of the real value in money of

**Given under our hand and seals, this**

_____

_____

## The State of Ohio }
Cuyahoga County

ss. I hereby certify that the within named appraisers

**, and**
are freeholders and residents of said County, and were duly summoned and sworn by me to appraise the within described premises, this

**Cuyahoga County Sheriff**

*James Bitterman*

by _____    **CHIEF DEPUTY**

SCVB




**Cuyahoga County Sheriff**

# LAND APPRAISAL

CV-12-779307  3PLU

We, the undersigned disinterested freeholders and residents of the County of Cuyahoga, Ohio, having been duly summoned and sworn by The Sheriff of Cuyahoga County, by JAMES BITTERMAN, CHIEF, Deputy Sheriff of said County, impartially to appraise upon actual view, the following described lands and tenements, to wit:

CV12779307                    89472395

To be sold on an Order of Sale issued from the Court of Common Pleas of said Cuyahoga County, in the action of

DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR J.P. MORGAN MORTGAGE ACQUISITION TRUST 2007-CH5 ASSET BACKED PASS-THROUGH CERTIFICATES SERIES 2007-CH5 plaintiff, vs.
CHRISTINE J. FORGUES AKA CHRISTINE J.A. ANDRES DOUBRAVA AKA CHRISTINE J. ANDRES, ET AL defendant

Do forthwith, after actual view of said premises, make return and say that the same are of the real value in money of

**Given under our hand and seals, this**

_____

_____

_____

# The State of Ohio }
Cuyahoga County        ss. I hereby certify that the within named appraisers

**, and**
are freeholders and residents of said County, and were duly summoned and sworn by me to appraise the within described premises, this

**Cuyahoga County Sheriff**

_James Bitterman_

by _____     **CHIEF DEPUTY**

SCVB



**Cuyahoga County Sheriff**

# <u>LAND APPRAISAL</u>

CV-12-779307   2PLU

We, the undersigned disinterested freeholders and residents of the County of Cuyahoga, Ohio, having been duly summoned and sworn by The Sheriff of Cuyahoga County, by JAMES BITTERMAN, CHIEF, Deputy Sheriff of said County, impartially to appraise upon actual view, the following described lands and tenements, to wit:



To be sold on an Order of Sale issued from the Court of Common Pleas of said Cuyahoga County, in the action of

DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR J.P. MORGAN MORTGAGE ACQUISITION TRUST 2007-CH5 ASSET BACKED PASS-THROUGH CERTIFICATES SERIES 2007-CH5 plaintiff, vs. CHRISTINE J. FORGUES AKA CHRISTINE J.A. ANDRES DOUBRAVA AKA CHRISTINE J. ANDRES, ET AL defendant

Do forthwith, after actual view of said premises, make return and say that the same are of the real value in money of

**Given under our hand and seals, this**

_____

_____

_____

# The State of Ohio }

Cuyahoga County } ss. I hereby certify that the within named appraisers

**, and**

are freeholders and residents of said County, and were duly summoned and sworn by me to appraise the within described premises, this

**Cuyahoga County Sheriff**

by _James Bitterman_   _____   **CHIEF DEPUTY**





**Cuyahoga County Sheriff**

## <u>LAND APPRAISAL</u>　　　CV-12-779307　PLUR

We, the undersigned disinterested freeholders and residents of the County of Cuyahoga, Ohio, having been duly summoned and sworn by The Sheriff of Cuyahoga County, by JAMES BITTERMAN, CHIEF, Deputy Sheriff of said County, impartially to appraise upon actual view, the following described lands and tenements, to wit:

CV12779307　　　　　　86350181

PROCESSED

OCT 17 2014

CUYAHOGA COUNTY CLERK
OF COURTS
IMAGING DEPARTMENT

To be sold on an Order of Sale issued from the Court of Common Pleas of said Cuyahoga County, in the action of

DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR J.P. MORGAN MORTGAGE ACQUISITION RUST 2007-CH5 ASSET BACKED PASS-THROUGH CERTIFICATES SERIES 2007-CH5 plaintiff, vs.
CHRISTINE J. FORGUES AKA CHRISTINE J.A. ANDRES DOUBRAVA AKA CHRISTINE J. ANDRES, ET AL defendant

Do forthwith, after actual view of said premises, make return and say that the same are of the real value in money of
ONE HUNDRED TWENTY FIVE THOUSAND DOLLARS AND 00/100 ($125,000.00)-----------------------
Given under our hand and seals, this 7th day of October A.D. 2014

THOMAS COSTELLO

PAUL GERALD MCLAUGHLIN

WILLIAM J GAYDOS

# The State of Ohio }
Cuyahoga County 　ss. I hereby certify that the within named appraisers

**THOMAS COSTELLO, PAUL GERALD MCLAUGHLIN and WILLIAM J GAYDOS**
are freeholders and residents of said County, and were duly summoned and sworn by me to appraise the within described premises, this **7th day of October A.D. 2014**

Cuyahoga County Sheriff

by _____　　**CHIEF DEPUTY**

SCPR

51



**Cuyahoga County Sheriff**

CV12779307                    83630234

CV-12-779307   ALI

## <u>LAND APPRAISAL</u>

We, the undersigned disinterested freeholders and residents of the County of Cuyahoga, Ohio, having been duly summoned and sworn by The Sheriff of Cuyahoga County, by JAMES BITTERMAN, CHIEF, Deputy Sheriff of said County, impartially to appraise upon actual view, the following described lands and tenements, to wit:

WINDOW 6
CLERK OF COURTS
CUYAHOGA COUNTY
2014 MAR 27 P 3: 11
FILED

To be sold on an Order of Sale issued from the Court of Common Pleas of said Cuyahoga County, in the action of

DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR J.P. MORGAN MORTGAGE ACQUISITION TRUST 2007-CH5 ASSET BACKED PASS-THROUGH CERTIFICATES SERIES 2007-CH5 plaintiff, vs. CHRISTINE J. FORGUES AKA CHRISTINE J.A. ANDRES DOUBRAVA AKA CHRISTINE J. ANDRES, ET AL defendant

Do forthwith, after actual view of said premises, make return and say that the same are of the real value in money of

**Given under our hand and seals, this**

PROCESSED

MAR 31 2014

_____

_____

CUYAHOGA COUNTY CLERK
OF COURTS
IMAGING DEPARTMENT

# The State of Ohio }
Cuyahoga County      ss. I hereby certify that the within named appraisers

_____

**, and**
are freeholders and residents of said County, and were duly summoned and sworn by me to appraise the within described premises, this

**Cuyahoga County Sheriff**

by   _James Bitterman_                    **CHIEF DEPUTY**
_____

SCVB

APR 1 6 2012

AMBROSE CV12779307D6
342-1460

**COMPLETE THIS SECTION** **DELIVERY**

A. Signature
X _Greene_ ☒ Agent
☐ Address

B. Received by (Printed Name)  C. Date of Delivery
GREENE  4/2/12

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

PROCESSED

1. Article Addressed to:

UNITED STATES OF AMERICA
C/O U.S. ATTORNEY'S OFFICE
400 UNITED STATES
COURTHOUSE
801 WEST SUPERIOR AVENUE
CLEVELAND OH 44113-0000

