IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee for J.P. Morgan Mortgage Acquisition Trust 2007-CH5, Asset Backed Pass-Through Certificates, Series 2007-CH5, | CASE NO. 1:17 CV 546 |
| Plaintiff, | JUDGE DONALD C. NUGENT |
| v. | |
| CHRISTINE J. FORGUES, et al., | MEMORANDUM OPINION AND ORDER AND ORDER OF REMAND |
| Defendants. | |

This matter is before the Court on Plaintiff's Motion to Remand this action to the Court of Common Pleas for Cuyahoga County, Ohio.(ECF #3). Plaintiff Deutsche Bank moves to remand this action because the removal was untimely, no federal jurisdiction exists and the removal was procedurally improper. For the reasons that follow, Plaintiff's Motion to Remand is granted.

Defendant Christine J. Forgues removed this state court foreclosure action five years after it was filed and nearly four years after the case was reduced to judgment. Plaintiff filed this mortgage foreclosure action on March 29, 2012 asserting state law claims of breach of contract on the Note, reformation of the Mortgage and foreclosure of the mortgage. The state court entered a judgment of foreclosure on May 1, 2013. Ms. Forgues did not appeal that judgment but filed a motion for relief from judgment in state court on June 30, 2015, two years after entry of the state court judgment. Plaintiff's motion for relief from judgment was denied by the state trial

court and was affirmed by the state court of appeals. Plaintiff Deutsche Bank recently attempted to execute on the foreclosure judgment and to sell the property at a foreclosure sale. Ms. Forgues, acting *pro se*, removed the action to this Court on March 16, 2017, alleging that this Court has federal question jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. § 1692i.

## STANDARD OF REVIEW

A defendant seeking to remove an action from state court has the burden of demonstrating that the federal court has subject matter jurisdiction. *See Williams v. Pegnato & Pegnato Roof Mgmt., Inc.*, 619 F. Supp. 2d 420, 422 (N.D. Ohio 2008). Moreover, courts strictly construe the removal statutes and all doubts are construed against removal. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-109, 61 S. Ct. 868, 872, 85 L.Ed. 1214 (1941), *Keller v. Honeywell Protective Services*, 742 F. Supp. 425, 426 (N. D. Ohio 1990). Recognizing that removal jurisdiction encroaches on a state court's jurisdiction, the Sixth Circuit has stated:

> in the interest of comity and federalism, federal jurisdiction should be exercised only when it is clearly established, and any ambiguity regarding the scope of §1446(b) should be resolved in favor of remand to the state courts.

*Brierly, v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 534 (6th Cir.1999).

## DISCUSSION

A notice of removal must be filed within 30 days after receipt by the defendant of a copy of the initial pleading or if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant of a copy of an amended pleading or other paper from which it may first be ascertained that the case is one that has become removable. See 28 U.S.C. § 1446(b)(1) and (3). In this case Ms. Forgues was served

with the state court foreclosure complaint on April 11, 2012 and she does not identify any amended pleading, motion or other paper filed in the foreclosure action on or after February 16, 2017 that would have made the action removable. The state court docket reflects that the only documents filed in the foreclosure action within 30 days of the removal related the to a foreclosure attempt, which does not give rise to a federal claim. As such, this post-judgment removal is clearly untimely.[1]

Moreover, the removal is also deficient because it fails to demonstrate that this Court has subject matter jurisdiction over this state law foreclosure action. While the Notice of Removal alleges that this Court has federal question jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. § 1692i (the Fair Debt Collection Practices Act), the underlying action asserts only state law claims. Plaintiff did not assert a claim under the FDCPA. A defendant's attempt to insert a federal claim or defense does not create federal jurisdiction. Federal question jurisdiction under 28 U.S.C. § 1331 is proper "only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Federal counterclaims and defenses are "inadequate to confer federal jurisdiction," and do not establish a reasonable basis for removal. *Merrell Dow Pharm.Inc. v. Thompson*, 478 U.S. 804, 808 (1986).

---

[1] Ms. Forgues' assertion that she is a "foreign state" under § 1441(d) and thus the time limits of § 1446(b) may be enlarged at any time for good cause is misguided. She provides no evidence that she is "a political subdivision of a foreign state or an agency or instrumentality of a foreign state". See § 1603. In any event, even if she were a "foreign state" she has not demonstrated good cause for delaying removal for five years after the underlying action was served and four years after judgment was entered.

## CONCLUSION

For the reasons set forth above, Plaintiff's Motion to Remand (ECF #3) is granted. Accordingly, the Clerk of Courts is directed to remand this action to the Court of Common Pleas for Cuyahoga County. This action is terminated.

IT IS SO ORDERED.

_____
JUDGE DONALD C. NUGENT

DATED: April 19, 2017