3. Service Type
☒ Certified Mail

APR 2 4 2012

GERALD E. FUERST

4. Restricted Delivery? (Extra Fee)  ☐ Yes

2. Article Number
(Transfer from service label)    19161665    15

PS Form **3811**, February 2004    Domestic Return Receipt    102595-02-M-1540

---

APR 1 9 2012

AMBROSE CV12779307D7
342-1460

**COMPLETE THIS SECTION** **DELIVERY**

A. Signature
X ☐ Agent
☐ Addressee

B. Received by (Printed Name)  C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No



APR 1 6 2012

1. Article Addressed to:

STATE OF OHIO DEPARTMENT OF
TAXATION
C/O OHIO ATTORNEY GENERAL
150 EAST GAY STREET
COLUMBUS OH 43215-0000

3. Service Type
☒ Certified Mail

APR 2 4 2012

GERALD E. FUERST

4. Restricted Delivery? (Extra Fee)  ☐ Yes

2. Article Number
(Transfer from service label)    19161666    16

PS Form **3811**, February 2004    Domestic Return Receipt    102595-02-M-1540

APR 2 3 2012

AMBROSE CV12779307D1
342-1460

1. Article Addressed to:

CHRISTINE J. FORGUES
AKA CHRISTINE J.A. ANDRES
DOUBRAVA AKA CHRISTINE
ANDRES
15109 MERRIMEADE DRIVE
CLEVELAND OH 44111-0000

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X Christine Forgues ☐ Agent
☒ Addressee

B. Received by (Printed Name)        C. Date of Delivery
Christine Forgues 4-21-12

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☒ Certified Mail

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number
(Transfer from service label)        19161661        18

PS Form 3811, February 2004        Domestic Return Receipt        102595-02-M-1540

---

APR 2 3 2012

AMBROSE CV12779307D5
342-1460

1. Article Addressed to:

UNITED STATES OF AMERICA
C/O U.S. ATTORNEY GENERAL
950 PENNSYLVANIA AVENUE
NORTHWEST
WASHINGTON DC 20530-0000

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X   APR 16 2012 ☐ Agent
☐ Addressee

B. Received by (Printed Name)        C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☒ Certified Mail

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number
(Transfer from service label)        19161664        19

PS Form 3811, February 2004        Domestic Return Receipt        102595-02-M-1540

APR 2 3 2012

AMBROSE CV12779307D2
342-1460

1. Article Addressed to:

JOHN DOE, UNK SPOUSE, IF
ANY, OF CHRISTINE J.
FORGUES
AKA CHRISTINE J.A. ANDERSON
DOUBRAVA AKA CHRISTINE
ANDRES
15109 MERRIMEADE DRIVE
CLEVELAND OH 44111-0000

2. Article Number
(Transfer from service label)

19161662

PS Form 3811, February 2004          Domestic Return Receipt          102595-02-M-1540

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X _Christine Forgues_
☐ Agent
☐ Addressee

B. Received by (Printed Name)        C. Date of Deliver
_Christine Forgues_   4-21-1

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:          ☐ No

3. Service Type
☐ Certified Mail

4. Restricted Delivery? (Extra Fee)      ☐ Yes

20

---

AMBROSE CV12779307D8
342-1460

1. Article Addressed to:

STATE OF OHIO ESTATE TAX
DIVISION
C/O OHIO ATTORNEY GENERAL
150 ESAT GAY STREET
COLUMBUS OH 43215-0000

2. Article Number
(Transfer from service label)

19161667

PS Form 3811, February 2004          Domestic Return Receipt

☐ Agent
☐ Addressee
B. Received by (Printed Name)        C. Date of Delivery
☐ Yes
☐ No

D. Is delivery address different from item 1?
If YES, enter delivery address below:      ☐ Yes

3. Service Type
☐ Certified Mail

4. Restricted Delivery? (Extra Fee)      ☐ Yes

APR 1 6 2012

APR 24 2012

---

AMBROSE CV12779307D3
342-1460

1. Article Addressed to:

WILLIAM E. FORGUES
15109 MERRIMEADE DRIVE
CLEVELAND OH 44111-0000

2. Article Number
(Transfer from service label)

19161663

PS Form 3811, February 2004          Domestic Return Receipt          102595-02-M-1540

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X _Christine Forgues_
☐ Agent
☐ Addressee

B. Received by (Printed Name)        C. Date of Delivery
_Christine Forgues_   4-21-1

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:          ☐ No

3. Service Type
☐ Certified Mail

4. Restricted Delivery? (Extra Fee)      ☐ Yes

21